**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
|  | ) |  |
| Debtor. | ) |  |

**DEBTOR'S CHAPTER 11 REORGANIZATION PLAN**
<u>**DATED DECEMBER 9, 2024**</u>

**BRYAN CAVE LEIGHTON PAISNER LLP**
Kyle S. Hirsch
Texas Bar No. 24117262
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone:  (214) 721-8000
Facsimile:  (214) 721-8100
Email:  kyle.hirsch@bclplaw.com

*Counsel to Debtor and Debtor in Possession*

# TABLE OF CONTENTS

**Page**

## ARTICLE I
### DEFINITIONS, RULES OF INTERPRETATION, COMPUTATION OF TIME, AND GOVERNING LAW

| | | |
|---|---|---|
| 1.1 | Scope of Definitions; Rules of Construction | 1 |
| 1.2 | Definitions | 1 |
| 1.3 | Rules Of Interpretation | 6 |
| 1.4 | Computation Of Time | 6 |
| 1.5 | Governing Law | 6 |

## ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

## ARTICLE III
### TREATMENT OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 3.1 | Class 1 -Allowed Administrative Claims | 7 |
| 3.2 | Class 2 - Secured Claim of Wilson County | 7 |
| 3.3 | Class 3 - Secured Claims of Milestone | 7 |
| 3.4 | Class 4 – Other Secured Claims | 7 |
| 3.5 | Class 5 - Unsecured Claims | 8 |
| 3.6 | Class 6- Equity Interests | 8 |
| 3.7 | Reservation of Rights Regarding Claims | 8 |

## ARTICLE IV
### ACCEPTANCE OR REJECTION OF THE PLAN

| | | |
|---|---|---|
| 4.1 | Impaired Classes Entitled To Vote | 8 |
| 4.2 | Acceptance By An Impaired Class | 8 |
| 4.3 | Presumed Acceptances | 9 |
| 4.4 | Confirmation Pursuant To Section 1129(b) of The Bankruptcy Code | 9 |

## ARTICLE V
### PLAN IMPLEMENTATION

| | | |
|---|---|---|
| 5.1 | Funding For The Plan | 9 |
| 5.2 | Effectuating Documents; Further Transactions | 9 |
| 5.3 | Closing of The Chapter 11 Case | 9 |

## ARTICLE VI
### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

| | | |
|---|---|---|
| 6.1 | Executory Contracts and Unexpired Leases | 9 |

6.2     Rejection Damages Bar Date ................................................................................ 10

### ARTICLE VII
### PROVISIONS GOVERNING DISTRIBUTIONS

7.1     Distributions .......................................................................................................... 10

7.2     Interest On Claims ................................................................................................ 10

7.3     Means Of Cash Payment ...................................................................................... 10

7.4     Date of Distributions ............................................................................................ 10

7.5     No Recourse .......................................................................................................... 10

7.6     Transactions On Business Days ........................................................................... 11

7.7     No Distribution In Excess Of Allowed Amount Of Claim ........................................... 11

### ARTICLE VIII
### PROCEDURES FOR RESOLVING DISPUTED CLAIMS AND DISTRIBUTIONS WITH RESPECT THERETO

8.1     Prosecution Of Objections To Claims ................................................................. 11

### ARTICLE IX
### CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN

9.1     Conditions to Confirmation ................................................................................. 11

9.2     Conditions to Effective Date ................................................................................ 11

9.3     Waiver of Conditions ........................................................................................... 12

9.4     Notice of Effective Date ...................................................................................... 12

### ARTICLE X
### RETENTION OF JURISDICTION

10.1    Provisions with Respect to Retention of Jurisdiction ......................................... 12

### ARTICLE XI
### MISCELLANEOUS PROVISIONS

11.1    Deadline For Filing Administrative Expense Priority Claims; Objections To Administrative Expense Priority Claims ............................................................. 13

11.2    Payment of Statutory Fees .................................................................................. 14

11.3    Modifications and Amendments .......................................................................... 14

11.4    Severability of Plan Provisions ........................................................................... 14

11.5    Successors and Assigns ....................................................................................... 15

