IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| RIC (LAVERNIA) LLC, | § § | Chapter 11 |
| | § § | Case No. 24-51195-mmp |
| Debtor. | § | |

### OTISCO RDX, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN

OTISCO RDX, LLC ("OTISCO") files this Objection to Confirmation of the Debtor's Second Amended Chapter 11 Plan dated (as filed on February 3, 2025 at Docket No. 67, the "**Plan**"), and in support thereof respectfully states as follows:

1. As noted in the Debtor's Plan (as well as within the Disclosure Statement [Docket No. 66]), the Debtor owns *record title* to certain real property located in Wilson County, Texas (the "Property"). OTISCO was the prior holder of record title to the Property, and should continue to own fee title to the Property, but for a wrongful foreclosure.

2. The Debtor's affiliate, TIG Romspen US Master Mortgage LP ("TIG Romspen"), acquired record title to the Property in February 2024, after it conducted a wrongful foreclosure sale. Thereafter, TIG Romspen conveyed legal title to the Debtor. OTISCO has claims against TIG Romspen for wrongful foreclosure, and OTISCO disputes that the Debtor has valid ownership in the Property as a result of the wrongful foreclosure in February 2024 in its chain of record title.

3. OTISCO is entitled to the remedy of rescission of the foreclosure by TIG Romspen and the subsequent conveyance by TIG Romspen to the Debtor. To the extent that TIG Romspen's foreclosure was wrongful, OTISCO is entitled to the remedy of a constructive trust upon the Property, and the Property may be determined not to be property of the estate pursuant to 11 U.S.C. § 541(a) and/or (d).

1

4. OTISCO objects to confirmation of the Debtor's Plan.

5. The Debtor bears the burden of proving through a preponderance of the evidence that the Plan is confirmable under 11 U.S.C. § 1129(a), and if applicable, (b). It is unclear, yet, whether the Plan meets the voting acceptance requirements of 11 U.S.C. § 1129(a)(8) and (10). It is unclear, yet, whether the Debtor will need to demonstrate that the Plan is fair and equitable as to each class of non-accepting impaired class of claims.

6. The Debtor's Plan appears wholly contingent upon it prevailing in the adversary against Milestone. If Milestone prevails, it appears that the plan may be infeasible. The Plan does not become effective until the conclusion of the adversary against Milestone. It may never become effective, if feasibility is contingent upon the *successful* (from the Debtor's perspective) conclusion of the adversary against Milestone.

7. The Debtor does not expressly address OTISCO's challenge to TIG Romspen's wrongful foreclosure or OTISCO's rights and remedies with respect to the Property. However, pursuant to 11 U.S.C. § 1141(b), unless otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. To the extent such vesting under the Plan bars, enjoins, or prohibits OTISCO's rights and remedies with respect to the Property, it violates 11 U.S.C. § 1129(a)(3).

8. OTISCO further objects, under 11 U.S.C. § 1129(a)(3), to the discharge and injunctions under the Plan to the extent that they bar, enjoin, or prohibit OTISCO's rights and remedies with respect to the Property and its claims against TIG Romspen.

9. OTISCO objects to the Plan's failure to identify the identity, qualifications, and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, in violation of 11 U.S.C. § 1129(a)(5). There is no mention in the

Plan of any post-Effective Date management, or their affiliations. It is, therefore, impossible to determine if the appointment or continuation of such individual is consistent with the interests of creditors and with public policy.

10. OTISCO objects to any provision in the Plan that would prevent OTISCO from asserting, litigating, and obtaining relief with respect to its rights and remedies in and to the Property.

11. OTISCO objects to any provision in the Plan that would self-operatively render dischargeable an otherwise non-dischargeable claim or a remedy that is not a "Claim" under 11 U.S.C. § 101(5).

12. To the extent the Debtor is attempting to confirm the Plan under 11 U.S.C. § 1129(b), and is relying upon the "new value exception" to the absolute priority rule, the Debtor cannot meet its burden in proving that the so-called new value is reasonably equivalent to the property that equity is receiving. *See, e.g., In re Mangia Pizza Invs. LP*, 480 B.R. 669, 692-694 (Bankr. W.D. Tex. 2012) (citing and discussing the "new value exception" with reference to *Bank of Am. Nat'l Trust and Sav. Ass'n v. 203 N. LaSalle S. P'p*, 526 U.S. 434 (1999); *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship),* 2 F.3d 899, 908 (9th Cir.1993); *In re Mortg. Inv. Co. of El Paso*, 111 B.R. 604, 619 (Bankr. W.D. Tex. 1990)). Certainly there has been no equity auction that would demonstrate the true market value of the equity interests being granted under the Plan. *Graham & Currie Well Drilling, No. 11-04363-8-JRL*, 2011 WL 5909632 (Bankr. E.D. N.C. Nov. 1, 2011); *In re Hickey Properties, Ltd.*, No. 94-10180, 1995 WL 264023, at *4 (Bankr.D.Vt. Mar. 23, 1995); *In re Ropt Ltd. Partnership*, 152 B.R. 406, 412-13 (Bankr.D.Mass.1993); *In re Bjolmes Realty Trust*, 134 B.R. 1000, 1010-12 (Bankr. D.Mass.1991).

13. Based on the foregoing objections and the Debtor's failure to satisfy multiple

confirmation requirements, OTISCO respectfully requests that the Court deny confirmation of the Plan under section 1129(a) and (b), as the Debtor cannot meet its evidentiary burden for confirmation.

WHEREFORE, OTISCO RDX, LLC objects to confirmation of the Plan, requests that the Court deny confirmation of the Plan, and requests such other and further relief to which it may be justly entitled.

Dated: March 26, 2025

Respectfully submitted,

*/s/ Kiernan McAlpine*
Kiernan McAlpine
McAlpine Law Firm, PLLC
State Bar Number: 24058519
606 Leverkuhn St
Houston, Texas 77007
Phone: (832)314-1383
E-mail: kier@mcalpinelaw.com

COUNSEL FOR OTISCO RDX, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, a true and correct copy of the foregoing pleading was served on all parties identified on the attached service list by ECM/ECF and by first class, regular United States Mail.

*/s/ Kiernan McAlpine*
Kiernan McAlpine