IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RIC (LAVERNIA) LLC, | Case No. 24-51195 (MMP) |
| Debtor. | |

**DEBTOR'S MOTION TO STRIKE
OTISCO RDX LLC'S OBJECTION TO CONFIRMATION OF PLAN**

RIC (Lavernia) LLC ("Debtor") hereby moves to strike *OTISCO RDX, LLC's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan* (the "Objection") [ECF No. 80] because OTISCO RDX, LLC ("OTISCO") lacks standing to object to the confirmation of *Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (Second Amendment)* [ECF No. 67] ("Plan"). In support, Debtor states as follows:

## BACKGROUND

1. On June 27, 2024 (the "Petition Date"), the Debtor commenced this voluntary chapter 11 bankruptcy case. *See* ECF No. 1. Since the Petition Date, the Debtor has continued to operate and manage its business and assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is a Texas limited liability company formed in 2024 to take title ownership of the real property located in Wilson County, Texas (collectively, the "Property"). The Debtor acquired the property as the successful bidder at a non-judicial trustee's sale on February 6, 2024. The recorded trustee's deed evidencing Debtor's acquisition is attached hereto as Exhibit A.

1

3. The Debtor filed its Schedules of Assets and Liabilities on July 17, 2024 [ECF No. 20]. Amendments to Schedules A/B were filed on August 15, 2024 [ECF Nos. 28-30]. OTISCO is not scheduled as a creditor of Debtor's bankruptcy estate. OTISCO is, however, listed as a co-debtor in connection with the obligation underlying the lien asserted by Milestone Capital CRE 1, LLC. *See* Schedule H.

4. The deadline for non-governmental entities to file a proof of claim was October 29, 2024. [ECF No. 5]. OTISCO has not filed a proof of claim.

5. On March 26, 2025, OTISCO filed its Objection. *See* ECF No. 80.

6. The hearing on confirmation of the Plan is presently set for May 28, 2025. *See* ECF No. 77.

**ARGUMENT**

7. OTISCO lacks standing to object to the Plan.

8. A party seeking to appear in federal court bears the burden of establishing its standing. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 279 F.R.D. 395, 403 (S.D. Tex. 2011); *accord Howrey v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Circ. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). Standing is a jurisdictional threshold issue that a party must meet to be heard. *In re KLN Steel Prods. Co., LLC*, 506 B.R. 461, 474 (Bankr. W.D. Tex. 2014) ("Standing is a jurisdictional requirement, and the Court is obliged to ensure it is satisfied regardless [of] whether the parties address the matter." (internal citations and quotations omitted)); *In re Crescent Res., LLC*, 455 B.R. 115, 118 (Bankr. W.D. Tex. 2011) (recognizing that "[s]tanding is a jurisdictional requirement" and that "the Court has an independent obligation to ensure it has jurisdiction to hear a matter" (internal citations and quotations omitted)).

9.     To appear and be heard in a bankruptcy case, a party must meet the requirements in section 1109(b) of the Bankruptcy Code.[1] Section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

10.     Section 1109 is not an exhaustive list defining who is a "party in interest." If a person or entity does not fall within these enumerated categories, it may have standing if it has "pecuniary interests [that] are directly affected by the bankruptcy proceedings." *In re Cyrus II P'ship*, 358 B.R. 311, 315 (Bankr. S.D. Tex. 2007) (internal citation omitted); *see also Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015) (a party seeking to establish that it is a party in interest must prove that it would be "directly and adversely affected pecuniarily by the order of the bankruptcy court" (quoting *In re Coho Energy Inc.*, 395 F.3d 198, 203 (5th Cir. 2004))). This direct pecuniary interest test is "an even more exacting standard than [the] traditional constitutional standing" test because it requires a "higher causal nexus between act and injury." *In re Coho Energy Inc.*, 395 F.3d at 202–03.

11.     Only "a party in interest" has standing to object to confirmation of a plan. *In re Gulf States Long Term Acute Care of Covington, LLC*, 487 B.R. 713, 726 (Bankr. E.D. La. 2013). Generally, noncreditor third parties lack standing to object to confirmation of a plan. *Id.* Further, bankruptcy plans are only confirmed if they are in "the best interest of creditors." *Id.* As its name implies, the best interest of the creditors test only applies to creditors. *Id.*

---

[1]     In evaluating a party's standing, bankruptcy courts in the Fifth Circuit do not apply the traditional requirements established by Article III of the Constitution because they are not Article III courts. *In re Technicool Sys. Inc.*, 896 F.3d 382, 385 (5th Cir. 2019) ("Bankruptcy courts are not Article III creatures bound by traditional standing requirements.").

12. The only relationship between OTISCO and the bankruptcy estate is OTISCO's extinguished interest in the Property. OTISCO is not an estate creditor, and is not impacted by the Plan. OTISCO does not hold a pecuniary interest relating to the Debtor or the bankruptcy estate. OTISCO's Objection does not establish any basis for asserting standing in this bankruptcy case.

13. Because OTISCO lacks standing to appear in this federal court proceeding, the OTISCO Objection is improper and should be stricken by the Court. *Lee v. Choudhri (In re Briar Bldg. Hous. LLC)*, Nos. 18-32218, 20-3398, 2021 Bankr. LEXIS 1603, at *25 (Bankr. S.D. Tex. June 16, 2021) (noting that it is within a court's discretion to strike a pleading)(citing *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012)).

## CONCLUSION AND RESERVATION OF RIGHTS

14. The Debtor reserves all rights with respect to the Plan and any issues involving OTISCO, including but not limited to responding to the Objection in the event it is not stricken by the Court.

15. The Debtor requests that the Court enter an order granting the relief requested in this motion, striking the Objection in its entirety because OTISCO lacks standing, and granting such other and further relief as is appropriate under the circumstances.

Respectfully submitted this 18th day of April 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315

Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 214.721.8041
Email:luke.graham@bclplaw.com

***Counsel for the Debtor and Debtor in Possession***

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system, including counsel for the Debtor, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

Karalyssa C Casillas on behalf of Creditor Wilson County karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of Interested Party United States Trustee - SA12 erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12 erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC hspector@spectorcox.com; shank@spectorcox.com;ahawkins@spectorcox.com; slthorn@spectorcox.com; hspector@ecf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves gspencer@langleybanack.com

United States Trustee - SA12 USTPRegion07.SN.ECF@usdoj.gov

Natalie F. Wilson on behalf of Defendant John Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

Natalie F. Wilson on behalf of Defendant Lori Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

Natalie F. Wilson on behalf of Interested Party John Daves and Lori Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

In addition, a copy was emailed to:
- Kiernan McAlpine at kier@mcalpinelaw.com
- Palavan, Shea at contact@houstonip.com;shea@houstonip.com

DATED this 18th day of April, 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com