**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| RIC (LAVERNIA) LLC | § | |
| | § | CASE NO. 24-51195-MMP |
| DEBTOR | § | |

**WILSON COUNTY'S OBJECTION TO THE DEBTOR'S
CHAPTER 11 PLAN SECOND AMENDED PLAN OF REORGANIZATION**

TO THE COURT:

Now comes Wilson County[1] and files its Objection to the Debtor's Chapter 11 Second Amended Plan of Reorganization (ECF #67) and respectfully represents the following:

1. Wilson County is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect ad valorem taxes on real and personal property.

2. Wilson County filed its pre-petition secured amended proof of claim herein for ad valorem property taxes assessed against the Debtor's property for tax years 2024 and prior in the amount of $368,288.78.

3. Wilson County's claim is for real property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§32.01 and 32.05. In pertinent part, §32.01 provides

   (a) **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .
   (b) A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the

---

[1] Wilson county collects on behalf of itself and for those tax entities for which Wilson County collects ad valorem taxes

1

        property owner subsequently acquires.

(c)     The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. Wilson County's allowed tax claim shall be paid in full in four (4) equal consecutive quarterly installments, with the first payment being made on the first day of the first full month after the Effective Date, with payments of equal amount to be made on each quarterly installment thereafter. Post-petition interest at the rate of twelve percent (12%) per annum shall accrue beginning from the Petition Date until the tax debt is paid in full. The Reorganized Debtor may pre-pay the pre-petition tax debt to Wilson County at any time.

6. In the event the Reorganized Debtor sells, conveys or transfers any of the properties which are the collateral of the Wilson County claim or post confirmation tax debt, the Reorganized Debtor shall remit such sales proceeds first to Wilson County to be applied to the Wilson County tax debt incident to any such property/tax account sold, conveyed or transferred and

7. such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.

7. Wilson County objects to the Plan to the extent it fails to retain Wilson County's tax lien for pre-petition and post-petition taxes until such tax debt is paid in full. Lien retention is required for confirmation pursuant to 11 U.S.C. § 1129 (b)(2)(A)(i)(I).

8. Post-petition taxes (tax year 2025 and subsequent tax years) are an ordinary course administrative expense of the estate and should be treated and paid in the ordinary course prior to delinquency, as required under 28 U.S.C. 959 and 960 without the need for filing an administrative claim and request for payment. 11 U.S.C. §503(b)(1)(D).

9. Wilson County further objects to the Plan's failure to include adequate default provisions that set forth the rights and remedies available to the respective parties. Wilson County requests that the Plan include the following language with respect to Wilson County's ad valorem tax claims:

Should the reorganized debtor fail to make any payments as required in this Plan, Wilson County shall provide written notice of that default and send written notice by certified mail to debtor's counsel advising of that default, and providing the reorganized debtor with a period of fifteen (15) days to cure the default. In the event that the default is not cured within fifteen (15) days, Wilson County may, without further order of this Court, pursue all of its rights and remedies available to it under the Texas Property Tax Code and to collect the full amount of all taxes, penalties and interest owed. Additionally, the failure to timely pay post-confirmation taxes while the reorganized debtor is in repayment of any pre-petition debt, shall be considered an event of default. Wilson County shall provide debtor's counsel with written notice of that default and a fifteen (15) day opportunity to cure said default. In the event that the reorganized debtor fails to timely cure the post-confirmation default, Wilson County may proceed without further order of this court to collect taxes, penalties and interest owed to that jurisdiction. The debtor shall be entitled to no more than three (3) Notices of Default. In the event of a fourth (4th) default, Wilson County may pursue all rights and remedies available to it under the Texas Property Tax Code in state district court without order of this court.

**WHEREFORE, PREMISES CONSIDERED**, Wilson County prays that this Court deny the Debtor's Plan and grant it all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - Telephone
(210) 225-6410 - Fax

By: __/s/ Karalyssa Casillas__
David G. Aelvoet (SBN 00786959)
Don Stecker (SBN 19095300)
Karalyssa Casillas (SBN 24128425)

Attorney for Wilson County

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection of Wilson County to the Debtor's Chapter 11 Second Amended Plan of Reorganization was served this the 25th day of June, 2025 by Electronic Filing to all parties receiving such notices and/or by First Class Mail upon the following:

Debtor:
    RIC (Lavernia) LLC
    162 Cumberland St, Suite 300
    Toronto, ON M5R 3N5

Counsel to Debtor and
Debtor in Possession:
    Kyle Hirsch
    Bryan Cave Leighton Paisner LLP
    Two North Central Avenue
    Suite 2100
    Phoenix, AZ 85004-4406

    Brigid K Ndege
    Bryan Cave Leighton Paisner, LLP
    161 N Clark St, Ste 4300
    Chicago, IL 60605

United States Trustee:
    US Trustee's Office
    615 E Houston, Suite 533
    San Antonio, TX 78205

                                                    /s/ Karalyssa Casillas
                                                   Karalyssa Casillas