**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S OBJECTION TO OTISCO'S MOTION TO RECONSIDER ORDER
GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

For the following reasons, RIC (Lavernia) LLC ("Debtor") objects to the *Motion to Reconsider Order Granting in Part and Denying in Part Motion to Strike [ECF No. 109]* (the "Motion to Reconsider") [ECF No. 129] filed by OTISCO RDX, LLC ("OTISCO"):

**INTRODUCTION**

OTISCO—with its team of at least six licensed attorneys,[1] four of which are counsel of record for OTISCO in this bankruptcy case[2]—seeks reconsideration of the Court's ruling on Debtor's motion to strike, offering no justification other than the tragic death of Mr. Kell Mercer, an attorney who has never appeared as counsel for OTISCO but who OTISCO now claims was its "principal litigation counsel." *See* Mot. to Reconsider at 1.

---

[1] Justin Rayome; Kiernan McAlpine; Gia Samavati; Eric Taube; Shea Palavan; and Paul Kirklin. *See* Exhibit 2 to Mot. to Reconsider (email chain involving Mr. Rayome, Mr. McAlpine, Ms. Samavati, and Mr. Taube); *see also* ECF No. 80 (filed under Mr. Palavan's CM/ECF credentials); ECF No. 89 (filed under Mr. Kirklin's CM/ECF credentials).

[2] Justin Rayome; Kiernan McAlpine; Shea Palavan; and Paul Kirklin. *See* ECF No. 80 (signed by Mr. McAlpine and filed by Mr. Palavan); ECF No. 89 (signed by Mr. Rayome and filed by Mr. Kirklin); ECF Nos. 102, 103, 104, 117, 122 (signed and filed by Mr. McAlpine); ECF Nos. 107, 129 (signed and filed by Mr. Rayome)

1

OTISCO offered this same bogus excuse when it filed—less than twenty-four hours before the motion to strike was set to be heard—an emergency motion to continue the hearing on the motion to strike. *See* ECF No. 102. Just as the Court denied OTISCO's emergency motion to continue the hearing on the motion to strike, so too should the Court deny OTISCO's Motion to Reconsider.

## BACKGROUND

1. OTISCO is not a creditor of Debtor's bankruptcy estate: it neither appears on the Debtor's schedule of creditors [*see* ECF No. 20, Schedules D and E/F] nor on the Court's claims register of creditors who have filed proofs of claims against the Debtor's estate [*see* Claims Register].[3] Moreover, OTISCO is not treated in any way in the Debtor's proposed chapter 11 plan. *See* ECF No. 67.

2. Nevertheless, on March 26, 2025—nine months after Debtor commenced this bankruptcy proceeding—OTISCO appeared for the first time and filed *OTISCO RDX, LLC's Objection to Confirmation of Debtor's Second Amended Chapter 11 Plan* (the "Plan Objection") [ECF No. 80].

3. Because OTISCO is not a party-in-interest with standing to object to confirmation of Debtor's chapter 11 plan, Debtor moved to strike the Plan Objection on April 18, 2025. *See* ECF No. 83.

4. On June 1, 2025, OTISCO filed its *Emergency Motion to Continue Hearing* (the "Motion to Continue") [ECF No. 102], seeking to continue the hearing on Debtor's motion to strike that was set to take place the next day.

---

[3] The deadline for non-governmental entities to file a proof of claim in this case passed on October 29, 2024. *See* ECF No. 5.

5. In support of OTISCO's last-minute request to continue the hearing on the motion to strike, OTISCO pointed to Mr. Mercer's death and Mr. Rayome's alleged recent hospitalization. *See* Mot. to Continue.

6. At the June 2 hearing, the Court heard and denied OTISCO's Motion to Continue, finding that (i) Mr. Rayome's excuse lacked credibility; and (ii) Mr. Mercer's death was immaterial to the matter at hand because Mr. Mercer was not, and had never been, counsel of record for OTISCO in this bankruptcy case. *See* **Exhibit A**, Transcript of June 2 Hearing at 17:14–15 ("I'm having a lot of trouble believing Mr. Rayome"); 18:5–9 ("Mr. Mercer is not counsel of record. And the fact that the parties might have been relying upon him in no way should have affected your obligation to file a motion for continuance well beyond the day before the hearing on the matter."). The Court then heard and granted in part Debtor's motion to strike.

7. On June 3, 2025, the Court entered its *Order Granting Motion to Strike in Part and Denying in Part* (the "Order") [ECF No. 2], of which OTISCO now seeks reconsideration.

## ARGUMENT

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Indeed, the standards applicable to Federal Rule of Civil Procedure 59(e), under which OTISCO brings its Motion to Reconsider, "favor the denial of motions to alter or amend a judgment." *See S. Constructors Grp. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). OTISCO offers little (if any) reason to reconsider the Court's

3

Order. The only basis raised in the Motion to Reconsider is Mr. Mercer's death—the same basis that OTISCO advanced in support of the Motion to Continue, which the Court rejected.

The Fifth Circuit has identified "two important judicial imperatives relating to [motions for reconsideration]: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *See Templet*, 367 F.3d at 479. As such, "Rule 59(e), 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

The Motion to Reconsider does not present a single additional fact that would support OTISCO's opposition to the motion to strike. At most, the Motion to Reconsider vaguely suggests that OTISCO should be afforded "an opportunity to re-brief or amend its Objection with competent legal representation." *See* Mot. to Reconsider at 3. The mere suggestion, without any specification, that OTISCO could advance some other factual or legal bases for the stricken parts of its Plan Objection is not a sufficient reason for this court to exercise the "extraordinary remedy" of reconsidering its ruling.

## CONCLUSION

At bottom, OTISCO had an opportunity to file a written response to Debtor's motion to strike; it did not. OTISCO also had an opportunity to seek a continuance or leave to file a late response; it did not. Finally, OTISCO had an opportunity to present oral argument against the motion to strike; it did, through its counsel of

4

record, Mr. McAlpine. *See* **Exhibit A**, Transcript of June 2 Hearing. There is no reason to grant OTISCO another bite at the apple—certainly not because of the death of an attorney who has never appeared as counsel of record for OTISCO, particularly when OTISCO is represented by at least six other attorneys.

For the above reasons, Debtor respectfully requests that the Court deny OTISCO's Motion to Reconsider.

Respectfully submitted this 25th day of June 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
luke.graham@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

*Counsel for the Debtor and*
*Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system to all parties entitled to such notice, including:

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12
erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Paul Kirklin on behalf of Plaintiff Otisco RDX, LLC
pkirklin@kirklinlaw.com

Kiernan McAlpine on behalf of Interested Party Otisco RDX, LLC
kier@mcalpinelaw.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Justin Rayome on behalf of Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff Otisco RDX, LLC
justin.rayome.law@gmail.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@langleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@langleybanack.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

Natalie F. Wilson on behalf of Interested Party John Daves and Lori Daves
nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch