EXHIBIT A

EXHIBIT A

Docusign Envelope ID: 66F19BEC-C025-48DG-A420-FE4FA80A22D6

## Agreement Regarding Sanctions

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, TIG Romspen US Master Mortgage, LP, a Cayman Islands limited partnership ("TIG Romspen") and RIC (Lavernia) LLC, a Texas limited liability company ("RIC" and, together with TIG Romspen, "Romspen"), on one hand, and Paul Kirklin ("PK"), The Kirklin Law Firm, P.C. ("P.C."), Kirklin Law Firm PLLC ("PLLC"), and Kirklin Properties LLC ("LLC" and, collectively with PK, P.C., and PLLC, "Kirklin") on the other hand, enter into this Agreement Regarding Sanctions (this "Agreement"). Romspen and Kirklin are referred to collectively herein as the "Parties."

(1) Romspen will withdraw, as to PK only, no later than three (3) business days after receipt of payment described in Paragraph (5) below and filing of the withdrawal described in Paragraph (4) below, the Defendants' Motion for Sanctions and Award of Attorneys' Fees filed on June 17, 2025 (and any amendment or supplements thereto) (the "Motion for Sanctions") in Case No. 25-05040.

(2) Romspen consents to Kirklin's withdrawal as an attorney from any case.

(3) Romspen waives and releases all sanctions against Kirklin and affirmatively requests that no sanctions be entered against Kirklin in any case involving Romspen that is pending as of the date of this Agreement for conduct occurring on or prior to the date of this Agreement (including Case Nos. 2024-67468, 24-51195, 25-05040, 24-10119, and 24-01062).

(4) Kirklin agrees to not object to or interfere with the confirmation of the proposed RIC plan in Case No. 24-51195 (the "RIC Case").

(5) Kirklin agrees to pay Romspen the sum of $2,500 within three (3) business days after the Effective Date by check payable to TIG Romspen US Master Mortgage LP, delivered to the following address: Bryan Cave Leighton Paisner LLP, Attn: Kyle S. Hirsch, 2200 Ross Avenue, Suite 4200W, Dallas, Texas 75201.

(6) This Agreement shall become effective on the date (the "Effective Date") on which all of the following has occurred: (i) this Agreement has been signed by each of the Parties, with Kirklin delivering its signatures to counsel for Romspen and Romspen delivering its signatures to PK; and (ii) this Agreement has been approved by the United States Bankruptcy Court in the RIC Case.

(7) There are no third-party beneficiaries to this Agreement. This Agreement has been reviewed by the Parties and their respective counsel and has been approved as to form and content. Accordingly, this Agreement shall be deemed to have been jointly drafted by the Parties for the purpose of applying any and all rules of construction. This Agreement sets forth the entire agreement between the Parties as to the resolution of the matters described herein, and fully supersedes any prior agreements or understandings between the Parties regarding the

subject matter of this Agreement. There are no unwritten oral agreements between the Parties. The Parties agree they will each be solely responsible for all costs, fees, and expenses incurred by such Party related to the dispute between the Parties, including attorneys' fees and court costs, incurred in connection with pursuing, negotiating, executing, or performing this Agreement. This Agreement shall be construed and interpreted in accordance with the laws of the State of Texas without regard to any choice of law principles. The Parties stipulate and agree that the exclusive venue for any action, claim, or dispute arising from, relating to, or concerning this Agreement shall be decided in any court of competent jurisdiction in Harris County, Texas. In the event of any dispute that results in any action, claim, or dispute to construe or enforce any provision of this Agreement, the prevailing party in such dispute shall be awarded its reasonable and necessary attorneys' fees and other costs incurred. The Parties agree that a "prevailing party" as used herein can be a defendant in such dispute and the defendant does not have to seek or recover any monetary damages to be considered the prevailing party. This Agreement shall not be amended, altered, modified, or waived by oral representation made before or after the execution of this Agreement. All amendments, alterations, modifications, or waivers must be in writing and signed by both authorized representatives of the Parties. The Parties also agree that this prohibition on oral amendment, alteration, modification, or waiver, itself, is valid and enforceable and may not be waived, except in writing and signed by both authorized representatives of the Parties. The Parties acknowledge and agree that full, valid, and binding consideration exists for the execution of this Agreement and that such consideration includes the mutual promises and releases contained herein. This Agreement may be executed in counterparts and delivered by electronic mail in PDF format, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

[SIGNATURE PAGE FOLLOWS]

AGREED:

| TIG Romspen US Master Mortgage, LP | The Kirklin Law Firm, P.C., Kirklin Law Firm PLLC, Kirklin Properties LLC, and Paul Kirklin |
|---|---|
| Name: Joel Mickelson<br>Authorized Signing Officer | Paul Kirklin, individually and as authorized agent |
| Date: 7/26/2025 | Date: 7/25/2025 |

RIC (Lavernia) LLC

Name: Vince Berry
Authorized Signing Officer

Date: 7/25/2025