IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | Case No. 24-51195-mmp | |
| § | | |
| RIC (LAVERNIA) LLC, § | Chapter 11 | |
| § | | |
| Debtor § | ECF No. 192 | |
| § | | |

| | | |
|---|---|---|
| RIC (LAVERNIA) LLC, § | | |
| § | | |
| Plaintiff § | Adversary No. 24-05043-mmp | |
| § | | |
| v. § | | |
| § | ECF No. 136 | |
| MILESTONE CAPITAL CRE 1, § | | |
| LLC; LORI DAVES AND JOHN § | | |
| DAVES, AS SUBSTITUTE § | | |
| TRUSTEE; ANDRES CEDILLOS, § | | |
| § | | |
| Defendants § | | |

| | | |
|---|---|---|
| OTISCO RDX, LLC, § | | |
| § | | |
| Plaintiff § | Adversary No. 25-05040-mmp | |
| § | | |
| v. § | | |
| § | ECF No. 70 | |
| RIC (LAVERNIA) LLC, AND § | | |
| TIG ROMSPEN US MASTER § | | |
| MORTGAGE LP, § | | |
| § | | |
| Defendants. § | | |

**OBJECTION TO MOTION TO TRANSFER CASES INTRA-DISTRICT**

RIC (Lavernia) LLC (the "***Debtor***") and TIG Romspen US Master Mortgage LP ("***TIG Romspen***" and, with the Debtor, the "***Respondents***") hereby object to the

*Motion to Transfer Cases Intra-District* (the "**Motion to Transfer**") filed by Milestone Capital CRE 1, LLC ("**Milestone**") and OTISCO RDX, LLC ("**OTISCO**," and, with Milestone, the "**Movants**") in the above-captioned cases, and in support state as follows:

## INTRODUCTION

The Motion to Transfer is not only untimely, it is a transparent attempt to derail proceedings that have been active and substantively litigated in this Court for over a year. Movants seek to uproot the underlying bankruptcy proceeding and two related adversary proceedings, all of which are resolved or near resolution, and reassign them to a different judge lacking factual knowledge of the disputes and issues. The Motion to Transfer is not about judicial efficiency; it is about forum shopping and disruption.

The records of the above-captioned cases speak for themselves: multiple hearings have been held, final orders have been issued, evidence has been considered, and a chapter 11 plan is set for confirmation. To transfer these cases now would discard that progress, inject unnecessary delay, and prejudice the parties who have relied on this Court's rulings and orders.

Movants' purported fear of inconsistent rulings is a red herring. The judges in the corresponding cases can address issues at the appropriate time, if appropriate at all.

The Motions are advanced at the behest of a single individual, Ali Choudhri, who wishes to control what he cannot. The cases are pending in the appropriate courts. The Court should deny the Motion to Transfer as lacking good cause.

## BACKGROUND

1. Choudhri is a member and manager of Milestone, and exercises control over OTISCO. Choudhri also controls Galleria Loop Note Holder, LLC ("GLNH"), BDFI, LLC ("BDFI"), and Jetall Capital, LLC ("<u>Jetall</u>"). Choudhri is a member and manager of 1001 WL, LLC ("<u>1001 WL Debtor</u>").

<u>Debtor's Bankruptcy Case and Related Adversary Proceedings</u>

2. The above-captioned bankruptcy case of the Debtor and the above-captioned adversary proceeding *RIC (Lavernia) LLC v. Milestone Capital CRE 1, et al.* (the "**Milestone AP**") have been pending before this Court for over a year. *See* Bankr. Case No. 24-51195, ECF No. 1 (Petition filed June 27, 2024); Adv. P. No. 24-05043, ECF No. 1 (Notice of Removal filed June 28, 2024).

3. The Debtor's bankruptcy proceeding is nearing final resolution—a fully negotiated chapter 11 plan is set for confirmation hearing on September 8, 2025.

4. The Milestone AP is also potentially nearing final resolution—Judge Parker currently has under advisement *Plaintiff RIC (Lavernia) LLC's Motion for Sanctions* [Adv. P. No. 24-05043, ECF No. 83], which requests death penalty sanctions that would, if granted, dispose of the Milestone AP.

5. The above-captioned adversary proceeding *OTISCO RDX, LLC v. RIC (Lavernia) LLC, et al.* (the "**OTISCO AP**") was initiated more recently, but has

already been dismissed with prejudice and/or resolved by summary judgment, and has been closed. The losing plaintiff has filed a motion for reconsideration, and the prevailing defendants (Respondents) have moved for sanctions. *See* Adv. P. No. 25-05040, ECF No. 1 (Complaint filed May 1, 2025), ECF No. 15 (order dismissing the Complaint with prejudice or, in the alternative, granting summary judgment to Defendants on the Complaint), ECF No. 44 (Plaintiff's Amended Motion to Reconsider), ECF No. 20 (Defendants' Motion for Sanctions).

