IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | Chapter 11 |
| | § | |
| | § | Case No. 24-51195-mmp |
| Debtor. | § | |

### MILESTONE CAPTIAL CRE 1, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN

MILESTONE CAPITAL CRE 1, LLC ("MILESTONE") files this Objection to Confirmation of the Debtor's Third Amended Chapter 11 Plan dated (as filed on July 23, 2025 at Docket No. 179, the "***Plan***"), and in support thereof respectfully states as follows:

1. As noted in the Debtor's Plan (as well as within the Disclosure Statement [Docket No. 179]), the Debtor asserts that it owns *record title* to certain real property located in Wilson County, Texas (the "Property"). Otisco RDX, LLC ("OTISCO") has already set forth evidence that it was the prior holder of record title to the Property and has asserted that it should continue to own fee title to the Property, but for a wrongful foreclosure. Alternatively, as MILESTONE has set forth in its Motion to Dismiss this bankruptcy case, there was another buyer at the foreclosure sale and that the Debtor could not have been the buyer as it did not exist as a matter of law on the date of the foreclosure sale and thus could not have bid at the sale. All arguments of MILESTONE in its Second Emergency Motion To Dismiss [Doc No. 237] should be addressed before plan confirmation is considered.

2. The Second Amended Plan was set for confirmation in July, at which time the Debtor filed the Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (Third Amendment) on July 23, 2025 and asked to have the confirmation hearing continued until

September 8, 2025 which was granted July 20, 2025 (Doc. No. 186). The Third Amended Plan further discriminates against MILESTONE and thus grounds exist to object to the same.

3. The Debtor's affiliate, TIG Romspen US Master Mortgage LP ("TIG Romspen"), caused a Trustee's Deed to be issued and recorded based upon the wrongful foreclosure sale. Thereafter, the Debtor was formed and TIG Romspen conveyed legal title to the Debtor. MILESTONE and OTISCO have claims against TIG Romspen for wrongful foreclosure, and dispute that the Debtor has valid ownership in the Property as a result of the wrongful foreclosure in February 2024 in its chain of record title.

4. OTISCO has sought entitlement to the remedy of rescission of the foreclosure by TIG Romspen and the subsequent conveyance by TIG Romspen to the Debtor. To the extent that TIG Romspen's foreclosure was wrongful, OTISCO is entitled to the remedy of a constructive trust upon the Property, and the Property may be determined not to be property of the estate pursuant to 11 U.S.C. § 541(a) and/or (d).

5. As the first lienholder on the Property, MILESTONE also objects to confirmation of this Third Amended Plan of the Debtor as it now provides the following additional terms:

(i) Paragraph 3.2 provides for full payment of the Wilson County Secured Tax claim with interest and specific rights upon default of such payment; however, no such payment and protections of MILESTONE's secured claim rights to payment, interest and collection upon default are provided.

(ii) Paragraph 3.4 also provides for prompt payment in full of the FNA secured claim and subrogation of the same to TIG Romspen.

(iii) The equity holders are to retain their interests despite the lack of provision for full payment of the MILESTONE first lien, interest and attorneys' fees as an

oversecured creditor as well.

(iv) The revised Paragraph 5.1 says that the Debtor shall fund the Plan by borrowing funds from a loan obtained from TIG Romspen whose lien on the real property was SUBORDIANTE to that of MILESTONE and yet this "lender" status purports to elevate TIG Romspen to the holder of superior liens over MILESTONE. As the first lienholder MILESTONE disputes that title is properly held by the Debtor, disputes that TIG Romspen properly foreclosed on its lien on the Property (a precursor to deeding the Property to the Debtor), and stands by its superior lien as TIG Romspen's second lien was all it could have foreclosed and thus its rights are still subordinate to MILESTONE'S.

(v) The "loans" to the Debtor, ignore the rights of MILESTONE as an oversecured creditor, subordinate only to the tax liens.

(vi) Without paying MILESTONE in full, TIG Romspen should not be allowed to proceed to manage the Property post-petition as provided by the new Section 5.3 of the Third Amended Plan. As the evidence on the Motion to Dismiss makes clear, TIG Romspen did not properly purchase the property at the February foreclosure.

(vii) New Section 7.2 also discriminates against MILESTONE as it fails to acknowledge that it too is an oversecured creditor and thus entitled to post-petition interest pursuant to Section 506 (c) as well as its reasonable attorney's fees; and

(viii) Lastly, the proposed 9019 [Doc. 225] upon which the Third Amended Plan is based, is nothing more than an insider deal to obtain superior interests in the Property by papering a sale that never took place. The amount of the claim of TIG

Romspen has not been proven and bogus documentation to make it appear that it became the owner at the foreclosure sale should not be permitted as it tramples the rights of the successful bidders, MILESTONE and OTISCO.

6. The Debtor bears the burden of proving through a preponderance of the evidence that the Plan is confirmable under 11 U.S.C. § 1129(a), and if applicable, (b). It is unclear, yet, whether the Plan meets the voting acceptance requirements of 11 U.S.C. § 1129(a)(8) and (10). It is unclear, yet, whether the Debtor will need to demonstrate that the Plan is fair and equitable as to each class of non-accepting impaired class of claims.

7. The Debtor's Plan ignores the rights of MILESTONE to vote on the plan. Although the Plan acknowledges that MILESTONE is a secured creditor and asserts in part 3.3(b) that it "shall retain any valid lien as determined in the Adversary Proceeding" that does not provide for the indubitable equivalent of its claim at the time of voting on the plan, nor does it provide for the payment of MILESTONE's lien anywhere in the plan. The taxes, which hold the first position, will be paid, but there is no provision to pay MILESTONE. In fact, the Debtor's plan appears wholly contingent upon it prevailing in the adversary against MILESTONE.

