IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| RIC (LAVERNIA) LLC, | § § § | Chapter 11 |
| | § § | Case No. 24-51195-mmp |
| Debtor. | § | |

**OTISCO RDX, LLC'S OBJECTION TO CONFIRMATION OF
DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN**

OTISCO RDX, LLC ("OTISCO") files this Objection to Confirmation of the Debtor's Third Amended Chapter 11 Plan dated (as filed on July 23, 2025 at Docket No. 179, the "***Plan***"), and in support thereof respectfully states as follows:

1. As noted in the Debtor's Third Amended Plan (as well as in the prior versions of the Plan and within the Disclosure Statement [Docket No.60], the Debtor asserts that it owns *record title* to certain real property located in Wilson County, Texas (the "Property"). OTISCO was the prior holder of record title to the Property and should continue to own fee title to the Property, but for a wrongful foreclosure.

2. The Debtor's affiliate, TIG Romspen US Master Mortgage LP ("TIG Romspen"), acquired record title to the Property in February 2024, after it conducted a wrongful foreclosure sale. Thereafter, TIG Romspen conveyed legal title to the Debtor. OTISCO has claims against TIG Romspen for wrongful foreclosure, and OTISCO disputes that the Debtor has valid ownership in the Property as a result of the wrongful foreclosure in February 2024 in its chain of record title.

3. OTISCO is entitled to the remedy of rescission of the foreclosure by TIG Romspen and the subsequent conveyance by TIG Romspen to the Debtor. To the extent that TIG Romspen's foreclosure was wrongful, OTISCO is entitled to the remedy of a constructive trust upon the

Property, and the Property may be determined not to be property of the estate pursuant to 11 U.S.C. § 541(a) and/or (d).

4. OTISCO objects to confirmation of the Debtor's Third Amended Plan. Although the Plan was last amended July 23, 2025, the grounds for objections made to the prior plan versions still remain.

5. The Debtor bears the burden of proving through a preponderance of the evidence that the Plan is confirmable under 11 U.S.C. § 1129(a), and if applicable, (b). It is unclear, yet, whether the Plan meets the voting acceptance requirements of 11 U.S.C. § 1129(a)(8) and (10). It is unclear, yet, whether the Debtor will need to demonstrate that the Plan is fair and equitable as to each class of non-accepting impaired class of claims.

6. The Debtor's Plan appears wholly contingent upon it prevailing in the adversary against Milestone Capital CRE 1, LLC ("Milestone"). If Milestone prevails, it appears that the plan may be infeasible. The Plan does not become effective until the conclusion of the adversary against Milestone. It may never become effective if feasibility is contingent upon the *successful* (from the Debtor's perspective) conclusion of the adversary against Milestone.

7. The Debtor does not expressly address OTISCO's challenge to TIG Romspen's wrongful foreclosure or OTISCO's rights and remedies with respect to the Property. However, pursuant to 11 U.S.C. § 1141(b), unless otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. To the extent such vesting under the Plan bars, enjoins, or prohibits OTISCO's rights and remedies with respect to the Property, it violates 11 U.S.C. § 1129(a)(3).

8. OTISCO further objects, under 11 U.S.C. § 1129(a)(3), to the discharge and injunctions under the Plan to the extent that they bar, enjoin, or prohibit OTISCO's rights and

remedies with respect to the Property and its claims against TIG Romspen.

9. OTISCO objects to the Plan's failure to identify the identity, qualifications, and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, in violation of 11 U.S.C. § 1129(a)(5). There is no mention in the Plan of any post-Effective Date management, or their affiliations. It is, therefore, impossible to determine if the appointment or continuation of such individual is consistent with the interests of creditors and with public policy.

10. OTISCO objects to any provision in the Plan that would prevent OTISCO from asserting, litigating, and obtaining relief with respect to its rights and remedies in and to the Property.

11. OTISCO objects to any provision in the Plan that would self-operatively render dischargeable an otherwise non-dischargeable claim or a remedy that is not a "Claim" under 11 U.S.C. § 101(5).

