IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ' | CASE NO. 24-51195-MMP |
| | ' | |
| RIC (LAVERNIA) LLC, | ' | |
| DEBTOR | ' | CHAPTER 11 |

**RESPONSE OPPOSING APPLICATION TO APPROVE COMPROMISE RELATING TO ESTATE PROPERTY AND AUTHORIZING EXECUTION AND RECORDING OF DOCUMENTS IN THE WILSON COUNTY REAL PROPERTY RECORDS**

**TO THE HONORABLE MICHAEL M. PARKER,**
**U.S. BANKRUPTCY JUDGE FOR THE WESTERN DISTRICT OF TEXAS:**

COMES NOW, Ali Choudhri ("Movant" and/or "Choudhri"), individually and as managing member of Milestone Capital CRE 1, LLC and Otisco RDX, LLC and submits this his Response Opposing the *Application to Approve Compromise Relating to Estate Property and Authorizing Execution and Recording of Documents in the Wilson County Real Property Records* (the "Response") filed as Docket #225 on September 4, 2025.

## INTRODUCTION

1. The Objecting Parties object to the purported "Compromise" between the Debtor and TIG Romspen US Master Mortgage LP ("***Romspen***"). proposed by the Application. The Application expressly mentions a "***Settlement"*** which does not refer a written settlement agreement, but rather the terms by which Romspen wants this Court to bless and retroactively approve its re-papering of a transaction which occurred a year and a half ago, before this Case was commenced.

2. Romspen knows that the facts brought to light at the hearing on the Motion for Reconsideration of the dismissal of OTISCO's Adversary Proceeding (Adv. No. 25-05040,

September 3, 2025), which is still under advisement by this Court, revealed that the February 6, 2024 foreclosure sale of its second lien foreclosure was fraudulently documented last year by Romspen and others. in February of 2024.

3. What is being sought by the Debtor and Romspen here is a re-writing of history to somehow retroactively provide ownership of the Property in the Debtor after it has had the protection of the Bankruptcy Court for more than a year under the false representations that it was the Property owner and needed to restructure its debt.

**THE SAME ATTORNEY REPRESENTS BOTH PARTIES TO THE ALLEGED "COMPROMISE" AS SHOWN NOW BY THE SUPPLEMENTAL DISCLOSURES IN THIS CASE- IT IS NOT AN "ARMS LENGTH TRANSACTION"**

4. Debtor's counsel of record is Kyle S. Hirsh of the law firm of Bryan Cave Leighton Paisner LLP ("Bryan Cave"). In the Debtor's original application to authorize the employment of Mr. Hirsh and Bryan Cave [Doc. No. 19] the Debtor alleged that, to the best of its knowledge, Bryan Cave did not represent any other entity having an adverse interest in connection with the Debtor's case. At that time it was revealed that the Debtor's manager, Romspen (Romspen II) Holdings, Inc. was a client of Bryan Cave as well as Romspen Investment Corporation described as an "upstream affiiate" of the Debtor. Kyle S. Hirsch also signed a declaration in support of the retention application setting forth that Byran Cave had not billed the Debtor for prior legal services rendered as the same were "billed through and paid by Debtor's upstream affiliate". [Doc. 19, para.12].

5. On May 23, 2025, Bryan Cave filed a Supplemental Disclosure and disclosed that it was representing both the Debtor and TIG Romspen in the OTISCO RDX, LLC adversary proceeding, for with TIG Romspen would be paying all legal fees. [Doc.No 100]. Then, this past month, a Second Supplemental Disclosure was filed by Bryan Cave with a

Second Supplemental Declaration of Kyle S. Hirsh. At this time Attorney Hirsh directly discloses that Bryan Case has represented TIG Romspen in connection with original, modifying, working out , and enforcing loans to borrowers and that he had personally been involved in enforcement work representing TIG Romspen. This is the proposed "lender" to the Debtor under the "Compromise". Therefore, Attorney Hirsh and Bryan Cave are clearly negotiating with themselves!

6. The "Compromise" is nothing more than Romspen agreeing with Romspen as to recharacterizing what happened at the foreclosure, the amount of the unsecured debt left after the foreclosure, and the fraudulent "ownership" represenations in the Debtor's schedules from day one. The best interests of the creditors (other than TIG Romspen) are not to be safeguarded at all by this incestuous deal struck by Bryan Cave.

## THE PROPOSED COMPROMISE IS NOT IN THE BEST INTERESTS OF ANY CREDITOR OTHER THAN ROMSPEN

**Applicable Standards**

7. Bankruptcy rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). "[A]pproval of a compromise is within the sound discretion of the bankruptcy court." *In re AWECO,Inc.*, 725 F.2d 293, 297 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 559, 602-03 (5th Cir. 1980). The settlement need not result in the best possible outcome for the Estate, but must not "fall beneath the lowest point in the range of reasonableness." *See Vaughn v. Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

8. In *Jackson Brewing*, the Fifth Circuit set forth a three-factor balancing test

under which bankruptcy courts are to consider proposed settlements. The factors the Court must consider are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise." *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).

