**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RIC (Lavernia) LLC | § | Case No. 24-51195-mmp |
| | § | Chapter 11 |
| Debtor. | § | |

**TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, MOTION FOR CONTINUANCE OF MATTERS PRESENTLY SET FOR OCTOBER 8, 2025**
**[ECF 179, ECF 192, ECF 225 AND ECF 237]**

TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTY JUDGE :

COMES NOW, Travis Vargo, the State Court appointed Receiver, and files this his *Motion For Continuance Of Matters Presently Set For October 8, 2025 – ECF 179, ECF 192, ECF 225, and ECF 237* (the "Receiver's Motion") and in support thereof would respectfully show the Court as follows:

**I.**
**PRELIMINARY STATEMENT**

1. Travis Vargo, in his capacity as the State Court appointed receiver (the "Receiver"), asserts that as the Receiver he has ownership and operational control of the following entities involved in this proceeding: (1) Otisco RDX, LLC ("Otisco"), and (2) Milestone Capital CRE 1, LLC (the "Milestone") pursuant to the terms of the Receivership Orders, *infra*., filed as ECF 208 in this proceeding and the 14th Court of Appeals opinion in *WC 4th & Colo. vs. Colo. Third St., LLC*, which the Receiver contends impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston

[14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo.* and the Receivership Orders. The application of *WC 4th & Colo.* is presently pending before the Hon. Randy Willson for determination upon the remand of the A-Case[1] and the D-Case[2] following the wholly improper removal of these post-judgment proceedings from the Harris County District Court (the "Receiver Court") to the Bankruptcy Courts for the Southern District of Texas[3] by Justin Rayome ("Rayome") on behalf of Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II"), as applicable.

2. Rayome, on behalf of Choudhri, Otisco, and Milestone, and various other entities owned and controlled by Choudhri[4] continue to abuse the bankruptcy process by, among other things, (A) removing the *post judgment* proceedings in the A-Case and the D-Case, (B) impeding the timely determination by the Receiver Court of (i) the application of *WC 4th & Colo* to the Receivership Orders, and (ii) whether Choudhri's claims that he has superseded the judgments in the A-Case and D-Case, and (C) frivolously challenging the representation by the undersigned of the Receiver.

3. The continuing gamesmanship by Choudhri and Rayome, including the use by Rayome of his alleged "hospitalization" to delay and derail the efforts of the Receiver

---

[1] *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, post judgment proceeding pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case")

[2] Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case")

[3] The A-Case was removed to the Houston Division of the Southern District under Adversary Case No. 25-03628 with a motion to transfer venue to the Austin Division of the Western District of Texas in the Meandering Bend, LLC case pending under Case No. 25-11334. The D-Case was removed to the Houston Division of the Southern District under Adversary Case No. 25-03630 with a motion to transfer venue to the Austin Division of the Western District of Texas in the Dalio I bankruptcy proceeding heretofore pending under Case No. 25-11157. The Dalio I case was dismissed by Judge Robinson on September 9, 2025 by oral ruling and the Order of Dismissal was entered as ECF 38 on September 19, 2025.

[4] Including Dalio I and Meandering Bend, LLC

in the fulfillment of his mandate under the Receivership Orders, all the while continuing to file pleadings in the various matters pending in the Bankruptcy Courts in the Southern and Western Districts of Texas, necessitates the filing of the Receiver's Motion.

## II.
## PLEADINGS MADE THE SUBJECT OF THE RECEIVER'S MOTION

4. The Receiver's Motion requests that the Court continue the hearings on the following matters presently scheduled for October 8, 2025, at 10:00 a.m.:

   a. **ECF 179** – Confirmation of the Debtor's Chapter 11 Plan of Reorganization Dated December 9, 2024 (Third Amendment)

   b. **ECF 192** – Motion for Intra-District Transfer

   c. **ECF 225** – Application to Approve Compromise Relating To Estate Property And Authorizing Execution And Recording Of Documents In the Wilson County Real Property Records.

5. The Receiver's Motion also requests that the Court continue the hearings on the following matters presently scheduled for October 8, 2025, at 11:00 a.m.:

   a. **ECF 237** – Milestone Capital CRE 1, LLC and Otisco RDX, LLC's Second Amended Emergency Motion To Dismiss Bankruptcy Case

## III.
## JURISDICTION AND VENUE

6. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O).

