

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 12, 2025**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-11157-SMR |
| DALIO HOLDINGS I, LLC | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER GRANTING MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Came before the Court for consideration in the above bankruptcy proceeding, the *Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)* (the "Motion")[1] filed by Travis Vargo, Court Appointed Receiver (the "Receiver").[2] Having considered the Motion, the arguments of counsel, the evidence presented, the pleadings on file, and for the reasons set forth on the record, the Court now finds that the Receiver has established sufficient cause pursuant to

---

[1] Capitalized terms used herein and not defined shall have the definition set forth in the Motion.

[2] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

11 U.S.C. § 362(d)(1). The Court further finds that the automatic stay should be modified to permit the Receiver to proceed in the Receivership Court to obtain relief as hereinafter provided. In addition, the Court *sua sponte* finds that cause exists due to the limited scope of the relief requested by the Receiver. The Court issues this Order to allow the Receivership Court (or such other court with proper jurisdiction) to determine the issue of the scope of the Receivership and the authority of the Receiver. Based on the foregoing, it is therefore

**ORDERED** that the Receiver is hereby authorized to:

A. Seek and obtain a determination from the Receivership Court (or such other court with proper jurisdiction) regarding the application of *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025);

C. Confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

D. Perform such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

**IT IS FURTHER ORDERED** that the Court's findings of fact and conclusions of law as set forth on the record are incorporated herein. To the extent of a conflict, the findings of fact and conclusions of law in this Order shall supplement those on the record.

**IT IS FURTHER ORDERED** that nothing contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of

the estate unless authorized by further order of this Court. However, this Order does not prohibit the Receiver from exercising any state court rights and/or remedies if this bankruptcy case is dismissed.

**IT IS FURTHER ORDERED** that all parties reserve any and all rights, remedies, and arguments that can be asserted in the Receivership Court (or such other court with proper jurisdiction). This Court is not ruling upon any of the issues outlined above by virtue of this Order.

**IT IS FURTHER ORDERED** that the Court is not ruling upon any other issues in this bankruptcy case by virtue of this Order.

# # #