## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DEBTOR'S OBJECTION TO MILESTONE CAPITAL CRE 1, LLC, AND OTISCO RDX, LLC'S SECOND AMENDED EMERGENCY MOTION TO DISMISS BANKRUPTCY CASE

RIC (Lavernia) LLC ("<u>Debtor</u>") hereby objects to *Milestone Capital CRE 1, LLC [SIC] and OTISCO RDX, LLC's Second Amended Motion to Dismiss Bankruptcy Case* [ECF No. 237] (the "<u>Motion to Dismiss</u>"), and in support would show the Court as follows:

### INTRODUCTION

The Motion to Dismiss relies entirely on the false premise that the Debtor does not own the real property that comprises the bankruptcy estate. Neither of the movants can raise this issue as a contested matter; and neither of the movants can properly raise this issue in an adversary proceeding. Moreover, any alleged "cause" is defeated by 11 U.S.C. § 1112(b)(2), which permits this Court to allow the Debtor to proceed with its beneficial reorganization that pays estate creditors in full. Accordingly, the Court should dismiss the Motion to Dismiss in its entirety.

### BACKGROUND

1. The Debtor filed this chapter 11 case on June 27, 2024 (the "<u>Petition Date</u>") and has operated as a debtor-in-possession since that time. *See* Pet., ECF No.

1

1.  The case has been pending for over a year, during which time the Debtor has actively engaged in the reorganization process, ultimately resulting in the proposal and successful solicitation of *Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (Third Amendment)* [ECF No. 179] (the "Plan"), which is set for a confirmation hearing on November 13, 2025.  *See* Notice of Continued Hr'g on Confirmation of Chapter 11 Plan, ECF No. 267.

2.  The Debtor's sole asset is certain real property located in Wilson County, Texas (the "Property").  *See* Schedule A/B, ECF No. 20.  The Debtor acquired the Property prepetition through an assignment of a deed of trust given by movant OTISCO RDX, LLC ("OTISCO") in favor of TIG Romspen US Master Mortgage, LP ("TIG Romspen") that was foreclosed non-judicially at a sale conducted in accordance with Texas state law and the assigned deed of trust.

3.  TIG Romspen is an entity related to the Debtor.  The Debtor was formed specifically to take title to the Property at the foreclosure sale.

4.  OTISCO is controlled by Ali Choudhri; and the deed of trust was given to TIG Romspen in partial consideration of a negotiated resolution of a defaulted loan owed to TIG Romspen by another Choudhri-controlled entity.

5.  Immediately after Debtor acquired the Property, movant Milestone Capital CRE I, LLC ("Milestone" and, together with OTISCO, "Movants")—another entity controlled by Choudhri—attempted to foreclose on the Property under a purported senior deed of trust that Debtor contends is fraudulent.  The Debtor initiated litigation in state court to challenge the validity of Milestone's lien, which

was removed to this Court and is now pending as Adversary Proceeding No. 25-05043 (the "<u>Milestone AP</u>").  As a result of Choudhri's failure to comply with discovery obligations and Court orders, the Debtor filed a motion for litigation-ending sanctions, which the Court has heard and taken under advisement.  *See* Pl. RIC (Lavernia) LLC's Mot. for Sanctions, Milestone AP, ECF No. 83.

6.      The Debtor alleges in the Milestone AP that the Milestone lien was fabricated to place the Property back into Choudhri's control.  *See, e.g.*, Pl.'s Second Am. Pet., Milestone AP, ECF No. 4.  The Debtor's bankruptcy filing was a necessary response to this misconduct and was undertaken to preserve the estate, protect legitimate creditors, and resolve the lien dispute through a transparent and judicially supervised process.  Milestone has thus been aware of this bankruptcy case since, or very shortly after, the Petition Date.

7.      On May 1, 2025, OTISCO initiated Adversary Proceeding No. 25-05040 (the "<u>OTISCO AP</u>"), to challenge the Debtor's acquisition of the Property at the February 2024 foreclosure sale.  *See* Pl.'s Original Compl. for Declaratory Relief, OTISCO AP, ECF No. 1.  The Court dismissed the OTISCO AP <u>with prejudice</u> and granted summary judgment in favor of the Debtor in the alternative.  *See* Order Granting Defs.' Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. (the "<u>Dismissal Order</u>"), OTISCO AP, ECF No. 15.  OTISCO has filed a motion to reconsider,[1] which remains under advisement.  *See* Pl.'s Am. Mot. to Reconsider

---

[1]      The Debtor reserves its rights as to the timeliness of the reconsideration request, which would also impact OTISCO's appellate rights.

Order Granting Defs.' Mot. to Dismiss or, in the Alternative, Mot. for Summ. J. and Pl.'s Req. for Leave to Amend, OTISCO AP, ECF No. 44.

8.     TIG Romspen and the Debtor, in recognition of perceived timing considerations relating to the assignment of the deed of trust and the Property foreclosure, negotiated a resolution that corrects documents related to the transaction.   That resolution is pending Court approval.   *See* Appl. to Approve Compromise Relating to Estate Property and Authorizing Execution and Recording of Documents in the Wilson County Property Rs. (the "9019 Motion), ECF No. 225.

9.     Although Milestone has been involved in this case since the Petition Date, and OTISCO has been involved since at least May 1, the Movants waited months before filing what they call an "emergency" motion to dismiss.  After several false starts (filings that were withdrawn or superseded),[2] Movants seek dismissal of this bankruptcy case pursuant to the Motion to Dismiss.

## ARGUMENT

The Movants' motive is clear—to place the Property back into the hands of one of Choudhri's entities.   Prior attempts to do just that have not borne fruit—for example, the OTISCO AP resulted in dismissal with prejudice or, alternatively, summary judgment; and the Debtor is awaiting a ruling from the Court on its "death penalty" sanctions against Milestone in the Milestone AP.  The Debtor is now nearing confirmation under a plan that will pay all estate creditors in full (or retain valid liens).  *See* Plan, ECF No. 179.  The Motion to Dismiss is just another of Choudhri's

---

[2]     *See* ECF Nos. 205, 206, and 207.

desperate, last-minute attempts to obstruct Debtor's reorganization and avoid judicial scrutiny of Choudhri's fraudulent Milestone lien.

## I.    THE MOTION TO DISMISS IS PROCEDURALLY IMPROPER.

The Motion to Dismiss is a veiled request for this Court to determine who owns the Property using contested matter procedures.  However, a proceeding to determine an interest in property must be pursued as an adversary proceeding.  *See* FED. R. BANKR. P. 7001(b).[3]  The Motion to Dismiss is an impermissible circumvention of the adversary proceeding process.  On this procedural basis, the Court should deny the Motion to Dismiss.

## II.    MOVANTS ARE BARRED FROM CHALLENGING DEBTOR'S PROPERTY OWNERSHIP.

Not only have Movants impermissibly used the Motion to Dismiss as a façade to obtain a determination reserved for an adversary proceeding, but they are estopped from doing so.

OTISCO is barred under the doctrine of *res judicata*.  *See, e.g.*, *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) ("Claim preclusion, or <u>res judicata</u>, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("<u>Res judicata</u> prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").   In the OTISCO AP, OTISCO expressly

---

[3]     The exceptions, Federal Rule of Bankruptcy Procedure 3012 (determining the amount of a secured or priority claim) and 4003(d) (avoiding a lien or other transfer of exempt property), do not apply here.

challenged the validity of the foreclosure sale through which the Debtor obtained title to the Property.  *See* Pl.'s Original Compl. for Declaratory Relief, OTISCO AP, ECF No. 1.  The Court resolved the OTISCO AP on the merits—dismissing the Complaint <u>with prejudice</u> or, in the alternative, granting summary judgment in the Defendants' favor.  *See* Dismissal Order, OTISCO AP, ECF No. 15.  OTISCO is therefore barred from re-litigating under a new theory.  OTISCO's pending reconsideration motion does not change the present effect of the order that has not been reconsidered, overturned, vacated, or reversed.  OTISCO is therefore barred from challenging the foreclosure (and the Debtor's ownership in the Property) because it has already unsuccessfully done so in the OTISCO AP.

Milestone is similarly barred.  "A counterclaim which is compulsory but is not brought is thereafter barred."  *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).  A counterclaim is compulsory if (i) issues of fact and law raised by the claim and the counterclaim are largely the same; (ii) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (iii) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (iv) a logical relationship exists between the claim and the counterclaim.  *See, e.g.*, *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992).

Although the Milestone AP has not concluded, the deadline for amending pleadings in the Milestone AP expired nearly a year ago.  *See* Scheduling Order, Milestone AP, ECF No. 6 (setting October 21, 2024, as the deadline for filing all

amended or supplemental pleadings).  Milestone did not raise any counterclaims or assert any defenses whatsoever.  Challenging the Debtor's ownership of the Property now is simply too late to raise as a compulsory counterclaim.

Issues of fact and law raised by the claim and the un-asserted counterclaim are largely the same—ownership of interests in the Property are matters of Texas state real property and contract law.

Milestone would otherwise be barred by res judicata from challenging the Debtor's ownership in the Property.  The parties are the same, the Bankruptcy Court is a court of competent jurisdiction, a conclusion of the Milestone AP on the merits would dispose of the action, and the disputed rights over interests in the Property arise out of the same nucleus of operative facts.  *See Petro-Hunt*, 365 F.3d at 395 (setting forth the elements of res judicata).

Similar evidence supports the Debtor's challenge to the Milestone lien as the challenge to the foreclosure sale—the central character in all of these disputes being Ali Choudhri.

A logical relationship clearly exists between the claim (the Debtor's challenge to the Milestone lien) and the counterclaim (Milestone's new challenge to the Debtor's ownership of the Property).

Having failed to raise any counterclaim, let alone a counterclaim that would have been compulsory in the Milestone AP, until months after the expiration of the deadline to do so, Milestone should be appropriately barred from raising it in this procedurally improper manner.

### III.    ANY ALLEGED SALE FLAW IS BEING RESOLVED THROUGH THE 9019 MOTION.

There is no dispute between TIG Romspen and the Debtor regarding the assignment of the underlying deed of trust and the acquisition of the Property at the non-judicial foreclosure sale in February 2024. To the extent of any documentary or temporal issues, those are intended to be addressed through the pending 9019 Motion, entered into by the parties in good faith. *See* 9019 Mot., ECF No. 225.

### IV.    UNUSUAL CIRCUMSTANCES EXIST.

To the extent the Movants are permitted to proceed notwithstanding the procedural and substantive defects, and to the extent the Court determines Movants have established "cause" for dismissal, the unusual circumstances in this case justify this Court appropriately denying the Motion to Dismiss under 11 U.S.C. § 1112(b), which provides:

> The court may not . . . dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that . . . dismissing the case is not in the best interests of creditors and the estate, and the debtor . . . establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed  . . . within a reasonable period of time; and
>
> (B) the grounds for . . . dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
> > (i) for which there exists a reasonable justification for the act or omission; and
> >
> > (ii) that will be cured within a reasonable time fixed by the court.
>
> 11 U.S.C. § 1112(b).

Unusual circumstances exist here—namely, that the orchestrated disruption caused by Choudhri has delayed and increased the cost of a relatively simple single asset real estate case reorganization. Milestone (controlled by Choudhri) relied on a strategy of silence, allowing the Debtor to proceed with its litigation and reorganization efforts for months while refusing to disclose material information required under applicable rules of procedure and Court orders. OTISCO remained completely absent from this case. Only in March 2025 did Milestone, through its counsel, disclose Choudhri's connection to Milestone. Only in April 2025 did OTISCO suddenly appear to object to the Debtor's plan. And after waiting for months while the Debtor in good faith made its way towards a successful Chapter 11 exit, OTISCO and Milestone, controlled by Choudhri, engaged in a sloppy and disjointed litigation campaign intended to derail the Debtor's efforts. As a result, the Debtor—on the doorstep of a confirmed plan—has been forced, for months, to defend numerous and stale bad faith, meritless litigation tactics.

Moreover, any challenge to the foreclosure sale that took place 18 months ago cannot survive due to OTISCO's failure to tender all amounts due under note secured by the deed of trust. *See, e.g.*, *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.—Ft. Wor. 1999, pet. denied) (explaining that, in order to be entitled to rescission of a void foreclosure sale, plaintiff must tender all amounts due under the note); *Fillion v. David Silvers Co.,* 709 S.W.2d 240, 246 (Tex. App.—Hous. [14th Dist.] 1986) ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in

possession and claims title under a void foreclosure sale."). A tender is an unconditional offer by a debtor (in this case, OTISCO) to pay another (the Debtor or TIG Romspen) a sum not less in amount than that due on a specified debt or obligation. *See, e.g.*, *Baucum v. Great Am. Ins. Co.*, 370 S.W.2d 863, 866 (Tex. 1963). "A valid and legal tender of money consists of the actual production of the funds and offer to pay the debt involved." *Id.* Curiously, Milestone and OTISCO now argue that a third party— Mr. Dennett—should be awarded title to the Property. Yet, Mr. Dennett has not filed a single paper in this action. These are all unusual circumstances that trigger the Court's ability to excuse any allegation of "cause."

The Movants have not raised any act or omission enumerated as "cause" in 11 U.S.C. § 1112(b)(4)(A); rather, they allege the Debtor should be found to have not validly acquired title to its single real estate asset due to an alleged "wrongful" acceptance of assignment from TIG Romspen and of the substitute trustee's deed issued by the substitute trustee, who was neither controlled by TIG Romspen nor the Debtor.

A reasonable justification for the act or omission exists. As explained in the pending 9019 Motion, TIG Romspen always intended for a special purpose entity (like the Debtor) to be assigned all rights of TIG Romspen and, in the event of a successful credit bid, to take title to the Property. The unfortunate timing of Debtor's formation does not alter the intent or the sale outcome. The foreclosure sale issues identified only recently to the Debtor are to be cured as set forth in the pending 9019 Motion through corrective documentation, subject to Court approval.

Allowing this case to proceed is in the best interests of creditors and the estate:

- Debtor has proposed a confirmable Plan that pays secured tax creditors in full, preserves lien rights to the extent valid and enforceable, and provides for the resolution of disputed claims through litigation;

- The Plan is fully funded through committed post-confirmation financing;

- Debtor has actively participated in the case for over a year—filing schedules, attending the § 341 meeting, litigating adversary proceedings, and engaging in negotiations with key creditors;

- The case is nearing completion, with a plan confirmation hearing set for November 13, 2025; and

- Debtor has not engaged in delay or abuse—it has complied with Court orders and deadlines, while Movants have repeatedly obstructed such orders and deadlines.

This is not the conduct of a debtor seeking to "game the system." It is the conduct of a debtor exercising its rights under the Bankruptcy Code to preserve value and resolve disputes.

Dismissal now would not serve justice. It would reward obstruction, punish legitimate creditors, and undermine the integrity of the bankruptcy process. It would also undermine judicial economy, as this Court has presided over extensive litigation, discovery, and plan development. To discard that progress on the precipice of confirmation would waste judicial resources, benefitting only Movants—at the direct expense of other creditors and the integrity of the bankruptcy process. The totality of the circumstances compels denial of the Motion to Dismiss and continuation of the case toward confirmation.

## V.  THE MOTION TO DISMISS IS AN UNTIMELY, LAST-DITCH EFFORT TO OBSTRUCT DEBTOR'S REORGANIZATION.

In contrast to Debtor's diligent efforts to pursue reorganization, Movants waited until the eleventh hour—after many failed attempts to obstruct Debtor's reorganization efforts—to file the Motion to Dismiss.  The record of this case establishes that Movants have been involved in this case for months (and Milestone, in particular, from the case's inception).  They have participated in adversary proceedings, initiated various contested matters, and objected to plan confirmation. Now, with confirmation imminent and their litigation position weakened, Movants seek to dismiss this case entirely.  This is not a good faith motion—it is a last-ditch effort to avoid judicial scrutiny and renew efforts to unfairly regain control of the Property outside of bankruptcy.

This Court faced similar circumstances in *In re Landing Assocs., Ltd.*, 157 B.R. 791 (Bankr. W.D. Tex. 1993), wherein a creditor sought dismissal of a chapter 11 bankruptcy case on the eve of confirmation, after the case had been pending for an extended period.  In denying the last-minute motion to dismiss, the Court explained:

> It is a little late to be raising the issue now, at this late date, on the eve of confirmation, more than four years after the case was filed. If there was any real merit to Bank United's contention, it would have sought immediate dismissal of the case, as did the movant in *Little Creek*. If the creditor were truly suffering the sort of abuse which the court in *Little Creek* says justifies immediate dismissal of a case (or relief from stay), then the creditor would have brought the matter to the immediate attention of the court so that its damage could be ameliorated. The failure to do so is a fairly strong indication that there is no merit to the contention, and that the entire issue now raised here is little more than a stalking horse.

*Landing Assocs.*, 157 B.R. at 812.

12

Just as in *Landing Associates*, the Court should consider the Motion to Dismiss little more than a stalking horse.

## CONCLUSION

The Motion to Dismiss is procedurally improper, barred, and untimely; plus the unusual circumstances of the case, Debtor's reasonable explanation of acts or omissions complained about by Movants, and the imminent cure through the pending 9019 Motion, warrant denial of the Motion to Dismiss. For these reasons, Debtor requests that the Court deny the Motion to Dismiss in its entirety and allow this case to proceed to confirmation.

Dated: October 3, 2025      Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
      luke.graham@bclplaw.com

***Counsel for the Debtor and Debtor in Possession***

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system to all parties entitled to such notice, including:

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com;elizabeth-spivey-5378@ecf.pacerpro.com;lynn-hamilton-butler-2113@ecf.pacerpro.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12
erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Paul Kirklin
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
service@houstonip.com, snpalavan@recap.email

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Ronald J Smeberg on behalf of Interested Party Milestone Capital CRE 1, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Ronald J Smeberg on behalf of Interested Party Otisco RDX, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@langleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@langleybanack.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Otisco RDX, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Natalie F. Wilson on behalf of Interested Party John Daves and Lori Daves
nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

In addition, a copy was emailed and sent via First Class US Mail to:

Ali Choudhri, ali@jetallcapital.com; legal@jetallcapital.com
1001 West Loop South, Suite 700
Houston, Texas 770274

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch