# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

In re: §
§
RIC (Lavernia) LLC § Case No. 24-51195-mmp
§ Chapter 11
Debtor. §

## RESPONSE TO EMERGENCY MOTION TO DISQUALIFY
## LUTTRELL + CARMODY LAW GROUP AS ATTORNEYS FOR TRAVIS VARGO,
## STATE COURT APPOINTED RECEIVER
## [ECF 219]

TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTY JUDGE :

COMES NOW, Travis Vargo, the State Court appointed Receiver, and files this his *Response To Emergency Motion To Disqualify Luttrell + Carmody Law Group As Attorneys For Travis Vargo, State Court Appointed Receiver* and in support thereof would respectfully show the Court as follows:

## I.
## PRELIMINARY STATEMENT

1. Travis Vargo in his capacity as the State Court appointed receiver (the "Receiver") objects to the authority of Ali Choudhri and the lawyers purporting to represent him in his capacity as a member or manager of Milestone Capital CRE 1, LLC and Otisco RDX, LLC based upon the Receivership Orders, *infra.*, filed as ECF 208 in this proceeding and the 14th Court of Appeals opinion in *WC 4th & Colo. V. Colo. Third St., LLC*, which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion

in *WC 4th & Colo.* and the Receivership Orders. The application of *WC 4th & Colo.* is presently pending before the Hon. Randy Willson for determination upon the remand of the A-Case, *infra.*, and the D-Case, *infra.*, following the wholly improper removal of the proceedings from the Harris County District Court to the Bankruptcy Court for the Southern District of Texas.

## II.
## SUMARY OF RESPONSE

2.      The *Emergency Motion To Disqualify Luttrell + Carmody Law Group As Attorneys For Travis Vargo* (the "Choudhri Motion") filed by Ali Choudhri, individually and as managing member of Milestone Capital CRE 1, LLC and Otisco RDX, LLC is insufficient on its face to raise even a question regarding an alleged conflict of interest on the part of Luttrell + Carmody Law Group ("LCLG") as it fails to present anything more than speculation and conjecture unsupported by evidence.

3.      The Choudhri Motion was filed as a blatant tactical maneuver to disrupt and thwart the actions of the Receiver over all of the non-exempt assets of Ali Choudhri, including his membership interests in Milestone Capital CRE 1, LLC and Otisco RDX, LLC as provided in the D-Case Receivership Order, *infra.*, and the A-Case Receivership Order, *infra.*

4.      The Choudhri Motion is meritless and does not offer any evidence to support the drastic remedy of disqualification.

## II.
## RELEVANT FACTS

5.      Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A *styled Mokaram-Latif West Loop, Ltd. and*

*Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case"). The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II.

6.      On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

7.      On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

8.      Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given

exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's as defined in the Receivership Orders[1].   Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St., LLC*, which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies which is applicable to each of the Choudhri Cases, *infra*. *See  WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025).  The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo*. and the Receivership Orders.

9.      On or about August 11, 2025, Choudhri filed a pleading in the A-Case styled "*Choudhri Supersedeas with Alternate Security*" (the "Supersedeas Motion").   In that motion Choudhri contends that the Supersedeas Motion constitutes the equivalent of a supersedeas bond and therefore stays or renders moot the appointment of the Receiver.

10.      On August 20, 2025, the Receiver filed his *Emergency Motion To Confirm Active Status Of Receivership, Strike Misleading Filings And/Or For Zoom Status Conference* in each of the A-Case and the D-Case (the "Receiver's Emergency Motions"). Judge Wilson declined to hear and consider the Receiver's Emergency Motions until authorization to proceed was obtained from each of the bankruptcy courts and cases in which proceedings are presently pending that involve Choudhri, the Choudhri LLC's[2], and

---

[1]    The A-Case Receivership Order identifies NIA ATX, LLC as one of the "Choudhri LLCs" at page 2, paragraph 2.7.ff and the D-Case Receivership Order identifies NIA ATX, LLC as one of the  "Bankrupt LLCs" at page 3, paragraph 17.e

[2]    As defined in the A-Case Receivership Order and the D-Case Receivership Order

the Bankruptcy LLC's[3] in existence.

11.    On August 20, 2025, Justin Rayome, purportedly on behalf of Dalio I filed a *Notice of Removal* in the Southern District of Texas seeking to remove the D-Case. Contemporaneously with the *Notice of Removal*, a *Motion to Transfer Venue* was filed seeking to transfer venue over the D-Case (which is on appeal) to the Dalio I bankruptcy case pending in the Western District of Texas, Austin Division[4].

12.    With the aim of stopping the gamesmanship, the Receiver engaged LCLG and on August 21, 2025, LCLG, by and through Leslie M. Luttrell, filed notices of appearance on behalf of the Receiver in the following bankruptcy cases then pending in the Western District of Texas:

    a. 1001 WL, LLC Case No. 24-10119-smr

    b. Texas REIT, LLC Case No. 24-10120-smr

    c. Dalio Holdings I, LLC Case No. 25-11157-smr

    d. Meandering Bend, LLC Case No. 25-11334-smr[5]

    e. RIC (Lavernia) LLC Case No. 25-51195-mmp

    (a through d are hereinafter referred to as the "Choudhri Cases")

13.    On August 27, 2025, the undersigned attended hearing in the RIC (Lavernia) LLC matter at which Mr. Rayome objected to the appearance of the undersigned based upon the filing by Rayome of the Supersedeas Motion. The undersigned informed the Court of the Receiver's disagreement with Mr. Rayome's

---

3  *Id.*
4  On September 9, 2025, Judge Robinson granted the Motion to Dismiss in the Dalio Holdings I, LLC case which was filed by WCW Houston Properties, LLC, a creditor of Dalio Holdings I, LLC. The minute entry has been made but Judge Robinson, as of the time of the filing of this Response has not yet entered his Order Dismissing Case.
5  Previously pending before this Court under Case No. 25-51814

position regarding effect of the Supersedeas Motion and advised the Court of the impending filing of the motions for relief from discussed hereafter.

14. On August 29, 2025, LCLG filed motions for relief from stay on behalf of the Receiver in the Choudhri Cases requesting that the automatic stay imposed by 11 U.S.C. §362 be lifted to permit the Receiver to seek and obtain from the Receivership Court the following determinations and clarifications:

  a. the extent to which *WC 4th & Colo. V. Colo. Third St*., LLC, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) affects the Receivership Orders;

  b. modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025); and

  c. to confirm the active status of the Receivership and, as applicable, the adequacy of the purported Supersedeas Motion.

Each of the lift stay motions were granted by Judge Robinson on September 9, 2025 and orders granting the lift stay motions in the Choudhri Cases were entered on September 9, 2025.

15. In the days following the appearance in connection with the RIC (Lavernia) LLC case, the undersigned was contacted by both Justin Rayome and Ron Smeberg alleging that LCLG is conflicted out of representation of the Receiver based upon the status of Morris E. "Trey" White, III as "of counsel" to LCLG and Mr. White's limited representation of the entity NIA TX, LLC in connection with a matter in 2022. In the email exchanges with Mr. Rayome and Mr. Smeberg the relationship between Mr. White and

LCLG was thoroughly explained[6], confirmation of the absence of any representation by Mr. White of Choudhri was explained, the specific nature of the representation by Mr. White of NIA TX, LLC was explained, and the terminated status of NIA TX, LLC was also noted which, in combination, confirmed the absence of any colorable claim of a conflict of interest in the representation of the Receiver by LCLG. Furthermore, Mr. White maintains his existing practice with Michael Villa through the law firm Villa & White LLP while subleasing space from LCLG. Villa & White LLP also maintains its own computer system, including a server and desk tops which are wholly separate from and not accessible by the lawyers and staff of LCLG.

16. Notwithstanding the clear absence of any colorable claim of a conflict, on September 3rd and 4th motions to disqualify LCLG were filed in the instant proceeding, the Meandering Bend case and in the Dalio I case. The motion filed in the Dalio I case was not addressed because the case was dismissed. Following the conversion of Meandering Bend to a Chapter 7, the Trustee, Randy Osherow, has confirmed that he will not proceed with that motion.

### III.
### ARGUMENT AND AUTHORITIES

17. While the Choudhri Motion accurately articulates that the Texas Rules of Professional Conduct are the guideline for the determination of disqualification, the accuracy and sufficiency of the pleading stops there. Notably absent from the Choudhri Motion is anything more than conjecture. The Choudhri Motion fails in its candor to this tribunal in that it fails to (1) advise the Court that Mr. White did not and never has

---

[6]    Including that Mr. White is not included in the engagement between Travis Vargo, Receiver and LCLG.

represented Choudhri, (2) that the representation by Mr. White of NIA ATX, LLC was for a specific and limited purpose, (3) that Mr. White communicated almost exclusively with Drew Dennett, the "Manager" of NIA ATX, LLC and had only limited communications with Choudhri, and (4) that the existence of NIA ATX, LLC was forfeited effective February 23, 2024 and remains forfeited. In short, the Choudhri Motion is another in the long line of offensive litigation tactics designed to waste the resources of the Receiver and the time of this Court.

### A. The Choudhri Motion is employed as a "tactical weapon"

18. The Texas Supreme Court advises that disqualification is a "severe remedy" because it "can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re RSR Corp.*, 568 S.W.3d 663, 666 (Tex. 2019) (orig. proceeding) (per curiam) (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). The Supreme Court, quoting from authority from another jurisdiction stated: "'[W]e would be less than candid were we not to recognize that disqualification motions are *often simply common tools of the litigation process ... used ... for purely strategic purposes*.'" *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (orig. proceeding) (quoting *McElroy v. Gaffney*, 129 N.H. 382, 529 A.2d 889, 894 (1987) (internal citation and quotation omitted) (emphasis added). Thus, "[i]n considering a motion to disqualify, the trial court *must* adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *Nitla*, 92 S.W.3d at 422; *see also RSR*, 568 S.W.3d at 666 (same); *Spears*, 797 S.W.2d at 656 (same).

19. The Supreme Court directs that a motion to disqualify will have the appearance of a "tactical weapon" when it lacks supporting proof. *Spears*, 797 S.W.2d

at 657.  The Choudhri Motion offers no proof of any of the allegations, most importantly any evidence that Mr. White or Villa & White LLP ever represented Choudhri.

20.     Further, the Supreme Court condemns speculative and contingent allegations in motions to disqualify. *Id.* (citing *Coker*, 765 S.W.2d at 400). "Mere allegations of unethical conduct or evidence ***showing a remote*** possibility of a violation of the disciplinary rules will not suffice."  *Spears*, 797 S.W.2d at 656 (emphasis added); see also *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2004) (orig. proceeding) (per curiam) (same); *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (orig. proceeding) (per curiam) (same).

### B.     Mr. White did not represent Choudhri

21.     Disciplinary Rule 1.06(b) states that "[a] lawyer shall not represent a person if the representation of that person involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another ***client*** of the lawyer or the lawyer's firm." TEX. DISCIPLINARY R. PRO. CONDUCT 1.06(b)(1) (emphasis added).  The operative term in Rule 1.06(b) is "client".

22.     Disciplinary Rule 1.09 (b) likewise admonishes a lawyer not to "knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a ***client*** . . ." TEX. DISCIPLINARY R. PRO. CONDUCT 1.09(b) (emphasis added).  Again, the operative term in Rule 1.09 is "client".

23.     Contrary to the allegations made in the Choudhri Motion and the actual knowledge of Choudhri, neither Mr. White nor his law firm Villa & White LLP,  ever

represented Choudhri; the representation was of NIA ATX, LLC[7].  The manager of NIA

ATX, LLC was, at the time of the engagement and through the date of the termination of

the existence of NIA TX, LLC, Drew Dennett[8].   The engagement between NIA ATX, LLC

and Villa & White LLP  was for representation in connection with the acquisition of specific

property in the World Class bankruptcy proceeding[9]:

### CONTRACTUAL AGREEMENT FOR LEGAL SERVICES

NIA ATX LLC, the undersigned, hereafter called "Client," by execution of this
Agreement has this day employed Villa & White LLP, hereinafter called "Attorneys," to
represent Client in the matter described below:

511 Barton Blvd. and 6th & San Jacinto World Class bankruptcy matters

The engagement agreement between Villa & White LLP and NIA ATX, LLC was signed

by Drew Dennett:

Client has read this Agreement and agrees to each of the terms and conditions stated in it.

**SIGNED AND ACCEPTED** this ___11___ day of ___May___, 2022.

NIA ATX LLC

BY: _____
Drew Dennett, Manager    Authorized Agent

24.    The representation of NIA ATX, LLC lasted for approximately six months

and was terminated by Mr. White and Villa & White LLP in the fall of 2022.  The termination

of the representation of NIA ATX, LLC occurred substantially prior to Villa & White LLP

---

[7]   See Exhibit 1: Contractual Engagement for Legal Services
[8]   See Exhibit 2: Certificate of Formation of NIA ATX, LLC; Exhibit 3: 2023 PIR; and Exhibit 4: 2024 PIR
[9]   *Id.*, pg. 1

subletting space from LCLG - starting in July of 2023 - and Mr. White and Mr. Villa associating as "of counsel" with LCLG on certain matters, none of which include the representation of the Receiver.

25. Following the termination of the representation and prior to the appointment of the Receiver under either of the Receivership Orders, the existence of NIA ATX, LLC was forfeited[10]. Accordingly, contrary to the protestations of Choudhri, individually and "as managing member of Milestone Capital CRE 1, LLC and Otisco RDX, LLC" because Mr. White did not represent Choudhri (or either of the entities Choudhri purports to be acting on behalf of) the Texas Disciplinary Rules of Professional Conduct, including Rules 1.06, 1.09 and 1.10 do not prohibit the representation of the Receiver by LCLG and the undersigned.

**C.** **Mr. White serves only as "of counsel" to LCLG and is not a partner or associate of LCLG and is not involved in the representation of the Receiver**

*26.* Though Mr. White never represented Choudhri which should bring an immediate end to the inquiry, the Choudhri Motion contends that the "of counsel" relationship somehow gives rise to actual conflict of interest as to LCLG and its representation of the Receiver. The Second Circuit in *Hampstead Video, Inc. v. Incorporated Village of Valley Stream* has analyzed the role of lawyers serving as "of counsel" in the context of a disqualification motion. *Hampstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127 (2nd Cir. 2005). The relevant facts in *Hampstead* are as follows:

---

[10] See Exhibit 5 Secretary of State Notice of Forfeiture; Exhibit 6 Franchise Tax Account Status NIA ATX, LLC

"Englander operated an entirely independent law firm, which leased space from Jaspan. He maintained separate files for his clients and there is no reason to believe he shared client confidences with Jaspan. Jaspan would not have been disqualified during this period by reason of Englander's representation of the adversary of one of its clients.

In July 2003, the relationship between Englander and Jaspan changed, but only to a limited degree. Englander was given the title "of counsel" and began to share a limited number of clients with Jaspan. In all other respects, Englander continued to operate a separate firm in the same manner he had before acquiring the new title. The question is whether this relationship requires disqualification of the Jaspan firm in this case."[11]

27. These facts are virtually identical to the _relationship_ between Mr. White, Villa & White LLP, and LCLG. On these facts, the Court in _Hempstead_ determined that the issue of disqualification turned on whether Englander was "associated" with the Jaspan firm. The Hempstead court opined that "deciding whether to impute an "of counsel" attorney's conflict to his firm for purposes of ordering disqualification in a suit in federal court is to examine the substance of the relationship under review and the procedures in place."[12] The Hempstead Court concluded that the relationship was "too attenuated" because Englander maintained his own separate practice which the lawyers of the Jaspan firm neither participated in nor had access to.[13]

---

[11] _Hempstead_ 409 F.3d at 133-34
[12] _Id._ at 135
[13] _Id._ at 138

## **CONCLUSION**

The Choudhri Motion is another bad faith litigation tactic employed by Choudhri to delay and obfuscate the efforts of the Receiver to fulfill his mandate under the Receivership Orders and facilitate, within the confines of the bankruptcy process that Choudhri himself has elected to participate in, the payment of the judgments against Choudhri, Dalio I and Dalio II.

WHEREFORE, PREMISES CONSIDERED the Receiver respectfully requests that the Court deny the Choudhri Motion and grant the Receiver such other and further relief at law or in equity to which he may show himself entitled.

Dated this 17th day of September, 2025.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.   210.426.3600
Fax   210.426.3610

By: /s/ Leslie M. Luttrell
    Leslie M. Luttrell
    State Bar No. 12708650
    luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 17th day of September, 2025 I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

| | |
|---|---|
| **<u>Debtor</u>** | **<u>Attorneys for Debtor</u>** |
| RIC (Lavernia) LLC | Robert Luke Graham |
| 162 Cumberland Street, Suite 300 | Justin Hanna |
| Toronto, ON M5R 3N5 | Bryan Cave Leighton Paisner LLP |
| | 2200 Ross Avenue #4200W |
| | Dallas, TX 75201 |
| | |
| | Kyle Hirsch |
| | Bryan Cave Leighton Paisner LLP |
| | Two North Central Ave, Suite 2100 |
| | Phoenix, AZ 85004-4406 |
| | |
| | Brigid K Ndege |
| | Bryan Cave Leighton Paisner |
| | 161 N Clark St |
| | Ste 4300, |
| | Chicago, IL 60605 |

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

# EXHIBIT 1

## CONTRACTUAL AGREEMENT FOR LEGAL SERVICES

NIA ATX LLC, the undersigned, hereafter called "Client," by execution of this Agreement has this day employed Villa & White LLP, hereinafter called "Attorneys," to represent Client in the matter described below:

511 Barton Blvd. and 6th & San Jacinto World Class bankruptcy matters

By execution of this agreement, Client also appoints Attorneys as its agent and lawful attorney-in-fact in connection with this matter.

Attorneys' minimum estimated legal fee in this matter is $10,000.00. In the event the total value of Attorneys' time exceeds this stated fee, Client agrees to pay the total value, instead of the stated minimum fee. The rates charged by the Attorneys are as follows:

Morris E. "Trey" White III                                    $400.00

In addition to legal fees, Client also agrees to pay all reasonable expenses incurred by Attorneys in this matter, including but not limited to, postage, copies, long distance telephone calls, travel and filing fees, etc. Client has further offered and agreed to pay Attorneys a performance bonus of $25,000.00 should Client be successful in the purchase of the real estate located at 511 Barton Blvd., Austin, Texas. Such performance bonus will be in addition to any hourly fees that may become due and payable under this agreement.

Responsibility to provide legal services will be accepted and work will begin when Attorneys receive $10,000.00 as an advance deposit against the above stated minimum fee and expenses.

Attorneys are authorized to employ other persons or firms deemed necessary for the proper handling of this matter, at Client's expense, but shall not obligate Client for any expense in excess of $500.00 without Client's prior approval.

Unpaid legal fees and expenses, if not paid within ten (10) days from the statement's date shall accrue interest at the rate of 6 percent per annum until paid.

Should the Attorneys find it necessary to resort to litigation in order to collect the attorneys' fees and expenses owed pursuant to this Agreement, the Client shall be liable for reasonable attorneys' fees, costs, and expenses thereby incurred. Venue for any action shall be in San Antonio, Bexar County, Texas.

Attorneys have the right to cease legal work and withdraw from representing the Client and keep all funds received for legal services and expenses if Client does not make payments as requested by Attorneys.

Any sums collected on behalf of the Client, when received by Attorneys, shall be first

credited against Client's obligation to Attorneys.

No promise or guarantee has been made as to the outcome of this matter.

### TAX DISCLOSURE AND ACKNOWLEDGMENT:

**THE CLIENT IS ADVISED TO OBTAIN INDEPENDENT AND COMPETENT TAX ADVICE REGARDING THESE LEGAL MATTERS SINCE LEGAL TRANSACTIONS CAN GIVE RISE TO TAX CONSEQUENCES.**

**THE UNDERSIGNED LAW FIRM AND ATTORNEY HAVE NOT AGREED TO RENDER ANY TAX ADVICE AND ARE NOT RESPONSIBLE FOR ANY ADVICE REGARDING TAX MATTERS OR PREPARATION OF TAX RETURNS, OR OTHER FILINGS, INCLUDING, BUT NOT LIMITED TO, STATE AND FEDERAL INHERITANCE TAX AND INCOME TAX RETURNS.**

**FURTHERMORE, THE CLIENT SHOULD OBTAIN PROFESSIONAL HELP REGARDING THE VALUATION AND LOCATION OF ALL ASSETS WHICH MAY BE THE SUBJECT OF A LEGAL MATTER INCLUDING BUT NOT LIMITED TO PENSIONS, EMPLOYMENT BENEFIT AND PROFIT SHARING RIGHTS THAT MAY BE CONTROLLED BY ANY OTHER PARTY TO THE LEGAL MATTER.**

Client has read this Agreement and agrees to each of the terms and conditions stated in it.

**SIGNED AND ACCEPTED** this _____ day of _____, 2022.

NIA ATX LLC

BY: _____
    Drew Dennett, Manager

# EXHIBIT 2



Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

### Certificate of Formation
### Limited Liability Company

**Filed in the Office of the
Secretary of State of Texas
Filing #: 804499932 03/31/2022
Document #: 1135053780010
Image Generated Electronically
for Web Filing**

---

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## NIA ATX LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

### OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**

**Dr. Debra  L.  Dennett**

C. The business address of the registered agent and the registered office address is:

**Street Address:**

**2110 Travis Heights Blvd.    Austin  TX  78704-78741**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

### OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

### OR

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Drew  G.  Dennett**          Title: **Manager**

Address: **2450 Wickersham Lane  202  Austin  TX, USA  78741-78741**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

### Supplemental Provisions / Information

[The attached addendum, if any, is incorporated herein by reference.]

### Initial Mailing Address

Address to be used by the Comptroller of Public Accounts for purposes of sending tax information.

The initial mailing address of the filing entity is:

**2450 Wickersham Lane**
**202**
**Austin, TX 78741**
**USA**

### Organizer

The name and address of the organizer are set forth below.

**Drew Dennett**     **2450 Wickersham Lane Suite 202 Austin, Texas 78741**

### Effectiveness of Filing

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Drew Dennett**

Signature of Organizer

FILING OFFICE COPY

# EXHIBIT 3

# Texas Franchise Tax Public Information Report

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

Comptroller of Public Accounts FORM 05-102 (Rev.9-11/30)

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 8 3 9 1 8 1 5 4 | 2 0 2 3 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.*

| Taxpayer name | NIA ATX LLC | | | |
|---|---|---|---|---|
| Mailing address | 2450 WICKERSHAM LN APT 202 | | | Secretary of State (SOS) file number or Comptroller file number |
| City AUSTIN | State TX | ZIP Code 78741 | Plus 4 | 0804499932 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | |
|---|---|
| Principal place of business | |

*Please sign below!* Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3208391815423

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| Drew Dennett | Agent | ● YES | Term expiration | |
| Mailing address 2450 Wickersham Ln Apt 202 | City Austin | | State TX | ZIP Code 78741 |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)* ○ Blacken circle if you need forms to change the registered agent or registered office information.

| Agent: DR. DEBRA L. DENNETT | | | |
|---|---|---|---|
| Office: 2110 TRAVIS HEIGHTS BLVD. | City AUSTIN | State TX | ZIP Code 78704 |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here▶ | Jennifer L MacGeorge | Title Electronic | Date 03-29-2024 | Area code and phone number ( 713 ) 893 - 6435 |
|---|---|---|---|---|

## Texas Comptroller Official Use Only

| VE/DE ○ | PIR IND ○ |
|---|---|

# Texas Franchise Tax Public Information Report

Comptroller of Public Accounts FORM 05-102 (Rev.9-11/30)

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 3 2 0 8 3 9 1 8 1 5 4 | 2 0 2 3 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.*

| Taxpayer name | NIA ATX LLC | |
|---|---|---|
| Mailing address | 2450 WICKERSHAM LN APT 202 | Secretary of State (SOS) file number or Comptroller file number |
| City AUSTIN | State TX ZIP Code 78741 Plus 4 | 0804499932 |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | |
|---|---|
| Principal place of business | |

*Please sign below!* Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3208391815423

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | Term expiration m m d d y y |
|---|---|---|---|---|
| Drew Dennett | Agent | ● YES | | |
| Mailing address 2450 Wickersham Ln Apt 202 | City Austin | State TX | ZIP Code 78741 | |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code | |
| Name | Title | Director ○ YES | | Term expiration m m d d y y |
| Mailing address | City | State | ZIP Code | |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)* ○ Blacken circle if you need forms to change the registered agent or registered office information.

| Agent: DR. DEBRA L. DENNETT | | | |
|---|---|---|---|
| Office: 2110 TRAVIS HEIGHTS BLVD. | City AUSTIN | State TX | ZIP Code 78704 |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here► Jennifer L MacGeorge | Title Electronic | Date 03-29-2024 | Area code and phone number ( 713 ) 893 - 6435 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

# EXHIBIT 4

# Texas Franchise Tax Public Information Report

Comptroller
of Public
Accounts
FORM
05-102
(Rev.9-11/30)

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ **Tcode** 13196 Franchise

■ Taxpayer number

| 3 | 2 | 0 | 8 | 3 | 9 | 1 | 8 | 1 | 5 | 4 |
|---|---|---|---|---|---|---|---|---|---|---|

■ Report year

| 2 | 0 | 2 | 4 |
|---|---|---|---|

*You have certain rights* under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.

| Taxpayer name | **NIA ATX LLC** | | | |
|---|---|---|---|---|
| Mailing address | **2450 WICKERSHAM LN APT 202** | | | Secretary of State (SOS) file number or Comptroller file number |
| City **AUSTIN** | State **TX** | ZIP Code **78741** | Plus 4 | **0804499932** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | |
|---|---|
| Principal place of business | |

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

3208391815424

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name **Drew Dennett** | Title **Agent** | Director ● YES | Term expiration | m m d d y y |
|---|---|---|---|---|
| Mailing address **2450 Wickersham Ln Apt 202** | City **Austin** | | State **TX** | ZIP Code **78741** |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |
| Name | Title | Director ○ YES | Term expiration | m m d d y y |
| Mailing address | City | | State | ZIP Code |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)* ○ Blacken circle if you need forms to change the registered agent or registered office information.

| Agent: **DR. DEBRA L. DENNETT** | | | |
|---|---|---|---|
| Office: **2110 TRAVIS HEIGHTS BLVD.** | City **AUSTIN** | State **TX** | ZIP Code **78704** |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ | **Jennifer L MacGeorge** | Title **Electronic** | Date **03-29-2024** | Area code and phone number **( 713 ) 893 - 6435** |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

# EXHIBIT 5



Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Jane Nelson
Secretary of State

# Forfeiture pursuant to Section 171.309 of the Texas Tax Code
## of
# NIA ATX LLC

File Number : 804499932        Certificate / Charter forfeited : February 23, 2024

The Secretary of State finds that:

1. The Secretary has received certification from the Comptroller of Public Accounts under Section 171.302 of the Texas Tax Code indicating that there are grounds for the forfeiture of the taxable entity's charter, certificate or registration; and

2. The Comptroller of Public Accounts has determined that the taxable entity has not revived its forfeited privileges within 120 days after the date that the privileges were forfeited.

Therefore, pursuant to Section 171.309 of the Texas Tax Code, the Secretary of State hereby forfeits the charter, certificate or registration of the taxable entity as of the date noted above and records this notice of forfeiture in the permanent files and records of the entity.



*Jane Nelson*

Jane Nelson
Secretary of State

# EXHIBIT 6

# FRANCHISE TAX ACCOUNT STATUS

This record as of September 8, 2025 at 17:45:00

## NIA ATX LLC

| | |
|---|---|
| **Texas Taxpayer Number:** | 32083918154 |
| **Mailing Address:** | 2450 WICKERSHAM LN APT 202 AUSTIN, TX 78741 - 4744 |
| **Right to Transact Business in Texas:** | FRANCHISE TAX INVOLUNTARILY ENDED |
| **State of Formation:** | TX |
| **SOS Registration Status (SOS status updated each business day):** | INACTIVE |
| **Effective SOS Registration Date:** | 03/31/2022 |
| **Texas SOS File Number:** | 0804499932 |
| **Registered Agent Name:** | DR. DEBRA L. DENNETT |
| **Registered Office Street Address:** | 2110 TRAVIS HEIGHTS BLVD. AUSTIN, TX 78704 |

## Public Information Report for Year 2024

| Title | Name and Address |
|---|---|

| DIRECTOR | **DREW DENNETT**<br>2450 WICKERSHAM LN APT 202<br>AUSTIN, TX 78741 |
|----------|---------------------------------------------------------------------|
| AGENT    | **DREW DENNETT**<br>2450 WICKERSHAM LN APT 202<br>AUSTIN, TX 78741 |

Label Matrix for local noticing
0542-5
Case 24-51195-mmp
Western District of Texas
San Antonio
Thu Aug 21 11:33:46 CDT 2025

RIC (Lavernia) LLC
162 Cumberland Street, Suite 300
Toronto, ON M5R 3N5 Canada

1

U.S. BANKRUPTCY COURT
615 E. HOUSTON STREET, ROOM 597
SAN ANTONIO, TX 78205-2055

Ali Choudhri
1001 West Loop South, Suite 700
Houston, TX 77027-9033

Andres Cedillos
3951 FM 1303
Floresville, TX 78114-6440

FNA VII, LLC
c/o Howard Marc Spector
12770 Coit Rd., Ste. 850
Dallas, TX 75251-1364

George H. Spencer, Jr.
Langley Banack, Inc.
Trinity Plaza II, Seventh Floor
745 Mulberry
San Antonio, TX 78212-3141

Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 7346
Philadelphia, PA 19101-7346

John Daves
The Daves Law Firm
3624 North Hills Drive
Suite B100
Austin, TX 78731-3242

John and Lori Daves
331 Story Drive
Buda, TX 78610-3340

Lori Daves and John Daves
c/o Natalie F. Wilson
Langley & Banack, Inc.
745 E. Mulberry, Ste. 700
San Antonio, TX 78212-3172

Milestone Capital CRE 1, LLC
2704 Joanel Street
Houston, TX 77027-5304

Office of the United States Trustee
615 E. Houston Street
Suite 533
San Antonio, TX 78205-2055

Peter J. Stanton
The Law Offices of Peter J. Stanton
111 Soledad
Suite 470
San Antonio, TX 78205-2243

Propel Financial Services as agent
and attorney in fact for FNA VII, LLC
c/o Howard Marc Spector
12770 Coit Rd, Ste 850
Dallas, TX 75251-1364

Propel Financial Services, as Agent for FNA
12672 Silicon Drive, Suite 150
San Antonio, TX 78249-3450

The Wilson County Tax Collector
c/o Linebarger Goggan Blair Sampson
Terrace 2
2700 Via Fortuna Drive, Suite 500
Austin, TX 78746-7998

United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205-2055

(p)LINEBARGER GOGGAN BLAIR & SAMPSON  LLP
ATTN DON STECKER
112 E PECAN
SUITE 2200
SAN ANTONIO TX 78205-1588

Wilson County Tax Collector
Attn Dawn P. Barnett
1 Library Lane
Floresville, TX 78114-2239

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60601-3315

Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue
Suite 4200w
Dallas, TX 75201-2763

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4533

Robert Luke Graham
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201-2763

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Wilson County
c/o Karalyssa C Casillas
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23