FILED
Marilyn Burgess
District Clerk

MAR -7 2025
Time: 10:54 A.M.
Harris County, Texas
By Jessica Pannell
Deputy

eCause No. ~~2012-27197-A~~

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| ALI CHOUDHRI | § | HARRIS COUNTY, TEXAS |
| *Defendant,* | § | |
| | § | 333rd JUDICIAL DISTRICT |

P11

TJNOX

Cause No. 2012-27197-D

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| ALI CHOUDHRI and ANGEL VALLE | § | HARRIS COUNTY, TEXAS |
| *Defendants,* | § | |
| | § | |
| vs. | § | |
| | § | |
| ALI MOKARAM, | § | |
| *Intervenor* | § | 333rd JUDICIAL DISTRICT |

## ORDER

On March 3, 2025, the Court held a consolidated hearing in Cause No. 2012-27197-A (the "A Case") and in Cause No. 2012-27197-D (the "D Case") and considered Ali Mokaram's ("Mokaram") and Osama Abdullatif's ("Abdullatif") (jointly "Judgment Creditors") objections and contests to the Net Worth Affidavits of Ali Choudhri ("Choudhri" and along with Dalio Holdings I, LLC, and Dalio Holdings II, LLC, the "Judgment Debtors"), Judgment Creditors' Joint Brief Filed in Support of Contest to Defendants' Net Worth Affidavits, Judgment Creditors' Supplement to Judgment Creditors' Joint Brief Filed in Support of Contest to Defendants' Net Worth Affidavits, Mokaram and Abdullatif's Motions to Strike Net Worth Affidavit of Choudhri, Mokaram and Abdullatif's Motions for Sanctions for Bad Faith Net Worth Affidavits, Mokaram and Abdullatif's Motion to Require Proper Reporting By Defendants, and the request to set the

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Receiver Exhibit 4

amount of a bond required to supersede the judgments in both cases, and the Court considered the evidence presented and arguments by counsel relating to same. It is hereby

ORDERED that the Court finds and/or orders as follows:

**Motions to Recuse/Disqualify[1]**

1. The motion and amended motion to disqualify and/or recuse filed by Choudhri on February 19 and 26, 2025, respectively, are "tertiary recusal motions" under Texas Civil Practice & Remedies Code ("TRCP") Section 30.016, as there have been at least two prior such motions filed in both the A Case and the D Case.

2. This court has signed an order declining to voluntarily recuse or disqualify and has referred the motion and amended motion of Choudhri to the Administrative and/or Presiding Judge for consideration.

3. The court has authority to proceed with these hearings under TRCP Section 30.016.

**Net Worth Contests**

4. The Court has set multiple hearings on Judgment Creditors' objections and contests to the net worth affidavits of Judgment Debtors as required by Texas Rules of Appellate Procedure ("TRAP") 24.2(c)(3). Judgment Debtors have caused the hearings to be continued and/or canceled multiple times for multiple reasons. The hearings were reset by Court order to 9:00 a.m. on March 3, 2025, and the objections and contests proceeded at that time and were heard, but Judgment Debtors failed to appear.

5. The court sustains and grants the net worth contests of Mokaram and Abdullatif to Choudhri's net worth affidavits.

---

[1] The headings are convenience only, and all findings and orders herein can and should be considered as to all motions, rulings and orders herein.

4928-0552-8611.1

Certified Document Number: 119349628 - Page 2 of 11

6. TRAP 24.2(c)(1) requires a judgment debtor to file an affidavit that "states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained." Judgment Debtors failed to do so.

7. Judgment Creditors filed objections and contests to the Net Worth Affidavits filed by Judgment Debtors. Therefore, Judgment Debtors had the burden to prove net worth calculated as the difference between total assets and total liabilities as determined by generally accepted accounting principles ("GAAP"). See TEX. R. APP. P. 24.2(c)(3); *see also, Texas Black Iron, Inc. v. North American Interpipe, Inc.*, 2020 WL 10231117, 1 (Houston [14th Dist.] 2020).

8. Each of Judgment Debtors failed to file net worth affidavits in compliance with TRAP 24.2(c)(1). The net worth affidavits filed by Judgment Debtors do not state complete, detailed information concerning their assets and liabilities from which net worth can be ascertained.

9. Each of Judgment Debtors failed to produce a substantial amount of information regarding their net worth as required by prior orders of this Court in furtherance of Judgment Creditors' rights to conduct and obtain reasonable discovery regarding Judgment Debtors' net worth pursuant to TRAP 24.2(c)(2). Judgment Debtors violated the Court's orders requiring such discovery.

10. Each of the Judgment Debtors failed to present their net worth pursuant to GAAP.

11. Each of Judgment Debtors failed to satisfy their burden to prove their net worth, including failing to offer sufficient admissible evidence concerning their assets and liabilities from which their net worth could be ascertained.

12. Judgment Debtors produced and submitted incomplete, inaccurate, and misleading financial statements and information.

13. From the admissible evidence presented, this Court is unable to determine the net worth of Judgment Debtors or to state with particularity any factual basis for such determination

**Motions to Strike Net Worth Affidavits**

14. Additionally, and alternatively, the Court grants Mokaram and Abdullatif's Motion to Strike Net Worth Affidavits.

15. Choudhri filed a negative net worth affidavit on or about January 4, 2024 (the "First Affidavit") in the A Case and the D Case.

16. The First Affidavit does not meet the requirements of TRAP. 24.2. It does not contain "complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained." Choudhri has also admitted the statements in the affidavit were not "true and correct," but were only based on information and belief.

17. Choudhri filed a second Supersedeas Bond and Net Worth Affidavit on or about November 26-27, 2024 (the "Second Affidavit") in this case indicating his Net Worth was $120,076,289. The Second Affidavit was not served on the parties despite the Certificate of Service signed by Ali Choudhri, and it fails to comply with TRAP 24.2 for the same reasons as does the First Affidavit. TRAP 24.2 requires a net worth affidavit to be filed "simultaneously" with the bond, which Choudhri filed on January 4, 2024. The Second Affidavit was not timely filed.

18. Choudhri filed a third net worth affidavit in this case on February 16, 2025 (the "Third Affidavit"). TRAP 24.2 requires a net worth affidavit to be filed "simultaneously" with the bond, which Choudhri filed on January 4, 2024. The Third Affidavit was not timely filed, and it also fails to comply with TRAP 24.2 for the same reasons as does the First Affidavit.

19. As shown by the evidence submitted, Choudhri has violated this Court's orders to provide net worth discovery.

20. Choudhri could not meet his burden to show his net worth even if he and his experts had appeared because there was insufficient documentation and insufficient reliable evidence to support the alleged assets and liabilities, and they were not and could not be presented in accordance with GAAP.

21. There are numerous material assets missing from Debtors' purported net worth, not to mention the lack of production of bank statements and missing cash.

22. Debtors failed to provide documents or any explanation for the dramatic difference in net worth reported in the last few years (hundreds of millions of dollars), the disappearance of assets, the material decrease in value of assets, and the material increase in liabilities.

23. In short, the net worth of Choudhri was not prepared in accordance with GAAP and is completely unreliable.

## Security Required to Supersede the Judgments

24. If the trial court determines that the Judgment Debtor have not met their burden to limit the bond based on their alleged net worth, the trial court can make a finding of the amount necessary to supersede a judgment. TRAP 24.2(c)(3).

25. The amount of security necessary to supersede a money judgment must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment. TRAP. 24.2(a)(1); *see also, Texas Black Iron,* 2020 WL 10231117 at 1.

4928-0552-8611.1

Certified Document Number: 119349628 - Page 5 of 11

Receiver Exhibit 4

26. The amount of security necessary for the Judgment Debtors to supersede the money judgments against them and in favor of Judgment Creditors in the A and D cases, as well for Erika Nemeti, Executrix of the Estate of Edi I. Nemeti ("Nemeti") in the D case is as follows:

### Cause No. 2012-27197-A (the "A Case") in favor of Abdullatif

| | |
|---|---|
| $1,975,000.00 | (Compensatory) |
| $3,041,886.53 | (Interest through October 31, 2028) |
| **$5,016,886.53** | **(Total Amount of Security Required to Supersede Judgment)** |

### Cause No. 2012-27197-D (the "D Case") in favor of Mokaram

| | |
|---|---|
| $1,386,460.71 | (Compensatory) |
| $1,217,317.04 | (Interest through October 31, 2028) |
| $ 405,461.90 | (Costs) |
| **$3,009,239.65** | **(Total Amount of Security Required to Supersede Judgment)** |

### D Case in favor of Nemeti

| | |
|---|---|
| $ 231,076.78 | (Compensatory) |
| $ 146,946.70 | (Interest through October 31, 2028) |
| **$ 378,023.48** | **(Total Amount of Security Required to Supersede Judgment)** |

### Motions to Require Proper Reporting

27. Mokaram's and Abdullatif's Motions to Require Proper Reporting are also granted. Choudhri shall provide such additional reporting on or before March 15, 2025 as requested in the motions. This obligation shall not excuse the prior obligations of Choudhri to provide reporting, which have been ignored. Choudhri has failed and refused to comply with several orders of this court requiring such reporting.

4928-0552-8611.1

Certified Document Number: 119349628 - Page 6 of 11

### Motions for Sanctions

28. The Motions for Sanctions for Bad Faith Net Worth Affidavits of Mokaram and Abdullatif, and their Response to Motion for Continuance and Supplement to Joint Motion for Sanctions, are granted.

29. Judgment Debtors filed negative net worth affidavits to delay and avoid posting a supersedeas bond pending appeal of the judgments and to delay and prevent Judgment Creditors from collecting on their respective judgments in both cases.

30. The attorney for Judgment Debtors opined that Judgment Debtors had zero percent chance of prevailing on an appeal of those judgments.

31. Judgment Debtors have done nothing to prosecute the appeals in this case, including failing to order the record required for the appeal.

32. The net worth affidavits filed by the Judgment Debtors were filed for an improper purpose, were groundless, were filed in bad faith, were filed for purposes of delay only, and/or were filed to harass and/or to cause unnecessary delay or needless increase in the cost of litigation.

33. As mentioned, the affidavits do not meet the requirements of TRAP P. 24.2. Additional reasons showing the net worth affidavits were filed in bad faith can be found in Judgment Creditors' Joint Brief in Support of Contest to Defendants' Net Worth Affidavits filed on or about April 8, 2024.

34. Judgment Debtors also engaged in numerous and repeated attempts to delay (and to actually delay) the hearing on the net worth contest for over a year, all of which were part of the same improper scheme to delay and avoid posting a bond, to delay and prevent collection improperly and in bad faith, and to needlessly increase the costs of litigation, including but not limited to, multiple "last minute" motions to recuse and wrongfully remove the cases to federal

4928-0552-8611.1

Certified Document Number: 119349628 - Page 7 of 11

court. The court has issued multiple orders addressing some of these delays and obstructions previously, which are incorporated herein. These delays include, but are not limited to:

    a.    Judgment Debtors sought delay of this hearing that was set over 10 times, never once agreeing to attend the first time it was set.

    b.    Filing motions for continuance on April 2, 2024, May 1, 2024, July 10, 2024, July 29, 2024, October 28, 2024, November 1, 2024, November 12, 2025, January 18, 2025, February 7, 2025, February 16, 2025,

    c.    In addition, sending multiple emails to Judge Randy Wilson directly seeking continuances.

    d.    Filing a motion to recuse and/or disqualify Judge Randy Wilson and Judge Susan Brown on April 7, 2024 (after motions for continuance were denied). These were overruled.

    e.    Filing another motion to recuse and/or disqualify Judge Randy Wilson and Judge Susan Brown on February 19, 2025, and an amended motion to recuse and/or disqualify Judge Randy Wilson and Judge Susan Brown on February 28, 2025. These have been declined and referred.

    f.    Wrongfully removing these cases, post-judgment, to federal court on July 29, 2024, and after the cases were both remanded back to state court, doing so a second time on November 4, 2024 (and the cases were remanded again).

    g.    Waiting until the "last minute" to file a motion to recuse or remove the case after Judge Randy Wilson and the parties were already at the courthouse for the hearing, in violation of and despite numerous orders of this Court requiring Judgment Debtors to immediately notify the Court of any event or occurrence that would form the

Certified Document Number: 119349628 - Page 8 of 11

4928-0552-8611.1

basis for delay or continuance.

35. The net worth affidavits are woefully insufficient under TRAP 24.2, and the documents and evidence produced to support them were also woefully insufficient.

36. The court finds the attorneys' fees, costs, expenses and expert fees submitted and requested by Judgment Creditors (including Exhibits 110-114) to be reasonable, necessary and customary, and to be incurred in furtherance of contesting and objecting to the bad faith net worth affidavits of Judgment Debtors and to obtain a hearing thereon, including those incurred to defeat Judgment Debtors' efforts to delay the hearing, with the exception of the fees requested for McCathern.

37. The court awards reasonable attorneys' fees, costs and expenses to Mokaram in the D Case in the amount of $205,361.50 through January 31, 2025, and the additional amount of $20,400.00 after January 31, 2025, less the amount of $8975.00 previously paid by Choudhri as sanctions, for a total amount of $216,786.50 as sanctions against Judgment Debtors and in favor of Mokaram in the D Case.

38. The court awards reasonable attorneys' fees, costs and expenses to Abdullatif and against Choudhri in the A Case in the amount of $12,662.50 through January 31, 2025, and the additional amount of $4,000.00 after January 31, 2025, for a total amount of $16,662.50 as sanctions against Choudhri and in favor of Abdullatif in the Case.

39. The court awards the expert fees of JS Held to Mokaram and against Judgment Debtors in the D Case as sanctions in the amount of $33,687.80 through January 31, 2025, plus the additional amount of $5250 for after January 31, 2025, for a total amount of $38,937.80 as sanctions against Judgment Debtors and in favor of Mokaram in the D Case.

40. For reasons argued and based on the evidence submitted, the Court believes the

additional amount of $100,000.00 in sanctions should be and hereby are awarded against Judgment Debtors and in favor of Mokaram in the D Case for their bad faith and sanctionable conduct (a) to adjust the loadstar fees award upward based on applicable factors and evidence and/or (b) to punish and to deter Judgment Debtors for their conduct.

41. In summary, this Order requires Judgment Debtors to pay sanctions to Mokaram in the D Case in the total amount of $355,721.30, and to do so on or before 30 days from the date this order is signed.

42. In summary, this Order requires Choudhri to pay sanctions to Abdullatif in the A Case in the total amount of $16,662.50, and to do so on or before 30 days from the date this order is signed.

43. As a further sanction, Judgment Debtors are hereby precluded from filing additional net worth affidavits in the A Case and/or the D Case except on leave of court, and any such affidavits and/or net worth statements will be void and of no force and/or effect to supersede the judgments. The Court finds the filing of the Second Affidavit, the Third Affidavit and/or any future affidavit would likely be for the same purpose to delay, obstruct and prevent collection of the judgments.

44. If Judgment Debtors continue in efforts to delay, obstruct or pursue further rulings on the net worth affidavits, the Court reserves the right to consider additional requests for sanctions.

45. There was an extraordinary amount of evidence submitted at these hearings that support this Order, and the Court could have made substantial additional findings based on the evidence and arguments submitted. The failure of the Court to set forth additional findings based on such evidence and arguments does not mean the Court did not, in fact, reach such findings in

Certified Document Number: 119349628 - Page 10 of 11

4928-0552-8611.1

support of its rulings.

    Signed on this 6th day of March 2025.

                                              Honorable Randy Wilson
                                              Presiding Judge

4928-0552-8611.1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 7, 2025


Certified Document Number:        119349628 Total Pages:  11

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**