**FILED**
Marilyn Burgess
District Clerk

JUL - 3 2025
Time: 11:20 P.M.
Harris County, Texas
By Jessica Pannell
Deputy

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. | § | IN THE DISTRICT COURT OF P-6 |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS CASO |
| | § | |
| Ali Choudhri et al | § | |
| Defendants | § | 333rd JUDICIAL DISTRICT |

## ORDER SETTING SHOW CAUSE HEARING

### BACKGROUND

The Court entered an Order of Turnover and Appointment of Receiver on April 9, 2025 against Debtor Ali Choudhri ("Debtor"). The Receiver (Travis B. Vargo) filed a motion for contempt and show cause order against Debtor (the "Motion"). At this time, the Court is considering the Motion.

### THE COURT'S INHERENT AUTHORITY

When litigants violate court orders relating to this court's management and administration of its cases, their actions can significantly interfere with the court's exercise of its jurisdiction, the administration of justice, and the preservation of the independence and integrity of the Court and the judiciary as a whole. Under its inherent powers, a court has "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including the authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE §21.001.

This Court's inherent powers also bestow on the Court the authority to sanction attorneys and parties to lawsuits for conduct that obstructs the core functions of the judiciary. The core functions include hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, entering and enforcing orders and final judgments.

Certified Document Number: 121397495 - Page 1 of 6

**Receiver Exhibit 7**

The Court also takes judicial notice of the docket in 24-35761, *in re Jetall Companies*, in the Southern District of Texas Bankruptcy Court, Houston Division. Specifically, the Court takes notice of Docket 136, which is an arrest warrant by the Court for Debtor. That court ordered the Debtor's arrest for failing to comply with its orders to produce documents, behavior that is extremely similar to the behavior under consideration in this case. The Debtor's failure to comply with court orders to produce information that would assist in collections against him is a pattern.

ORDER TO SHOW CAUSE

The Court ORDERS that a hearing is set for _Aug. 13, 2025_ , at _9:00_ o'clock _a.m._ The hearing shall be held in the courtroom of the _333 rd_ District Court, Harris County, Texas, 201 Caroline, _14 th_ Floor, Houston, TX 77002.

The Court ORDERS Debtor*s* to appear before this Court at the same date and time above to show cause why they should not be held in contempt for failing to turnover to the Receiver on or before June 23, 2025 at tvargo@vargolawfirm.com or 12012 Wickchester, Suite 670, Houston, TX 77079 the items described on Exhibit F of Receiver's Supplement to Motion for Contempt and Show Cause Order against Post-Judgment Debtor.

2

Certified Document Number: 121397495 - Page 2 of 6

Dear Mr. Choudhri,

Pursuant to the ¶25b of Amended Turnover Order in the D Case, Receiver hereby requests the following records and documents from each of the below Entities within ten (10) calendar days of the date of this letter:

Entities means:[1]

1. Galleria Loop Note Holder LLC
2. Galleria West Loop Investments I LLC
3. 2401 Fountain Vew Houston LP
4. Fountain View Office Center LLC
5. Jetall Croix Properties LLC
6. NIA ATX LLC
7. Meandering Bend LLC
8. Memorial Glen Cove LLC
9. PBAC 507 Holdings LLC
10. Vanguard Realty Partners LLC
11. VGRP Holdings LLC
12. Milestone Capital CRE 1, LLC
13. Milestone Capital CRE 2, LLC
14. Milestone Capital CRE 3, LLC
15. 1001 Hybrid Working LLC
16. Dayhome River Oaks LLC

For each of the above Entities, please produce records and documents created on or after January 1, 2023 to present that:

---

[1] If an entity has filed bankruptcy, please identify the case number and jurisdiction of same and refrain from producing records relating to the entity in bankruptcy.

3

Certified Document Number: 121397495 - Page 3 of 6

A. show revenue earned or received by the business;
B. show expenses paid or incurred by the business;
C. show the nature and extent of business being conducted;
D. show the frequency (e.g., hourly, daily, weekly, etc.) of business activity;
E. show the recency of the last alleged business activity (last week, last year, etc.);
F. showing or indicating that the business is solvent or insolvent;
G. show the names of employees and last date employed;
H. show whether and how much income tax has been paid;
I. show whether and how much property tax has been paid;
J. show the location, rent, or ownership of any physical office or business premises for the company;
K. shows the identify or customers;
L. pictures of any products being manufactured or services being provided by the company;
M. show the assets of the company;
N. show rents being paid by the company;
O. show real estate being advertised for sale, managed, or leased by the company;
P. show vendors being hired or managed by the company;
Q. bank account statements for all accounts owned by the entity or on which they sign;
R. federal income tax returns;
S. membership governance documents, including by-law laws, membership agreement, etc.
T. buy-sell agreements;
U. communications relating to pre-development activities;
V. communications relating real estate investment services; and
W. communications relating to real estate management services.

The Court further ORDERS Debtor to appear before this Court at the same date and time above to show cause why they should not be held in contempt for failing to turnover to the Receiver at tvargo@vargolawfirm.com or 12012 Wickchester, Suite 670, Houston, TX 77079 the items described on Exhibit A of the Turnover Order on or before April 21, 2025. Receiver has not requested relief for any request that seeks documents of Texas Reit, LLC. The requests are 10-12 and 14-17, with the inapplicable requests struck through in red.

4

Certified Document Number: 121397495 - Page 4 of 6

1) ~~The original IBC Note.~~
2) ~~The original IBC Deed of Trust.~~
3) ~~All Documents reflecting transfer of the IBC Note from and/or to Debtors.~~
4) ~~All Documents reflecting transfer of the IBC Deed of Trust from and/or to Debtors.~~
5) ~~All Communications by and between Texas REIT, LLC and/or either of Debtors.~~
6) ~~All Documents reflecting payment by Texas REIT, LLC to either of Debtors.~~
7) ~~All Documents that calculate the amount due on the IBC Note, including any debits or credits to the amount owed on the IBC Note and any interest accrued on the IBC Note.~~
8) ~~All Documents reflecting payment received by Debtors from any tenant at the real property owned by Texas REIT, LLC (a "Tenant") and where the payment was deposited or sent.~~
9) ~~All statements from all accounts into which payments relating to the IBC Note have been deposited and/or maintained.~~
10) All bank account statements of Debtors.
11) All credit card statements of Debtors.
12) All documents evidencing and/or reflecting all amounts paid by Debtors to any person or entity in the last three years.
13) ~~All direct communications between Debtors and any Tenant.~~
14) All financial statements of Debtor, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.
15) All documents evidencing and/or reflecting any asset owned by Debtors within the last three years.
16) All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by Debtors within the last three years.
17) For all of the Companies (for the avoidance of doubt, Companies does not include Texas REIT, LLC ):
   a. Each membership agreement and all other company agreements or organizational documents.
   b. All documents evidencing and/or reflecting to whom any payment from any Tenant renting real property owned by such company was made, and where the payment was deposited or sent.
   c. All statements from all accounts into which payments to the limited liability company were made.
   d. All bank account statements.
   e. All credit card statements of Debtors.
   f. All documents evidencing and/or reflecting all amounts paid by such company to Choudhri and/or any entity owned and/or controlled by Choudhri.
   g. All financial statements of each such company, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.
   h. All documents evidencing and/or reflecting any asset owned by such company within the last three years.
   i. All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by such company within the last three years

The Court is considering monetary sanctions and/or incarceration (criminal contempt), and/or incarceration until the Debtor purges themselves of contempt by fully producing documents above (civil contempt). For each violation found, the Court shall assess a monetary sanction in an appropriate amount, and /or confinement to jail for an appropriate time period not to collectively exceed one hundred and eighty (180) days per individual; and any other sanction appropriate to enforcement of the Court's orders.

5

Certified Document Number: 121397495 - Page 5 of 6

If Debtor fails to appear before this Court at the hearing, the Court will issue writs of attachment to secure his presence. The Court will assess any costs incurred in executing the attachment and necessary confinement against the Debtor.

July 2, 2025

DATED          PRESIDING JUDGE

6

**Receiver Exhibit 7**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 7, 2025

Certified Document Number:        121397495 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**