**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 17, 2025**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | CASE NO. 24-51195-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER GRANTING THE RECEIVER'S MOTION TO SHOW AUTHORITY**

The Court held a hearing on October 8, 2025, on Travis Vargo ("**Receiver**")'s *Motion to Show Authority* (ECF No. 277). In his *Motion*, the Receiver asks the Court to find that Ali Choudhri—who controls two entities involved in this case, Milestone Capital CRE 1, LLC ("**Milestone**") and Otisco RDX, LLC ("**Otisco**")—lacks authority over those entities and therefore the attorneys he hired for the entities are not authorized to represent the entities. *See* ECF No. 277 at 8–9.

Before the hearing, the Court ordered the respondents to the *Motion*—Lyndel Vargas with Cavazos Hendricks Poirot, PC and Justin Rayome—to file responses no later than October 7 at

1

4:00 PM. *See* ECF No. 285. Justin Rayome never filed a response and did not appear at the hearing. *See generally* ECF No. 298. Ms. Vargas filed her *Response* shortly after the deadline, but the Court will consider it timely nonetheless.[1] *See* ECF Nos. 289–290.

## I. BACKGROUND

This dispute—whether the Receiver or Mr. Choudhri has authority to litigate on behalf of Milestone and Otisco—centers on two turnover orders from Harris County. Mr. Choudhri and two of his companies (not Milestone or Otisco) are judgment debtors in related cases in Harris County: 2012-27197-A ("**A Case**") (only Mr. Choudhri) and 2012-27197-D ("**D Case**") (Mr. Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC). *See* ECF No. 286-1, -2. The Harris County court appointed the Receiver in an April 1 turnover order (A Case) and a March 31 turnover order (D Case) to aid in collection efforts, and it amended the orders on April 9 (A Case) and April 8 (D Case).

The A Case and D Case amended orders appointing the Receiver ("**Amended Orders**") include provisions for—relevant here—charging orders, the management and operation of the judgment debtors' business, and litigation regarding the judgment debtors. The relevant provisions in each of the two orders are substantially the same:

> Charging Orders. . . . [T]he Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's [sic] (collectively, the 'Companies'). All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full. Choudhri may not receive any payment from any of the Companies, directly or indirectly, until the Judgment is paid in full and/or without written consent from the Court. . . .[2]
>
> Debtor's Business. All authority and power of Debtors to manage and

---

[1] Ms. Vargas initially filed only the evidence supporting her *Response* at 3:54 PM. *See* ECF No. 288. She filed the *Response* itself at 4:16 PM and an *Amended Response* at 4:28 PM. *See* ECF Nos. 289–290.

[2] ECF No. 286-1 ¶ 18; ECF No. 286-2 ¶ 24. *Choudhri LLC's* [sic] is defined earlier in the Amended Orders to include Otisco and Milestone, among other companies. *See* ECF No. 286-1 ¶ 9; ECF No. 286-2 ¶ 16.

2

> operate the business of Debtors is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver. This order supersedes the authority of any officers, directors[,] or managers of Debtors. . . . [3]
>
> <u>Ancillary Litigations</u>. Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets. Receiver may intervene into lawsuits being prosecuted by Creditors and/or Debtors given Receiver's potential interest in Debtor's assets. Receiver is authorized to engage, employ, supervise, and compensate legal counsel for litigation. . . . [4]

Mr. Choudhri filed an appeal in each case on April 20, 2025, but his appeals were from the original orders, not the Amended Orders. *See Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-A (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859149) (stating that he is appealing an order the Harris County court signed on April 1, 2025, and attaching the original A Case turnover order); *Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-D (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859234) (stating that he is appealing an order the Harris County court signed on March 31, 2025, and attaching the original D Case turnover order); *see also Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00308-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the A Case appeal and noting the "appeal is from an order signed April 1, 2025"); *Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00309-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the D Case appeal and noting the "appeal is from an order signed March 31, 2025").

Mr. Choudhri also tried to file a supersedeas security in each of the Harris County cases to stay collection efforts and remove the Receiver's authority. He filed what he called a "supersedeas

---

[3] ECF No. 286-1 ¶ 20; ECF No. 286-2 ¶ 26.
[4] ECF No. 286-1 ¶ 41; ECF No. 286-2 ¶ 47. *Receivership Assets* is defined earlier in the Amended Orders to include all assets owned by the judgment debtors "except [Choudhri's] ownership interests in any limited liability company." *See* ECF No. 286-1 ¶ 8; ECF No. 286-2 ¶¶ 14, 15.

3

with alternative security" in the A Case on or about August 11, 2025, and in the D Case on or about August 14, 2025. These purported supersedeas filings—which, again, are with respect to his appeals from the original turnover orders, not the Amended Orders—were not and are not court approved or court ordered.

The Receiver made an appearance on August 21, 2025, *see* ECF No. 202, and since then both the Receiver and Mr. Choudhri have been attempting to control the interests of Milestone and Otisco in this case and its attendant adversary proceedings.

**II.     ANALYSIS**

The Court will first address whether the Amended Orders are in effect after Mr. Choudhri's attempted appeals and supersedeases. They are. Second, the Court will address whether Mr. Choudhri has authority to litigate this case and hire counsel on behalf of Milestone and Otisco. He does not. Third and finally, the Court will address appropriate remedies.

1. **The Amended Orders are in effect because Mr. Choudhri's appeals do not affect the Amended Orders and his purported supersedeases have no effect.**

The Amended Orders remain in effect. Mr. Choudhri failed to properly appeal them and failed to properly file supersedeases.

Texas Rule of Appellate Procedure 27.3 provides:

> **After** an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as related to the appeal of the subsequent order or judgment. . . .

TEX. R. APP. P. 27.3 (emphasis added). The plain language of the rule brings amended orders into appeals of prior orders only when the amendment is entered **after** the appeal.

When Mr. Choudhri filed his appeals on April 20, he did so by specifically appealing only the original turnover orders—not the Amended Orders—after the Harris County court had already

4

issued the Amended Orders on April 8 and 9. *Compare Notice of Appeal* at 1–2, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-A (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859149) (showing the file-stamped date and certificate of service on April 20, 2025), *and Notice of Appeal* at 1–2, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-D (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859234) (showing the file-stamped date and certificate of service on April 20, 2025), *with* ECF No. 286-1 pp. 1, 11 (showing the file-stamped date and date of signature on April 9, 2025), *and* ECF No. 286-2 pp. 1, 11 (showing the file-stamped date and date of signature on April 8, 2025).

The Amended Orders are not in Mr. Choudhri's appeals because they were entered **before** Mr. Choudhri filed his appeals of the original orders—nearly two weeks before. No authority allows Mr. Choudhri to bootstrap the Amended Orders into his appeals, and his time to appeal them is long gone. *See* TEX. R. APP. P. 26. The Amended Orders are final and in full force and effect. Any supersedeases Mr. Choudhri purports to have filed would not affect the Amended Orders even if valid; the Amended Orders are not on appeal.

And even if the appeals were to apply to the Amended Orders, the supersedeases themselves are invalid. Mr. Choudhri purported to file supersedeases with alternate security under Texas Rule of Appellate Procedure 24.1(a)(4).[5] But the rule (in the version that applies, *see supra* note 5) requires an alternate security "ordered by the court." There is no court order. The supersedeases are invalid, and the Amended Orders remain in effect.

---

[5] Ms. Vargas conceded at a hearing on October 9, 2025, in Case No. 24-10120-smr that the current version of the Texas Rules of Appellate Procedure doesn't apply in the A Case and D Case. This Court agrees. With respect to Texas Rule of Appellate Procedure 24.1(a)(4), the version that applies in this case is: "Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by providing alternate security ordered by the court." TEX. R. APP. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023); *see also Final Approval of Amendments to Texas Rule of Appellate Procedure 24*, Misc. No. 23-9101 (Tex. Dec. 18, 2023), *published at* 87 TEX. B.J. 143, 143 (2024) (stating that "the other amendments," including the amendment to 24.1(a)(4), apply only to actions filed on or after September 1, 2023). The A Case and D Case were filed in 2012.

**2. Mr. Choudhri—and through him the attorneys he hired—lacks the authority to litigate this case because the Amended Orders vest exclusive authority in the Receiver.**

The Amended Orders give the Receiver exclusive authority to conduct litigation in this bankruptcy case because it gives him exclusive authority to manage and operate Mr. Choudhri's business and to litigate cases regarding Mr. Choudhri in which the Receiver has an interest.[6]

The Receiver has the authority, exclusive of Mr. Choudhri, to litigate this case because he has exclusive authority "to manage and operate the business of" Mr. Choudhri. ECF No. 286-1 ¶ 20, ECF No. 286-2 ¶ 26. The Amended Orders are unambiguous and heavy in their restrictions against Mr. Choudhri: "All authority and power" Mr. Choudhri has to manage and operate his business is given to the Receiver, and Mr. Choudhri may make no decision in any business without the Receiver's express approval. *See* ECF No. 286-1 ¶ 20, ECF No. 286-2 ¶ 26.

The Receiver's authority to manage and operate Mr. Choudhri's business—to manage and operate where Mr. Choudhri has the right to manage and operate—includes the authority to litigate claims. *See, e.g.*, *Penny v. El Patio, LLC*, 466 S.W.3d 914, 920–21 (Tex. App.—Austin 2015, pet. denied) (holding that the operating manager's right to conduct the business of the LLC included the authority to litigate claims related to the LLC's real property and other assets). Any rights Mr. Choudhri has to conduct Milestone's and Otisco's business or to litigate on their behalf are vested exclusively in the Receiver, and Mr. Choudhri submitted no evidence that the Receiver gave him express approval to do anything.[7]

---

[6] At the hearing on this matter, the parties also discussed *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, no pet. h.), with respect to the Receiver's authority under the turnover provisions in the Amended Orders. *See* ECF No. 286-1 ¶ 17; ECF No. 286-2 ¶ 23. The Court appreciates that *WC 4th* is controlling law in the Fourteenth District and would allow the turnover of LLCs in the circumstances outlined in the case. However, the Amended Orders expressly and unconditionally except the Choudhri LLCs from turnover. *See* ECF No. 286-1 ¶¶ 8, 17; ECF No. 286-2 ¶¶ 14, 15, 23.

[7] To clarify, the Court is not saying the Amended Orders give the Receiver all rights to manage and operate Milestone and Otisco to the exclusion of all others, nor that the Amended Orders turn over any of the judgment debtors' ownership interest in Milestone and Otisco. Rather, the Receiver has, exclusive of the judgment debtors only, all rights that the judgment debtors have to manage and operate Milestone and Otisco while the receivership

6

The Receiver's exclusive authority to litigate claims also stems from his interest in any value due Mr. Choudhri from Milestone and Otisco. The Receiver "may but is not required to defend or prosecute any litigation regarding" Mr. Choudhri "given [the] Receiver's potential interest" in Mr. Choudhri's assets. *See* ECF No. 286-1 ¶ 41, ECF No. 286-2 ¶ 47. The Receiver has an interest in "any distributions and[] proceeds that would otherwise be due from [Milestone and Otisco] to Choudhri until satisfaction of the [A Case and D Case judgments are] made in full." *See* ECF No. 286-1 ¶ 18; ECF No. 286-2 ¶ 24. Milestone and Otisco claim that real property the Debtor included in its schedules should be theirs. Otisco says a foreclosure sale of the property (that it owned before the sale) was invalid; Milestone says it should have the property from its own foreclosure sale of the property. *See* ECF No. 237 ¶¶ 1–5. The Receiver has an interest in that property because any real-property income becomes distributions or proceeds to Mr. Choudhri, and through him to the Receiver. This interest gives the Receiver the authority to litigate this case, and his entry into litigation makes that authority exclusive; two conflicting parties cannot represent the same interests.

The Receiver's litigation authority, at least in this case, is exclusive. Mr. Choudhri has no authority individually or with respect to Milestone and Otisco in this case.

In light of Mr. Choudhri lacking the authority to litigate this case in any capacity, any attorneys representing Mr. Choudhri individually or hired by him to act in any capacity on behalf of Milestone and Otisco—including Justin Rayome and Lyndel Vargas with Cavazos Hendricks Poirot, PC—are not authorized to do so.

---

remains in effect. If Mr. Choudhri claims the ability to bring this litigation on behalf of Milestone and Otisco, then the Amended Orders remove his ability to bring such litigation and give it to the Receiver. And he does claim that ability. *See, e.g.*, ECF No. 256 p. 1 ("Comes now, Ali Choudhri [], individually and as managing member of [Milestone] and [Otisco] . . . .")

### 3. The Court requires further briefing from the parties on the appropriate remedies.

The Receiver has exclusive authority to represent the interests of Milestone and Otisco in this case and related adversaries—and even the interests of Mr. Choudhri individually, if he has any. Prospectively, the Court will strike any filings from anyone who purports to file on behalf of Milestone, Otisco, or Mr. Choudhri without the Receiver's express approval.

It's less clear, however, what the Court should do retrospectively. The Amended Orders were signed in April 2025, *see* ECF No. 286-1, -2, but the Receiver waited to file his *Motion to Show Authority* until October 4, 2025, *see* ECF No. 277. The Court understands the Receiver has had a difficult path into this case since his appointment. But this case has progressed while this issue of litigation authority remained unresolved. It may be impractical to strike all of Mr. Choudhri's filings, and estoppel may apply. The Receiver may not be entitled to have any of Mr. Choudhri's filings stricken.

To determine what, if any, retrospective relief may be available to the Receiver, the Court will require the relevant parties to provide briefing on the retrospective remedies that should be applied in this case and related adversary proceedings. The Receiver (Milestone and Otisco collectively may file one brief and one response), Mr. Choudhri, and the Debtor shall each file a brief in this case regarding what remedies the Court might or should apply to actions taken by Mr. Choudri on behalf of Milestone and Otisco during the period of time from when the Amended Orders were entered to now. Briefs shall be filed on the docket no later than November 7, 2025, at 3:00 PM; Responses are due no later than November 17, 2025, at 3:00 PM. Other interested parties may but are not required to provide briefing.

\* \* \*

The Court therefore **GRANTS** the *Motion to Show Authority* and **ORDERS**:

1. The Receiver has exclusive authority to represent the interests of Milestone, Otisco,

and Mr. Choudhri in this case. The Court will strike any filings from anyone who purports to file on behalf of Milestone, Otisco, or Mr. Choudhri without the Receiver's express approval.

For purposes of the briefing ordered below only, the Court will allow Mr. Choudhri to file on his own behalf.

2. The parties will provide briefing on retrospective relief, as identified above. The Receiver (Milestone and Otisco collectively may file one brief and one response), Mr. Choudhri, and the Debtor each must provide briefing. Other interested parties may but are not required to provide briefing. The briefing schedule is:

   2.1. Briefs are due no later than November 7, 2025, at 3:00 PM; and

   2.2. Responses are due no later than November 17, 2025, at 3:00 PM.

# # #