IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-51195-MMP |
| | § | |
| RIC (LAVERNIA) LLC, | § | |
|     DEBTOR | § | CHAPTER 11 |

**MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE RECIEVER'S MOTION TO SHOW AUTHORITY**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held. A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, P.O. Box 1439, San Antonio, Texas 78295. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Party-in-Interest, Ali Choudhri, owner and/or person in control of Milestone Capital CRE 1, LLC ("Milestone") and Otisco RDX, LLC ("Otisco"), submits this Motion for Reconsideration of the Court's Order Granting the Receiver's Motion to Show Authority [ECF No. 304] (the "Order") and in support thereof respectfully shows the Court as follows:

**I.**      **INTRODUCTION**

1.      Choudhri, as a person with ownership and/or control over Milestone and/or Otisco, brings this Motion to reconsider the Court's Order, which divested Mr. Choudhri of his authority to act on behalf of the entities, Milestone and Otisco in the Bankruptcy Case. As set forth in detail below, the Order should be reconsidered to correct a manifest error of law or fact.

1

## II. FACTUAL BACKGROUND

2. On June 27, 2024, RIC (Lavernia), LLC ("Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11, United States Code beginning this bankruptcy case ("Bankruptcy Case").

3. The disputes in the Debtor's Bankruptcy Case primarily involve creditors and/or interested parties, Milestone and Otisco. Mr. Choudhri owns and/or controls Milestone and Otisco. Accordingly, Milestone and Otisco, through Mr. Choudhri as representative of the entities, has taken actions to protect their rights in the Bankruptcy Case. However, Travis Vargo ("Receiver"), filed a Motion to Show Authority (the "Authority Motion") claiming he, as a state court appointed receiver, has authority to act on behalf of Milestone and Otisco in the Bankruptcy Case, not Mr. Choudhri. The Authority Motion is based on the following facts:

    a. Choudhri is a judgment debtor of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Mr. Choudhri is also a judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case").

    b. On March 31, 2025, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case. Thereafter, on April 9, 2025, the District Court entered an Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

2

        c.        On April 1, 2024, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in A-Case. Thereafter, on April 7, 2025, the District Court entered an Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order") (the D-Case Receivership Order and the A-Case Receivership Order collectively, the "Receiver Orders").

        d.        Travis Vargo (the "Receiver" and/or "Vargo") was appointed the receiver in the A-Case and D-Case.

4.        The Bankruptcy Court held a hearing on Vargo's Authority Motion and granted the Motion as set forth in the Order. However, the Bankruptcy Court's Order is based on a manifest error of fact and law. The following facts were not correctly considered by the Bankruptcy Court:

        a.        The underlying judgment in the A-Case and D-Case is on appeal and a writ of mandamus seeking an order voiding the judgment in the A-Case and D-Case is pending, in the following cases: Appeal Case Number 14-25-00614-CV and NO. 14-24-00057-CV (the "Appeal").[1] In the Appeals, Choudhri contests the jurisdiction of the Texas State Court and has argued the judgment is void and/or should be overturned. If the Appeals are decided in Choudhri's favor, the judgment and the A-Case Receivership Order and D-Case Receivership Order will be void.

        b.        On or about August 11, 2025, Choudhri filed a Supersedeas with Alternative Security in the A-Case (the "A-Case Supersedeas") and on or about August 13, 2025, Choudhri

---

[1] These Appeals were not considered by the Bankruptcy Court. Instead, the Bankruptcy Court analyzed the appeals of the A-Case Receivership Order and the D-Case Receivership Order, in Appellate Case Number 14-25-00309 and Appellate Case Number 14-25-00308 which as discussed below, are irrelevant to whether Vargo has authority to act on Milestone and Otisco's behalf.

filed a Supersedeas with Alternative Security in the D-Case (the "D-Case Supersedeas") (the A-Case Supersedeas and D-Case Supersedeas collectively, the "Supersedeas"). As of the filing of this Motion, the judgment creditors in the A-Case and D-Case, the only parties with standing to contest the Supersedeas, have not filed any objection to the Supersedeas.

5. When considering the correct facts and applicable law as set forth below, it is clear the Bankruptcy Court made a manifest error of fact and law when entering the Order. Therefore, Choudhri has brought this Motion to reconsider the Order and for entry of an order denying the Authority Motion.

### III. LEGAL ARGUMENT

#### A. Legal Standard Applicable to Motions for Reconsideration

6. Neither the Federal Rules of Bankruptcy Procedure ("FRBP") nor the Federal Rules of Civil Procedure (the "FRCP") specifically provide for motions for reconsideration. *See, e.g.*, *Shephard v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, "such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Id.; see also* FRBP 9023 (making FRCP 59 applicable to bankruptcy cases) and FRBP 9024 (making FRCP 60 applicable to bankruptcy cases). Pursuant to FRCP 59(e), this Court may reconsider an order: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

7. The Bankruptcy Court's Order appears to be based on the following implicit and/or express findings that: (a) the Bankruptcy Court had jurisdiction to determine the scope of the Receiver Orders and the validity of the supersedeas, (b) the A-Case Supersedeas and D-Case

4

Supersedeas filed by Choudhri had no effect on the Receiver Orders because (i) the Receiver Orders were not properly appealed and (ii) the supersedeas was invalid under Texas state law, and (c) the Receiver Orders allow the Receiver to control of Milestone and/or Otisco. These findings were based on a manifest error of both fact and law. Therefore, reconsideration of the Order is necessary to correct the errors.

B. **The Court erred by Exercising Jurisdiction and Deciding Purely State Law Issues**

8. As set forth in the Order, the Bankruptcy Court made rulings that the Supersedeas was invalid and Choudhri has no authority to act on behalf of Milestone or Otisco pursuant to the Receiver Orders. This rulings were based on a manifest error of law.

9. A bankruptcy court's jurisdiction is limited to matters "arising under," "arising in", or "related to" bankruptcy cases. *See* 28 U.S.C. § 1334(b). Therefore, the Bankruptcy Court has no jurisdiction to decide a purely state law matter that does not fall within one of these categories. *See Stern v. Marshall*, 564 U.S. 462, 487 (2011). However, even if the matter at issue could be "related to" a bankruptcy case, the Bankruptcy Court should still abstain from deciding a purely state law issue. *See Matter of Rupp & Bowman Co.,* 109 F.3d 237, 239 (5th Cir. 1997).

10. Here, in the Authority Motion, the Receiver argued that it he has "sole ownership and operational control" of Otisco and Milestone and that Otisco and Milestone's counsel, Mr. Rayome and/or Cavazos Hendricks Poirot, P.C. "continue to abuse the bankruptcy process by, among other things, filing pleadings without authority." Authority Motion at pages 1-2. The Receiver then objected to the authority of Choudhri, Otisco, and/or Milestone to file anything in this Bankruptcy Case. Motion at page 3. Therefore, the Receiver requested an order providing that (a) Otisco and Milestone have no authority to file pleadings, and (b) the judgments in the A-Case

5

and the D-Case are not superseded. The Bankruptcy Court exercised jurisdiction over these issues and entered an Order that the Supersedeas was invalid.

11. The issue of the validity of the Supersedeas is an issue that was pending in the A-Case and D-Case and is not related to the Bankruptcy Case, does not arise under the Bankruptcy Case, and does not arise in the Bankruptcy Case. Therefore, the Bankruptcy Court had no jurisdiction to decide this issue in the Order and finding otherwise was a clear manifest error of law.

12. In fact, the Receiver arguably knows this Court did not have jurisdiction to decide the validity of the Supersedeas as the Receiver acknowledged this at a hearing before Judge Rodriguez on October 1, 2025 regarding a motion to remand the A-Case [ECF no. 10] and a motion to transfer the A-Case [ECF No. 8]. The Receiver, through Ms. Luttrell argued the following when the Bankruptcy Court reset the hearing on the motion to remand and motion to transfer to November 13, 2025:

> "all other proceedings pending in Western District are going to be at a standstill until the Receiver's authority is confirmed. Motions for relief from stay have been filed and granted in each of those proceedings, the mechanism by which Mr. Choudhri has thwarted the efforts of a receiver is to remove the underlying state court proceedings, thus depriving the receivership court of jurisdiction until there is a remand. So I am asking this court if it will entertain those matters [matters confirming the receiver's authority] during the pendency of its jurisdiction."

Audio of October 1, 2025 Hearing [ECF No. 28] at 46:32. The Bankruptcy Court then responded: "No everything is stayed until we have a final hearing on these two matters [the motion to remand and motion to transfer]." Audio of October 1, 2025 Hearing [ECF No. 28] at 47:20.

13. The above transcript from the A-Case shows not only that the Court overseeing the A-Case (and D-Case) has jurisdiction over issues affecting the authority of the Receiver, but that the Receiver was aware that it had no authority to act unless and until his authority was confirmed

6

4916-7774-3478, v. 1

by the correct court with jurisdiction over the A-Case and D-Case, making the Authority Motion improper and the Court's exercise of jurisdiction an error of law.

### C. The Court's Order Finding that the Supersedeas Was Invalid Was in Error

14. Even if the Court had jurisdiction to decide the issues in the Authority Motion, the Bankruptcy Court's ruling that the Supersedeas was invalid and had no effect on the Receiver Orders was based on an error of law and fact. Therefore, the Motion should be granted.

15. In Texas, the suspension of enforcement of a judgment on appeal is governed by Tex. R. App. P. 24.1, which states, in relevant part:

> Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by:
> (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;
> (2) filing with the trial court clerk a good and sufficient bond;
> (3) making a deposit with the trial court clerk in lieu of a bond; or
> (4) providing alternate security ordered by the court.

Tex. R. App. P. 24.1(a). This means that when a judgment is superseded, all collections efforts, including receivership authority, stop: "Enforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. P. 24.1(f). Further, "[e]nforcement begun before the judgment is superseded must cease when the judgment is superseded." *Id.* The amount of the supersedeas here must "equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). Finally, appellate courts recognize that trial courts retain discretion to approve

alternative security arrangements regardless of the net worth of the judgment debtor. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025).

16. As shown by the applicable law set forth above, the Supersedeas was effective upon filing. Therefore, the Supersedeas was valid. However, even if the Court must approve the alternate security, this approval, if required, is still outstanding as no objection or hearing has been held in the A-Case or D-Case on the alternate security offered by Choudhri in the Supersedeas. Therefore, while Choudhri asserts that the Bankruptcy Court erred on the law when it found the Supersedeas is not valid, at the very least, there were outstanding issues as to whether the court with jurisdiction over the A-Case and D-Case will approve the alternate security offered in the Supersedeas. Therefore, this Court erred with its applicable of the law when it entered the Order.

17. Finally, the Bankruptcy Court's Order also reasoned that because the amended Receiver Orders were not appealed, the Supersedeas, if valid, would have no effect on suspending the actions of the Receiver. This ruling was based on an error of fact and law. As explained above, the judgments in the A-Case and D-Case are on appeal in the Appeals. Therefore, the filing of the Supersedes suspended all enforcement, which would include actions taken by the Receiver. Therefore, whether or not the correct Receiver Orders were appealed, is irrelevant to whether the Receiver is suspended from enforcing the judgments that are being considered in the Appeals. Consequently, to the extent the Court based its Order on the fact that the Receiver Orders were not properly appealed, there was an error in fact and law.

**C.     The Receiver Orders do not Give the Receiver Authority to Take Control of Milestone and Otisco and Litigate Claims and/or Defend Claims on their Behalf**

18.     Finally, as set forth in the Order, the Bankruptcy Court found that pursuant to the Receiver Orders, the Receiver has the sole authority to act on behalf of Milestone and Otisco in bringing and defending claims. This ruling was also based on an error of law.

19.     Chapter 31 of the Texas Civil Practice and Remedies Code allows the State Court to order the turnover of assets and appointment of a receiver to assist in the collection of a judgment. When a court appoints a receiver, the court has determined that property should no longer be under the control of the parties but instead within the custody of the court. *Id.; Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) (quoting *Riesner v. Gulf, C. & S. F. R. Co.*, 89 Tex. 656, 36 S.W. 53, 54 (Tex. 1896)). The appointment of a receiver is thus a "harsh, drastic, and extraordinary remedy, to be used cautiously." *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

20.     Generally, a charging order is the exclusive remedy for a judgment creditor seeking to collect against a judgment debtor's interest in a limited liability company ("LLC"). *See* Tex. Bus. & Org. Code § 101.112. Section 101.112 provides in pertinent part: "(d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." In the event a judgment creditor obtains a charging order against an entity owned by the judgment debtor, "the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest." Tex. Bus. & Org. Code § 101.112(b).

21. Case law suggests that an exception to the foregoing "exclusivity" rule may apply under certain limited circumstances, which are not present here. Specifically, in *Heckert v. Heckert* the Fort Worth Court of Appeals held that a charging order is not the exclusive remedy for a judgment creditor to collect against a judgment debtor's interest in an LLC when (1) the judgment debtor is the sole owner of the LLC and (2) such LLC is not an operating business. *See Heckert v. Heckert*, No. 02-16-00213-CV, 2017 WL 5184840 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.). Thus, in this limited circumstance, a receiver who is appointed to enforce a judgment may obtain a turnover order that allows the receiver to have authority over a judgment debtor's interests but only when the judgment debtor is the sole owner and the entity is not an operating business. *See id.*

22. Here, the Court held that the Receiver Orders gave the Receiver the authority to litigate claims on behalf of Milestone and Otisco but neglected to follow the exclusivity rule set forth above and further, did not make any findings that the Receiver has met the exception in *Heckert*. Therefore, reconsideration of the Order to correct an error of law is necessary.

## **PRAYER**

WHEREFORE, Plaintiff requests that the Court grant the Motion and enter an order vacating the Order and denying the Authority Motion, and grant all other relief justly entitled.

Dated: October 31, 2025

Respectfully submitted,

Bruce J. Duke
*Pro Hac Vice* Application Pending

# **CERTIFICATE OF SERVICE**

I, Bruce Duke, do hereby certify that on the 31st day of October, 2025, I caused a copy of the foregoing pleading to be served to the Debtor, the Receiver, and all parties receiving electronic notice, through the Court's ECF System, e-mail, or via U.S. First Class Mail, postage prepaid:

**Counsel for Debtor**
Robert Luke Graham
Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201
Justin.Hanna@bclplaw.com
Luke.Graham@bclplaw.com

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406
kyle.hirsch@bclplaw.com

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St, Ste 4300,
Chicago, IL 60605
Brigid.Ndege@bclplaw.com

**Other Lawyers**
Lyndel Vargas
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
lvargas@chfirm.com

Justin Rayome
justin.rayome.law@gmail.com

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd. Room 230
Austin, TX 78701

**Receiver**
Leslie Luttrel
luttrell@lclawgroup.net