## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) |  |
| **RIC (LAVERNIA) LLC,** | ) | **Case No. 24-51195 (MMP)** |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Hipolito F. Garcia Federal Building and United States Courthouse, 615 Houston Street, Room 597, San Antonio, Texas 78205. If a timely response if filed, the Court will then set a hearing on the Third Fee Application, as defined below, and you will be provided with notice of the date, time and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Third Fee Application.**

### THIRD INTERIM APPLICATION
### OF BRYAN CAVE LEIGHTON PAISNER LLP
### FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
### AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR
### THE PERIOD APRIL 1, 2025 THROUGH SEPTEMBER 30, 2025

RIC (Lavernia) LLC (the "***Debtor***") files this *Third Interim Application of Bryan Cave Leighton Paisner LLP for Compensation and Reimbursement of Expenses as Counsel for the Debtor and Debtor in Possession for the Period April 1, 2025 through September 30, 2025* (the "***Third Fee Application***"). The Third Fee Application seeks allowance of fees in the amount of $334,387.87 and expenses in the amount of $14,066.93 for the period April 1, 2025 through September 30, 2025 (the "***Application Period***"). The fees requested reflect a write-off of $60,960.00 in billable work performed during the Application Period, plus an additional 15% ($59,009.63) courtesy discount off all fees billed during the Application Period.

If you object to the relief requested, you must respond in writing, stating the specific grounds therefor. Unless otherwise directed by the Court, you must file your

response with the Clerk of the Bankruptcy Court for the Western District of Texas, Hipolito F. Garcia Federal Building and United States Courthouse, 615 Houston Street, Room 597, San Antonio, Texas 78205 within 21 days from the date you were served with the Third Fee Application.  You must also serve a copy of your response to counsel for the Debtor, Kyle S. Hirsch, Bryan Cave Leighton Paisner LLP, Dallas Arts Tower, 2200 Ross Avenue, Suite 4200W, Dallas, Texas 75201, kyle.hirsch@bclplaw.com; otherwise the Court may treat the Third Fee Application as unopposed and grant the relief requested.

TO THE HONORABLE MICHAEL M. PARKER:

The Debtor files this Third Fee Application and respectfully requests approval of the compensation and expenses incurred by its counsel, Bryan Cave Leighton Paisner LLP ("**BCLP**"), as set forth herein.  The Debtor shows the Court as follows:

## PRELIMINARY STATEMENT

During the Application Period, BCLP's professionals continued guiding the Debtor through the chapter 11 process, including negotiating amendments to the proposed chapter 11 reorganization plan; analyzing and, as appropriate, informally resolving challenges to proofs of claim filed in the case; protecting the assets of the bankruptcy estate; and pursuing or defending litigation claims.

The bulk of the fees billed during the Application Period were for work performed litigating the Adversary Proceeding styled *RIC (Lavernia) LLC v. Milestone Capital CRE 1, LLC, et al.* (the "**Adversary Proceeding**").  The Adversary Proceeding seeks to, among other things, invalidate a purported Deed of Trust encumbering the Debtor's sole asset – undeveloped real estate in Wilson County, Texas.  BCLP incurred significant time because, among other reasons, Ali Choudhri – the principal of defendant Milestone Capital CRE 1, LLC ("**Milestone**") – orchestrated a campaign of concealment of information, delay, opposition to the Debtor's motion for sanctions.  All of the work performed by BCLP related to the Adversary Proceeding was both reasonable and necessary, but in a good faith attempt at easing the burden on the bankruptcy estate, BCLP voluntarily reduced its fees billed relating to the Adversary Proceeding.  It should also be noted that a significant amount of the fees and expenses billed in connection with the Adversary Proceeding and included in this Application have been submitted to the Court for an award of monetary sanctions against Milestone.

## BACKGROUND

1.  This case was filed under Chapter 11 of Title 11 of the United States Code, §§ 101-1532, *et seq.* (the "**Bankruptcy Code**") on June 27, 2024. No trustee has been appointed; the Debtor is a debtor in possession.

2.  The Adversary Proceeding was promptly removed to this Court after the commencement of this case.

3.  On August 27, 2024, the Court entered the *Order Granting the Debtor's Application for Order Authorizing the Retention of Bryan Cave Leighton Paisner LLP as Bankruptcy Counsel, Effective as of the Petition Date*, [Dkt. No. 34] authorizing the Debtor to employ BCLP.

4.  On February 3, 2025, Debtor filed its *Second Amended Disclosure Statement in Support of Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (as Amended)* [Dkt. No. 66].

5.  On February 20, 2025, the Court entered it *Amended Order Approving RIC (Lavernia) LLC's* First *Amended Disclosure Statement in Support of Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (as Amended) and Fixing Time for Filing Acceptances or Rejections of Chapter 11 Plan of Reorganization, Combined with Notice of Confirmation Hearings* [Dkt. No. 72].

6.  On April 21, 2025, the Debtor filed its *Motion for Sanctions* in the Adversary Proceeding [Adv. Dkt, No. 83] (the "**Sanctions Motion**"). The hearing on the Sanctions Motion was initially scheduled to take place on June 2, 2025, but for a number of reasons not caused by the Debtor, the hearing did not occur until August 6, 2025 and August 14, 2025.

7.  On July 23, 2025, the Debtor filed *Debtor's Chapter 11 Reorganization Plan Dated December 9, 2024 (Third Amendment)* [Dkt. No. 179] (the "**Plan**"). The hearing on confirmation of the Plan is currently scheduled for November 13, 2025 at 9:30 a.m.

8.  On October 10, 2025, the Court issued its *Order Granting Plaintiff's Motion for Sanctions* [Adv. Dkt. No. 176] and separate *Opinion* [Adv. Dkt. No. 177] granting, in part, the Sanctions Motion.

## SUMMARY OF SERVICES PERFORMED DURING APPLICATION PERIOD

9.  BCLP has performed the following activities on behalf of the Debtor during the Application Period:

(a) Corresponded with principals of the Debtor regarding the overall administration of this case, including the treatment of claims under the Plan.

(b) Prepared the Debtor's Monthly Operating Reports.

(c) Analyzed the proofs of claim filed by creditors and conferred with claimants to resolve disputes.

(d) Analyzed Wilson County tax parcel information with regard to the Debtor's sole asset.

(e) Negotiated and documented a resolution with attorney Paul Kirklin.

(f) In the Adversary Proceeding:

    a. Conferred with opposing counsel on a number of issues.

    b. Prepared various pleadings including the Sanctions Motion (with exhibits), notices of depositions, a motion for summary judgment, a motion to amend the scheduling order, and an objection to the motion to transfer cases intra-district.

    c. Analyzed discovery responses, disclosures, and document productions; and the legal standards and available relief regarding discovery violations.

    d. Conducted legal research regarding several key issues.

    e. Prepared for numerous hearings.

(g) Prepared BCLP's second interim application for compensation and reimbursement of expenses (the "***Second Fee Application***") and later motions for leave to file unredacted billing statements under seal and for in camera review.

(h) Prepared BCLP's disclosure of compensation in connection with the Adversary Proceeding.

(i) Continued to negotiate and refine the Plan, including the negotiation of exit financing.

(j) Prepared responses to objections and motion filed by another Choudhri-controlled entity, OTISCO RDX, LLC.

(k) Prepared witness and exhibits lists for hearings held during the Application Period.

(l) Participated in all hearings, including those held in the Adversary Proceeding, during the Application Period.

## SUPPORTING DOCUMENTS

10. The BCLP Third Fee Application Summary, which includes a summary description of services rendered by category, the total cost of each category and summarizing the nature and purpose of each category, and the results obtained, is attached hereto as **Exhibit A**.

11. A Compensation Support Exhibit with contemporaneous time records with itemized services rendered by category, descriptions of each service rendered, the amount of time spent rendering each service, the date each service was rendered, the name of the professional rendering the service, and the hourly rate of the professional rendering that service is attached hereto as **Exhibit B**.

12. A proposed order is attached hereto as **Exhibit C**.

13. BCLP seeks fees in the amount of $334,387.87 and expenses in the amount of $14,066.93 for the Application Period.

## ARGUMENT

14. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the standards set forth in section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." *See* 11 U.S.C. § 330(a)(1).

15. BCLP submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement were entirely necessary and beneficial to maximize value for all creditors and position the Debtor to successfully reorganize. The compensation that BCLP requests in this Third Fee Application is also reasonable in light of all circumstances and conditions in this case.

16. As discussed above, the bulk of fees were incurred in connection with the Adversary Proceeding. BCLP engaged in discovery efforts, and in motion practice relating to Milestone's deficient discovery responses. BCLP noticed several depositions and prepared for at least three, but witnesses failed or refused to appear. BCLP further prepared for and participated in a number of contested hearings, including hearings on defendant Milestone's motions to continue. Needless to say, BCLP's increased efforts devoted to the Adversary Proceeding have resulted in significant fees, but have been reasonable and necessary given the hurdles raised.

17. In an effort to ease the burden on the bankruptcy estate, BCLP accepted voluntary reductions from its fees. In addition to time entries that were removed entirely from the statement, BCLP designated numerous time entries without charge totaling $60,960.00. *See* **Exhibit B** (reflecting "No Charge" for various time entries related to the Adversary Proceeding). Per its fee agreement with the Debtor, BCLP applied an additional 15% overall fee discount. As a result, BCLP is seeking allowance and payment of significantly reduced fees as compared to the work actually performed – further evidencing the reasonableness of the amount of fees requested in this Third Fee Application.

WHEREFORE, BCLP respectfully requests (i) approval and allowance of its fees and expenses in the total amount of $348,454.80, being $334,387.87 in fees incurred by BCLP for reasonable and necessary professional services rendered to the Debtor and $14,066.93 for actual and necessary costs and expenses for the Application Period; (ii) that the aforesaid fees and expenses be classified as administrative expenses pursuant to 11 U.S.C. § 503(b)(2); (iii) authorizing and directing the Debtor to pay BCLP the approved and allowed fees; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of November, 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

 */s/ Kyle S. Hirsch*
Kyle S. Hirsch (Texas Bar No. 24117262)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: kyle.hirsch@bclplaw.com

*Counsel for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of November 2025, I electronically filed the foregoing using the Court's CM/ECF filing system. The CM/ECF system generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in this case as noted below.

Moreover, I further certify that true and correct copies of the same were served to those parties who do not receive electronic notices in this case via electronic mail and via United States First Class Mail as noted below.

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12
erin.coughlin@usdoj.gov; carey.a.tompkins@usdoj.gov; omar.e.jones@usdoj.gov

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@langleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@langleybanack.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com; sshank@spectorcox.com; ahawkins@spectorcox.com; slthorn@spectorcox.com; hspector@ecf.courtdrive.com

Justin Rayome on behalf of Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC
justin.rayome.law@gmail.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net; sdpitts@lclawgroup.net; wperotti@lclawgroup.net;
emeier@lclawgroup.net

Lyndel A. Vargas on behalf of Interested Party Otisco RDX, LLC
LVargas@chfirm.com; chps.ecfnotices@ecf.courtdrive.com;
kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com; chps.ecfnotices@ecf.courtdrive.com;
kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com; chps.ecfnotices@ecf.courtdrive.com;
kbeckton@ecf.courtdrive.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master
Mortgage LP
lynn.butler@huschblackwell.com; penny.keller@huschblackwell.com;
christine.deacon@huschblackwell.com; elizabeth-spivey-5378@ecf.pacerpro.com;
lynn-hamilton-butler-2113@ecf.pacerpro.com

Natalie F. Wilson on behalf of Interested Parties John Daves and Lori Daves
nwilson@langleybanack.com; cjohnston@langleybanack.com;
sfoushee@langleybanack.com

Paul Kirklin
pkirklin@kirklinlaw.com

Rhonda Bear Mates on behalf of Interested Party Gregory S. Milligan
mates@slollp.com; winter@slollp.com

Ronald J Smeberg on behalf of Interested Party Otisco RDX, LLC
ron@smeberg.com; ronaldsmeberg@yahoo.com; denielle@smeberg.com

Ronald J Smeberg on behalf of Interested Party Milestone Capital CRE 1, LLC
ron@smeberg.com; ronaldsmeberg@yahoo.com; denielle@smeberg.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
service@houstonip.com; snpalavan@recap.email

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

In addition, a copy was emailed and sent via First Class US Mail to:

Ali Choudhri
1001 West Loop South, Suite 700
Houston, Texas 77027

Email: ali@jetallcapital.com; legal@jetallcapital.com

Dated: November 5, 2025

**BRYAN CAVE LEIGHTON PAISNER LLP**

 */s/ Kyle S. Hirsch*
Kyle S. Hirsch (Texas Bar No. 24117262)
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile:  (214) 721-8100
Email: kyle.hirsch@bclplaw.com

*Counsel for the Debtor and Debtor in Possession*

# EXHIBIT A

## THIRD FEE APPLICATION SUMMARY

## THIRD FEE APPLICATION SUMMARY

I.  **CLIENT:**  RIC (Lavernia) LLC, the Debtor

II.  **REQUESTING APPLICANT/FIRM:**

> Bryan Cave Leighton Paisner LLP
> Counsel to the Debtor
> Date of Retention: Order entered August 27, 2024, *nunc pro tunc*

III.  **TOTAL AMOUNT OF FEES REQUESTED:**

  a.  Fees:                  $334,387.87
  b.  Expenses:              $14,066.93
  c.  Time period covered:   April 1, 2025 – September 30, 2025
  d.  Retainer:              $0.00

IV.  **BREAKOUT OF CURRENT APPLICATION:**

| NAME/CAPACITY | RATE | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| Marl A. Ercolano - Associate | $535.00 | 10.90 | $5,831.50 |
| Deborah A. Field – Paralegal | $485.00 | 20.00 | $9,700.00 |
| Deborah A. Field – Paralegal* | $485.00 | 13.00 | $0.00 |
| R. Luke Graham – Associate | $670.00 | 99.10 | $66,397.00 |
| R. Luke Graham – Associate* | $670.00 | 4.70 | $0.00 |
| Justin D. Hana – Associate | $750.00 | 222.70 | $167,025.00 |
| Justin D. Hana – Associate* | $750.00 | 38.10 | $0.00 |
| Kyle S. Hirsch – Partner | $940.00 | 107.10 | $100,674.00 |
| Kyle S. Hirsch – Partner* | $940.00 | 17.00 | $0.00 |
| Chloe H. Moreno - Associate | $610.00 | 42.60 | $25,986.00 |
| Chloe H. Moreno – Associate* | $610.00 | 7.50 | $0.00 |
| Brigid K. Ndege – Associate | $720.00 | 24.70 | $17,784.00 |
| Brigid K. Ndege – Associate* | $720.00 | 3.30 | $0.00 |
| **TOTALS:** | | **610.70** | **$393,397.50** |

**Less 15% Courtesy Discount:** ($59,009.63)

**GRAND TOTAL:** $334,387.87

**Average Rate:** $644.17

*Indicates time billed at no charge

MINIMUM FEE INCREMENTS:   .10

TOTAL EXPENSES:                $14,066.93

AMOUNT ALLOCATED FOR PREPARATION OF THIS THIRD FEE APPLICATION:

The time spent preparing this Third Fee Application will appear in a future application for compensation.

## V.    PRIOR APPLICATIONS:

| Date of Hearing | Amount Requested | Amount Authorized |
|---|---|---|
| 12/18/24 | $92,950.20 for fees and expenses | $86,250.20 for fees and expenses |
| 05/25/25 | $171,988.60 for fees and expenses | $167,553.60 for fees and expenses |

* (Explain if any of the previous authorized amounts still remain to be paid.)

## VI.    OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE:

United States Trustee

Explain whether allowance of your Application will or will not result in this estate not being able to pay all co-equal or superior administrative claims in this case.  N/A

## VII.    RESULTS OBTAINED FROM April 1, 2025 – September 30, 2025:

(a) Corresponded with principals of the Debtor regarding the overall administration of this case, including the treatment of claims under the Plan.

(b) Prepared the Debtor's Monthly Operating Reports.

(c) Analyzed the proofs of claim filed by creditors and conferred with claimants to resolve disputes.

(d) Analyzed Wilson County tax parcel information with regard to the Debtor's sole asset.

(e) Negotiated and documented a resolution with attorney Paul Kirklin.

(f) In the Adversary Proceeding:

    a. Conferred with opposing counsel on a number of issues.

    b. Prepared various pleadings including the Sanctions Motion (with exhibits), notices of depositions, a motion for summary judgment, a motion to amend the scheduling order, and an objection to the motion to transfer cases intra-district.

    c. Analyzed discovery responses, disclosures, and document productions; and the legal standards and available relief regarding discovery violations.

    d. Conducted legal research regarding several key issues.

    e. Prepared for numerous hearings.

(g) Prepared BCLP's Second Fee Application and later motions for leave to file unredacted billing statements under seal and for in camera review.

(h) Prepared BCLP's disclosure of compensation in connection with the Adversary Proceeding.

(i) Continued to negotiate and refine the Plan, including the negotiation of exit financing.

(j) Prepared responses to objections and motion filed by another Choudhri-controlled entity, OTISCO RDX, LLC.

(k) Prepared witness and exhibits lists for hearings held during the Application Period.

(l) Participated in all hearings, including those held in the Adversary Proceeding, during the Application Period.

## Compensation by Project Category

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| B110 – Case Administration | 3.10 | $1,786.00 |
| B120 – Asset Analysis and Recovery | 7.50 | $5,076.00 |
| B160 – Fee/Employment Applications | 37.60 | $22,972.50 |
| B190 – Other Contested Matters | 433.40 | $288,124.00 |
| B195 – Non-Working Travel | 16.50 | $0.00 |
| B210 – Business Operations | 8.20 | $3,698.50 |
| B230 – Finance/Cash Collateral | 2.90 | $2,023.00 |
| B310 – Claims Administration & Objections | 14.60 | $11,151.50 |
| B320 – Plan & Disclosure Statement | 86.90 | $58,566.00 |
| **TOTALS:** | **610.70** | **$393,397.50** |

**Less 15% Courtesy Discount:**      **($59,009.63)**

**GRAND TOTAL:**      **$334,387.87**

## Expense Summary

| Expense | Date Incurred | Total |
|---|---|---:|
| Computer Supplies | 09/03/25 | $43.08 |
| Federal Express Charges | 08/02/25 | $639.81 |
| Hearing Transcript – 06/05/25 – Exceptional Reporting | 06/23/25 | $72.50 |
| Hearing Transcript – 07/03/25 – J&J Court Transcribers | 07/30/25 | $1,241.00 |
| Hearing Transcript – 08/06/25 – J&J Court Transcribers | 08/11/25 | $104.40 |
| Hearing Transcript – 08/06/25 – J&J Court Transcribers | 08/13/25 | $1,314.00 |
| Outside Copy Charges – Stipulated Judgment – Special Delivery Services | 04/26/25 | $333.12 |
| Outside Copy Charges – Office Depot | 07/01/25 | $545.58 |

| Expense | Date Incurred | Total |
|---|---|---|
| Outside Copy Charges – FedEx Office | 07/02/25 | $2.03 |
| Outside Copy Charges – FedEx Office | 07/02/25 | $29.49 |
| PACER Charges – B. Ndege | Q4 2024 | $0.00 |
| PACER Charges – C. Moreno | 04/27/25 | $0.00 |
| PACER Charges – D. Field | Q4 2024 | $0.00 |
| PACER Charges – K. Hirsch | Q1 2025 | $0.00 |
| Postage Charges – FedEx Office | 09/03/25 | $105.65 |
| Process of Service – Jennifer MacGeorge – 03/03/25 - US Legal Support | 03/03/25 | $405.00 |
| Process of Service – Jennifer MacGeorge - 03/27/25 - Proof | 03/27/25 | $150.00 |
| Process of Service – Jennifer MacGeorge - 03/27/25 - Proof | 03/27/25 | $150.00 |
| Recording Fee – Stipulated Judgment – SimpliFile | 04/17/25 | $234.00 |
| Recording Fee – Stipulated Judgment – SimpliFile | 04/26/25 | $294.00 |
| **Travel Expenses** | | |
| Airfare – Justin Hannah | 07/02/25 – 08/14/25 | $3,396.04 |
| Airfare – Kyle Hirsch | 05/27/25 – 08/14/25 | $3,971.16 |
| Car Rental – Kyle Hirsch | 08/05/25 | $114.64 |
| Hotel – Justin Hannah | 07/22/25 | $141.12 |

| Expense | Date Incurred | Total |
|---|---|---|
| Hotel – Kyle Hirsch | 05/24/25 – 08/13/14 | $480.31 |
| US Legal Support – Remote Deposition Services Cancellation Fee – Alfred K. Williams | 03/26/25 | $300.00 |
| **TOTALS:** | | **$14,066.93** |

Receipts for expenses in excess of $100.00 are attached

# EXHIBIT B

## BCLP STATEMENT FOR THE APPLICATION PERIOD

**Detail for Expenses Over $100.00**

# EXHIBIT C

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 24-51195 (MMP) |
| RIC (LAVERNIA) LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
| _____ | ) |  |

**ORDER GRANTING THIRD INTERIM APPLICATION OF**
**BRYAN CAVE LEIGHTON PAISNER LLP FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE**
**DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD**
**NOVEMBER 1, 2024 THROUGH MARCH 31, 2025**

Upon the *Third Interim Application of Bryan Cave Leighton Paisner LLP for Compensation and Reimbursement of Expenses as Counsel for the Debtor and Debtor in Possession for the Period November 1, 2024 through March 31, 2025* (the "***Third Fee Application***")[1] for entry of this Order pursuant to Sections 330, 331, and 503(b)(2) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2016 and Rule 2016 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas, for compensation and reimbursement of expenses, as further

---

[1]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Third Fee Application.

617790165

described in the Third Fee Application; and this Court having jurisdiction to consider the Third Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the O*rder of Reference on Bankruptcy Cases and Proceedings* from the United States District Court for the Western District of Texas, dated as of October 4, 2013; and consideration of the Third Fee Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. 157(b)(2)(A) and (B); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Third Fee Application being adequate and appropriate under the particular circumstances; and upon the record of any hearing held to consider the relief requested in the Third Fee Application; and this Court having found and determined that the relief sought in the Third Fee Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest and that the legal and factual bases set forth in the Third Fee Application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation, and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.    The Third Fee Application is GRANTED as set forth herein.

2.    BCLP's fees for the period from April 1, 2025 through September 30, 2025 in the amount of $334,387.87 are hereby allowed in full.

3.    BCLP's expenses for the period from April 1, 2025 through September 30, 2025 in the amount of $14,066.93 are hereby allowed in full.

4.    The aforesaid awards are hereby classified as administrative expenses pursuant to 11 U.S.C. § 503(b)(2).

5.    The Debtor is hereby authorized and directed to pay BCLP the aforesaid awards.

6.    The notice described in the Third Fee Application is sufficient and any requirement of further or different notice is hereby waived.

7.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.    The Debtor is directed, within three business days of the entry of this Order, to serve a copy hereof upon all the parties that were served with the Third Fee Application.

9.    This Court shall retain exclusive jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

###

Prepared and submitted by:

Kyle S. Hirsch (Texas Bar No. 24117262)
**BRYAN CAVE LEIGHTON PAISNER LLP**
Dallas Arts Tower
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile:  (214) 721-8100
Email: kyle.hirsch@bclplaw.com

*Counsel for the Debtor and Debtor in Possession*