IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ' | CASE NO. 24-51195-mmp |
| | ' | |
| RIC (Lavernia), LLC, | | |
| DEBTOR | ' | CHAPTER 11 |

### RESPONSE TO COURT REQUEST TO ADDRESS STATE COURT RECEIVER'S REQUEST TO RETROACTIVELY STRIKE PLEADINGS

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Lyndel Anne Vargas of the law firm of Cavazos Hendricks Poirot, PC, who is one counsel who formerly appeared on behalf of Otisco, LLC, a limited liability company owned by Shanaz Choudhri, and Milestone CRE I, LLC managed and majority-owned by Ali Choudhri with regard challenging this Debtor's ownership of the sole asset it scheduled and thus challenging these reorganization proceedings as a sham. [Doc nos. 237, 238, 245, 254, 255, 256, 271] I also filed Responses at this Court's direction [Doc no. 285] to show authority in light of the Receiver's show cause requests. [Doc. Nos. 288 and 290].

I was retained after the Supersedeas With Alternate Security had been filed in the State Court proceedings pursuant to the State Court Order in the A and D cases of March 7, 2025, admitted in the October hearing concerning authority.

This Court also took judicial Notice of the <u>Supersedeas With Alternative Security</u> (filed in both the A and D cases) at the time of the hearing.

In my first appearance in this Court for Mr. Choudhri (Case 24-bk-10120, Doc. No. 687) the Court took up, among other matters, the State Court Receiver's Motion for Relief From Stay in the cases of Texas REIT, LLC and In re 1001 WL, LLC (Case No. 24-bk-10119, Dock No. 954). I opposed the standing of the Receiver to bring such motion as only the Judgment

**RESPONSE REGARDING REQUEST TO STRIKE PLEADINGS**

Creditors held such standing, I also opposed it due to the stay in effect as the result of the Supersedeas With Alternate Security, and further because the appeals were still pending. On September 12, 2025, that Court agreed to reserve all of my objections and found cause for very limited relief- to permit the State Court Receiver to go back to the Receivership Court to seek broader authority against LLC interests due to a new case and to confer as to "the active status of the receivership." The Order also expressly provided no relief to exercise control over property of the Estate, did not grant any collection or enforcement in the bankruptcy court, and permitted only the exercise of state court rights if the bankruptcy case were dismissed. With this same ruling, made in several Western District cases, there was no reason to believe that State Court Receiver or his counsel would seek to exercise any authority in the Bankruptcy Courts, unless and until, the State Court had addressed the clarification he represented he would be going to that Court to obtain.

The A and D Case Appeals are both still pending and none of the *judgment creditors* (the only ones with standing to do so) have challenged the sufficiency of the Supersedeas With Alternate Security, nor has the State Court Receiver received any ruling from the State Court that the receivership is active in light of the Supersedeas. Thus, my clients and I had a reasonable belief, before and after the September 12 Order of limited stay relief, that we could continue to assert their rights and protect their interests in the bankruptcy courts. One such client is Shanaz Choudhri, who is not a judgment debtor and not subject to the Receivership Orders.

I believe the premises upon which the rulings as to authority are based were misguided because (i) they ignore paragraphs 24-26 of the March 7, 2025, State Court Order which specifies the Supersedeas Requirements later met by Mr. Choudhri, and is an order that the judgment creditors did not appeal nor challenge when each Supersedeas was filed, and (ii) the judgment debtors did not need to appeal the second Receivership Order as all judgment

**RESPONSE REGARDING REQUEST TO STRIKE PLEADINGS**

enforcement was later stayed when the Supersedeas With Alternate Security were posted and filed.

The documents Receiver's counsel seeks to retroactively strike are ones filed at the request of this Court and the objections based upon the rights of the owner of Otisco and the lien rights held by Milestone. I, therefore, respectfully propose that no pleadings should be retroactively stricken. Although this Court has now found that the Receiver holds authority, not Mr. Choudhri, before the October hearing the Receiver had acknowledged that any such authority was in question and that the State Receivership Court would be addressing the same in November. He changed his position and challenged Mr. Choudhri's authority and mine to serve as counsel for the first time in October, without any prior notice to me and any new legal authority. Therefore, no justification exists to retroactively strike filings in this case.

November 17, 2025,

Respectfully submitted,

*/s/ Lyndel Anne Vargas*
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for OTISCO, LLC,
And Milestone CRE 1, LLC

**RESPONSE REGARDING REQUEST TO STRIKE PLEADINGS**