UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RIC (Lavernia) LLC | § | Case No. 24-51195-mmp |
| | § | Chapter 11 |
| Debtor. | § | |

**RESPONSE OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO AMENDED MOTION OF ALI CHOUDHRI TO VACATE/RECONSIDER ORDER GRANTING RECEIVER'S MOTION TO SHOW AUTHORITY**
**[ECF 325]**

TO THE HONORABLE MICHAEL PARKER,
UNITED STATES BANKRUPTY JUDGE :

COMES NOW, Travis Vargo, the State Court appointed Receiver, (the "Receiver") and files this his *Response of Travis Vargo, State Court Appointed Receiver, To Amended Motion of Ali Choudhri To Vacate/Reconsider Order Granting Receiver's Motion To Show Authority* [ECF 325], and in support thereof would respectfully show the Court as follows:

**I.**
**SUMMARY OF RESPONSE**

1. The *Amended Motion of Ali Choudhri To Vacate/Reconsider Order Granting Receiver's Motion To Show Authority* [ECF 325] (the "Choudhri Motion") should be denied on both procedural and substantive grounds. Procedurally, the Choudhri Motion should be denied because it was not timely filed under Rule 9023. Substantively, the Choudhri Motion should be denied because (1) there was no "manifest error of fact or law" made by the Court in its determination that the "Supersedeas on Alternative Security"[1] did not

---

[1] The central tenet on which Choudhri relied in the filings by Lyndel Vargas in opposition to the Receiver's Motion to Show Authority [ECF 277] was the application of Rule 24 Tex. R. App. P. and his contention that the mere filing of the "Supersedeas on Alternative Security" was sufficient to supersede the judgments in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri* (the "A-Case") and Cause No. 2012-27197-D *Mokaram-Latif West Loop, Ltd., v. Ali Choudhri, et al* (the "D-Case").

suspend the Receiver's post judgment collection efforts against Ali Choudhri ("Choudhri") on the Judgments entered in the A-Case or the D-Case, and (2) the Court properly exercised its jurisdiction to determine the authority of parties before it to appear and be heard.

2.  Choudhri's contention that this Court's *Order Granting The Receiver's Motion To Show Authority* [ECF 304] (the "Authority Order") should be vacated because the "Supersedeas on Alternative Security" *actually* superseded the enforcement of the Judgments against Choudhri - and therefore the failure to perfect the appeals of the Receivership Orders[2] are immaterial - is simply ludicrous. Whether directed towards the appeal of the Judgments *or* the appeal of the Receivership Orders, as explained by both this Court and Judge Bradley in the companion orders entered in Texas REIT[3] and 1001WL[4] cases, the "Supersedeas on Alternative Security" failed to comply with Rule 24 of the Texas Rules of Appellate Procedure in effect for the A-Case and D-Case and was, therefore, ineffective to supersede the appeal of the Receivership Orders *or* the Judgments.

3.  The Choudhri Motion further fails in its contention that this Court erred in deciding issues of State law and *should* have abstained from determining whether Receiver had the exclusive right to proceed in this Court relative to the claims and/or defenses of Otisco RDX, LLC ("Otisco"), Milestone Capital CRE 1, LLC (the "Milestone"),

---

[2] The *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "A-Case Receivership Order") and the *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "D-Case Receivership Order") (collectively the "Receivership Orders").

[3] In re: Texas REIT, LLC pending under Case No. 24-10120-smr in the U.S. Bankruptcy Court for the Western District of Texas, Austin Division

[4] In re: 1001WL, LLC Case No. pending under Case No. 24-10119-smr in the U.S. Bankruptcy Court for the Western District of Texas, Austin Division

and Choudhri, ostensibly in deference to the Receivership Court[5]. First, the contention that this Court erred because it *should* have abstained is nothing more than the attempted re-litigation of the substantive issues presented to the Court and decided in the Authority Order. Alternatively, it is an attempt to rais an issue that should have or could have been raised but was not, which is a prohibited use of Rule 59, and by extension, Rule 9023. *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). The authority of the Receiver to proceed in the Bankruptcy Court was the central issue raised int the Receiver's Motion and the core of the Authority Order. This Court, in entering the Authority Order, expressly determined that the proper party to assert the positions of Otisco, Milestone and Choudhri under the Receivership Orders, in the absence of a proper supersedeas, is the Receiver.

4. Finally, long before the appearance of the Receiver, Choudhri, Milestone and Otisco each consented to the jurisdiction of the Bankruptcy Court and entry of final orders and judgment by seeking affirmative relief in connection with the RIC (Lavernia) LLC bankruptcy proceeding. *In re Barney's Boats of Chicago, Inc*., 616 F.2d 164, 166 (5th Cir. 1980).

## II.
## ARGUMENT AND AUTHORITIES

### A. The Choudhri Motion was not timely filed.

5. The Choudhri Motion seeks reconsideration of the Authority Order under Rule 9023 which provides that a "motion for a new trial or to alter or amend a judgment *shall* be filed, . . ., *no later than 14 days* after entry of judgment." Rule 9023 Bank. R. Pro.

---

[5] The Honorable Randy Wilson sitting by assignment in the 333rd Judicial District Court of Harris County, Texas

This Court entered the Authority Order on October 17, 2025. On October 31, 2025 – the 14th day following the entry of the Authority Order – Choudhri, through Bruce Duke – filed his *Motion For Reconsideration Of The Order Granting The Receiver's Motion To Show Authority* at ECF 308 (the "First Motion"). The First Motion was dismissed three days later on November 3, 2025 for lack of compliance with the Local Rules for the Western District of Texas (the "Local Rules") at ECF 312. On the same day, but after the expiration of the 14-day deadline, an *Amended Motion For Reconsideration Of The Order Granting The Receiver's Motion To Show Authority* at ECF 313 (the "Second Motion") was filed. The Second Motion was dismissed on November 4, 2025 at ECF 314 for failure to comply with the Local Rules. On November 7, 2025, Choudhri filed another *Amended Motion For Reconsideration Of The Order Granting The Receiver's Motion To Show Authority* at ECF 325 (the "Third Motion"). The Third Motion was filed on the 21st day following the entry of the Authority Order, seven days after the mandatory deadline for filing a motion under Rule 9023.

6. Rule 9006 governs the computation and extension of time under the Bankruptcy Rules of Procedure. Specifically, Rule 9006(b)(1) prohibits the enlargement of time for taking actions under Rules 9023 and 9024. Rule 9006(b)(1) Bank. R. Pro. Rule 15(c) of the Federal Rules of Civil Procedure provides for the relation back of an amended pleading to the original pleading *only* when the law that provides for the applicable deadline "allows relation back". Rule 15(c)(1)(A) Fed. R. Civ. P. Rule 9023 makes no such provision; in fact, the Rule provides that the filing of a motion must be "no later than 14 days after entry of judgment". Rule 9023 Bank. R. Pro. Because Rule 9006(b)(1) prohibits the enlargement of the 14-day time frame and Rule 15(c) does not provide for relation back in this context, the Choudhri Motion should be denied.

### B. There was no "manifest error of fact or law."

7.  In the event that the Court concludes that the Choudhri Motion was timely, it is substantively deficient and should be denied. The purported "manifest error of fact and law" is this Court's analysis of the application of TRAP 24 to the "Supersedeas on Alternative Security". This issue was exhaustively analyzed by this Court and Judge Bradley. The Choudhri Motion again contends that the A-Case and D-Case have been superseded and, therefore, the role of the Receiver is suspended pending the conclusion of the appeal of those cases pursuant to Rule 24.1(f) of the Texas Rules of Appellate Procedure which provides that "[e]nforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. Pro. 24.1(f). Choudhri was wrong originally and continues to be wrong now.

8.  This Court specifically addressed the issue raised in the Choudhri Motion as the "manifest error" – the absence of consideration of the appeal of the Judgments themselves. This Court analyzed this possibility and opined as follows:

> And even if the appeals were to apply to the Amended Orders, the supersedeases themselves are invalid. Mr. Choudhri purported to file supersedeases with alternate security under Texas Rule of Appellate Procedure 24.1(a)(4).[5] But the rule (in the version that applies, *see supra* note 5) requires an alternate security "ordered by the court." There is no court order. The supersedeases are invalid, and the Amended Orders remain in effect.

In its analysis, this Court concluded that the version of Rule 24.1(a)(4) of the Texas Rules of Appellate Procedure that applies to the A-Case and the D-Case is: "Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by providing alternate security **_ordered by the court_**." TEX. R. APP. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023) (emphasis added). It is

undisputed[6] that the A-Case and the D-Case are "civil actions" that were commenced in 2012, more than a decade prior to the 2023 amendments to Rule 24 of the Texas Rules of Appellate Procedure.

9. Accordingly, because the very issue that the Choudhri Motion points to as "manifest error" was, in fact considered by this Court, the Choudhri Motion should be denied because <u>Choudhri did not obtain an order from the Receivership Court</u> as required pursuant to Rules 24.1(a)(4) and 24.2(e) of the Texas Rules of Appellate Procedure. *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025); *see also* the implementing order issued by the Supreme Court of Texas entered as Miscellaneous Docket No. 23-9101 (the amendments to Rule 24 "apply only to a civil action commenced on or after September 1, 2023").

**C. This Court properly exercised its jurisdiction in entering the Authority Order**

10. "A court by necessity has the authority to determine its own jurisdiction over the parties and subject matter, and does so either tacitly or expressly, by rendering a judgment." *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1052 (5th Cir. 1987). This Court was asked to determine who had the authority to proceed with the matters presently pending before it and did so in entering the Authority Order. The issue of abstention, whether permissive or mandatory, was one that could and/or should have been brought to the Court by Choudhri in his Response[7] to the Receiver's Motion to Show Authority[8]. The issue of abstention was not raised by Choudhri in connection with the hearing on the Receiver's Motion to Show Authority. As noted in the Summary section, Rule 59 "cannot be used to raise arguments or claims "that could, and should, have been made before the

---

[6] See Authority Order pg. 5, fn. 5
[7] Choudhri filed his Response at ECF 289 and his Amended Response at ECF 290, neither of which addressed abstention – whether mandatory or permissive
[8] See ECF 277

judgment issued." *Marseilles Homeowners Condo. Ass'n,* 542 F.3d at 1058; *see also Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012).

11. Accordingly, the Choudhri Motion should be denied as the only substantive matter raised and not previously litigated is the issue of abstention which could have been raised but was not raised by Choudhri in connection with the Receiver's Motion to Show Authority.

## CONCLUSION

The Choudhri Motion should be denied on the grounds that it was not timely filed under Rule 9023. Alternatively, the Choudhri Motion should be denied because it fails to articulate any manifest error of law or fact which would merit a new hearing on the Motion to Show Authority. Because the Judgments in the A-Case and D-Case were not superseded, neither Choudhri, individually, nor on behalf of Otisco, Milestone or any of the Choudhri LLCs have any authority to engage counsel and take a position in any proceeding affecting the assets of those entities or the non-exempt assets of Choudhri which are under the supervision and control of the Receiver pursuant to the terms of the Receivership Orders and *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025).

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court, deny the Choudhri Motion and grant the Receiver such other an further relief at law or in equity to which he may be justly entitled.

## End of Pleading ##

Dated this 24th day of November 2025.

                              Respectfully submitted,

                              Luttrell + Carmody Law Group
                              One International Centre
                              100 N.E. Loop 410, Suite 615
                              San Antonio, Texas 78216
                              Tel.   210.426.3600
                              Fax   210.426.3610

                              By: /s/ Leslie M. Luttrell
                                  Leslie M. Luttrell
                                  State Bar No. 12708650
                                  luttrell@lclawgroup.net

                              **ATTORNEYS FOR TRAVIS B. VARGO, STATE COURT-APPOINTED RECEIVER**

# CERTIFICATE OF SERVICE

      I, Leslie M. Luttrell, do hereby certify that on the 24th day of November 2025, I caused a copy of the foregoing pleading to be served to the Debtor, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
RIC (Lavernia) LLC
162 Cumberland Street, Suite 300
Toronto, ON M5R 3N5

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

**Counsel for Debtor**
Robert Luke Graham
Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

**Other Lawyers**
Lyndel Vargas
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202

Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

Bruce J. Duke
DUKE LAW FIRM
141-1 Route 130 South, #380
Cinnaminson, NJ 08077

      /s/ Leslie M. Luttrell
      Leslie M. Luttrell

```
Label Matrix for local noticing          RIC (Lavernia) LLC                        U.S. BANKRUPTCY COURT
0542-5                                   162 Cumberland Street, Suite 300          615 E. HOUSTON STREET, ROOM 597
Case 24-51195-mmp                        Toronto, ON M5R 3N5 Canada                SAN ANTONIO, TX 78205-2055
Western District of Texas
San Antonio
Mon Nov 24 10:38:55 CST 2025

Ali Choudhri                             Andres Cedillos                           FNA VII, LLC
1001 West Loop South, Suite 700          3951 FM 1303                              c/o Howard Marc Spector
Houston, TX 77027-9033                   Floresville, TX 78114-6440                12770 Coit Rd., Ste. 850
                                                                                   Dallas, TX 75251-1364


George H. Spencer, Jr.                   Internal Revenue Service                  John Daves
Langley Banack, Inc.                     Centralized Insolvency Operations         The Daves Law Firm
Trinity Plaza II, Seventh Floor          Post Office Box 7346                      3624 North Hills Drive
745 Mulberry                             Philadelphia, PA 19101-7346               Suite B100
San Antonio, TX 78212-3141                                                         Austin, TX 78731-3242


John and Lori Daves                      Lori Daves and John Daves                 Milestone Capital CRE 1, LLC
331 Story Drive                          c/o Natalie F. Wilson                     2704 Joanel Street
Buda, TX 78610-3340                      Langley & Banack, Inc.                    Houston, TX 77027-5304
                                         745 E. Mulberry, Ste. 700
                                         San Antonio, TX 78212-3172


Milestone Capital CRE 1, LLC             Office of the United States Trustee       Otisco RDX, LLC
c/o Lyndel Vargas                        615 E. Houston Street                     c/o Lyndel Vargas
Cavazos Hendricks Poirot, P.C.           Suite 533                                 Cavazos Hendricks Poirot, P.C.
900 Jackson Street, Suite 570            San Antonio, TX 78205-2055                900 Jackson Street, Suite 570
Dallas, TX 75202-2413                                                              Dallas, TX 75202-2413


Peter J. Stanton                         Propel Financial Services as agent        Propel Financial Services, as Agent for FNA
The Law Offices of Peter J. Stanton      and attorney in fact for FNA VII, LLC     12672 Silicon Drive, Suite 150
111 Soledad                              c/o Howard Marc Spector                   San Antonio, TX 78249-3450
Suite 470                                12770 Coit Rd, Ste 850
San Antonio, TX 78205-2243               Dallas, TX 75251-1364


TIG Romspen US Master Mortgage LP        The Wilson County Tax Collector           Travis B. Vargo
c/o Lynn Hamilton Butler                 c/o Linebarger Goggan Blair Sampson       c/o Leslie M. Luttrell
Husch Blackwell LLP                      Terrace 2                                 Luttrell + Carmody Law Group
111 Congress Avenue, Suite 1400          2700 Via Fortuna Drive, Suite 500         100 N.E. Loop 410, Suite 615
Austin, TX 78701-4093                    Austin, TX 78746-7998                     San Antonio, Texas 78216-4713


United States Trustee - SA12             (p)LINEBARGER GOGGAN BLAIR & SAMPSON LLP  Wilson County Tax Collector
US Trustee's Office                      ATTN DON STECKER                          Attn Dawn P. Barnett
615 E Houston, Suite 533                 112 E PECAN                               1 Library Lane
San Antonio, TX 78205-2055               SUITE 2200                                Floresville, TX 78114-2239
                                         SAN ANTONIO TX 78205-1588


Brigid K Ndege                           Justin Hanna                              Kyle Hirsch
Bryan Cave Leighton Paisner              Bryan Cave Leighton Paisner LLP           Bryan Cave Leighton Paisner LLP
161 N Clark St                           2200 Ross Avenue                          Two North Central Ave, Suite 2100
Ste 4300,                                Suite 4200w                               Phoenix, AZ 85004-4533
Chicago, IL 60601-3315                   Dallas, TX 75201-2763


Robert Luke Graham
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201-2763
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Wilson County | End of Label Matrix |
| c/o Karalyssa C Casillas | Mailable recipients 27 |
| 112 E. Pecan Street, Suite 2200 | Bypassed recipients 0 |
| San Antonio, TX 78205 | Total 27 |