**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S RESPONSE IN OPPOSITION TO AMENDED MOTION
OF ALI CHOUDHRI TO VACATE/RECONSIDER ORDER
GRANTING THE RECEIVER'S MOTION TO SHOW AUTHORITY**

RIC (Lavernia) LLC, the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") hereby responds in opposition to the *Amended Motion to Ali Choudhri to Vacate/Reconsider Order Granting the Receiver's Motion to Show Authority* [ECF No. 325] (the "Amended Motion for Reconsideration"). In support of this response, Debtor states as follows:

**INTRODUCTION**

The Amended Motion for Reconsideration is merely another attempt by Ali Choudhri ("Choudhri") to derail legitimate Court orders. The Amended Motion for Reconsideration offers no valid reason for this Court to unwind its *Order Granting the Receiver's Motion to Show Authority* (the "Authority Order") [ECF No. 305], which affirmed the authority of the state court-appointed receiver, Travis Vargo (the "Receiver"), to make litigation decisions for Choudhri and certain entities that he purports to own and control, including Milestone Capital CRE 1, LLC and Otisco RDX, LLC. Moreover, even if Choudhri's arguments carried weight, the Amended Motion for Reconsideration was untimely filed and must be denied as a matter of law.

## ARGUMENT

### I. The Amended Motion for Reconsideration was Untimely Filed.

The Amended Motion for Reconsideration fails in the first instance because it was not filed within the strict fourteen-day period post-judgment mandated by Federal Rule of Bankruptcy Procedure 9023. *See, e.g.*, FED. R. BANKR. P. 9023(b) ("A motion for a new trial or to alter or amend a judgment **must** be filed within 14 days after the judgment is entered."). Choudhri filed the Amended Motion for Reconsideration on November 7, 2025—sixteen days after entry of the Authority Order on October 22, 2025. *See* ECF Nos. 305, 325.

Though Choudhri filed his *Motion for Reconsideration of the Order Granting the Receiver's Motion to Show Authority* [ECF No. 308] and his *Amended Motion for Reconsideration of the Order Granting the Receiver's Motion to Show Authority* [ECF No. 313] within the fourteen-day period following entry of the Authority Order, both were dismissed as deficient for failure to comply with the Court's Local Rules. *See* ECF Nos. 312, 314. Federal Rule of Bankruptcy Procedure 9006(b)(2) expressly prohibits courts from extending the deadline to act under Federal Rule of Bankruptcy Procedure 9023. *See* FED. R. BANKR. P. 9006(b)(2). And by extension, as this Court recently held, late-filed motions for reconsideration may not relate back to the filing date of an earlier, dismissed motion for reconsideration. *See Otisco RDX, LLC v. RIC (Lavernia) LLC (In re RIC (Lavernia) LLC)*, No. 25-05040, 2025 Bankr. LEXIS 2663, at *11–12 (Bankr. W.D. Tex. Oct. 15, 2025).

## II. Determining Capacity is Procedural in Nature.

Choudhri's argument that this Court lacked subject matter jurisdiction to enter the Authority Order [*see* Am. Mot. for Reconsideration ¶¶ 8–13] is a red herring. The Receiver's motion to show authority was procedural in nature, challenging capacity and governed by Federal Rule of Civil Procedure 17 (applicable pursuant to Federal Rules of Bankruptcy Procedure 7017 and 9014(c)(1)).

Standing and capacity are often confused. *See, e.g.*, *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 n.18 (5th Cir. 2016) *cert. denied*, 137 S. Ct. 304, *reh'g denied*, 137 S. Ct. 545. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005) (quoting *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)).

Courts (including bankruptcy courts) have the inherent authority to determine capacity of litigants who appear before them. *See, e.g.*, *Listoken Tr. v. JVL Glob. Energy, L.P.*, No. MO-09-CA-056-H, 2010 U.S. Dist. LEXIS 161221, at *5 (W.D. Tex. June 2, 2010) ("Courts have undoubted power to require counsel before them to demonstrate their authority."); *see also, e.g.*, *Hill v. Day (In re Today's Destiny, Inc.)*, No. 06-3285, 2009 Bankr. LEXIS 1165, at *14 (Bankr. S.D. Tex. May 1, 2009) (quoting *Donnelly v. Parker,* 486 F.2d 402, 405 n.6 (D.C. Cir. 1973).

"A party to a suit may by timely motion dispute the authority of the opposing attorney to act for the party in whose name he is proceeding." *Listoken Tr.*, 2010 U.S. Dist. LEXIS 161221, at *5. The fact that Federal Rule of Civil Procedure 17 requires application of Texas law does not, itself, strip this Court of the ability to handle the procedural question of capacity. *See* Fed. R. Civ. P. 17(b) (referring to applicable non-bankruptcy law to determine capacity).

### III. The Court Did Not Err.

Choudhri's remaining arguments fail because they are improperly raised in a motion for reconsideration. "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citing *Westbrook v. Comm'r*, 68 F.3d 868, 879 (5th Cir. 1995)). Such arguments are deemed to have been waived. *See, e.g.*, *U.S. Bank N.A. v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425–26 (5th Cir. 2014).

First, Choudhri concedes that he attempted to provide "alternate security" to stay the effectiveness of the underlying receivership orders but criticizes the Court for not accepting such "alternate security" as an effective stay of such orders. *See* Am. Mot. for Reconsideration ¶¶ 14–16. However, as plainly stated in Texas Rule of Appellate Procedure 24.1(a)(4) (cited in the Amended Motion for Reconsideration at para. 15 and discussed in the Authority Order), posting of alternate security must be "ordered by the court" in order to be effective. Choudhri failed at the hearing, and in the Amended Motion to Reconsider, to identify any state court order authorizing Choudhri to post alternate security. The Court therefore correctly rejected

Choudhri's bare posting of "alternate security," without an accompanying state court order, as a basis to stay the effectiveness of the receivership orders.

Next, Choudhri raises a new argument by criticizing the Court for issuing the Authority Order based on appeals of the <u>receivership orders</u> rather than the appeals of the <u>underlying judgments</u>. *See* Am. Mot. for Reconsideration ¶ 17. Choudhri had the opportunity to present the Court with the appeals of the underlying judgments but failed to do so. Moreover, because there is no stay in effect, the judgments—and the receivership orders enforcing the same—remain valid orders of the state court notwithstanding the pending appeals. Until such time as an appellate court states otherwise (which has not happened to date), this Court appropriately relied on the receivership orders to determine authority.

Last, Choudhri simply re-argues that the underlying receivership orders do not operate as interpreted by this Court. *See* Am. Mot. for Reconsideration ¶¶ 18–22. This rehashed, rejected argument is not a proper basis for reconsideration. *See, e.g.*, *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'").

## **CONCLUSION**

Having raised no valid reason for the Court to reconsider or otherwise alter the Authority Order, the Amended Motion for Reconsideration should be denied.

Dated: November 26, 2025

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ R. Luke Graham*
R. Luke Graham (Tex. Bar No. 24127305)
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
Email: luke.graham@bclplaw.com

***Counsel for the Debtor***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP
lynn.butler@huschblackwell.com, penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com;elizabeth-spivey-5378@ecf.pacerpro.com;lynn-hamilton-butler-2113@ecf.pacerpro.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12
erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Paul Kirklin
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, Receiver
luttrell@lclawgroup.net, sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Rhonda Bear Mates on behalf of Interested Party Gregory S. Milligan
mates@slollp.com, winter@slollp.com

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
service@houstonip.com, snpalavan@recap.email

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Ronald J Smeberg on behalf of Interested Party Milestone Capital CRE 1, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Ronald J Smeberg on behalf of Interested Party Otisco RDX, LLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@langleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@langleybanack.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Otisco RDX, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Natalie F. Wilson on behalf of Defendant John Daves
nwilson@langleybanack.com,
cjohnston@langleybanack.com;sfoushee@langleybanack.com

Natalie F. Wilson on behalf of Defendant Lori Daves
nwilson@langleybanack.com,
cjohnston@langleybanack.com;sfoushee@langleybanack.com

                                                */s/ R. Luke Graham*
                                                R. Luke Graham