**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT A

Vargo's filings in the 333rd District Court citing the authority orders: Motion for Writ of Possession (June 12, 2026); Reply (June 23, 2026); Order (July 28, 2026); Declaration of Derek Staub (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

6/12/2026 4:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116103935
By: Jessica Pannell
Filed: 6/12/2026 4:50 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") respectfully shows:

**AMENDED RECEIVERSHIP ORDERS**

1. In March 2025, this Court (in the A-Case and D-Case) entered Orders Appointing Receiver and then amended them less than ten (10) days later to address issues relating to various Ali Choudhri ("Choudhri") bankruptcy cases. Tex. R. Evid. 201. The "Amended Receiver Orders" were signed April 8, 2025, and April 9, 2025, and were never appealed by Ali Choudhri.

2. Both Amended Receiver Orders expressly dispossessed Choudhri from management of the businesses he operates in favor of the Receiver. Receiver's control of the "Choudhri LLCs" was later confirmed and ratified by United States Bankruptcy Judges Parker and Bradley in the Western District of Texas as previously discussed and analyzed in *Receiver's Response to Plea in Intervention & Emergency Motion to Stay Enforcement of Receivership Orders and Application for Temporary Restraining Order and Temporary Injunction* filed on March 3, 2026 in the D-Case that resulted in the Court's Order signed March 12, 2026 striking the interventions of MCITBE LLC and Memorial Glen Cove LLC.

Unofficial Copy Office of Marilyn Burgess District Clerk

3. An entity that is similarly situated to Memorial Glen Cove LLC and MCITBE LLC is Arabella PH 3201 LLC ("ARABELLA"). Arrabella is another "Choudhri LLC" under the Receiver's control per the Amended Receiver Orders:

9) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):

a. ARABELLA PH 3201 LLC
b. 2727 Kirby 26L LLC
c. 9201 Memorial Drive LLC
d. 50BH Acquisition, LLC
e. BDFI LLC

(Above is from the A-Case Amended Order; below is from the D-Case Amended Order)

16) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):

a) ARABELLA PH 3201 LLC
b) 2727 Kirby 26L LLC
c) 9201 Memorial Drive LLC
d) 50BH Acquisition, LLC
e) BDFI LLC

**THE 610 WEST LOOP PENTHOUSE**

4. ARABELLA is the record owner the penthouse in the Arabella[1] high-rise located at 4521 San Felipe St. Houston, TX 77027 also known as:

Unofficial Copy Office of Marilyn Burgess District Clerk

[1] According to their website, the "Arabella is a striking luxury high-rise condominium that blends sophisticated design and premium urban convenience. Completed around 2017–2018, the building rises 33 stories and contains 99 residences, offering a relatively intimate yet prominently visible presence in the Uptown/River Oaks area. Residents enjoy hotel-style service including 24-hour concierge and valet parking, an indoor heated lap pool plus an outdoor pool and entertainment deck, a full fitness centre [sic], sauna and steam rooms, and even a pet salon and dog park. Situated just a few blocks from the upscale River Oaks District and a short walk to the Galleria shopping complex, its address offers both prestige and walkability." Taken from https://arabellacondominiums.com/. To see more pictures of the unit, go to: https://www.har.com/homedetail/4521-san-felipe-st-3201-houston-tx-77027/14850468.

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

(hereinafter, the "Penthouse"). The deed vesting ARABELLA with title in the Penthouse is attached as Exhibit 1. Anosh Ahmed is the grantor. The Harris County Appraisal District values the property at $3,436,100.00. It is a 5,486 square foot, five bedroom, five and a half bath penthouse located on San Felipe, near 610. Here is a picture from a former listing of the Penthouse (red oval in original).



5. Here is a picture of its kitchen, from the same listing:

Unofficial Copy Office of Marilyn Burgess District Clerk



6. And finally here is the floorplan:




Arabella - Penthouse 3201

Unofficial Copy Office of Marilyn Burgess District Clerk

7. Choudhri has not turned over the Penthouse to Receiver. Receiver does not have access to the premises because it is protected by locks, a full-time security staff, and presumably an alarm. To avoid a situation involving law enforcement, Receiver moves for a peaceable solution, an Order of Possession.

8. This Court may issue writs of possession to secure real property that is the subject of a turnover receivership. *Byrom v. Penn*, No. 12-18-00335-CV, 2019 Tex. App. LEXIS 4505, at *4 (Tex. App.—Tyler May 31, 2019, pet. denied) (specifically overruling appellant's issue that court appointing receiver lacked jurisdiction to order eviction of property subject to receivership).

**TITLE CLOUDS FROM CHOUDHRI RECORDED DOCUMENTS**

9. To keep the Penthouse away from his creditor's, Choudhri recorded two (2) documents:

a. Harris County Clerk Document # RP-2024-272170, a document titled "*General Warranty Deed*" attempting to change the chain of title to avoid collections. The grantor is Anosh Ahmed, and the grantee is Ali Choudhri. It is attached as Exhibit 2. This deed dated November 12, 2021, but was <u>recorded on July 29, 2024</u>. Anosh Ahmed could not convey the penthouse to Ali Choudhri because he had already deeded it to Arabella in the deed attached as Exhibit 1.

b. Harris County Clerk Document # RP-2026-83776, a "*Correction General Warranty Deed*" <u>recorded on March 5, 2026</u> that attempts to make changes to the chain of title. It attempts to change the grantor from the previous conveyance (Exhibit 2) from Anosh Ahmed to Arabella. It was signed by Ali Choudhri. It is attached Exhibit 3.

10. The two documents are nonsensical when read together, because Anosh Ahmed signed Exhibit 2, but Exhibit 3 states that the grantor of Exhibit 2 was supposed to be Arabella. Thus,

Unofficial Copy Office of Marilyn Burgess District Clerk

Anosh Ahmed would have signed a deed on behalf of Arabella, an entity he does not own. The documents are clearly part of an attempted scheme to change title to be held by Ali Choudhri, instead of his entity Arabella.

11. A debtor's attempt to transfer property in *custodia legis* is ineffective. *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 341 (Tex. 1976) ("No one has the authority, even under a prior deed of trust or execution, to sell property held in custodia legis by a duly appointed receiver, unless the sale is authorized by the court in which the receivership is pending."). A trial court may relate the appointment of a receiver to an earlier event in the litigation, such as the filing of the petition for receiver, or the setting of a hearing to determine whether to appoint a receiver. *See Riesner v. Gulf, C. & S.F.R. Co.*, 89 Tex. 656, 661, (1896) (appointment of receiver may relate back to the filing of the application for receiver).[2] Here, the Court put the Penthouse in *custodia legis* on or about December 14, 2023 when the Court set the application to appoint receiver for hearing:

Unofficial Copy Office of Marilyn Burgess District Clerk

---

[2] A trial court may relate the appointment of a receiver to an earlier event in the litigation, such as the filing of the petition for receiver, or the setting of a hearing to determine whether to appoint a receiver. *See Riesner v. Gulf, C. & S.F.R. Co.*, 89 Tex. 656, 661, (1896) (appointment of receiver may relate back to the filing of the application for receiver). In *La Rue Holding Co. v. Essex*, a party filed a petition for receiver in Tarrant County on July 2, 1931, which was subsequently granted on July 16. 45 S.W.2d 319, 320 (Tex. Civ. App.—Fort Worth 1931, no writ). Other parties filed an application for receiver over the same property on July 15, 1931, in Smith County, which was granted on the same day. *Id.* at 320. The appellate court held that the court's jurisdiction attached at the time of filing, not when the application for receiver was granted. *Id.* at 322. "[N]otwithstanding that the [second] court had first appointed a receiver, the jurisdiction of the [first] court had attached to the property and subject-matter when the petition was filed, and the receiver in the [first] court had prior right of possession to the property; and [] the subsequent appointment of a receiver by the [first] court related back, so that it might be said that it was in constructive possession of the property from the time the action was commenced; and that where the declared purpose of an action in whole or in part is directed to specific property and a full accomplishment thereof may require jurisdiction, dominion, and control, jurisdiction of the property attaches at the beginning of the action." (discussing *McKinney v. Landon*, 209 F. 300 (8th Cir. 1913), *Carter-Mullaly Transfer Co. v. Robertson*, 198 S.W. 791, 793 (Tex. Civ. App. 1917, no writ) (appointment of receiver relates back to filing of petition), see also *Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) ("The appointment of the receiver relates back to the presentation of the application to the judge and his recognition of the same by setting it down for hearing.").

**Order**

Pending before this Court are two motions to appoint a receiver in the 2012-27197-D case and a motion for turnover and appointment of a receiver in the 2012-27197-A case. These motions will be heard on Friday December 22, 2023 at 9:00 a.m. in the 333rd courtroom. If the defendants wish to file a response, that response needs to be filed by 5:00 p.m. on Wednesday December 20, 2023.

In the meantime, in order to preserve the status quo, defendant Ali Choudhri is ordered to not sell, transfer, alienate, hypothecate, or otherwise encumber any real estate assets prior to the hearing without leave of court.

Signed December 14, 2023.

Judge Randy Wilson

The hearing is re-set to Jan. 4, 2024 at 9:00 a.m. in the 333rd Courtroom. The stay order in the second paragraph above remains in place until the hearing. Dec. 21, 2023

This order is attached as Exhibit 4. Tex. R. Evid. 201.

12. Receiver moves that the Court declare RP-2024-272170 and RP-2026-83776 void because they were recorded after the Penthouse was in *custodia legis.*

13. Last, Receiver seeks a comfort order authorizing the retention of a realtor to market and sell the Penthouse, which will eliminate any disputes with other realtors hired by Ali Choudhri and/or the Texas Real Estate Commission.

**RECEIVERSHIP ASSETS ARE BEING WASTED**

14. Ali Choudhri has not paid the taxes on the Penthouse since 2023 and the balance due to Harris County taxing authorities is <u>$365,490.27, excluding collection fees</u>. Attached as Exhibit 5 and pictured below is the most recent tax statement for the Penthouse:

Unofficial Copy Office of Marilyn Burgess District Clerk

# 2025 Property Tax Statement

Pay 2025 Property Tax Bill

| Account Number | Current As Of: | Assessed Owner |
|---|---|---|
| 140-440-023-0001 | June 01, 2026 | ARABELLA PH 3201 LLC<br>PO BOX 10219<br>JACKSON WY 83002-0219 |
| Supplement 01 | | |

| Property Description | Appraised Values | | Notes/Exemptions |
|---|---|---|---|
| 4521 SAN FELIPE ST 3201 77027<br>UNIT 3201<br>.0176 INT COMMON LAND & ELE<br>ARABELLA CONDO 8TH AMEND | Land - Market Value:<br>Impr - Market Value:<br>Total Market Value:<br>Less Capped Mkt Value:<br>Appraised Value: | 652,589<br>2,782,091<br>3,434,680<br>0<br>3,434,680 | Taxes under Judgment<br><br>Taxes in Litigation - Other Fees May Be Due Call 713-274-8000 for Final Balance |

| Taxing Jurisdiction | Exemption | Taxable Value | Tax Rate | Taxes |
|---|---|---|---|---|
| Houston ISD | 0 | 3,434,680 | 0.878300 | $30,166.79 |
| Harris County | 0 | 3,434,680 | 0.380960 | $13,084.76 |
| Harris County Flood Control Dist | 0 | 3,434,680 | 0.049660 | $1,705.66 |
| Port of Houston Authority | 0 | 3,434,680 | 0.005900 | $202.65 |
| Harris County Hospital District | 0 | 3,434,680 | 0.187610 | $6,443.80 |
| Harris County Dept. of Education | 0 | 3,434,680 | 0.004798 | $164.80 |
| Houston City College | 0 | 3,434,680 | 0.098802 | $3,393.53 |
| City of Houston | 0 | 3,434,680 | 0.519190 | $17,832.52 |

| | | |
|---|---|---|
| **Total 2025 Taxes Due by January 31, 2026:** | | **$72,994.51** |
| **Payments applied to 2025 taxes:** | | **$0.00** |
| **Total Current Taxes Due:** | | **$96,535.25** |
| **Prior year(s) taxes due (if any):** | **2022 - 2024** | **$268,955.02** |
| **Total Amount Due For June 2026:** | | **$365,490.27** |

| Penalties for Late Payments | Rate | Current | Delinquent | Total |
|---|---|---|---|---|
| By February 28, 2026 | 7% | $89,819.77 | $261,089.49 | $350,909.26 |
| By March 31, 2026 | 9% | $91,498.62 | $263,055.82 | $354,554.44 |
| By April 30, 2026 | 11% | $93,177.49 | $265,022.17 | $358,199.66 |
| By May 31, 2026 | 13% | $94,856.35 | $266,988.56 | $361,844.91 |
| By June 30, 2026 | 15% | $96,535.25 | $268,955.02 | $365,490.27 |

## CONCLUSION

Receiver requests that the Court enter the attached Order for writ possession, expunging recorded instruments as void, and authorizing the retention of a realtor to market the Penthouse for sale.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on June 12, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo
Travis B. Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

DECLARATION

1. My name is Travis Vargo. I am the court appointed receiver for Ali Choudhri, Dalio Investments I LLC and Dalio Investments II LLC. I have knowledge of the facts stated in this declaration because I am the receiver and/or as a result of my investigations and activities as receiver.

2. The documents attached as Exhibits 1, 2, and 3 are true and correct copies of the documents from the real property records of Harris County Texas. Exhibit 4 is a true and correct copy of a Court Order from the docket in this case and Exhibit 5 is a true and correct copy of a tax statement for the Penthouse that was obtained from the Harris County Tax Assessor Collector's website on June 2, 2026.

3. The facts stated in paragraph 7 are true, correct, and within my personal knowledge.

4. My date of birth is [redacted] 1979 and my address is 12012 Wickchester, Suite 670, Houston, TX 77079, United States of America. I declare under penalty of perjury the foregoing declaration is true and correct.

/s/Travis Vargo

Travis Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 116103935
Filing Code Description: Motion (No Fee)
Filing Description: Receiver's Motion re Arabella Penthouse
Status as of 6/15/2026 8:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James RWetwiska | | jwetwiska@akingump.com | 6/12/2026 4:50:13 PM | SENT |
| William NDrabble | | wdrabble@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/12/2026 4:50:13 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 6/12/2026 4:50:13 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/12/2026 4:50:13 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/12/2026 4:50:13 PM | SENT |
| Cameron Roth | | croth@akingump.com | 6/12/2026 4:50:13 PM | ERROR |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 6/12/2026 4:50:13 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 6/12/2026 4:50:13 PM | SENT |
| Linda Graham | | Graham@hooverslovacek.com | 6/12/2026 4:50:13 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/12/2026 4:50:13 PM | SENT |
| Justin Rayome | | justin.r@jetallcompanies.com | 6/12/2026 4:50:13 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk

6/23/2026 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116490840
By: Melanie Rosa
Filed: 6/23/2026 2:24 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S REPLY TO**
**ALI CHOUDHRI'S RESPONSE TO**
**MOTION FOR WRIT POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO**
**4521 SAN FELIPE ST #3201, HOUSTON, TEXAS**

**AND**

**RESPONSE TO ALI CHOUDHRI'S CLAIM OF HOMESTEAD**

Unofficial Copy Office of Marilyn Burgess District Clerk

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") respectfully shows:

**SUMMARY**

1. Ali Choudhri and Arabella PH 3201 LLC ("Arabella") filed a response asking the court to deny the turnover of the multi-million dollar penthouse titled in Arabella's name that Choudhri lives in. Choudhri separately filed a document claiming the penthouse is his homestead (even though he judicially admits he does not own it). The Response fails to analyze the prior interpretations of this Court's turnover orders. The Response also seems to pretend that the case of *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed), does not exist. The Court should grant the motion to turnover the penthouse to the Receiver.

**THE COURT SHOULD AFFIRM RECEIVER CONTROL OF ARABELLA.**

2. The Amended Turnover Orders give operational control of the Choudhri LLC's to the Receiver. This court has expressly found so regarding Memoria Glen Cove LLC and MCITBE LLC when it struck their interventions. Two separate bankruptcy courts entered similar orders on other Choudhri LLC's. *See Order Regarding Motion of Travis Vargo, State Court Receiver to Show Authority of Justin Rayome and Cavazos Hendricks Poirot*, PC, ECF 784, *In re Texas Reit*, 24-10120-SMR, United States Bankruptcy Court, Western District of Texas (finding Receiver had the sole authority to prosecute Dalio Holdings I LLC and Choudhri himself), *Order Regarding Motions to Show Authority*, ECF 996, *In re 1001 WL LLC*, United States Bankruptcy Court, Western District of Texas, (finding Receiver had the sole authority to litigate on behalf of BDFI LLC, Galleria Loop Note Holder, LLC and Jetall Capital, LLC, and Choudhri himself), *Order Granting Motion of Travis Vargo, Court Appointed Receiver, to Dismiss Bankruptcy Proceeding for Cause – Lack of Authority – Pursuant to 11 USC § 707(a)*, ECF 125, *In re Meandering Bend, LLC*, United States Bankruptcy Court, Western District of Texas (finding Ali Choudhri did not have authority to authorize Meandering Bend LLC to file for bankruptcy).

3. A ruling that Receiver controls Arabella is consistent with the past rulings in this matter and related bankruptcy matters involving the same parties. The Court should grant the motion.

**A CHARGING ORDER IS NOT THE EXCLUSIVE REMEDY**

**UNDER THESE CIRCUMSTANCES.**

4. Choudhri contends that a charging order is the most relief the Receiver is entitled to. In making that argument, Choudhri conspicuously fails to analyze controlling precedent authored by the presiding judge of this case**,** *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr.

Unofficial Copy Office of Marilyn Burgess District Clerk

29, 2025, pet. filed)

5. Tex. Bus. Orgs. Code § 101.112 states a general rule that a charging order is the only remedy a judgment creditor may use to reach a judgment debtor's membership interest in an LLC. *See, e.g.*, *WC 4th & Colo.* (discussing § 101.112 and collecting cases). There are exceptions to this general rule. *See id.* (discussing *Gillet v. ZUPT, LLC*, 523 S.W.3d 749, 757 (Tex. App.—Houston [14th Dist.] 2017, no pet.) , *Heckert v. Heckert*, No. 02-16-00213-CV, 2017 Tex. App. LEXIS 10570, 2017 WL 5184840 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.) (mem. op.), and *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 839 (Tex. App.—Houston [14th Dist.] 2023, no pet.)). The exception here is "whether [the llc] was an operating business, and whether any party's interest would have been disrupted by granting turnover relief." *Id.* *12.

6. Whether this exception applies to the "Choudhri LLCs" listed in the amended turnover order has been litigated already. This Court applied the reasoning of *WC 4th & Colo.* to turn over the Debtor's membership interest in Memorial Glen Cove LLC to the Receiver. *See* Order on Receiver's Motion to Approve Sale and Judgment Creditor's Limited Objection, dated February 9, 2026.

7. Choudhri just pretends like this line of cases does not exist. It mischaracterizes other cases' holdings to support that argument. Choudhri cites to *Gillet*, but does not mention that that court found an exception to the exclusive remedy provision of § 101.112 and affirmed the turnover of a membership interest in an LLC to the LLC itself. *Gillet* at 758 ("unlike a case in which a judgment creditor seeks to collect on its money judgment by forcing a sale of a membership interest, this case involves an explicit award of the membership interest itself from one party to the other as part of the judgment. For these reasons, we conclude that a charging

Unofficial Copy Office of Marilyn Burgess District Clerk

order was not the exclusive remedy available to ZUPT, and the trial court did not abuse its discretion by ordering turnover of Gillet's 45 percent interest in ZUPT.").

8. Choudhri contends that "[n]ot a single Texas appellate court has permitted a creditor or receiver to take possession of LLC property in contravention of Section 101.112." Response pg. 9. That is not correct. For example, in *WC 4th & Colo.*, the receiver took control of litigation (i.e. personal property)[1] of WC 4th & Colorado LP, an entity wholly owned by the judgment debtor in that case.

9. Relatedly, Choudhri contends that *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 Tex. App. LEXIS 6547, at *17 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) controls. *Bran* was authored by the presiding judge in this case. Choudhri contends that per *Bran,* § 101.112 "constitutes the exclusive remedy of the LLC's membership structure." Response pg. 10. Except that when *Bran* identifies the exclusive remedy rule of § 101.112, in its breath it identifies that exceptions to the rule exist:

> Under the unambiguous language of section 101.112, the entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest. *See* Tex. Bus. Organs. Code Ann. § 101.112; *Klinek*, 2023 Tex. App. LEXIS 5064, 2023 WL 4497063, at *6; Gillet, 523 S.W.3d at 757. This court has held that there is an exception to this exclusivity in a case in which (1) the judgment creditor seeking turnover of the membership interest is the very same limited liability company from which the membership interest derives, and (2) the judgment being satisfied explicitly awards the membership interest itself from one party to the other. *See Klinek*, 2023 Tex. App. LEXIS 5064, 2023 WL 4497063, at *6; *Gillet*, 523 S.W.3d at 757-58.

*Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 Tex. App. LEXIS 6547, at *17 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied).

---

[1] Personal property "includes interests in goods, money, **choses in action**, evidence of debts, and chattels real." Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 850 n.2 (Tex. 2005) (emphasis supplied).

Unofficial Copy Office of Marilyn Burgess District Clerk

10. Choudhri would have this Court apply § 101.112 without reference to binding authority—some of it authored by the presiding judge in this case—that numerous exceptions exist. Choudhri does not want to discuss the exceptions because this is obviously an exceptional case such that *WC 4th & Colo.* should apply. Arabella's only asset is the penthouse at issue, which Choudhri somehow also claims is his homestead.[2] Choudhri was ordered to provide the following documents to the Receiver about Arabella, but none have been provided:

> 17) For all of the Companies (for the avoidance of doubt, Companies does not include Texas REIT, LLC ):
>
> a. Each membership agreement and all other company agreements or organizational documents.
> b. All documents evidencing and/or reflecting to whom any payment from any Tenant renting real property owned by such company was made, and where the payment was deposited or sent.
> c. All statements from all accounts into which payments to the limited liability company were made.
> d. All bank account statements.
> e. All credit card statements of Debtors.
> f. All documents evidencing and/or reflecting all amounts paid by such company to Choudhri and/or any entity owned and/or controlled by Choudhri.
> g. All financial statements of each such company, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.
> h. All documents evidencing and/or reflecting any asset owned by such company within the last three years.
> i. All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by such company within the last three years

A-Case Turnover Order pg. 14.

11. Choudhri produced zero records of other members of Arabella, because none exist. He produced no records of business activities of Arabella, because it has no business activities. We know it has no business activities because it was permanently dissolved by Wyoming back in January 2024:

[2] More discussion of this double sided argument below.

Unofficial Copy Office of Marilyn Burgess District Clerk

| | | | |
|---|---|---|---|
| Name | **Arabella PH 3201 LLC** | | |
| **Filing ID** | **2021-001051395** | | |
| Type | Limited Liability Company | Status | Inactive - Administratively Dissolved (Tax) |

Exhibit 6.[3]

12. To anticipate an argument, yes, Choudhri filed a new entity also called Arabella PH 3201 LLC back in March 2026. *See* Exhibit 7. The two entities may share a name but they are legally distinct: the old entity had the ID # of 2021-001051395, but the new entity has 2026-001908972. *See* WY Stat. § 17-29-705 (b) (stating an entity may be dissolved for nonpayment of fees to State). Wyoming law permits an entity to be revived within two years of its dissolution, but not after. *See id.*, see also Exhibit 8 (Wyoming Secretary of State webpage stating "Wyoming statutes do not allow for reinstatement after two (2) years in an administratively dissolved standing."). It is impossible for the defunct Arabella to do anything other than wind up. WY Stat § 17-29-702 (winding up provisions). When it is wound up, it is the Receiver, not Choudhri, who is entitled to its distributions per the charging orders entered in these cases.

13. Courts may order the post-judgment turnover of property when the judgment debtors refuse to participate in post-judgment discovery. *Great Value Storage, LLC v. Princeton Capital Corp.*, No. 01-21-00284-CV, 2023 Tex. App. LEXIS 2537, at *52 (Tex. App.—Houston [1st Dist.] Apr. 20, 2023), *dism'd as moot*, 2024 Tex. LEXIS 216 (Tex. 2024) (judgment debtors cannot "lie behind the log by refusing to respond to discovery seeking

[3] Exhibits 6-8 are all printouts from the Wyoming Secretary of State's website and are therefore self-authenticating. *See Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, 443 S.W.3d 250, 258 (Tex. App.—Corpus Christi 2014, no pet.) ("We, however, hold that the printouts from government websites were self-authenticating under Texas Rule of Evidence 902(5).").

Unofficial Copy Office of Marilyn Burgess District Clerk

evidence of their assets and then arguing that [their creditor] is not entitled to aid to satisfy its judgment because it has no evidence of their assets."). Here, there is a permanently defunct entity with no business or members beyond Choudhri that owns a luxury apartment that no one is paying taxes on. Receiver contends that the turnover orders already turned it over, but even if they had not, turnover is appropriate under *WC 4th & Colo.* The Court should enter an order affirming the turnover of the condo to Receiver.

**COURT SHOULD ENTER AN ORDER EXPUNGING OR VOIDING THE TWO DEEDS.**

14. Receiver attached three deeds to his motion. The first controls. Exhibit 1 is the deed from Anosh Ahmed to Arabella, signed and recorded November 2021. Choudhri's response literally concedes that this is the controlling deed by representing over and over again that Arabella owns the property, not Choudhri. Observe the following back-to-back paragraphs of the Response:

> The Penthouse is owned by Arabella PH 3201 LLC, a Wyoming limited liability company ("Arabella" or the "LLC"). Title to the Penthouse was conveyed to Arabella PH 3201 LLC by General Warranty Deed from Anosh Ahmed dated November 11, 2021, recorded as Document No. RP-2021-654150 in the Official Public Records of Harris County, Texas.
>
> The Receiver's own Motion acknowledges this fact. The Motion states that "ARABELLA is the record owner" **of the Penthouse. See Receiver**'s Motion at p. 4. This is a critical admission: the Receiver concedes the property belongs to the LLC, not to Ali Choudhri personally.

Response pg. 4 (emphasis supplied). But later the Response argues Choudhri has title:

Unofficial Copy Office of Marilyn Burgess District Clerk

> the deed here is not a forgery. Anosh Ahmed signed it; Ali Choudhri received it; the deed was notarized and eventually recorded. The Receiver cannot simply declare the deed "void"—he must obtain a court order setting it aside. Until that order is entered, the deed remains legally operative and Ali Choudhri's title stands.

Unofficial Copy Office of Marilyn Burgess District Clerk

Response pg. 16.

15. Exhibit 2 is a deed from Anosh Ahmed to Choudhri of the same property. It was purportedly signed the day after Exhibit 1 (i.e. back in November 2021), but was not recorded until July 2024. Even assuming this document is real, it would not convey anything to Choudhri because on November 12, 2021, Mr. Ahmed had nothing to convey—he conveyed it the day before to Arabella. *E.g., Courtade v. Gloria Lopez Estrada Family Tr.*, Nos. 02-14-00295-CV, 02-14-00296-CV, 2016 Tex. App. LEXIS 3072, at *11 (Tex. App.—Fort Worth Mar. 24, 2016, no pet.) ("a deed conveys nothing where no title rests in the grantor."). Apparently recognizing this problem, Choudhri filed a correction deed on March 4, 2026 that purports to change Exhibit 2's grantor to be Arabella. *See* Exhibit 3.

16. As pointed out in the motion, the sum total of these deeds makes no sense because Mr. Ahmed signed Exhibit 2 as the grantor, but Exhibit 3 says that grantor should have been Arabella, an entity he has never owned. Also, Mr. Ahmed did not sign the correction deed so it is statutorily insufficient anyway. Tex. Prop. Code § 5.029 governs material corrections to deeds, and it requires each party to the original must sign such a correction deed. Courts have held that a substitution of a grantee—as opposed to correcting the spelling of the grantee's name—is a material correction requiring everyone's signature. AOC Mgmt. Co. v. AT&T Mobility, LLC, No. 01-16-00896-CV, 2018 Tex. App. LEXIS 1773, at *21, *25-26 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, pet. denied) ("At issue in this case, however, is not a

correction to the spelling of a party's name, but a substitution of an entirely different party as grantee. . . because AIC's Correction Deed was not executed by Aldine ISD, the grantee in the original instrument, or by its successors or assigns, the Correction Deed does not comply with section 5.029, as a matter of law, and is invalid."), *see Brown v. Underwood*, No. 11-20-00138-CV, 2022 Tex. App. LEXIS 3551, at *22 (Tex. App.—Eastland May 26, 2022, no pet.) (only nonmaterial corrections may be unilaterally changed per § 5.028). Also, when the correction deed was executed, Arabella had ceased to exist but-for winding up.

17. In short, Choudhri judicially admits that Arabella is the record owner of the penthouse. The two deeds must be voided or expunged to sell it. The Court should grant the motion.

**CHOUDHRI CANNOT CLAIM A HOMESTEAD IN PROPERTY HE DOES NOT OWN.**

18. Choudhri separately filed a nine page motion arguing that the penthouse is his homestead. It cannot be his homestead because he does not own the real property nor the improvements on it. *See Norris v. Thomas*, 215 S.W.3d 851, 854 (Tex. 2007) (a person may only designate homestead if they own the land or the improvements). The deed to Arabella (Exhibit 1) expressly states that Arabella owns the improvements that are unit 3201.

19. Choudhri claims that the case is halted by the (errant) designation of the penthouse as his homestead. Except the Amended Turnover Orders required Choudhri to make a designation of his exempt property within ten days. A-Case Amended Turnover Order ¶ 19(c), D-Case Amended Turnover Order ¶ 25(c). Choudhri's June 2026 designation is over a year too late.

20. Choudhri also claims that Rule 679b applies. Even assuming it did, and further assuming that claiming an exemption to property he does not own satisfies the rule, the rule

Unofficial Copy Office of Marilyn Burgess District Clerk

(and the related language of the Amended Turnover Orders, A-Case ¶ 48 and D-Case ¶ 54), only prohibit the sale of property or the distribution of property while the Court considers the exemption claim. It does not prohibit the marketing or taking possession of receivership property. Choudhri's meritless exemption claim is not a full stop to the receivership as he claims. Nonetheless, the Court should immediately enter an order denying his exemption claim. A proposed order has been filed.

**CONCLUSION**

Receiver requests that the Court enter the attached Order for writ possession, expunging recorded instruments as void, authorize the retention of a realtor to market the Penthouse for sale.

Respectfully submitted,

By: /s/Travis B. Vargo
Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on June 23, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo
Travis B. Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 116490840
Filing Code Description: No Fee Documents
Filing Description: Receiver's Reply to Ali Choudhri's Response to Motion for Writ Possession, Comfort Order, and Expungement of Recorded Documents Relating to ***
Status as of 6/23/2026 3:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James RWetwiska | | jwetwiska@akingump.com | 6/23/2026 2:24:59 PM | SENT |
| William NDrabble | | wdrabble@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/23/2026 2:24:59 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/23/2026 2:24:59 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 6/23/2026 2:24:59 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 6/23/2026 2:24:59 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/23/2026 2:24:59 PM | SENT |
| Cameron Roth | | croth@akingump.com | 6/23/2026 2:24:59 PM | ERROR |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/23/2026 2:24:59 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/23/2026 2:24:59 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/23/2026 2:24:59 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 6/23/2026 2:24:59 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/23/2026 2:24:59 PM | SENT |
| Justin  Rayome | | justin.r@jetallcompanies.com | 6/23/2026 2:24:59 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk

P.2

CAUSE NO. 2012-27197-A

entx

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd. Plaintiff, | § | IN THE DISTRICT COURT OF Xpung |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al Defendants | § | |
| | § | 333rd JUDICIAL DISTRICT |

**ORDER GRANTING RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS**

On this day, the Court considered Receiver's Motion for Writ of Possession, Comfort Order, and Expungement Of Recorded Documents Relating To 4521 San Felipe St #3201, Houston, Texas also known as:

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

FILED
Marilyn Burgess
District Clerk
AUG 3 2026
Time: 4:10pm
By: m. rosa
Harris County, Texas
Deputy

(the "Penthouse"). The Court takes judicial notice of its docket and prior orders in Cause Nos. 2012-27197-D and 2012-27197-A. Upon consideration, the Court GRANTS the motion, FINDS that Receiver Travis Vargo is entitled to possession of the Penthouse and hereby

ORDERS that the clerk shall immediately issue a writ of possession (in favor of Receiver Travis Vargo) to remove all occupants and personal property from the Penthouse.

ORDERS that the Receiver is authorized to engage and hire a licensed Texas realtor to market and sell the Penthouse within the discretion of the Receiver. The Court further

ORDERS that the Receiver shall file a file a motion to approve the sale of the Penthouse and set the same for hearing with notice to all interested parties. The Court further

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

ORDERS that the Harris County Clerk Document # RP-2024-272170, titled "*General Warranty Deed*" and Document # RP-2026-83776, a "*Correction General Warranty Deed*" are declared VOID and EXPUNGED.

Date: July 28, 2026

Judge Randy Wilson, Judge Presiding

Unofficial Copy Office of Marilyn Burgess District Clerk

# UNSWORN DECLARATION OF DEREK STAUB

BEFORE ME, the undersigned authority, personally appeared **Derek Staub**, who, being duly authorized, states the following under penalty of perjury:

1. My name is Derek Staub. I am over the age of eighteen (18) years and am fully competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas. I represent Ali Choudhri ("Mr. Choudhri") in the above-referenced cause, Cause No. 2012-27197-A, pending in the 333rd Judicial District Court of Harris County, Texas.

3. On July 28, 2026, the Court issued an Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St #3201, Houston, Texas (the "July 28 Order"), a true and correct copy of which is attached hereto as **Exhibit A**. The July 28 Order, among other things, authorized the Receiver to take possession of Mr. Choudhri's homestead and declared void and expunged recorded deeds pertaining to the property.

4. The July 28 Order was decided by submission. No evidentiary hearing was conducted, and no witness testimony was taken or received in connection with the Court's ruling on the Receiver's motion.

5. Mr. Choudhri filed a Motion for New Trial challenging the July 28 Order. A hearing on the Motion for New Trial was held on Wednesday, August 19, 2026, at 9:00 a.m. in the 333rd District Court, with Judge Wilson presiding by assignment.

6. At the August 19, 2026 hearing, the Court would not allow witness testimony in support of Mr. Choudhri's Motion for New Trial.

7. During the August 19, 2026 hearing, the Court acknowledged that, at the time it issued the July 28 Order, the Court had been unable to open the exhibits submitted in connection with the Receiver's motion and therefore could not review or even view the deeds at issue. Despite this acknowledged inability to review the deeds, the Court nonetheless declared void and expunged those deeds without any review of their contents.

8. The August 19, 2026 hearing on the Motion for New Trial was conducted as a question-and-answer session rather than as a proper evidentiary hearing. Counsel and parties were not afforded the opportunity to call witnesses.

9. As a result of the foregoing, Mr. Choudhri's homestead has been taken from him without an evidentiary hearing and without witness testimony — both at the time of the July 28, 2026 ruling by submission and at the August 19, 2026 Motion for New Trial proceeding.

My name is Derek Staub. My date of birth is [redacted] 1980. My address is 2101 Cedar Springs Road Suite 900, Dallas, Texas 75252.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Derek Staub*
Derek Staub

# EXHIBIT A

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§<br>§ | 333rd JUDICIAL DISTRICT |

## ORDER GRANTING RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS

On this day, the Court considered Receiver's Motion for Writ of Possession, Comfort Order, and Expungement Of Recorded Documents Relating To 4521 San Felipe St #3201, Houston, Texas also known as:

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

(the "Penthouse"). The Court takes judicial notice of its docket and prior orders in Cause Nos. 2012-27197-D and 2012-27197-A. Upon consideration, the Court GRANTS the motion, FINDS that Receiver Travis Vargo is entitled to possession of the Penthouse and hereby

ORDERS that the clerk shall immediately issue a writ of possession (in favor of Receiver Travis Vargo) to remove all occupants and personal property from the Penthouse.

ORDERS that the Receiver is authorized to engage and hire a licensed Texas realtor to market and sell the Penthouse within the discretion of the Receiver. The Court further

ORDERS that the Receiver shall file a file a motion to approve the sale of the Penthouse and set the same for hearing with notice to all interested parties. The Court further

ORDERS that the Harris County Clerk Document # RP-2024-272170, titled "*General Warranty Deed*" and Document # RP-2026-83776, a "*Correction General Warranty Deed*" are declared VOID and EXPUNGED.

Date: July 28, 2026

Judge Randy Wilson, Judge Presiding