**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT C

Transcript excerpts, *In re MCITBE LLC*, No. 26-32580 (Bankr. N.D. Tex.) (Sept. 23, 2026) (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS)

| | |
|---|---|
| IN RE: | Case No. 26-32580-MVL-11 |
| MCITBE LLC, | Chapter 11 |
| Debtor. | |
| | Wednesday, September 23, 2026 |
| . . . . . . . . . . . . . . . | 9:39 A.M. |

TRANSCRIPT OF HEARING ON
MOTION TO DISMISS CASE FILED BY INTERESTED PARTY
TRAVIS B. VARGO, COURT-APPOINTED RECEIVER (21)

**BEFORE THE HONORABLE MICHELLE V. LARSON**
**UNITED STATES BANKRUPTCY COURT JUDGE**

For the Debtor:

Yablon Law PLLC
BY: MARK P. YABLON, ESQUIRE
2777 Allen Parkway, Suite Floor 10
Houston, Texas 77019

For Interested Party, Travis B. Vargo, Court-Appointed Receiver:

Luttrell Carmody Law Group
BY: LESLIE M. LUTTRELL, ESQUIRE
100 NE Loop 510
San Antonio, Texas 78216

Audio Recorder:
Bryon A. Robinson
Earle Cabell Federal Building
1100 Commerce Street, Room 1254
Dallas, Texas 75242

Transcription Service:
Liberty Transcripts
9107 Topridge Drive
Austin, Texas 78750
(847) 848-4907
DBPATEL1180@GMAIL.COM

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

Q Okay. Who is or was Kell Mercer?

A He's a bankruptcy lawyer that was practicing in the Western District. And my understanding is he passed away.

Q Okay. And at the time that you made the representation that Mr. Steidley is referring to Mr. Mercer, the email that pops up with a great deal of regularity, had Judge Wilson issued his ruling in WC 4th and Colorado?

A No.

MS. LUTTRELL: Okay. And for -- may I approach the witness?

THE WITNESS: I believe the --

MS. LUTTRELL: Your Honor?

THE COURT: Yes, you may.

THE WITNESS: The Judge Wilson opinion came out on, like, April 27th I think it is.

BY MS. LUTTRELL:

Q I'm handing you a copy of WC 4th and Colorado.

A Yeah. April 29th.

Q And does WC 4th and Colorado pre-date or post-date the receivership orders?

A It post-dates them.

Q And the receivership orders are the ones that we've been talking about at ECF 20?

A Yes.

Q Okay. Have you made any representations like you made

THE COURT: Could you give me the date of the order? April 29th, 202- --

MS. LUTTRELL: '25.

THE COURT: Thank you.

MS. LUTTRELL: May I approach, Your Honor? I'll hand you a copy of it.

THE COURT: Yes. I think you may have given it to me at one point, but I'll take it. Appreciate that. Thank you.

BY MS. LUTTRELL:

Q Since the issuance -- and for clarification, Randy Wilson, the Justice of the 14th Court of Appeals that authored the WC 4th and Colorado case that you've got there in front of you, is that the same Randy Wilson that is sitting in the 333rd by special assignment?

A Yes.

Q Okay. At any time since April the 29th of 2025, have you made such a representation concerning single-member LLCs that was similar to what was made to Mr. Mercer in the early part of April?

A No.

MS. LUTTRELL: Pass the witness.

(Pause)

CROSS-EXAMINATION

BY MR. YABLON:

Q Hello, Mr. Vargo. How are you?

Q Okay. So getting back to where I started sort of, in this order, either order A or D, can you tell me where you have authority over MCITBE?

A No. We'd have to go through this. And I mean, we've been sitting here for like seven hours.

Q Well, wouldn't you think that's pretty critical? We all talk about Debtor's authority. I'm asking about the Receiver's authority to take actions detrimental to an entity. Shouldn't you have to show me what your authority is? I'm looking at your orders. In this order, where is there authority?

A No. I wasn't aware that I had -- I was testifying down to the specific provision in the A- and D-Case order. Can I do it? Yes. How long are we going to be here? For a little bit.

MR. YABLON: Objection. Narrative, argumentative, nonresponsive, Your Honor.

THE COURT: Ms. Luttrell?

MS. LUTTRELL: Your Honor, Mr. Vargo was saying that if you want to go through each and every paragraph, he can go through each and every paragraph. How long does Mr. Yablon want to take?

If he wants him to identify -- if he's asking him to identify the specific paragraphs in which the authority is derived cumulatively, he can do that. He's going to need to go through each of those paragraphs. Mr. Vargo does not have a marked copy of the order there in front of him.

(Pause)

MR. YABLON: Your Honor, it's been over at least ten minutes. It's crazy that he doesn't know, that he can't find anything in this order so far to show his authority that he's had for two years.

THE WITNESS: Well, to start with, WC Colorado --

MR. YABLON: Objection. You haven't been asked a question. I'm talking --

THE WITNESS: Then what am I doing? I'm answering your question.

MR. YABLON: No, I'm talking to the Judge right now.

THE COURT: You were just -- you were arguing that you thought it was ridiculous.

MR. YABLON: At some point, Your Honor, I'm -- this is new territory. I've never had someone that takes this long to be able to explain where their authority is in a document that's been handed to them or that they have, I mean.

THE COURT: Ms. Luttrell?

MS. LUTTRELL: Your Honor, he didn't ask him to explain. He asked him to identify the specific paragraphs. That's what he's attempting to do. There's 37 pages worth of documents.

THE WITNESS: Times two.

MS. LUTTRELL: Yeah. He did not go up with a pre-prepared set of notes to address the -- they can readily be

THE COURT: -- we'll wait.

THE WITNESS: Okay. Well, I'm going to continue adding to this testimony, but I want to point two things out. Number one, the WC Colorado decision, I believe, is controlling over --

MR. YABLON: Objection, Your Honor. Nonresponsive, argumentative, and narrative. He's talking about case law, not answering my direct question about what is -- the receivership orders, they don't talk about WC 40 or whatever it is.

THE COURT: Let's start -- I'm going to sustain the objection. You can testify with respect to these orders in particular, and to the extent that your counsel wishes to further redirect you, which I mean, I think we covered on direct.

But with respect to the second appellate decision, we can address that. But let's answer Mr. Yablon's question, Where in these orders do you find your authority?

THE WITNESS: Well, related to that point, Paragraph 8 is Choudhri receivership assets and includes all assets owned by Choudhri except his ownership in any limited liability company, right. However --

BY MR. YABLON:

Q That's on Page 6. Okay. I see that.

A Okay. You will take an order and interpret it with the case law and make arguments relating to the assets --

MR. YABLON: Objection, Your Honor. He's making --

THE WITNESS: May I finish my answer?

MR. YABLON: -- argument rather than saying what's in the confines of this order. This order doesn't say go look at case law and kind of make your own interpretation, Mr. Receiver. To be enforceable, an order, written order has to be very specific, and especially with a Receiver who's a magistrate of the Court taking action against somebody or an entity.

MS. LUTTRELL: Objection, Your Honor. It's argumentative. Mr. Vargo is trying to answer his question to the best of his ability with what he knows in dealing with this case on a daily basis.

THE WITNESS: In addition to that, there's --

MR. YABLON: Hold on.

THE COURT: Let's keep it within the confines of the order. Just give him the paragraphs that you've highlighted, and then we'll move on from there.

THE WITNESS: All right. 22D has a procedure for disputed rights. So to the extent that there's an issue, the order directs me to take custody of it. And third parties have a procedure whereby we can adjudicate it in front of Judge Wilson and adjudicate their rights.

BY MR. YABLON:

Q Where does it say that you have authority over MCITBE?

BY MR. YABLON:
Q I make those -- I make kind of mistakes like that all the time. It's all good.
A It's late.
Q On that one.
A Yeah. No. But, no, we're not going to agree that I can't. Maybe not under these circumstances right this moment.
Q Well, don't you think you should have known this when you filed a motion and made representations to the Court that you are in charge of MCITBE, that you should know your authority?
A Yes.
Q But you don't.
A I disagree with that.
Q Give me the evidence.
A You're limiting me to this document, and the law is more than a specific document.
Q I'm limiting you to an order.
A Mark, this order does not say --
MR. YABLON: Objection, being argumentative.
THE WITNESS: -- what's exempt. But the law tells me what's exempt, and I have to follow the law.
MR. YABLON: Your Honor, he's making legal argument.
THE COURT: Sustained.
MR. YABLON: Thank you. Move to strike.
THE COURT: Sustained.

Receiver Assets -- Choudhri Receiver Assets -- Jiminy Crickets.

THE COURT: It's like Yablon Law. I'm telling you, it's a tongue twister.

MR. YABLON: I was waiting for that. You know that, right? All right.

BY MR. YABLON:

Q "Choudhri receivership Assets includes all assets owned by Choudhri except his ownership interests in any limited liability company." So, if Mr. Choudhri owned an interest in company A, does that then give you the authority to take over company A?

A I'm not following what you're saying. Can you repeat that or rephrase it?

Q Number 8, it's saying that the assets that you can take over have to be owned by Choudhri, correct? Under Number 8.

A Yes.

Q Except for his ownership interests in any limited liability company, correct?

A That's what it says here.

Q Well, is that correct?

A Well, that's what it says here.

Q Okay. So, if Choudhri owned part of Vargo Law -- that's not a good example. If Choudhri owned part of a laundromat, it was an LLC and he owned part of it, would Number 8 give you the authority to take over that laundromat based on Number 8?

A If we're just staring at Number 8?
Q Uh-huh.
A And we're not going to follow any law, we're just looking at 8?
Q I'm asking you under the order --
A I know. I want to make sure that I give you right answers, though.
Q I agree.
A So, we're not bound by any other laws? We shouldn't look at any of the laws?

MR. YABLON: Objection, nonresponsive. I'm asking him on a Court order, does it allow him to do something, not

THE COURT: Okay. Mr. Yablon, I don't know how else to tell you this.

MR. YABLON: Okay.

THE COURT: I am the trier of fact and law, okay. I understand as plain as day that you are arguing that these turnover orders, on their face, just with the words on the page, do not give him receivership rights over the membership interests, okay, because in the time that we have been in here, I've been able to read this three times, okay.

MR. YABLON: Yes, Your Honor.

THE COURT: And I know exactly how Choudhri LLCs are used. And I've already gone through the Exhibit A to see how they're used there. And let the record reflect there are some

definitional issues here.

MR. YABLON: Thank you, Your Honor.

THE COURT: Okay. However, just so we're clear, I also know, and Ms. Luttrell's argued today, she's covered it with the witness, and she argued at a prior hearing that the WC 4th and Colorado case expands the Receiver's powers by essentially giving him more than the charging order in Paragraph 18 would otherwise give him relative to the membership interests. That is their legal argument.

So if you were trying to pin him down to say only what the words that are in this document say, you can pin him down to that. They say what they say. But he can't divorce himself from what he believes the law is based upon the WC Colorado case.

I'm not trying to short-circuit this and give people their arguments. I'm just trying to say that's what we've established. That is where the source of the dispute between the two tables is, okay. And at the end of the day, I'll have to be the daylight between those two arguments and determine what I believe.

MR. YABLON: Okay.

THE COURT: All right?

BY MR. YABLON:

Q So I kind of forgot what I asked you, so I'll make this quick. You don't contend that Ali Choudhri has an ownership

MCITBE?

A The -- there's no evidence, document evidence of any ownership of MCITBE.

MR. YABLON: Objection, nonresponsive. I'm asking him a very specific question. Does he have evidence that Ali Choudhri owns MCITBE, not who else might own it.

THE COURT: Objection sustained.

THE WITNESS: The way that you asked the question, I believe --

MR. YABLON: Objection, he's nonresponsive.

THE WITNESS: If a Court order can be evidence, I would say that -- or to the extent that --

MR. YABLON: Objection, nonresponsive.

THE WITNESS: I'm relying upon Judge Wilson's orders.

MR. YABLON: Objection, nonresponsive. I asked, does he have evidence --

THE COURT: Overruled.

BY MR. YABLON:

Q So, you're saying that Judge Wilson's orders prove that Ali owns a membership interest in MCITBE?

A Yes. There were hearings held and issues ordered.

Q Okay.

A Yes.

Q I hate to do this, but where in this order does it find that Ali Choudhri is an owner of MCITBE?

CERTIFICATE

I, DIPTI PATEL, court approved transcriber, do hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and transcribed to the best of my ability.

Dipti Patel

______________________________

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

Liberty Transcripts                    Date: September 28, 2026

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS)

IN RE: . Case No. 26-32580-MVL-11
.
MCITBE LLC, . Chapter 11
.
Debtor. .
. Wednesday, September 23, 2026
. . . . . . . . . . . . . . . . 9:39 A.M.

TRANSCRIPT OF HEARING ON
MOTION TO DISMISS CASE FILED BY INTERESTED PARTY
TRAVIS B. VARGO, COURT-APPOINTED RECEIVER (21)

**BEFORE THE HONORABLE MICHELLE V. LARSON**
**UNITED STATES BANKRUPTCY COURT JUDGE**

For the Debtor:

Yablon Law PLLC
BY: MARK P. YABLON, ESQUIRE
2777 Allen Parkway, Suite Floor 10
Houston, Texas 77019

For Interested Party, Travis B. Vargo, Court-Appointed Receiver:

Luttrell Carmody Law Group
BY: LESLIE M. LUTTRELL, ESQUIRE
100 NE Loop 510
San Antonio, Texas 78216

Audio Recorder: Bryon A. Robinson
Earle Cabell Federal Building
1100 Commerce Street, Room 1254
Dallas, Texas 75242

Transcription Service: Liberty Transcripts
9107 Topridge Drive
Austin, Texas 78750
(847) 848-4907
DBPATEL1180@GMAIL.COM

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

determination of what constitutes cause and the burden shifting that this Court recognized in Petros, as well in the case of In re Fedoruk, F-E-D-O-R-U-K, which is a Southern District of Texas case.

I have copies of those cases if the Court would like them.

THE COURT: If you have the copy of Judge Rodriguez's opinion. I'm very familiar with the others.

MS. LUTTRELL: Do you want one or two?

THE COURT: Just one.

MR. YABLON: Thank you.

MS. LUTTRELL: May I approach?

THE COURT: Yes. Thank you, I appreciate it.

MS. LUTTRELL: And Fedoruk is the opinion that we cited in the burden shifting in our moving papers.

So Judge, the authority of the Receiver over the Choudhri LLCs has been confirmed, as I indicated repeatedly, in the Western District of Texas. We cite to the various proceedings in the Western District of Texas in which Judge Robinson, Judge Bradley, Judge Parker have made determinations that Mr. Vargo is in charge of and has control over the Choudhri LLCs. Those are cited at Page 4 and 5 of the opinion -- I mean, of the motion.

And I will tell the Court that as of the filing back on July 14th, the second Meandering Bend case was pending a

on the 21st by Mr. Yablon, I would move for the admission of 175-44 and 175-45 as admissions against interest and in support of our position that the MCITBE bankruptcy proceeding was not filed with the requisite authority under state law, which is one of the pleadings that the Receiver has, in addition to the authority generally that was vested in the Receiver pursuant to the terms and conditions of the receivership orders as interpreted by Judges Robinson, Parker, and Bradley.

And when the Court reviews both the company, the MCITBE LLC company members resolution and Ms. Shahnaz Choudhri and MCITBE LLC employment agreement, the Court will see that neither of those documents conveys upon Mr. Cox the authority to perform fundamental business activities outside of the ordinary course of business, which would exclude his authority to authorize the filing of a bankruptcy proceeding.

THE COURT: All right, so you're moving for admission of Debtor's 44 and 45?

MS. LUTTRELL: Debtor's 44 and 45. Without conceding that any of the Debtor's exhibits should be admitted, these are admissions against interest from the perspective of the Receiver because it goes further to establish that the foundational resolution, which is 17544 and referenced in Exhibit 34, which the Court has previously admitted, does not afford Mr. Cox the requisite authority to have signed off on and approve the filing of a bankruptcy proceeding if, in fact,