**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT H

Choudhri Chapter 11 filings and notice, No. 25-90797 (Dec. 5–19, 2025), including ECF Nos. 21, 22, 33 (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* __________

Chapter you are filing under:

☐ Chapter 7
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

**06/24**

**The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Ali<br>First name<br><br>Middle name<br><br>Choudhri<br>Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | | |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** (ITIN) | xxx-xx-1681 | |

Debtor 1 Ali Choudhri Case number *(if known)* ______

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | EIN | EIN |
| **5. Where you live** | 4521 San Felipe St #3201<br>Houston, TX 77027<br>Number, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br>Number, Street, City, State & ZIP Code |
| | Harris<br>County | County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br>1001 W Loop S #700<br>Houston, TX 77027<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br>☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) | *Check one:*<br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br>☐ I have another reason. Explain. (See 28 U.S.C. § 1408.) |

Debtor 1 Ali Choudhri    Case number *(if known)* ______

**Part 2: Tell the Court About Your Bankruptcy Case**

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ☐ **I will pay the entire fee when I file my petition**. Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☒ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ☒ No.
- ☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ☒ No
- ☐ Yes.

Debtor ______ Relationship to you ______
District ______ When ______ Case number, if known ______
Debtor ______ Relationship to you ______
District ______ When ______ Case number, if known ______

**11. Do you rent your residence?**

- ☒ No. Go to line 12.
- ☐ Yes. Has your landlord obtained an eviction judgment against you?
  - ☐ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1 Ali Choudhri Case number *(if known)* ____________

**Part 3: Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☒ No. Go to Part 4.

☐ Yes. Name and location of business

____________
Name of business, if any

____________
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor?***

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No. I am not filing under Chapter 11.

☒ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

**Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☒ No.

☐ Yes.

What is the hazard? ____________

If immediate attention is needed, why is it needed? ____________

Where is the property?

____________
Number, Street, City, State & Zip Code

Debtor 1 Ali Choudhri | Case number *(if known)* ______

## Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☒ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of**:

☐ **Incapacity.**
I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**
My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**
I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1 Ali Choudhri Case number *(if known)* ____________________

## Part 6: Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☒ No. Go to line 16b.

☐ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☒ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts

____________________

**17. Are you filing under Chapter 7?**

☒ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Ali Choudhri
Ali Choudhri
Signature of Debtor 1

Signature of Debtor 2

Executed on December 5, 2025
MM / DD / YYYY

Executed on ____________________
MM / DD / YYYY

Case 25-90797 Document 1 Filed in TXSB on 12/05/25 Page 7 of 7

Debtor 1 Ali Choudhri

Case number *(if known)*

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

Signature of Attorney for Debtor

Date December 5, 2025
MM / DD / YYYY

Printed name

Duke Law Firm
Firm name

788 Shrewsbury Avenue
Eatontown, NJ 07724
Number, Street, City, State & ZIP Code

Contact phone

Email address

Bar number & State

JETALL

Ali Choudhri <ali@jetallcapital.com>

## Meandering Bend, Case No. 25-11334

1 message

**Bruce Duke** <bruce@bdukelawfirm.com> Fri, Dec 5, 2025 at 1:17 PM
To: "jennifer_lopez@txwb.uscourts.gov" <jennifer_lopez@txwb.uscourts.gov>
Cc: Ali Choudhri <ali@jetallcapital.com>, Leslie Luttrell <luttrell@lclawgroup.net>

Ms. Lopez:

I write concerning the above matter, which has a hearing on a receiver motion scheduled today for 2:00 CST. I wanted to advise Chambers that Mr. Choudhri, the principal of the debtor, filed his own Chapter 11 case today, Case No. 25-90797 in the Southern District of Texas. We respectfully submit that because of this filing the hearing today should be cancelled. Thank you.

Kind Regards,

**Bruce J. Duke, Esq. (Member NY & NJ Bars)**

DUKE LAW FIRM

NJ Office: 141-I Rte 130 S, #380, Cinnaminson, NJ 08077

NY Office: 83 Haviland Dr. Suite 3, Patterson, NY 12563

**Phone:** (732) 200-9084

**Email:** bruce@bdukelawfirm.com

www.bdukelawfirm.com

**Confidentiality Notice: This message, together with any attachments, is being sent by or on behalf of a lawyer. This communication may contain information that is proprietary, privileged and confidential or otherwise legally exempt from disclosure. It is intended exclusively for the individual or entity to which it is addressed. If you are not the intended recipient, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail, and delete the message and any attachments.**

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 25-90797 |
| ALI CHOUDHRI, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

**ORDER DISMISSING BANKRUPTCY CASE WITHOUT PREJDICE**

This case was filed on December 5, 2025 and designated a complex chapter 11 case. The Debtor is represented by counsel. The Debtor filed some schedules of assets and liabilities, but did not include a verification or declaration stating that the information was true and correct. The Debtor also filed a purported list of the 20 largest unsecured creditors, but did not disclose the necessary information or include a declaration attesting that the information was true and correct. Verifying schedules and a list of top creditors in chapter 11 cases is essential.

This Court conducted a status conference on December 9. The Court required the Debtor to file a proper list of top 20 unsecured creditors and to verify the schedules filed on December 5. To date, the Debtor has not filed a single declaration or verification.

Today, the Debtor was required to file his schedules and statements of financial affairs. On the due date, the Debtor moved for a two-week extension.

Section 1112(b)(1) of the Bankruptcy Code allows a Court to dismiss or convert a case, whichever is in the best interests of creditors and the estate, for "cause" unless the Court determines that the appointment of a chapter 11 trustee or examiner is in the best interests of creditors and the estate. Under section 1112(b)(4), "cause" includes: unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a chapter 11 case.

Section 105 of the Bankruptcy Code says that the Court may issue any order that is necessary or appropriate to carry out the provisions of chapter 11. And that no provision providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Debtor's counsel claims he just needs some more time. While well intentioned, there is no excuse for the Debtor having not verified what was already filed two weeks ago and following a status conference with the Court. The Court has strong concerns about the lack of transparency and abuse of process just two weeks into this case. Dismissal is appropriate. Conversion or the appointment of a chapter 11 trustee or examiner is not in the best interests of creditors and the estate. The Debtor may refile when prepared to comply with essential requirements under the Bankruptcy Code and the Bankruptcy Rules.

**The Court dismisses this case without prejudice to refiling as a non-complex chapter 11 case in this District.**

Signed on December 19, 2025

Christopher Lopez
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ALI CHOUDHRI** | § | **Case No. 25-90797 (CML)** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, TO DISMISS BANKRUPTCY PROCEEDING FOR CAUSE PURSUANT TO 11 U.S.C. §1112(b), OR ABSTAIN PURSUANT TO 11 U.S.C. §305(a)(1), OR ALTERNATIVELY TO DETERMINE THAT THE NON-EXEMPT ASSETS OF ALI CHOUDHRI ARE NOT PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §541**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE, CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Comes now, TRAVIS VARGO, Court Appointed Receiver[1] (the "Receiver") and files this his *Motion Of Travis Vargo, Court Appointed Receiver, To Dismiss Bankruptcy Proceeding For Cause Pursuant To 11 U.S.C. §1112(b), To Abstain Pursuant to 11 U.S.C. §305(a)(1), Or Alternatively To Determine That The Non-Exempt Assets Of Ali Choudhri Are Not Property Of The Estate Pursuant To 11 U.S.C. §541* (the "Receiver's Motion") and would respectfully show this Court as follows:

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"), and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case").

## I.
## JURISDICTION AND VENUE

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 157(a) and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The statutory predicate for the relief sought herein is 11 U.S.C. § 1112 and Bankruptcy Rules of Procedure 9014.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## II.
## SUMMARY OF RELIEF REQUESTED

4. Pursuant to the terms of the Receivership Orders, *infra.*, all non-exempt assets of Ali Choudhri ("Choudhri"), including the interests and management rights of Choudhri in all Choudhri LLC's[2] (as defined in the Receivership Orders) that were not in a pending bankruptcy as of the date of the entry of the Receivership Orders, *infra.*, were transferred in *custodia legis* to the 333rd Judicial District Court of Harris County, Texas (the "Receivership Court") in care of the Receiver. Because all non-exempt assets of Choudhri were transferred to the Receivership Court, the only assets owned by Choudhri that could be the subject of the instant bankruptcy proceeding are the exempt assets of Choudhri which, upon the designation of the same, will be removed from the bankruptcy estate. 11 U.S.C. §522(l); *Schwab v. Reilly* 560 U.S. 770, 774 (2010).

5. The Receiver alternatively seeks the dismissal or suspension of proceedings in this bankruptcy case pursuant to 11 U.S.C. §305(a)(1) because dismissal

---

2 Expressly excluding the interests in the Choudhri LLC's that were in pending bankruptcy proceedings as of March 31, 2025 and April 1, 2025

or suspension is in the best interest of the creditors of the estate. As a third alternative, the Receiver seeks a determination by this Court that the non-exempt assets of Choudhri *are not* property of the estate pursuant to 11 U.S.C. §541(d) because pursuant to the Receivership Orders as of the Petition Date[3] Choudhri only held bare legal title to the non-exempt assets with no avenue to reclaim them since the Receivership Orders are final non-appealable orders and the instant bankruptcy was filed more than ninety (90) days after the entry of Receivership Orders.

## III.
## RELEVANT FACTS

6. Choudhri, Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in the A-Case. Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in the D-Case. The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The judgment in the D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II as determined by the by the Hon. Christopher Bradley and the Hon. Michael Parker in the companion cases of In re: Texas REIT, LLC[4], In re: 1001 WL, LLC[5] and In re: RIC (Lavernia) LLC[6] (collectively the "Companion Cases").

7. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver*

---

3 December 5, 2025
4 In re: Texas REIT, LLC Case No. 24-10120-smr
5 In re: 1001 WL, LLC Case No. 24-10119-smr
6 In re: RIC (Lavernia) LLC Case No. 24-51195-mmp, which case was dismissed on Friday, December 5, 2025.

*Against Judgment Debtors* in the D-Case. Thereafter, on April 8, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 19-2.

8. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 19-1.

9. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders") as confirmed by the Authority Orders[7] entered in the Companion Cases, the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding those entities which were in bankruptcy proceedings pending *at the time of the entry of the Receivership Orders* – March 31, 2025 and April 1, 2025, respectively. Notwithstanding the express terms of the Receivership Orders, Choudhri has continued to attempt to exercise control over the non-exempt assets transferred in *custodia legis* to the Receivership Court

---

[7] ECF 996 entered in Case No. 24-10119-smr (In re: 1001 WL, LLC); ECF 784 entered in Case No. 24-10120-smr (In re: Texas REIT, LLC), and ECF 304 entered in Case No. 24-51195 (In re: RIC (Lavernia) LLC) (collectively the "Authority Orders") and also filed of record in this proceeding at ECF 20-1 through 20-3.

including the filing of bankruptcy proceedings for Dalio I (Case No. 25-11157-smr)[8], Memorial Glen Cove, LLC (25-51840-mmp)[9], and Meandering Bend, LLC (25-11334-smr)[10].

10. Despite the express transfer of the ownership of the non-exempt assets of Choudhri under the terms of the Receivership Orders and the determinations in the Authority Orders, Choudhri persists in his efforts to undermine the authority of the Receivership Court as exercised through the Receiver. Specifically, Choudhri has toyed with the Courts in the Southern and Western District Bankruptcy Courts as follows:

| Entity | | District and Division | Case No. | File Date | Dismissal Date |
|---|---|---|---|---|---|
| Dalio Holdings I, LLC | | WD TX Austin | 25-11157-smr | 07/30/2025 | 09/19/2025 |
| Meandering Bend, LLC | | WD TX Austin | 25-11334-smr | 08/05/2025 | 12/05/2025 |
| Memorial Glen Cove, LLC | | WD TX San Antonio | 25-51840-mmp | 08/11/2025 | 08/20/2025 |
| | | | | | |
| Removed Case | Removal Date | District and Division | "Related Bankruptcy" | | Remand Date |
| D-Case | 11/04/2024 | SD TX Houston | In re: Texas REIT, LLC[11] | | 12/02/2024 |
| A-Case | 11/06/2024 | SD TX Houston | In re: Texas REIT, LLC | | 12/02/2024 |
| A-Case | 08/29/2025 | SD TX Houston | In re: Meandering Bend, LLC[12] | | Pending |
| D-Case | 08/20/2025 | SD TX Houston | In re: Dalio Holdings I, LLC | | 10/22/2025 |
| D-Case | 11/16/2025 | SD TX Houston | In re: Meandering Bend, LLC | | Pending |

11. Choudhri attempted in the Companion Cases to argue two grounds on which the Receiver should not be permitted to act in accordance with or pursuant to the

[8] Dalio I was dismissed by the order of this Court on September 49, 2025 at ECF 38 entered in Case No. 25-11157-smr

[9] Memorial Glen Cove has since been dismissed *sua sponte* by Judge Parker.

[10] The bankruptcy proceeding for Meandering Bend, LLC was dismissed on the motion of the Receiver effective December 5, 2025

[11] Case No. 2024-10120-smr

[12] Judge Rodriguez declined to remand or transfer the Adversary on the theory that the action would violate the automatic stay. The automatic stay was lifted on December 5, 2025 immediately prior to the dismissal of the case by Judge Robinson.

Receivership Orders – (1) because the Receivership Orders were on appeal, and (2) because the judgments in the A-Case and D-Case had been superseded. The Receiver anticipates that Choudhri will use these same arguments in this Court to support his contention that the Receiver should not have control of the non-exempt assets. Both arguments were rejected by Judges Bradley and Parker.

12. Judge Bradley in considering the first argument opined[13]:

**A. The Amended Orders were never appealed.**

The Amended Orders, the orders at issue in this case, were never appealed. The Amended Orders were signed *after* the orders that were appealed. The A Case Order was signed April 9, 2025, and the D Case Order was signed April 8, 2025. There are two pending appeals in the Texas Fourteenth District Court of Appeals: *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00308-CV ("the A Case Appeal"), and *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00309-CV ("the D Case Appeal"). Both appeals were dismissed by memorandum opinions on October 7, 2025. The A Case Appeal memorandum opinion confirms, "This appeal is from an order signed April 1, 2025." The D Case Appeal memorandum opinion similarly confirms, "This appeal is from an order signed March 31, 2025." Therefore, the Amended Orders at issue in this case were not appealed.

Judge Parker, considering the same argument, also found that the Amended Receivership Orders were *not appealed,* and the appeal of the original Receivership Orders were denied[14].

13. The second argument – that the judgments in the A-Case and the D-Case had been superseded by the filing by Choudhri of a document entitled *Choudhri Supersedeas With Alternate Security* – was also rejected. Judge Bradley opined[15]:

[13] Identical language was used by Judge Bradley in both the Authority Orders authored by him.
[14] *See* ECF 20, Exhibit 3
[15] *See* ECF 20, Exhibit 1 and Exhibit 2

**B. The appeals of the original orders were never superseded.**

Although the Amended Orders were not appealed, this Court will nevertheless analyze the supersedeas issue. Much of the testimony at the hearing centered on this issue. The conclusion is that even if the appeals *were* of the correct orders, it would not matter because the supersedeas is not in effect.

He went on to analyze the application of Texas Rule of Appellate Procedure 24 as follows[16]:

Texas Rule of Appellate Procedure 24 ("Rule 24") governs the "suspension of enforcement of judgment pending appeal in civil cases."[12] Rule 24 was amended by the Texas Supreme Court by order dated December 18, 2023.[13] The parties dispute whether the old or amended Rule 24 applies to the Amended Orders. The Texas Supreme Court order approving the amendments provides that most of the rules are not effective in cases filed prior to September 1, 2023 :

> 3. Amended Rules 24.1(b)(2) and 24.4(d) take effect on January 1, 2024.
>
> 4. The other amendments take effect immediately and apply only to a civil action commenced on or after September 1, 2023.[14]

It is undisputed that the A Case and the D Case both commenced in 2012. Therefore, the only amendments to Rule 24 that could impact an appeal in either case are the amendments to Rules 24.1(b)(2) and 24.4(d).[15]

"Enforcement of a judgment must be suspended if the judgment is superseded."[16] Under the version of Rule 24 applicable to the Amended Orders, a judgment debtor can supersede a judgment by either:

(1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;
(2) filing with the trial court clerk a good and sufficient bond;

---

16 *Id.*

> Here, Choudhri did not reach an agreement, file a bond, or make a deposit. He contends that he provided alternate security. He produced a document entitled "Choudhri Supersedeas with Alternative Security" filed on August 11, 2025, in the A Case. [18] Choudhri's filing purports to pledge as alternative security several judgments he is owed, one-fourth of a claim for unpaid rent he is allegedly owed, one-tenth of his "49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."[19]
>
> . . .
>
> The Court's best understanding of Choudhri's best argument is that his "alternative security" filing in the trial court is the same thing as a bond and therefore, under the 2023 amendment to Rule 24.1(b)(2), which *is* applicable to the A and D Cases, it was "effective upon filing."[24] However, Rule 24.1(a), quoted above, clearly states that methods for superseding a judgment include either filing a bond (which supersedes immediately and need not be ordered by the court)[25] *or* providing alternate security (which must be ordered by the court).[26] A bond and alternate security, then, are different things.[27] Choudhri provided neither a bond nor an alternate security ordered by the court. Therefore, his supersedeas was not successful.

As with the first issue, Judge Parker came to the same conclusions as Judge Bradley – the *Choudhri Supersedeas on Alternate Security* was ineffective to supersede the A-Case and D-Case Judgments[17].

## IV.
## APPLICABLE AUTHORITIES

### A. Dismissal is appropriate because the filing was not made in good faith, there are no assets to administer, and therefore no reasonable likelihood of rehabilitation

#### i. Burden of Proof - cause

14. Pursuant to 11 U. S.C. §1112(b), "on request of a party in interest, and after notice and hearing, the court shall convert … or dismiss a case under this chapter, whichever is in best interest of creditors and the estate, for cause unless the court

[17] See ECF 20, Exhibit 3

determines the appointment under section 1104(a) of a trustee or examiner is in the best interest of the estate."11 U.S.C. §1112(b)(1); *In re Turk. Leg Hut & Co. LLC*, 665 B.R. 129, 137-138 (Bankr. S.D.TX 2024). As recognized by Judge Rodriguez in the *Turkey Leg* case, "[w]hen determining "cause," the Court must also consider the totality of the circumstances. Additionally, when determining whether to dismiss or convert a case under § 1112, a court is required to apply a burden shifting analysis. Under that analysis, the moving party bears the initial burden to establish "cause" by a preponderance of the evidence. Once the movant shows "cause," the burden shifts to the debtor to establish the exceptions in § 1112(b)(2)." *Id*. Section 1112(b)(4) provides a *non-exhaustive list* of "cause" which includes: (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirements established the this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or and examination order pursuant to rule 2004; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee; among others. Choudhri's actions in connection with the previously filed cases should be taken as a clear indication that he will check virtually every "cause" box detailed in §1112(b)(4). Additionally, the Receiver would posit for the Court that the sole reason for the filing of the instant bankruptcy by Choudhri was purely litigation strategy, having exhausted all other avenues available to him in the other cases pending in both the Southern and Western District Bankruptcy Courts.

**ii. Lack of good faith**

15. Lack of good faith is not one of the enumerated examples in section 1112(b), but many courts have held that lack of good faith is appropriate cause for dismissal under that section. *In re Turk. Leg Hut & Co. LLC*, 665 B.R. at 138; *In re Roman Catholic Church of the Archdiocese of New Orleans*, 632 B.R. 593, 599 (Bankr. E.D. LA 2021); *In re Mirant Corp.*, No. 03-46590, 2005 Bankr. LEXIS 1686, 2005 WL 2148362, at *6 (Bankr. N.D. Tex. Jan. 26, 2005) (collecting cases). "Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Little Creek Dev. Co. v. Commonwealth Mortg. Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir. 1986) (citations omitted).

16. If past is prologue, Choudhri will violate or fail to follow every order and rule applicable to this bankruptcy proceeding. Of glaring note in that regard is the failure of Choudhri to list the Receiver – clearly a party in interest - on the matrix. Choudhri has been playing cat and mouse with his creditors, the Receivership Court, and the bankruptcy courts in the Southern and Western Districts of Texas for years. Choudhri has been displaced from control of <u>*every*</u> bankruptcy proceeding he has filed.

| Case No. | Case Style | Date Filed | Disposition |
|---|---|---|---|
| 24-10119-smr | In re: 1001WL, LLC | 02/06/2024 | Chapter 11 Trustee |
| 25-11157-smr | Dalio Holdings I, LLC | 07/30/2025 | Dismissed |
| 24-35761-jpn | Jetall Companies | 12/04/2024 | Involuntary Chpt. 11 Converted to Chpt. 7 |
| 23-34815-jpn | Galleria 2425 Owner, LLC | 12/05/2023 | Chapter 11 Trustee appointed |

| Case No. | Case Style | Date Filed | Disposition |
|---|---|---|---|
| 24-32143-jpn | Galleria West Loop Investments, LLC | 05/06/2024 | Involuntary Chpt. 11 Converted to Chpt. 7 |
| 25-11334-smr | Meandering Bend, LLC | 08/05/2025 | Dismissed |
| 25-51840-mmp | Memorial Glen Cove, LLC | 08/11/2025 | Dismissed |

17. The determination of good faith in the context of a chapter 11 filing has been addressed by the Courts in this District as well as the Fifth Circuit. "The standards of section 1112(b) of the Code must apply as fully, fairly, and equitably to individual debtors and their creditors as they do to business debtors." *In re Canion*, 129 B.R. 465, 469 (Bankr. S.D. Tex. 1989). Determining whether a petition for relief is filed in good faith "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities." *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). The historical and chronic disregard by Choudhri is surely relevant to the probability of future compliance.

**iii. Lack of assets for administration**

18. As noted above the Receivership Orders were effective on March 31, 2025 and April 1, 2025, respectively and are both final and non-appealable. As confirmed by Judges Bradley and Parker, neither the Receivership Orders nor the underlying judgment in the A-Case and D-Case have been superseded. The Receivership Orders provide as follows:

> a. <u>*Custodia Legis*</u>. Receivership Assets are in *custodia legis*. Except for the Bankruptcy Court's jurisdiction, no other court or forum has jurisdiction to adjudicate rights relating to the Receivership Assets because this Court maintains exclusive, sole authority for assets held in *custodia legis* by it.[7] Notwithstanding anything herein to the contrary, the Bankruptcy Court shall continue to have exclusive jurisdiction over any disputes pending or otherwise brought in the Texas REIT Bankruptcy, including disputes between Dalio I and/or Dalio II and WCW or any other Bankrupt LLCs.

Accordingly, all of the non-exempt assets of Choudhri were transferred in *custodia legis* to the Receivership Court in care of the Receiver for collection and administration effective not later than April 1, 2025[18].

19. Because Choudhri elected to refrain from filing a bankruptcy proceeding for a period longer than 90 days after the Receivership Orders became final and non-appealable and further failed to supersede the A-Case and D-Case judgments, the one avenue that might have been available to him to avoid the transfer to the Receivership Court in *custodia legis* of all of his non-exempt assets was 11 U.S.C. §547. That opportunity expired on or about June 30, 2025.

**iv. Abstention or suspension under 11 U.S.C. §305 is appropriate**

20. Section 305 of the Bankruptcy Code provides that a court may dismiss or suspend a bankruptcy case if "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. §305(a)(1) "The legislative history recognizes "that there are cases in which it would be appropriate for the court to decline jurisdiction "". *In re First Financial Enterprises, Inc.*, 99 B.R. 751, 754 (Bankr. W.D. Tex.

[18] The footnote from the Receivership Order:

> [7] *See Tex. Am. Bank/West Side v. Haven*, 728 S.W.2d 102, 104 (Tex. App.—Fort Worth 1987,writ dismissed for want of jurisdiction) ("If a court of competent jurisdiction, federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty.") (quoting *Palmer v. Texas*, 212 U.S. 119 (1909)), *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet); *see, also Neal v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 109 Tex. 69, 191 S.W. 563, 565 (1917).

1989). The decision to abstain under section 305(a) is not "reviewable by appeal or otherwise." 11 U.S.C. §305(c). Accordingly, "it is an extraordinary power which should be exercised sparingly and only in unusual circumstances". *In re First Financial Enterprises, Inc*., 99 B.R. at 754 (citing *In re RAI Marketing Services, Inc.*, 20 B.R. 943, 945 (Bankr. D. Kan. 1982. "Abstention is proper, however, where considerations of comity with state and federal administrative proceedings would dictate that the Bankruptcy Court stay its hand in order to prevent undue interference or entanglement with state or federal administrative and regulatory schemes." *In re First Financial Enterprises, Inc*., 99 B.R. at 754 (citing *In re A & D Care, Inc*., 90 B.R. 138 (Bankr. W.D. Pa. 1988) (state regulation of private correctional facilities); *In re O'Neil Village Personal Care Corp*., 88 B.R. 76 (Bankr. W.D. Pa. 1988) (state court appointed receiver of personal care facility); In re Michael S *Starbuck, Inc*., 14 B.R. 134, (Bankr. S.D.N.Y. 1981) (Securities and Exchange Commission receivership).

21. The case before the Court is an extraordinary one calling for decisive measures to prevent the further abuse of the judicial process by Choudhri for his personal financial gain. The inconsistent positions and gamesmanship abound with Choudhri; he contends in his petition – both the original and amended – that he has assets between 100 million and 500 million dollars yet he is unable to tender the filing fee in a single installment[19]. Additionally, with only exempt assets available in his "estate" he has identified his case to be a "complex" case under the Southern District of Texas Local Rules[20].The bankruptcy case should be dismissed for cause.

[19] *See* ECF 6 – Application to pay filing fee in installments
[20] *See* ECF 2 – Notice of Complex Case

**B. Alternatively, the Receiver seeks confirmation that the non-exempt assets of Choudhri are not assets of the bankruptcy estate.**

22. Alternatively, should the Court conclude that neither dismissal nor abstention are appropriate or not in the best interests of the creditors and the estate, the Receiver requests that the Court, in accordance with the Receivership Orders, confirm that all non-exempt property of Choudhri remains in *custodia legis* with the Receivership Court to be administered by the Receivership Court in accordance with the Receivership Order.

23. The Receiver has, contemporaneously herewith, filed his motion for relief from stay to proceed in the Receivership Court.

**WHEREFORE, PREMISES CONSIDERED**, Movant, TRAVIS VARGO, Court Appointed Receiver, prays that upon final hearing of this Motion, that this Court find that cause exists under 11 U.S.C. §1112(b) and dismiss the Choudhri bankruptcy proceeding, alternatively, abstain in accordance with 11 U.S.C. 305(a)(1), or alternatively, confirm that the non-exempt assets of Choudhri remain in custodia legis with the Receivership Court in care of the Receiver, together with such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 NE Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650
SD Bar No. 24152
luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS VARGO, COURT APPOINTED RECEIVER**

# CERTIFICATE OF SERVICE

I do hereby certify that on the 10th day of December 2025, I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, US Trustee, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
Ali Choudhri
1001 W. Loop South
Suite 700
Houston, TX 77027

**Debtor's Counsel**
Bruce J Duke
Bruce J. Duke, LLC
788 Shrewsbury Avenue
Suite 2225
Tinton Falls, NJ 07724

Gia Samavati
Samavati Samvati Law Firm
2401 Fountain View
Suite 803
Houston, TX 77057

***U.S. Trustee***
US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

Christopher Ross Travis
Jana Smith Whitworth
Office of the United States Trustee
515 Rusk Street, Ste 3516
Houston, TX 77002

**Other Parties in Interest**

Charles C. Conrad
L. James Dickinson
Reed C. Trechter
Pillsbury Winthrop Shaw Pittman LLP
609 Main Street, Suite 200
Houston, Texas 77002

Andrew M. Troop Pillsbury Winthrop
Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

Abdullatif & Company LLC
5177 Richmond Ave Suite 125
Houston, Texas 77056

Ali Mokaram
2500 West Loop South, Suite 455
Houston, TX 77027

American Express-Corp
Members Reward
PO BOX 981535
El Paso, TX 79998

Ameritrex Imaging & Services
PO Box 841511
Houston, TX 77284-1511

Andres Cedillos
1433 3rd St
Floresville, TX 78114

Andy Taylor
405 Main St Unit 200
Houston, TX 77002

Arabella Condominium
Owners Association
4521 San Felipe
Houston, TX 77027

ATT
208 S Akard St
Dallas, TX 75202

Benjamin Gubernick
105 A Detering
Houston, TX 77007

Femrite Group, Inc.
2715 Acton Hwy
Granbury, TX 76049-5904

George Lee
5353 W Alabama St
Houston, TX 77056-5940

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Matthew Gemp
313 Lindenwood Dr
Houston, TX 77024

Osama Abdullatif
2500 West Loop S Ste 522
Houston, TX 77027

Select Portfolio
P.O. Box 65250
Salt Lake City, UT 84165

Shellpoint
PO Box 10826
Greenville, SC 29603

Wells Fargo
PO Box 10335
Des Moines, IA 50306

Yablon Law Firm, PLLC
2777 Allen Parkway, Floor 10
Houston, TX 77019

TIG Romspen US Master Mortgage LP
1999 Bryan Street
Suite 900
New York, NY 75201

BDFI LLC
1001 West Loop S Ste 700
Houston, TX 77027

Matthew Gemp
313 Lindenwood
Houston, Texas 77024

Harris County Tax Collector
PO BOX 4633
Houston, TX 77210-4633

Internal Revenue Service
13013 NW Fwy
Houston, TX 77040

The Wilson County Tax Collector
1 Librar
Floresville, TX 78114

Travis County Tax Office
PO Box 1748
Austin, TX 78767-1748

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ALI CHOUDHRI** | § | **Case No. 25-90797 (CML)** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

TO THE HONORABLE, CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

**L. RULE 4001 NOTICE**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JANUARY 13, 2026 AT 10:00 A.M. IN COURTROOM 402, 515 RUSK, HOUSTON, TEXAS 77002**

Comes now, TRAVIS VARGO, Court Appointed Receiver[1] (the "Receiver") and files this his Motion for Relief from Stay (the "Motion") for cause pursuant to 11 U.S.C. §362(d)(1) and would respectfully show this Court as follows:

---

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case") and of Ali Choudhri, Dalio Holdings I LLC, and

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The statutory predicate for the relief sought herein is 11 U.S.C. § 362 and Bankruptcy Rules of Procedure 4001 and 9014.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## II. BACKGROUND

4. Ali Choudhri ("Choudhri") along with Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in the A-Case. Choudhri, Dalio I and Dalio II are also judgment debtors of Ali the D-Case. The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The judgment entered in the D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II[2].

5. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case. Thereafter, on April 8, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership

Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case").

[2] *See* ECF 20 Notice of Authority Orders

Order”). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 19-2.

6. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the “The A-Case Receivership Order”). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 19-1.

7. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the “Receivership Orders”), all of the non-exempt assets of Choudhri were transferred in *custodia legis* to the Receivership Court in care of the Receiver. The Receiver was given exclusive control over all of the Choudhri Receivership Assets pursuant to the Receivership Orders, as therein defined, including litigation rights on behalf of the Choudhri LLC’s and Choudhri, individually, as confirmed in the three Authority Orders entered by the Bankruptcy Courts in the Western District of Texas[3]. *See also, WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025).

8. Subsequent to the entry of the Receivership Orders, Choudhri directed the filing of the bankruptcy proceedings for Dalio I (Case No. 25-11157-smr), Meandering

3 See ECF 20 (The Authority Orders)

Bend, LLC (25-51815-mmp)[4], and Memorial Glen Cove, LLC (25-51840-mmp)[5]. Choudhri has unsuccessfully attempted to control the actions and assets of Dalio I and Dalio II as well as various other entities that are the subject of the Receivership Orders within the bankruptcy proceedings of 1001 WL, LLC (Case No. 24-10119-smr), RIC (Lavernia) LLC (Case No. 24-51195-mmp), and Texas REIT, LLC (Case No. 24-10120-smr), notwithstanding the express terms of the D-Case Receivership Order.

9. On or about August 11, 2025, Choudhri filed a pleading in the A-Case styled "*Choudhri Supersedeas with Alternate Security*" (the "Choudhri Motion"). Choudhri has unsuccessfully contended in three bankruptcy courts that the Choudhri Motion constitutes the equivalent of a supersedeas bond and therefore stays or renders moot the appointment of the Receiver[6].

10. On Wednesday, December 10, 2025 Choudhri orally sought affirmative relief in the Receivership Court regarding the role of the Receiver. Judge Wilson declined to rule on oral motions and directed Choudhri and, as appropriate, the Receiver to assert their positions in writing. This action is particularly curious since the A-Case and the D-Case are presently pending in this Court before Judge Rodriguez pursuant to Choudhri's second (for the A-Case) and third (for the D-Case) removal efforts[7]. Both removed matters were based upon a purported attempt to transfer the removed cases to In re: Meandering Bend, LLC in the Austin Division of the Western District of Texas. As

---

4 By order entered on August 28, 2025, the Hon. Michael Parker transferred the Meandering Bend, LLC case to the Austin Division of the Western District of Texas where it was dismissed on December 5, 2025.

5 Memorial Glen Cove was dismissed *sua sponte* by Judge Parker nine days after it was filed.

6 *See*, ECF 20 (The Authority Orders).

7 The A-Case is presently pending under Adversary No. 25-03628 and the D-Case is presently pending under Adversary No. 25-03825

noted above at footnote 4, In re: Meandering Bend, LLC was dismissed on December 5, 2025. The only active matters pending in the A-Case and the D-Case are the Receivership Court's supervision of the Receiver.

11. The Receiver, contemporaneously herewith, filed his *Motion To Dismiss Bankruptcy Proceeding For Cause Pursuant To 11 U.S.C. §1112(b), To Abstain Pursuant to 11 U.S.C. §305(a)(1), Or Alternatively To Determine That The Non-Exempt Assets Of Ali Choudhri Are Not Property Of The Estate Pursuant To 11 U.S.C. §541* (the "Motion to Dismiss"). Pending determination of the Motion to Dismiss, the Receiver files this Motion for Relief from as a prophylactic measure anticipating that he will need to take a position in connection with any filing made by Choudhri in the A-Case and/or D-Case.

## III.
## RELIEF REQUESTED

12. While preserving the position of the Receiver that the non-exempt assets of Choudhri are not assets of this bankruptcy estate and pending this Court's determination of the Motion to Dismiss, the Receiver seeks an order lifting the automatic stay provisions of 11 U.S.C. §362 to permit him to respond to any and all matters asserted in the Receivership Court by Choudhri.

**WHEREFORE, PREMISES CONSIDERED**, Movant, TRAVIS VARGO, Court Appointed Receiver, prays that upon final hearing of this Motion, that this Court enter its order modifying the automatic stay imposed pursuant to 11 U.S.C. §362 to permit the Receiver to respond to any and all matters asserted in the Receivership Court by Choudhri, together with such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 NE Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS VARGO, COURT APPOINTED RECEIVER**

## RULE 4001-1 CERTIFICATE OF CONFERENCE

I, Leslie M. Luttrell, certify that on the 10th day of December, 2025, I contacted both Bruce J. Duke and Gia Samavati, signatories to the Original Petition and Amended Petition filed as ECF 1 and 12 respectively regarding their position concerning the relief requested by the Receiver in this Motion for Relief from Stay. As of the filing of this Motion for Relief, neither Mr. Duke nor Ms. Samavati have responded and are presumed to oppose the relief requested herein.

/s/ Leslie M. Luttrell
Leslie M. Luttrell

## CERTIFICATE OF SERVICE

I do hereby certify that on the 10th day of December 2025, I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, US Trustee, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
Ali Choudhri
1001 W Loop S #700
Houston, TX 77027

**Debtor's Counsel**
Gia Samavati
1707 ½ Post Oak Road, Suite 286
Houston, TX 77056

Bruce J. Duke
Duke Law Firm
788 Shrewsbury Ave.
Eatontown, NJ 07724

**U.S. Trustee**
Janna Smith Whitworth
Kevin M. Epstein
United States Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

**Other Parties in Interest**
Pillsbury Winthrop Shaw & Pittman LLP
Andrew M. Troop
Charles C. Conrad
L. James Dickinson
Reed C. Trechter
609 Main Street, Suite 2000
Houston, TX 77002

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

Abdullatif & Company LLC
5177 Richmond Ave Suite 125
Houston, Texas 77056

Ali Mokaram
2500 West Loop South, Suite 455
Houston, TX 77027

American Express-Corp
Members Reward
PO BOX 981535
El Paso, TX 79998

Ameritrex Imaging & Services
PO Box 841511
Houston, TX 77284-1511

Andres Cedillos
1433 3rd St
Floresville, TX 78114

Andy Taylor
405 Main St Unit 200
Houston, TX 77002

Arabella Condominium
Owners Association
4521 San Felipe
Houston, TX 77027

ATT
208 S Akard St
Dallas, TX 75202

Benjamin Gubernick
105 A Detering
Houston, TX 77007

Femrite Group, Inc.
2715 Acton Hwy
Granbury, TX 76049-5904

George Lee
5353 W Alabama St
Houston, TX 77056-5940

Harris County Appraisal District
13013 NW Freeway
Houston, TX 77040

Matthew Gemp
313 Lindenwood Dr
Houston, TX 77024

Osama Abdullatif
2500 West Loop S Ste 522
Houston, TX 77027

Select Portfolio
P.O. Box 65250
Salt Lake City, UT 84165

Shellpoint
PO Box 10826
Greenville, SC 29603

Wells Fargo
PO Box 10335
Des Moines, IA 50306

Yablon Law Firm, PLLC
2777 Allen Parkway, Floor 10
Houston, TX 77019

TIG Romspen US Master Mortgage LP
1999 Bryan Street
Suite 900
New York, NY 75201

BDFI LLC
1001 West Loop S Ste 700
Houston, TX 77027

Matthew Gemp
313 Lindenwood
Houston, Texas 77024

Harris County Tax Collector
PO BOX 4633
Houston, TX 77210-4633

Internal Revenue Service
13013 NW Fwy
Houston, TX 77040

The Wilson County Tax Collector
1 Librar
Floresville, TX 78114

Travis County Tax Office
PO Box 1748
Austin, TX 78767-1748