**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT Q

Transcript of recorded telephone call between Choudhri and Vargo
(Aug. 1, 2025) (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

**Recorded call between Ali Choudhri and Travis Vargo, August 1, 2025 - transcript.**
**"Speaker 1" is Travis Vargo. Highlights added.**

Speaker 1 0:22
Hi, you wish Travis Moore.

Ali Choudhri 0:37
This call will be recorded.

Speaker 1 0:40
Ali.

Ali Choudhri 0:42
Hello. Hello. Yeah. Hey, Travis. How are you? Hey, I hope we can kind of get this in the right direction and figure things out where it's least disruptive for me and you know the whole situation. I wanted to get one thing clarified from you. Is it your position that I cannot represent myself? Hello.

Speaker 1 1:15
Yes, you have legal counsel. So

Ali Choudhri 1:19
I'm representing myself. Just so you know, I have legal counsel in Judge Wilson's court, which is Scott, but I'm representing myself in other matters, as you know, and so I know that you've had conversations with Kyle Hirsch and you've encouraged him, I guess, to file some things to stop me from representing myself. From what I understand, I just wanted to talk to you directly to make sure I understand because I think it is my my right to represent myself. Are you saying because you did say to the judge Wilson that you know I could get any counsel? Just I guess you were concerned what counsel I get, and I you you said something I I could get legal aid counsel from legal aid. So I just want to-it's-it's a very simple question, Travis. I'm not trying to be combative with you. Just are you are you suggesting I cannot represent myself? That's what I want to understand.

Speaker 1 2:11
Well, your your legal rights, for the most part, are affirmative legal rights are assets of your receivership estate. So you you can represent yourself in your. There's there's different layers to this.

Ali Choudhri 2:33
Well, we'll explain me. So, like, there's entities, right? And I have lawyers that are representing entities, and you're emailing them and telling them they can't represent me and entities. Now I understand you have a you know you you you know that that that if there's some kind of recovery or whatever. I mean I get all that right, what what you're saying there. But what I want to try to understand, and really I want to kind of get a solution here overall, so it's least disruptive. And there's a bunch of bankruptcies and a bunch of matters going on, and the judge also told you that you could not interfere with the bankruptcy process, and you know take certain actions. And there's you know there's still stays that apply and bankruptcy stays, and I think you remember that from the court. But I'm I'm not trying to, you know. Are

Speaker 1 3:22
you making allegation I'm interfering with the bankruptcy process?

Ali Choudhri 3:26
Look, I'm not. I'm simply calling you to ask you or confirm with you that are you, is your position that I cannot represent myself. That's what I want to understand.

Speaker 1 3:39
I think we should speak through your attorneys. No,

Ali Choudhri 3:40
no, no! It's really simple. No,

Speaker 1 3:43
your attorney is Ali.

Ali Choudhri 3:46
Yeah.

Speaker 1 3:46
Your attorney has made a motion. I'd like to have the motion heard.

Ali Choudhri 3:50
Which motion are you talking about? Which attorney? Which motion?

Speaker 1 3:54
Sure, mr. Yablin has filed a motion to employ counsel, and he's teed the issue up to discuss with the judge. We we can do it in front of the judge, and then the judge can make rulings. So what happens on Monday? So

Ali Choudhri 4:05
what happens on Monday? I mean, are you going to show up for me? Do I need to start sending you my files so you can show up to different court hearings? Are you going to be at these court hearings for me, prosecuting, you know, defending, doing things in these cases? I just need to know, and that's fine if you do. I just would like to know the situation, so I have I have an understanding of what, how how I need to move forward with this. That's all.

Speaker 1 4:27
Sure, I had a furious discussion with Ronald, and you were copied on most of the communications, I think. So you're welcome to discuss that with him.

Ali Choudhri 4:37
Ronald is representing entities. You you understand that, right? And then, and then you know things can get worked out. That's great. I think he's, you know, a great guy. And I hope everything, you know, we try to collectively not diminish and and try and maximize value, right? That's the goal. I understand. I mean, I hope that's the goal. I know that's not

Speaker 1 4:58
well,

Ali Choudhri 4:59
and that's not a. Asama's goal. Okay, it's never been his goal for for 15 years, but you know, hopefully that's you know your goal and his goal are probably hopefully different. So

Speaker 1 5:12
I haven't I haven't discussed any goals with Asama. The only goal that I'm aware of is spelled out in the turnover order, and that's to to satisfy the judgments and collect to do that.

Ali Choudhri 5:26
And so that's

Speaker 1 5:27
my only. And so

Ali Choudhri 5:28
Kell Mercer had sent you an email clarifying about your role under the order, and you said you're not directing the lawyers and you're not directing the the entities. Yeah,

Speaker 1 5:40
there was some changes in the law subsequent to that. What what statute? Or some clarifications?

Ali Choudhri 5:46
What statute are you referring to that change?

Speaker 1 5:53
Well, the decision in the W.C. Colorado case was very impactful to your case.

Ali Choudhri 5:57
Okay, but so is that what the statute is, or do you have to go actually get a finding of

that, or you can just unilaterally do it? You also unilaterally just froze my mom's accounts and my sister's accounts, and you didn't even move to even garnish their accounts. They're not even judgment debtors. I don't think that's that's that's that's fair and that's correct. And I'm trying to communicate with you in a respectful way, and I'm hoping you're doing the same. So I'm asking a very simple question: I'm representing myself in front of Judge Robinson. Is it your position that I cannot represent myself in front of Judge Robinson, or not?

Speaker 1 6:40
When you say yourself, you mean Ali Choudhri and Ali Choudhri individually's legal rights in front of Judge Robinson?

Ali Choudhri 6:47
Yes.

Speaker 1 6:48
What claim are you making?

Ali Choudhri 6:51
What claims am I making? I, I, I'm, I'm, you know. Do you want to come and represent me in front of Judge Robinson?

Speaker 1 6:59
Ali, just if you can answer that question, then then I can provide you a response.

Ali Choudhri 7:05
Well, I'm I'm I'm I'm trying to stop, you know, I'm trying to object to, you know, assets being dissipated, right?

Speaker 1 7:16
Whose assets? The

Ali Choudhri 7:17
debtors' assets, like like I have interest.

Speaker 1 7:20
Which debtor?

Ali Choudhri 7:21
I I have gallery. What is it? 1001 WL. I have interest in in the just like Texas Reed. So Travis, it's really simple. Are you saying that I cannot represent myself? Because I have a lot of cases I'm representing myself in. Just so you know.

Speaker 1 7:42
Well, it is not simple. Each one of these, each one, each one of these answers turns on the specific facts. So, what are you

Ali Choudhri 7:50
doing? Because I know Brian Cummings is your is you know is representing you still. Apparently, I don't know why, but

Speaker 1 7:56
he is not.

Ali Choudhri 7:57
Oh, I thought he's your

Speaker 1 8:00
lawyer. No, I told you that the last time we spoke.

Ali Choudhri 8:03
Well, when did he? But he was your lawyer. When did he stop being your lawyer?

Speaker 1 8:09
When he, when the when the last hearing that he appeared at terminated.

Ali Choudhri 8:15
Okay. Well, okay. I didn't. I wasn't aware of that.

Speaker 1 8:21
Yes, you were because we spoke about

Ali Choudhri 8:23
it. No, no, no, and and and look, I mean, obviously, I'm not feeling very safe when I talk to you, and because you've said things, I made commitments, I never made commitments. I said, if you want to send me something to consider it, review it, I will, and you put in an email that I said something I didn't say, and that's why I didn't appreciate that.

Speaker 1 8:41
No, that's not true.

Ali Choudhri 8:43
No, you said in an email that are you going to honor the commitment and sign these documents that you said you would. I never said I was going to sign documents. Said send me what you want me to review, and I will respond to it. That's what I told you. But anyways, look, my my question is really simple. There's there's a there's a bunch of things that are set, defensive, offensive, whatever. On Monday, and if you're, I mean, if your position is as you're representing me in taking those actions, then that's oh, I just need to understand that because, or, or what position are you taking to these motions? Are you objecting to the, or are you going to be cross-examining the witnesses? Is that your plan on Monday?

Speaker 1 9:29
No, I'm appearing by Zoom, and I haven't. And because you terminated the hearings on Wednesday, I couldn't get the clarification that I was seeking. So I'm kind of in limbo right now.

Ali Choudhri 9:43
Okay. Well, okay. Well, what do you mean? I can't.

Speaker 1 9:49
In most, in in many instances,

Ali Choudhri 9:52
I I didn't terminate a hearing. I've never terminated a hearing. That would be my hearing to terminate. Okay. I know what you're talking about. How your

Speaker 1 9:59
lawyer. Your lawyer was the one that said this hearing's done. We can't do anything. We need to. We need. We need to convene.

Ali Choudhri 10:06
What are you talking about? What hearing are you talking about?

Speaker 1 10:09
On Wednesday, we were on a hearing with Judge Wilson by Zoom. I saw you on it after the bankruptcy was filed, or at or around the time. Right.

Speaker 2 10:16
Yeah.

Speaker 1 10:18
Yeah. And Judge Wilson said,

Ali Choudhri 10:20
Judge Wilson said, "There's nothing I can do because Dalio is in bankruptcy and this day is in effect. I never terminated a hearing. I can't. That's that hearing was on the record, Travis. There's there's a transcript of that hearing. That I never terminated the hearing. So look, if if we if if if we're going to work here, your

Speaker 1 10:39
actions terminated the hearing.

Ali Choudhri 10:40
Okay. You

Speaker 1 10:41
could have waited an hour to try to file that bankruptcy, and we would have had a lot more information than we have now.

Ali Choudhri 10:50
Okay. Well, look, I'm I'm talking about the case in front of Robinson on Monday.

Speaker 1 10:56
There are multiple cases in front of Robinson. Okay. You're talking about 1,001 WL.

Ali Choudhri 11:00
Yes, 1001 WL. That's correct, and there's various parties that are objecting to this compromise that releases the lender, and obviously, you know, you know, if the lender is not released, then there's potential recovery if they're released, then there's really nothing, right? So I'm objecting to the compromise.

Speaker 1 11:29
I spoke to Ronald. I authorized him to continue objecting for the time being while I'm in limbo, and I get clarification as to my authority.

Ali Choudhri 11:38
And when are we getting this clarification?

Speaker 1 11:44
Well, I wish I knew the answer to that question. And see, see, see, see.

Ali Choudhri 11:47
Here's the other problem, Travis. The other problem is this: is that you, you, you know, you talked to Kyle Hirsch, and you got him to file this motion a couple of days ago, or convinced him or discussed

Speaker 1 12:04
it.

Ali Choudhri 12:05
Well, you discussed it with him. You knew he was filing this motion. You and him had a conversation about filing the motion. You could have filed a motion for Judge Robinson, but you asked Kyle Hirsch to do it, and that really chills anybody wanting to Help me, in you know, as a lawyer. And when you're contacting my lawyers, it's also a chilling effect that way. So that that's just like there's got to be a better way.

Speaker 1 12:32
I disagree with you. I don't even know what chilling effect you're referring

Ali Choudhri 12:36
to. Okay. Well,

Speaker 1 12:39
there's no there's no chilling effect.

Ali Choudhri 12:41
Well, you spoke to Kyle first. My

Speaker 1 12:42
communications. My my spoke. Well, Kyle's the one who reached out to me first. You didn't.

Ali Choudhri 12:50
Okay, so Kyle called you. In

Speaker 1 12:51
fact, in fact, in fact, I contacted you more than a dozen times, and you didn't take my communications. No,

Ali Choudhri 12:58
no, that's not accurate. Look, look, that's fine. Look, look, I don't want to, you know. I know you're aggressive, and you can get very aggressive, and I don't want to be aggressive. I don't want to argue with you, so it's not, it's not something how we got to communicate. It's about what do we need to do, and as far as Kyle, you know, you know, he's he's filed these. So, are you are you planning on representing me Monday? I just need to know so we can

get ready and do what we need to do.

Speaker 1 13:33
I can never represent you. I would have a conflict of interest representing you. If I if I hold your legal rights, then I would advocate for them to the extent that I thought that that was reasonable, or I had the opportunity to do so.

Ali Choudhri 13:48
Okay, so what does that mean?

Speaker 1 13:52
I mean that I'm trying to get clarification on the legal rights that I'm allowed to pursue and negotiate and advocate for, and you disrupted that proceeding. I'm attempting to get another proceeding based on my communications with Ronald. He asked for an emergency hearing. I agreed. I said yes by all means. I will move stuff around to make that happen. But as far as I believe, there's a there's a discussion that's going to be had at 8:45 in the morning on Monday that I intend to appear by Zoom on, and Judge Robinson is going to clarify that for us.

Ali Choudhri 14:30
Well, I need to know before the hearing: Am I representing myself, or or or not, or what, or what?

Speaker 1 14:38
Well, then you then usually I don't I don't have an answer for you because I'm not the judge.

Ali Choudhri 14:43
Okay, but are you taking a position? No, I understand you're not the judge, but are you taking a position that you're representing me in your standing in my legal rights shoes in front of Judge Robinson?

Speaker 1 14:56
I don't even know what legal rights you have individually. With relation to the 1001 WL hearing on Monday,

Ali Choudhri 15:04
you don't know what legal rights you have. Okay, all right. Have you looked on the court's website and have you looked at the orders and the filings? Have you looked at the 9019 that's filed and the objection that's on file?

Speaker 1 15:23
Ali, I tried to communicate with you for weeks about this stuff.

Ali Choudhri 15:26
Listen, look, Travis, you also didn't look at the orders by Judge Robinson for Texas Reit, where you were violating the stay. It's not an allegation. You did. You violated the stay. You, you, you know, you had mr. Funk draft this this document, and you had the you you got it signed by submission, not even a hearing, and and you know what it said. I

Speaker 1 15:51
didn't get I didn't get anything I didn't get anything signed.

Ali Choudhri 15:54
Well,

Speaker 1 15:55
I agreed to be appointed.

Ali Choudhri 15:57
Well, you draft. I mean, it's it's Funk drafted it apparently there and and so look it's it's real simple Travis I just need to know for Monday I'm representing myself are you saying that you're going to represent me on Monday or bring me counsel to represent me or what is your plan and how are we going

Speaker 1 16:17
I think I've been clear on the phone and Judge Robinson's going to provide clarity hopefully at 8:45 on Monday.

Ali Choudhri 16:24
Okay, that's

Speaker 1 16:25
got a couple calls from some family members, so I've got something I need to go attend to.

Ali Choudhri 16:29
Yeah, sure.

Speaker 1 16:30
Did you have anything else before we? No, no,

Ali Choudhri 16:32
no, no. We can talk later after you're done with your family. No problem. Okay, thanks.

Speaker 1 16:36
Yeah, thank you.