**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**Related: Adv. Nos. 24-05043 and 25-05040**

**ALTERNATIVE ORDER CLARIFYING THE ORDER GRANTING THE RECEIVER'S MOTION TO SHOW AUTHORITY [ECF NO. 304]**

Came on for consideration the Motion of Arabella PH 3201 LLC, Otisco RDX, LLC, and Milestone Capital CRE 1, LLC, Joined by Ali Choudhri, Under Bankruptcy Rule 9024 to Reopen for a Limited Purpose and to Vacate the Order Granting the Receiver's Motion to Show Authority [ECF No. 304] or, in the Alternative, to Clarify Its Scope, and to Vacate the Judgments Entered for RIC (Lavernia), LLC in Adversary Nos. 24-05043 and 25-05040 and the Stipulated Order of Case Dismissal [ECF No. 348] [ECF No. ___] (the "Motion"). Having considered the Motion, the record, and any responses, the Court declines to vacate ECF No. 304 but finds that its scope should be clarified. It is therefore ORDERED that the Order Granting the Receiver's Motion to Show Authority [ECF No. 304] is CLARIFIED as follows:

1. ECF No. 304 is limited to authority to litigate in this case and its adversary proceedings. It makes no determination as to any other entity or proceeding and is not a determination that Travis B. Vargo controls any limited liability company other than in this case.

2. ECF No. 304 does not adjudicate ownership or turnover of any interest in Milestone Capital CRE 1, LLC, Otisco RDX, LLC, or any other limited liability company. ECF No. 304 at 6 nn.6–7.

3. ECF No. 304 gives Travis B. Vargo, exclusive of the judgment debtors only, the rights the judgment debtors hold to manage and operate Milestone Capital CRE 1, LLC and Otisco RDX, LLC, and does not affect the rights of any other member or manager of either entity, including Shahnaz Choudhri.

4. ECF No. 304 does not authorize Travis B. Vargo to settle, compromise, stipulate to, consent to, or decline to oppose a money judgment against Ali Choudhri individually, and it is not a finding that Vargo has "exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri."

5. ECF No. 304 did not approve any settlement between Travis B. Vargo and TIG Romspen US Master Mortgage LP or RIC (Lavernia) LLC.

6. The Court will hold an evidentiary hearing on the remaining relief requested in the Motion, including vacatur of the judgments in Adversary Nos. 24-05043 and 25-05040 and of ECF No. 348, on ___________, 2026, at _____ __.m.

7. The Court retains jurisdiction to interpret and enforce this Order.

###

**Prepared and submitted by:**
**Courtney A. Vincent**
Minnesota Bar No.: 0403083
***Vincent Law, PLLC***
P.O. Box 940129
Houston, Texas 77094
Tel: (713) 223-9300
**info@vincentlawpllc.com**
Counsel for Arabella PH 3201 LLC, Otisco RDX, LLC, and Milestone Capital CRE 1, LLC