**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT B

Transcript excerpts, *In re MCITBE LLC*, No. 26-32580 (Bankr. N.D. Tex.) (Sept. 23, 2026), pp. 51, 101; and the Receiver's Motion to Dismiss, ECF No. 21 (July 14, 2026) (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS)

| | |
|---|---|
| IN RE: | Case No. 26-32580-MVL-11 |
| MCITBE LLC, | Chapter 11 |
| Debtor. | |
| | Wednesday, September 23, 2026 |
| | 9:39 A.M. |

TRANSCRIPT OF HEARING ON
MOTION TO DISMISS CASE FILED BY INTERESTED PARTY
TRAVIS B. VARGO, COURT-APPOINTED RECEIVER (21)

**BEFORE THE HONORABLE MICHELLE V. LARSON**
**UNITED STATES BANKRUPTCY COURT JUDGE**

For the Debtor:

Yablon Law PLLC
BY: MARK P. YABLON, ESQUIRE
2777 Allen Parkway, Suite Floor 10
Houston, Texas 77019

For Interested Party, Travis B. Vargo, Court-Appointed Receiver:

Luttrell Carmody Law Group
BY: LESLIE M. LUTTRELL, ESQUIRE
100 NE Loop 510
San Antonio, Texas 78216

Audio Recorder:

Bryon A. Robinson
Earle Cabell Federal Building
1100 Commerce Street, Room 1254
Dallas, Texas 75242

Transcription Service:

Liberty Transcripts
9107 Topridge Drive
Austin, Texas 78750
(847) 848-4907
DBPATEL1180@GMAIL.COM

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

determination of what constitutes cause and the burden shifting that this Court recognized in Petros, as well in the case of In re Fedoruk, F-E-D-O-R-U-K, which is a Southern District of Texas case.

I have copies of those cases if the Court would like them.

THE COURT: If you have the copy of Judge Rodriguez's opinion. I'm very familiar with the others.

MS. LUTTRELL: Do you want one or two?

THE COURT: Just one.

MR. YABLON: Thank you.

MS. LUTTRELL: May I approach?

THE COURT: Yes. Thank you, I appreciate it.

MS. LUTTRELL: And Fedoruk is the opinion that we cited in the burden shifting in our moving papers.

So Judge, the authority of the Receiver over the Choudhri LLCs has been confirmed, as I indicated repeatedly, in the Western District of Texas. We cite to the various proceedings in the Western District of Texas in which Judge Robinson, Judge Bradley, Judge Parker have made determinations that Mr. Vargo is in charge of and has control over the Choudhri LLCs. Those are cited at Page 4 and 5 of the opinion -- I mean, of the motion.

And I will tell the Court that as of the filing back on July 14th, the second Meandering Bend case was pending a

on the 21st by Mr. Yablon, I would move for the admission of 175-44 and 175-45 as admissions against interest and in support of our position that the MCITBE bankruptcy proceeding was not filed with the requisite authority under state law, which is one of the pleadings that the Receiver has, in addition to the authority generally that was vested in the Receiver pursuant to the terms and conditions of the receivership orders as interpreted by Judges Robinson, Parker, and Bradley.

And when the Court reviews both the company, the MCITBE LLC company members resolution and Ms. Shahnaz Choudhri and MCITBE LLC employment agreement, the Court will see that neither of those documents conveys upon Mr. Cox the authority to perform fundamental business activities outside of the ordinary course of business, which would exclude his authority to authorize the filing of a bankruptcy proceeding.

THE COURT: All right, so you're moving for admission of Debtor's 44 and 45?

MS. LUTTRELL: Debtor's 44 and 45. Without conceding that any of the Debtor's exhibits should be admitted, these are admissions against interest from the perspective of the Receiver because it goes further to establish that the foundational resolution, which is 17544 and referenced in Exhibit 34, which the Court has previously admitted, does not afford Mr. Cox the requisite authority to have signed off on and approve the filing of a bankruptcy proceeding if, in fact,

Leslie M. Luttrell (SBOT 12708650)
**Luttrell + Carmody Law Group**
100 NE Loop 410, Ste. 615
San Antonio, Texas 78216
Tel. 210.426.3600
Email: luttrell@lclawgroup.net

***Counsel for Travis B. Vargo, Court Appointed Receiver***

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | **§** | **Case No. 26-32580-mnl11** |
| | **§** | |
| **MCITBE, LLC** | **§** | **Chapter 11** |
| | **§** | |
| **Debtor.** | **§** | |

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, TO DISMISS BANKRUPTCY PROCEEDING FOR CAUSE - LACK OF AUTHORITY – PURSUANT TO 11 U.S.C. §1112(b))**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 4, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Comes now, TRAVIS VARGO, Court Appointed Receiver[1] (the "**Receiver**") and files

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial

this *Motion to Dismiss Bankruptcy Proceeding for Lack of Authority* and would respectfully show this Court as follows:

**I.**
**JURISDICTION AND VENUE**

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The statutory predicate for the relief sought herein is 11 U.S.C. § 1112(b) and Bankruptcy Rules of Procedure 9014.

3. The Receiver disputes that venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

**II.**
**SUMMARY OF RELIEF REQUESTED**

4. The instant bankruptcy proceeding filed for MCITBE, LLC ("**MCITBE**") is an unauthorized filing in disregard of the Receivership Orders[2] as well as the terms of the Authority Orders, *infra.,* entered by three judges in four separate Choudhri related matters in the Western District of Texas. The Receivership Orders determined that MCITBE is a "Choudhri LLC"[3] and the Authority Orders determined that the Receiver has the exclusive power and authority to manage and operate the businesses of Choudhri *that were not in bankruptcy* at the time of the entry of the Receivership Orders, *infra.* Accordingly, the Receiver seeks the dismissal of this bankruptcy case for cause – namely lack of authority.

---

District Court of Harris County, Texas, and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas.

[2] *See* ECF 20

[3] *Id*. at **Exhibit 1**, pg. 2, ¶9) n., and **Exhibit 2**, pg. 3, ¶16,

## III.
## RELEVANT FACTS

5. Choudhri, Dalio Holdings I, LLC ("**Dalio I**") and Dalio Holdings II, LLC ("**Dalio II**") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "**A-Case**"). Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas[4] (the "**D-Case**"). The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II as determined by Judges Parker and Bradley in the Western District of Texas bankruptcy proceedings of *In re: Texas REIT, LLC*[5], *In re: 1001 WL, LLC*[6] and *In re: RIC (Lavernia) LLC*[7] (collectively the "**Companion Cases**").

6. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "**The D-Case Receivership**

---

[4] The 333rd Judicial District Court of Harris County, Texas and Judge Randy Wilson is generally referred to as the "Receivership Court".
[5] In re: Texas REIT, LLC Case No. 24-10120-smr
[6] In re: 1001 WL, LLC Case No. 24-10119-smr
[7] In re: RIC (Lavernia) LLC Case No. 24-51195-mmp

**Order**"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 3-2.

7. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "**The A-Case Receivership Order**"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 3-1.

8. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "**Receivership Orders**") as confirmed by the Authority Orders[8] entered in the Companion Cases, the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding those entities which were in bankruptcy proceedings pending at the time of the entry of the Receivership Orders – April 7, 2025, and April 9, 2025, respectively. Notwithstanding the express terms of the Receivership Orders and as confirmed by the Authority Orders, Choudhri wrongfully directed and Rayome improperly filed bankruptcy proceedings for Dalio I (Case No. 25-11157-smr)[9], Memorial Glen Cove, LLC (25-51840-mmp)[10], the 1st

---

[8] ECF 996 entered in Case No. 24-10119-smr (*In re: 1001 WL, LLC*); ECF 784 entered in Case No. 24-10120-smr (*In re: Texas REIT, LLC*), and ECF 304 entered in *Case No. 24-51195 (In re: RIC (Lavernia) LLC*) (collectively the "**Authority Orders**"). The Authority Orders are attached hereto as **Exhibit 1-A**, **Exhibit 1-B** and **Exhibit 1-C**, respectively.

[9] Dalio I was dismissed by Judge Robinson on September 49, 2025, at ECF 38 entered in Case No. 25-11157-smr

[10] Memorial Glen Cove was dismissed *sua sponte* by Judge Parker.

Meandering Bend Case[11], the 2nd Meandering Bend Case,[12] and this case.

9. It is indisputable that the current Chapter 11 proceeding filed on behalf of MCITBE was not on file at the time of the Receivership Court's determination that MCITBE is an LLC owned and controlled by Ali Choudhri ("**Ali**"). As of the date hereof, MCITBE has not filed its schedules, statements of financial affairs or many of the other documents identified in the Court's Notice of Deficiency filed at ECF 2. The Debtor requested an extension until June 24, 2026[13]. As of the date hereof, MCITBE has not filed the required documentation. On information and belief, the instant bankruptcy has been filed in bad faith for the sole purpose of thwarting the efforts of the Receiver to fulfill his mandate under the Receivership Orders and create a "new bankruptcy" for the purpose of improperly removing pending unrelated state court proceedings against Ali, Shahnaz Choudhri ("**Shahnaz**"), and Mobeen Choudhri ("**Mobeen**").

10. Choudhri, through Justin Rayome ("**Rayome**"), has continued to thwart the efforts of the Receiver in proceeding with the administration of the A-Case, the D-Case and the ancillary fraudulent transfer litigation related thereto pending against Shahnaz and Mobeen. Ali, through Rayome has unsuccessfully removed the A-Case and D-Case to the Bankruptcy Court for the Southern District of Texas multiple times[14] and presently and with the assistance of Mark P. Yablon ("**Yablon**") – through the filing of this case – is attempting to further thwart the efforts of the Receiver by filing removals of unrelated state court proceedings indicating that the state court proceedings are "core" proceedings

---

11 In re: Meandering Bend, LLC - Case No. 25-11334-smr

12 Case No. 26-34918 pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division

13 *See* ECF 12, pg. 3.

14 The removals of the A-Case and D-Case were each dismissed or remanded. Adversary No. 25-03825 ECF 9, Adversary No. 25-03630 ECF 33; Adversary 25-03628 ECF 64.

"related to" the instant bankruptcy proceeding of MCITBE[15].

11. As discussed above, the Receivership Court determined in the Receivership Orders, which are final non-appealable orders, that MCITBE is a "Choudhri LLC" over which the Receiver has exclusive authority and control pursuant to the Receivership Orders and the Authority Orders.

## IV.
## APPLICABLE AUTHORITIES

12. Pursuant to 11 U.S.C. §1112(b), the Court may dismiss a case for cause. Courts have broad authority to determine what is cause for dismissal under §1112(b): "[C]ause is any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process." *Krueger v. Torres (In re Krueger)*, 812 F.3d 365, 370 (5th Cir. 2016) (*quoting Little Creek Dev. Co. v. Commonwealth Mortg. Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1071 (5th Cir. 1986)). "This can include prepetition bad-faith conduct, post-petition bad-faith conduct, or petitions that simply serve no legitimate bankruptcy purpose." *In re Essential Financial Education, Inc.*, No. 18-33108-BJH, 2019 Bankr. LEXIS 1226, 2019 WL 1750906, at *4 (Bankr. N.D.Tex. Apr. 16, 2019). The burden to prove cause rests with the moving party; if the moving party meets the initial burden, it shifts. *In re Fedoruk*, 605 B.R. 444, 451 (Bankr. S.D. TX 2019) (*citing In re Chovev*, 559 B.R. 339, 343 (Bankr. . E.D.N.Y., 2016).

13. Cause to dismiss this case exists as follows:

a. MCITBE is a Choudhri LLC owned solely by Choudhri[16].

---

[15] See **Exhibit 2** - Adversary No. 26-03239 Notice of Removal to Southern District of Texas [ECF No. 1], **Exhibit 3** - Receiver's Motion to Remand; **Exhibit 4** – Adversary 26-03240 Notice of Removal to Southern District of Texas [ECF 1]

[16] *See*, ECF 20-1, pg. 2, ¶9) n; ECF 20-2, pg. 3, ¶ 16) n).

b. Pursuant to the Authority Orders, Choudhri did not have the authority to authorize the filing of the bankruptcy proceeding for any Choudhri LLC[17].

c. Ali engaged in both pre-petition and post-petition bad faith conduct. Through Rayome, Ali has, on a post-petition basis, used the filing of this case as a tool to thwart the legitimate efforts of the Receiver for the financial benefit of Ali, Shahnaz and Mobeen[18] and the financial detriment of the creditors of Ali.

d. The filing of the instant bankruptcy proceeding serves no legitimate purpose.

e. To allow Ali to continue to play the Bankruptcy Courts and the Receivership Court against one another does not further the end of any court or creditor and only furthers the goal of Ali to thwart the legitimate ends of the Receiver.

**WHEREFORE, PREMISES CONSIDERED**, Movant, Travis Vargo, Court Appointed Receiver, prays that upon final hearing of the Receiver's Motion, that this Court find that cause exists under 11 U.S.C. §1112(b) and dismiss the instant bankruptcy proceeding, together with such other further relief, legal and equitable, to which Travis Vargo, Court Appointed Receiver, may be justly entitled.

---

[17] *See* **Exhibit 1-D** – Order Granting Motion of Travis Vargo, Court Appointed Receiver, to Dismiss Bankruptcy Proceeding [ECF 125] entered in the 1st Meandering Bend Bankruptcy ¶1

[18] Shahnaz is Ali's mother and Mobeen is Ali's sister. The Receiver sued Shahnaz and Mobeen in the lawsuit removed under Adversary No. 26-0329 to recover more than $12,000,000 fraudulently transferred by Ali to Shahnaz and Mobeen.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 NE Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS VARGO, COURT APPOINTED RECEIVER**

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 14th day of July 2026, I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, and all parties listed below and on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
MCITBE, LLC
2232 Swift Blvd.
Houston, TX 77030

**Attorney for Debtor**
Yablon Law Firm
Mark Yablon
2777 Allen Parkway, Ste. Flr. 10
Houston, TX 77019

**U.S. Trustee**
United States Trustee
Attn: Meredyth Kippes
1100 Commerce Street
Room 976
Dallas, TX 75202

**Sub V Trustee**
Behrooz P. Vida
3000 Central Dr.
Bedford, TX 76021

**Parties Requesting Notice**

Kyle Woodard
JaKayla J. DaBera
Kane Russell Coleman Logan PC
901 Main Street, Suite 5200
Dallas, Texas 75202

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell