**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT G

Transcript, December 5, 2025 hearing, *In re Meandering Bend, LLC*,
No. 25-11334 (ECF No. 138) (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE | ) | Case No. 25-11334-smr |
| MEANDERING BEND, LLC, | ) | San Antonio, Texas |
| | ) | Friday |
| DEBTOR. | ) | December 5, 2025 |
| | ) | 2:04 p.m. to 2:43 p.m. |

MOTION HEARING
BEFORE THE HONORABLE SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE

Appearances: See page 2

The Court Deputy: JENNIFER LOPEZ

Court Reporter (ECRO): BLAYNE TURNER

Transcription Service: SABRINA HAVARD
2113 Cooper Road
Zavalla, TX 75980
(936) 897-2148
sabrinalhavard@yahoo.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service

APPEARANCES

For Receiver Travis B. Vargo: LESLIE M. LUTTRELL, ESQUIRE
Luttrell & Carmody Law Group
100 N.E. Loop 410
Suite 615
San Antonio, TX 78216
(210) 426-3600
(210) 426-3610 (fax)

For DFFC, LLC: LYNN HAMILTON BUTLER, ESQUIRE
Husch Blackwell, LLP
111 Congress Avenue
Suite 1400
Austin, TX 78701
(512) 479-9758
(512) 479-1101 (fax)

For Chapter 7 Trustee: RANDOLPH N. OSHEROW, ESQUIRE
342 Woodlawn, Suite 100
SanAntonio, TX 78212
(210) 738-3001

For Ali Choudhri - VIA Zoom: Bruce J. Duke, LLC
788 Shrewsbury Avenue
Suite 2225
Tinton Falls, NJ 07724
732-200-9084
Fax : 732-719-6187

ALSO: TREY WHITE
TRAVIS B. VARGO, VIA ZOOM

INDEX

| | | Page: |
|---|---|---|
| PROCEEDINGS COMMENCED | | 4 |
| COLLOQUY WITH BRUCE DUKE RE: CHOUDHRI BANKRUPTCY | | 6 |
| UNOPPOSED MOTION TO LIFT STAY: | | |
| By Ms. Luttrell | | 12 |
| Court's ruling | | 13 |
| MOTION TO DISMISS CASE: | | |
| Proffer by Ms. Luttrell | | 15 |
| Court's ruling | | 18 |
| RECEIVER'S EXHIBITS: | ID'd | Rec'd |
| 1 Unidentified document | 13 | 13 |
| 2 Unidentified document | 13 | 13 |
| 3 Unidentified document | 13 | 13 |
| 4 Unidentified document | 13 | 13 |
| 5 Unidentified document | 13 | 13 |
| 7 Unidentified document | 13 | 13 |
| CERTIFICATE OF TRANSCRIBER | | 26 |

P R O C E E D I N G S

(Proceedings commenced at 2:04 p.m.)

THE COURT: All right. Good afternoon everyone. This is the Friday, December 5th, 2025, two o'clock Austin Docket. We have one case on the two o'clock docket, bankruptcy case number 25-11334, Meandering Bend, LLC. The matters set on the docket today are ECF 38, which is a motion to disqualify; ECF 40 is a motion to disqualify; ECF 102 is an unopposed motion for relief from stay; and ECF 109 is a motion to dismiss pursuant to 707(a).

I'll call roll top to bottom, left to right on my screen. Mr. White.

MR. WHITE: Good morning, Your Honor. Trey white. I'm actually here as a witness on the motion to disqualify today.

THE COURT: Oh, okay.

Ms. Luttrell.

MS. LUTTRELL: Good afternoon, Your Honor. Leslie Luttrell, on behalf of Travis Vargo, the state court appointed receiver.

THE COURT: Mr. Butler. You're on mute, Mr. Butler.

MR. BUTLER: I thought you'd like it better that (audio drop). Lynn Butler on behalf (audio drop).

THE COURT: And now, you're cutting out on us. So

we didn't pick that up.

MR. BUTLER: The -- on behalf (audio drop) secured lender.

THE COURT: Ms. Luttrell, that's cutting out on you? It's not just me, right?

MS. LUTTRELL: Yes. That's correct, Your Honor.

THE COURT: Okay.

MR. BUTLER: Let me switch.

THE COURT: Well, that was better there, Mr. Butler.

MR. BUTLER: Well, I didn't have it on Wi-Fi. God dang it. Hold on. Now, can you hear me (glitch in audio)?

THE COURT: No.

MR. BUTLER: How about now?

THE COURT: Well, I heard that, but the problem is it goes in and out.

MR. BUTLER: Okay. Let me switch to another one. I'll be right.

THE COURT: Oh, that one's good. That's good right there.

MR. BUTLER: Okay. It just -- it hit Wi-Fi. I apologize. I had it on cellular. Lynn Butler with Husch Blackwell on behalf (audio drop).

THE COURT: Well, we're going to have to try something else because the courtroom deputy advised me we're

still not picking it up, Mr. Butler, but I'll come back to you. Maybe you won't be very vocal today. All right.

(Indiscernible) see you, Mr. Vargo. I see Mr. Abdullatif, and then I've got a number 732 ending in 84, 732 ending in 84. Who is that?

MR. DUKE: Yes. I'm sorry, Judge. This is Bruce Duke. I'm an attorney for Mr. Choudhri in a different matter. I'm sorry for just kind of jumping into the hearing today.

THE COURT: Okay. Well, what interest do you have in this hearing?

MR DUKE: A Chapter 11 bankruptcy proceeding was filed on behalf of Mr. Choudhri today, and I just wanted to make the Court and the parties aware.

THE COURT: Okay. How does that have to -- what does that have to do with this case, though?

MR. DUKE: Well, my understanding is, is that Mr. Choudhri has an interest in Meandering Bend, and we believe that the filing of the bankruptcy would obviate any authority that the receiver has to proceed.

THE COURT: How so?

MR. DUKE: Well, without -- we have an automatic stay at this point. Without relief from the automatic stay, I don't --

THE COURT: Don't have (crosstalk) --

MR. DUKE: -- see how the --

THE COURT: -- you don't have an automatic stay if it's not a proper filing.

MR. DUKE: Okay.

THE COURT: I'm just -- I'm asking --

MR. DUKE: I'm not sure --

THE COURT: -- what authority did Mr. Choudhri have to file an individual bankruptcy? Isn't Mr. Vargo the receiver over that?

MR. DUKE: I don't believe that the receiver order extends to precluding Mr. Choudhri from filing to protect his interests, no.

THE COURT: So is -- okay. Well, let me just take it a step further.

MR. LUTTRELL: Your Honor, if I might?

THE COURT: Let me just take it a step -- hold on. Mr. Choudhri filed bankruptcy. Mr. Choudhri has -- is the sole member -- is he the sole member of Meandering Bend?

MR. DUKE: I believe that's the case, Judge.

THE COURT: Okay. But the receiver has authority over his membership interest. So if the receiver has authority, does his membership interest become property of Mr. Choudhri's individual bankruptcy estate?

MR. DUKE: Well, I think if the -- if the receiver were to -- and again, Judge, I do apologize. I don't mean

to enlight (*sic*), you know, alight (phonetic) in the middle of this case. I just wanted to make the parties aware. But I believe that, if the receiver were to try to exercise any authority, that they would have to get relief from the stay in order to do so.

THE COURT: Okay.

Ms. Luttrell, you started to say something.

MS. LUTTRELL: Your Honor, to the extent that Mr. Choudhri filed a bankruptcy proceeding of any kind, I believe that the only property that he has control over for purposes of filing that bankruptcy proceeding would be as to his exempt property because the -- this Court has found, in connection with the motions to show authority, the -- Mr. Vargo has control over all -- pursuant to the receivership orders that are on file -- in all of the cases that are presently pending with the Choudhri-related entities.

The receiver has sole control over all of the assets of all of -- all of the nonexempt assets -- of Mr. Choudhri, including the Meandering Bend membership interest. And, as a matter of fact, the basis today for the motion to dismiss is that the motion -- that the original filing, as acknowledged by the Chapter 7 Trustee, Mr. Osherow, was not authorized, and therefore, this case should be dismissed.

THE COURT: Okay. I'm just struggling with this. Mr. Duke, how's this property of the estate? I just don't

think it's property of Mr. Choudhri's estate, and even if it arguably is somehow, there's no act to collect the debt here. All I'm doing is dismissing a bankruptcy case and lifting the stay to allow you all to go forward in some other venue.

So, arguably, if I bought off on your theory, we would have two competing courts that would have stays imposed against each other. And it would -- it would be an absurd result to just sit there and have the courts go, "Well, you can't take action because there's a stay." Well, Judge Isgur can't take action or Judge Lopez can't take action. We're all stayed by each other, and it just ends up being circular.

MR. DUKE: I --

THE COURT: Go ahead. I'm listening. I -- and I don't see how this is an act --

MR. DUKE: No, no, no, Judge. No.

THE COURT: -- act to collect a debt.

MR. DUKE: I'm sorry. No.

THE COURT: I understand your position. Hold on. Let me finish. I understand your position.

MR. DUKE: Sure.

THE COURT: Dismissing a bankruptcy case for lack of authority and/or lifting the stay to allow you all to go forward somewhere else. I don't think that's an act to

collect a debt under 362(a). I mean, I appreciate you bringing it to my attention, but I just don't see it. Now, again --

MR. DUKE: And, really, Your Honor.

THE COURT: -- the difference being --

MR. DUKE: I'm sorry.

THE COURT: -- if something happens after this, perhaps there is a violation of the stay in Mr. Choudhri's case. But that's not for me to decide. That's for some other judge to decide. But this is -- to me -- is no different than, you know, when you have underlying state court litigation, simply asking that the stay be lifted is not a violation of the automatic stay. You'd agree with me on that part?

MR. DUKE: I do. I do, Judge.

THE COURT: Okay.

MR. DUKE: And, again, please don't take my calling in today as presumptuous. I really just wanted to provide notice to Your Honor and to Ms. Luttrell of what had transpired. Certainly, you know, to the extent that this is, in effect, basically just an administrative determination, I understand that. And we can certainly pursue any, you know, stay issues in a different venue.

Again, my interest today was just to provide notice to the Court, so that there was no surprises, or you

know, somebody didn't come back and say, "Well, you should have notified us of this because of *X*, *Y*, or *Z*." That's all, Your Honor.

THE COURT: Okay. Well, I appreciate you bringing it to my attention. Obviously, I'm taking you on your word, Mr. Duke. I don't know if a bankruptcy case has been filed or not, and I'm not going to independently go look, but I will trust you on that.

MR. DUKE: I appreciate that, Your Honor, and I appreciate you allowing me to speak, and I will disappear from the call, and I hope everybody has a good day.

THE COURT: Okay. Well, you're welcome to stay or go. It's up to you, sir.

MR. DUKE: I appreciate it.

THE COURT: All right. Have a good day.

MR. DUKE: Thank you, Your Honor. You, too. Goodbye.

THE COURT: Okay. All right.

Ms. Luttrell, did you want to be heard further?

MS. LUTTRELL: Yes. Your Honor, if you would. Obviously, Mr. Rayome is not on the -- taking these matters in order. The Court's docket number 38 is the motion to disqualify Luttrell & Carmody Law Group from the representation of Mr. Vargo. Mr. Rayome is not on the call. He did not file a witness and exhibit list.

So I don't think there is a matter on which he -- to proceed with regard to proving up the disqualification, and I would ask that the Court dismiss or deny, rather, the motion to disqualify my firm and release Mr. White.

THE COURT: Okay. Well, I think it's going to be moot, so I'd rather address it from a mootness standpoint, Ms. Luttrell.

MS. LUTTRELL: That's fine.

THE COURT: Let me focus first on the unopposed motion for relief from stay at ECF 102. There was an unopposed motion for relief from stay. All you're asking -- and again, I want to make this very clear on the record -- all that is asking in regards to ECF 102 is that the stay be lifted? It was -- at that time -- it was the stay be lifted to allow the parties to go forward in some other venue, correct?

MS. LUTTRELL: That is correct, Your Honor. Judge Rodriguez in connection with the removal of the case A-Case and the D-Case, yet, again, by Mr. Choudhri and Mr. Rayome to the Southern District of Texas. Judge Rodriguez requested that relief from the stay be obtained prior to his proceeding, notwithstanding the fact that Meandering Bend is not a party to either the A-Case or the D-Case. And so this is purely an accommodation to Judge Rodriguez.

THE COURT: Okay. Very good. And let me back up

before I get there. You submitted an amended witness and exhibit list. Are you offering your Exhibits 1 through 7?

(Receiver's Exhibits 1 through 7 premarked for identification.)

MS. LUTTRELL: Yes, Your Honor.

THE COURT: All right.

Any objections to the receiver's Exhibits 1 through 7 set forth at ECF 118?

(No audible response.)

THE COURT: All right. Very good. Receiver's Exhibits 1 through 7 are admitted.

(Receiver's Exhibits 1 through 7 admitted.)

THE COURT: I'm considering Exhibits 1 through 7 for purposes of the motion for relief from stay at ECF 102 as well as the motion to dismiss case at ECF 109. After -- any further evidence or witnesses in support of the motion for lift stay, Ms. Luttrell?

MS. LUTTRELL: No, Your Honor.

THE COURT: All right. Before the Court is the motion at ECF 102 to lift the stay. As I mentioned to Mr. Duke when he was briefly on the phone earlier, a motion from relief from stay -- excuse me -- is not a violation of the automatic stay on its face. It's the reason we have 362 in the Bankruptcy Code, which allows parties to seek relief from the stays, not an act to collect a debt as a matter of

law.

All it's asking for is the Court lift the stay in the Meandering Bend case to allow the receiver to go forward in some other venue whether that's over in Judge Rodriguez's court or some other court.

So I further note that it was agreed to by the Chapter 7 Trustee in the Meandering Bend case there's been no timely response filed to the relief requested by Mr. Choudhri or any other person or entity. So after reviewing the evidence in the motion to ECF 102, I'm going to grant the motion for relief from stay at ECF 102. That's Court's ruling on that matter.

That brings us to ECF 109. ECF 109 is a motion to dismiss this bankruptcy case. The focus of the motion to dismiss is based on the lack of authority under 707(a) of the Bankruptcy Code at the time. The Meandering Bend case was commenced on August 5th. So we're looking back at a time, which is August 5th of 2025, when this case was commenced. So with regard to that, we have the same Exhibits 1 through 7, which have been offered and admitted.

Do you have any further evidence Ms. Luttrell?

MS. LUTTRELL: No further evidence, Your Honor, unless you want the specific representations from Mr. Vargo that he did not authorize Mr. Choudhri to file Meandering Bend. Mr. Vargo is present on the Zoom hearing and is

prepared to testify to that unless the Court will accept my proffer.

THE COURT: I will accept a proffer. Let's do a short proffer to make sure we have some additional evidence in the record for Mr. Vargo in addition to Exhibits 1 through 7 which have been offered and admitted already. A proffer's perfectly fine by me. Mr. Vargo, if you'll listen carefully, Ms. Luttrell's going to proffer your evidence, as you know, as a licensed attorney and officer of the Court.

Proffer means she's going to summarize your testimony. At the conclusion of that, I'm going to ask you to adopt that summary or that proffer as your own testimony before the Court. I'm not going to swear you in, sir, as the court appointed receiver, licensed attorney in the state of Texas, and officer of this particular Court. You know what your ethical obligations are in that capacity.

So, with that, Ms. Luttrell, you may proceed with a brief proffer.

MS. LUTTRELL: Thank you, Your Honor. Leslie Luttrell, counsel for Travis Vargo.

If Mr. Vargo were called to testify, he would state that he is the court appointed -- state court appointed receiver for Ali Choudhri, Dalio I, Dalio II, and pursuant to the receivership orders that are presently on file in this Court -- admitted as evidence and also on file

in these proceedings at ECF 25. That he was appointed the receiver in those two cases on March 31 and April 1, respectively.

That those receivership orders were amended on April 7 and April 9, respectively, and that, as of the date of the filing of the Meandering Bend bankruptcy proceeding, which was, I believe, August the 8th of 20 -- I'm sorry -- August the 5th of 2025 -- Mr. Vargo was neither consulted nor consented to the filing of the Meandering Bend bankruptcy proceeding and does not believe that it should go forward. And he would request that this Court dismiss the Meandering Bend bankruptcy proceeding with prejudice.

THE COURT: All right. Does anyone -- excuse me -- Mr. Vargo, did you -- as an officer -- as an officer of the Court, sir -- did you listen carefully the proffer of your testimony provided by Ms. Luttrell?

MR VARGO: Yes.

THE COURT: That proffer of your testimony is true, correct, and accurate based on your actual knowledge of those statements?

MR. VARGO: Yes.

THE COURT: And you adopt that proffer of your testimony as your own testimony before the Court today?

MR. VARGO: Yes.

THE COURT: All right.

25-11954-mmp Doc#168-4 Filed 12/19/25 Entered 12/19/25 14:01:00 Main Document Pg 18 of 26

Does anyone have any questions on cross?

All right. No questions on cross. I don't have any further questions regarding that.

MS. LUTTRELL: Your Honor, if I might. One more item for the record. Mr. Osherow is on the Zoom call. Pursuant to the certificate of conference that was filed in conjunction with or in connection with the motion to dismiss, Mr. Osherow authorized the representation in that certificate of -- certificate of conference that he does not oppose the dismissal of this bankruptcy proceeding.

THE COURT: All right. And that's noted as well. I do see you now, Mr. Osherow. Thank you.

MS. LUTTRELL: And I have nothing further, Your Honor.

THE COURT: Okay. Does anyone else have anything further on the motion to dismiss?

(No audible response).

THE COURT: All right. Give me just a minute. I'm looking for something real quick. What I'm going to do -- because I want to -- I want to -- I want to make sure I have a case real quick. What I'm going to do is I'm going to adjourn, Counsel, for about five minutes. And I'm going to run back and grab something. So there's nothing further on the motion to dismiss, correct?

(No audible response).

THE COURT: All right. Very good. Let me adjourn for five minutes. I'll recall the case by 2:30 Central. It's 2:23 on my computer. So we'll be adjourned until 2:30. Thank you.

(Recess from 2:23 p.m. until 2:33 p.m.)

THE COURT: All right. Counsel, we're back on the record in case number 25-11334. The Court already disposed of the motion for relief from stay at ECF 102. The matter before the Court at ECF 109 is the motion to dismiss pursuant to 707(a).

I've got the -- in support of the motion to dismiss -- I've got the testimony of Mr. Vargo. I've also got the -- Mr. Vargo's Exhibits 1 through 7 that have been offered and admitted. Looks like everybody's back on. I don't have anybody that joined. Okay.

The matter before the Court in the motion to dismiss under 707(a) for cause, after reviewing the motion, I'm going to grant the motion to dismiss for cause. Only because Mr. Duke made it a point to appear and announce a bankruptcy filing by Mr. Choudhri. I want to specifically address that particular issue.

I know for purposes of the Court's ruling today, I'm going to cite with authority my esteemed colleague's opinion, Chief Judge Gargotta's opinion, in the *Cinch Wireline Services, LLC*, case, a case from earlier this year

at -- it's a 2025 Westlaw 848199.

I'm going to start my analysis with that opinion. Judge Gargotta goes through a very detailed and thorough analysis. I may or may not agree with him on all of his points, but one thing he notes in that particular case, the matter before the court was a motion to dismiss case for lack of subject matter jurisdiction.

It's abundantly clear. It's subject matter jurisdiction 101, that a bankruptcy court always has the authority to examine its jurisdiction -- its subject matter jurisdiction -- excuse me -- under 1334.

In the *Cinch* opinion, Judge Gargotta says, "The filing of a bankruptcy petition commences a case under the Bankruptcy Code and establishes subject matter jurisdiction for the Court pursuant to 28 U.S.C. 1334." He goes on with a very good analysis that provides that state law determines who has the authority to file a voluntary petition on behalf of a corporation.

He cites to the Fifth Circuit's opinion in *In Re Franchise Services of America, Inc.*, at 891 F.3d 198, page 206, a Fifth Circuit case from 2018. In *Franchise Services*, the Fifth Circuit said, "If the petitioner lacks authorization under state law, the bankruptcy court has no alternative but to dismiss the petition. It is not enough that those who seek to speak for the corporation may have

the right to obtain the authority" -- and this is important -- "Rather, they must have had it at the time of the filing.

"Absent a duly authorized petition, the bankruptcy court has no power to shift the management of a corporation from one group to another, to settle intra corporate disputes and to address intra corporate claims." In other words, the Fifth Circuit held in *In Re Franchise Services* that the person who signs a bankruptcy petition must have had actual authority to do so at the time the petition was filed. They cannot obtain that authority post-petition through ratification or otherwise.

After reviewing the evidence in this case in the form of the exhibits that had been offered and admitted, as well as the testimony of Mr. Vargo, including, but not limited to Mr. Vargo's Exhibit 3-A, which is this Court's prior order in *Texas REIT*. Similar orders have been entered in the *1001WL* case as well as Judge Parker entering a similar order in the *RIC Lavernia* case at 24-51195.

And that -- in all of those orders that were entered by the Court, including the one entered by this Court, the Court made the following finding that's pertinent here. And what I'm specifically looking at -- I think this is Exhibit 3-A. Yes. Mr. -- well, I guess it's Mr. Vargo's exhibit. Make sure I get it right for the record. Yeah. Exhibit 3-A of that particular exhibit.

This Court's order determined that the amended orders are clear and ambiguous with reference to the receivership orders. The receivership has the power to manage and operate the business of debtors not currently in bankruptcy. This includes Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, and Jetall Capital, LLC.

The receiver also has explicit authority to litigate on behalf of those entities. The reason that finding is important by the Court because those receivership orders that were referenced in that particular order are the receivership orders that are pertinent to the Meandering Bend case.

And at the time the Meandering Bend case was filed before this Court, which was September -- let me get that. Hold on please. That day was -- excuse me -- August 5th, 2025. When the Meandering Bend case was filed on August 5th, 2025, based on the receivership orders, it appears to this Court that Mr. Vargo had the sole authority to file a bankruptcy petition for Meandering Bend, LLC, the same as he had the sole authority for BDFI, Galleria Loop Note Holder, Jetall Capital, et al, as referenced in that order.

So based on the evidence before the Court, and because I find that the receiver had the sole authority I need -- I'm required to apply the Fifth Circuit's decision in the *Franchise Services* case, and I'm going to follow

Judge Gargotta's decision in the *Cinch Wireline* case from earlier this year. and what this is -- this is not an act to collect a debt.

What I'm determining is my subject matter jurisdiction to allow this case to go forward. I'm going to go on and rule as well, that, as addressed by Judge Gargotta in the *Cinch* case, the time of filing rule, "The subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked is Hornbook Law." And what he means by that, when he goes on, is he says, "You look at the time the bankruptcy case was filed," and that's the time I'm looking at is August 5th, 2025.

So for the reasons I've outlined, I find as of August 5th, 2025, it was Mr. Vargo who had the authority to file a petition on behalf of Meandering Bend, LLC. Because Mr. Vargo had the authority to file the petition on behalf of Meandering Bend, LLC -- excuse me -- the voluntary petition that was filed at ECF 1 on August 5th, which I'm taking judicial notice of, the petition shows that it was filed by Ali Choudhri referenced title, authorized representative.

Based on the evidence before the Court, Mr. Choudhri was not the authorized representative. Because he's not the authorized representative, then this Court did not have subject matter jurisdiction that could be invoked

at the time the petition was filed. Judge Gargotta goes on towards the end of the *Cinch* opinion -- and I want to be careful here because I may have this issue pending in another large Chapter 11 case -- Judge Gargotta goes on and says, "Here, without the filing of an authorized petition, subject matter jurisdiction was never established in the first instance to create this case or the estate."

I agree with that statement made by Judge Gargotta that, if the petition is not filed and is not authorized and doesn't have the requisite authorization, then the remedy -- it's not a proper petition -- and the remedy is dismissal. What I'm not going on and citing approval with at this time, Judge -- just for the record -- Judge Gargotta goes on to say that, that renders the bankruptcy case void ab initio.

I am not making that finding. All I'm finding is that this petition was not properly filed. Because it was not properly filed, the Court does not have subject matter jurisdiction, and the remedy is dismissal of the bankruptcy case. It's not an act to collect a debt. It's the Court exercising and making a determination as to its subject matter jurisdiction.

So for those reasons, I'm going to grant the motion to dismiss. I'm not going to make any other findings. I've reviewed the proposed form of order, Ms. Luttrell. It'll be a much simpler form of order. I

understand why you want some of those findings, but I think then that goes beyond me simply making a determination based on the authorization of the petition.

I obviously know what I know. I don't disagree with some of those as a practical matter, but that evidence is not before the Court. So I'll leave that for another day and another time. If another case gets filed and I have to make a determination as to good faith, bad faith, an 1112 motion, et cetera, which would probably be set on an extremely expedited basis.

So that's ruling of the Court on the motion to -- ECF -- motion to dismiss -- excuse me -- at ECF 109. It's granted for the reasons outlined on the record. In light of the Court's granting of the motion to dismiss, that moots ECF 38 and ECF 40. I need not determine those issues. So those will be marked as moot.

Anything further, Ms. Luttrell?

MS. LUTTRELL: No, thank you, Judge.

THE COURT: Mr. Butler, anything further from you?

MR. BUTLER: No, sir. Your Honor, this will work.

THE COURT: Okay. That's the ruling of the Court. Case is dismissed. Order to come from the Court on the dismissal. All right. Thank you.

MR. BUTLER: Thank you, Your Honor.

THE COURT: You all are free to log off. Have a

good day, and we'll be adjourned.

MS. LUTTRELL: Thank you. Judge.

(Proceeding adjourned at 2:43 p.m.)

* * * * *

**CERTIFICATE OF TRANSCRIBER**

UNITED STATES DISTRICT COURT )
WESTERN DISTRICT OF TEXAS )
SAN ANTONIO DIVISION )

I, Sabrina Havard, Court approved transcriber, do hereby certify that the foregoing is a transcript from the official electronic sound recording of the proceedings in the above-entitled action; and that said transcript is a true and accurate record of the proceedings to the best of my knowledge, skills, and ability.

Dated: December 21, 2025



Sabrina Havard

AAERT/CET-3706
AAERT/CER-1461

# UNITED STATES BANKRUPTCY COURT
## Western District of Texas

Bankruptcy Case No.: 25−11334−smr
Chapter No.: 7
Judge: Shad M Robinson

IN RE: **Meandering Bend, LLC** , Debtor(s)

## NOTICE OF FILING OF TRANSCRIPT AND OF DEADLINES RELATED TO RESTRICTION AND REDACTION

A transcript of the proceeding held on **12/5/25** was filed on **12/29/25**. The following deadlines apply:

The parties have until **January 5, 2026** to file with the court a *Notice of Intent to Request Redaction* of this transcript. The deadline for filing a *request for redaction* is **January 20, 2026**.

If a request for redaction is filed, the redacted transcript is due **January 29, 2026**.

If no such notice is filed, the transcript may be made available for remote electronic access upon expiration of the restriction period, which is **March 30, 2026** unless extended by court order.

To review the transcript for redaction purposes, you may purchase a copy from the transcriber **Sabrina Havard 936 897 2148**, or you may view the document at the clerk's office public terminal.

Dated: 12/30/25

Barry D. Knight
Clerk, U. S. Bankruptcy Court
BY: Laurie Boyd