**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT S

Milestone Capital CRE 1, LLC and Otisco RDX, LLC presentation
regarding RIC (Lavernia) LLC (Aug. 2025)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

# RIC (LaVernia), LLC's Fraudulent Foreclosure Sale




**The foreclosure sale on February 6, 2024 featured a fraudulent sale and void deed**

**Following the foreclosure sale was a bad faith bankruptcy filing**

# The following evidence will prove a fraudulent foreclosure sale:

- TIG Rompsen US Master Mortgage LP ("Romspen") held a note secured by a deed of trust on the subject property (the "Property")
- On February 6, 2024, a foreclosure sale of the Property occurred
  - The trustee struck the gavel and sold the Property to a third-party bidder for $500,000, forming a binding contract between the parties.
  - After reporting the sale to the third party trustee purportedly sold property under credit bid
  - This time, RIC (LaVernia), LLC, a company that was NOT yet in existence and who did NOT own the note, purchased the Property by way of a credit bid (something only the note holder could do).
- A bill of sale was issued confirming that the holder of the note was RIC (LaVernia), LLC *and* RIC (LaVernia), LLC was the purchaser.

# The evidence will next prove a bad faith bankruptcy:

- After the fraudulent foreclosure sale on February 6, 2024, Milestone Capital CRE 1, LLC ("Milestone"), a senior lienholder that survived the earlier sale, sought to foreclose.
- On April 24, 2024, RIC (LaVernia), LLC commenced a state court action to stop the foreclosure sale and was DENIED an injunction.
- Out of options, RIC (LaVernia), LLC filed a bankruptcy proceeding and immediately removed its state court action to this Court.
- Since the bankruptcy was filed, RIC (LaVernia), LLC has continued with its fraudulent conduct by failing to disclose the note as an asset.
- Fraud on the Court was committed yet again in a different proceeding, In re 1001 WL, LLC Styled Case No. 24-10119 (the "1001 WL Bankruptcy"). In the 1001 WL Bankruptcy, Romspen filed a proof of claim, asserting that it was the holder of the note.

# Certificate of Formation

**Form 205**
**(Revised 12/21)**

Submit in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555

**Filing Fee: $300**

THE STATE OF TEXAS

**Certificate of Formation**
**Limited Liability Company**

This space reserved for office use.

**Article 1 – Entity Name and Type**

The filing entity being formed is a limited liability company. The name of the entity is:

RIC (Lavernia) LLC

The name must contain the words "limited liability company," "limited company," or an abbreviation of one of these phrases.

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned also affirms that, to the best knowledge of the undersigned, the name provided as the name of the filing entity does not falsely imply an affiliation with a governmental entity. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date: February 16, 2024

DocuSigned by:
Joel Mickelson
Signature of organizer

Joel Mickelson
Printed or typed name of organizer

**SUBSTITUTE TRUSTEE'S DEED AND BILL OF SALE**

**STATE OF TEXAS** §
§
**COUNTY OF WILSON** §

| | |
|---|---|
| Date: | March 22, 2024 |
| Borrower: | Galleria Loop Note Holder LLC, a Texas limited liability company |
| Borrower's Address: | 2500 West Loop South, Suite 255, Houston, Texas 77027 |
| Holder: | RIC (LAVERNIA), LLC |
| Holder's Address: | 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 |
| Substitute Trustees: | Troy Martin, Deborah Martin, Cassie Martin, Alexis Martin, Martha Rossington, Reyn Rossington, Wayne Daughtrey, Shelby Martin, Jennyfer Sakiewicz, and each of them acting alone |
| Substitute Trustees' Address: | c/o Bryan Cave Leighton Paisner LLP, 2200 Ross Avenue, Suite 4200 W, Dallas, Texas 75201 |
| Deed of Trust: | Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| Date: | August 18, 2023 |
| Grantor: | OTISCO RDX, LLC, a Texas limited liability company |
| Lender: | TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Trustee: | Randa Barton |
| Secures: | Loan Agreement (as amended, restated, replaced, supplemented, renewed, extended, or otherwise modified from time to time, "Note"), dated May 31, 2019, in the original principal amount of $18,500,000.00, executed by Borrower, payable to the order of Lender and currently held by Holder. |

# Bill of Sale

| | |
|---|---|
| Grantee: | RIC (LAVERNIA), LLC |
| Grantee's Mailing Address: | 162 Cumberland Street, Suite 300<br>Toronto, Ontario M5R 3N5<br>CANADA |

| | |
|---|---|
| Purchase Price: | $100,000 (which payment, in accordance with applicable law and the terms of the Deed of Trust, was made by crediting the Purchase Price against amounts due on or with respect to the indebtedness secured by the Deed of Trust, including the Note) |

## Deposition of Kyle Hirsch:

Q. So RIC Lavernia was the assignee of TIG Romspen before the February 6, 2024, foreclosure sale; is that correct?
A. I'm not sure exactly when the assignment took place, but it would have been sometime around the foreclosure sale.
Q. But it would have to take place before the foreclosure sale. Would you agree with me on that?
A. Not necessarily.

A. Sometimes the assignment doesn't happen until after the sale. And what's assigned is the trustee's deed and the credit bid right and the successful credit bid.

- **Texas Law**
  - Only a proper lien holder may foreclose and credit bid.
- Therefore, Romspen's assertion that it assigned its "credit bid right" to the bad faith debtor, RIC (La Vernia), LLC post-foreclosure is legally impermissible, as the right to credit bid is exclusively reserved for the lender foreclosing.
- Any post-foreclosure transfer of such right is void, or a legal nullity.

# Deposition of Kyle Hirsch:

Q. Are you going to refuse -- are you refusing to answer the questions as it relates to RIC (Lavernia), and the foreclosure for La Vernia, and the credit bid, and the amended proof of claim, and the claims that are being settled under the 9019?

A. I -- I'm -- I'm refusing to ask (sic) the question that you had asked, and I'm -- will consider each question as you ask it.

Q. Mr. Hirsch, do you represent the debtor, RIC (Lavernia), LLC, that is a debtor in bankruptcy court in Judge Michael Parker's court in San Antonio?

A. Yes. I have no idea how that has to do with the settlement.

MR. CHOUDHRI: Objection to after "yes."

- RIC (La Vernia), LLC and Romspen's counsel, Mr. Hirsch, refused to answer specific questions about the improper foreclosure of the Property and illegal assignment of its credit bid right to the bad faith debtor.

# Deposition of Kyle Hirsch:

Q. So Mr. Hirsch, you testified earlier that RIC Lavernia acquired the Lavernia property through a credit bid for 100,000 at the February 6, 2024, foreclosure sale; is that correct?

A. As the assignee of TIG Romspen, yes.

Q. And what -- what consideration was provided in that transfer?

A. I'm not -- I'm not getting into the internal workings on those matters. They don't relate to the 9019.

- When pressed, Mr. Hirsch, evadeed questioning about the improper assignment that simply could not have occurred after the February 6, 2024 sale.

# Deposition of Kyle Hirsch:

Q. Because RIC (Lavernia), according to you, acquired the property at a foreclosure sale through a credit bid of $100,000 on February the 6th, 2024, correct?
A. As TIG Romspen's assignee, yes.
Q. Explain what you mean by that, "as TIG Romspen assignee."
A. TIG Romspen assigned its interest to RIC (Lavernia).
Q. When?
A. I don't know. Around the time of the foreclosure sale.

- The certificate of formation on file with the Texas Secretary of State shows that RIC (La Vernia), LLC did not even come into existence until February 16, 2024, a full ten (10) days after the alleged sale.

- Moreover, the purported assignment did not occur until March 26, 2024, over one month after the purported foreclosure sale and RIC (La Vernia), LLC's formation.

Deposition of Kyle Hirsch:

A. "On February 6, 2024, the Lavernia property was sold to Romspen's assignee, RIC, "Lavernia" LLC for a successful bid in the amount of $100,000."

Q. Is that a true statement?

A. To my knowledge.

Q. And you got -- and your law firm handled this foreclosure sale, correct?

- Counsel for RIC (La Vernia), LLC and Romspen repeatedly testified that RIC (La Vernia), LLC purchased the Property, but the documentary evidence does not lie; it was impossible for RIC Lavernia to credit bid at the time of the foreclosure as it was not the note holder and not in existence.

# Deposition of Kyle Hirsch:

Q. And so who foreclosed the property? Which entity foreclosed the property?

A. Yeah, again, you're asking legal questions. You know, I don't know. I know that there was a foreclosure, and RIC La Vernia was the bidder, the winning bidder, who is one of our affiliates. It says here, For a successful bid in the amount of $100,000. That's what the Trustee told us, and that's what we credit bid.

- Counsel for RIC (La Vernia), LLC and Romspen again testified that RIC (La Vernia), LLC was the winning bidder, which legally could not have happened.

# Deposition of Wes Roitman:

Q. Mr. Roitman, are you representing to the bankruptcy court that the La Vernia property was sold to RIC La Vernia on February the 6th, 2024? It's a "yes" or "no" question.

A. It says in here, On February 6th, the La Vernia property was sold to Romspen's assignee, RIC La Vernia LLC, for successful bid in the amount of $100,000.

- Even RIC (La Vernia), LLC and Romspen's representative, Wes Roitman, testified that RIC (La Vernia), LLC purchased the property, despite not being in existence and having no assignment at the time of the sale.

# Deposition of Wes Roitman:

BY MR. CHOUDHRI:

Q. Let's -- let's go to -- so Mr. Roitman, you can't explain to me why, in your amended proof of claim, Romspen contends that the La Vernia property sold for $100,000; is that correct?

A. I told you already that was what we were advised by the trustee.

Q. And you can't identify which trustee told you this; is that right?

A. That's right. Again, answered, answered, answered.

- In addition to the illegal credit bid made by a non-existent entity, the sale was void because video evidence proves the trustee sold the property to a third party bidder for specific sum, but it was later represented that the property went back to the lender at $100,000 credit bid.

Deposition of Kyle Hirsch:

Q. And Mr. Hirsch, you stand behind all of your filings in this bankruptcy court, right, as an officer of the court?

A. Yes.

Q. You stand behind your filings that you made, and they're all truthful and correct?

A. To the best of my knowledge, yes.

- After the purported sale to the non-existent entity, RIC (La Vernia), LLC, Romspen and RIC (La Vernia), LLC continued their fraud with filings in the Bankruptcy Court
- While Mr. Hirsch stands by his pleadings, the pleadings demonstrate fraud and bad faith

# Deposition of Wes Roitman:

Q. And did Romspen provide truthful and accurate offsets to all the collateral -- for the various pieces of collateral that you just mentioned in Virginia and Georgia and other areas. Did Romspen provide all the offsets to its debt?
A. Yes, every time.
Q. It's accurate and correct?
A. Absolutely, yes.

- Mr. Roitman admits that $100,000 credit bid (whi Mr. Hirsch and Mr. Roitn testified was RIC (La Vernia), LLC's bid, was deducted from Romspen Amended Proof of Claim 1001 WL bankruptcy.

Q. And so just so record is clear, it says that Romspen now amends the proof of claim to deduct its $100,000 credit bid, reducing the amount due and owing as of the petition date. Is that correct?
A. That's correct.
Q. And so the -- has Romspen taken all lawful offsets and credits to its debt that it's representing to the bankruptcy court that it's owed in the proof of claim?
A. Yes.
Q. And is RIC La Vernia LLC a debtor in bankruptcy in Judge Parker's court, as we sit here today?

- The testimony and pleadings by Romspen and RIC (La Vernia), LLC are replete with inconsistencies and statements contrary to the documentary evidence.

Attachment to TIG Romspen US Master Mortgage LP
**Amended Proof of Claim for 1001 WL, LLC**
**United States Bankruptcy Court, W. D. Tex., Case No. 24-10119**

After GLNH again failed to pay and perform as agreed, and after giving due and proper notice, Romspen caused the beneficiary under the La Vernia deed of trust to foreclose its lien interest encumbering the La Vernia Property. On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00.

is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

- As shown, Romspen's Amended Proof of Claim in the 1001 WL Bankruptcy contradicts the filings in RIC (La Vernia), LLC's bankruptcy and this adversary. Romspen and RIC (La Vernia), LLC simply cannot explain why, if RIC (La Vernia), LLC, holder of the note, Romspen filed the Amended Proof of Claim.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195** |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff** | § | **Adversary No. 24-__________** |
| | § | |
| **v.** | § | |
| | § | |
| **MILESTONE CAPITAL CRE 1, LLC; LORI DAVES AND JOHN DAVES, AS SUBSTITUTE TRUSTEE; ANDRES CEDILLOS,** | § § § § | |
| | § | |
| **Defendants** | § | |

3. Debtor is the owner of record of certain tracts of real property located in Wilson County, Texas (the "Property"). Debtor acquired the Property as the successful bidder at a non-judicial foreclosure sale on February 6, 2024. Debtor's title ownership to the Property is purportedly subject to a lien interest asserted by Defendant Milestone.

4. Debtor filed the State Court Action primarily to quiet its right, title, and interest to the Property. Specifically, Debtor claims that Milestone's alleged deed of trust is invalid or, alternatively, equitably subordinated to Debtor's title and interest in the Property. In the alternative, Debtor seeks to enforce its equitable right of redemption of the Milestone lien.

5. Milestone's lien interest purportedly secures repayment of a promissory note issued to non-party OTISCO RDX, LLC. Milestone seeks to foreclose upon its lien through non-judicial foreclosure sale of the Property. The Property is part of debtor's bankruptcy estate.

6. Debtor files this Notice of Removal to the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, where Debtor's Chapter 11 bankruptcy case is presently pending.

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property

12/15

**Part 3:** **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

- ■ No. Go to Part 4.
- ☐ Yes Fill in the information below.

- RIC (La Vernia), LLC 's filings fail to disclose the note it repeatedly claims it was assigned to by Rompsen, proving bankruptcy fraud and the bad faith positions taken in the adversary.

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......> | | $7,390,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $7,390,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $7,390,000.00 |

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|