**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT N

*In re RIC (Lavernia) LLC*, ECF No. 240 (Sept. 17, 2025)
(highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (Lavernia) LLC** | § | **Case No. 24-51195-mmp** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**RESPONSE TO EMERGENCY MOTION TO DISQUALIFY LUTTRELL + CARMODY LAW GROUP AS ATTORNEYS FOR TRAVIS VARGO, STATE COURT APPOINTED RECEIVER [ECF 219]**

TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTY JUDGE :

COMES NOW, Travis Vargo, the State Court appointed Receiver, and files this his *Response To Emergency Motion To Disqualify Luttrell + Carmody Law Group As Attorneys For Travis Vargo, State Court Appointed Receiver* and in support thereof would respectfully show the Court as follows:

## I. PRELIMINARY STATEMENT

1. Travis Vargo in his capacity as the State Court appointed receiver (the "Receiver") objects to the authority of Ali Choudhri and the lawyers purporting to represent him in his capacity as a member or manager of Milestone Capital CRE 1, LLC and Otisco RDX, LLC based upon the Receivership Orders, *infra*., filed as ECF 208 in this proceeding and the 14th Court of Appeals opinion in *WC 4th & Colo. V. Colo. Third St., LLC*, which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion

in *WC 4th & Colo*. and the Receivership Orders. The application of *WC 4th & Colo.* is presently pending before the Hon. Randy Willson for determination upon the remand of the A-Case, *infra*., and the D-Case, *infra*., following the wholly improper removal of the proceedings from the Harris County District Court to the Bankruptcy Court for the Southern District of Texas.

**II.**
**<u>SUMARY OF RESPONSE</u>**

*2.* The *Emergency Motion To Disqualify Luttrell + Carmody Law Group As Attorneys For Travis Vargo* (the "Choudhri Motion") filed by Ali Choudhri, individually and as managing member of Milestone Capital CRE 1, LLC and Otisco RDX, LLC is insufficient on its face to raise even a question regarding an alleged conflict of interest on the part of Luttrell + Carmody Law Group ("LCLG") as it fails to present anything more than speculation and conjecture unsupported by evidence.

*3.* The Choudhri Motion was filed as a blatant tactical maneuver to disrupt and thwart the actions of the Receiver over all of the non-exempt assets of Ali Choudhri, including his membership interests in Milestone Capital CRE 1, LLC and Otisco RDX, LLC as provided in the D-Case Receivership Order, *infra*., and the A-Case Receivership Order, *infra*.

*4.* The Choudhri Motion is meritless and does not offer any evidence to support the drastic remedy of disqualification.

**II.**
**<u>RELEVANT FACTS</u>**

*5.* Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A *styled Mokaram-Latif West Loop, Ltd. and*

*Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case"). The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II.

6. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

7. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 208.

8. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given

exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's as defined in the Receivership Orders[1]. Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St., LLC*, which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies which is applicable to each of the Choudhri Cases, *infra*. *See WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo*. and the Receivership Orders.

9. On or about August 11, 2025, Choudhri filed a pleading in the A-Case styled "*Choudhri Supersedeas with Alternate Security*" (the "Supersedeas Motion"). In that motion Choudhri contends that the Supersedeas Motion constitutes the equivalent of a supersedeas bond and therefore stays or renders moot the appointment of the Receiver.

10. On August 20, 2025, the Receiver filed his *Emergency Motion To Confirm Active Status Of Receivership, Strike Misleading Filings And/Or For Zoom Status Conference* in each of the A-Case and the D-Case (the "Receiver's Emergency Motions"). Judge Wilson declined to hear and consider the Receiver's Emergency Motions until authorization to proceed was obtained from each of the bankruptcy courts and cases in which proceedings are presently pending that involve Choudhri, the Choudhri LLC's[2], and

---

[1] The A-Case Receivership Order identifies NIA ATX, LLC as one of the "Choudhri LLCs" at page 2, paragraph 2.7.ff and the D-Case Receivership Order identifies NIA ATX, LLC as one of the "Bankrupt LLCs" at page 3, paragraph 17.e

[2] As defined in the A-Case Receivership Order and the D-Case Receivership Order

the Bankruptcy LLC's[3] in existence.

11. On August 20, 2025, Justin Rayome, purportedly on behalf of Dalio I filed a *Notice of Removal* in the Southern District of Texas seeking to remove the D-Case. Contemporaneously with the *Notice of Removal*, a *Motion to Transfer Venue* was filed seeking to transfer venue over the D-Case (which is on appeal) to the Dalio I bankruptcy case pending in the Western District of Texas, Austin Division[4].

12. With the aim of stopping the gamesmanship, the Receiver engaged LCLG and on August 21, 2025, LCLG, by and through Leslie M. Luttrell, filed notices of appearance on behalf of the Receiver in the following bankruptcy cases then pending in the Western District of Texas:

a. 1001 WL, LLC Case No. 24-10119-smr

b. Texas REIT, LLC Case No. 24-10120-smr

c. Dalio Holdings I, LLC Case No. 25-11157-smr

d. Meandering Bend, LLC Case No. 25-11334-smr[5]

e. RIC (Lavernia) LLC Case No. 25-51195-mmp

(a through d are hereinafter referred to as the "Choudhri Cases")

13. On August 27, 2025, the undersigned attended hearing in the RIC (Lavernia) LLC matter at which Mr. Rayome objected to the appearance of the undersigned based upon the filing by Rayome of the Supersedeas Motion. The undersigned informed the Court of the Receiver's disagreement with Mr. Rayome's

---

3 *Id.*

4 On September 9, 2025, Judge Robinson granted the Motion to Dismiss in the Dalio Holdings I, LLC case which was filed by WCW Houston Properties, LLC, a creditor of Dalio Holdings I, LLC. The minute entry has been made but Judge Robinson, as of the time of the filing of this Response has not yet entered his Order Dismissing Case.

5 Previously pending before this Court under Case No. 25-51814

position regarding effect of the Supersedeas Motion and advised the Court of the impending filing of the motions for relief from discussed hereafter.

14. On August 29, 2025, LCLG filed motions for relief from stay on behalf of the Receiver in the Choudhri Cases requesting that the automatic stay imposed by 11 U.S.C. §362 be lifted to permit the Receiver to seek and obtain from the Receivership Court the following determinations and clarifications:

a. the extent to which *WC 4th & Colo. V. Colo. Third St.*, LLC, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) affects the Receivership Orders;

b. modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025); and

c. to confirm the active status of the Receivership and, as applicable, the adequacy of the purported Supersedeas Motion.

Each of the lift stay motions were granted by Judge Robinson on September 9, 2025 and orders granting the lift stay motions in the Choudhri Cases were entered on September 9, 2025.

15. In the days following the appearance in connection with the RIC (Lavernia) LLC case, the undersigned was contacted by both Justin Rayome and Ron Smeberg alleging that LCLG is conflicted out of representation of the Receiver based upon the status of Morris E. "Trey" White, III as "of counsel" to LCLG and Mr. White's limited representation of the entity NIA TX, LLC in connection with a matter in 2022. In the email exchanges with Mr. Rayome and Mr. Smeberg the relationship between Mr. White and

LCLG was thoroughly explained[6], confirmation of the absence of any representation by Mr. White of Choudhri was explained, the specific nature of the representation by Mr. White of NIA TX, LLC was explained, and the terminated status of NIA TX, LLC was also noted which, in combination, confirmed the absence of any colorable claim of a conflict of interest in the representation of the Receiver by LCLG. Furthermore, Mr. White maintains his existing practice with Michael Villa through the law firm Villa & White LLP while subleasing space from LCLG. Villa & White LLP also maintains its own computer system, including a server and desk tops which are wholly separate from and not accessible by the lawyers and staff of LCLG.

16. Notwithstanding the clear absence of any colorable claim of a conflict, on September 3rd and 4th motions to disqualify LCLG were filed in the instant proceeding, the Meandering Bend case and in the Dalio I case. The motion filed in the Dalio I case was not addressed because the case was dismissed. Following the conversion of Meandering Bend to a Chapter 7, the Trustee, Randy Osherow, has confirmed that he will not proceed with that motion.

## III.
## ARGUMENT AND AUTHORITIES

17. While the Choudhri Motion accurately articulates that the Texas Rules of Professional Conduct are the guideline for the determination of disqualification, the accuracy and sufficiency of the pleading stops there. Notably absent from the Choudhri Motion is anything more than conjecture. The Choudhri Motion fails in its candor to this tribunal in that it fails to (1) advise the Court that Mr. White did not and never has

[6] Including that Mr. White is not included in the engagement between Travis Vargo, Receiver and LCLG.

represented Choudhri, (2) that the representation by Mr. White of NIA ATX, LLC was for a specific and limited purpose, (3) that Mr. White communicated almost exclusively with Drew Dennett, the "Manager" of NIA ATX, LLC and had only limited communications with Choudhri, and (4) that the existence of NIA ATX, LLC was forfeited effective February 23, 2024 and remains forfeited. In short, the Choudhri Motion is another in the long line of offensive litigation tactics designed to waste the resources of the Receiver and the time of this Court.

**A. The Choudhri Motion is employed as a "tactical weapon"**

18. The Texas Supreme Court advises that disqualification is a "severe remedy" because it "can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re RSR Corp.*, 568 S.W.3d 663, 666 (Tex. 2019) (orig. proceeding) (per curiam) (quoting *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding)); *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). The Supreme Court, quoting from authority from another jurisdiction stated: "'[W]e would be less than candid were we not to recognize that disqualification motions are ***often simply common tools of the litigation process ... used ... for purely strategic purposes***.'" *Ayres v. Canales*, 790 S.W.2d 554, 558 (Tex. 1990) (orig. proceeding) (quoting *McElroy v. Gaffney*, 129 N.H. 382, 529 A.2d 889, 894 (1987) (internal citation and quotation omitted) (emphasis added). Thus, "[i]n considering a motion to disqualify, the trial court ***must*** adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *Nitla*, 92 S.W.3d at 422; *see also RSR*, 568 S.W.3d at 666 (same); *Spears*, 797 S.W.2d at 656 (same).

19. The Supreme Court directs that a motion to disqualify will have the appearance of a "tactical weapon" when it lacks supporting proof. *Spears*, 797 S.W.2d

at 657. The Choudhri Motion offers no proof of any of the allegations, most importantly any evidence that Mr. White or Villa & White LLP ever represented Choudhri.

20. Further, the Supreme Court condemns speculative and contingent allegations in motions to disqualify. *Id.* (citing *Coker*, 765 S.W.2d at 400). "Mere allegations of unethical conduct or evidence ***showing a remote*** possibility of a violation of the disciplinary rules will not suffice." *Spears*, 797 S.W.2d at 656 (emphasis added); see also *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2004) (orig. proceeding) (per curiam) (same); *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004) (orig. proceeding) (per curiam) (same).

**B. Mr. White did not represent Choudhri**

21. Disciplinary Rule 1.06(b) states that "[a] lawyer shall not represent a person if the representation of that person involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another ***client*** of the lawyer or the lawyer's firm." TEX. DISCIPLINARY R. PRO. CONDUCT 1.06(b)(1) (emphasis added). The operative term in Rule 1.06(b) is "client".

22. Disciplinary Rule 1.09 (b) likewise admonishes a lawyer not to "knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a ***client*** . . ." TEX. DISCIPLINARY R. PRO. CONDUCT 1.09(b) (emphasis added). Again, the operative term in Rule 1.09 is "client".

23. Contrary to the allegations made in the Choudhri Motion and the actual knowledge of Choudhri, neither Mr. White nor his law firm Villa & White LLP, ever

represented Choudhri; the representation was of NIA ATX, LLC[7]. The manager of NIA ATX, LLC was, at the time of the engagement and through the date of the termination of the existence of NIA TX, LLC, Drew Dennett[8]. The engagement between NIA ATX, LLC and Villa & White LLP was for representation in connection with the acquisition of specific property in the World Class bankruptcy proceeding[9]:

**CONTRACTUAL AGREEMENT FOR LEGAL SERVICES**

NIA ATX LLC, the undersigned, hereafter called "Client," by execution of this Agreement has this day employed Villa & White LLP, hereinafter called "Attorneys," to represent Client in the matter described below:

511 Barton Blvd. and 6th & San Jacinto World Class bankruptcy matters

The engagement agreement between Villa & White LLP and NIA ATX, LLC was signed by Drew Dennett:

Client has read this Agreement and agrees to each of the terms and conditions stated in it.

**SIGNED AND ACCEPTED** this 11 day of May, 2022.

NIA ATX LLC

BY: ______________________

Drew Dennett, ~~Manager~~ Authorized Agent

24. The representation of NIA ATX, LLC lasted for approximately six months and was terminated by Mr. White and Villa & White LLP in the fall of 2022. The termination of the representation of NIA ATX, LLC occurred substantially prior to Villa & White LLP

---

7 See Exhibit 1: Contractual Engagement for Legal Services
8 See Exhibit 2: Certificate of Formation of NIA ATX, LLC; Exhibit 3: 2023 PIR; and Exhibit 4: 2024 PIR
9 *Id.*, pg. 1

subletting space from LCLG - starting in July of 2023 - and Mr. White and Mr. Villa associating as "of counsel" with LCLG on certain matters, none of which include the representation of the Receiver.

25. Following the termination of the representation and prior to the appointment of the Receiver under either of the Receivership Orders, the existence of NIA ATX, LLC was forfeited[10]. Accordingly, contrary to the protestations of Choudhri, individually and "as managing member of Milestone Capital CRE 1, LLC and Otisco RDX, LLC" because Mr. White did not represent Choudhri (or either of the entities Choudhri purports to be acting on behalf of) the Texas Disciplinary Rules of Professional Conduct, including Rules 1.06, 1.09 and 1.10 do not prohibit the representation of the Receiver by LCLG and the undersigned.

**C. Mr. White serves only as "of counsel" to LCLG and is not a partner or associate of LCLG and is not involved in the representation of the Receiver**

*26.* Though Mr. White never represented Choudhri which should bring an immediate end to the inquiry, the Choudhri Motion contends that the "of counsel" relationship somehow gives rise to actual conflict of interest as to LCLG and its representation of the Receiver. The Second Circuit in *Hampstead Video, Inc. v. Incorporated Village of Valley Stream* has analyzed the role of lawyers serving as "of counsel" in the context of a disqualification motion. *Hampstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127 (2nd Cir. 2005). The relevant facts in *Hempstead* are as follows:

---

10 See Exhibit 5 Secretary of State Notice of Forfeiture; Exhibit 6 Franchise Tax Account Status NIA ATX, LLC

> "Englander operated an entirely independent law firm, which leased space from Jaspan. He maintained separate files for his clients and there is no reason to believe he shared client confidences with Jaspan. Jaspan would not have been disqualified during this period by reason of Englander's representation of the adversary of one of its clients.
>
> In July 2003, the relationship between Englander and Jaspan changed, but only to a limited degree. Englander was given the title "of counsel" and began to share a limited number of clients with Jaspan. In all other respects, Englander continued to operate a separate firm in the same manner he had before acquiring the new title. The question is whether this relationship requires disqualification of the Jaspan firm in this case."[11]

27. These facts are virtually identical to the *relationship* between Mr. White, Villa & White LLP, and LCLG. On these facts, the Court in *Hempstead* determined that the issue of disqualification turned on whether Englander was "associated" with the Jaspan firm. The Hempstead court opined that "deciding whether to impute an "of counsel" attorney's conflict to his firm for purposes of ordering disqualification in a suit in federal court is to examine the substance of the relationship under review and the procedures in place."[12] The Hempstead Court concluded that the relationship was "too attenuated" because Englander maintained his own separate practice which the lawyers of the Jaspan firm neither participated in nor had access to.[13]

---

[11] *Hempstead* 409 F.3d at 133-34
[12] *Id.* at 135
[13] *Id.* at 138

## CONCLUSION

The Choudhri Motion is another bad faith litigation tactic employed by Choudhri to delay and obfuscate the efforts of the Receiver to fulfill his mandate under the Receivership Orders and facilitate, within the confines of the bankruptcy process that Choudhri himself has elected to participate in, the payment of the judgments against Choudhri, Dalio I and Dalio II.

WHEREFORE, PREMISES CONSIDERED the Receiver respectfully requests that the Court deny the Choudhri Motion and grant the Receiver such other and further relief at law or in equity to which he may show himself entitled.

Dated this 17th day of September, 2025.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600
Fax 210.426.3610

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650
luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 17th day of September, 2025 I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
RIC (Lavernia) LLC
162 Cumberland Street, Suite 300
Toronto, ON M5R 3N5

**Attorneys for Debtor**
Robert Luke Graham
Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell