**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# EXHIBIT AA

Defendants' Motion to Clarify and Enforce Charging-Order Limitations; Receiver's Response (Aug. 21, 2026); Order (Sept. 3, 2026), Cause No. 2012-27197-A (highlighting added)

*Movants' Rule 9024 Motion as to ECF Nos. 304 and 348 and the Judgments in Adv. Nos. 24-05043 and 25-05040*

6/19/2026 5:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116385650
By: Jessica Pannell
Filed: 6/22/2026 12:00 AM

**CAUSE NO. 2012-27197-A**

| | | |
|---|---|---|
| **MOKARAM-LATIF WEST LOOP, LTD.,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALI CHOUDHRI, *et al.*,** | § | |
| | § | |
| ***Defendants*.** | § | **333rd JUDICIAL DISTRICT** |

**DEFENDANTS' MOTION TO CLARIFY AND ENFORCE**
**CHARGING-ORDER LIMITATIONS IN THE APRIL 2025 TURNOVER ORDERS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Ali Choudhri ("Choudhri"), Dalio Holdings I LLC ("Dalio I"), and Dalio Holdings II LLC ("Dalio II") (collectively, "Defendants") file this Motion to Clarify and Enforce Charging-Order Limitations in the April 2025 Turnover Orders. In support thereof, Defendants respectfully show the Court as follows:

## I.
## INTRODUCTION

When this Court entered its Amended Turnover Orders in April 2025, it drew a deliberate and legally significant line. On one side of that line stood Choudhri's personal assets—turned over directly to the Receiver for liquidation and application to the judgment. On the other side stood Choudhri's membership interests in limited liability companies—addressed exclusively through charging orders under Texas Business Organizations Code Section 101.112. The Orders carved LLC interests out of the definition of "Receivership Assets." They imposed charging orders that entitle the Receiver to intercept distributions otherwise payable to Choudhri. And they did so

Unofficial Copy Office of Marilyn Burgess District Clerk

because the law required it: Section 101.112 makes the charging order the exclusive remedy by which a judgment creditor may reach a debtor's LLC membership interest.

The Receiver has been crossing that line. He has sold real property owned by Memorial Glen Cove LLC—a Choudhri LLC subject only to a charging order—as if the LLC's assets were his own to liquidate. He has filed suit asserting rights over MCITBE LLC, another charging-order entity. He has recorded notices of receivership against real property owned by various Choudhri LLCs, clouding their titles and asserting possessory authority that Section 101.112 expressly forbids.

This Motion does not ask the Court to terminate the receivership or limit the Receiver's authority over Choudhri's personal assets. It asks only that the Court reaffirm the distinction its own Orders already make—and that this Court's own published opinion in *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied), confirms as a matter of law. A charging order intercepts distributions. It does not confer management rights, possessory authority, or the power to sell LLC-owned property. The Receiver may stand at the spigot—but he may not seize the well.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II.
## FACTUAL BACKGROUND

On April 8, 2025, this Court signed the Amended Order (2) Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Order"). The following day, the Court signed the companion A-Case Order. Together, these Orders appointed Travis Vargo as Receiver and established the framework governing his authority. That framework was carefully structured to respect the separate legal existence of the limited liability companies in which Choudhri holds membership interests.

The Orders define "Choudhri Receivership Assets" to include all assets owned by Choudhri—with one critical exception. Paragraph 15 of the D-Case Order explicitly provides that Receivership Assets include all Choudhri's property "EXCEPT his ownership interests in any limited liability company." This carve-out is not accidental. It reflects the Legislature's command in Section 101.112 of the Texas Business Organizations Code that a charging order is the exclusive remedy available to reach a judgment debtor's LLC membership interest.

Consistent with that statutory requirement, the Orders address Choudhri's LLC interests through separate charging-order provisions. Paragraph 24 of the D-Case Order provides (emphasis added):

> "Pursuant to Texas Business Organizations Code Section 101.112, the Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's (collectively, the 'Companies'). ***All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full***."

The charging-order language does precisely what the statute contemplates: it entitles the Receiver to receive distributions that would otherwise flow to Choudhri. It does not grant the Receiver possession of LLC property. It does not confer management rights. It does not authorize the sale of LLC-owned real estate.

The Orders also contain a "Debtors' Business" clause at Paragraph 26: "All authority and power of Debtors to manage and operate the businesses of Debtors is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver." But this clause must be read in context. It applies to "the businesses of Debtors"—meaning the businesses of Choudhri and the Dalio entities themselves. It does not transform separate limited liability companies—whose membership interests are governed exclusively by the charging-order

Unofficial Copy Office of Marilyn Burgess District Clerk

provisions—into direct receivership assets. Indeed, the Orders themselves recognize entity separateness by expressly excluding Texas REIT, LLC from the "Debtors' Business" clause "for the avoidance of doubt." If the clause were truly unlimited, no such carve-out would be necessary.

The D-Case Order identifies twenty-four "Choudhri LLCs" at Paragraph 16, including Memorial Glen Cove LLC (item x), MCITBE LLC (item n), and numerous other entities holding real property throughout Texas. Each of these entities is a separate legal person under Texas law. Each is subject only to the charging-order framework—not to direct receivership control.

Yet the Receiver has treated these entities as if they were Choudhri's personal piggy bank. In early 2026, the Receiver obtained an Order Granting Sale that authorized liquidation of real property owned by Memorial Glen Cove LLC—specifically, 207 Malone Street and 5803 Blossom Street in Houston, Texas—and sold those properties for a combined $876,059.80. The Receiver did not intercept a distribution. He did not wait for the LLC to make a payment. He took possession of LLC-owned real estate and sold it, claiming authority that no charging order confers.

The pattern continues. The Receiver filed suit in Cause No. 2026-22035 asserting rights over MCITBE LLC, another Choudhri LLC listed in the Turnover Orders. A hearing on that matter is set for June 25, 2026. The Receiver has recorded "Notices of Receivership" against real property owned by various Choudhri LLCs—documents that purport to cloud title to LLC-owned property and assert the Receiver's possessory interest. The Receiver's June 9, 2026 letter to this Court describes ongoing actions involving multiple Choudhri LLCs, invoking the "Debtors' Business" clause as the source of his authority.

Without clarification from this Court, the Receiver will continue to treat every Choudhri LLC as a direct receivership asset—seizing property, directing operations, and exercising management authority that the statute and the Orders' own structure do not support. What

Unofficial Copy Office of Marilyn Burgess District Clerk

happened to Memorial Glen Cove LLC is about to happen to MCITBE LLC. And after that, it will surely happen to the next entity on the list. This Court should act now to prevent further violations of the statutory framework it purposely invoked when it entered the charging orders in the first instance.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III.
## LEGAL ARGUMENT

### A. Section 101.112 Establishes the Charging Order as the Exclusive Remedy

The starting point for this Motion is the statute this Court invoked when it entered the charging orders. Texas Business Organizations Code Section 101.112 provides, in relevant part, that a charging order "constitutes a lien on the judgment debtor's membership interest and ***entitles the judgment creditor to receive any distribution or distributions to which the judgment debtor would otherwise be entitled*** to the extent necessary to satisfy the judgment." TEX. BUS. ORGS. CODE § 101.112(a) (emphasis added). That is what a charging order does. It sits at the distribution pipeline and diverts payments.

What a charging order does ***not*** do is equally clear—and equally statutory. Subsection (b) declares that a charging order "is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." *Id.* § 101.112(b) (emphasis added). The word "exclusive" is not ambiguous. It means no other remedy is available. Not turnover, not receivership control, not seizure of LLC property, not forced sales—only the charging order.

The statute then enumerates specific prohibitions to eliminate any doubt. The court may not order foreclosure of the charging-order lien. *Id.* § 101.112(c). And critically, subsection (f) provides that "[a] creditor of a member or of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with

respect to, the property of the limited liability company." *Id.* § 101.112(f). And, importantly, the court may not order the forced sale of the membership interest. *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421, at *6 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied).

Finally, in 2023, the Legislature added subsection (g): "This section applies regardless of the number of members or owners of membership interests in a limited liability company." TEX. BUS. ORGS. CODE § 101.112(g). This amendment forecloses any argument that single-member LLCs—which many of the Choudhri LLCs may be—fall outside the charging-order regime. Every Choudhri LLC, regardless of its membership structure, is protected by the exclusivity provision.

The Receiver in this case is "the medium through which the court acts. He is a disinterested party, ***the representative and protector of the interests of all persons, including creditors, shareholders and others, in the property in receivership***." *Clark v. Clark*, 638 S.W.3d 829, 836 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (quoting *Sec. Tr. Co. of Austin v. Lipscomb Cnty.*, 180 S.W.2d 151, 158 (Tex. 1944)) (emphasis added). And the Receiver "has only that authority conferred by the Court's order appointing him." *WC 4th & Colo., LP v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 WL 1225841, at *3 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed) (quoting *Ex parte Hodges*, 625 S.W.2d 304, 306 (Tex. 1981)). If the statute states that the court cannot order the foreclosure of a membership interest and cannot order the transfer of possession of LLC property, the Receiver cannot take those actions, either. If the court cannot exercise legal or equitable remedies against the LLC's assets, neither can the Receiver. The statute draws the line; the Receiver must respect it.

Unofficial Copy Office of Marilyn Burgess District Clerk

### B. Texas Appellate Courts Have Uniformly Enforced These Limitations

The exclusivity of the charging-order remedy is not merely a matter of statutory text. Texas appellate courts have enforced these limitations repeatedly and without exception—holding that receivers, no less than individual creditors, must operate within the boundaries Section 101.112 establishes.

In *Pajooh v. Royal West Investments, LLC, Series E*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist.] 2017, no pet.), the First Court of Appeals held that extending a receivership to control a member's LLC assets constitutes legal error. *Id.* at 565. The proper avenue, the court explained, is a charging order—not managerial control of the LLC. *Id.* While a subsequent court distinguished *Pajooh* in circumstances where a charging order was already in place and the creditor sought additional turnover relief, *see Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2023, no pet.), the *Klinek* court simultaneously confirmed the core of *Pajooh*'s holding: a charging order only diverts distributions, and confers no management rights, no possessory authority, and no access to LLC assets. *Klinek*, 672 S.W.3d at 839. The Receiver here is asserting precisely the kind of managerial and possessory control that both *Pajooh* and *Klinek* prohibit.

The El Paso Court of Appeals reached the same conclusion in *WC 4th & Rio Grande, LP v. La Zona Rio, LLC*, No. 08-22-00073-CV, 2024 WL 1138568 (Tex. App.—El Paso Mar. 15, 2024, no pet.), confirming that receivers must obtain charging orders to reach partnership and LLC interests—and that receivers are not exempt from Section 101.112's exclusivity requirement. *Id.* at *13-15. A receiver's appointment does not create a special exception to the statute. The receiver must work within the same framework that binds any other judgment creditor.

Unofficial Copy Office of Marilyn Burgess District Clerk

The Fourteenth Court of Appeals—this Court's own appellate court—has been equally clear. In *Klinek*, the court confirmed that a charging order merely diverts distributions. 672 S.W.3d at 839–40 & n.10. It does not authorize compelled distributions, banking directives, management rights, access to LLC assets, or the exercise of any legal or equitable remedies with respect to the LLC's property. *Id.* at 839. Each of these prohibited actions is something the Receiver has done or is attempting to do with respect to the Choudhri LLCs.

And in *In re Prodigy Services, LLC*, No. 14-14-00248-CV, 2014 WL 2936928 (Tex. App.—Houston [14th Dist.] June 26, 2014, no pet.), the Fourteenth Court held that creditors have no right to possess or otherwise exercise legal or equitable remedies against LLC property—rights are limited to the debtor-member's distributions. 2014 WL 2936928, at *6-7. This is the statute's language restated as a holding: you may intercept distributions, and nothing more.

The boundary between what a charging order permits and what it prohibits has been tested from both sides. In *Stanley v. Reef Securities, Inc.*, 314 S.W.3d 659 (Tex. App.—Dallas 2010, no pet.), the Dallas Court of Appeals confirmed that a charging order is not the exclusive remedy to reach distributions that have *already been made* to the judgment debtor. Once a distribution flows from the LLC to the member, it ceases to be the member's "membership interest" and becomes personal property subject to turnover. 314 S.W.3d at 664-65. The same principle was recognized in *Henderson v. Chrisman*, No. 05-14-01507-CV, 2016 WL 1702221 (Tex. App.—Dallas Apr. 27, 2016, no pet.) (mem. op.), which held that § 101.112 does not preclude turnover of proceeds from a membership distribution if and when such a distribution is made and is in the judgment debtor's possession. 2016 WL 1702221, at *2. These cases confirm the precise line this Motion asks the Court to enforce: the Receiver may intercept distributions once made, but may not reach into the LLC itself to seize its property, compel distributions, or exercise managerial control.

Unofficial Copy Office of Marilyn Burgess District Clerk

The Fourteenth Court of Appeals further refined these principles in *Gillet v. ZUPT, LLC*, 523 S.W.3d 749 (Tex. App.—Houston [14th Dist.] 2017, no pet.), where the court held that a trial court could order turnover of a member's ownership interest in an LLC when the LLC itself was the judgment creditor and the judgment explicitly awarded the membership interest. *Id.* at 757-58. But the court simultaneously held that the trial court could *not* order turnover of other LLC property beyond the member's interest—confirming that even in the limited circumstances where turnover extends to an LLC interest, the trial court's authority does not reach the LLC's own assets. *Id.* The distinction is critical here: whatever authority the Receiver may have over Choudhri's *membership interest* in each LLC, that authority does not extend to the LLC's property itself.

The due process dimension of this analysis was established in *Bay City Plastics, Inc. v. McEntire*, 106 S.W.3d 321 (Tex. App.—Houston [1st Dist.] 2003, pet. denied), which holds that findings made by a trial court to facilitate the issuance of a turnover order bind the judgment debtor only—third parties that the turnover order has not issued against are not bound, as operating otherwise would violate due process. *Id.* at 325-26. The Texas Supreme Court acknowledged this principle in *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Co., L.P.*, 540 S.W.3d 577 (Tex. 2018), while recognizing that ownership determinations in turnover proceedings are permissible so long as the decision does not bind third parties. *Id.* at 584-85. Each Choudhri LLC is a separate legal entity—a third party—that is not itself a judgment debtor. The Turnover Orders were issued against Choudhri and the Dalio entities, not against the twenty-four Choudhri LLCs. Those LLCs cannot be bound by management directives never properly entered against them.

The appellate authority is uniform and unbroken: the charging order is the exclusive remedy; it reaches only distributions; it confers no management, possessory, or operational

Unofficial Copy Office of Marilyn Burgess District Clerk

authority over the LLC or its property. What the Receiver has been doing is precisely what the courts have said cannot be done.

### C. This Court's Own Opinion in *Bran v. Spectrum MH* Is Dispositive

The strongest authority for this Motion comes from an opinion authored by the Honorable Randy Wilson himself on the Fourteenth Court of Appeals, and sitting on this case by assignment.

In *Bran v. Spectrum MH*, the court confirmed that the 2023 addition of Section 101.112(g) extends the charging-order regime to single-member LLCs—foreclosing any argument that the exclusivity provision applies only to multi-member entities. 2023 WL 5487421, at *7. The opinion confirmed that a charging order attaches only to the debtor's membership interest and that the charging-order remedy is exclusive regardless of the LLC's membership structure. *Id.* at *7-8.

This holding is directly on point. Many of the Choudhri LLCs may be single-member entities. Before *Bran* and the 2023 amendment, some creditors argued that single-member LLCs fell outside the charging-order framework—permitting more aggressive collection remedies. The legislature—as confirmed by *Bran*—closed that door. Every Choudhri LLC, whether it has one member or ten, is protected by the exclusivity of the charging-order remedy.

The significance of *Bran* extends beyond its holding. It represents this Court's own understanding of how Section 101.112 operates. The same judge who authored *Bran* entered the April 2025 Turnover Orders in this case. Those Orders' structure—carving LLC interests out of "Receivership Assets" and addressing them through separate charging-order provisions—reflects precisely the statutory framework that *Bran* confirmed. The Receiver's attempt to collapse that distinction—to treat charging-order entities as direct receivership assets—contradicts not only the statute and the appellate authority, but the expressed understanding of the very judge presiding over this case.

Unofficial Copy Office of Marilyn Burgess District Clerk

## D. The April 2025 Orders Must Be Read Harmoniously with Section 101.112

The Receiver's apparent justification for his conduct is the "Debtors' Business" clause of Paragraph 26, which vests in the Receiver "all authority and power of Debtors to manage and operate the businesses of Debtors." But this reading cannot be sustained when the Orders are read as a whole—and when they are read in harmony with the statute they expressly invoke.

It is a bedrock principle of construction that where a specific provision conflicts with a general provision, the specific controls. The charging-order provisions of Paragraph 24 are specific: they address Choudhri's LLC interests specifically, by name, invoking a particular statute, and implementing a particular remedy. The "Debtors' Business" clause of Paragraph 26 is general: it addresses the businesses of the Debtors broadly. Where these provisions could be read to conflict—where "Debtors' Business" could be read to confer authority over LLCs that the charging-order provisions address separately—the specific charging-order provisions must prevail.

The Orders themselves demonstrate that entity separateness was intended to be respected. The Texas REIT, LLC exclusion proves this. Paragraph 26 expressly carves out Texas REIT, LLC from the "Debtors' Business" clause "for the avoidance of doubt," noting it "is subject to the jurisdiction of the Bankruptcy Court." If the "Debtors' Business" clause did not reach separate LLCs in the first place—because their interests are governed solely by the charging-order framework—no such exclusion would be necessary. But the drafters included it precisely because they understood that, without it, someone might argue the clause reached Texas REIT. The same logic applies to every other Choudhri LLC: their interests are governed by the charging-order provisions, not by the "Debtors' Business" clause.

Unofficial Copy Office of Marilyn Burgess District Clerk

Reading "Debtors' Business" to override the charging-order framework would create an irreconcilable conflict within the Orders themselves. Paragraph 15 carves LLC interests out of "Receivership Assets." Paragraph 24 addresses those interests exclusively through charging orders. If Paragraph 26 nevertheless grants the Receiver full managerial control over those same LLCs, then the carve-out is meaningless and the charging-order provisions are surplusage. Courts avoid constructions that render specific provisions superfluous. The harmonious reading is clear: the "Debtors' Business" clause reaches Choudhri's personal business activities and the Dalio entities (which are themselves judgment debtors), but not the separate Choudhri LLCs whose membership interests are governed exclusively by Section 101.112 and the charging-order paragraphs.

**E. Clarification Is Necessary to Prevent Ongoing and Future Overreach**

This Motion is not academic. The Receiver's pattern of overreach is ongoing, and without clarification from this Court, it will continue and expand.

What happened to Memorial Glen Cove LLC cannot be undone—its properties have been sold, its proceeds distributed. But MCITBE LLC is actively being litigated, with a hearing set for June 25, 2026. The Receiver continues to file notices of receivership against LLC-owned properties, clouding titles and asserting authority that Section 101.112 denies. Without a clear directive from this Court, the Receiver will continue moving through the list of twenty-four Choudhri LLCs, treating each in turn as if its assets belong to the receivership estate.

The harm from this approach is not confined to Choudhri. Each Choudhri LLC is a separate legal entity that may have creditors, contractual counterparties, tenants, and other stakeholders who relied on the LLC's legal existence and the separateness of its assets. When the Receiver takes possession of LLC property and sells it—without regard to the LLC's own obligations—those third

Unofficial Copy Office of Marilyn Burgess District Clerk

parties are harmed. The due process concerns identified in *Bay City Plastics* are real: a turnover order against Choudhri does not bind the LLCs themselves, and the Receiver cannot exercise rights against entities that were not parties to the proceeding in which the turnover order issued. *Id.* at 325–26.

This Court has both the authority and the responsibility to enforce the boundaries of its own Orders. The April 2025 Orders implemented Section 101.112's charging-order framework for the Choudhri LLCs. This Motion asks that the Court issue a clarifying order requiring the Receiver to operate within that framework—intercepting distributions as the statute permits, but refraining from the managerial control and possessory authority that the statute expressly prohibits.

## IV.
## PRAYER

For the foregoing reasons, Defendants Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC respectfully pray that the Court enter an order:

(a) Declaring that the Receiver's authority over Choudhri's LLC membership interests is limited exclusively to receiving distributions under the charging-order provisions of the April 2025 Turnover Orders and Texas Business Organizations Code Section 101.112;

(b) Declaring that the Receiver has no management, voting, possession, or compulsion rights over any Choudhri LLC listed in the Turnover Orders;

(c) Declaring that the "Debtors' Business" clause of Paragraph 26 of the D-Case Order (and the corresponding provision of the A-Case Order) does not authorize the Receiver to manage, control, possess, or sell property of any Choudhri LLC;

(d) Ordering that the Receiver may not sell, encumber, or transfer any property of any Choudhri LLC without specific, separate court authorization obtained after notice and hearing specifically addressing the Section 101.112 framework;

(e) Ordering that the Receiver may not compel any Choudhri LLC to make distributions;



Unofficial Copy Office of Marilyn Burgess District Clerk

(f) Ordering that any "Notice of Receivership" filed in the real property records as to property owned by a Choudhri LLC be expunged as exceeding the scope of the charging-order remedy; and

(g) Granting Defendants such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

FBT GIBBONS LLP

By: */s/ Derek R. Staub*
Derek R. Staub
Texas Bar No. 24063017
dstaub@fbtgibbons.com

Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472
Telecopier: 214.545.3473

**ATTORNEYS FOR NON-PARTY MCITBE, LLC**

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF CONFERENCE

I hereby certify that, prior to filing this Motion, counsel for Defendants conferred with Receiver, Travis Vargo, regarding the relief requested herein. The Receiver indicated that he opposes the relief requested in this Motion. This matter is therefore contested and requires a setting before the Court.

*/s/ Derek R. Staub*
Derek R. Staub

## CERTIFICATE OF SERVICE

Pursuant to the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record via Texas E-Service/ electronic mail on June 19, 2026.

*/s/ Derek R. Staub*
Derek R. Staub

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 116385650
Filing Code Description: Motion (No Fee)
Filing Description: Defs Motion to Clarify and Enforce Charging Order Limitations in 425 Turnover Orders
Status as of 6/22/2026 9:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Azhar Chaudhary | | chaudharylawfirm@gmail.com | 6/19/2026 5:25:52 PM | SENT |
| Allan DGoldstein | | allang@mlhs.net | 6/19/2026 5:25:52 PM | SENT |
| James DSalyer | | jsalyer@mlhs.net | 6/19/2026 5:25:52 PM | SENT |
| Vivian Thames | | vthames@mlhs.net | 6/19/2026 5:25:52 PM | SENT |
| Thomas RPhillips | | tom.phillips@bakerbotts.com | 6/19/2026 5:25:52 PM | SENT |
| Rodney Drinnon | | rdrinnon@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Lloyd Kelley | | kelley@lloydekelley.com | 6/19/2026 5:25:52 PM | SENT |
| James RWetwiska | | jwetwiska@akingump.com | 6/19/2026 5:25:52 PM | SENT |
| Isaac Villarreal | 24054553 | ivillarreal@dykema.com | 6/19/2026 5:25:52 PM | SENT |
| David Medina | 88 | david.medina@nelsonmullins.com | 6/19/2026 5:25:52 PM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 6/19/2026 5:25:52 PM | SENT |
| James Pierce | 15994500 | jim@jamespierce.com | 6/19/2026 5:25:52 PM | SENT |
| Lee King | 792016 | lee@houstonlegal.services | 6/19/2026 5:25:52 PM | SENT |
| Kevin Pennell | 24046607 | kevin@pennellfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Rodney Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Michael Harris | | mah@pdhlaw.com | 6/19/2026 5:25:52 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 6/19/2026 5:25:52 PM | SENT |
| Craig D.Dillard | | cdillard@foley.com | 6/19/2026 5:25:52 PM | SENT |
| William NDrabble | | wdrabble@grayreed.com | 6/19/2026 5:25:52 PM | SENT |
| David M.Medina | | davidmedina@justicedavidmedina.com | 6/19/2026 5:25:52 PM | SENT |
| Marilyn Vilandos | | marilyn@vilandoslaw.com | 6/19/2026 5:25:52 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 116385650
Filing Code Description: Motion (No Fee)
Filing Description: Defs Motion to Clarify and Enforce Charging Order Limitations in 425 Turnover Orders
Status as of 6/22/2026 9:36 AM CST

Unofficial Copy Office of Marilyn Burgess District Clerk

Case Contacts

| | | | | |
|---|---|---|---|---|
| Marilyn Vilandos | | marilyn@vilandoslaw.com | 6/19/2026 5:25:52 PM | SENT |
| Daniel Patton | | dpatton@scottpattonlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Michael Lowenberg | 24001164 | mike@thetexastriallawyers.com | 6/19/2026 5:25:52 PM | SENT |
| Andrew Meade | 24032854 | ameade@mnbllp.com | 6/19/2026 5:25:52 PM | SENT |
| John Zavitsanos | | jzavitsanos@azalaw.com | 6/19/2026 5:25:52 PM | SENT |
| Adam Milasincic | | amilasincic@azalaw.com | 6/19/2026 5:25:52 PM | SENT |
| Joe Sibley | | sibley@camarasibley.com | 6/19/2026 5:25:52 PM | SENT |
| Eric Utermohlen | | eutermohlen@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Michael Durrschmidt | | mdurrschmidt@hirschwest.com | 6/19/2026 5:25:52 PM | SENT |
| Christen Grant | | cgrant@hirschwest.com | 6/19/2026 5:25:52 PM | SENT |
| Kim Lewinski | | klewinski@hirschwest.com | 6/19/2026 5:25:52 PM | SENT |
| Andy Taylor | | ataylor@andytaylorlaw.com | 6/19/2026 5:25:52 PM | SENT |
| David Thornton | | david@thorntonlawfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 6/19/2026 5:25:52 PM | SENT |
| J. Robert RobertMacNaughton | | robert@porterpowers.com | 6/19/2026 5:25:52 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 6/19/2026 5:25:52 PM | SENT |
| Azhar M. Chaudhary | | attorney@Chaudharyjd.com | 6/19/2026 5:25:52 PM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 6/19/2026 5:25:52 PM | SENT |
| MARK SEANCRUZCOSA | | msc@cruzcosalawfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 6/19/2026 5:25:52 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 6/19/2026 5:25:52 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 6/19/2026 5:25:52 PM | SENT |
| Mark Yablon | | service@yablonlaw.com | 6/19/2026 5:25:52 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 116385650
Filing Code Description: Motion (No Fee)
Filing Description: Defs Motion to Clarify and Enforce Charging Order Limitations in 425 Turnover Orders
Status as of 6/22/2026 9:36 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Mark Yablon | | service@yablonlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 6/19/2026 5:25:52 PM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 6/19/2026 5:25:52 PM | SENT |
| Gia Samavati | | gia@trialninjas.com | 6/19/2026 5:25:52 PM | SENT |
| Rick Guerra | | rick@guerradays.com | 6/19/2026 5:25:52 PM | SENT |
| Keith Gross | | attnykgross@aol.com | 6/19/2026 5:25:52 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Tammy Massa | | tmassa@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 6/19/2026 5:25:52 PM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 6/19/2026 5:25:52 PM | SENT |
| Pagel Davis & Hill, P.C. Eservice | | eservice@pdhlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Townsend Angie | | atownsend@azalaw.com | 6/19/2026 5:25:52 PM | SENT |
| Robin McCurdy | | rmccurdy@azalaw.com | 6/19/2026 5:25:52 PM | SENT |
| Pagel Davis & Hill, P.C. Eservice | | eservice@pdhlaw.com | 6/19/2026 5:25:52 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 6/19/2026 5:25:52 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 6/19/2026 5:25:52 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 6/19/2026 5:25:52 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 6/19/2026 5:25:52 PM | SENT |
| Haley Sheppard | | hsheppard@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| Brad EPorter | | brad@porterpowers.com | 6/19/2026 5:25:52 PM | ERROR |
| Branch Sheppard | | bsheppard@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 116385650
Filing Code Description: Motion (No Fee)
Filing Description: Defs Motion to Clarify and Enforce Charging Order Limitations in 425 Turnover Orders
Status as of 6/22/2026 9:36 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Branch Sheppard | | bsheppard@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| Branch Sheppard | | bsheppard@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| Amarose Harding | | sharding@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| Miles O.Indest | | mindest@mcguirewoods.com | 6/19/2026 5:25:52 PM | ERROR |
| Yasser Madriz | | ymadriz@mcguirewoods.com | 6/19/2026 5:25:52 PM | ERROR |
| Meghaan Madriz | | mmadriz@mcguirewoods.com | 6/19/2026 5:25:52 PM | ERROR |
| Mary Lobel | | mlobel@mcguirewoods.com | 6/19/2026 5:25:52 PM | ERROR |
| Annarose Harding | | aharding@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| Michael O'Connor | | moconnor@oconnorcraig.com | 6/19/2026 5:25:52 PM | ERROR |
| Lee King | | lee.k@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |
| Paul Simon | | paul.simon@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |
| Sara Morton | | smorton@gallowaylawfirm.com | 6/19/2026 5:25:52 PM | ERROR |
| M Kevin Powers | | kevin@porterpowers.com | 6/19/2026 5:25:52 PM | ERROR |
| A. WolfgangMcGavran | | wmcgavran@mcguirewoods.com | 6/19/2026 5:25:52 PM | ERROR |
| Justin Rayome | | justin.r@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |
| T. Michael Wall | | tmwall@foley.com | 6/19/2026 5:25:52 PM | ERROR |
| Eric Little | | erllaw@outlook.com | 6/19/2026 5:25:52 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |
| Jeff Joyce | | jjoyce@jmlawyers.com | 6/19/2026 5:25:52 PM | ERROR |
| Sebastian Campos | | scampos@mccathernlaw.com | 6/19/2026 5:25:52 PM | ERROR |
| legal jetall | | legal@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |
| Cameron Roth | | croth@akingump.com | 6/19/2026 5:25:52 PM | ERROR |
| Justin Rayome | | justin.r@jetallcompanies.com | 6/19/2026 5:25:52 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk

8/21/2026 5:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118959689
By: Jessica Pannell
Filed: 8/21/2026 5:04 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S RESPONSE TO**
**DEFENDANT'S MOTION TO CLARIFY AND ENFORCE**
**CHARGING-ORDER LIMITATIONS IN THE APRIL 2025 TURNOVER ORDERS**

Unofficial Copy Office of Marilyn Burgess District Clerk

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

**SUMMARY**

1. Defendant Ali Choudhri wants the Court to reconsider its prior orders and issue an advisory opinion that Receiver is entitled only to a charging order as to limited liability companies owned by Choudhri. In simple terms, he wants the Court to reconsider the entire scope of the turnover orders. His motion does not attach evidence. His motion fails to address the legal basis of the LLC orders entered by this court—namely, that a charging order is not the exclusive remedy for LLC interests in companies that have no operating businesses and when third parties would not be affected. The motion is little more than a repurposing of arguments rejected already for a request to amend the turnover orders. The Court should deny the motion.

**AMENDED TURNOVER ORDERS WERE NOT APPEALED**

2. At the August 19, 2026 oral argument, Derek Staub, the lead counsel for the Debtor, stated that the motion at bar was brought because he—Derek Staub, individually—did not understand the scope of the Receivership orders. Respectfully, the Debtor's counsel does not understand an order is not a valid reason to reform it.

3. But what the Debtor clearly wants this court to modify its amended turnover orders because he lacks the ability to appeal them presently. After the Amended Turnover Orders were signed, Choudhri did not appeal them.[1]

4. If the court modifies them now, he will initiate fresh appeals, which will cause significant delays and expenses for all parties. The Debtor is seeking to reset the clock on the appeals of his turnover motions.

5. This case started in 2011, and there is a judicial interest in the finality of orders and bringing cases to resolution. *See Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012) (stating Texas has a general public policy in protecting the finality of judgments).

**CHOUDHRI'S MOTION FAILS TO CITE TO OR ANALYZE CONTROLLING AUTHORITY**

6. Conspicuously absent from Choudhri's motion is citation to or analysis of *WC 4th Colorado, L.P. v. Colorado Third Street, LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (op. rehearing). That case, as this Court well knows, relates to an exception to the charging order exclusivity when the company in question has no business operations and no third parties would be affected. *See generally id.* This authority is

Unofficial Copy Office of Marilyn Burgess District Clerk

[1] *See Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-A (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859149) (stating that he is appealing an order the Harris County court signed on April 1, 2025, and attaching the original A Case turnover order); *Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-D (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859234) (stating that he is appealing an order the Harris County court signed on March 31, 2025, and attaching the original D Case turnover order); *see also Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00308-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the A Case appeal and noting the "appeal is from an order signed April 1, 2025"); *Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00309-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the D Case appeal and noting the "appeal is from an order signed March 31, 2025").

cited up and down the Receiver's motions on Memorial Glen Cove, LLC, Arabella PH 3201 LLC, and all of the other entities the Receiver has sought specific authority over. *See, e.g.*, July 30, 2025 Motion to Confirm Authority Concerning Turnover of Judgment Debtor's Interest in Memorial Glen Cove LLC pg. 2 (citing *WC 4th Colorado LP*).

7. The Debtor's motion fails because it does not address the applicable authority. *WC 4th*, and its family of cases, clearly authorizes the Receiver's conduct because there are exceptions to the charging order limits of the statute. The Debtor specifically complains of the Receiver's conduct regarding Memorial Glen Cove LLC, but fails to mention that all of that conduct occurred upon motion practice, hearing, and orders signed by the Court. What the Debtor is really requesting is that the Court undo all of those orders, **and** to cast doubt on the validity of the orders entered by other courts in reliance on the turnover orders.

8. The Receiver has sought, and will continue to seek, express authority from the Court confirming his authority when necessary. The Debtor describes the Receiver's actions as "overreach" (see, e.g. Motion pg. 12). But the very actions the Debtor complains about were authorized expressly by this Court through the Turnover Orders and through subsequent orders. The Debtor has been given notice and an opportunity to be heard. There was even recently an oral hearing on the Debtor's motions to reconsider the penthouse apartment writ. There is no overreach.

Unofficial Copy Office of Marilyn Burgess District Clerk

**THE MOTION IS A WASTEFUL REHASH OF ISSUES DECIDED MANY TIMES OVER.**

9. The motion rehashes arguments already presented and rejected. For example, the motion spends an entire page discussing *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied). This argument was

already presented in Choudhri's June 19, 2026 opposition to the writ of possession for the penthouse. *Compare* Motion pg. 10 *with* Juny 19, 2026 Opposition pg. 10 (both discussing *Bran v. Spectrum*). As this Court knows, the Debtor is selectively discussing *Bran* because that case acknowledges § 101.112 but also expressly acknowledges that exceptions to that doctrine exist. *See* Receiver's June 23, 2026 Response ¶ 9 (discussing Debtor's discussion of *Bran*). Even though we have all been here before, the Debtor makes us return yet again to these arguments. The Court should reject them yet again.

**DEBTOR ATTACHES NO EVIDENCE OF DAMAGES**

10. Debtor contends the Receiver has overreached, but he does not identify with evidence a single instance of damage or harm to the Debtor as a result of the collections. He does not identify a single instance of harm that will come to him if his motion is denied. He wants an advisory opinion that the Receiver is enjoined from actions in the future. Granting the request will immediately put the Receivership into a vast quagmire of litigation where every past action is relitigated, and every proposed future action is hindered. The Debtor has not justified that outcome to this Court. The motion must be denied.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court deny the motion to clarify and enforce, and for such other and further relief, in law and in equity, as is just.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo
Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 118959689
Filing Code Description: No Fee Documents
Filing Description: Further Reply re HREP
Status as of 8/24/2026 9:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William NDrabble | | wdrabble@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| D. Scott Funk | | sfunk@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Michael Poynter | | mpoynter@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 8/21/2026 5:04:00 PM | SENT |
| Osama Abdullatif | | osama1966@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| Beth Mendez | | pbmendez@sbcglobal.net | 8/21/2026 5:04:00 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 8/21/2026 5:04:00 PM | SENT |
| Christi Lillie | | clillie@grayreed.com | 8/21/2026 5:04:00 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/21/2026 5:04:00 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED
Marilyn Burgess
District Clerk
SEP - 3 2026
Time: 11:10 A.M.
Harris County, Texas
By Jessica Pannell
Deputy

Cause No. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd., et al. Plaintiffs | § | In the District Court of |
| v. | § | |
| | § | Harris County, Texas |
| Ali Choudhri Defendant | § | 333rd Judicial District |
| | § | |

SPJUY
CAJUY
P-1

Unofficial Copy Office of Marilyn Burgess District Clerk

## Order

This Court orders as follows:

1. Defendant Ali Choudhri's Motion for New Trial, or, in the alternative, Motion to Vacate and Set Aside Order Confirming Turnover of Houston Real Estate Properties LLC is denied;
2. The motion of Ali Choudhri, Dalio Holdings I LLC and Dalio Holdings II LLC to Clarity and Enforce Charging-Order Limitations in the April 2025 Turnover Orders is denied.

Signed September 3, 2026.

[signature]
Judge Randy Wilson

RECORDER'S MEMORIANDUM
This instrument is poor quality
at the time of imaging