**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **RIC (Lavernia) LLC** | § | **Case No. 24-51195-mmp** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**PRELIMINARY RESPONSE OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO MOTION TO REOPEN CASE AND ADVERSARY PROCEEDING NOS. 24-05043 AND 25-05040 FOR THE LIMITED PURPOSE OF CONSIDERING THE RULE 9024 MOTION**
**[ECF NO. 370]**

TO THE HONORABLE MICHAEL M. PARKER,
CHIEF UNITED STATES BANKRUPTY JUDGE:

COMES NOW, Travis Vargo, the State Court appointed Receiver (the "**Receiver**"), and files this his *Preliminary Response of Travis Vargo, State Court Appointed Receiver, To Motion To Reopen Case and Adversary Proceeding Nos. 24-05043 and 25-05040 For the Limited Purposes of Considering the Rule 9024 Motion* [ECF 370] (the "**Receiver's Response**") and in support thereof would respectfully show the Court as follows:

## I.
## SUMMARY OF RESPONSE

1. The Receiver opposes the reopening of the above styled and numbered bankruptcy (the "**Bankruptcy**") and Adversary Nos. 24-05043 and 25-05040 (the "**Related Adversaries**"). Procedurally, there are two defects: (1) neither the Motion to Reopen nor the Rule 9024 Motion were authorized by the Receiver who is the exclusive party with control over Movants as determined in the Authority Orders, *infra*; and (2) the Rule 2024 Motion – the stated purpose for the reopening – was filed more than a year after this Court's entry of the *Order Granting the Receiver's Motion to Show Authority* [ECF 304] (the "**RIC Authority Order**"). Substantively, the Movants have wholly failed to

establish any of the grounds necessary for the re-opening of the Bankruptcy or for reconsideration of the RIC Authority Order, thus rendering the reopening of the Bankruptcy moot and an imprudent use of judicial resources and the resources of the parties.

## II.
## RELEVANT FACTS

2. This Court[1], together with Judge Bradley in the companion rulings entered in Case Nos. 24-10119-smr (*In re: 1001 WL, LLC*)[2] and 24-10120 (*In re: Texas REIT, LLC*)[3] and as affirmed by Judge Robinson in Case No. 25-11334-smr (*In re: Meandering Bend, LLC*)[4], has previously ruled that pursuant to the terms of the Receivership Orders[5] *only* Travis Vargo, in his capacity as the State Court appointed receiver (the "**Receiver**"), and *not* Ali Choudhri ("**Choudhri**"), holds the authority to act on behalf of Otisco RDX, LLC ("**Otisco**")[6], Milestone Capital CRE 1, LLC ("**Milestone**")[7], Dalio Holdings I, LLC ("**Dalio I**")[8], Dalio Holdings II, LLC ("**Dalio II**")[9], BDFI, LLC ("**BDFI**")[10], Galleria Loop Note Holder, LLC ("**Galeria**")[11], Jetall Capital, LLC ("**Jetall**")[12], and even Choudhri himself[13]. Choudhri, now through Vincent Law, PLLC, is directing the filing of pleadings on behalf of entities (and himself) regarding matters which are under the exclusive control of the Receiver pursuant the Receivership Orders as interpreted by the Authority Orders.

---

1 *See* ECF 304
2 *See* In re: 1001 WL, LLC ECF 996
3 *See* In re: Texas REIT, LLC ECF 784
4 *See* In re: Meandering Bend, LLC ECF 125
5 *See* ECF 208
6 *See* ECF 304
7 *Id.*
8 *See* In re: Texas REIT, LLC ECF 784
9 *Id.*
10 *See* In re 1001 WL, LLC ECF 996
11 *Id.*
12 *Id.*
13 *Id., See also* ECF 304, In re: Texas REIT, LLC ECF 784 (collectively the "**Authority Orders**")

3. The reopening of the Bankruptcy and Related Adversaries is sought solely – and untimely – for the purpose of revisiting the Authority Orders and thwarting the efforts of the Receiver to fulfill his mandate from the Receivership Court under the Receivership Orders. This Court should not entertain such litigation tactics by Choudhri and those he has convinced to assist him. The re-opening effort is another in a long line of forum shopping efforts by Choudhri and those assisting him, including Vincent Law PLLC[14].

4. Just as with her predecessors Lyndell Vargas and Justine Rayome, the Receiver has not authorized either the retention of Ms. Vincent, her law firm, or the reopening of the instant bankruptcy proceeding and Related Adversary Proceedings[15].

5. On information and belief, the co-movant – Arabella PH 3201, LLC ("**Arabella 2**") – is a single member limited liability company organized under the laws of Wyoming with Choudhri as its sole member and manager. As such, extending the rationale of this Court and Judge Bradley under the Authority Orders, and Judge Robinson in the Meandering Bend Dismissal Order[16], Arabella 2 is likewise subject to the exclusive management and control of the Receiver.

6. Furthermore, Arabella 2 is a stranger to the Bankruptcy and Related Adversaries. Arabella 2 was formed on <u>March 3, 2026</u> and issued ID No. 2026-001908972 by the Secretary of State for the State of Wyoming[17]. Arabella 2 literally could

---

[14] *See* **Exhibit 1** - Report and Recommendation filed at ECF 42 in Case No. 26-03650 styled Arabella PH 3201, LLC, et al v. Alan D. Rosen pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division; and **Exhibit 2** – Order Denying Motion for Preliminary Injunction entered at ECF 16 in Case No. 4:26-cv-7537 styled *Arabella PH 3201, LLC v. Travis B. Vargo, et al* pending in the United States District Court for the Southern District of Texas, Houston Division

[15] Adv. Nos. 24-05043 and 25-05040

[16] *See* In re: Meandering Bend, LLC ECF 125

[17] For full transparency to the Court there is another Arabella PH 3201, LLC which was formed on November 10, 2021 under ID No. 2021-001051395 ("**Arabella 1**"). Arabella 1 holds title to the property located at 4201 San Felipe Street, Unit 3201, Houston, Texas 77027 (the "**Arabella Penthouse**") which the Receiver has been authorized by the Receivership Court to take possession and sell and which Choudhri is using every tactic to avoid.

not be a party-in-interest relative to the Bankruptcy or the Related Adversaries because Arabella 2 was not in existence at the time of the actions made the subject of the Bankruptcy and the Related Adversaries.

7. Arabella 2 is presently a debtor under Case No. 26-20508 pending in the District of Wyoming ("**Arabella 2 Case 2**")[18]. The actions on behalf of Arabella 2 are wholly strategic in nature and designed to further obfuscate the facts surrounding the ownership of the Arabella Penthouse[19]. Arabella 2 purports to own the Arabella Penthouse. However, based upon the deed records in Harris County and the orders issued by the Receivership Court[20], Arabella 2 does not own the Arabella Penthouse despite the representations of Choudhri and his counsel to the contrary in various courts including the Arabella 2 Case 2.

8. As noted, these actions are purely litigation tactics and forum shopping employed by and on behalf of Choudhri to delay the inevitable execution on and sale of the Arabella Penthouse by the Receiver in furtherance of his mandate from the Receivership Court. This Court should not aid the bad faith efforts of Choudhri and those he has enlisted to further frustrate the legitimate role of the Receiver.

---

[18] This is the second filing by Arabella 2. The first filing (Case No. 26-20432) was dismissed on October 1, 2026 (ECF 25) for failure to comply with the Clerk's Deficiency Notice. An Emergency Motion to Reinstate and Vacate was filed at ECF 28 and denied at ECF 34. There are presently pending in the Arabella 2 Case 2 the US Trustee's Motion to Convert (ECF 10) and the Receiver's Motion for Determination of Non-Applicability of the Automatic Stay (ECF 14).

[19] 4201 San Felipe Street, Unit 3201, Houston, Texas 77027 (the "**Arabella Penthouse**")

[20] *See* **Exhibit 3** – 2021 General Warranty Deed recorded at RP-2021-654150 in the Official Public Records of Harris County, Texas; **Exhibit 4** – 2024 General Warranty Deed recorded at RP-2024-272170 in the Official Public Records of Harris County, Texas; **Exhibit 5** – 2026 Correction General Warranty Deed recorded at RP-2026-83776 in the Official Public Records of Harris County, Texas; and **Exhibit 6** –Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St. #3201, Houston, Texas recorded at RP-2026-83776 in the Official Public Records of Harris County, Texas.

## III.
## AUTHORITIES AND ARGUMENT

9. A case may be reopened by the debtor or another party in interest. Bankr. R. 5010. 11 U.S.C. § 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." "The phrase "or other cause" as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown. This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings. The longer the time between the closing of the estate and the motion to reopen, however, the more compelling the reason for reopening the estate should be. *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991)(internal citations omitted.)

10. "Other cause" is a broad ground that gives the bankruptcy court discretion to reopen a closed estate or proceeding upon a showing of cause. *Id.* In light of the equitable nature of a bankruptcy proceeding, what constitutes cause depends on the circumstances of the individual case. *Id.* As one bankruptcy court has stated: "The bankruptcy court should exercise its discretion, based upon the peculiar facts present and determine if cause exists and how ultimately to dispose of the case." *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 628 (Bankr. S.D. TX. 2016) (*citing In re Koch*, 229 B.R. 78, 88 (Bankr. E.D.N.Y. 1999); *In re Winebrenner*, 170 B.R. 878, 881 (Bankr. E.D. Va. 1994)).

11. "In determining whether "cause" exists to reopen a case, numerous bankruptcy courts have considered several factors including, but not limited to: (1) whether it is clear at the outset that no relief would be forthcoming to the debtor (or the

Movants in this case) by granting the motion to reopen; (2) the length of time that the case was closed; (3) whether a non-bankruptcy forum (e.g., state court) has jurisdiction to determine the issue which is the basis for reopening the case; (4) whether prior litigation in the bankruptcy court implicitly determined that a state court would be the appropriate forum; (5) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; and (6) the extent of the benefit to the debtor by reopening*. Id. (citing In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013) (*citing* In re Otto, 311 B.R. 43, 47 (Bankr. E.D. Pa. 2004)); *see also In re Pennington-Thurman*, 499 B.R. 329, 331 (B.A.P. 8th Cir. 2013); *In re Crocker*, 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007); *Matter of Denton*, Case No. 15-40452, 2015 Bankr. LEXIS 2423, 2015 WL 4498184, at *2 (Bankr. D. Ne. July 23, 2015).

12. Expressly preserving the argument regarding authority to proceed, the Movants in this matter have wholly failed to meet their burden of proof to reopen this Bankruptcy and Related Adversaries. The likely reason for the proof deficit is that there simply is none. An analysis of each of the *Odin* factors establishes that neither the Bankruptcy nor the Related Adversaries should be reopened:

a. <u>No Relief Available</u>. No relief would be forthcoming to RIC (Lavernia) or the Movants because the Rule 9024 Motion is untimely and not otherwise supported by a factual showing of cause.

b. <u>Time Elapsed</u>: Nearly a year has passed since the case was closed and more than a year has passed since the entry of the RIC Authority Order.

c. <u>Other Forum</u>: The matters to which Rule 9024 Motion are directed – the pending litigation between TIG Romspen and its assigns and Choudhri – are presently pending in the Receivership Court.

d. State Court Forum Determination: This element has not previously been determined.

e. Prejudice: The reopening of the Bankruptcy would prejudice the Debtor and the Receiver requiring the adjudication of matters which have previously been disposed of.

f. Benefit to the Debtor: The Debtor – RIC (Lavernia) sought the dismissal of the case and, on information and belief, opposes the reopening of the Bankruptcy and the Related Adversaries. On information and belief there are no remaining assets of the Debtor to administer.

## IV.
## RESERVATION OF RIGHT TO AMEND OR SUPPLEMENT

13. The Receiver reserves the right to amend or supplement this Receiver's Response.

## CONCLUSION

The Court should decline to reopen the Bankruptcy and the Related Adversaries because the Movants have no authority under the Authority Orders and Receivership Orders to seek the relief requested. Furthermore, the only relief purportedly sought – consideration of the Rule 9024 Motion – is unavailable to the Movants not only because they have no standing (Arabella 2) and no authority to proceed (all Movants) – but because the Rule 2024 Motion was filed more than a year after this Court's entry of the RIC Authority Order thus making relief unavailable under Rule 9024 Bankr. R. P. and Rule 60 FRCP.

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court deny the Motion to Reopen, together with such other and further relief at

law or in equity to which he may show himself entitled.

Dated this 29th day of October 2026.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600

By: */s/ Leslie M. Luttrell*
Leslie M. Luttrell
State Bar No. 12708650
luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, STATE COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I, Leslie M. Luttrell, do hereby certify that on the 29th day of October, 2026, I caused a copy of the foregoing pleading to be served to the Debtor, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
RIC (Lavernia) LLC
162 Cumberland Street, Suite 300
Toronto, ON M5R 3N5

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

**Other Parties**
Ali Choudhri
4201 San Felipe Street
Unit 3201
Houston, Texas 77027
Email: ali@jetallcapital.com

**Other Lawyers**
Courtney Vincent
Vincent Law, PLLC
1035 Dairy Ashford, Suite 145
Houston, Texas 77079
Email: info@vincentlawpllc.com

Lyndel Vargas
CAVAZOS HENDRICKS POIROT
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202

Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

**Counsel for Debtor**
Robert Luke Graham
Justin Hanna
Bryan Cave Leighton Paisner LLP
2200 Ross Avenue #4200W
Dallas, TX 75201

Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell