# Exhibit 1

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 99-99999** |
| **OUT OF DISTRICT MAIN CASE,** | § | |
| | § | **CHAPTER 7** |
| **Debtor.** | § | |
| | § | |
| **ARABELLA PH 3201 LLC, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 26-03650** |
| | § | |
| **ALAN D ROSEN,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION ON**
**MOTION TO WITHDRAW THE REFERENCE**
**(RE: ECF No. 30)**

Arabella PH 3201 LLC ("**Arabella**") moved to withdraw the reference of this proceeding (the "**Motion to Withdraw**").[1] Since filing the Motion to Withdraw, Arabella has filed additional pleadings in other courts, including an amended complaint adding Constable Rosen to a civil rights action in the District Court and a new bankruptcy case in Wyoming. But for the reasons below, the Court recommends that the District Court deny the Motion to Withdraw and allow this Court to decide a pending Motion to Remand or Abstain.[2] If the District Court withdraws the reference, the Court recommends that the District Court remand this proceeding to the state court.

## Background

Mokaram-Latif West Loop, Ltd. and Osama Abdullatif hold judgments against Ali Choudhri entered in Cause Nos. 2012-27197-A (the "**A-case**") and 2012-27197-D (the "**D-case**") in the 333rd Judicial District Court of Harris County, Texas. In 2025, the 333rd entered turnover and receivership orders under Texas Civil Practice and Remedies Code § 31.002 and appointed Travis Vargo as "**Receiver**" over Choudhri's non-exempt assets.

[1] ECF No. 30.
[2] ECF No. 11.

On July 28, 2026, the 333rd granted the Receiver's motion for a writ of possession for a condominium at 4521 San Felipe Street, Unit 3201, Houston, Texas (the "**Property**"). The writ was issued on August 6, 2026. On August 19, the 333rd denied Choudhri's motions for new trial and to stay. Execution of the writ was set for August 20. Choudhri then sued Alan Rosen, Constable of Harris County Precinct One, in the 127th District Court, and obtained an ex parte TRO that halted execution of the writ. On August 27, the Fourteenth Court of Appeals denied a motion to stay execution of the writ. On August 31, the 80th District Court, on its ancillary docket, denied a further application for a TRO against the Receiver. The ex parte TRO was dissolved and that suit was dismissed on September 1. The First Court of Appeals later denied mandamus.

On September 2, 2026, Choudhri and Arabella filed another suit, Cause No. 2026-63841, against Constable Rosen in his official capacity. The ancillary judge denied a TRO the same day. The petition asserts wrongful execution (or threatened execution) of a writ of possession; violations of the Texas Constitution's homestead and due-course-of-law provisions, Tex. Const. art. XVI, § 50(a) and art. I, § 19; threatened conversion; and ultra vires conduct. It seeks injunctive relief against execution of the writ, declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code, and, alternatively, a declaration that the Receiver lacks authority to take possession of the Property and that the 333rd's July 28, 2026 order is void. Every claim arises under Texas law.

On September 11, 2026, Arabella filed a petition under subchapter V of chapter 11 in the United States Bankruptcy Court for the District of Wyoming, Case No. 26-20432. Arabella's schedules list a contingent interest in the Property. Within three days, Arabella removed all three related Harris County cases to the Southern District of Texas under 28 U.S.C. § 1452: the A-case (Adv. No. 26-03644) and the D-case (Adv. No. 26-03645) on September 13, and this case (Adv. No. 26-03650) on September 14. The A-case was assigned to Bankruptcy Judge Pérez, the D-case to Bankruptcy Judge Norman, and the Constable Rosen case to this bankruptcy judge.

On September 15, the Receiver and Constable Rosen's deputies executed the writ on the Property.

On September 21, Arabella filed in this proceeding an Emergency Motion to Enforce the Automatic Stay, to Compel Turnover and an Accounting by the Custodian, and for Relief Under 11 U.S.C. § 105(a).[3] The motion was directed principally against the Receiver, who is not a party to this proceeding. Arabella also moved to consolidate the three removed proceedings in this case,[4] and filed similar

[3] ECF No. 7.
[4] ECF No. 5.

motions in the proceedings pending before the other bankruptcy judges.[5] On September 28, the motion to consolidate was denied in the A-case.[6]

On October 1, 2026, two things happened. Judge Norman remanded the D-case to the 333rd.[7] And the Bankruptcy Court for the District of Wyoming dismissed Case No. 26-20432 because Arabella failed to cure the deficiencies identified in the Clerk's deficiency notice.[8] The Notice of Electronic Filing in the Wyoming bankruptcy case shows that notice of the dismissal was transmitted that day to Arabella's counsel appearing in this proceeding.[9]

On October 2, Constable Rosen moved in this proceeding to remand or abstain.[10] On or about the same day, Arabella moved to transfer this proceeding and the two related proceedings to the District of Wyoming under 28 U.S.C. § 1412.[11] Arabella described the Wyoming case as pending and active, and did not disclose the dismissal. This Court learned of the dismissal on October 6, from Constable Rosen filing a notice in this proceeding.[12] On October 6, Arabella moved for the Wyoming bankruptcy court to vacate the dismissal.[13]

At a status conference on October 13, 2026, this Court denied Arabella's Motion to Transfer;[14] denied the Emergency Motion to Enforce the Automatic Stay without prejudice;[15] and denied the motion to consolidate the removed cases.[16] The Court also directed Arabella's counsel to file a sworn statement by October 27 stating when she learned of the Wyoming dismissal and why she failed to inform this Court. The sworn statement was filed at ECF No. 27. This Court may require additional hearings about this matter.

On the Motion to Remand, the Court set a response deadline of October 23, gave notice that the Court might remand or abstain on its own motion, and stated that it would rule on the papers.

The same day as the status conference, the Wyoming bankruptcy court denied Arabella's motion to vacate the dismissal order.[17] On October 16, 2026,

---

[5] Adv. No. 26-03644, ECF No. 2; Adv. No. 26-03645, ECF No. 5.
[6] Adv. No. 26-03644, ECF No. 14.
[7] Adv. No. 26-03645, ECF No. 21.
[8] Bankr. D. Wyo. No. 26-20432, ECF No. 25.
[9] Bankr. D. Wyo. No. 26-20432, ECF No. 26.
[10] ECF No. 11.
[11] ECF No. 12.
[12] ECF No. 13.
[13] Bankr. D. Wyo. No. 26-20432, ECF No. 28.
[14] ECF No. 20.
[15] ECF No. 21.
[16] ECF No. 22.
[17] Bankr. D. Wyo. No. 26-20432, ECF No. 34.

Case 26-03650 Document 42 Filed in TXSB on 10/27/26 Page 4 of 8

Judge Pérez remanded the A-case to the 333rd.[18] This case is now the only one of the three removed proceedings still pending.

On October 20, 2026, Arabella filed the Motion to Withdraw.[19] Arabella asks this Court to recommend that the District Court withdraw the reference of this entire proceeding under 28 U.S.C. § 157(d). It also asks that the proceeding be assigned to District Judge Ganjei as related to a case styled *Arabella PH 3201 LLC v. Vargo*, No. 4:26-cv-07537 (S.D. Tex.) (the "**Civil Rights Action**"); that the two matters be consolidated for pretrial purposes under Federal Rule of Civil Procedure 42(a); and that the District Court decide Constable Rosen's Motion to Remand.[20] Pending the District Court's ruling, Arabella asks this Court to defer ruling on Constable Rosen's pending Motion to Remand and other motions.[21] Also on October 20, Arabella and Choudhri filed a motion in this proceeding for a temporary restraining order, asking this Court to restrain Constable Rosen and "his officers, agents, and employees and all persons in active concert or participation with him who receive actual notice of the order" from executing the writ.[22]

The Civil Rights Action was filed September 9, 2026 in the District Court. The complaint originally included claims under 42 U.S.C. § 1983 against the Receiver individually, and claims under Texas Law against the Receiver individually and in his official capacity, his law firm, and Abdullatif. The complaint includes a jury demand.

Two days after filing the Motion to Withdraw, Arabella amended the complaint in the Civil Rights Action to add Constable Rosen, individually and in his official capacity as Constable, Harris County Precinct One, and Harris County, Texas as defendants. Arabella also filed a new bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming, Case No. 26-20508. On October 23, Arabella responded to the Motion to Remand.[23]

Arabella has since filed two notices in this proceeding describing other filings made on October 22.[24] The first states that the amended complaint in the Civil Rights Action also adds Choudhri as a plaintiff, that its claims arise from the September 15, 2026 entry into the Property under the writ at issue here, and that Arabella filed an amended motion for preliminary injunction the same day. The District Court has since denied the request for a TRO.[25]

---

[18] Adv. No. 26-03644, ECF No. 32.
[19] ECF No. 30.
[20] ECF No. 11.
[21] ECF Nos. 9, 11.
[22] ECF No. 31, ¶ 1.
[23] ECF No. 35.
[24] ECF Nos. 36, 37.
[25] ECF No. 41. Notice of Entry of Order Denying Motion for Preliminary Injunction.

Case 26-05005 Document 42 Filed in TXSB on 10/29/26 Page 5 of 8

The second states that, also on October 22, Choudhri, appearing pro se, filed a new suit in the 270th Judicial District Court of Harris County, Cause No. 2026-79990, against the Receiver and against Constable Rosen in his official capacity. That petition seeks to enforce an alleged September 10, 2026 agreement made in this removed proceeding, along with declaratory relief and a temporary restraining order and temporary injunction barring execution of any writ of possession at the Property. Arabella is not a party to that suit.[26]

Arabella argues that each *Holland America* factor favors withdrawal. First, that the proceeding is non-core and Constable Rosen has not consented to entry of final orders by this Court, so the proceeding must pass through the District Court in any event. Second, with no estate remaining, neither uniformity nor expediting the bankruptcy process is at stake. Third, consolidating this proceeding before the judge who presides over the Civil Rights Action would reduce rather than encourage forum-shopping and conserve resources. Fourth, the jury demand in the Civil Rights Action favors withdrawal.

Arabella acknowledges that the A- and D-cases have been remanded, and the premise that a bankruptcy court is not the proper federal forum for a dispute among non-debtors over state-law issues. It contends, however, that the District Court, not this Court, should decide whether this proceeding is retained, consolidated, or remanded.

**Legal Standard**

Section 157(d) governs withdrawal of the reference. It provides:

> "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

The first sentence governs permissive withdrawal for cause shown. The second governs mandatory withdrawal. The party seeking withdrawal bears the burden of establishing cause. *See Morrison v. Amway Corp. (In re Morrison)*, 409 B.R. 384, 389 (S.D. Tex. 2009). And cause must rest on a sound, articulated

[26] The notice states that the motion to enforce the September 10 agreement (ECF No. 6) is "pending here." ECF No. 37 ¶ 4. It is not. This Court denied that motion without prejudice at the October 13, 2026 status conference (ECF No. 21). As with the Motion to Transfer, which described the dismissed Wyoming case as pending, Arabella's filing misstates the status of a matter before this Court.

foundation. *See Vela v. Enron Oil & Gas Co.*, No. 02-5010, 2007 WL 1564562, at *2 (S.D. Tex. May 29, 2007).

For mandatory withdrawal, a proceeding must involve "a substantial and material question of both Title 11 and non-Bankruptcy Code federal law" where "the non-Code federal law has more than a *de minimis* effect on interstate commerce." *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992); *Smith v. Baker & Hostetler, LLP (In re Uplift Rx, LLC)*, Nos. 17-32186, 22-3275, 2023 WL 3035346, at *3 (Bankr. S.D. Tex. Jan. 19, 2023) (same).

For permissive withdrawal, the Fifth Circuit weighs six factors: whether (1) the matter is core or non-core; (2) withdrawal would expedite the bankruptcy process; (3) withdrawal would produce forum-shopping and confusion; (4) withdrawal would foster economical use of resources; (5) withdrawal would further uniformity in bankruptcy administration; and (6) the proceeding involves a jury demand. *Holland Am. Ins. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir. 1985).

## Analysis

### *Mandatory withdrawal*

Arabella's Motion to Withdraw does not plead mandatory withdrawal, and it does not apply anyway. Resolving this proceeding requires no consideration of any federal law regulating interstate commerce. The claims against Constable Rosen arise exclusively under the Texas Constitution and Texas statutory and common law. At the time the Motion to Withdraw was filed, the Wyoming case had been dismissed, and the proceeding no longer required consideration of title 11. Arabella has since filed another bankruptcy case in Wyoming. But a new case doesn't change the analysis here. There are still no considerations of federal law affecting interstate commerce in this case.

### *Permissive withdrawal*

Permissive withdrawal is not warranted either. The proceeding before the Court now is entirely non-core. The claims are state law causes of action that exist independently of title 11. *See Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). The main question is whether a federal court should keep a lawsuit asserting Texas law claims against a Harris County constable related to execution of a state-court writ. Deciding that question does not require a final judgment on the merits, and bankruptcy courts in this district routinely decide remand and abstention matters in removed proceedings. The non-core character of these claims is a reason they belong in state court, not a reason to move them from one federal judge to another. And, if uniformity matters, the companion D- and A-cases have been remanded, and keeping this proceeding before this Court promotes consistent treatment of all three.

Arabella's new bankruptcy case does not change this analysis. Arabella filed it after the Motion to Withdraw, which rests on the premise that no estate remains to administer, and Arabella has not argued that the new case bears on withdrawal. The claims in this proceeding are claims by Arabella and Choudhri against a county officer. Any question about the scope or effect of the automatic stay arising in the new case is for the Wyoming bankruptcy court. And because Arabella is a plaintiff here, the automatic stay would not prevent remand of its own lawsuit to state court.

At the time the Motion to Withdraw was filed, Constable Rosen had not been named as a party in the Civil Rights Action. But, as noted earlier, Arabella recently amended the Civil Rights complaint to add Constable Rosen. Even so, the claims against Constable Rosen in this proceeding remain based on Texas law. To the extent that the District Court considers Constable Rosen's new status as a party to the Civil Rights Action, the *Holland America* factors still weigh against withdrawal. Even with Constable Rosen now a party to the Civil Rights Action, this removed proceeding's federal jurisdiction rests only on 28 U.S.C. § 1334(b), and consolidation would not merge the two cases. *See Hall v. Hall*, 584 U.S. 59 (2018) (consolidated cases retain their separate identities). The timing of that amendment is telling. Constable Rosen's role in the September 15 writ execution was known on that date, yet Constable Rosen was added to the Civil Rights Action as a defendant more than a month later on October 22, right around the time a response was due on the Motion to Remand. Whatever the merits of the claims against him, the amendment appears intended to bolster the effort to keep this dispute in federal court, not to address anything new about the Constable's conduct. Choudhri also recently sued the Constable in state court, in his official capacity, for prospective relief against execution of the writ, which confirms that the state-law claims against the Constable can be, and are being, pursued there.

Forum-shopping and timeliness weigh against withdrawal too. The dispute underlying the removed cases has been presented to several state district courts, the Bankruptcy Court for the District of Wyoming, and three bankruptcy judges of this District. Arabella removed this proceeding on September 14 and did not seek withdrawal then. It sought transfer to Wyoming instead, describing the Wyoming case as pending after it had been dismissed. It moved to withdraw the reference only after this Court denied transfer, after the Wyoming court declined to vacate its dismissal order, and after this Court set the Motion to Remand for decision on a fixed schedule. Arabella then filed a new bankruptcy case in Wyoming, two days after it filed the Motion to Withdraw. And it filed the Motion to Withdraw three days before its response to the Motion to Remand was due. Arabella describes its motion as filed "promptly after removal," but it came thirty-six days later and only after adverse rulings.

Economy also weighs against withdrawal. The Motion to Remand is scheduled before this Court, and this Court is familiar with the record of all three removed proceedings. Withdrawal would require the District Court to become

familiar with that record solely to decide the same threshold question this Court is prepared to decide in days. Withdrawal would add a layer of proceedings without changing the question to be decided.

Finally, no party has demanded a jury in this proceeding. Arabella relies on its jury demand in the Civil Rights Action, but that demand bears on how that case will be tried. It does not bear on which court should decide whether to keep this one. A jury may be available in the state court on remand. This factor does not favor withdrawal.

On balance, the factors weigh against withdrawal. If the District Court withdraws the reference, this Court respectfully recommends that the District Court remand the proceeding to the state court, for the reasons set out in the Motion to Remand and consistent with the remand of the companion A- and D-cases.

Pending the District Court's action on this recommendation, this Court will defer ruling on the Motion to Remand and the Motion to Dismiss, unless the District Court directs otherwise.

Signed on October 27, 2026

Christopher Lopez
United States Bankruptcy Judge