# Exhibit 2

United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Arabella PH 3201 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-7537 |
| | § | |
| Travis B. Vargo, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION</u>**

Before the Court is Plaintiff's Second Motion for Preliminary Injunction, Doc. 13. For the foregoing reasons, the Motion is DENIED.

First, Plaintiff argues that the Court's prior Order denying a Temporary Restraining Order (TRO), Doc. 7, does not apply to this Motion because it is requesting a preliminary injunction, not a TRO. *See* Doc. 13 at 1. However, as the Court stated in its Order, the standards to obtain a TRO and a preliminary injunction in the Fifth Circuit are identical. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 736 (S.D. Tex. 2025).

Second, Plaintiff alleges that Defendants violated a bankruptcy court order by entering Plaintiff's property. Doc. 13 at 4–6. Plaintiff admits, however, that upon an order from the bankruptcy court, Defendants removed themselves from the property. *Id.* at 6. Plaintiff claims that Defendants "still intend[] to take and sell" the property. *Id.* It is this alleged intent that forms the basis for Plaintiff's new Motion: Plaintiff asks the Court to preliminarily enjoin Defendants from entering and selling the property. *Id.* at 10.

As this Court has already explained, *see* Doc. 7 at 1, to obtain a preliminary injunction, the movant must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm in the absence of a preliminary injunction, (3) that the threatened injury outweighs the harm a preliminary injunction might cause to the non-moving party, and (4) that the preliminary injunction will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

To show a substantial threat of irreparable harm, the movant must allege the future harm is likely, not merely possible. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). Conclusory statements or speculations of future irreparable injury are insufficient. *Id.* (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). “Although past wrongs may help establish the threat of a future injury, they are alone insufficient.” *Aransas Project v. Shaw*, 775 F.3d 641, 663 (5th Cir. 2014) (citing *O’Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

Speculation that Defendants intend to violate the law sometime in the future, without any proof, is not a substantial threat of irreparable harm. Within an hour of Defendants entering the property, the state court ordered Defendants to return the property to Plaintiff. Docs. 13 at 6; 12-27 at 2–3. Defendants did so. Docs. 13 at 6; 12-27 at 2–3. Even if Defendants intend to enter the property at some later date, this intent is not a “presently existing actual threat.” *See United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001) (citation omitted). Even Defendants’ alleged “past wrongs” cut against Plaintiff’s argument: Defendants have thus far obeyed the state court’s orders, and Plaintiff

has provided no reason to suggest that Defendants will not continue to do so. *See* Doc. 13 at 6. The Court does not have jurisdiction to interfere in the separate state court processes. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). State court losers cannot come to federal court "to review, modify, or nullify final orders of state courts;" nor can state court winners like Plaintiff. *See id.*

As Plaintiff has not satisfied one of the four essential requirements for a preliminary injunction, "the court need not address the remaining three factors." *Lee v. Verizon Commc'ns Inc.*, No. 3:12-cv-04834, 2012 WL 6089041, at *6 (N.D. Tex. Dec. 7, 2012).

Plaintiff should consider this Order, and the previous Order denying Plaintiff's First Motion, before filing another motion for injunctive relief in this Court.

As such, Plaintiff's Second Motion for a Preliminary Injunction is DENIED.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 27th of October, 2026.

Nicholas J. Ganjei
United States District Judge