**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
| Debtor. | ) | |

**DEBTOR'S OPPOSITION TO MOTION TO REOPEN CASE AND ADVERSARY PROCEEDING NOS. 24-05043 AND 25-05040 FOR THE LIMITED PURPOSE OF CONSIDERING THE RULE 9024 MOTION**

RIC (Lavernia) LLC ("RIC (Lavernia)"), the former debtor and debtor-in-possession in the above-captioned dismissed chapter 11 case, hereby responds opposing the motion (the "Motion") to reopen this case and related adversary proceedings filed by Arabella PH 3201 LLC ("Arabella"), OTISCO RDX, LLC ("OTISCO"), and Milestone Capital CRE 1, LLC ("Milestone" and, collectively, "Movants"), joined by Ali Choudhri ("Choudhri").

Preliminarily, this Court has ruled that OTISCO, Milestone, and Choudhri may not act in this case independently of receiver Travis Vargo. *See* ECF 304, 305 (the "Authority Order"). Arabella is similarly-situated, in that Choudhri asserts control over Arabella notwithstanding the state court receivership orders that confer such authority on Mr. Vargo. On this basis, the Motion should be denied as unauthorized.[1]

Substantively, there is no justified "cause" to reopen this case. A bankruptcy court has broad discretion to reopen a case for cause; but that discretion is not boundless. Discretion "depends upon the circumstances of the individual case and accords with the equitable nature of

[1] Given the Motion directly contradicts the authority conferred on Mr. Vargo under this Court's prior orders, the Court should consider sanctions against counsel who signed the Motion. *See* 11 U.S.C. § 105(a) (authorizing the Court to issue any order, process or judgment, *sua sponte*, to, among other things, prevent an abuse of process).

all bankruptcy court proceedings." *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991), citing *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984). RIC (Lavernia) does not need to administer in a bankruptcy case its single real estate asset, and RIC (Lavernia) has no prepetition creditors with unresolved claims: The sole legitimate prepetition creditors that existed during the case were a tax lien holder (Propel) and the taxing authority (Wilson County), whose claims were paid after case dismissal.

Arabella is not, and has never been, a creditor of RIC (Lavernia), and Arabella has never asserted an interest in the property owned by RIC (Lavernia).

The interests of OTISCO and Milestone were finally and fully addressed in the two adversary proceedings sought to be reopened for purposes of new motions to reconsider. While the Motion seeks to also reopen those adversary proceedings, the central issue raised in the Motion – reconsideration of the Authority Order – has no bearing on the final, non-appealable judgments and rulings from those adversary proceedings.

The Court dismissed and granted summary judgment rejecting OTISCO's challenges to RIC (Lavernia)'s acquisition of its property interests in Adversary Proceeding No. 25-05040 ("OTISCO Adversary"). OTISCO appeared through numerous attorneys prior to entry of the Authority Order, and those attorneys filed briefs, appeared for several hearings, and ultimately are responsible for the entry of the orders and judgment ruling in RIC (Lavernia)'s favor. Those attorneys also sought reconsideration of the rulings and judgment, which also failed. Mr. Vargo's only involvement was to *file an appeal* of the judgment, which he later voluntarily dismissed. There is therefore no basis to reopen the OTISCO Adversary in connection with a challenge to the Authority Order.

Milestone's alleged lien was a sham, as supported by the detailed findings and conclusions issued on October 9, 2025, by the Court in Adversary Proceeding No. 24-05043 ("Milestone Adversary") after motion practice and a lengthy evidentiary presentation in which OTISCO, Milestone, and Choudhri participated through counsel – more than a week *before* the Court issued the Authority Order. The judgment extinguishing Milestone's sham lien was derived from those detailed and, now unappealable, findings and conclusions. Even if Vargo's authority were legitimately questioned, the stipulated judgment is supported by the Court's express findings and conclusions regarding OTISCO, Milestone, and Choudhri's improprieties. Reopening the Milestone Adversary is therefore unnecessary.

As it relates to the Authority Order itself, there is no good faith basis to question it. Under a reservation of the right to fully respond to the companion motion to reconsider, no Rule 60 basis supports reconsideration. It has been nearly a year since the Court entered its order dismissing and closing this case. *See* ECF 348, 354, 355. "The longer the time between the closing of the estate and the motion to reopen, however, the more compelling the reason for reopening the estate should be." *Id.* Had there been a legitimate basis to challenge the Authority Order, it would have and should have been pursued when this case was still open. Allowing nearly a year to pass before seeking to reopen the case for the purpose of challenging a ruling that the Court issued more than a year ago weighs against reopening the case at all.

Given the circumstances, reopening the case would serve only to unnecessarily drive up administrative expenses and would not change the outcome of the adversary proceedings or the bankruptcy case. Accordingly, the Motion should be denied in its entirety.

## CONCLUSION

For these reasons and as will be further argued at the hearing on the Motion, RIC (Lavernia) asks that the Court deny the Motion; and grant such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 30th day of October, 2026.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4600E
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com

**ATTORNEYS FOR RIC (LAVERNIA) LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, a true and correct copy of the foregoing was served via the Court's ECF notification system, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

- Clinton Wayne Alexander on behalf of Attorney Kell C Mercer calexander@bls-legal.com
- Lynn Hamilton Butler on behalf of Interested Party TIG Romspen US Master Mortgage LP lynn.butler@huschblackwell.com, christine.deacon@huschblackwell.com;elizabeth-spivey-5378@ecf.pacerpro.com;lynn-hamilton-butler-2113@ecf.pacerpro.com;docket.bankruptcy@huschblackwell.com
- Karalyssa C Casillas on behalf of Creditor Wilson County karalyssa.casillas@lgbs.com,karalyssa.casillas@ecf.courtdrive.com
- Erin Coughlin on behalf of Interested Party United States Trustee - SA12 erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov
- Erin Coughlin on behalf of U.S. Trustee United States Trustee - SA12 erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov
- Bruce J Duke on behalf of Interested Party Ali Choudhri bruce@bdukelawfirm.com, brucedukeesq@gmail.com
- Paul Kirklin pkirklin@kirklinlaw.com
- Stephen Kirklin on behalf of Attorney Paul Kirklin skirklin312@gmail.com
- Leslie M. Luttrell on behalf of Interested Party Travis Vargo, Receiver luttrell@lclawgroup.net, sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net
- Leslie M. Luttrell on behalf of Interested Party Travis B Vargo luttrell@lclawgroup.net, sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net
- Rhonda Bear Mates on behalf of Interested Party Gregory S. Milligan mates@slollp.com, winter@slollp.com
- Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC kier@mcalpinelaw.com
- Shea Neal Palavan on behalf of Interested Party Shea N Palavan shea@houstonip.com, service@houstonip.com
- Justin Rayome on behalf of Attorney Justin Rayome justin.rayome.law@gmail.com
- Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC justin.rayome.law@gmail.com
- Justin Rayome on behalf of Interested Party Otisco RDX, LLC justin.rayome.law@gmail.com

- Justin Rayome on behalf of Plaintiff Otisco RDX, LLC justin.rayome.law@gmail.com
- Gerald Sager on behalf of Interested Party ServiceLink jerry.sager@fnf.com
- Ronald J Smeberg on behalf of Defendant Milestone Capital CRE 1, LLC ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com
- Ronald J Smeberg on behalf of Plaintiff Otisco RDX, LLC ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com
- Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC hspector@spectorcox.com, sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com
- George H. Spencer, Jr. on behalf of Defendant John Daves gspencer@langleybanack.com
- George H. Spencer, Jr. on behalf of Defendant Lori Daves gspencer@langleybanack.com
- United States Trustee - SA12 USTPRegion07.SN.ECF@usdoj.gov
- Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com
- Lyndel A. Vargas on behalf of Interested Party Otisco RDX, LLC LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com
- Lyndel A. Vargas on behalf of Interested Party Ali Choudhri LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com
- Lyndel A. Vargas on behalf of Plaintiff Otisco RDX, LLC LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com
- Courtney Ann Vincent on behalf of Interested Party Arabella PH3201 LLC info@vincentlawpllc.com
- Courtney Ann Vincent on behalf of Interested Party Milestone Capital CRE 1, LLC info@vincentlawpllc.com
- Courtney Ann Vincent on behalf of Interested Party Otisco RDX, LLC info@vincentlawpllc.com
- Natalie F. Wilson on behalf of Defendant John Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com
- Natalie F. Wilson on behalf of Defendant Lori Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com
- Natalie F. Wilson on behalf of Interested Party John Daves and Lori Daves nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

In addition, a copy was emailed to:

- Kiernan McAlpine at kier@mcalpinelaw.com
- Shea Palavan at contact@houstonip.com;shea@houstonip.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch