# EXHIBIT 10

Choudhri Objection and Verified Motion to Show Authority (Mar. 20, 2026)

Unofficial Copy Office of Marilyn Burgess District Clerk

Exhibit "A"
3/20/2026 6:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112658151
By: Danielle Jimenez
Filed: 3/20/2026 6:46 AM

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP<br>*Plaintiff*,<br>v.<br><br>GALLERIA LOOP NOTE HOLDER, LLC; ALI CHOUDHRI, an individual,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>80th JUDICIAL DISTRICT |

**DEFENDANTS' OBJECTION TO STIPULATED JUDGMENT AND VERIFIED MOTION TO SHOW AUTHORITY**

COMES NOW Ali Choudhri and Galleria Loop Note Holder, LLC ("GLNH") Defendants in the above-styled cause file this Objection to Stipulated Judgment and Verified Motion to Show Authority, and in support thereof would respectfully show the Honorable Court as follows:

**INTRODUCTION AND SUMMARY OF RELIEF REQUESTED**

1. This Objection and Motion challenges the authority of Travis Vargo, the purported Receiver ("Receiver") and his attorney, Leslie Luttrel, to proceed in this matter on behalf of Mr. Choudhri and GLNH. While Defendants contest the validity of the appointment of the Receiver, the Court-appointed Receiver, Travis Vargo, and his counsel Leslie Luttrell have **no authority** to stipulate to a $42,371,306.88 final judgment against Defendants in this case. As explained in more detail below, Vargo was appointed as a limited post-judgment receiver that grants only a charging order for *asset* liquidation. He has **zero** power under state

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District C

law to settle liabilities, agree to judgments, or waive defenses without Defendants' consent. In fact, the Receiver himself admitted this limitation in writing just months ago, stating:

---------- Forwarded message ---------
From: **Travis Vargo** <tvargo@vargolawfirm.com>
Date: Fri, Apr 4, 2025 at 10:20 AM
Subject: RE: Receivership Issues
To: Kell Mercer <kell.mercer@mercer-law-pc.com>

Kell,

The Order speaks for itself. However, I read and the law is that Receiver has a charging order over the LLCs **only**. I do **not** direct the acts and conduct of following entities and their lawyers:

1. Milestone Capital CRE 1, LLC
2. Galleria Loop Noteholder, LLC
3. BDFI, LLC

I am allowed to monitor. Two cases on point are Klinek (672 SW3d 830) and Pajooh (518 SW3d 557). To that end, at your earliest convenience, please kindly provide me copies of the governance documents for these entities.

2. Despite the above email and applicable law as detailed herein, the Receiver (through Ms. Luttrell), has now stipulated to exactly the opposite — a massive new liability judgment against GLNH and Mr. Choudhri personally. This is an ultra vires act that violates Texas law, the Receivership Orders, and due process. Accordingly, Defendants request that the Court grant the Motion, compel the Receiver and Ms. Luttrel to appear and show authority as to why they believe they can settle liabilities against Defendants and prevent Defendants from defending themselves and strike the Motion to Lift Abatement and Stipulated Judgment as Defendants to not agree to either.

## FACTUAL BACKGROUND

1. On or about December 8, 223, the Plaintiff filed the above-captioned action (the "Lawsuit"). The Lawsuit asserts claims <u>**against**</u> Mr. Choudhri and GLNH.

2. Choudhri is a judgment debtor of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama*

Unofficial Copy Office of Marilyn Burgess District C

*Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Mr. Choudhri is also a judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case") (A-Case and D-Case, collectively the "Lawsuit"). Importantly, the judgment in the D-Case was entered after the trial court had denied a motion for arbitration and while the order denying arbitration was on appeal. The appeal of this order is still pending in the Supreme Court of Texas.

3. On March 31, 2025, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case. Thereafter, on April 9, 2025, the District Court entered an Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

4. On April 1, 2024, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in A-Case. Thereafter, on April 7, 2025, the District Court entered an Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order") (the D-Case Receivership Order and the A-Case Receivership Order collectively, the "Receiver Orders"). The Receiver Orders are attached as Exhibits 1 and 2.

5. As stated above, Vargo was purportedly appointed the receiver in the A-Case and D-Case (Defendants dispute the validity of the appointment).

6. While Vargo has been appointed the receiver, the underlying judgment in the A-Case and D-Case is on appeal *and* a writ of mandamus seeking an order voiding the judgment in the A-Case and D-Case is pending, in the following cases: Appeal Case Number 14-25-00614-

CV and NO. 14-24-00057-CV (the "Appeals"). In the Appeals, Choudhri contests the jurisdiction of the Texas State Court and has argued the judgment is void and/or should be overturned. If the Appeals are decided in Choudhri's favor, the judgment and the A-Case Receivership Order and D-Case Receivership Order will be void. While the Court of Appeals has not overturned the trial court, Choudhri intends to file a motion for re-hearing in the Appeals and appeal to the Supreme Court if necessary.

7. In this case, the Receiver agreed to a $42M judgment against Defendants (the "Stipulated Judgment") without giving notice to Defendants or allowing Defendants to defend themselves. In addition, the Receiver through Ms. Luttrel has agreed to the Plaintiffs' Motion to Lift Abatement and Motion for Stipulated Judgment, despite having no authority to act on behalf of Defendants in this case. In fact, both the Motion to Abatement and prior emails sent by the Receiver even recognize that the Receiver only has authority to settle assets of Choudhri not liabilities against Choudhri. A true and correct copy of an email exchange with the Receiver is attached as Exhibit 3. Defendants hereby object to these filings and request that the Court order the Receiver and his attorney to appear and show authority to act on behalf of Defendants in this matter.

## LEGAL ARGUMENT

8. Pursuant to Rule 12 of the Texas Rules of Civil Procedure, Travis Vargo and/or Lynn Butler should be "cited to appear before the court and show his authority to act" on behalf of the Defendant, Alli Choudhri. TEX.R.CIV. P. 12. 5. A party in a suit pending in a court in this state, may by sworn written motion asserting that he believes the suit is being prosecuted without authority, cause the attorney to be cited to appear before the court and show his authority to act. TEX.R.CIV.P. 12. "Rule 12 has long been the exclusive method for questioning the authority of



Unofficial Copy Office of Marilyn Burgess District C

an attorney to bring suit." *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex.App.—Houston [1st Dist.] 2015, no pet.). Its primary purpose is to protect parties by enabling them to determine who has authorized the suit.

9. Upon the filing of a motion to show authority, the challenged attorney bears the burden to show sufficient authority to prosecute or defend the suit on behalf of the other party. *Black*, 465 S.W.3d at 26. If the challenged attorney fails to carry his burden of proof, the court should refuse to allow the attorney to appear in the matter without authority. *See Mobile Homes of Am., Inc. v. Easy Living, Inc.*, 527 S.W.2d 847, 848 (Tex. Civ. App.—Forth Worth 1975, no writ) (citing *Angelina County v. McFarland*, 374 S.W.2d 417 (Tex. 1964). Moreover, if the challenged attorney fails to show authority to act, the court must strike the pleadings if no person who is authorized to prosecute or defend appears. *Black*, 465 S.W.3d at 26.

10. Here, the Receiver was appointed pursuant to Texas law governing post-judgment receivers. A post-judgment receiver has limited authority to take assets of a judgment debtor and liquidate those assets and/or obtain a charging order against an entity owned and/or controlled by a judgment debtor. *See* Tex. Civ. Prac. & Rem. Code § 31.002; *See Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. 2023); *Pajooh v. Royal W. Invs. LLC*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (charging order is exclusive remedy).

11. Claims against a judgment debtor and the judgment debtor's companies, such as GLNH, are not assets of a judgment debtor; they are liabilities. Accordingly, the Receiver and his attorney have no authority under Texas state law to agree that a judgment be entered against Defendants, especially without the Defendants' consent and participation. Agreeing to this Stipulated Judgment creates new debt, waives all defenses, and binds Defendants personally — powers Texas State Law, and the Receiver's own admission expressly prohibit. Again, the

Unofficial Copy Office of Marilyn Burgess District Clerk

Receiver is not taking actions in this case to liquidate assets; the Receiver's actions are unauthorized and akin to a conservatorship without providing Defendants with due process. Defendants have every right to defend themselves and dispute liabilities asserted against them by creditors. There is no law that would allow the Receiver to take the actions that he has taken in this Lawsuit and deprive Defendants of their right to defend themselves. In fact, allowing the Receiver to agree to the Stipulated Judgment would in essence be converting the limited post-judgment Receivership to a general conservatorship order over Mr. Choudhri personally where Mr. Choudhri has no ability to take any action to defend himself that has nothing to do with his assets, for which the Receiver may have authority to liquidate for the judgment creditor. This result is not only not permitted under the law it is unjust.

12. For these reasons, Defendants oppose any and all actions taken by the Receiver in this case and objects to the Stipulated Judgment.

**CONCLUSION**

WHEREFORE, Defendants request that the Court require Mr. Vargo and his attorney Ms. Luttrel to appear before the Court and show authority to act on behalf of Defendants in this matter. Absent their ability to do so, Defendants respectfully request that all pleadings filed by and/or joined in by Ms. Luttrel and the Receiver be struck, and for any further relief as is just and proper.

Respectfully Submitted:
/s/ Gia Samavati
Gia Samavati
Bar: 24076666
1707 ½ Post Oak Blvd Ste 286
Houston, TX 77056
Tel: (832) 788-3309
gia@trialninjas.com

Unofficial Copy Office of Marilyn Burgess District C

Unofficial Copy Office of Marilyn Burgess District C

**Certificate of Service**

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel and/or pro se parties on this the 20th day of March, 2026 via eFile.

/s/ Gia Samavati
Gia Samavati

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

GIA SAMAVATI on behalf of GIA SAMAVATI
Bar No. 24076666
gia@trialninjas.com
Envelope ID: 112658151
Filing Code Description: Motion (No Fee)
Filing Description: Verified Motion to Show Authority and Objection to Stipulated Judgment
Status as of 3/20/2026 8:57 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James Pope | | jamesp@thepopelawfirm.com | 3/20/2026 6:46:39 AM | SENT |
| Justin Hanna | | justin.hanna@bclplaw.com | 3/20/2026 6:46:39 AM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 3/20/2026 6:46:39 AM | SENT |
| Kyle S.Hirsch | | kyle.hirsch@bclplaw.com | 3/20/2026 6:46:39 AM | SENT |
| Kyle Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 3/20/2026 6:46:39 AM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 3/20/2026 6:46:39 AM | SENT |
| Leslie Luttrell | | luttrell@lclawgroup.net | 3/20/2026 6:46:39 AM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 3/20/2026 6:46:39 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 3/20/2026 6:46:39 AM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 3/20/2026 6:46:39 AM | ERROR |
| Jetall Legal | | legal@jetallcompanies.com | 3/20/2026 6:46:39 AM | ERROR |

Unofficial Copy Office of Marilyn Burgess District C