# EXHIBIT 37

Receiver's Intervention, Emergency Motion to Dissolve TRO and Plea to the Jurisdiction, No. 2026-59605 (Aug. 21, 2026); Receiver's Intervention, Plea to the Jurisdiction and Motion to Dismiss, No. 2026-63841 (Sept. 4, 2026)

Unofficial Copy Office of Marilyn Burgess District Clerk

8/21/2026 2:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 118948061
By: Rhonda Momon
Filed: 8/21/2026 2:39 PM

CAUSE NO. 202659605

| | | |
|---|---|---|
| Ali Choudhri<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Alan Rosen<br>Defendant | § | 127th JUDICIAL DISTRICT |

**RECEIVER TRAVIS VARGO'S INTERVENTION,**

**EMERGENCY MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND**

**PLEA TO THE JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

**SUMMARY**

1. This case is an improper run around the 333rd's jurisdiction. Receiver was appointed by Judge Randy Wilson, presiding judge in 2011-75676A. Per an order of that case, Receiver obtained a writ of possession for a high rise condo the Judgment Debtor lives in, but does not own. The writ was to executed on the morning of August 21, 2026. The property is in *custodia legis* and this court lacks the authority to intervene. Judge Wilson already rejected the Judgment Debtor's arguments. The Court should deny all of the relief Plaintiff requests for lack of jurisdiction and most importantly, the Court should immediately dissolve the TRO.

**PARTIES**

2. Plaintiff Ali Choudhri is before the Court.

3. Defendant Alan Rosen has not been served and has not appeared.

4. Receiver Travis Vargo is before the Court.

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Cl

## JURISDICTION AND VENUE

5. This Court does not have jurisdiction to enjoin the enforcement of writs coming out of the 333rd Judicial District Court, a coordinate sister court. TEX. CIV. PRAC. & REM. CODE § 65.023(b) requires that "[a] writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered."

6. Similarly, venue is wrong in this Court. The proper venue is the 333rd Court. Receiver requests transfer of this case to the 333rd Court, the Honorable Randy Wilson presiding. Tex. R. Civ. P. 86.

7. Receiver has a justiciable interest in the suit because Plaintiff seeks to restrain the Receiver's collection efforts and to interfere with property in *custodia legis*. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) ("under Rule 60, a person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof."). Had this action been brought against Receiver, he would be able to defeat recovery by Plaintiff.

## FACTS

8. Receiver was appointed by Judge Randy Wilson, presiding judge in 2011-75676A and 2011-75676D, *Mokaram-Latif West Loop Ltd. v Ali Choudhri et al*, in the 333rd District Court, Harris County, Texas to collect upon judgment debts entered in those cases pursuant to turnover orders signed on or about April 1, 2025, which were never appealed[1] and have been final for more

[1]*See Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-A (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859149) (stating that he is appealing an order the Harris County court signed on April 1, 2025, and attaching the original A Case turnover order); *Notice of Appeal* at 1, *Mokaram-Latif W. Loop, Ltd. v. Choudhri*, No. 2012-27197-D (333rd Dist. Ct., Harris County, Tex. Apr. 20, 2025) (Env. No. 99859234) (stating that he is appealing an order the Harris County court signed on March 31, 2025, and attaching the original D Case turnover order); *see also Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00308-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the A Case appeal and noting the "appeal is from an order signed

Unofficial Copy Office of Marilyn Burgess District C

than a year (collectively "Receivership Orders"). A certified copy of the Receivership Orders are attached as Exhibit 1.

9. The Receivership Orders turned over ownership and control of Arabella PH 3201 LLC, a defunct, expired Wyoming LLC exclusively owned by Choudhri. The entity owns fee simple title to 4521 San Felipe St., Unit 3201, Houston, TX 77027, the Penthouse Apartment of the Arabella high-rise in the Galleria-area (the "Penthouse").

10. To avoid controversy and disputes, Receiver filed (6/12/26) a "Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St. 3201, Houston, Texas." The motion was set on the submission docket for ruling. Mr. Choudhri filed a lengthy response/opposition (6/22/26) alleging that the Penthouse was his homestead. Receiver then filed a Reply (6/23/26) to which Mr. Choudhri filed a Sur-Reply (6/25/26). Suffice it to say, the issues regarding title, homestead, turnover, etc. were thoroughly briefed.

11. On July 28, Judge Randy Wilson, presiding in the 333rd by special assignment, signed an Order regarding the Penthouse giving Receiver the ability to sell it and a writ possession to expel all occupants and personal property. That order is attached Exhibit 2. The clerk subsequently issued the writ of possession, which the Constable posted at the Penthouse. The order also voided and expunged two deeds—the very same two deeds attached to Plaintiff's petition at Exhibit A and B.

12. Not accepting Judge Wilson's decision, Choudhri then filed (8/3/26): (a) a Motion for New Trial, Motion to Modify, Correct, or Reform the Order, and Motion for Reconsideration; and (b)

---

April 1, 2025"); *Choudhri v. Mokaram-Latif W. Loop, Ltd.*, No. 14-25-00309-CV (Tex. App.—Houston [14th Dist.] Oct. 7, 2025, no pet. h.) (mem. op.) (dismissing the D Case appeal and noting the "appeal is from an order signed March 31, 2025").

Unofficial Copy Office of Marilyn Burgess District C

an Emergency Verified Motion to Stay Enforcement and for Supersedeas of Writ of Possession Pending Reconsideration and Appeal. On August 19, 2026, following a lengthy oral hearing wherein Judge Wilson listened to Choudhri's allegations of homestead, improper turnover etc., the motions were denied.

13. Receiver continued with the writ of possession. Choudhri believed that the writ lacked requisite notice and sought to have Judge Wilson recall the writ, which he did not. Out of options, Choudhri then began calling the Harris County Constable and then the Harris County Attorney's Office to intimidate them into cancelling the writ. They were not intimidated and the lockout was going to proceed.

14. With all options exhausted, on August 21, 2026 Choudhri ran to ancillary court and obtained a temporary restraining order, which is in the Court's docket. It is void and must be dissolved as a matter of law.

**TEX. CIV. PRAC. & REM. CODE § 65.023(b) PROHIBITS THIS COURT FROM ENJOINING THE 333RD COURT**

15. This Court just cannot enjoin the 333rd's orders from being executed.

16. "On its face, the provision prohibits Texas courts from issuing injunctions to stay proceedings or execution of a judgment rendered by a sister court." *Wise Acquisitions, LLC v. Angell*, No. 08-25-00137-CV, 2026 Tex. App. LEXIS 4237, at *10 (Tex. App.—El Paso May 5, 2026, no pet. h.).

17. § 65.023(b) is jurisdictional—it is not a venue statute. *Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ) ("This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue.").

Unofficial Copy Office of Marilyn Burgess District C

18. The injunction issued by this Court was wrongly entered without jurisdiction and must be dissolved.

**PENTHOUSE IS IN *CUSTODIA LEGIS* AND THIS COURT LACKS JURISDICTION TO INTERFERE**

19. The injunction directly restrains the Receiver, and it indirectly restrains him through its restraints on the constables. It is void on those grounds. This Court lacks jurisdiction to interfere with the property at issue.

20. The Penthouse is in *custodia legis* of the 333rd District Court. *See* Exhibit 2 (authorizing the Receiver to take possession of the Penthouse). No court may issue injunctive relief against property in *custodia legis* of another Court. "During the pendency of the receivership the property was held in *custodia legis* free from interference with the exclusive custody and possession which the court had assumed over it." *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977). "The rule prohibiting interference with property in *custodia legis* is derived from the exclusive jurisdiction which arises out of possession of the *res*. Nowhere is the doctrine enforced more stringently than when other courts attempt to interfere." *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 342-43 (Tex. 1976). "It is elementary that custody and possession of property in the hands of a receiver cannot be interfered with by any court other than the one in which the receivership is pending." *Ogden v. Edwards*, 108 S.W.2d 675, 677 (Tex. Civ. App.—Amarillo 1937, no writ).

21. The Court's temporary injunction prevents Receiver from taking possession of property in *custodia legis*. No Court, other than the 333rd, may make that determination. The temporary restraining order is void because the ancillary court lacked the jurisdiction to enter it. The Court should immediately dissolve the injunction and transfer this case to the 333rd. *Bitgood v. Harkness*, No. 09-20-00263-CV, 2021 Tex. App. LEXIS 4571, at *12 (Tex. App.—Beaumont

June 10, 2021, pet. denied) ("While it is true that a trial court generally has no duty to dissolve a temporary injunction, the trial court should dissolve an injunction when fundamental error has occurred, or conditions have changed. Fundamental error exists when the record affirmatively shows that the court rendering the injunction lacked jurisdiction of the subject matter.") (internal citation omitted).

22. Receiver requests an immediate dissolution of the temporary injunction.

**EMERGENCY RELIEF IS REQUESTED DUE TO PENDING SALE BY TAXING AUTHORITIES**

23. The City of Houston and other taxing authorities took a judgment for roughly $390,000.00 in unpaid taxes for the penthouse. The case is 2023-67381, *City of Houston et al v. Arabella PH 3201 LLC et al*, in the District Court of Harris County, Texas, 215th Judicial District. A tax sale is planned for September 1, 2026. A certified copy of the Default Judgment is attached as Exhibit 3. A certified copy of the City of Houston's request for an order of sale is attached as Exhibit 4. If that sale is allowed to proceed, it will be a significant financial loss to the Receivership estate. Emergency consideration is requested considering the impending sale.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court deny the Plaintiff's relief, dismiss this case outright, deny the temporary injunction, and for such other and further relief, in law and in equity, as is just.

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo
Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991

Unofficial Copy Office of Marilyn Burgess District C

12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo

Unofficial Copy Office of Marilyn Burgess District Cl

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 118946061
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Travis Vargo's Intervention and Motion to Dissolve TRO and Plea to the Jurisdiction
Status as of 8/21/2026 2:45 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 8/21/2026 2:39:56 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 8/21/2026 2:39:56 PM | SENT |
| Michael Poynter | | eservice@vargolawfirm.com | 8/21/2026 2:39:56 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Cl

9/4/2026 5:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119573645
By: Bernitta Barrett
Filed: 9/4/2026 5:09 PM

CAUSE NO. 2026-63841

| | | |
|---|---|---|
| Ali Choudhri<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Alan Rosen<br>Defendant | §<br>§ | 133rd JUDICIAL DISTRICT |

**RECEIVER TRAVIS VARGO'S INTERVENTION, PLEA TO THE JURISDICTION AND MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis Vargo, Receiver ("Receiver") represents:

**SUMMARY**

1. The day before Plaintiff Ali Choudhri filed this case, he lost a virtually identical case in the 127th District Court, 2026-59605, *Ali Choudhri v. Alan Rosen*, in the 127th District Court, Harris County, Texas. That case was dismissed for a lack of jurisdiction on September 1, 2026. This case was filed the literal next day as a virtual carbon copy. The Harris County Ancillary Court denied a request for a temporary restraining order on September 2, 2026. Judge Good expressly stated on the record that § 65.023(b) applies in this case and bars the Plaintiff's claims.

2. Although this case is a refiling, Mr. Choudhri's claims are not improved by mere repetition. This case remains an improper run around the 333rd's jurisdiction. Receiver was appointed by Judge Randy Wilson, presiding judge in 2011-75676A. Per an order of that case, Receiver obtained a writ of possession for a high rise condo the Judgment Debtor lives in, but does not own. The writ was set for execution on the morning of August 21, 2026. The property is in *custodia legis* and this court lacks the authority to intervene. Judge Wilson, Judge Brown, Judge Good, and

Unofficial Copy Office of Marilyn Burgess District Clerk

the 14th Court of Appeals already rejected the Judgment Debtor's arguments. The Court should deny all of the relief Plaintiff requests for lack of jurisdiction and dismiss this case.

**PARTIES**

3. Plaintiff Ali Choudhri is before the Court.

4. Defendant Alan Rosen has not been served and has not appeared.

5. Receiver Travis Vargo is before the Court.

**JURISDICTION AND VENUE**

6. This Court does not have jurisdiction to enjoin the enforcement of writs coming out of the 333rd Judicial District Court, a coordinate sister court. TEX. CIV. PRAC. & REM. CODE § 65.023(b) requires that "[a] writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered."

7. Similarly, venue is wrong in this Court. The proper venue is the 333rd Court. Receiver requests transfer of this case to the 333rd Court, the Honorable Randy Wilson presiding. Tex. R. Civ. P. 86.

8. Receiver has a justiciable interest in the suit because Plaintiff seeks to restrain the Receiver's collection efforts and to interfere with property in *custodia legis*. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) ("under Rule 60, a person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof."). Had this action been brought against Receiver, he would be able to defeat recovery by Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

## BACKGROUND

9. This appeal concerns a multimillion dollar luxury high rise penthouse at 4521 San Felipe, Unit 3201, Houston, TX 77007 (the "Penthouse") near the Houston Galleria. This is a picture:



(Exhibit 5 pg. 3).

10. Receiver obtained a writ of possession because the Penthouse is titled in an Arabella PH 3201 LLC's name.[1] On the other hand—and impossibly—Mr. Choudhri claims the Penthouse (owned by an entity) is his homestead. Judge Wilson disagreed and authorized the Receiver to

Unofficial Copy Office of Marilyn Burgess District Clerk

[1] Title to the property is held by Arabella PH 3201 LLC per Exhibit 15. Choudhri claims title under two other deeds, attached as Exhibits 16 and 17, but those deeds were expressly voided by Judge Wilson, Exhibit 5.

take possession. Mr. Choudhri appealed and moved the appellate court for a stay pending appeal. (Exhibit 19). His motion for an appellate stay was denied on the morning of August 27, 2027. (Exhibit 18).

11. To back up though, this case began in 2011 and eventually, in October 2023, a judgment for $3+ million in damages was entered. (Exhibit 1, Amended Turnover Order, ¶ 3). Receiver was appointed in April 2025. (*Id.* pg. 11). After significant motion practice and an oral hearing with "an extraordinary amount of evidence submitted", the Court set supersedeas in this case at $5,016,886.53. (Exhibit 2, Order, ¶ 45 (quoted language), ¶ 26 (calculating supersedeas)). Mr. Choudhri's actions also caused the Court to enter a sanction that he could not file additional net worth affidavits to attempt to run around supersedeas:

> **43. As a further sanction, Judgment Debtors are hereby precluded from filing additional net worth affidavits in the A Case and/or the D Case except on leave of court, and any such affidavits and/or net worth statements will be void and of no force and/or effect to supersede the judgments. The Court finds the filing of the Second Affidavit, the Third Affidavit and/or any future affidavit would likely be for the same purpose to delay, obstruct and prevent collection of the judgments.**

(Exhibit 2 ¶ 43).

12. Mr. Choudhri never posted supersedeas, but he did attempt to post a new net worth affidavit, which the Court denied earlier this year. (Exhibit 3 ¶ 1, 4 ¶ 4). Eventually, Receiver filed a motion to obtain a writ of possession on the Penthouse at issue as being owned by Arabella PH 3201 LLC, a permanently defunct Wyoming entity. (Exhibit 6). Mr. Choudhri filed a response that primarily argued that Receiver could not reach the LLC, and that the Penthouse somehow was Mr. Choudhri's homestead. (Exhibit 7). Receiver filed a reply to that response that argued that

Unofficial Copy Office of Marilyn Burgess District Clerk

Mr. Choudhri failed to address the applicable law, *i.e. WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857, at *11 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, pet. filed). (Exhibit 8). The Court granted the motion and authorized an immediate writ of possession by written order dated July 28, 2026. (Exhibit 5). Mr. Choudhri filed a motion for new trial (Exhibit 9) and an emergency motion to stay (Exhibit 10). Receiver responded (Exhibit 11), and the Court held a hearing on August 19, 2026 and denied the motions (Exhibit 12). A transcript of the August 19, 2026 hearing has been ordered but was not yet available. Mr. Choudhri is appealing the 333rd's order to issue a writ of possession. (Exhibits 18, 19). While all of this is ongoing, Mr. Choudhri is trying to sell the Penthouse himself. (Exhibit 14).

13. Receiver sought to execute the writ on August 21, 2026, but Mr. Choudhri obtained temporary restraining order against the Harris County Constable Alan Rosen to stop execution of the writ. (Exhibit 13). Mr. Choudhri filed an amended application, seeking to enjoin the Receiver in addition to Constable Rosen. That motion was heard on August 26, 2026 by the Ancillary Court, the Honorable Sonya Aston presiding. The very next morning, the Fourteenth Court of Appeals issued an order denying an appellate stay. (Exhibit 18).

14. Judge Aston issued orders on August 31, 2026 denying the motion to dismiss and the temporary restraining order against Intervenor. An oral hearing on the Receiver's motion to dismiss occurred on September 1, 2026. Judge Denise Brown granted the motion and dismissed the case. (Exhibit 20). The very next day, this case was filed, seeking the same relief another time.

Unofficial Copy Office of Marilyn Burgess District Clerk

**THE RELIEF MR. CHOUDHRI REQUESTS IN THIS CASE IS IDENTICAL TO THE RELIEF OTHER COURTS ALREADY REJECTED**

15. In addition to the sister court of the 127th already dismissing virtually identical requests for relief, the Fourteenth Court of Appeals has denied Mr. Choudhri's request to stay the writ of possession. This is the relief he requested:

> 4. Choudhri respectfully requests that the Court (a) enter an immediate stay of any writ of possession, lockout, or removal of Choudhri or his personal property from the Property; (b) set this Motion for an expedited hearing at the earliest possible date; and (c) permit Choudhri to post security pending resolution of the Motion for New Trial and any appeal.

(Exhibit 19) (emphasis supplied).

16. This is the same relief that Mr. Choudhri requests in this TRO proceeding:

> 90. Plaintiffs seek an order immediately restraining Defendant Alan Rosen, Harris County Constable Precinct 1, together with his agents, servants, employees, deputies, officers, attorneys, representatives, successors, and all persons in active concert or participation with him who receive actual notice of the order — expressly including the Court-Appointed Receiver in Cause No. 2012-27197-A and any attorney, agent, broker, realtor, contractor, mover, packer, or locksmith acting at his request, at his direction, or in coordination with him in connection with the execution of any writ or process against the Property — from directly or indirectly executing, attempting to execute, scheduling, noticing, or causing or permitting to be executed any writ of possession, writ of execution, order of sale, or other process of any kind issued to enforce the general money judgment rendered in Cause No. 2012-27197-A, whether heretofore or hereafter issued, against the Property; and from entering to seize, taking possession or control of, delivering possession of, removing occupants or personal property from, changing the locks or access credentials of, attaching, levying upon, or otherwise taking or interfering with the Property located at 4521 San Felipe Street, Unit 3201, Houston, Texas 77027.

Unofficial Copy Office of Marilyn Burgess District Clerk

Petition pg. 23 (emphasis supplied).

17. He presented the same arguments to four[2] courts that all rejected him: (1) that the property is his homestead;[3] and (2) that homestead protection bars the sale of the property.[4] Judge Wilson rejected these arguments when he authorized the writ to issue. Judge Brown rejected these arguments when it dismissed his case. Judge Good as Ancillary Judge for this case rejected these arguments when he denied the TRO, **and** the Fourteenth Court of Appeals rejected these arguments when it denied the motion for stay. This Court should also reject these arguments.

**TEX. CIV. PRAC. & REM. CODE § 65.023(b) PROHIBITS THIS COURT FROM ENJOINING THE 333RD COURT**

18. This Court just cannot enjoin the 333rd's orders from being executed. TEX. CIV. PRAC. & REM. CODE § 65.023(b) requires that "[a] writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered." "On its face, the provision prohibits Texas courts from issuing injunctions to stay proceedings or execution of a judgment rendered by a sister court." *Wise Acquisitions, LLC v. Angell*, No. 08-25-00137-CV, 2026 Tex. App. LEXIS 4237, at *10 (Tex. App.—El Paso May 5, 2026, no pet. h.). § 65.023(b) is jurisdictional—it is not a venue statute. *Butron v. Cantu*, 960 S.W.2d 91, 94 (Tex. App.—Corpus Christi 1997, no writ) ("This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue.").

19. The Texas Supreme Court has stated: "The purposes of the statute, we said, are to protect the judgments and processes of one court from interference by another by direct attack and to

[2] Judge Wilson (the 333rd), Judge Brown (the 127th), the Fourteenth Court of Appeals, and Judge Good (Ancillary).
[3] *E.g.* Motion to Stay ¶¶ 5-9, 19-26, Motion for TRO pgs. 5-6, 10-11.
[4] *E.g.* Motion to Stay ¶¶ 19-26, Motion for TRO pgs. 9-10.

Unofficial Copy Office of Marilyn Burgess District Clerk

prevent a defeated party from proceeding from one court to another, after his defeat, or in the hope of avoiding defeat, in an attempt to relitigate the case." *Campbell v. Wilder*, 487 S.W.3d 146, 149 (Tex. 2016) (cleaned up). "The test of jurisdiction in such cases is whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. If, in order to grant the relief, it is necessary to set aside or modify the judgment, or to regulate the processes issued thereunder, and the attack is made by a party to the judgment, the statue is mandatory and requires that the injunction suit be returnable to and tried in the court rendering the judgment." *Id.*

20. Mr. Choudhri literally requests that this court enjoin a writ from another court from being executed. § 65.023(b) denies this Court the jurisdiction to take that action. This case must be dismissed.

**PENTHOUSE IS IN *CUSTODIA LEGIS* AND THIS COURT LACKS JURISDICTION TO INTERFERE**

21. The proposed injunction directly restrains the Receiver's writs, and it indirectly restrains him through its restraints on the constables. It is void on those grounds. This Court lacks jurisdiction to interfere with the property at issue.

22. The Penthouse is in *custodia legis* of the 333rd District Court. *See* Exhibit 2 (authorizing the Receiver to take possession of the Penthouse). No court may issue relief against property in *custodia legis* of another Court. "During the pendency of the receivership the property was held in *custodia legis* free from interference with the exclusive custody and possession which the court had assumed over it." *Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977). "The rule prohibiting interference with property in *custodia legis* is derived from the **exclusive jurisdiction** which arises out of possession of the *res*. Nowhere is the doctrine enforced more stringently than when other courts attempt to interfere." *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 342-43 (Tex. 1976)

Unofficial Copy Office of Marilyn Burgess District Clerk

(emphasis supplied). "The possession of the *res* vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and, for the time being, disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdictions embrace the same subjects and persons." *Id.* at 343. "It is elementary that custody and possession of property in the hands of a receiver cannot be interfered with by any court other than the one in which the receivership is pending." *Ogden v. Edwards*, 108 S.W.2d 675, 677 (Tex. Civ. App.—Amarillo 1937, no writ).

23. The injunction that Mr. Choudhri requests would prevent Receiver from taking actual possession of property in *custodia legis*. No Court, other than the 333rd, may make that determination. Any such injunction out of this Court would be void because this Court lacks the jurisdiction to enter it. Receiver requests that this case be dismissed.

**PRAYER**

Wherefore, premises considered, Receiver respectfully prays that the Court deny the Plaintiff's relief, dismiss this case outright, deny the temporary injunction, and for such other and further relief, in law and in equity, as is just.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully Submitted,

VARGO LAW FIRM, PC

By: /s/ Travis B. Vargo

Travis B. Vargo
State Bar No. 24047027
Michael Poynter
State Bar No. 24092991
12012 Wickchester, Suite 670
Houston, TX 7709
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026 a true and correct copy of the foregoing has been served upon all parties of record.

By: /s/ Travis B. Vargo
Travis B. Vargo

**UNSWORN DECLARATION OF TRAVIS VARGO**

1. “My name is Travis Vargo. I am over 18 years of age and I am competent to make this declaration. I am the receiver in this case. I have personal knowledge of the statements made in this declaration because I participated in the events giving rise to the making of this declaration.
2. “The document marked as Exhibit 14 is a true and correct copy of printouts from https://www.har.com/homedetail/4521-san-felipe-st-3202-houston-tx-77027/14850469 that I downloaded on August 25, 2026.
3. “The document marked as Exhibit 18 is a true and correct copy of the August 27, 2026 Order entered in 14-26-00804-CV, *Ali Choudhri v. Mokaram-Latif West Loop, Ltd.*
4. “The document marked as Exhibit 19 is a true and correct copy of the August 20, 2026 DEFENDANT ALI CHOUDHRI’S EMERGENCY VERIFIED MOTION TO STAY ENFORCEMENT AND FOR SUPERSEDEAS OF WRIT OF POSSESSION PENDING RECONSIDERATION AND APPEAL filed in in 14-26-00804-CV, *Ali Choudhri v. Mokaram-Latif West Loop, Ltd.*
8. “My date of birth June 29, 1979 and my address is 12012 Wickchester, Suite 670, Houston, Texas, 77079 United States of America. I declare under penalty of perjury that the foregoing is true and correct.”

/s/Travis B. Vargo
Travis B. Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 119573645
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Intervention, Plea to the Jurisdiction, and Motion to Dismiss
Status as of 9/9/2026 7:42 AM CST

Associated Case Party: TravisVargo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 9/4/2026 5:09:32 PM | SENT |
| Michael Poynter | 24092991 | mpoynter@vargolawfirm.com | 9/4/2026 5:09:32 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gia Samavati | 24076666 | gia@trialninjas.com | 9/4/2026 5:09:32 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 9/4/2026 5:09:32 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk