# EXHIBIT 40

Plaintiffs' Renewed Application for Temporary Restraining Order, No. 2026-63841 (filed Sept. 9, 2026), with its Exhibits F (Declaration of Derek Staub), G (Declaration of Alicia Matsushima) and K (Sept. 1, 2026 reporter's record excerpts); its Exhibits A, C, D, H, I and L appear in this appendix as Exhibits 22, 38, 17, 14, 44 and 39

Unofficial Copy Office of Marilyn Burgess District Clerk

9/9/2026 10:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119716205
By: Ashley Lopez
Filed: 9/9/2026 10:36 PM

**CAUSE NO. 2026-63841**

| | |
|---|---|
| **ALI CHOUDHRI,** **Plaintiff,** | **IN THE DISTRICT COURT OF** |
| **v.** | **HARRIS COUNTY, TEXAS** |
| **ALAN ROSEN,** **Defendant.** | **133rd JUDICIAL DISTRICT** |

# PLAINTIFF ALI CHOUDHRI'S RENEWED APPLICATION FOR TEMPORARY RESTRAINING ORDER

**Plaintiff does not attack the judgment. He asks only that his constitutionally protected homestead — occupied continuously for nearly five years and shared with his 78-year-old mother — remain intact until the claim can be heard.**

TO THE HONORABLE JUDGE OF SAID COURT:

## I. WHAT PLAINTIFF ASKS, AND WHY SECTION 65.023(b) DOES NOT REACH IT

1. Plaintiff asks for a temporary restraining order preserving the status quo as to 4521 San Felipe Street, Unit #3201, Houston, Harris County, Texas 77027. He asks for nothing else.

2. Plaintiff is not attacking the judgment. He does not ask this Court, or any court, to set aside, vacate, modify, reduce, or construe the money judgment rendered in Cause No. 2012-27197-A. That judgment stands. He does not seek to relitigate anything decided in that cause, and nothing he asks for here would disturb it. He does not ask this Court to review, second-guess, or interfere with any order of the 333rd District Court.

3. His claim is that this specific property is not subject to the levy. There are two independent reasons, and neither one questions the judgment:

   a. The Property is Plaintiff's homestead. He has occupied it continuously as his residence since November 2021, and the Texas Constitution exempts it from forced sale to satisfy a general money judgment. Tex. Const. art. XVI, § 50;

Unofficial Copy Office of Marilyn Burgess District Clerk

Tex. Prop. Code §§ 41.001, 41.002. A money judgment does not reach exempt property, and no court has ever taken evidence on the exemption.

b. If instead the Property belongs to Arabella PH 3201 LLC, as the Receiver contends, then it is company property. The appointing orders exclude membership interests from Receivership Assets by their own terms, and the exclusive remedy against a member's interest is a charging order over distributions. Tex. Bus. Orgs. Code § 101.112(d), (f).

4. That distinction is the one on which Section 65.023(b) turns. The statute reaches a suit only where the relief sought cannot be granted independently of the judgment. Where specific property has been levied upon under a general execution and the claim is that the property is not subject to the levy, "the levy and sale may be enjoined in another court, even by a party to the suit," because such an injunction "is not a stay or interference with the processes of another court." *Campbell v. Wilder*, 487 S.W.3d 146, 150 (Tex. 2016) (quoting *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040, 1041–42 (1923)). The judgment in Cause No. 2012-27197-A was a general money judgment; it did not order the sale of this property. Section V below sets this out in full.

5. Plaintiff requests the full term Rule 680 allows. He asks for a temporary restraining order under Texas Rule of Civil Procedure 680 to expire fourteen days after the date and hour of signing. He does not ask the Court to shorten that term or to tie it to any particular setting. Rule 680 contemplates that the application for temporary injunction will be set for hearing, and Plaintiff asks that it be set on whatever date within that period the Court's docket allows; he will appear on any notice the Court gives.

6. The Court invited this. On September 2 the Court observed on the record that there was nothing to prevent Plaintiff and the parties from reaching out to the court to see whether another emergency could be heard. Plaintiff files this application in response to that invitation and not as a second attempt at the same relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. FULL DISCLOSURE OF EVERY RELATED RULING AND FILING

7. Plaintiff states the entire procedural picture so that the Court has it from him rather than from anyone else:

a. On August 31, 2026, the Ancillary Judge denied the Receiver's Emergency Motion to Dissolve the temporary restraining order and Plea to the Jurisdiction in Cause No. 2026-59605, in all respects.

b. On September 1, 2026, the 127th District Court dissolved that restraining order and dismissed Cause No. 2026-59605 for want of jurisdiction.

c. On September 2, 2026, this Court denied Plaintiff's application for a temporary restraining order in this cause and set the matter for September 14, 2026 at 3:00 p.m.

d. On September 3, 2026, the 333rd District Court signed an order in Cause No. 2012-27197-A denying Plaintiff's Motion for New Trial as to the order confirming turnover, and denying the Motion of Plaintiff, Dalio Holdings I LLC and Dalio Holdings II LLC to Clarify and Enforce Charging-Order Limitations in the April 2025 Turnover Orders.

e. On September 4, 2026, the Receiver filed an Intervention, Plea to the Jurisdiction and Motion to Dismiss in this cause.

f. On September 8, 2026, Plaintiff filed an Amended Petition for Writ of Mandamus and an Emergency Supplement in the First Court of Appeals, No. 01-26-00895-CV.

g. On September 9, 2026, the First Court of Appeals denied mandamus relief by per curiam memorandum opinion and dismissed any pending motions as moot. The opinion states no reasoning beyond the denial.

8. Plaintiff makes these disclosures because the Court raised on September 2 the concern that a litigant may not move from court to court seeking the same restraint. Plaintiff accepts that principle. The answer he offers is not that the concern is misplaced but that he seeks nothing here that would decide any question this Court said it could not reach, and asks only that nothing irreversible occur before the setting this Court has already made.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. WHAT HAS CHANGED SINCE SEPTEMBER 2

9. A renewed application rests on changed circumstances. Three have occurred:

(a) The certified reporter's records have been obtained. On September 2 they did not exist in certified form. The certified record of the August 26, 2026 ancillary hearing (Donna King, CSR 6273) shows that the motion was called, argued, and taken under advisement. Ex. A. The certified record of the September 1, 2026 hearing (Cynthia M. Grijalva, CSR 10996) is Exhibit B.

(b) The Receiver has now put his ownership theory in writing in this cause — and it contradicts the order he relies on. On September 4, 2026, two days after the Court's ruling, the Receiver filed his Intervention, Plea to the Jurisdiction and Motion to Dismiss here. It states that the "Receiver obtained a writ of possession because the Penthouse is titled in an Arabella PH 3201 LLC's name," Intervention ¶ 10, and that "[t]he Penthouse is in *custodia legis* of the 333rd District Court," *id.* ¶ 22. Those two statements cannot both be correct. The appointing order provides that "Receivership Assets are in *custodia legis*," Ex. C ¶ 22(a), and defines "Choudhri Receivership Assets" to exclude his "ownership interests in any limited liability company," *id.* ¶ 8. Property titled in a company's name is therefore outside the category the order placed in *custodia legis*. The Receiver's own stated reason for obtaining the writ — that the Penthouse is titled in the company's name — is the very fact that places it outside what was turned over to him. Having invoked this Court's process, he is before it on that representation.

(c) A hearing date now exists. On September 2 there was no setting in this cause. There is now. Interim relief would carry the Property to a hearing rather than into an indefinite gap, which was not the posture when the Court ruled.

## IV. WHY THIS IS NOT A SECOND BITE: THE SEPTEMBER 1 DISMISSAL RESTED ON A DESCRIPTION THE CERTIFIED RECORD DOES NOT SUPPORT

10. Plaintiff offers what follows for one purpose only: to answer the Court's concern that a litigant may not move from court to court seeking the same restraint. That concern assumes the prior dismissal was a considered adjudication of the same request. The certified records show it was not. Plaintiff does not ask this Court to sanction anyone, to find bad faith, or to review another court's order. He asks only that the Court know what the certified records say before treating the September 1 dismissal as the reason to deny relief here.

Unofficial Copy Office of Marilyn Burgess District Clerk

11. On September 1, the 127th District Court asked what had happened at the August 26 ancillary hearing. Counsel for the Receiver answered that the ancillary court "actually did not call this case, we never got there," and that "[t]his case wasn't called." RR (Sept. 1) 34:14–20. Asked whether the motion to dissolve and the plea to the jurisdiction had been addressed at that hearing, he answered: "No, those weren't set." RR (Sept. 1) 35:22–36:1. Asked again whether there had been a hearing in this case the day before, he answered: "No, I don't believe. No, not that I'm aware of." RR (Sept. 1) 37:1–4.

12. The certified record of August 26 (Donna King, Texas CSR 6273) shows otherwise. It is captioned in Cause No. 2026-59605. RR (Aug. 26) 1:9–17. The same counsel answered when the motion was called and corrected the court to make clear he sought dismissal of the entire cause. RR (Aug. 26) 54:18–25. He offered exhibits and confirmed on the record that they were admitted. RR (Aug. 26) 10:4–10; 11:7–15. He stated that the basis of the motion to dismiss and dissolve was jurisdictional. RR (Aug. 26) 56:6–8. He asked the ancillary court to confirm what it had under consideration, and it confirmed. RR (Aug. 26) 60:12–17. He was told when to expect a ruling. RR (Aug. 26) 59:10–12. He committed to file supplemental briefing by the end of the next business day. RR (Aug. 26) 70:5–9.

13. The Receiver was present and understood the same thing. At the close of the August 26 hearing, the Receiver personally asked the ancillary court to confirm what it was doing:

> MR. VARGO: Judge, if I heard you right, you said that you were going to take these under advisement?
>
> THE COURT: … I'm going to take this under advisement, and I'm not making a decision today.

RR (Aug. 26) 71:1–11.

Unofficial Copy Office of Marilyn Burgess District Clerk

14. The September 1 answer also contradicted itself within four lines: counsel said the case "wasn't called" and, in the same answer, that the ancillary court "did ask for supplemental briefing on the jurisdictional issue." RR (Sept. 1) 34:17–20. A court that never reached a case does not order briefing in it. Plaintiff objected on the spot and did not wait for a transcript. RR (Sept. 1) 36:7–19. The certified record did not then exist, and the court had no way to test the objection.

15. Plaintiff draws the narrow conclusion the record supports and no broader one. The August 31 order denying the Receiver's motion to dissolve and plea to the jurisdiction was entered after a hearing at which those matters were called, argued, and taken under advisement. The September 1 dismissal was entered the next day on the understanding that none of that had occurred. Whatever else follows from that, it means the September 1 order is not the considered second ruling that would make this application a third attempt at the same relief.

16. Plaintiff asks the Court to draw one consequence from this and no other. A temporary restraining order is equitable relief, and in weighing the equities a court is not obliged to give conclusive effect to a prior order obtained on an account of the record that the certified record does not support. The Receiver will urge the September 1 dismissal as the reason this Court must refuse. Plaintiff's answer is that an order procured that way is not a fair measure of what has actually been adjudicated, and that the equities do not favor a party who asks a court to rest on it. Plaintiff seeks no sanction, no finding of misconduct, and no relief against any lawyer. He asks only that the September 1 order be given the weight this record shows it deserves, and that its existence not become the reason a family home is sold before any court has heard evidence.

17. The Receiver has testified under oath that the order gave him no such authority. Before the Honorable Judge Robinson in the bankruptcy of Texas REIT, LLC, he was asked whether the receivership order turned over Choudhri's limited liability company interests to him.

Unofficial Copy Office of Marilyn Burgess District Clerk

He answered: "I believe that — the answer to that is no, Judge. This order does not turn over his LLC interest to me." Asked whether he was seeking to exercise control over those interests, he answered: "No." Asked what rights he held, he answered: "I have a right to his distributions only." Ex. E (highlighted reading copy at Ex. I). The next morning, asked in writing by counsel for several of Plaintiff's companies to "advise if you direct the acts and conduct of following entities and their lawyers," he answered over the signature block "Travis B. Vargo, Court Appointed Receiver": "The Order speaks for itself. However, I read and the law is that Receiver has a charging order over the LLCs only. I do not direct the acts and conduct of following entities and their lawyers." He added: "I am allowed to monitor. Two cases on point are Klinek (672 SW3d 830) and Pajooh (518 SW3d 557)." Ex. H. He later asked the 333rd District Court to confirm that the same order gave him authority over those interests. Plaintiff does not characterize that; he places the statements before the Court and observes that they cannot all describe the same order.

18. The Receiver has also asserted authority over Plaintiff's choice of counsel. On July 10, 2025 he wrote to Justin Rayome, Plaintiff's attorney of record, and asked him to "kindly explain how you have authority to file anything on behalf of Ali Choudhri individually in any case as Plaintiff/Claimant." He continued: "If you fail to respond or articulate your authority, I am going to file a show cause motion with Judge Wilson seeking to hold you in contempt for interfering with the receivership." He also raised counsel's "compensation." The message is signed "Travis B. Vargo, Court Receiver." Ex. L.

19. Plaintiff offers this on the single question of scope, and makes no request for relief against anyone on account of it. A charging order over distributions from limited liability companies does not carry authority over whether a judgment debtor may appear individually, through counsel of his choosing, in other litigation. Three months before that message the Receiver

Unofficial Copy Office of Marilyn Burgess District Clerk

had written that he does "not direct the acts and conduct of following entities and their lawyers." The breadth of authority asserted has grown, and the orders conferring it have not changed.

## V. SECTION 65.023(b) DOES NOT APPLY TO THIS SUIT

20. Plaintiff raises this respectfully, and only because the Court invited briefing on the question it identified as controlling. The Supreme Court of Texas has told us how to decide whether Section 65.023(b) applies, and on that test it does not apply here.

### A. *The test is whether relief can be granted independently of the judgment — not whether the movant is a party, and not whether process is disturbed.*

21. In *Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016), the Court adopted the test stated in *Carey v. Looney*, 113 Tex. 93, 251 S.W. 1040 (1923):

> The test of jurisdiction in such cases is whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined. … [I]f the court in which the injunction suit is brought has general jurisdiction over the subject-matter, and the relief may be granted, independently of the matters adjudicated in the suit whose judgment or processes thereunder are sought to be restrained, the statute has no application.

*Campbell*, 487 S.W.3d at 149–50 (quoting *Carey*, 251 S.W. at 1041).

22. The Court then said plainly what the test does *not* turn on: "The applicability of the statute depends on whether injunctive relief can be granted independently of the judgment, not on whether the applicant for injunctive relief was a party to the judgment, or on whether an injunction will disturb process issuing as a result of that judgment." *Id.* at 150. "Even if a plaintiff seeks an injunction that will regulate the processes issued under a judgment, courts must still consider whether, under the specific circumstances of each case, the injunction may nevertheless be issued independently of the judgment." *Id.*

Unofficial Copy Office of Marilyn Burgess District Clerk

**B. *Carey is this case on its facts.***

23. In *Carey*, a district court in one county rendered a personal money judgment and awarded an order of sale on land in another county. Carey, who was not a party to the judgment and claimed to own the land, sued in the district court of the second county for an injunction prohibiting the judgment creditor *and the sheriff* from executing the order of sale and writ of possession, and from disturbing her and her tenants' lawful possession. That court dismissed for want of jurisdiction under the statute. The Supreme Court held it should not have. *Campbell*, 487 S.W.3d at 149.

24. The parallel is close. A money judgment was rendered in the 333rd. A writ of possession and an order authorizing sale issued as to a condominium unit whose record owner — Arabella PH 3201 LLC — was never a party to that cause and was never served. Plaintiff sued in this Court to restrain the Constable and the Receiver from executing that writ and from disturbing his possession of his residence. That is *Carey*.

**C. *The specific-property rule: a levy under a general money judgment may be enjoined in another court — even by a party.***

25. The Court in *Campbell* restated a rule from *Carey* that resolves this case even if Plaintiff is treated as a party:

> Where specific property has been levied upon under a general execution, the levy and sale may be enjoined in another court, even by a party to the suit. The ground of such holding is that the injunction of a sale of specific property, on the claim that it is not subject to the levy, is not a stay or interference with the processes of another court …. On the other hand, where the judgment itself orders the sale of specific property, such sale cannot be restrained by another court upon the application of a party to the judgment.

*Campbell*, 487 S.W.3d at 150 (quoting *Carey*, 251 S.W. at 1041–42).

26. This case falls on the first side of that line, and the Receiver's counsel has said so himself. The judgment rendered in Cause No. 2012-27197-A was a general money judgment. It

Unofficial Copy Office of Marilyn Burgess District Clerk

did not order the sale of this or any specific property. The writ of possession and the authority to sell came later, by separate written order entered in post-judgment collection. Counsel for the Receiver acknowledged exactly that on September 1, 2026, describing the judgment as a money judgment followed by collection efforts in which the writ was obtained by separate order. RR (Sept. 1) 6:10–19.

27. Plaintiff's claim is that this specific property is not subject to the levy — because it is his constitutionally exempt homestead, and because its record owner is a company excluded from Receivership Assets by the appointing orders' own definitions. Under *Carey* and *Campbell*, restraining the levy and sale of specific property on that claim "is not a stay or interference with the processes of another court."

**D. *Campbell overruled the case that reasoned the way the Receiver argues.***

28. In *Evans v. Pringle*, 643 S.W.2d 116 (Tex. 1982) (per curiam), the Court had held the statute applicable because "in order to grant the relief, it is necessary to regulate the processes issued under the judgment." That is the Receiver's argument. In *Campbell* the Court held it could not square *Evans* with a proper reading of *Carey*, and expressly overruled it. 487 S.W.3d at 150–51. The proposition that an injunction touching post-judgment process is automatically barred by Section 65.023(b) is no longer the law.

**E. *Neither purpose of the statute is served by applying it here.***

29. The Court identified the statute's two purposes: to protect the judgments and processes of one court from direct attack by another, and to prevent a defeated party from moving from court to court in an attempt to relitigate the case. *Campbell*, 487 S.W.3d at 149. Plaintiff does not challenge a word of the money judgment rendered in 2012-27197-A. He does not ask this Court to set it aside, reduce it, or construe it. And he does not seek to relitigate anything decided

Unofficial Copy Office of Marilyn Burgess District Clerk

there, because the questions he raises — whether his homestead is exempt from that money judgment, and whether a company that was never a party owns the unit — have never been tried in any court, on any record.

30. Finally, and separately, the Court in *Campbell* assumed the statute was jurisdictional "without deciding the matter," and only because the parties before it treated it that way. *Id.* at 149 n.13. The Court also noted that the statute is presently captioned "Place for Trial," which is the caption of a venue provision. *Id.* Plaintiff does not ask this Court to resolve that question, because on the *Carey* test the statute does not reach this suit at all.

## VI. THE ELEMENTS ARE MET AS TO PLAINTIFF INDIVIDUALLY

31. Plaintiff applies in his individual capacity only. He does not purport to speak for Arabella PH 3201 LLC, and nothing in this application depends on the entity question the Court raised on September 2. Plaintiff's claim is his own: he has lived at the Property continuously since November 2021 — nearly five years — and he claims it as his exempt homestead under Article XVI, Section 50 of the Texas Constitution and Chapter 41 of the Property Code. The Texas homestead exemption is *"the most sacred right the citizen enjoys,"* and courts must *"liberally construe"* the constitutional provision in favor of the claimant. *Porretto v. Patterson*, 251 S.W.2d 784, 789 (Tex. Civ. App.—Galveston 1952, no writ). No court has ever taken evidence and found otherwise.

32. Probable right to relief — the writ fails on either answer to who owns the Property. There are only two possible answers, and the Court reaches a probable right on either one. This is why the entity question the Court raised on September 2 does not impair Plaintiff's showing: his right does not depend on which answer is correct.

(a) If the Property is Plaintiff's, it is his homestead. It is his residence, occupied continuously since November 2021, and it is exempt from forced sale for the

Unofficial Copy Office of Marilyn Burgess District Clerk

satisfaction of a general money judgment. Tex. Const. art. XVI, § 50; Tex. Prop. Code §§ 41.001, 41.002.

(b) If the Property belongs to Arabella PH 3201 LLC, the Receiver may not take or sell it. On that premise the Property is company property and the only thing Plaintiff owns is a membership interest. The Amended Orders of April 8 and 9, 2025 exclude membership interests from Receivership Assets by their own terms. And "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a member … may satisfy a judgment out of the judgment debtor's membership interest." Tex. Bus. Orgs. Code § 101.112(d). Subsection (f) forecloses taking possession of or exercising remedies against company property. *Pajooh v. Royal West Investments LLC*, 518 S.W.3d 557 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

33. The appointing order names Arabella in one place only — the charging-order paragraph. The April 9, 2025 Amended Order defines "Choudhri Receivership Assets" as all assets owned by Choudhri, "except his ownership interests in any limited liability company," ¶ 8, and separately defines "Choudhri LLC's" as each company in which he owns a membership interest, listing ARABELLA PH 3201 LLC first, ¶ 9. Paragraph 17 turns over to the Receiver "the Choudhri Receivership Assets" and makes him their "legal and equitable owner." Paragraph 18 does something different with the Companies: it issues a charging order under Section 101.112 and directs that they "shall pay to the Receiver any distributions and/or proceeds" otherwise due to Choudhri. Ex. C.

34. Arabella is in Paragraph 18 and nowhere in Paragraph 17. The definition governing the turnover excludes company interests in terms, so the turnover never reached them, and the "legal and equitable owner" language attaches to a category from which Arabella was excluded before that paragraph was written. Nothing in the order turned Arabella PH 3201 LLC, or the real property it owns, over to the Receiver. What it gave him as to Arabella is the right to be paid distributions.

Unofficial Copy Office of Marilyn Burgess District Clerk

35. The Receiver will likely contend that the July 28 writ of possession placed the Property itself in custodia legis regardless of the appointing order's definitions. That argument fails on the order's own terms. Custodia legis status attaches to "Receivership Assets," Ex. C ¶ 22(a), and the definition of that term excludes LLC ownership interests. ¶ 8. A writ of possession is a mechanism for enforcing a prior order — it is not an independent source of custodia legis status, and it cannot expand the category of assets the appointing order placed in the court's custody. Because the turnover in Paragraph 17 never reached Arabella or the real property it owns, the writ cannot retroactively place that property in custodia legis. The Receiver's own intervention confirms this: he obtained the writ "because the Penthouse is titled in an Arabella PH 3201 LLC's name," Intervention ¶ 10 — the very fact that excludes it from what was turned over.

36. A membership interest is the Receiver's only route to this Property, and he has described where that route ends. He does not contend Plaintiff holds record title; he contends the opposite. His asserted authority over Arabella PH 3201 LLC rests entirely on Plaintiff's membership interest in it. On April 3, 2025 he testified under oath that the receivership order "does not turn over his LLC interest to me," that he was not seeking to exercise control over those interests, and that he had "a right to his distributions only." Ex. E. The order he was describing defines the class by membership interest — "each limited liability company in which Choudhri owns a membership interest" — so his answers were about the order's effect on that class, not about a single company. The next day he wrote to Plaintiff's then-counsel that he held only a charging order, that he did not direct the companies' acts and conduct, and that he was permitted to monitor.

37. The Receiver's position requires both answers to be wrong at once. He says the Property is not Plaintiff's homestead because a company owns it, and that the company's

Unofficial Copy Office of Marilyn Burgess District Clerk

ownership is no obstacle because he controls the company. The first proposition defeats the second.

38. And on the homestead question the record is empty. No evidentiary hearing has ever been held on whether the Property is Plaintiff's homestead. No witness has testified that it is not. No affidavit controverting the claim has been filed. No documentary evidence to the contrary has been offered or admitted. Title was never placed in controversy by any pleading, and "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code § 22.001(a). On September 2, 2026, Derek Staub testified under oath before this Court that the reconsideration hearing in the 333rd was not an evidentiary hearing, that Arabella was not an independent party, and that he had seen no trespass-to-try-title pleading naming it.

39. A district judge who heard both sides said the same thing. At the August 26, 2026 ancillary hearing, after argument from the Receiver's counsel and from Plaintiff, the Court said this:

> And it looks like it's something that — where there's going to have to be testimony and document- — I'm the judge, and I'm saying there is.
> Ex. A (RR Aug. 26) 35:24–36:2.
> … this is not something I'm going to make a snap decision because it's very — it's a person's home, and I am taking it very seriously about evicting someone from their home.
> Ex. A (RR Aug. 26) 58:5–17.
> I want to make it the best and most righteous outcome that I can.
> Ex. A (RR Aug. 26) 76.

Plaintiff offers these not as a ruling binding this Court, but as the assessment of a judge who had both parties in front of her, heard the Receiver's counsel argue that the homestead question had already been decided, and concluded that the questions raised here require evidence.

Unofficial Copy Office of Marilyn Burgess District Clerk

40. The Receiver told that Court the opposite, in his own voice. Moments after the Court said testimony would be required, the Receiver interjected: "Respectfully, Judge, the testimony's already been taken," and "Court orders have already been written." Ex. A (RR Aug. 26) 36:6–10. The Court answered: "I understand, but what he's saying now is that he wasn't given his due time in court and that that case is now being appealed." *Id.* 36:11–13. The assertion that testimony had already been taken is the one the record does not support. Derek Staub, who appeared as counsel at the hearing in question, states under penalty of perjury that the July 28 Order "was decided by submission," that "[n]o evidentiary hearing was conducted, and no witness testimony was taken or received," that at the August 19 hearing "the Court would not allow witness testimony," and that the Court acknowledged it "had been unable to open the exhibits … and therefore could not review or even view the deeds at issue." Ex. F ¶¶ 4, 6, 7. He testified to the same effect before this Court on September 2. A title attorney, Alicia M. Matsushima, states that no pleading on file asserts any cause of action that would adjudicate title, and that title was therefore never properly placed in controversy. Ex. G ¶ 4.

41. The July 28 Order directs the clerk to issue a writ "to remove all occupants and personal property from the Penthouse." Ex. D. The Receiver has appeared at the Property once already with movers and a constable, and gave no notice on that occasion. On the Receiver's own reading of Section 24.0061(d)(1) of the Property Code, twenty-four hours is the most notice Plaintiff would receive before the writ is executed. Plaintiff lives at the Property with his mother, who is 78 years old and in poor health. A homestead is not fungible and cannot be restored by a later judgment.

42. An injury is irreparable when it "cannot be adequately compensated in damages or cannot be measured by any certain pecuniary standard." *Butnaru v. Ford Motor Co.*, 84 S.W.3d

Unofficial Copy Office of Marilyn Burgess District Clerk

198, 204 (Tex. 2002). That standard is met here. The Receiver has already appeared at the Property with movers and a constable, without prior notice, and on his own reading of the statute twenty-four hours is the most notice Plaintiff would receive before the next attempt. The September 14 hearing is five days away. Without a restraining order, the writ can be executed — and the Property listed for sale or conveyed — before this Court can hear from either side. The loss of a homestead cannot be undone by a later money judgment: "[t]here is no reason to believe that plaintiff can be made whole if its loss, once it has occurred, can only be compensated in damages." *Id.* Plaintiff's mother, who is 78 years old, in poor health, and a stroke victim, lives with him at the Property. Forced removal on twenty-four hours' notice poses a serious risk to her health and safety that no amount of damages can remedy.

43. No adequate remedy at law. The Receiver has stated he intends to sell. Once the Property is conveyed to a purchaser, the September 14 setting in this Court becomes academic, as does Plaintiff's pending appeal in the Fourteenth Court of Appeals, No. 14-26-00804-CV. Damages are not a remedy for the loss of a homestead, and Plaintiff has not sued for damages.

44. Balance of equities. The restraint Plaintiff seeks is narrow and temporary: it preserves the status quo for fourteen days and expires by its own terms. The Receiver loses nothing — he retains every right he claims and can pursue sale after a hearing on the merits. Plaintiff, by contrast, faces the permanent and irreversible loss of his home before any court has taken evidence on the exemption. The balance tips decisively in Plaintiff's favor. See *Frequent Flyer Depot, Inc. v. Dreambuilder Invs., LLC*, 2016 WL 3541554, at *2 (Tex. App.—Houston [14th Dist.] June 28, 2016, no pet.) (mem. op.) (balance of equities favors party facing irreparable loss where restraint merely preserves status quo pending hearing).

Unofficial Copy Office of Marilyn Burgess District Clerk

## VII. BOND

45. Plaintiff requests that bond be set at $100.00, and he is prepared to post that amount the same day the order is signed. The same amount was set as the bond in Cause No. 2026-59605 for the same restraint as to the same Property against the same parties. Given that the relief is temporary and expires by its own terms, and that the Receiver has stated the sale he contemplates would take longer than that period, $100.00 is sufficient to protect the parties restrained. If the Court requires more, Plaintiff asks that the amount be stated in the order so that it can be posted the same day.

## PRAYER

Plaintiff respectfully asks this Court to act now to prevent the irreversible loss of a family home before any court has heard evidence, and requests that the Court:

1. grant a temporary restraining order under Texas Rule of Civil Procedure 680 preserving the status quo as to 4521 San Felipe Street, Unit #3201, Houston, Texas 77027, to expire fourteen days after signing unless extended as the rule permits;

2. set Plaintiff's application for temporary injunction for hearing on any date within that fourteen-day period that the Court's docket allows;

3. order Intervenor Travis B. Vargo and Defendant Alan Rosen to appear for oral deposition within three business days, and order Intervenor to produce within three business days the amount claimed owed with a breakdown of amounts collected, all communications and documents concerning the Property, including all communications and documents concerning the Receiver's collection efforts in relation to Plaintiff, and all documents concerning the capacity in which the Receiver has acted as to Arabella PH 3201 LLC and the Property;

4. set bond under Rule 684 in the amount of $100.00, or in such other amount as the Court finds sufficient, stated in the order so that it may be posted the same day;

5. hear this application on any notice, in person or by videoconference, at the Court's convenience, and enter such further orders as may be necessary to preserve the status quo pending hearing; and

6. grant such other relief to which Plaintiff may be entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

/s/ Ali Choudhri
**ALI CHOUDHRI**
4521 San Felipe Street, Unit #3201
Houston, Texas 77027
Telephone: 281.630.6627
ali@jetallcapital.com
**PLAINTIFF PRO SE**

Unofficial Copy Office of Marilyn Burgess District Clerk

**VERIFICATION — UNSWORN DECLARATION (TEX. CIV. PRAC. & REM. CODE § 132.001)**

My name is Ali Choudhri. My date of birth is [redacted] 1980. My address is 4521 San Felipe Street, Unit #3201, Houston, Harris County, Texas 77027, United States of America. I have read this application. I declare under penalty of perjury that I have personal knowledge of the facts stated in it and that they are true and correct.

Executed in Harris County, Texas, on September 9, 2026.

/s/ Ali Choudhri
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF CONFERENCE

I certify that on September 9, 2026 I conferred, or made a diligent effort to confer, with counsel for Defendant Alan Rosen and with counsel for Intervenor Travis Vargo regarding the relief requested. Counsel for Defendant Rosen states that Defendant takes no position. Counsel for Intervenor Vargo is opposed.

/s/ Ali Choudhri
Ali Choudhri

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026 a true and correct copy of this application and the separately filed proposed order was served in accordance with Texas Rule of Civil Procedure 21a on Brian J. Hrach, Courtney T. Carlson, and Felipe S. Guevara, Office of the Harris County Attorney, counsel for Defendant Alan Rosen; on Travis B. Vargo and Michael Poynter, Vargo Law Firm, P.C., tvargo@vargolawfirm.com and mpoynter@vargolawfirm.com; and on Gia Samavati, Trial Ninjas Law Group PLLC, counsel for Arabella PH 3201 LLC.

/s/ Ali Choudhri
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## INDEX OF EXHIBITS

- Ex. A — Certified Reporter's Record, August 26, 2026 hearing before Hon. Sonya L. Aston (Donna King, Texas CSR 6273) — complete, unmarked
- Ex. B — Certified Reporter's Record, September 1, 2026 hearing (Cynthia M. Grijalva, Texas CSR 10996) — excerpts, unmarked
- Ex. C — April 9, 2025 Amended Order Granting Turnover, Charging Order and Appointment of Receiver (Cause No. 2012-27197-A)
- Ex. D — July 28, 2026 Order Granting Receiver's Motion for Writ of Possession
- Ex. E — Transcript of Proceedings, April 3, 2025 hearing before the Hon. Shad M. Robinson, U.S. Bankruptcy Court, W.D. Tex., Austin Division (Adv. No. 24-01045-smr; In re Texas REIT, LLC, No. 24-10120-SMR) — complete transcript
- Ex. F — Unsworn Declaration of Derek Staub
- Ex. G — Declaration of Alicia M. Matsushima
- Ex. H — April 4, 2025 email exchange between Kell Mercer and Receiver Travis Vargo, subject "Receivership Issues"
- Ex. I — Transcript of Proceedings, April 3, 2025 hearing before the Hon. Shad M. Robinson — highlighted reading copy of Exhibit E
- Ex. J — Certified Reporter's Record, August 26, 2026 hearing — highlighted reading copy of Exhibit A
- Ex. K — Certified Reporter's Record, September 1, 2026 hearing, excerpts — highlighted reading copy of Exhibit B
- Ex. L — July 10, 2025 email from Receiver Travis Vargo to Justin Rayome, counsel for Plaintiff

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 119716205
Filing Code Description: Amended Filing
Filing Description: Amended Filing
Status as of 9/10/2026 9:21 AM CST

Associated Case Party: TravisVargo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 9/9/2026 10:36:50 PM | SENT |
| Michael Poynter | 24092991 | mpoynter@vargolawfirm.com | 9/9/2026 10:36:50 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gia Samavati | 24076666 | gia@trialninjas.com | 9/9/2026 10:36:50 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 9/9/2026 10:36:50 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT F

Unsworn Declaration of Derek Staub — HIGHLIGHTED

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

# UNSWORN DECLARATION OF DEREK STAUB

BEFORE ME, the undersigned authority, personally appeared **Derek Staub**, who, being duly authorized, states the following under penalty of perjury:

1. My name is Derek Staub. I am over the age of eighteen (18) years and am fully competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Texas. I represent Ali Choudhri ("Mr. Choudhri") in the above-referenced cause, Cause No. 2012-27197-A, pending in the 333rd Judicial District Court of Harris County, Texas.

3. On July 28, 2026, the Court issued an Order Granting Receiver's Motion for Writ of Possession, Comfort Order, and Expungement of Recorded Documents Relating to 4521 San Felipe St #3201, Houston, Texas (the "July 28 Order"), a true and correct copy of which is attached hereto as **Exhibit A**. The July 28 Order, among other things, authorized the Receiver to take possession of Mr. Choudhri's homestead and declared void and expunged recorded deeds pertaining to the property.

4. The July 28 Order was decided by submission. No evidentiary hearing was conducted, and no witness testimony was taken or received in connection with the Court's ruling on the Receiver's motion.

5. Mr. Choudhri filed a Motion for New Trial challenging the July 28 Order. A hearing on the Motion for New Trial was held on Wednesday, August 19, 2026, at 9:00 a.m. in the 333rd District Court, with Judge Wilson presiding by assignment.

6. At the August 19, 2026 hearing, the Court would not allow witness testimony in support of Mr. Choudhri's Motion for New Trial.

7. During the August 19, 2026 hearing, the Court acknowledged that, at the time it issued the July 28 Order, the Court had been unable to open the exhibits submitted in connection with the Receiver's motion and therefore could not review or even view the deeds at issue. Despite this acknowledged inability to review the deeds, the Court nonetheless declared void and expunged those deeds without any review of their contents.

8. The August 19, 2026 hearing on the Motion for New Trial was conducted as a question-and-answer session rather than as a proper evidentiary hearing. Counsel and parties were not afforded the opportunity to call witnesses.

9. As a result of the foregoing, Mr. Choudhri's homestead has been taken from him without an evidentiary hearing and without witness testimony — both at the time of the July 28, 2026 ruling by submission and at the August 19, 2026 Motion for New Trial proceeding.

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

My name is Derek Staub. My date of birth is [redacted] My address is 2101 Cedar Springs Road Suite 900, Dallas, Texas 75252.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Derek Staub*
Derek Staub

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**ORDER GRANTING RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS <u>RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS</u>**

On this day, the Court considered Receiver's Motion for Writ of Possession, Comfort Order, and Expungement Of Recorded Documents Relating To 4521 San Felipe St #3201, Houston, Texas also known as:

> **Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").**

(the "Penthouse"). The Court takes judicial notice of its docket and prior orders in Cause Nos. 2012-27197-D and 2012-27197-A. Upon consideration, the Court GRANTS the motion, FINDS that Receiver Travis Vargo is entitled to possession of the Penthouse and hereby

ORDERS that the clerk shall immediately issue a writ of possession (in favor of Receiver Travis Vargo) to remove all occupants and personal property from the Penthouse.

ORDERS that the Receiver is authorized to engage and hire a licensed Texas realtor to market and sell the Penthouse within the discretion of the Receiver. The Court further

ORDERS that the Receiver shall file a file a motion to approve the sale of the Penthouse and set the same for hearing with notice to all interested parties. The Court further

Unofficial Copy Office of Marilyn Burgess District Clerk

ORDERS that the Harris County Clerk Document # RP-2024-272170, titled "*General Warranty Deed*" and Document # RP-2026-83776, a "*Correction General Warranty Deed*" are declared VOID and EXPUNGED.

Date: July 28, 2026

Judge Randy Wilson, Judge Presiding

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT G

Declaration of Alicia M. Matsushima — HIGHLIGHTED

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

# DECLARATION OF ALICIA M. MATSUSHIMA

I, Alicia Matsushima, being of sound mind and over the age of eighteen years, do hereby declare under penalty of perjury that the following statements are true and correct:

1. My name is Alicia M. Matsushima. I am a licensed attorney in the State of Texas and the owner of Invicta Law Firm, a boutique real estate and commercial law practice located at 2200 Post Oak Blvd., Ste. 1000, Houston, Texas 77056. My practice focuses on title disputes, real property litigation, and commercial transactions on behalf of real estate investors, developers, lenders, and landowners. Approximately 75% of my practice involves contested issues of title and possession to real property in Texas. I have represented the insureds of a national title insurance company since 2001. I am qualified by training and experience to opine on matters of real property title and the procedural requirements for adjudicating title in the State of Texas.

2. The subject property is the residence at 4521 San Felipe Street, #3201, Houston, Texas 77027 (the "**Property**"). The Property is more particularly described by the following legal description:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas.

3. I have reviewed the 333rd District Court's Order dated July 28, 2026 (the "Order"), which directed the issuance of a writ of possession against the Property, currently owned and possessed by Ali Choudhri. *See* **Exhibit 1.** The Order states, in relevant part: "The Court further ORDERS that the Harris County Document #2024-272170, titled 'General Warranty Deed' and Document # RP-2026-83776, a 'Correction Warranty Deed' as declared VOID and EXPUNGED."

4. I have reviewed the relevant pleadings of Cause Nos. 2012-27197-A and 2012-27197-D. Based on my review, at no time was Ali Choudhri afforded notice or an opportunity to be heard on the issue of title to the Property before the July 28, 2026 Order was signed and entered. Moreover, no pleadings on file assert any cause of action that would properly adjudicate title to the Property or the validity of the deeds at issue—such as a trespass-to-try-title action under Texas Property Code Chapter 22, a suit to quiet title, or a declaratory judgment action. Under Texas law, a trespass-to-try-title action is the exclusive method for determining title to real property. *Tex. Prop. Code § 22.001(a)*. The absence of any such claim means that title was never properly placed in controversy before the court rendered the Order.

5. Further, my review of the relevant pleadings reveals that Arabella PH 3201 LLC—the entity holding record title to the Property by virtue of the deeds the Order purports to void—was not made a party to any proceeding that adjudicated title to the Property or the validity of those deeds. A court order that divests a non-party of its property rights without affording that party notice and an opportunity to be heard violates fundamental principles of due process and is



Unofficial Copy Office of Marilyn Burgess District Clerk

void as to the absent party. *See Fuentes v. Zaragoza*, 555 S.W.3d 141, 166 (Tex. App.—Houston [1st Dist.] 2018, no pet.) *(holding that non-parties* divested of their right to own, possess, or control property by the court's judgment should have been made parties to the lawsuit).

6. Both the United States Constitution and the Texas Constitution guarantee that no person shall be deprived of property without due process of law. U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. The core requirement of procedural due process is that, before a deprivation of a protected property interest, a person must receive notice and a meaningful opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). These protections exist to prevent mistaken or unjustified deprivations of property through the adjudicative process. Id. at 81.

7. The Fourteenth Court of Appeals has squarely addressed the due process right to be heard in the context of property deprivation. In *Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ), the court held:

> "Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ). The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Id.; Turcotte v. Trevino*, 499 S.W.2d 705, 723 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.). It includes also an opportunity to cross-examine witnesses, to produce witnesses, to be heard on questions of law, and the right to have judgment rendered after trial. *Jordan*, 653 S.W.2d at 358. The trial court deprived appellants of this right."

8. Consistent with these principles, a trial court is not authorized to render a judgment against a party before that party has had the opportunity to present evidence and rest. *Tobola v. State*, 538 S.W.2d 868, 870 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex. Civ. App.—Tyler 1968, no writ); *Oertel v. Gulf States Abrasive Mfg., Inc.*, 429 S.W.2d 623, 624 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ); *Jordan v. Jordan*, 653 S.W.2d at 358.

9. For the foregoing reasons, it is my professional opinion that the Order does not comport with due process of law. Mr. Choudhri was deprived of his constitutionally protected property interest in the Property—including the voiding of recorded deeds conveying title—without ever having been afforded notice or a meaningful opportunity to be heard on the merits of the title dispute. The Order is therefore constitutionally infirm under both the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

My name is Alicia M. Matsushima. My date of birth is [redacted] My current address is 2200 Post Oak Blvd., Ste. 1000, Houston, Texas, 77056.

____________________________

Alicia M. Matsushima

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT K

Certified Reporter's Record, September 1, 2026 hearing, excerpts —

HIGHLIGHTED READING COPY of Exhibit B

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

# EXCERPTS FROM THE CERTIFIED REPORTER'S RECORD

**September 1, 2026 Hearing**

Hon. Denise Brown · 127th Judicial District Court · Harris County, Texas

Cause No. 2026-59605 — *Ali Choudhri v. Alan Rosen, Constable Precinct 1*

Cynthia M. Grijalva, Texas CSR 10996 · Volume 1 of 1

This exhibit contains excerpts from the certified Reporter's Record, not the complete volume. The pages included are:

- Page 1 — title page and caption
- Pages 33–38 — the exchange concerning the August 26, 2026 ancillary hearing
- Page 41 — Reporter's Certificate

Highlighting has been added and does not appear in the certified record. The complete Reporter's Record is on file and available on request.

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES

TRIAL COURT CAUSE NO. 2026-59605

| | | |
|---|---|---|
| ALI CHOUDHRI | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| ALAN ROSEN, CONSTABLE | § | |
| PRECINCT 1, HARRIS COUNTY | § | 127TH JUDICIAL DISTRICT |

-------------------------------

HEARING

-------------------------------

On September 1, 2026, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Denise Brown, Judge presiding, held in Houston, Harris County, Texas;

Proceedings reported by machine shorthand.

Unofficial Copy Office of Marilyn Burgess District Clerk

for possession. The constable did not understand how this -- and on the face of this order they've admitted it was signed -- and I know you don't want to hear about attacking them or -- I'm not actually here to litigate that order or anything, I'm simply -- this is enjoining the constable's office and there are rights that I have and they should not be rushed and there's absolutely no harm. The only harm is Mr. Osama Abdullatif wants me out on the street and my mom and embarrass me with cameras. He's hired Wayne Dolcefino and he's sent videos around to multiple judges and he's done all kinds of things. He's very political and he thinks he has so much power. This is a man's homestead -- you know, a home, which you cannot rush something -- especially during the circumstances when the very relief they thought -- they sought this relief from a judge and there were arguments made and they filed the briefing and the judge took it under advisement. Judge Aston. You can confirm everything I'm saying is truthful from Ms. Sasha Prince as well.

Judge yesterday denied the relief because there is a hearing coming up so she denied the very relief they're asking you for which they've already gotten denied.

THE COURT: Is that what Judge Aston said, that I'm denying this because you have a temporary

Unofficial Copy Office of Marilyn Burgess District Clerk

injunction hearing approaching?

MR. CHOUDHRI: She said this at the hearing. There's a record, Your Honor. What's the harm to waiting until September the 4th, Mr. Vargo? His own e-mail says, Oh, I've hired movers. I've hired some movers. He showed up outside -- my mom is 78 years old. He was very aggressive. There's a lot of things, Your Honor, that are going on that are going to come to light soon but this is improper what he's doing.

THE COURT: Okay. Were y'all at the hearing yesterday?

MR. POYNTER: At the TRO hearing, yes.

THE COURT: Okay. What did Judge Aston say?

MR. POYNTER: The TRO he's talking about was against the City of Houston for a tax sale, it was in a different matter. She didn't enter that one. She actually did not call this case, we never got there. This case wasn't called. But she did -- but we did discuss it but it wasn't formally called. She did ask for supplemental briefing on the jurisdictional issue and --

MR. CHOUDHRI: Your Honor, I just want to make sure --

THE COURT: Hold on. Hold on. Okay. I'm going to stop everybody.

MR. POYNTER: Yes, ma'am.

Unofficial Copy Office of Marilyn Burgess District Clerk

THE COURT: One of my pet peeves is people talking over each other because I can't hear both of you.

MR. POYNTER: Yes, ma'am.

THE COURT: And most importantly, the court reporter can't take both of you down and I'm assuming that you want a clear record.

MR. POYNTER: I do.

THE COURT: Okay. Thank you. So I'm going to ask that you not talk over each other but I only ask one time.

MR. POYNTER: Your Honor, so my notes from that hearing state the Court wanted additional briefing on two issues which is the jurisdictional issue and if there is jurisdiction whether the temporary restraining order he obtained over Mr. Rosen could be extended to Mr. Vargo, so that's been briefed. That's what she wanted to know.

THE COURT: Okay. But I've got an order in here -- that's apparently still in processing, I believe -- where it denies the motion to dissolve the temporary restraining order and plea to the jurisdiction.

MR. POYNTER: Yes, ma'am.

THE COURT: Was that addressed during the hearing?

MR. POYNTER: No, those weren't set. We discussed the jurisdictional issue when I raised it. You

Unofficial Copy Office of Marilyn Burgess District Clerk

can raise jurisdiction at any time so I did raise that issue, yeah, in the context of -- dissolve -- in the context of dissolving his TRO against Mr. Rosen.

What has not been argued was whether or not you should enter a TRO against Mr. Vargo but it's the same jurisdictional issue.

MR. CHOUDHRI: Your Honor, may I respond?

THE COURT: Yes.

MR. CHOUDHRI: He has made a material misrepresentation to this Court. That is completely untrue. This whole matter, according to him, he went forward to dissolve the TRO and plea to the jurisdiction. We had a multi-hour hearing and judge took it under advisement and says provide me more briefing, I'm taking it under advisement.

And what he just told Your Honor is not true, and I have so many instances of misrepresentations to multiple courts. What he's told you, Your Honor, is not true.

THE COURT: I'm talking about the hearing -- or the order that was signed yesterday by Judge Aston at 6:07.

MR. CHOUDHRI: Yes, Your Honor.

THE COURT: Mr. Poynter, was there a hearing yesterday --

Unofficial Copy Office of Marilyn Burgess District Clerk

MR. POYNTER: No.

THE COURT: -- in this case --

MR. POYNTER: No, I don't believe. No, not that I'm aware of.

THE COURT: Okay. Because there's an order in here signed by Judge Aston.

MR. POYNTER: Yes, ma'am. It says, "On this date," but I think that's probably a typo.

MR. CHOUDHRI: Your Honor, may I respond for clarification?

THE COURT: Okay.

MR. POYNTER: I think the confusion, Your Honor, is this hearing was suppose to be yesterday and it got moved so that's why I'm not quite remembering exactly what, but he had a conflict with another matter in Dallas so we moved this hearing to today. So that's why there was a setting yesterday that says I passed it. I spoke to Raymond and passed it and reset it for today.

THE COURT: Okay.

MR. POYNTER: The hearing with Judge Aston was last week and her order does say, "On this date," I think that's what you're looking at but that's not when -- we didn't have that hearing yesterday.

THE COURT: So there was no hearing in front of Judge Aston yesterday in this case?

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

MR. POYNTER: Not with me.

MR. VARGO: No.

MR. POYNTER: No, so there was not.

THE COURT: Mr. Choudhri, was there a hearing yesterday in front of Judge Aston about this case?

MR. CHOUDHRI: Your Honor, about this very matter -- this very case Judge Aston, her court said she's taking -- this matter -- this very matter that they're asking you to do under advisement. She's gotten some briefing. She's taking it under advisement. She's going to make a ruling. She made a ruling last night. She said it's a very serious and complicated issue, I'm not going to rush it. That's what she said last week. And what he says that we didn't argue -- it wasn't discussed -- it was actually -- they affirmatively -- there's a record.

THE COURT: No, I'm talking about yesterday. All I'm talking about is yesterday. Was there a hearing yesterday in this case before the ancillary court?

MR. CHOUDHRI: No, Your Honor, there was a ruling based on this very relief they sought from the judge. And the judge says I'm not taking -- I'm going to rule on -- I'm going to take it under advisement.

THE COURT: Okay.

MR. CHOUDHRI: Okay.

THE COURT: I appreciate everybody's

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

## REPORTER'S CERTIFICATE

THE STATE OF TEXAS )
COUNTY OF HARRIS )

I, Cynthia M. Grijalva, Official Court Reporter in and for the Harris District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $632.70 and was paid by Ali Choudhri.

WITNESS MY OFFICIAL HAND this the 7th day of September, 2026.

/s/ Cynthia M. Grijalva
_____________________________________
Cynthia M. Grijalva, Texas CSR 10996
Expiration Date: 4/30/2027
Official Court Reporter
127th District Court
Harris County, Houston, Texas
832-927-2530
cynthia_grijalva@justex.net

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk