# EXHIBIT 41

Demonstrative summary of Receiver Travis Vargo's testimony (slide presentation used at the Sept. 23, 2026 hearing on ECF No. 21), offered as a demonstrative aid only and not as substantive evidence

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

IN RE MCITBE LLC · NO. 26-32580-MVL11 · SEPTEMBER 23, 2026

# Did the Receiver Prove an MCITBE-Specific Chain of Authority?

Opposition to the Receiver’s Motion to Dismiss (ECF 21)

Unofficial Copy Office of Marilyn Burgess District Clerk

THE QUESTION BEFORE THE COURT

# What ECF 21 Requires the Receiver to Prove

To dismiss for lack of authority, the Receiver must connect every step — for MCITBE specifically:

1. Who owned MCITBE? → 2. Who held its management rights? → 3. Did Ali hold those rights? → 4. Did they pass to the Receiver? → 5. Who could authorize the petition?

## WHAT ECF 21 ASSERTS (ALLEGATIONS, NOT FINDINGS)

| | |
|---|---|
| **¶4** | "The Receivership Orders determined that MCITBE is a 'Choudhri LLC' …" |
| **¶13(a)** | "MCITBE is a Choudhri LLC owned solely by Choudhri." |
| **¶13(b)** | "Pursuant to the Authority Orders, Choudhri did not have the authority to authorize the filing of the bankruptcy proceeding for any Choudhri LLC." |
| **¶12** | "The burden to prove cause rests with the moving party …" |

*ECF 21 at 2, 6–7 (¶¶4, 12, 13). ECF 21 attaches the three authority orders and the Meandering Bend order; it attaches no declaration and does not mention Paul Cox, the Operating Agreement, or the List of Equity Security Holders (ECF 14).*

Unofficial Copy Office of Marilyn Burgess Dis

CONTROLLING TEXT — AMENDED RECEIVERSHIP ORDERS (ECF 20)

# What the Receivership Orders Actually Say

| Provision | Operative language | What it does |
|---|---|---|
| **¶2 · Who is bound** | "'Choudhri' as well as 'Debtor' refers to Defendant Ali Choudhri." D-Case ¶7: Debtors are Ali Choudhri, Dalio Holdings I and Dalio Holdings II. | MCITBE is not a judgment debtor in either order. |
| **¶8 · Receivership Assets** | "… includes all assets owned by Choudhri, except his ownership interests in any limited liability company." | LLC interests are carved out. ECF 21 ¶8 relies on this defined term. |
| **¶9 · "Choudhri LLC's"** | "each limited liability company in which Choudhri owns a membership interest, including but not limited to the following … n. MCITBE LLC" | A definition with an ownership test. It states no owner, member or percentage. |
| **¶18 · Charging order** | "charging order against all membership interests owned by Choudhri in the Choudhri LLC's …" — distributions due to Choudhri are paid to the Receiver. | Reaches distributions on interests Ali owns. |
| **¶20 · Management** | "All authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver …" | Transfers the Debtor's own authority. |
| **¶22(c) · Disputed property** | If disputed whether an asset is "property of Debtor (as opposed to a third-party)," custody "pending objections, if any, and/or adjudication by this Court." | Third-party ownership requires adjudication. |

*A-Case Amended Order (Apr. 9, 2025) ¶¶2, 8, 9, 18, 20, 22(c), ECF 20 at 5, 6, 8, 9, 10; D-Case Amended Order (Apr. 8, 2025) ¶¶7, 14, 16, 24, 26, ECF 20 at 21, 23, 25. Both orders end: "Any and all further relief not expressly stated herein is denied." (ECF 20 at 15, 31).*

EXHIBIT — CERTIFIED A-CASE AMENDED ORDER (DEBTOR EX. 18, ECF 175-17)

# The Signed Text: Who Is Bound, What Is Excluded, What Is Charged

Unofficial Copy Office of Marilyn Burgess Dis

**¶¶8–9 (MCITBE is item "n." in a definition)**

8) "Choudhri Receivership Assets" includes all assets owned by Choudhri, except his ownership interests in any limited liability company.

9) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):

a. ARABELLA PH 3201 LLC
b. 2727 Kirby 26L LLC
c. 9201 Memorial Drive LLC
d. 50BH Acquisition, LLC
e. BDFI LLC
f. Forest Legacy LLC
g. Jetall GP, LLC
h. Jetall Capital, LLC
i. Jetall Croix Properties LLC
j. JETALL/CROIX GP, LLC
k. JETALL CONSTRUCTION & DEVELOPMENT GP, INC.
l. Jetall Investment and Realty Inc
m. Meandering Bend LLC
n. MCITBE LLC
o. OTISCO RDX, LLC
p. Otisco Rdx
q. PBAC 507 Holdings LLC
r. Vanguard Realty Partners LLC
s. VGRP Holdings LLC
t. Milestone Capital CRE 1, LLC
u. Milestone Capital CRE 2, LLC
v. Milestone Capital CRE 3, LLC
w. QB Loop Property, LP
x. Memorial Glen Cove, LLC.

**¶2 — "Debtor" means Ali Choudhri**

record, T. Michael Ballases.

2) "Choudhri" as well as "Debtor" refers to Defendant Ali Choudhri, c/o of his attorney of record, Justin Rayome.

**¶18 — charging order on interests "owned by Choudhri"**

actual possession of them.

18) Charging Orders. Pursuant to Texas Business Organizations Code Section 101.112, the Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's (collectively, the "Companies"). All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full. Choudhri may not receive any payment from any of the Companies, directly or indirectly, until the Judgment is paid in full and/or without written consent from the Court. For the avoidance of doubt, the foregoing paragraph does not apply to the Bankrupt LLCs. As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable.

**Receiver's own filing in this Court (ECF 20 at 1 n.1)**

Case 26-32580-mvl11 Doc 20 Filed 07/07/26 Entered 07/07/26 15:30:37 Desc Main Document Page 1 of 37

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas.

*Highlighting added for this demonstrative. Same text at ECF 20 at 5, 6, 8. ECF 20 n.1: Vargo was appointed "Receiver of Ali Choudhri" in the A-Case and "of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC" in the D-Case.*

Unofficial Copy Office of Marilyn Burgess District Clerk

STEP 1 OF 5 — THE MCITBE CHAIN

# Step 1 — Who Owned MCITBE?

**1. Who owned MCITBE?** → 2. Who held its management rights? → 3. Did Ali hold those rights? → 4. Did they pass to the Receiver? → 5. Who could authorize the petition?

| Record documents identifying the member | What the Receiver relies on |
|---|---|
| **Operating Agreement §2.1:** "'Member' shall mean Shahnaz Choudhri, as the sole initial member"; §3.1: 100% (Receiver Ex. 2, ECF 165-2 at 5–6) | **¶9(n) listing:** MCITBE named in a definition that turns on whether "Choudhri owns a membership interest" (ECF 20 at 6) |
| **List of Equity Security Holders:** Shahnaz Choudhri, "Membership Interest — 100%," signed by Paul Cox, June 24, 2026 (ECF 14; Receiver Ex. 20) | **Public Information Reports 2021–2025:** Receiver Exs. 4–8 |
| **2023 Warranty Deed:** signed "SHAHNAZ CHOUDHRI, Sole Member"; acknowledged as "Sole Member of MCITBE, LLC" (Debtor Ex. 44, ECF 175-43 at 2–3) | **MCITBE Management LLC:** Ali signed its 2021 reinstatement as "Member" (Receiver Ex. 11); that entity is the manager named in MCITBE's certificate |
| **Members Resolution, Feb. 17, 2026:** signed "SHAHNAZ CHOUDHRI, Member (100%)" (Debtor Ex. 45, ECF 175-44 at 2) | **Secretary of State filings:** list Ali as a director of the Debtor, as SSBT notes (ECF 107 ¶3) |
| **SSBT, an adverse party:** "the Debtor's 100% equity interest holder, Ms. Shahnaz Choudhri" (ECF 107 ¶3) | **Counsel's statement (argument):** the Receivership Court "has identified MCITBE as a limited liability company solely owned by Ali Choudhri" (Aug. 18 Tr. 13:6–8) |

**The documents identified in this record reflect Shahnaz Choudhri as MCITBE's member. The Receiver has not identified an ownership instrument or an MCITBE-specific order establishing an Ali Choudhri membership interest.**

Unofficial Copy Office of Marilyn Burgess Dis

EXHIBIT — 2023 CLOSING DOCUMENTS AND SSBT TESTIMONY

# At SSBT's Own Closing: "Shahnaz Choudhri, Sole Member"

### Warranty Deed, Oct. 25, 2023 (ECF 175-43 at 1)

WARRANTY DEED WITH FIRST AND SECOND VENDOR'S LIEN

Texas Property Code Section 11.008.
CONFIDENTIAL INFORMATION IN REAL PROPERTY RECORDS

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Date: October 25, 2023

Grantor: MCITBE, LLC, a Texas limited liability company

Grantee: JETALL/CROIX PROPERTIES LP, a Texas limited partnership

### Grantor's signature (ECF 175-43 at 2)

By: S. Choudhri
SHAHNAZ CHOUDHRI, Sole Member

### Notarized acknowledgment (ECF 175-43 at 3)

COUNTY OF HARRIS §

This instrument was acknowledged before me on October 25, 2023, by SHAHNAZ CHOUDHRI, Sole Member of MCITBE, LLC, a Texas limited liability company, in said capacity.

ANNA MASON

### Gribble Dep. 113 (ECF 104-8 at 113)

Case 26-32580-mvl11 Doc 104-8 Filed 08/29/26 Entered 08/29/26 03:45:41 Desc Exhibit Exhibit 09 - Russell Gribble Deposition Page 113 of 183

RUSSEL GRIBBLE 97280 — May 12, 2026 — 113

Q. And is everything in it accurate as far as you know?
MR. AYCOCK: Objection. Form.
THE DEPONENT: As far as I know, yes, sir.
BY MR. YABLON:
Q. Who is the signature here?
A. I would like to pronounce it with respect, but I don't think that I can --
Q. That's okay.
A. I believe it's Shahnaz Choudhri.
Q. Okay.
A. Shahnaz --
THE REPORTER: I'm sorry, I didn't catch that, Mr. Gribble.
THE DEPONENT: Like I said, I would like to pronounce it respectfully, but I'm not sure how to pronounce it. So was it Shahnaz Choudhri?
BY MR. YABLON:
Q. All right. That's close enough for our purposes. And what is her -- what is her title?
A. She is the sole member of MCITBE, LLC.
Q. Okay. And this -- what is this document, basically, just in the one or -- one or two sentences, what is this?
A. This is the document that allowed them to grant us the first lien -- well, they took a second lien on the property.

**SSBT's branch president, examined on the deed:**
Q. "And what is her -- what is her title?"
**A. "She is the sole member of MCITBE, LLC." (113:18–20)**

"I believe the bank prepared this document." (114:7–8)

HUD-1: seller signed "Mcitbe LLC By: Shahnaz Choudhri, Member"; Ali Choudhri signed for the buyer, Jetall/Croix Properties (ECF 104-1 at 2).

*Gribble Dep. (May 12, 2026), No. 2026-22035, filed at ECF 104-8; the witness identified the deed (Pl.'s Dep. Ex. 4). Form objections appear at 113:2 and 114:6. Highlighting added.*

Unofficial Copy Office of Marilyn Burgess Dis

STEP 2 OF 5 — THE MCITBE CHAIN

# Step 2 — Who Held MCITBE's Management Rights on June 10, 2026?

1. Who owned MCITBE? → **2. Who held its management rights?** → 3. Did Ali hold those rights? → 4. Did they pass to the Receiver? → 5. Who could authorize the petition?

| Document | What it says | Status |
|---|---|---|
| **Certificate of Formation (Oct. 5, 2017) — Receiver Ex. 1** | "to be managed by managers"; manager: MCITBE Management LLC | Conflicts with the Operating Agreement |
| **Operating Agreement §5.1 — Receiver Ex. 2 at 7** | business "managed under the direction of, the Member" (Shahnaz Choudhri, §2.1) | Legal effect of the conflict is for the Court |
| **MCITBE Management LLC — Receiver Ex. 10** | charter forfeited Feb. 21, 2025 | — |
| **Members Resolution (Feb. 17, 2026) — Debtor Ex. 45** | "terminated all prior Managers"; names Paul Michael Cox Manager; covers loans and "matters related to the assets and or liabilities of the Company" | Does not mention bankruptcy |
| **Employment Agreement (eff. Feb. 17, 2026) — Debtor Ex. 46** | Cox employed as "Manager of Company," reporting to its owner, Shahnaz Choudhri | — |
| **Manager's Resolution — ECF 83-1; Receiver Ex. 34** | "The Managers resolve that the Company shall enter into a Chapter 11 Bankruptcy"; dated "7th day of June 2026"; manager name interlineated "Paul Cox 8.24.26" | Manager's, not member's, resolution; filed Aug. 25, 2026 |
| **Voluntary Petition (June 10, 2026) — ECF 1** | signed "/s/ Paul Cox … Manager" | Shahnaz states she authorized the filing (ECF 132 ¶9) |

**Unresolved: who authorized the filing under MCITBE's own governance documents. That is a question about MCITBE — the receivership orders do not answer it.**

Unofficial Copy Office of Marilyn Burgess Dis

STEP 3 OF 5 — THE MCITBE CHAIN

# Step 3 — What MCITBE Authority Did Ali Himself Hold?

1. Who owned MCITBE? → 2. Who held its management rights? → **3. Did Ali hold those rights?** → 4. Did they pass to the Receiver? → 5. Who could authorize the petition?

## WHAT THE RECORD SHOWS

- The Operating Agreement vests management in "the Member," defined as Shahnaz Choudhri (§§2.1, 5.1).
- The 2023 closing: Shahnaz signed for MCITBE; Ali signed for the buyer (ECF 175-43; ECF 104-1 at 2).
- Ali signed MCITBE Management LLC's 2021 reinstatement as "Member" (Receiver Ex. 11); that entity was forfeited Feb. 21, 2025 (Receiver Ex. 10).
- Secretary of State filings list Ali as a director (ECF 107 ¶3).

## WHAT ECF 21 WOULD REQUIRE

- An instrument or order showing that, on June 10, 2026, Ali held a membership interest in MCITBE or a right to manage it or authorize its bankruptcy.
- Compare RIC (Lavernia): the court applied ¶20 because Choudhri himself claimed to act "as managing member" of Milestone and Otisco (ECF 304 at 7 n.7).
- No such claim or instrument concerning MCITBE has been identified in this record.

**Unresolved factual issue: the weight of the MCITBE Management LLC and Secretary-of-State evidence. The Receiver bears the burden of connecting it to a management right Ali held on June 10, 2026.**

Unofficial Copy Office of Marilyn Burgess Dis

STEP 4 OF 5 — THE MCITBE CHAIN

# Step 4 — What Authority Could Pass to the Receiver?

1. Who owned MCITBE? → 2. Who held its management rights? → 3. Did Ali hold those rights? → **4. Did they pass to the Receiver?** → 5. Who could authorize the petition?

### THE ORDER

¶20: "All authority and power of Debtors to manage and operate the businesses of Debtors … is vested in the Receiver."

¶8 excludes "his ownership interests in any limited liability company." ¶18 reaches distributions.

ECF 20 at 6, 8, 9

### THE PRIOR ORDER VARGO CITES

"the Court is not saying the Amended Orders give the Receiver all rights to manage and operate Milestone and Otisco …. Rather, the Receiver has, exclusive of the judgment debtors only, all rights that the judgment debtors have to manage and operate" them.

RIC (Lavernia), ECF 304 at 6–7 n.7 (Vargo Ex. 43)

### TEXAS LLC LAW

(b) the judgment creditor "has only the right to receive any distribution to which the judgment debtor would otherwise be entitled";
(d) a charging order "is the exclusive remedy";
(f) no right "to obtain possession of … the property of the limited liability company."

Tex. Bus. Orgs. Code § 101.112(b), (d), (f)

**The Receiver succeeds to rights Ali had. If no MCITBE governance right of Ali's is shown, ¶20 has nothing to transfer as to MCITBE.**

*Both prior authority orders by Judge Bradley likewise state that "the Choudhri LLCs are exempt from turnover in the Amended Orders" (ECF 784 at 8 n.36; ECF 996 at 8 n.36).*

Unofficial Copy Office of Marilyn Burgess Dis

SWORN TESTIMONY AND THE RECEIVER'S OWN STATEMENTS

# How the Receiver Himself Described His Authority

### Apr. 3, 2025 · Sworn

*Before Judge Robinson*

"This order does not turn over his LLC interest to me." (21:17–19)

"I have a right to his distributions only." (35:6)

**Debtor Ex. 35 (ECF 175-34)**

### Apr. 4, 2025 · Email

*To Kell Mercer, about three other LLCs*

"I read and the law is that Receiver has a charging order over the LLCs only. … I am allowed to monitor."

**ECF 104-15 at 1**

### Mar. 3, 2026 · State court

*Receiver's response, No. 2012-27197-D*

"While there is not a similar express turnover of MCITBE LLC's ownership and control authority to Receiver, the orders of this court and the related federal court orders also operate to give Receiver control over that entity."

**Response at 1, ¶1 (quoted at ECF 126 ¶36)**

### July 14, 2026 · This Court

*ECF 21 ¶11*

MCITBE is a "Choudhri LLC" over which the Receiver has "exclusive authority and control."

**ECF 21 at 6**

**Same April 3 hearing, stated fairly:** Vargo agreed that "Choudhri's membership interest in Texas REIT is an asset of the receivership" (37:13–17), and called it "an interest in so far as it's his entitlement to distributions" (28:3–7). That testimony concerned the original order; the amended orders kept the ¶8 carve-out and the ¶18 charging order.

**The Receiver's own March 2026 statement: no "express turnover of MCITBE LLC's ownership and control authority."**

Unofficial Copy Office of Marilyn Burgess District

EXHIBIT — APRIL 3, 2025 TRANSCRIPT (DEBTOR EX. 35, ECF 175-34) AND ECF 104-15

# The Testimony and the Email, as Filed

### Tr. 22:19–22

THE COURT: Okay. So you're not taking the position that this order allows you to take possession of Mr. Choudhri's LLC interest in Texas REIT, this, right?

MR. VARGO: Correct.

### Tr. 27:1–6

at the time, and the relevance of paragraph 18 is that I'm not taking the position that I have a turnover of the membership units of any LLC that Mr. Choudhri owns, that there's only a charging order against that, and I'm entitled to distributions from his LLC interests to the extent that they're made. That's the point of paragraph 18.

The email lists Milestone Capital CRE 1, Galleria Loop Noteholder and BDFI — not MCITBE. It is offered for the Receiver's own reading of the orders: "a charging order over the LLCs only."

### Vargo to Kell Mercer, Apr. 4, 2025, 10:20 a.m. (ECF 104-15 at 1)

Case 26-32580-mvl11 Doc 104-15 Filed 08/28/26 Entered 08/29/26 03:45:41 Desc
Exhibit Exhibit 16 - Vargo Emails Regarding Charging Order Page 1 of 25

---------- Forwarded message ---------
From: **Travis Vargo** <tvargo@vargolawfirm.com>
Date: Fri, Apr 4, 2025 at 10:20 AM
Subject: RE: Receivership Issues
To: Kell Mercer <kell.mercer@mercer-law-pc.com>

Kell,

The Order speaks for itself. However, I read and the law is that Receiver has a charging order over the LLCs **only**. I do **not** direct the acts and conduct of following entities and their lawyers:

1. Milestone Capital CRE 1, LLC
2. Galleria Loop Noteholder, LLC
3. BDFI, LLC

I am allowed to monitor. Two cases on point are Klinek (672 SW3d 830) and Pajooh (518 SW3d 557). To that end, at your earliest convenience, please kindly provide me copies of the governance documents for these entities.

### Tr. 35:1–6 (as filed at ECF 126 at 61 of 76)

Case 26-32580-mvl11 Doc 126 Filed 09/04/26 Entered 09/04/26 16:51:25 Desc
Main Document Page 61 of 76

35

Choudhri's LLC's show me each limited liability company in which he owns a membership interest. So again, I don't know the difference between 11 and 12, but it looks like to me that you have a right to exercise rights over Mr. Choudhri's membership interest in Texas REIT, correct?

MR. VARGO: I have a right to his distributions only.

*In re Texas REIT, LLC, No. 24-10120, Adv. No. 24-01045 (Bankr. W.D. Tex. Apr. 3, 2025). Highlighting as filed or added for this demonstrative.*

Unofficial Copy Office of Marilyn Burgess District Clerk

PRIOR BANKRUPTCY ORDERS — FROM THE ORDERS THEMSELVES

# What the Prior Authority Orders Actually Decided

| Order | Holding | Entity-specific predicate | MCITBE |
|---|---|---|---|
| **Texas REIT, ECF 784 (Oct. 17, 2025) — Ex. 42** | "The Receiver also has explicit authority to litigate on behalf of both Ali Choudhri and Dalio Holdings I, LLC. This authority is exclusive." (p. 8) | Dalio I is itself a named "Debtor" in the D-Case order (p. 6). | Not mentioned. MCITBE is not a judgment debtor. |
| **1001 WL, ECF 996 (Oct. 17, 2025) — Ex. 41** | Receiver's power "includes Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC ... This authority is exclusive." (p. 8) | "Choudhri owns a membership interest" in those LLCs (p. 7) — n.33 relies on the ¶9 lists and Receiver's Ex. 8; no response filed for the LLCs (p. 2). | Not mentioned. Here ownership is contested by the Operating Agreement, equity list and member resolution. |
| **RIC (Lavernia), ECF 304 (Oct. 17, 2025) — Ex. 43** | "The Receiver has exclusive authority to represent the interests of Milestone, Otisco, and Mr. Choudhri in this case." (p. 8) | Choudhri's own claim to act "as managing member"; Receiver holds only "all rights that the judgment debtors have" (n.7). | Not mentioned. No Ali management claim as to MCITBE identified. |
| **Meandering Bend, ECF 125 (Dec. 5, 2025) — Ex. 44** | Dismissed for cause under § 707(a) (p. 2). | "a single member limited liability company owned solely by Ali Choudhri" (¶1), on "the evidence" and "the reasons set forth on the record" (p. 1). | Not mentioned. No comparable MCITBE finding exists. |

**Stated fairly:** Texas REIT, 1001 WL and RIC also found the amended orders were not appealed and, alternatively, not superseded by a court-approved supersedeas. Each applied the orders to the entities and record before that court.

Unofficial Copy Office of Marilyn Burgess Dis

PRIOR ORDERS — THEIR LIMITS

# What No Prior Order Decided About MCITBE

**NONE OF THE FOUR BANKRUPTCY ORDERS DECIDED**

- Who owned MCITBE on June 10, 2026
- How MCITBE's conflicting governance documents operate
- The effect of the February 2026 Cox appointment
- What MCITBE management right, if any, Ali held
- Who could authorize MCITBE's June 10 petition

*All four predate the February 2026 appointment and the petition; none mentions MCITBE.*

**APRIL 16, 2026 — JUDGE WILSON (NO. 2012-27197-A)**

- Denied Ali's four motions, including removal of the Receiver, Rule 12 show-authority relief, and the requested hearing and discovery: "These motions are DENIED."
- No findings of fact, conclusions of law, or reasons.
- The denied motion alleged that the Receiver acted against non-debtor LLCs "(e.g., Memorial Glen Cove, LLC, MCITBE, LLC)"; the order does not address that allegation or make any MCITBE finding.

*Cert. Doc. 126222893; not among the exhibits on this Court's docket.*

**Each ruling applied the orders to a predicate specific to the entity before that court. Whether the corresponding predicate exists for MCITBE must be proved on this record.**

*Vargo Exs. 41–44 (ECF 165-39 to 165-42). Motion to Remove Receiver, Doc. 126113090 at 2 (unstamped copy at ECF 104-16 at 19).*

Unofficial Copy Office of Marilyn Burgess District Clerk

THE MISSING MCITBE-SPECIFIC ORDER

# Asked for the Order That "Determined" MCITBE's Ownership

**ECF 21 ¶9**
refers to "the Receivership Court's determination that MCITBE is an LLC owned and controlled by Ali Choudhri."

**Aug. 18 Tr. 12:18–19 (Receiver's counsel)**
"we at this point in time have no idea who actually is the member of this LLC …"

**Aug. 18 Tr. 13:6–8 (same counsel)**
"the Receivership Court has identified MCITBE as a limited liability company solely owned by Ali Choudhri."

**Aug. 18 Tr. 15:10–12 (same counsel)**
"Shahnaz Choudhri, the putative sole member of this proceeding, of MCITBE."

**Sept. 2, 2026 request (ECF 122 § VI(b))**
"Identify, by cause number, date, and paragraph, any order they contend contains that determination …"

**Response, Sept. 3, 2026, 5:32 p.m. (ECF 126, Ex. C)**

Thank you,

Ali Choudhri

On Thu, Sep 3, 2026 at 5:44 PM Ali Choudhri <ali@jetallcapital.com> wrote:
Ms Lutrell

Please send me the order (orders) you rely on that give Mr Vargo the control and authority over Jetall Croix (borrower) and MCITBE, LLC (debtor) and the 2232 Swift Blvd property

Thank you

On Thu, Sep 3, 2026 at 5:32 PM Leslie Luttrell <Luttrell@lclawgroup.net> wrote:

Mr. Choudhri, the Receivership Orders and the orders referenced in the Notice of Receivership speak for themselves.

Regards,

Doc 126 Filed 09/04/26 Entered 09/04/26 16:51:25 Main Document Page 24 of 76

**The answer:** "Mr. Choudhri, the Receivership Orders and the orders referenced in the Notice of Receivership speak for themselves."

**The orders do speak for themselves: ¶9 defines "Choudhri LLC's" by ownership, ¶8 excludes LLC interests, and no paragraph finds who owns MCITBE.**

*Debtor Ex. 22 (ECF 175-21), Aug. 18, 2026 Tr. 12:18–19, 13:6–8, 15:10–12. ECF 21 at 5 (¶9). ECF 122 at 4; ECF 126, Ex. C.*

Unofficial Copy Office of Marilyn Burgess Dis

THE MISSING BRIDGE

# Where the Chain of Authority Stands on This Record

| Step | What the record shows | Status |
|---|---|---|
| **1. Who owned MCITBE?** | Operating Agreement, equity list, 2023 deed and member resolution identify Shahnaz Choudhri; the Receiver relies on the ¶9(n) listing and MCITBE Management LLC / SOS evidence. | No Ali ownership instrument or MCITBE-specific order identified |
| **2. Who held its management rights?** | Certificate (manager-managed) conflicts with the Operating Agreement (member-managed); member resolution names Cox manager. | Disputed — for the Court on MCITBE's documents |
| **3. Did Ali hold those rights?** | No instrument or claim by Ali to manage MCITBE identified; Receiver cites the MCITBE Management LLC and director listings. | Not shown on this record |
| **4. Did they pass to the Receiver?** | ¶20 passes the Debtor's authority; ¶8 excludes LLC interests; ¶18 reaches distributions; RIC n.7 limits the Receiver to the judgment debtor's rights. | Depends on Step 3 |
| **5. Who could authorize the petition?** | Petition signed by Cox as Manager; Shahnaz states she authorized it; manager's resolution dated June 7 with an Aug. 24 interlineation. | Disputed — an MCITBE governance question |

**The Court does not need to revisit the receivership. It needs to decide whether the evidence proved the specific chain of authority required to dismiss MCITBE's case.**

Unofficial Copy Office of Marilyn Burgess District Clerk

11 U.S.C. § 1112(B) — ONLY AFTER AUTHORITY

# Cause Under § 1112(b) Depends on the Same Chain

**WHAT ECF 21 ALLEGES**

- Lack of authority (¶13) — which rests on Steps 1–5.
- Bad faith (¶¶9–10) — described in terms of removals and other litigation conduct attributed to Ali Choudhri and his counsel.
- The movant bears the burden (¶12). Cause may include bad faith, In re Little Creek Dev. Co., 779 F.2d 1068, 1072–73 (5th Cir. 1986); Krueger v. Torres (In re Krueger), 812 F.3d 365, 370 (5th Cir. 2016) (§ 707(a)).

**MCITBE RECORD FACTS**

- Formed Oct. 5, 2017 (Receiver Ex. 1).
- Took title to 2232 Swift Blvd. by substitute trustee's deed, Mar. 3, 2026, recorded RP-2026-91935 (Receiver Ex. 54).
- Amended schedules list the property at $3,170,000 and scheduled secured claims of $2,417,546 (Receiver Exs. 36–37).
- Schedules, statement of financial affairs and monthly operating reports are on file (Receiver Exs. 21, 27, 36–39, 63–64).

**Allegations about Ali Choudhri's litigation conduct are not findings about MCITBE. If the authority chain is not proved, the "lack of authority" cause fails with it.**

*ECF 21 at 5–7. 11 U.S.C. § 1112(b)(1) (dismissal "on request of a party in interest … for cause," as in "the best interests of creditors and the estate").*

Unofficial Copy Office of Marilyn Burgess Dis

REQUESTED RULING

# Deny ECF 21: The MCITBE-Specific Chain Was Not Proved

1. Find that the documents in this record identify Shahnaz Choudhri as MCITBE's member, and that no ownership instrument or MCITBE-specific order establishing an Ali Choudhri membership interest has been identified.

2. Find that the receivership orders transfer the Debtor's own authority (¶¶2, 8, 18, 20), and that no MCITBE management right held by Ali on June 10, 2026 was shown.

3. Decide who could authorize the petition from MCITBE's own governance evidence — not by extending orders that name only Ali Choudhri, Dalio Holdings I and Dalio Holdings II as debtors — and find no cause under § 1112(b).

*The threshold party-in-interest objection (ECF 121; ECF 132) is preserved. The Court need not reach it to deny the motion on this record.*

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX

# Supporting Slides

Parties · threshold objection · additional testimony · recorded notice · procedural and appellate history · record index

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX

# Keep the Parties — and the Authority — Distinct

**MCITBE LLC** — the Chapter 11 debtor. The issue is who had authority to act for MCITBE on June 10, 2026.

**Shahnaz Choudhri** — identified in the filed record as MCITBE's 100% member. Her rights are not Ali's rights.

**Ali Choudhri** — the judgment debtor. Authority passing to the Receiver through Ali depends on authority Ali actually held in MCITBE.

**Travis Vargo** — Receiver of Ali Choudhri (A-Case) and of Ali, Dalio Holdings I and Dalio Holdings II (D-Case) (ECF 20 at 1 n.1).

Unofficial Copy Office of Marilyn Burgess District Clerk

APPENDIX — THRESHOLD OBJECTION (LEGAL ARGUMENT)

# Is the Receiver a "Party in Interest" Under § 1112(b)(1)?

**THE STATUTE**

- § 1112(b)(1): the court acts "on request of a party in interest."
- § 1109(b): "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee …"
- Whether the Receiver holds any claim, lien or equity interest in MCITBE is addressed in ECF 121 and ECF 132.

**BY ANALOGY ONLY**

"The order must burden his pocket before he burdens a docket." In re Technicool Sys., Inc., 896 F.3d 382, 386 (5th Cir. 2018).

*Technicool applies the "person aggrieved" test for appellate standing; it is offered only to illustrate the need for a direct pecuniary stake.*

**Raised in ECF 121 and ECF 132. The merits presentation does not depend on it.**

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX — APRIL 3, 2025 TRANSCRIPT (DEBTOR EX. 35, ECF 175-34)

# The Receiver on the Order's Own Terms

### Tr. 30:16–25 — on the term "receivership assets" (as filed at ECF 126)

I couldn't find that defined definition anywhere in there. So what does receivership assets mean? You're the receiver. The debtors, including Choudhri, are directed to deliver receivership assets to you. What are the receivership assets?

MR. VARGO: I believe that term is left over from the forms that I had given to Mr. Funk once upon a time. And it appears, and I'm speculating, that Mr. -- that someone at Mr. Funk's firm, in the edits started using the term Dalio receivership assets, because I don't recognize anything in that section.

### Tr. 50:1–13 — "the defined debtors in this order" (as filed at ECF 126)

Case 26-32580-mvl11 Doc 126 Filed 09/04/26 Entered 09/04/26 16:51:25 Desc Main Document Page 69 of 76

50

that though, does it?

MR. VARGO: No, it does not.

THE COURT: Okay. So your position is it would mean real property of the debtors, which is Mr. Choudhri, Dalio I or Dalio II.

MR. VARGO: The defined debtors in this order. Yes.

THE COURT: Yes. But it doesn't say all real property sales of property of the debtors must be individually ordered after notice and hearing. So there's some vague and ambiguity to that paragraph 35. Would you agree with me on that? You don't have to agree.

MR. VARGO: It's definitely vague. We're going to agree there.

**30:20–25:** "I believe that term is left over from the forms that I had given to Mr. Funk once upon a time. ... I don't recognize anything in that section."
**50:3–6:** The Court: "real property of the debtors, which is Mr. Choudhri, Dalio I or Dalio II." Vargo: "The defined debtors in this order. Yes."

*The testimony concerned the original (March 31 / April 1, 2025) orders; counsel for the creditor promised an amended order (52:11–23).*

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX — RECORDED INSTRUMENT

# The Notice of Receivership Compared With the Orders

**NOTICE OF RECEIVERSHIP, RP-2026-38584 (REC. FEB. 3, 2026)**

"Pursuant to the foregoing orders, all of the judgment debtors' non-exempt property is held in custodia legis and turned over to the Receiver, including all rights and control to MCITBE, LLC …"

*Signed by Travis B. Vargo, Court Appointed Receiver; acknowledged Feb. 2, 2026.*

**THE ORDERS AND HIS LATER STATEMENT**

- ¶8: Receivership Assets exclude "his ownership interests in any limited liability company."
- Mar. 3, 2026: "there is not a similar express turnover of MCITBE LLC's ownership and control authority to Receiver …"

**A notice recorded by the Receiver is not an order of the Receivership Court.**

*Certified copy at ECF 122, Ex. C, at 19–22. ECF 20 at 6; Receiver's Response, No. 2012-27197-D, at 1 (Mar. 3, 2026).*

Unofficial Copy Office of Marilyn Burgess District Clerk

APPENDIX — STATE-COURT PROCEDURAL HISTORY

# How the Receivership Orders Developed

1. Mar. 21, 2025: the A-Case motion adopted the D-Case Second Application (attached as Ex. A). TRCP 58 permits incorporation by reference.
2. Mar. 31 / Apr. 1, 2025: original D- and A-Case receiver orders signed.
3. Apr. 3, 2025: Judge Robinson raised bankruptcy-jurisdiction concerns about the original order language; counsel said it would be corrected (Tr. 52:11–23).
4. Apr. 8 (D) / Apr. 9 (A), 2025: amended orders added bankruptcy carveouts and entity-specific limits, and preserved Bankruptcy Court jurisdiction.
5. July 2025 onward: Receiver motions sought to confirm authority over particular LLCs, set for hearing entity by entity.

*Source: 2012-27197-A Receivership Chronology (rev. Sept. 17, 2026) and the documents it cites.*

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX — APPELLATE HISTORY

# The Receivership Orders Were Not Affirmed on Their Merits

### A CASE — 14-25-00308-CV

- April 1 original receiver order appealed.
- Apr. 29, 2025 notice identifies the receiver order signed April 9, 2025.
- Dismissed Oct. 7, 2025 for want of prosecution.
- No merits determination of the orders' validity or scope.

### D CASE — 14-25-00309-CV

- March 31 original receiver order appealed.
- Apr. 28, 2025 notice identifies the receiver order signed April 8, 2025.
- Dismissed Oct. 7, 2025 for want of prosecution.
- No merits determination of the orders' legality or scope.

**Distinct from the March 10, 2026 ruling** (14-24-00057-CV; 14-25-00614-CV), which affirmed the final judgment, rejected the recusal/transfer theory and denied mandamus because an adequate remedy by appeal existed. The prior authority orders treated the amended orders as not appealed and, alternatively, not superseded.

Unofficial Copy Office of Marilyn Burgess Dis

APPENDIX

# Record Index

| Slide | Record source | Where |
|---|---|---|
| **2** | ECF 21 ¶¶4, 9, 11, 12, 13 | This Court's docket |
| **3–4** | A-Case Amended Order (Apr. 9, 2025); D-Case Amended Order (Apr. 8, 2025); ECF 20 n.1 | ECF 20; certified copies Debtor Exs. 18–19 (ECF 175-17, 175-18) |
| **5–8** | Operating Agreement; Certificate; MCITBE Management LLC records; PIRs; equity list | Receiver Exs. 1–2, 4–11, 20 (ECF 165) |
| **5–7** | Warranty deed; members resolution; Cox employment agreement; SSBT pleading | Debtor Exs. 44–46 (ECF 175-43 to 175-45); ECF 107 |
| **6** | Gribble Dep. 113–114 (May 12, 2026); HUD-1 | ECF 104-8; ECF 104-1 at 2 |
| **7** | Manager's resolution; petition; Shahnaz joinder | ECF 83-1 (Receiver Ex. 34); ECF 1; ECF 132 |
| **10–11** | Apr. 3, 2025 transcript; Apr. 4, 2025 email; Mar. 3, 2026 response | Debtor Ex. 35 (ECF 175-34); ECF 104-15; ECF 126 ¶36 |
| **12–13** | ECF 784, 996, 304, 125; Apr. 16, 2026 order | Receiver Exs. 41–44 (ECF 165-39 to 165-42); Cert. Doc. 126222893 |
| **14** | Aug. 18, 2026 transcript; Sept. 2–3 correspondence | Debtor Ex. 22 (ECF 175-21); ECF 122; ECF 126, Ex. C |
| **16** | Formation; substitute trustee's deed; amended schedules; MORs | Receiver Exs. 1, 21, 27, 36–39, 54, 63–64 |