# EXHIBIT 51

Comparison of WC 4th & Colorado, LP v. Colorado Third Street, LLC, No. 14-22-00764-CV (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) with the record in this case (demonstrative)

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 51 — DEMONSTRATIVE

**Comparison of *WC 4th & Colorado, LP v. Colorado Third Street, LLC*, No. 14-22-00764-CV (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (op. on reh'g), with the Record in Cause No. 2023-84714**

| Issue | WC 4th & Colorado (Apr. 29, 2025) | This record (Cause No. 2023-84714 and the A/D receivership) |
|---|---|---|
| Author and timing | Opinion on rehearing by Justice Randy Wilson (panel: Justices Jewell and Wilson). Issued April 29, 2025. | Justice Wilson, sitting by assignment in the 333rd, signed the receivership orders March 31–April 1, 2025, four weeks before WC 4th. The Receiver confirmed under oath that the author is the same judge and that the opinion post-dates the orders. (Ex. 50 at 141:14–21, 142:10–15.) |
| Governing rule on receiver authority | "A receiver has only that authority conferred by the Court's order appointing him." (citing *Ex parte Hodges*, 625 S.W.2d 304, 306 (Tex. 1981)). | Same rule applies. The authority is defined by Justice Wilson's own orders. (Ex. 38.) |
| What the receivership order granted | Receivership order over WCCG granted "broad authority to seize, manage, and operate entities in which WCCG had an ownership interest," plus express authority over WCCG's real property, causes of action, and contract rights. Court held the receiver acted "within the Receivership Order's plain-language grant of authority." | ¶ 8: receivership assets are "all assets owned by Choudhri, except his ownership interests in any limited liability company." ¶ 18: a charging order against membership interests. The plain language withholds the LLC interests. (Ex. 38 ¶¶ 8, 18; Ex. 50 at 162:18–21, 170:14–21.) |
| Default rule | A charging order is the exclusive remedy of a judgment creditor against a member's or partner's interest. Tex. Bus. Orgs. Code §§ 101.112(d), 152.101. | Same statutory rule. The order itself adopts it by granting a charging order in ¶ 18. |
| Exception applied | *Heckert* exception adopted: charging order not exclusive where the entity is not an operating business and no party's interest would be disrupted. Applied on a record in which the trial court held an evidentiary hearing and WC 4th failed to show other affected parties. | The order does not invoke any exception; it grants a charging order. The Receiver invokes WC 4th to reach beyond ¶ 18. (Ex. 50 at 172:3–9.) Whether any Choudhri LLC is non-operating and whether third-party interests would be disrupted is contested. |
| Receiver's own account of his authority | Receiver claimed authority to control WC 4th and settle its suit. | April 3, 2025, under oath: "not seeking to control" Choudhri's LLC interests; "I have a right to his distributions only." (Ex. 44 at 19:19–23, 27:1–6, 27:24–28:2, 35:6.) April 4, 2025 email: charging order only. (Ex. 14.) Since WC 4th issued, he has not repeated his earlier single-member-LLC representation. (Ex. 50 at 142:16–20.) |
| What the receiver did with | Appeared for WC 4th, replaced its counsel, settled, and | Consented, in Choudhri's name, to a proposed $42,371,306.88 |

Unofficial Copy Office of Marilyn Burgess District Cle

| **Issue** | **WC 4th & Colorado (Apr. 29, 2025)** | **This record (Cause No. 2023-84714 and the A/D receivership)** |
|---|---|---|
| the authority | dismissed its claims. | judgment against Choudhri personally and Galleria Loop Note Holder, LLC. (Ex. 9.) Caused PBAC 507, LLC to sue as co-plaintiff with the judgment creditor through the creditor's counsel. (Ex. 36.) Recorded a notice claiming control of MCITBE, LLC. (Ex. 43.) |
| Relevance of the exception to personal liability | Addresses turnover of an entity interest. Does not address a receiver's authority to consent to a judgment against the debtor personally. | The $42 million judgment would run against Choudhri personally. WC 4th does not speak to that authority. |
| Basis for ownership | Evidence supported the finding that WCCG owned or managed WC 4th. | Asked what showed Choudhri owned MCITBE: "I'm relying upon Judge Wilson's orders." (Ex. 50 at 178:14.) |
| Who decides whether WC 4th extends the orders | N/A | The same judge who signed the orders and authored WC 4th, while his orders are on appeal in his own court (No. 14-26-00804-CV). |

This chart is a demonstrative aid summarizing the opinion and the cited exhibits. The opinion and exhibits control. Transcript citations are to the certified September 23, 2026 transcript (Ex. 50) and the April 3, 2025 transcript (Ex. 44).