11.6    Discharge of Claims ............................................................................................ 15

11.7    Release Of Assets ................................................................................................ 15

11.8    Binding Effect ...................................................................................................... 15

11.9    Revocation, Withdrawal, Or Non Consummation .............................................. 15

11.10   Notices ................................................................................................................ 16

11.11   Headings .............................................................................................................. 16

## INTRODUCTION

RIC (Lavernia), LLC "(Debtor" or "Plan Proponent"), the debtor and debtor-in-possession in the above-captioned case, hereby proposes *Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024* (as may be amended or modified, the "Plan") to resolve Debtor's outstanding creditor Claims (as defined herein) and Equity Interests (as defined herein). Reference is made to the Disclosure Statement (as defined herein) for a discussion of the Debtor's history, property, a summary and analysis of the Plan, and related matters. The Debtor is a proponent of the Plan within the meaning of section 1129 of the Bankruptcy Code.

All holders of Claims and Interests are encouraged to read the Plan and the Disclosure Statement in their entirety before voting to accept or reject the Plan. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code, Fed. R. Bankr. P. 3019 and Article XII, Debtor reserves the right to alter, amend, modify, revoke or withdraw the Plan prior to its substantial consummation.

## ARTICLE I
## DEFINITIONS, RULES OF INTERPRETATION, COMPUTATION OF TIME, AND GOVERNING LAW

### 1.1 Scope of Definitions; Rules of Construction

For purposes of the Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article I of the Plan. Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms shall include the plural as well as the singular number, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

### 1.2 Definitions

"**Administrative Expense Priority Claim**" means a Claim for payment of an administrative expense of a kind specified in section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(1) of the Bankruptcy Code, including, but not limited to, (i) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtor, including wages, salaries, commissions, severance payments or other compensation for services rendered after the commencement of the Chapter 11 Case, (ii) Professional Fee Claims, (iii) all fees and charges assessed against the Estate under 28 U.S.C. § 1930, and (iv) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under section 546(c)(2)(A) of the Bankruptcy Code.

"**Adversary Proceeding**" means Adversary Proceeding 24-05043, styled RIC (Lavernia), LLC v Milestone Capital CRE 1, LLC; Lori Daves and John Daves, as Substitute Trustee; Andrews Cedillos.

"**Affiliate**" shall have the meaning set forth in Section 101(2) of the Bankruptcy Code.

1

"**Allowed**" (and "**Allowed Claim**") means, with regard to any Claim other than an Administrative Expense Priority Claim, a Claim or any portion thereof (i) that has been allowed by a Final Order; or (ii) as to which, on or by the Effective Date, (a) no Proof of Claim has been filed with the Bankruptcy Court and (b) the liquidated and noncontingent amount of which is listed on the Schedules, other than a Claim that is listed on the Schedules as zero, in an unknown amount, or as disputed; or (iii) for which a Proof of Claim in a liquidated amount has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Bankruptcy Court or other applicable bankruptcy law, and as to which either (a) no objection to its allowance has been filed by the Objection Deadline or by such other applicable period of limitation fixed by the Plan, the Bankruptcy Code or by any order of the Bankruptcy Court or (b) any and all objections to its allowance have been settled or withdrawn or have been denied by a Final Order; or (iv) that is expressly allowed in a liquidated amount in the Plan. With regard to an Administrative Expense Priority Claim, "Allowed" means an Administrative Expense Priority Claim or any portion thereof (i) incurred or arising after the Petition Date and prior to the Effective Date, (ii) as to which a request for payment has been timely filed with the Bankruptcy Court in a liquidated amount, and (iii) as to which either (a) no objection to its allowance has been filed by the Objection Deadline or by such other applicable period of limitation fixed by the Plan, the Bankruptcy Code or by any order of the Bankruptcy Court or (b) any and all objections to its allowance have been settled or withdrawn or have been denied by a Final Order.

"**Assets**" means all right, title and interest of the Debtor in and to any and all assets and property, whether tangible, intangible, real or personal, that constitute property of the Estate.

"**Bankruptcy Code**" means the Bankruptcy Reform Act of 1978, as codified in title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as now in effect or hereafter amended.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the Western District of Texas, San Antonio Division or such other court as may have jurisdiction over the Chapter 11 Case.

"**Bankruptcy Rules**" means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, as applicable to the Chapter 11 Case or proceedings therein, and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

"**Bar Date**" means October 29, 2024, or such other date designated by the Bankruptcy Court as the last date for filing Proofs of Claim against the Debtor.

"**Business Day**" means any day except for Saturday, Sunday or a "legal holiday" (as defined in Fed. R. Bankr. P. 9006(a)).

"**Cash**" means legal tender of the United States or equivalents thereof.

"**Chapter 11 Case**" means the Chapter 11 case of RIC (Lavernia), LLC, Case No. 24-51195.

"**Claim**" means a "claim" (as defined in section 101(5) of the Bankruptcy Code) against the Debtor, whether or not asserted.

"**Class**" means a category of holders of Claims or Interests, as described in Article II of the Plan.

"**Collateral**" means the Assets subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

"**Confirmation**" means entry by the Bankruptcy Court of the Confirmation Order.

"**Confirmation Date**" means the date of entry by the clerk of the Bankruptcy Court of the Confirmation Order.

"**Confirmation Hearing**" means the hearing to consider confirmation of the Plan under section 1128 of the Bankruptcy Code.

"**Confirmation Order**" means the order entered by the Bankruptcy Court confirming the Plan.

"**Creditor**" means any Entity who holds a Claim against any of the Debtors.

"**Cure**" means the distribution of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an executory contract or unexpired lease, pursuant to section 365(b) of the Bankruptcy Code, in an amount equal to all unpaid monetary obligations, without interest, or such other amount as may be agreed upon by the parties, under such executory contract or unexpired lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

"**Cure Dispute**" has the meaning set forth in Section 7.2 of the Plan.

"**Debtor**" means RIC (Lavernia), LLC.

"**Disclosure Statement**" means the written disclosure statement that relates to the Plan, as amended, supplemented, or modified from time to time, and that is prepared and distributed in accordance with section 1125 of the Bankruptcy Code and Fed. R. Bankr. P. 3017.

"**Disputed**" means, with respect to a Claim, such Claim or any portion thereof that is not an Allowed Claim, and includes, without limitation, Claims (other than Allowed Claims) that (i) have not been listed on the Schedules or have been listed on the Schedules at zero, or as contingent, unliquidated or disputed, or (ii) are the subject of an objection filed in the Bankruptcy Court and which objection has not been withdrawn or overruled by a Final Order of the Bankruptcy Court.

"**Disputed Claim**" means any Claim as to which the Trustee or any other party in interest has interposed a timely objection or request for estimation in accordance with the Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by Final Order.

"**Effective Date**" means the Business Day on which all conditions to the consummation of the Plan as set forth in Section 9.2 of the Plan have been satisfied or waived as provided in Section 9.3 of the Plan.

"**Entity**" has the meaning set forth in section 101 of the Bankruptcy Code and also means, without limitation, a person, joint venture, trust, estate, unincorporated association or organization, limited liability company, governmental entity or political subdivision, agency or representative thereof, or any other entity.

"**Estate**" means the legal entity created to administer the property of the Debtor by the commencement of the Chapter 11 Case pursuant to 11 U.S.C. § 541 with respect to the Debtor.

"**File(d)**" means file(d) with the Bankruptcy Court in the Chapter 11 Case.

"**Final Order**" means an order or judgment entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties as to which the time to appeal has expired or, if an appeal has been timely filed as to which no stay pending appeal has been granted.

"**FNA**" means FNA VII, LLC, together with its agents, representatives, attorneys, employees, members, managers, and anyone acting on its behalf.

"**Impaired**" means, when used with reference to a Claim or Interest, a Claim or Interest that is "impaired" within the meaning of section 1124 of the Bankruptcy Code.

"**Interest**" means an ownership interest in any of the Debtors and any rights to any dividends or distributions as a result of such ownership.

"**Lien**" means a charge against or interest in property to secure payment of a debt or performance of an obligation.

"**Milestone**" means Milestone Capital CRE 1, LLC or Milestone Capital CRE I, LLC; together with its agents, representatives, attorneys, employees, members, managers, and anyone acting on its behalf.

"**Objection Deadline**" means the date that is 60 days after the Effective Date, which date shall be extended for an additional 30 days upon notice to the Bankruptcy Court by the Debtor/Reorganized Debtor.

"**Other Priority Claim**" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code other than a Priority Tax Claim or an Administrative Expense Priority Claim.

"**Person**" means a "person" as defined in section 101 of the Bankruptcy Code.

"**Petition Date**" means June 27, 2024, the date on which the Debtor filed its petition for relief in this Case under the Bankruptcy Code.

"**Plan**" means this Chapter 11 plan of liquidation and all exhibits and schedules attached hereto or referenced herein, as the same may be amended, modified or supplemented from time to time.

"**Plan Exhibit**" means any exhibit or schedule attached hereto.

"**Priority Claim**" means a Claim that is entitled to priority pursuant to section 507 of the Bankruptcy Code.

"**Pro Rata**" means a proportionate share, such that the ratio of the consideration distributed on account of an Allowed Claim in a Class to the amount of such Allowed Claim is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims in such Class to the amount of all Allowed Claims in such Class.

"**Professional**" means any professional person employed in the Chapter 11 Cases pursuant to sections 327 or 1103 of the Bankruptcy Code or otherwise and any professional persons seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to section 503(b)(4) of the Bankruptcy Code.

"**Professional Fee Claim**" means a Claim of a Professional for compensation or reimbursement of costs and expenses pursuant to sections 327, 328, 330, 331, 503(b), 543(c)(2) or 1103 of the Bankruptcy Code for services rendered after the Petition Date and prior to the Effective Date.

"**Proof of Claim**" means any written statement filed under oath in the Chapter 11 Cases by a Creditor in which such Creditor sets forth an amount owed in sufficient detail to identify the basis for a Claim.

"**Schedules**" means the schedules of assets and liabilities and the statements of financial affairs filed in the Bankruptcy Court by the Debtor as such schedules or statements may be amended or supplemented from time to time in accordance with Fed. R. Bankr. P. 1009 or orders of the Bankruptcy Court.

"**Secured Claim**" means a Claim that is secured by a Lien on Collateral or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest in such Collateral or to the extent of the amount subject to setoff, as applicable.

"**Unimpaired**" means, when used with reference to a Claim, a Claim that is not Impaired.

"**Unsecured Claim**" means a Claim against any of the Debtors that is not a/an (i) Administrative Expense Priority Claim, (ii) Secured Claim, or (iii) Other Priority Claim.

"**Voting Record Date**" means the voting record date for voting to accept or reject the Plan, as determined by the Bankruptcy Court.

1.3     **Rules Of Interpretation**

For purposes of the Plan (i) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or documents being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in the Plan to sections, articles, schedules, and exhibits are references to sections, articles, schedules, and exhibits of or to the Plan; (iv) the words "herein", "hereof", "hereunder", "hereto" and other words of similar import refer to the Plan in its entirety rather than to a particular portion of the Plan; (v) captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (vi) the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply.

1.4     **Computation Of Time**

In computing any period of time prescribed or allowed by the Plan, the provisions of Fed. R. Bankr. P. 9006(a) shall apply.

1.5     **Governing Law**

Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Texas, without giving effect to the principles of conflicts of law thereof.

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class.  A Claim or Interest may be and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.  A Claim is also placed in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released, or otherwise settled prior to the Effective Date.

| | |
|---|---|
| Class 1 | Allowed Administrative Claims. |
| Class 2 | Secured Claim of Wilson County. |
| Class 3 | Claim of Milestone. |
| Class 4 | Other Secured Claims. |
| Class 5 | General Unsecured Claims. |
| Class 6 | Equity Interests. |

## ARTICLE III
## TREATMENT OF CLAIMS AND INTERESTS

3.1 __Class 1 -Allowed Administrative Claims__

(a)  Each holder of an Administrative Expense Claim shall receive the full amount of its Allowed Claim on the Effective Date.

(b)  Class 1 is not Impaired.

3.2 __Class 2 - Secured Claim of Wilson County__

(a)  Class 2 consists of the Secured Claim of Wilson County.

(b)  Class 2 shall retain its liens.

(c)  Class 2 shall receive payment in full of the amount of its Allowed Claim including post-petition interest at the statutory rate of 1% per month, in four (4) quarterly installments.

(d)  Class 2 is Impaired.

3.3 __Class 3 - Secured Claims of Milestone__

(a)  Class 3 consists of the secured claim of Milestone.

(b)  Class 3 shall retain any valid lien as determined in the Adversary Proceeding.

(c)  Class 3 is not Impaired.

(d)  The Debtor/Reorganized Debtor does not assume any obligation for payment of Milestone's underlying debt.

3.4 __Class 4 – Other Secured Claims__

(a)  Class 4 shall consist of all other Allowed Claims of Secured Creditors.

(b)  Class 4 creditors shall receive pro rata payment totaling seventy-five percent (75%) of the Allowed amount of their Secured Claims, without interest.  Claim payment will be determined on a parcel-by-parcel basis.  Payments will be made over 2 years in equal quarterly installments beginning from the later to occur of (i) Claim allowance and (ii) determination that the holders of Class 3 Claims have no valid lien interest in the Property.  Upon completion of the Class 4 payments, the liens of the holders of Allowed Claims shall be released and no longer encumber the Property.  In the discretion of the Debtor/Reorganized Debtor, parcels encumbered by valid liens held by holders of Class 4 Allowed Claims may be abandoned, in which case no payment will be due as to the abandoned parcel.

7

    (c)       Class 4 is Impaired.

    (d)       Other than as set forth in the Plan, the Debtor/Reorganized Debtor does not assume any obligation for payment of FNA's underlying debt.

### 3.5    **Class 5 - Unsecured Claims**

    (a)       Class 5 shall consist of all Allowed Claims of Unsecured Creditors.

    (b)       Class 5 creditors shall receive payment of the Allowed amount of their Unsecured Claims, without interest, over 1 year in equal quarterly installments.

    (c)       Class 5 is Impaired.

    (d)       There are no creditors holding Claims in Class 5.

### 3.6    **Class 6- Equity Interests**

    (a)       Class 6 shall consist of the Debtor's Equity Interests.

    (b)       The holder of the Debtor's Equity Interests will contribute new value consisting of:  (i) prior to the Effective Date, no less than the sum which shall be sufficient to pay all Allowed amounts of Class 1, 2, 4, and 5 payments that are due on the Effective Date and in any month during the first quarter after the Effective Date; and (ii) prior to the end of each quarter after the Effective Date until all Plan payments are paid in full, no less than the sum which shall be sufficient to pay all payments due and owing to holders of Claims in Class 4 in full when due.  The holder of the Debtor's Equity Interests will contribute such additional amounts as necessary to fund payments for future taxes and development of the Property.

### 3.7    **Reservation of Rights Regarding Claims**

Except as otherwise explicitly provided in the Plan, nothing shall affect the Debtor's rights and defenses, both legal and equitable, with respect to any Claims, including, but not limited to, all rights with respect to legal and equitable defenses to alleged rights of setoff or recoupment.

## ARTICLE IV
## ACCEPTANCE OR REJECTION OF THE PLAN

### 4.1    **Impaired Classes Entitled To Vote**

Subject to Sections 4.3 and 4.4 of the Plan, holders of Claims in each Impaired Class of Claims (Class 2, Class 4 and Class 5) are entitled to vote as a class to accept or reject the Plan.

### 4.2    **Acceptance By An Impaired Class**

In accordance with section 1126(c) of the Bankruptcy Code, an Impaired Class accepts the Plan if, except as to any entity designated under section 1126(e) of the Bankruptcy Code, creditors

holding at least two-thirds in amount and more than one-half in number of the voting Allowed Claims of such Class approve the Plan.

4.3 **Presumed Acceptances**

Classes 1 and 3 are Unimpaired by the Plan. Under section 1126(f) of the Bankruptcy Code, such Claim holders are conclusively presumed to accept the Plan, and the votes of such Claim holders will not be solicited.

4.4 **Confirmation Pursuant To Section 1129(b) of The Bankruptcy Code**

To the extent that any Impaired Class rejects the Plan or is deemed to have rejected the Plan, the Debtor may request confirmation of the Plan, as it may be modified, under section 1129(b) of the Bankruptcy Code.

**ARTICLE V**
**PLAN IMPLEMENTATION**

5.1 **Funding For The Plan**

The Debtor will fund the Plan though contributions made by the holder(s) of Equity Interests sufficient to pay creditors and fund future Debtor development activities and tax obligations. The Debtor will also proceed with the Adversary Proceeding to determine the validity of Milestone lien. Chapter 5 causes of action (to the extent that there are any) will also provide additional funds.

5.2 **Effectuating Documents; Further Transactions**

Prior to the Effective Date, an estate representative shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

5.3 **Closing of The Chapter 11 Case**

The Court may enter an order closing the Chapter 11 case(s) on application at any time after the Effective Date on such notice as the Court may prescribe.

**ARTICLE VI**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

6.1 **Executory Contracts and Unexpired Leases**

All executory contracts and unexpired leases not assumed by the Debtor shall be deemed rejected as of the Effective Date.

6.2     **Rejection Damages Bar Date**

If the rejection of an executory contract or unexpired lease during the Chapter 11 Case (including any rejection of an executory contract or unexpired lease pursuant to Article VI of the Plan) results in a Claim, then such Claim shall be forever barred and shall not be enforceable against the Debtor or the Estate, unless a Proof of Claim is filed with the clerk of the Bankruptcy Court and served upon the Debtor's counsel as appropriate, by the earliest to occur of (i) 30 days following entry of the order authorizing the rejection of the executory contract or unexpired lease, and (ii) 45 days after the Effective Date.

## ARTICLE VII
## PROVISIONS GOVERNING DISTRIBUTIONS

7.1     **Distributions**

All distributions under the Plan shall be made by the Debtor/Reorganized Debtor pursuant to the terms and conditions contained in the Plan.

7.2     **Interest On Claims**

Unless otherwise specifically provided for in the Plan or the Confirmation Order, or required by applicable law, including section 1129(a) of the Bankruptcy Code, post-petition interest shall not accrue or be paid on Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

7.3     **Means Of Cash Payment**

Any payment to be made by the Debtor or Reorganized Debtor pursuant to the Plan will be in U.S. dollars and may be made, at the sole discretion of the Debtor, by draft, check, electronic funds transfer, or as otherwise required or provided in any relevant agreement or applicable law.

7.4     **Date of Distributions**

Distributions by the Debtor/Reorganized Debtor shall be made on the Effective Date or any other payment or deliver date set forth in this Plan.

7.5     **No Recourse**

Notwithstanding that the Allowed amount of any particular Claim may be reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules or Allowed in an amount for which there is insufficient Cash in the relevant account to provide a recovery equal to that received by other holders of Allowed Claims in the relevant Class, no such holder shall have recourse to the Estate, the Liquidating Trust or any of its professionals, or their successors or assigns, or the holder of any other Claim, or any of their respective property. Nothing in the Plan, however, shall modify any right of a holder of a Claim under section 502(j) of the Bankruptcy Code.

7.6     **Transactions On Business Days**

If the Effective Date or any other date on which a transaction may occur under the Plan shall occur on a day that is not a Business Day, the transactions contemplated by the Plan to occur on such day shall instead occur on the next succeeding Business Day and shall be deemed to have been completed as of the required date.

7.7     **No Distribution In Excess Of Allowed Amount Of Claim**

Notwithstanding anything to the contrary herein, no holder of an Allowed Claim shall receive in respect of such Claim any distribution in excess of the Allowed amount of such Claim.

## ARTICLE VIII
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS AND DISTRIBUTIONS WITH RESPECT THERETO

8.1     **Prosecution Of Objections To Claims**

(a)     Objections to Claims.

All objections to Claims (other than Administrative Expense Priority Claims) must be filed and served on the holders of such Claims by the Objection Deadline.

## ARTICLE IX
## CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN

9.1     **Conditions to Confirmation**

Confirmation of the Plan shall not occur unless and until the Confirmation Order is in form and substance reasonably acceptable to the Plan Proponents.  This condition is subject to waiver according to Section 10.3.

9.2     **Conditions to Effective Date**

The Effective Date of the Plan shall not occur, and the Plan shall not be binding upon any party, unless and until each of the following conditions has been satisfied or waived in accordance with this Section:

(i)     The Confirmation Order shall have been entered and become a Final Order.

(ii)    All actions, documents and agreements necessary to implement the Plan shall have been effected or executed or are ready to be executed.

(iii)   The Effective Date shall have occurred not more than 90 days after the Confirmation Date.

9.3     **Waiver of Conditions**

The Debtor may waive any condition set forth in this Article at any time, without notice, without leave or order of the Bankruptcy Court, and without any formal action.

9.4     **Notice of Effective Date**

The Reorganized Debtor shall file and serve an appropriate notice of the Effective Date.

**ARTICLE X**
**RETENTION OF JURISDICTION**

10.1    **Provisions with Respect to Retention of Jurisdiction**

Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

> (i)     Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest not otherwise allowed under the Plan, including the resolution of any request for payment of any Administrative Expense Priority Claim and the resolution of any objections to the allowance or priority of Claims or Interests;

> (ii)    Hear and determine all applications for compensation and reimbursement of expenses of Professionals under the Plan or under sections 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code; provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Liquidating Trust shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

> (iii)   Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable, including, if necessary, the nature or amount of any required Cure or the liquidation or allowance of any Claims arising therefrom;

> (iv)    Effectuate performance of and payments under the provisions of the Plan;

> (v)     Hear and determine any and all claims, adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Case;

> (vi)    Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(vii)    Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection with the Plan;

(viii)    Consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(ix)    Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of the Plan or the Confirmation Order;

(x)    Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

(xi)    Hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(xii)    Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Chapter 11 Case;

(xiii)    Except as otherwise limited herein, recover all assets of any Debtor and property of the Consolidated Estate, wherever located;

(xiv)    Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(xv)    Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code; and

(xvi)    Enter a final decree closing the Consolidated Chapter 11 Case.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1    **Deadline For Filing Administrative Expense Priority Claims; Objections To Administrative Expense Priority Claims**

Other than as set forth in Section 12.1 of the Plan, all requests for payment of Administrative Expense Priority Claims incurred prior to the Effective Date must be filed with the Bankruptcy Court and served on Debtor's counsel no later than 30 days after the Effective Date. Objections to requests for payment of Administrative Expense Priority Claims must be filed and served on the Liquidating Trust and its counsel and the requesting Entity by the later of: (i) the Objection Deadline, and (ii) 30 days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable request was served. In the event that the

Estate Representative or the Liquidating Trust, as the case may be, objects to an Administrative Expense Priority Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Expense Priority Claim.

11.2 **Payment of Statutory Fees**

All fees payable pursuant to section 1930 of Title 28 of the United States Code, as determined by the Bankruptcy Court at the Confirmation shall be paid on or before the Effective Date.

11.3 **Modifications and Amendments**

(i) The Debtor reserve the right, and in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to the entry of the Confirmation Order upon such notice as the Court may require. After the entry of the Confirmation Order, the Debtor may amend or modify the Plan, in accordance with section 1127 of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan. A holder of an Allowed Claim that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

(ii) In the event that any Impaired Class shall not accept the Plan, at the written election of the Plan Proponents filed with the Bankruptcy Court with respect to any one or more of said nonaccepting Classes and any Classes junior to such nonaccepting Classes, the Plan shall be modified and amended automatically and without further notice to provide such treatment, as determined necessary by the Bankruptcy Court, sufficient to assure that the Plan does not discriminate unfairly, and is fair and equitable, with respect to the Classes rejecting the Plan, and, in particular, the treatment necessary to meet the requirements of sections 1129(a) and (b) of the Bankruptcy Code with respect to (i) the rejecting Classes and (ii) any other Classes adversely affected by such modifications. In particular, the treatment of any nonaccepting Classes or adversely affected Classes shall be modified and amended from that set forth in Article III, even if less favorable, to the minimum treatment necessary to meet the requirements of sections 1129(a) and (b) of the Bankruptcy Code.

11.4 **Severability of Plan Provisions**

If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Plan Proponents, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and

provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 11.5 **Successors and Assigns**

The rights, benefits and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

### 11.6 **Discharge of Claims**

Except as otherwise provided herein or in the Confirmation Order, entry of the Confirmation order acts as a discharge, as of the Effective Date, of any and all debts, liabilities or claims, contingent or non-contingent, liquidated or unliquidated that arose on or before the Effective Date, including, but not limited to all interests of the Debtors, pursuant to section 1141 of the Bankruptcy Code. The discharge of Debtors shall be effective as to each Claim, whether or not (i) a proof of claim with respect thereto was filed; (ii) the Claim is an Allowed Claim; or (iii) whether the holder of such Claim voted to accept or reject the Plan.

### 11.7 **Release Of Assets**

Until the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Debtor and the Assets. Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matters set forth in Article XI of the Plan, and the Reorganized Debtor shall perform its duties and obligations pursuant to the Plan.

### 11.8 **Binding Effect**

Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall be binding upon and inure to the benefit of the Plan Proponents, all present and former holders of Claims against and Interests in the Debtor, their respective successors and assigns, including, but not limited to, the Liquidating Trust and all other parties in interest in this Chapter 11 Case.

### 11.9 **Revocation, Withdrawal, Or Non Consummation**

The Plan Proponents reserve the right to revoke or withdraw the Plan at any time prior to the Effective Date and to file subsequent bankruptcy plans. If the Plan Proponents revoke or withdraw the Plan, or if Confirmation or consummation does not occur, then (i) the Plan shall be null and void in all respects, (ii) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of executory contracts or unexpired leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void, and (iii) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (a) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor or any other Entity, (b) prejudice in any manner the rights of the Plan Proponents or any Entity in any further proceedings involving the Debtor, or (c) constitute an admission of any sort by the Plan Proponents or any other Entity.

11.10 __Notices__

Any notice, request, or demand required or permitted to be made or provided to or upon the Plan Proponents under the Plan shall be (i) in writing, (ii) served by (a) certified mail, return receipt requested, (b) hand delivery, (c) overnight delivery service, (d) first class mail, or (e) facsimile transmission, and (iii) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

**RIC (LAVERNIA) LLC**
C/O Vince Berry
Romspen Investment Corporation, Suite 300
162 Cumberland Street
Toronto, Ontario, M5R 3N5

-with a copy to-

**BRYAN CAVE LEIGHTON PAISNER LLP**
C/O Kyle Hirsch
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Email:  kyle.hirsch@bclplaw.com

11.11 __Headings__

Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

[Remainder of Page Blank]

16

Dated:  December 9, 2024

**RIC (LAVERNIA), LLC**
By:  Romspen (Reomaster II) Holdings, Inc., its sole
        member and managing member


*/s/ Vince Berry*
By:  Vince Berry
Its:  Manager



**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Texas Bar No. 24117262)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone:  (214) 721-8000
Facsimile:  (214) 721-8100
Email:  kyle.hirsch@bclplaw.com

*Counsel for the Debtor and Debtor in Possession*