6. Milestone has had notice of the Debtor's bankruptcy case since it was filed over a year ago, and Milestone has participated in the Milestone AP since its removal over a year ago.

7. OTISCO filed a motion in the Debtor's bankruptcy case several months ago, and initiated the OTISCO AP shortly afterwards on May 1, 2025.

<u>1001 WL Debtor's Bankruptcy Case and Related Adversary Proceedings</u>

8. Under Choudhri's control, the 1001 WL Debtor bankruptcy case was filed in the Austin Division and has been pending even longer—approximately 18 months. *See* Bankr. Case No. 24-10119, ECF No. 1 (Petition filed February 6, 2024). The Honorable Judge Shad Robinson is assigned the 1001 WL Debtor's bankruptcy case and related adversary proceedings. Judge Robinson has granted stay relief, denied confirmation, and appointed a chapter 11 trustee. In an adversary proceeding, Judge Robinson entered summary judgment, which has been affirmed on appeal and is now final.

9. The chapter 11 trustee is seeking approval of a compromise filed in March 2025 which, if approved, would dispose of the single real estate asset of the case. **The continued approval hearing is scheduled for August 18, 2025**, and has been delayed numerous times at Choudhri's request (including a recent "emergency" request to continue the August 18 hearing).

10. Movants are not parties in interest to the 1001 WL Debtor bankruptcy case. However, Choudhri, GLNH, and BDFI[1] have all appeared and participated in the 1001 WL Debtor bankruptcy case; and Jetall has commenced an adversary proceeding relating to the 1001 WL Debtor bankruptcy case.

11. The 1001 WL Debtor is not a party to, or a party-in-interest in, the Debtor's bankruptcy case, and has not made an appearance or sought any relief in the Debtor's bankruptcy case. Similarly, the Debtor is not a party to, or a party-in-interest in, the 1001 WL Debtor bankruptcy case, and has not made an appearance or sought any relief in the 1001 WL Debtor's bankruptcy case.

12. Movants filed the Motion to Transfer late the evening of August 1, 2025, in advance of an August 4, 2025 hearing on significant issues in the 1001 WL Debtor bankruptcy case and related adversary proceeding; and an August 6, 2025 hearing on significant issues in the Debtor bankruptcy case and related adversary proceedings involving Movants.

---

[1] Respondents question whether BDFI has any standing in the 1001 WL Debtor case, as it assigned all of its rights to Kirklin Properties, LLC effective September 30, 2025 – yet BDFI has continued to participate as if it holds a claim.

**ARGUMENT**

*I.    The Motion to Transfer is untimely and strategically motivated.*

Movants have known of overlapping parties and issues since early 2024. Yet they waited until August 1, 2025—mere days before critical hearings—to file the Motion to Transfer. This delay is not incidental; it is tactical. Courts disfavor such forum shopping, especially when it threatens to disrupt the orderly administration of justice. *See, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). This is even more pronounced when one forum has issued rulings adverse to the movant, as has occurred here (e.g., dismissal with prejudice/summary judgment adverse to OTISCO; discovery orders adverse to Milestone). The timing alone warrants denial of the Motion to Transfer.

*II.    Transfer would be disruptive, costly, and prejudicial.*

The 1001 WL Debtor bankruptcy case has been pending since February 6, 2024. Judge Robinson is very familiar with Choudhri and those entities appearing in the 1001 WL Debtor bankruptcy case and adversary proceedings, and has issued a number of final rulings, held numerous evidentiary hearings, and presided over discovery disputes. But Judge Robinson is not familiar with the Debtor or the Movants, or the specific issues disputed in these cases.

This Court has presided over more than a year of active litigation in the Debtor's bankruptcy case and related adversary proceedings. It has issued substantive rulings, managed discovery disputes, and presided over several critical hearings. Through that, this Court has become closely acquainted with these parties

and their ongoing disputes. But this Court is unfamiliar with the disputes and many of the parties involved in the 1001 WL Debtor cases.

Transferring cases now would require the transfer judge to review hundreds of pages of filings, transcripts, and exhibits, which would almost guarantee additional delays to resolution of motions that have been pending for months. In considering a similar motion to transfer intra-district adversary proceedings that had been pending for over a year, Judge Searcy of the Bankruptcy Court for the Eastern District of Texas found that transferring the adversary proceedings would require a "duplication of effort" that "would be wasteful of judicial resources and detrimental to judicial economy.'" *Black v. Triplett (In re Triplett)*, 645 B.R. 196, 204 (Bankr. E.D. Tex. 2022).

Further, transferring the cases at this juncture would also, naturally, increase costs for all parties. Movants have already caused the Respondents to accrue needless litigation expenses (including expenses responding to this very motion). The Court should not permit Movants to drive up the Respondents' expenses even further by entertaining the Motion to Transfer.

### III. *Movants do not meet the standards of Bankruptcy Rule 1014.*

Movants base their request for relief on Bankruptcy Rule 1014. Whether Bankruptcy Rule 1014 applies to an *intra-district* transfer, as opposed to an *inter-district* transfer, is questionable. Indeed, by its own terms, Bankruptcy Rule 1014 applies only to transfers to "another district." *See* FED. R. BANKR. P. 1014(a)(1). Even so, Movants have not satisfied—and cannot satisfy—either of the requirements of Bankruptcy Rule 1014.

Respondents dispute Movants' unsubstantiated allegation that either judge is more familiar with the parties and the underlying facts than the other judge. *See* Mot. to Transfer ¶ 18. This Court is acutely familiar with the parties and the cases that have been pending here (including those for over a year), just as Judge Robinson is familiar with the cases pending and the parties appearing before him for over a year. There is no evidence that Judge Robinson is familiar <u>at all</u> with the Debtor or the Movants. Similarly, this Court is likely unfamiliar with many of the parties and issues that have arisen (unrelated to the Movants) in the cases before Judge Robinson. A transfer would involve substantial inconvenience to whichever Court receives the cases and the parties. A transfer would also involve meaningful delay of pending rulings.

For the same reasons, transferring the cases at this stage would be adverse to the interests of justice. Movants vaguely suggest that transferring the cases would favor the interests of justice to avoid "inconsistent rulings." *See* Mot. to Transfer ¶ 18. But this Court and Judge Robinson both have adequate means of determining what issues matter to the cases before them. Movants' gross exaggeration of facts and circumstances to create the perception of serious issues can and will be evaluated in the appropriate cases, at the appropriate time, to the extent relevant to the presiding judge. In short, the "inconsistent rulings" argument is a red herring—a distraction from the real motive behind the Motion to Transfer: to shift venue after unfavorable developments and avoid scrutiny in a court that has already developed

a deep understanding of the facts, just to try and spin a new narrative to a new fact-finder in a different forum.

### IV. *The Receiver's position is not dispositive.*

Movants' reliance on a state court receiver's views does not control the issue. The state court receiver has not appeared in this case and does not speak for all stakeholders—including Court resources. As discussed at length above, those interests favor denial of the Motion to Transfer.

### CONCLUSION

In sum, granting the Motion to Transfer would not only constitute a mere administrative inconvenience—it would be a fundamental disruption and burden to the judicial process. As such, Respondents request that the Court deny the Motion to Transfer.

Dated: August 15, 2025

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ R. Luke Graham*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
R. Luke Graham
Texas Bar No. 24127305
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com
luke.graham@bclplaw.com

**ATTORNEYS FOR RESPONDENTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

- Clinton Wayne Alexander on behalf of Attorney Kell C Mercer calexander@bls-legal.com

- Karalyssa C Casillas on behalf of Creditor Wilson County karalyssa.casillas@lgbs.com

- Erin Coughlin on behalf of Interested Party United States Trustee - SA12 erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

- Stephen Kirklin on behalf of Attorney Paul Kirklin skirklin312@gmail.com

- Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC kier@mcalpinelaw.com

- Shea Neal Palavan on behalf of Interested Party Shea N Palavan shea@houstonip.com, service@houstonip.com

- Justin Rayome on behalf of Interested Party Otisco RDX, LLC justin.rayome.law@gmail.com

- Ronald J Smeberg on behalf of Defendant Milestone Capital CRE 1, LLC and Plaintiff Otisco RDX, LLC, LLC ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

- Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com

- George H. Spencer, Jr. on behalf of Defendants John Daves and Lori Daves gspencer@langleybanack.com

- United States Trustee - SA12 USTPRegion07.SN.ECF@usdoj.gov

- Natalie F. Wilson on behalf of Interested Party John Daves and Lori Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

- Stephen G. Cennamo at scennamo@cennamowernerlaw.com; dwerner@cennamowernerlaw.com; lawofficeofcennamowerner@jubileebk.net

                                               *R. Luke Graham*_____
                                               R. Luke Graham