8. If Milestone prevails, it appears that the plan may be infeasible. The Plan does not become effective until the conclusion of the adversary against MILESTONE. It may never become effective, if feasibility is contingent upon the *successful* (from the Debtor's perspective) conclusion of the adversary against MILESTONE. However, the other issue ignored by the Plan is that the lack of actual ownership of the Property not only defeats the Plan, but it also prevents the Debtor from having any standing to challenge MILESTONE'S first lien.

9. Based upon the status of the case, MILESTONE'S Second Amended Emergency Motion to Dismiss should be addressed first. If the case is dismissed, the third amended plan is

moot. If it is not dismissed, the MILESTONE lien must be addressed and fully satisfied to confirm a plan.

10. MILESTONE further objects, under 11 U.S.C. § 1129(a)(3), to the discharge and injunctions under the Plan to the extent that they bar, enjoin, or prohibit MILESTONE's rights and remedies with respect to the Property and its claims.

11. MILESTONE objects to any provision in the Plan that would prevent MILESTONE from asserting, litigating, and obtaining relief with respect to its rights and remedies in its first lien on the Property.

12. MILESTONE objects to any provision in the Plan that would self-operatively render dischargeable an otherwise non-dischargeable claim or a remedy that is not a "Claim" under 11 U.S.C. § 101(5).

13. To the extent the Debtor is attempting to confirm the Plan under 11 U.S.C. § 1129(b) and is relying upon the "new value exception" to the absolute priority rule, the Debtor cannot meet its burden in proving that the so-called new value is reasonably equivalent to the property that equity is receiving. *See, e.g., In re Mangia Pizza Invs. LP*, 480 B.R. 669, 692-694 (Bankr. W.D. Tex. 2012) (citing and discussing the "new value exception" with reference to *Bank of Am. Nat'l Trust and Sav. Ass'n v. 203 N. LaSalle S. P'p*, 526 U.S. 434 (1999); *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship),* 2 F.3d 899, 908 (9th Cir.1993); *In re Mortg. Inv. Co. of El Paso*, 111 B.R. 604, 619 (Bankr. W.D. Tex. 1990)). Certainly there has been no equity auction that would demonstrate the true market value of the equity interests being granted under the Plan. *Graham & Currie Well Drilling, No. 11-04363-8-JRL*, 2011 WL 5909632 (Bankr. E.D. N.C. Nov. 1, 2011); *In re Hickey Properties, Ltd.*, No. 94-10180, 1995 WL 264023, at *4 (Bankr.D.Vt. Mar. 23, 1995); *In re Ropt Ltd. Partnership*, 152 B.R. 406, 412-13

(Bankr.D.Mass.1993); *In re Bjolmes Realty Trust*, 134 B.R. 1000, 1010-12 (Bankr. D.Mass.1991).

14. Based on the foregoing objections and the Debtor's failure to satisfy multiple confirmation requirements, MILESTONE respectfully requests that the Court deny confirmation of the Plan under section 1129(a) and (b), as the Debtor cannot meet its evidentiary burden for confirmation.

WHEREFORE, MILESTONE CAPITAL CRE 1, LLC objects to confirmation of the Third Amended Plan, requests that the Court deny confirmation of the Plan, and requests such other and further relief to which it may be justly entitled.

Dated: September 25, 2025

Respectfully submitted,

*/s/ Lyndel Anne Vargas*
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

COUNSEL FOR MILESTONE CAPITAL CRE 1, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2025, a true and correct copy of the foregoing pleading was served via the Court's ECF notification system, the U.S. Trustee, and any party who has filed a notice of appearance in this case, or via first class mail, postage prepaid on the parties listed.

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of Interested Party United States Trustee - SA12
erin.coughlin@usdoj.gov, carev.a.tompkins@usdoj.gov; omar.e.iones@usdoj.gov

Paul Kirklin
pkirklin@kirklinlaw.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP
lynn.butler@huschblackwell.com,

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirk1in312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net, sdpitis@lclawgroup.net; wperotti@lclawgroup.net; emeier@lclawgroup.net

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
shea@houstonip.com, service@houstonip.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com; ahawkins@spectorcox.com; slthorn@spcctorcox.com hspector@ccf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@Jangleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@Jangleybanack.com
United States Trustee - SA 12 - USTPRegion07.SN.ECF@usdoi.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.com

Lyndel A. Vargas on behalf of Plaintiff/Interested Party Otisco RDX, LLC
L_Vargas@chfirrn.com

Natalie F. Wilson on behalf of Defendants/Interested Parties John Daves and Lori Daves
nwilson@langleybanack.com, .Giohnston@langlevbanack.com; sfoushee@langleybanack.com

| | |
|---|---|
| U.S. Bankruptcy Court<br>615 E. Houston Street, Room 597<br>San Antonio, Tx 78205-2055 | RIC (Lavernia) LLC<br>162 Cumberland Street, Suite 300<br>Toronto, ON M5R 3N5 Canada |
| John Daves<br>The Daves Law Firm<br>3624 North Hills Drive Suite B100<br>Austin, TX 78731-3242 | Ali Choudhri<br>1001 West Loop South, Suite 700<br>Houston, TX 77027-9033 |
| Andres Cedillos<br>3951 FM 1303<br>Floresville, TX 78114-6440 | Peter J. Stanton<br>The Law Offices of Peter J. Stanton<br>111 Soledad, Suite 470<br>San Antonio, TX 78205-2243 |
| Linebarger Goggan Blair & Sampson<br>Attn Don Stecker<br>112 E Pecan, Suite 2200<br>San Antonio TX 78205-1588 | Internal Revenue Service Centralized<br>Insolvency Operations<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |

                                        */s/ Lyndel Anne Vargas*_____
                                        Lyndel Anne Vargas