12. To the extent the Debtor is attempting to confirm the Plan under 11 U.S.C. § 1129(b) and is relying upon the "new value exception" to the absolute priority rule, the Debtor cannot meet its burden in proving that the so-called new value is reasonably equivalent to the property that equity is receiving. *See, e.g., In re Mangia Pizza Invs. LP*, 480 B.R. 669, 692-694 (Bankr. W.D. Tex. 2012) (citing and discussing the "new value exception" with reference to *Bank of Am. Nat'l Trust and Sav. Ass'n v. 203 N. LaSalle S. P'p*, 526 U.S. 434 (1999); *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship),* 2 F.3d 899, 908 (9th Cir.1993); *In re Mortg. Inv. Co. of El Paso*, 111 B.R. 604, 619 (Bankr. W.D. Tex. 1990)). Certainly there has been no equity auction that would demonstrate the true market value of the equity interests being granted under the Plan. *Graham & Currie Well Drilling, No. 11-04363-8-JRL*, 2011 WL

5909632 (Bankr. E.D. N.C. Nov. 1, 2011); *In re Hickey Properties, Ltd.*, No. 94-10180, 1995 WL 264023, at *4 (Bankr.D.Vt. Mar. 23, 1995); *In re Ropt Ltd. Partnership*, 152 B.R. 406, 412-13 (Bankr.D.Mass.1993); *In re Bjolmes Realty Trust*, 134 B.R. 1000, 1010-12 (Bankr. D.Mass.1991).

13. Based on the foregoing objections and the Debtor's failure to satisfy multiple confirmation requirements, OTISCO respectfully requests that the Court deny confirmation of the Plan under section 1129(a) and (b), as the Debtor cannot meet its evidentiary burden for confirmation.

WHEREFORE, OTISCO RDX, LLC objects to confirmation of the Plan, requests that the Court deny confirmation of the Third Amended Plan, and requests such other and further relief to which it may be justly entitled.

Dated: September 25, 2025.

Respectfully submitted,

*/s/ Lyndel Anne Vargas*
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

COUNSEL FOR OTISCO RDX, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 25, 2025, a true and correct copy of the foregoing pleading was served via the Court's ECF notification system, the U.S. Trustee, and any party who has filed a notice of appearance in this case, or via first class mail, postage prepaid on the parties listed.

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of Interested Party United States Trustee - SA12
erin.coughlin@usdoj.gov, carev.a.tompkins@usdoj.gov; omar.e.iones@usdoj.gov

Paul Kirklin
pkirklin@kirklinlaw.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP
lynn.butler@huschblackwell.com,

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirk1in312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net, sdpitis@lclawgroup.net; wperotti@lclawgroup.net; emeier@lclawgroup.net

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
shea@houstonip.com, service@houstonip.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com; ahawkins@spectorcox.com; slthorn@spcctorcox.com hspector@ccf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@Jangleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@Jangleybanack.com
United States Trustee - SA 12 - USTPRegion07.SN.ECF@usdoi.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.com

Lyndel A. Vargas on behalf of Plaintiff/Interested Party Otisco RDX, LLC
L_Vargas@chfirrn.com

Natalie F. Wilson on behalf of Defendants/Interested Parties John Daves and Lori Daves
nwilson@langleybanack.com, .Giohnston@langlevbanack.com; sfoushee@langleybanack.com

| | |
|---|---|
| U.S. Bankruptcy Court<br>615 E. Houston Street, Room 597<br>San Antonio, Tx 78205-2055 | RIC (Lavernia) LLC<br>162 Cumberland Street, Suite 300<br>Toronto, ON M5R 3N5 Canada |
| John Daves<br>The Daves Law Firm<br>3624 North Hills Drive Suite B100<br>Austin, TX 78731-3242 | Ali Choudhri<br>1001 West Loop South, Suite 700<br>Houston, TX 77027-9033 |
| Andres Cedillos<br>3951 FM 1303<br>Floresville, TX 78114-6440 | Peter J. Stanton<br>The Law Offices of Peter J. Stanton<br>111 Soledad, Suite 470<br>San Antonio, TX 78205-2243 |
| Linebarger Goggan Blair & Sampson<br>Attn Don Stecker<br>112 E Pecan, Suite 2200<br>San Antonio TX 78205-1588 | Internal Revenue Service Centralized<br>Insolvency Operations<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |

                                      */s/ Lyndel Anne Vargas*
                                      Lyndel Anne Vargas