9. Under the third factor, the Fifth Circuit and other courts have specified additional considerations that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Age Ref.*, 801 F.3d at 540; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Age Ref.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted). The Court should consider whether the compromise is with an insider. *Foster Mortg. Corp.*, 68 F.3d at 918-19. The Court may also consider whether the proposed compromise promotes the integrity of the judicial system. *In re Kallstrom*, 298 B.R. 753, 761 (10th Cir. BAP 2003). Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, it should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

10. In addition to the *Jackson Brewing* standards, in *In re AWECO, Inc.*, the Fifth Circuit held that "a bankruptcy court abuses its discretion in approving a settlement with a

junior creditor unless the court concludes that priority of payment will be respected as to objecting senior creditors." *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). In so holding, the Fifth Circuit extended the "fair and equitable" standard applicable to a chapter 11 plan settlements to settlements proposed pre-confirmation, requiring that priority of payment be respected between junior and senior creditors. *In re AWECO, Inc.*, 725 F.2d at 298. The holding of the Fifth Circuit has been described as a "rigid per se rule." *See Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 464 (2nd Cir. 2007).

11. In *AWECO*, the Fifth Circuit explained that "the duty of a bankruptcy judge to reach an 'intelligent, objective and educated evaluation' of settlements cannot be carried out absent a sufficient factual background." *Id.* at 299 (quoting and citing *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)). In *AWECO*, the Fifth Circuit found "gaping holes" in the background of information regarding the settlement. *Id*. The Fifth Circuit noted that in considering a settlement, the bankruptcy court appropriately plays a "quasi-inquisitorial role." *Id.* (citing *In re Boston & Providence R. Corp.*, 673 F.2d 11, 12 (1st Cir. 1982)). The Fifth Circuit observed that in considering a settlement, "the court must act independently, out of its own initiative, for the benefit of all creditors. This obligation prevails even where the creditors are silent." *Id*.

12. The Debtor here has failed to meet its burden under Section 9019. Therefore, the Application should be denied.

Dated: September 25, 2025.     Respectfully submitted,

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

ATTORNEY FOR OBJECTING PARTIES

### CERTIFICATE OF SERVICE

    I hereby certify that on September 25, 2025, a true and correct copy of the foregoing pleading was served via the Court's ECF notification system, the U.S. Trustee, and any party who has filed a notice of appearance in this case, or via first class mail, postage prepaid on the parties listed.

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of Interested Party United States Trustee - SA12
erin.coughlin@usdoj.gov, carev.a.tompkins@usdoj.gov; omar.e.iones@usdoj.gov

Paul Kirklin
pkirklin@kirklinlaw.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP
lynn.butler@huschblackwell.com,

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirk1in312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net, sdpitis@lclawgroup.net; wperotti@lclawgroup.net; emeier@lclawgroup.net

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
shea@houstonip.com, service@houstonip.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com; ahawkins@spectorcox.com; slthorn@spcctorcox.com hspector@ccf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@Jangleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@Jangleybanack.com
United States Trustee - SA 12 - USTPRegion07.SN.ECF@usdoi.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.com

Lyndel A. Vargas on behalf of Plaintiff/Interested Party Otisco RDX, LLC
L_Vargas@chfirrn.com

Natalie F. Wilson on behalf of Defendants/Interested Parties John Daves and Lori Daves
nwilson@langleybanack.com, .Giohnston@langlevbanack.com; sfoushee@langleybanack.com

| | |
|---|---|
| U.S. Bankruptcy Court<br>615 E. Houston Street, Room 597<br>San Antonio, Tx 78205-2055 | RIC (Lavernia) LLC<br>162 Cumberland Street, Suite 300<br>Toronto, ON M5R 3N5 Canada |
| John Daves<br>The Daves Law Firm<br>3624 North Hills Drive Suite B100<br>Austin, TX 78731-3242 | Ali Choudhri<br>1001 West Loop South, Suite 700<br>Houston, TX 77027-9033 |
| Andres Cedillos<br>3951 FM 1303<br>Floresville, TX 78114-6440 | Peter J. Stanton<br>The Law Offices of Peter J. Stanton<br>111 Soledad, Suite 470<br>San Antonio, TX 78205-2243 |
| Linebarger Goggan Blair & Sampson<br>Attn Don Stecker<br>112 E Pecan, Suite 2200<br>San Antonio TX 78205-1588 | Internal Revenue Service Centralized<br>Insolvency Operations<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 |

*/s/ Lyndel Anne Vargas*
Lyndel Anne Vargas