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## III.
## RELEVANT FACTS

**A. Brief history and litigation tactics**

9. Choudhri, Dalio I, and Dalio II are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif the A-Case. Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in the D-Case.

10. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

11. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

12. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's as defined in the Receivership

Orders[5]. Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St., LLC*, which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies which is applicable to each of the Choudhri Cases, *infra*. See *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo*. and the Receivership Orders.

13. The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. The Receiver contends that neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II. The Receiver acknowledges that Choudhri filed pleadings styled "*Ali Choudhri's And/Or Dalio Entities' Supersedeas With Alternate Security*" (the "Supersedeas Pleading"). The Receiver denies that such a pleading supersedes the judgments in either the D-Case or the A-Case and further that it fails to comply with Rule 24 Tex. R. App. Pro.

14. In response to the Supersedeas Pleading filed in the A-Case, the Receiver filed his *Motion To Confirm Authority Concerning Turnover of Judgment Debtor's Interest In Meandering Bend, LLC* (the "A-Case Authority Motion"). The A-Case Authority Motion was set for hearing in the Receivership Court and at or about the time of the hearing on August 20, 2025, Choudhri, through Rayome, caused the A-Case to be removed to the

---

[5] The A-Case Receivership Order identifies NIA ATX, LLC as one of the "Choudhri LLCs" at page 2, paragraph 2.7.ff and the D-Case Receivership Order identifies NIA ATX, LLC as one of the "Bankrupt LLCs" at page 3, paragraph 17.e

Bankruptcy Court for the Southern District of Texas. The adversary was ultimately assigned to Judge Rodriguez under Case No. 25-03628 (the "Removed A-Case"). Contemporaneously with the Notice of Removal, a *Motion to Transfer Venue* was filed seeking to transfer venue over the A-Case (which is on appeal) to the Meandering Bend, LLC bankruptcy case pending in the Western District of Texas, Austin Division. On September 7, 2025, the Receiver filed his *Motion To Remand* in the Removed A-Case. The Motion to Remand is presently set for hearing on October 3, 2025, at 9:00 a.m.

15. In response to the Supersedeas Pleading filed in the D-Case, the Receiver also filed his *Motion To Confirm Authority Concerning Turnover of Judgment Debtor's Interest In Dalio Holdings I, LLC* (the "D-Case Authority Motion"). The D-Case Authority Motion was set for hearing in the Receivership Court and at or about the time of the hearing on August 20, 2025, Choudhri, through Rayome, caused the D-Case to be removed to the Bankruptcy Court for the Southern District of Texas. The adversary was ultimately assigned to Judge Perez under Case No. 25-03630 (the "Removed D-Case"). Contemporaneously with the Notice of Removal, a *Motion to Transfer Venue* was filed seeking to transfer venue over the D-Case (which is on appeal) to the Dalio I bankruptcy case previously pending in the Western District of Texas, Austin Division. On September 7, 2025, the Receiver filed his *Motion To Remand* in the Removed D-Case. The Motion to Remand was scheduled to be heard on September 23, 2025, at 4:30 p.m. however, like he did in this proceeding, Rayome filed and *Emergency Motion for Continuance* on the grounds that he was "hospitalized" and did not appear at the scheduled hearing. Judge Perez, who has not previously experienced the litigation tactics of Choudhri, granted Rayome's continuance and re-set the Receiver's Motion to Remand for October 22, 2025, at 8:30 a.m. Little did Judge Perez know that while Rayome was skirting the

hearing on the Receiver's Motion to Remand, he was continuing his quest to disrupt and obfuscate by filing, at approximately 11:45 p.m. on September 23, 2025, at ECF 72, a *Motion For Reconsideration Of The Court's Order Converting Case To A Case Under Chapter 7*.

### B. Basis for Continuance

16. As noted above, it is the position of the Receiver that *WC 4th & Colo* expands the Receivership Orders and results in the Receiver controlling both the membership interests and the management interests of Choudhri in all of the Choudhri LLC's, including Dalio I, Otisco, Milestone, and Meandering Bend, LLC. Determination of whether the Receiver controls the membership interests and management of these entities is necessary prior to the determination of the merits on each of ECF 179, ECF 192, ECF 225 and ECF 237. It is also essential for a determination of whether Choudhri is authorized to direct and Rayome is authorized to act on behalf of Otisco and Milestone in this case. The Receiver has sought and obtained relief from the automatic stay in each of the following cases for the express purpose of confirming the scope of the Receivership Orders and the effect of the filing of the Superseadeas Pleading by Choudhri:

   a. 1001 WL, LLC Case No. 24-10119-smr

   b. Texas REIT, LLC Case No. 24-10120-smr

   c. Dalio Holdings I, LLC Case No. 25-11157-smr

   d. Meandering Bend, LLC Case No. 25-11334-smr[6]

   (collectively the "Choudhri Cases")

17. On August 29, 2025, motions for relief from stay on behalf of the Receiver

---

[6] Previously pending before this Court under Case No. 25-51814

were filed in the Choudhri Cases requesting that the automatic stay imposed by 11 U.S.C. §362 be lifted to permit the Receiver to seek and obtain from the Receivership Court the following determinations and clarifications:

a. the extent to which *WC 4th & Colo. V. Colo. Third St.*, LLC, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) affects the Receivership Orders.

b. modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025); and

c. to confirm the active status of the Receivership and, as applicable, the adequacy of the purported Supersedeas Motion.

Each of the lift stay motions were granted by Judge Robinson on September 9, 2025, and orders granting the lift stay motions in the Choudhri Cases were entered on September 12, 2025. However, until such time as the A-Case and the D-Case are remanded, the Receivership Court does not have jurisdiction to make these determinations.

## **CONCLUSION**

Because Choudhri and Rayome continue to obfuscate and delay the Receiver's efforts to remand the A-Case and D-Case so that Judge Williams may rule on these issues, this Court should continue the scheduled hearings on ECF 179, ECF 192, ECF 225 and ECF 237. The Receiver requests that the matters be re-set to the Court's docket for November 5, 2025.

WHEREFORE, PREMISES CONSIDERED the Receiver respectfully requests that the Court grant the Receiver's Motion, reset the hearings on ECF 179, ECF 192, ECF

225 and ECF 237 for November 5, 2025, or such other date thereafter as is convenient to the Court's schedule, and for such other and further relief at law or in equity to which he may show himself entitled.

Dated this 29th day of September 2025.

        Respectfully submitted,

        Luttrell + Carmody Law Group
        One International Centre
        100 N.E. Loop 410, Suite 615
        San Antonio, Texas 78216
        Tel. 210.426.3600
        Fax 210.426.3610

        By: /s/ Leslie M. Luttrell
            Leslie M. Luttrell
            State Bar No. 12708650
            luttrell@lclawgroup.net

        **ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

## CERTIFICATE OF CONFERENCE

I, Leslie M. Luttrell do hereby certify that on September 24, 2025, I conferred with Kyle Hirsch, counsel for RIC (Lavernia), LLC, the Debtor herein, and Lynn Hamilton Butler, counsel for TIG Romspen with regard to the relief requested herein. Messrs. Hirsch and Butler are unopposed to the Receiver's Motion for Continuance. I further certify that I emailed Justin Rayome and Lyndel Vargas, purported counsel for Otisco RDX, LLC and Milestone Capital CRE 1, LLC, requesting their position on the relief requested herein. Mr. Rayome has not responded and is presumed to oppose the relief requested. Ms. Vargas responded and indicated that she is not opposed to the continuation of ECF 179, ECF 192, and ECF 225 but is opposed to the continuation of the hearing on ECF 237.

        /s/ Leslie M. Luttrell
        Leslie M. Luttrell

# **CERTIFICATE OF SERVICE**

    I do hereby certify that on the 29th day of September, 2025 I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
RIC (Lavernia) LLC
162 Cumberland Street, Suite 300
Toronto, ON M5R 3N5

**Other Lawyers**
Lyndel A. Vargas
Cavazos Hendricks Poirot, P.C.
900 Jackson St., Suite 750
Dallas, Texas 75202

**Attorneys for Debtor**
Robert Luke Graham
Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell