9/30/2026 1:55 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 120589913
By: Jessica Pannell
Filed: 9/30/2026 1:55 PM

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP,<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| v. | § | HARRIS COUNTY, TEXAS |
| GALLERIA LOOP NOTE HOLDER, LLC AND ALI CHOUDHRI,<br>Defendants. | § | 333RD JUDICIAL DISTRICT |

# DEFENDANT ALI CHOUDHRI'S VERIFIED MOTION TO RECUSE AND DISQUALIFY JUDGE RANDY WILSON, JUDGE RABEEA SULTAN COLLIER, AND REGIONAL PRESIDING JUDGE SUSAN BROWN, AND REQUEST FOR REFERRAL TO THE CHIEF JUSTICE

TO THE HONORABLE REGIONAL PRESIDING JUDGE, OR THE JUDGE ASSIGNED TO DECIDE THIS MOTION:

Defendant Ali Choudhri ("Choudhri"), appearing pro se, files this Verified Motion under Texas Rules of Civil Procedure 18a and 18b and Article V, Section 11 of the Texas Constitution, and moves to recuse and disqualify (1) the Honorable Randy Wilson, assigned to Cause No. 2023-84714 by Assignment No. 5124; (2) the Honorable Rabeea Sultan Collier, who signed the September 14, 2026 order transferring Cause No. 2023-84714 to the 333rd District Court; and (3) the Honorable Susan Brown, Presiding Judge of the Eleventh Administrative Judicial Region, who signed Assignment No. 5124.

Because this Motion is directed in part at the regional presiding judge, Choudhri requests that Judge Brown exercise the option provided by Rule 18a(g)(1) to refer the motion directed to her to the Chief Justice of the Supreme Court of Texas for consideration, and that the recusal issues be decided by a judge outside the challenged transfer-and-assignment sequence. This Motion also formalizes the written notice Choudhri gave the Harris County District Clerk at 1:47 p.m. on September 14, 2026 concerning Judge Collier and Judge Brown. Choudhri files the Motion in the 333rd District Court without waiving his objection to the September 14 transfer.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I. SUMMARY

On August 20, 2026, the 80th District Court denied TIG Romspen's motion to transfer Cause No. 2023-84714 to the 333rd District Court and ordered that the case remain in the 80th District Court. On September 14, 2026, Administrative Judge Rabeea Sultan Collier signed a separate administrative transfer order moving the case to the 333rd District Court, citing Harris County Local Rule 3.2 and Cause No. 2012-27197-A as a related case. No new party-filed motion to transfer, notice, or hearing after the August 20 denial has been identified in the reviewed record. The same day, Judge Collier also transferred Cause No. 2026-63841, Choudhri's suit to stop the seizure of his residence, from the 133rd District Court, and Cause No. 2026-59605, Choudhri's earlier suit concerning the same residence, from the 127th District Court, both to the 333rd District Court. On September 16, Regional Presiding Judge Susan Brown signed Assignment Nos. 5124, 5125, and 5126 assigning Justice Randy Wilson to all three transferred matters.

Two further facts sharpen that sequence. First, the residence at the center of the transferred matters, 4521 San Felipe Street, Unit 3201, is subject to recorded claims by Osama Abdullatif, the judgment creditor for whom the receiver collects in the "related case," and by Omar Khawaja. Second, when Receiver Travis Vargo seized Unit 3201 on September 15, Judge Wilson took part by email as it happened, giving him personal knowledge of facts now in dispute.

Choudhri seeks recusal of each respondent judge and disqualification of Judge Collier under Article V, Section 11 and Rule 18b(a)(1), and preserves disqualification as to each. The present motion relies on that documented sequence, Judge Wilson's role as the appointing judge of Receiver Travis Vargo and his real-time direction of the September 15 seizure, and Judge Collier's documented prior representation of a party adverse to a Choudhri-affiliated company. It does not rely on allegations concerning family relationships or post-bench legal services. Its only allegation concerning communications to which Choudhri was not a party is stated on information and belief in Paragraph 30, with the specific basis Rule 18a(a)(4) requires.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. TIMELINESS AND PROMPT NOTICE

1. On September 14, 2026, Choudhri learned that Judge Collier had transferred Cause No. 2026-63841 to the 333rd District Court. The court records reviewed also show that Judge Collier signed a transfer order that day in Cause No. 2023-84714.

2. At 1:47 p.m. the same day, Choudhri emailed Davia Ford of the Harris County District Clerk's office regarding Cause No. 2026-63841. He stated that he was moving to recuse and disqualify Judge Collier and Regional Presiding Judge Brown, that a more substantive verified motion would follow, and that he was asking the Clerk to make both judges aware. He also requested that Judge Collier and anyone involved preserve all emails, WhatsApp messages, text messages, and other evidence. See Exhibit 1. Exhibit 1 is offered to show the date, time, and substance of the notice given. The grounds on which Choudhri relies are those stated and verified in this Motion.

3. On September 16, 2026, Judge Brown signed Assignment Nos. 5124, 5125, and 5126 assigning Judge Wilson to Cause Nos. 2023-84714, 2026-63841, and 2026-59605. See Exhibits 5, 6, and 48.

4. This Motion is filed on September 28, 2026, fourteen days after the September 14 transfer orders and twelve days after the September 16 assignments. Choudhri gave written notice of the recusal issue concerning Judge Collier and Judge Brown on September 14. The next morning he and his mother were removed from their residence (¶ 25), and he has since continued gathering the transfer, assignment, appellate, recorded-instrument, and email records needed to state the grounds with particularity. To Choudhri's knowledge, no trial or hearing is set in Cause No. 2023-84714 within ten days of the filing of this Motion. Rule 18a(b)(1)(A) requires a recusal motion to be filed as soon as practicable after the movant knows of the stated ground; a motion to disqualify is governed separately by Rule 18a(b)(2).

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. FACTS

### A. The Denied Transfer

5. Cause No. 2023-84714, *TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC and Ali Choudhri*, was filed on December 8, 2023 in the 80th District Court.

6. On December 19, 2025, TIG Romspen moved for entry of a stipulated judgment of $42,371,306.88 against Galleria Loop Note Holder, LLC and Choudhri personally. See Exhibit 9. The proposed judgment does not rest on any stipulation by Choudhri. It recites that the defendants stipulate "by and through Travis Vargo as state court-appointed receiver." Choudhri never authorized Mr. Vargo, his counsel, or TIG Romspen's counsel to agree to that judgment on his behalf, and he learned of it only after it had been submitted. Mr. Vargo was appointed to collect judgments totaling more than $7 million owed to other creditors in Cause Nos. 2012-27197-A and 2012-27197-D. The stipulation would instead impose a new judgment of more than $42 million on Choudhri personally, in favor of a different creditor, on claims Mr. Vargo never litigated. In April 2025, Mr. Vargo described his own authority in writing as a charging order over the LLCs only, stating that he did not direct the entities' conduct. See Exhibit 14. The day before, on April 3, 2025, he testified under oath in federal bankruptcy court that he was not seeking to control Choudhri's LLC interests and held "only a charging order" against them, testifying: "I have a right to his distributions only" (¶ 34B). The receivership order itself defines "Choudhri Receivership Assets" as "all assets owned by Choudhri, except his ownership interests in any limited liability company." See Exhibit 38, ¶ 8. No court has held that Mr. Vargo's authority extends to consenting to a $42 million judgment against Choudhri personally or against Galleria Loop Note Holder, LLC, and TIG Romspen has never shown that it does. On March 20, 2026, Choudhri filed his Objection and Verified Motion to Show Authority. See Exhibit 10.

7. On the same day Choudhri challenged the receiver's authority, March 20, 2026, TIG Romspen moved to transfer Cause No. 2023-84714 to the 333rd District Court, where Judge Wilson sits by assignment in Cause No. 2012-27197-A. Counsel for Mr. Vargo signed that motion

Unofficial Copy Office of Marilyn Burgess District Clerk

as "approved as to form and content." The motion was heard on July 20, 2026. On August 20, 2026, Judge Sonya Aston of the 80th District Court denied it. She struck through "GRANTED" on the proposed order, wrote "DENIED," and ordered that the case "shall remain in the 80th District Court." See Exhibit 2. The proposed order TIG Romspen submitted would have transferred the case to the 333rd District Court "for assignment to the Hon. Randy Wilson," and recited that the motion was filed "with the agreement of Travis Vargo, as court-appointed receiver over the interests of defendants Galleria Loop Note Holder, LLC and Ali Choudhri." Judge Aston struck the words "for assignment to the Hon. Randy Wilson" along with the rest of the transfer language. See Exhibit 2.

**B. The September 14, 2026 Transfers**

8. On September 14, 2026, Judge Collier signed an order transferring Cause No. 2023-84714 from the 80th District Court to the 333rd District Court, citing Harris County Local Rule 3.2 and identifying Cause No. 2012-27197-A as the related case. The order recites only that "[o]n September 14, 2026, this case was brought to the Court's attention for transfer under Rule 3.2 of the Rules of the Civil Trial Division"; it does not say who brought it to the Court's attention. See Exhibit 3. No new motion to transfer was filed after Judge Aston's August 20 denial, and no notice or hearing preceded Judge Collier's order.

9. The same day, Judge Collier signed an order transferring Cause No. 2026-63841, *Ali Choudhri and Arabella PH 3201 LLC v. Alan Rosen, et al.*, from the 133rd District Court to the 333rd District Court, likewise citing Local Rule 3.2 and Cause No. 2012-27197-A and containing the same recital that the case "was brought to the Court's attention for transfer." See Exhibit 4. The docket of Cause No. 2026-63841 reflects no motion to transfer, and no notice or hearing preceded the order.

9A. The same day, Judge Collier signed a third order, transferring Choudhri v. Rosen, Cause No. 2026-59605, Choudhri's earlier suit concerning Unit 3201 in which the Receiver had intervened, from the 127th District Court to the 333rd District Court. That order contains the same

Unofficial Copy Office of Marilyn Burgess District Clerk

recital as the orders in Cause Nos. 2023-84714 and 2026-63841, that "[o]n September 14, 2026, this case was brought to the Court's attention for transfer under Rule 3.2," again without identifying who brought it to the Court's attention, and it identifies the same related case, No. 2012-27197-A. See Exhibit 49. On September 14, Choudhri's September 8 motion to vacate the September 1 dismissal of that case was set for oral hearing before the 127th District Court at 11:30 a.m. Two of Choudhri's cases thus had hearings set on September 14, and both were transferred into the 333rd District Court that day.

10. The reviewed settings records show that Cause No. 2026-63841 had a temporary-injunction hearing set for 3:00 p.m. on September 14, 2026. Judge Collier's transfer order is dated September 14, but the copy reviewed does not show a file-stamp time, so the order itself does not establish whether it was signed or filed before 3:00 p.m. Pending for that setting was Choudhri's September 9, 2026 Renewed Application for Temporary Restraining Order, supported by the certified reporter's record of the August 26, 2026 hearing before Judge Sonya L. Aston, the declarations of Derek Staub and Alicia Matsushima, the Receiver's April 4, 2025 and July 10, 2025 emails, and the July 28, 2026 order. See Exhibit 40; Exhibits 14, 17, 22, 39. At 3:36 p.m., Choudhri filed an emergency motion stating that the temporary-injunction hearing had not yet occurred. No order, docket disposition, or reporter's record has been located showing that the 3:00 p.m. hearing went forward. Cause No. 2026-63841 was later removed to federal bankruptcy court (¶ 22). This Motion seeks no relief in Cause No. 2026-63841.

**C. The September 16, 2026 Assignments**

11. On September 16, 2026, Judge Brown signed Assignment No. 5124, assigning Judge Wilson to the 333rd District Court to hear Cause No. 2023-84714, and Assignment No. 5125, assigning him to hear Cause No. 2026-63841. See Exhibits 5 and 6. The same day, by Assignment No. 5126, Judge Brown also assigned Judge Wilson to the 333rd District Court to hear Cause No. 2026-59605, Choudhri v. Rosen, Choudhri's earlier suit to protect Unit 3201, which Judge Collier had transferred from the 127th District Court two days earlier (¶ 9A) and in which the Receiver had

Unofficial Copy Office of Marilyn Burgess District Clerk

intervened (¶ 34). The notice of that assignment was sent to Choudhri, the Harris County Attorney's Office, and the Receiver. See Exhibit 48. To Choudhri's knowledge, no party requested Judge Wilson's assignment to any of the three cases.

12. Judge Wilson is an active Justice of the Fourteenth Court of Appeals. He has also sat by assignment in the 333rd District Court in Cause Nos. 2012-27197-A and 2012-27197-D, where he signed the April 2025 amended receivership orders appointing Travis Vargo. Judge Wilson signed the October 23, 2023 final judgment in Cause No. 2012-27197-A. The Fourteenth Court affirmed that judgment on March 10, 2026 in No. 14-24-00057-CV and denied rehearing and en banc reconsideration on July 2, 2026. The March 10 opinion identifies a panel that did not include Justice Wilson. Further review has been sought in the Supreme Court of Texas in No. 26-0892, where the current docket reflects a petition-for-review deadline of October 16, 2026. See Exhibit 11. In addition, Choudhri's appeal from Judge Wilson's July 28, 2026 order authorizing the writ of possession and sale of Unit 3201 is pending in the Fourteenth Court of Appeals, Judge Wilson's own court, as No. 14-26-00804-CV; that court denied a stay on August 27, 2026. A related appeal, No. 14-25-00614-CV, is also pending there. See Exhibit 35. Choudhri does not contend that Justice Wilson has sat on any panel reviewing his own rulings.

**D. Judge Collier's Prior Adverse Representation**

12A. Choudhri also preserves his contention that the proceedings in Cause Nos. 2012-27197-A and 2012-27197-D have been conducted without a valid foundation. On August 24, 2018, Judge Ravi Sandill signed an order recusing himself and referring the A case "to the Administrative Judge of the Civil Trial Division for transfer to another court," and on August 27, 2018, the Administrative Judge ordered the case transferred to the 333rd District Court. See Exhibit 12. Choudhri contends that, once Judge Sandill recused, Texas Rule of Civil Procedure 18a and Chapter 74 of the Government Code required that another judge be assigned through the regional presiding judge, not that the case be administratively transferred, and that the orders entered in the A and D cases since then, including the orders appointing the Receiver, are void. The Fourteenth

Unofficial Copy Office of Marilyn Burgess District Clerk

Court of Appeals overruled that issue on March 10, 2026, and further review is pending in the Supreme Court of Texas in No. 26-0892. This Motion does not depend on that contention and does not ask this Court to decide it; Choudhri raises it here only so that it is not waived.

13. Judge Collier formerly practiced as Rabeea Sultan. The docket in *Khawaja Partners, Ltd. v. Jetall Companies, Inc.*, Civil Action No. 4:14-cv-02975 (S.D. Tex.), reflects that Rabeea Sultan served as lead counsel for Khawaja Partners, Ltd. from February 2015 through September 11, 2015, adverse to Jetall Companies, Inc., a company affiliated with Choudhri. During that representation, Choudhri was noticed for deposition on October 1, 2015. See Exhibits 7 and 8. Choudhri requests that the Court take judicial notice of this federal docket under Texas Rule of Evidence 201.

14. Omar Khawaja testified under oath on August 28, 2014, in Khawaja Partners, Ltd. v. Jetall Companies, Inc., Adv. No. 13-03252 (Bankr. S.D. Tex.), that Khawaja Partners, Ltd. "is an entity that is owned by my family, my parents," and that his personal role is that he helps "manage my family's business interests." He testified to acting in his "role for Khawaja Partners" in the transaction with Choudhri's company and acknowledged signing the partnership's bankruptcy schedules. See Exhibit 32, at 32:17–22, 34:4–5, 56:1–7. Judge Collier's representation of Khawaja Partners, Ltd. described in Paragraph 13 was therefore a representation of the Khawaja family partnership that Mr. Khawaja helped manage, in litigation against a Choudhri-affiliated company. Mr. Khawaja has since testified that Osama Abdullatif is his client. See Exhibit 34, at 164:25–165:2. Whether the controversy in which Judge Collier served as counsel is part of the matter in controversy here is addressed in Part IV.C. The documents reviewed do not establish that she is related to Omar Khawaja, or that she practiced law after taking the bench, and this Motion does not rely on those propositions. Communications to which Choudhri was not a party are addressed only in Paragraph 30.

Unofficial Copy Office of Marilyn Burgess District Clerk

**E. Prior Recusal History and the Dolcefino Videos**

15. The recusal history is relevant only as procedural background. In August 2018, a verified motion sought recusal and disqualification of Judge Ravi Sandill and asserted multiple conflict and extrajudicial-conduct allegations. Judge Sandill signed an order of recusal on August 24, 2018, and the case was transferred to the 333rd District Court on August 27, 2018. The recusal order did not adjudicate the truth of the allegations or separately decide the asserted disqualification grounds. See Exhibit 12.

16. On June 8, 2021, at 10:15 a.m., in Osama Abdullatif v. Ali Choudhri, Cause No. 2013-41273, a suit brought by Osama Abdullatif, Choudhri filed an emergency verified motion alleging, on information and belief, that Judge Debra Davis, who was presiding over Mr. Abdullatif's suit, had personally circulated or caused to be circulated "slanted videos and/or information concerning these slanted videos" about Choudhri around the Harris County Courthouse, and had made disparaging statements about him outside court. Twenty-two minutes later, at 10:37 a.m., Judge Davis signed an order recusing herself and referring the case to the Administrative Judge, who transferred it to the 334th District Court. The recusal order did not make findings establishing or rejecting the allegations in the motion. See Exhibit 13.

16A. Videos about Choudhri produced by Wayne Dolcefino connect back to Mr. Khawaja and Mr. Abdullatif. On September 11, 2024, in *In re Texas REIT, LLC*, No. 24-10120 (Bankr. W.D. Tex.), where Michael Ballases appeared as counsel for Mr. Khawaja, Mr. Abdullatif, and John Quinlan together, Mr. Khawaja testified under oath that the "public records" he reviewed to support alter-ego claims against Choudhri included "these videos by a guy named Wayne Dolcefino," and that his due diligence before filing his claim consisted of reviewing public documents, speaking to people, and watching "videos of Wayne Dolcefino online." He testified that he had met Mr. Dolcefino. Asked whether he had ever paid Mr. Dolcefino, directly or indirectly, he first answered no; asked again whether he had ever paid Mr. Dolcefino "any amount of money or consideration," he answered, "I'm not answering that question," and then refused to answer any question about Mr.

Unofficial Copy Office of Marilyn Burgess District Clerk

Dolcefino. In the same deposition he testified that Osama Abdullatif is his client, and that Chris Wyatt, Choudhri's former chief operating officer, is also his client, in "matters involving" Choudhri. See Exhibit 34, at 4:10–21, 85:21–86:5, 109:21–110:1, 116:11–23, 157:14–159:12, 161:3–12, 163:8–165:2. The 2021 motion did not identify the source of the videos. These facts are offered to show the relationships among Mr. Khawaja, Mr. Abdullatif, and Mr. Dolcefino's videos about Choudhri; they are not offered as proof of any allegation in the 2021 motion.

**F. Unit 3201 and the Recorded Claims Against It**

17. Cause No. 2012-27197-A is the "related case" on which all three September 14 transfer orders rest. The Receiver's June 9, 2026 report to Judge Wilson in that case styles it "Mokaram-Latif West Loop Ltd. and Osama Abdullatif v. Ali Choudhri," and Osama Abdullatif appears on its e-service list as a party. See Exhibits 15 and 16. The Receiver collects in that case for Mr. Abdullatif's benefit.

18. The principal asset the Receiver has pursued in 2026 is 4521 San Felipe Street, Unit 3201, Houston, Texas ("Unit 3201"), where Choudhri and his 78-year-old mother lived. Title to Unit 3201 is disputed. Arabella PH 3201 LLC is the grantee under the General Warranty Deed recorded as Harris County Document No. RP-2021-654150, and the Receiver's June 12, 2026 motion treats Arabella as the record owner. Choudhri claims title under the Correction General Warranty Deed recorded as Document No. RP-2026-83776, effective November 12, 2021, and has claimed Unit 3201 as his homestead. On July 28, 2026, Judge Wilson signed the order authorizing a writ of possession and sale of Unit 3201. See Exhibit 17. This Motion does not ask the Court to decide title.

19. Omar Khawaja and Osama Abdullatif have asserted claims against Unit 3201 of their own, which Choudhri disputes. On July 31, 2023 and August 23, 2023, notices of lis pendens were recorded against Unit 3201 as Harris County Document Nos. RP-2023-285825 and RP-2023-321984 in connection with Adversary No. 23-03141, in which John Quinlan, Omar Khawaja, and Osama Abdullatif are plaintiffs. See Exhibits 18 and 19.

Unofficial Copy Office of Marilyn Burgess District Clerk

20. Because of those recorded claims, when the taxing authorities sued to foreclose tax liens on Unit 3201 in *City of Houston, et al. v. Arabella PH 3201 LLC, et al.*, Cause No. 2023-67381 (215th Dist. Ct.), they named Osama Abdullatif, Abdullatif & Company, LLC, John Quinlan, and Omar Khawaja as in rem defendants. The taxing units pleaded that each named defendant "owned or claimed an interest in or lien upon said property at the time of the filing of this suit." See Exhibit 20 (Original Petition filed Sept. 29, 2023, § V). The default judgment, signed February 15, 2026, recites that each of them was "duly served with citation" and defaulted, and orders foreclosure against the defendants and anyone claiming under them. See Exhibit 21. An order of sale issued July 1, 2026. On August 24, 2026, Choudhri filed a petition for bill of review challenging that judgment for want of service, with an application for injunctive relief, docketed as *Choudhri v. City of Houston, et al.*, Cause No. 2026-60637 (61st Dist. Ct.). The matter was heard on August 26, 2026, and the September 1, 2026 tax sale did not go forward. See Exhibit 22.

21. Accordingly, Osama Abdullatif, the creditor for whom the Receiver collects in the related case, holds a recorded claim against Unit 3201, as does Omar Khawaja, who helped manage his family's partnership, Khawaja Partners, Ltd., Judge Collier's former client (¶ 14). Cause No. 2026-63841 was Choudhri's suit to stop the seizure of Unit 3201. On September 14, 2026, Judge Collier moved that suit, and this case, into the court administering the receivership in which Mr. Abdullatif is a collecting creditor. Unit 3201 was seized the next morning. Choudhri does not allege that Judge Collier knew of these recorded interests; the point is what a reasonable observer who knew them would conclude.

**G. The "Related Case" Had Been Removed**

22. All three of Judge Collier's September 14 orders identify Cause No. 2012-27197-A as the related case. On September 13, 2026, Cause No. 2012-27197-A was removed to the United States Bankruptcy Court for the Southern District of Texas as Adversary No. 26-03644, and notice under Federal Rule of Bankruptcy Procedure 9027(c) was filed in the A Case on September 14, 2026. See Exhibit 23. Cause No. 2026-63841 was also removed, as Adversary No. 26-03650. See

Unofficial Copy Office of Marilyn Burgess District Clerk

Exhibit 24. On September 16, 2026, Assignment No. 5125 nonetheless assigned Judge Wilson to Cause No. 2026-63841. See Exhibit 6. This Motion does not ask this Court to decide the effect of either removal; it relies on these facts only as part of the sequence by which this case reached Judge Wilson.

**H. The Agreement Built Around the September 14 Hearing**

23. On September 10, 2026, in Cause No. 2026-63841, the Receiver entered into an agreement on the record concerning the temporary-injunction hearing set for September 14. See Exhibit 25. The next day, September 11, Constable Rosen's counsel filed a motion in the same case stating that the temporary-injunction hearing "is scheduled for Monday, September 14, 2026, at 3:00 pm, which remains in place," and reciting that the Receiver, as intervenor, did not object to the Constable's plea to the jurisdiction being heard at that setting. See Exhibit 26. The hearing that agreement was built around was therefore the one set for 3:00 p.m. on September 14, and as of September 11 every party treated it as going forward. Judge Collier's transfer order of that date moved the case out of the court that had set the hearing, and no record located shows that the hearing went forward (¶ 10). The Receiver executed the writ the next morning. Choudhri's motion to enforce the Rule 11 agreement is pending in Adversary No. 26-03650. See Exhibit 27.

**I. Judge Wilson's Real-Time Direction of the September 15 Seizure**

24. On September 11, 2026, Arabella PH 3201 LLC filed a voluntary Chapter 11 petition, *In re Arabella PH 3201 LLC*, No. 26-20432 (Bankr. D. Wyo.). See Exhibit 28.

25. On the morning of September 15, 2026, the Receiver, constables, and movers entered Unit 3201 and removed Choudhri and his mother. Video recorded at the unit that morning is attached as Exhibit 29.

26. At 11:19 a.m., Choudhri's counsel emailed Judge Wilson, copying the Receiver, that the seizure violated the automatic stay and the removal, and asked the Court to instruct the Receiver to stand down. At 11:53 a.m., counsel for Arabella sent Judge Wilson and the Harris County

Unofficial Copy Office of Marilyn Burgess District Clerk

Attorney's Office a written stand-down demand, reporting that the County Attorney's Office had concluded on its own that the stay did not apply. See Exhibit 30.

27. At 12:13 p.m., Judge Wilson responded by email: "In light of the various bankruptcy filings, I am ordering Mr. Vargo to stop the seizure of Mr. Choudhri's residence. I will shortly be scheduling a hearing where we can sort all of this out, but for now, stop the seizure." See Exhibit 30.

28. At 12:59 p.m., the Receiver wrote back to Judge Wilson that "everyone has been removed from the unit with the supervision of law-enforcement and the locks have been secured. No one will go into the unit until you advise further," and asked the Court whether Choudhri could re-enter. At 1:24 p.m., Choudhri reported to the same recipients that the Receiver had instructed the Constable not to let him or his mother back in and had instructed building management to deactivate their access. At 1:31 p.m., Judge Wilson emailed a signed order. At 3:24 p.m., he gave email notice of a hearing the next morning; at 5:12 p.m., he cancelled it. See Exhibit 30.

29. This was not the first time the Receiver sought direction from Judge Wilson by email in the middle of an execution. At 8:54 a.m. on August 21, 2026, under the subject line "Urgent - Writ of Possession for Arabella (Choudhri)" and marked high importance, the Receiver emailed Judge Wilson directly at his txcourts.gov address, copying his own associate Michael Poynter, the judgment creditors' counsel Scott Funk of Gray Reed and T. Michael Ballases of Hoover Slovacek, and Choudhri's then-counsel Derek Staub. He wrote: "I am at the Arabella property with teams of packers and movers. Derek Staub contacted the County Attorney's office and stopped the writ. The County Attorney's office is requesting that you make a ruling on the issues presented below." He gave the judge the Assistant County Attorney's direct number and his own cell phone number "for an emergency hearing, if necessary." One minute later he wrote: "To be clear, the county attorney is not letting to writ proceed without a ruling from you." See Exhibit 31.

29A. This is how the receivership is run. The Receiver regularly asks Judge Wilson by email for rulings, and Judge Wilson regularly rules by email. On June 9, 2026, at 3:09 p.m., the Receiver emailed Judge Wilson a "Report concerning lawsuits, re: Ali Choudhri Receivership" and

Unofficial Copy Office of Marilyn Burgess District Clerk

three proposed orders, including one concerning the sale of MCITBE's Swift Boulevard property, stating that they were "ripe for ruling and Receiver requests same." The next evening Judge Wilson emailed, "attached are two orders that I signed today," and directed court staff to file them. On June 2, 2026, in the Receiver's own suit against Choudhri's sister and mother, Vargo v. Mobeen Choudhri and Shahnaz Choudhri, No. 2025-62940, the Receiver emailed Judge Wilson that the defendants had "filed objections to orders transferring the case to you (contesting jurisdiction)" and attached a proposed order setting those objections and his summary-judgment motions together, along with his proposed final judgment; Judge Wilson emailed a signed order setting hearing the next day. On July 23, 2026, the Receiver emailed Judge Wilson that his motion for a writ of possession of Unit 3201 was "ripe for rulings"; Judge Wilson signed the July 28, 2026 order five days later. On August 6, 2026, Judge Wilson emailed from a cruise ship that he could not sign an order but was "ordering the receiver to not take any action with respect to this property for two weeks." Judge Wilson transmits these rulings from his Fourteenth Court of Appeals email account and signs them "Justice Randy Wilson, 14th Court of Appeals." See Exhibit 46. The emails described in this paragraph copied Choudhri's counsel, and Choudhri does not characterize them as ex parte.

29B. Three days before the transfers, the Receiver pointed Judge Wilson to the very case and hearing that were then moved into his court. At 6:00 a.m. on Friday, September 11, 2026, the Receiver's associate and counsel, Michael Poynter, emailed Judge Wilson, copying creditors' counsel Scott Funk and T. Michael Ballases, a list of Choudhri's pending lawsuits, reporting: "There is a hearing set for September 14, 2026 on a temporary injunction in front of Judge Nicole Perdue, the 133rd for 202663841 - CHOUDHRI, ALI vs. ROSEN, ALAN." He attached a proposed order "that expressly states the denial of his homestead claim and the affirmative turnover of the entity" and requested its entry "to avoid even more repetitive litigation on these issues." See Exhibit 47. The proposed order would have Judge Wilson "FIND[] and ORDER[] that one hundred percent (100%) of the membership interest of Arabella PH 3201 LLC was turned over to the Receiver per the turnover orders of this Court," and that Unit 3201 "is NOT the homestead of Ali

Unofficial Copy Office of Marilyn Burgess District Clerk

Choudhri." Id. That is the opposite of what the orders say and of what the Receiver swore: the receivership order excludes from the receivership assets Choudhri's "ownership interests in any limited liability company," and the Receiver testified that he was "not seeking to control" Choudhri's LLC interests and had "a right to his distributions only" (¶¶ 6, 34B). The Receiver asked Judge Wilson, by email, to sign an order giving him what the orders withheld. The same email thread shows how this worked. On August 25, 2026, the Receiver emailed Judge Wilson a proposed order overruling Choudhri's homestead exemption and asked for its "entry . . . at your earliest convenience," and Choudhri's counsel responded with a proposed order of his own. The next morning, with three TRO matters touching Unit 3201 set before the ancillary judge, the Receiver wrote to Judge Wilson at 11:47 a.m.: "A signed order would save significant judicial resources and arguing in front of the ancillary judge. I apologize for the urgency, but I could not control most of this timing"; at 12:21 p.m. he updated Judge Wilson that "[a]ll ancillary matters have been moved to 3:30pm today (80th District Court)." Id. Those emails copied Choudhri's counsel. They show the Receiver repeatedly asking his appointing judge to rule by email in order to head off proceedings pending before other judges. The same email's table also listed Cause No. 2026-59605. On Monday, September 14, Judge Collier transferred both of those cases into the 333rd District Court, No. 2026-63841 out of Judge Perdue's court on the day of that hearing, and on September 16 Judge Wilson was assigned to both (¶¶ 9–11).

**J. Communications Stated on Information and Belief**

30. On information and belief, the September 14 transfers and September 16 assignments were brought about through communications to which Choudhri was not a party, among the Receiver or his counsel, Judge Collier, Judge Wilson, or persons acting for Omar Khawaja or Osama Abdullatif. The basis for that belief is specifically as follows: (a) the same transfer had been sought by TIG Romspen, with the Receiver's counsel's approval, and denied after a hearing twenty-five days earlier (¶ 7); (b) Judge Collier's orders were entered with no motion on file, no notice, and no hearing, and neither states any request that prompted it (¶¶ 8–9A); (c) all three orders were

Unofficial Copy Office of Marilyn Burgess District Clerk

signed the same day, one on the day of a hearing set by agreement for that afternoon, and each reciting only that the case had been "brought to the Court's attention" (¶¶ 8–9A, 10, 23); (d) all three routed the cases to the Receiver's appointing judge, and Judge Brown assigned him to all three within 48 hours when, to Choudhri's knowledge, no party had requested it (¶ 11); (e) the Receiver has sought rulings from Judge Wilson by email during field operations and routinely obtains rulings by email (¶¶ 26–29A); (f) three days before the transfers, the Receiver's counsel wrote to Judge Wilson identifying Cause No. 2026-63841 and its September 14 hearing and asking him to act "to avoid even more repetitive litigation" (¶ 29B); (g) on September 23, 2026, the Receiver testified under oath that Choudhri, "within the last four to six weeks," had said he was moving to recuse a judge, and that it "was by email. It was not to a clerk. It wasn't on a filing"; the only email in that period in which Choudhri stated he was moving to recuse a judge was his September 14, 2026 email to the District Clerk, which he did not send to any party (Exhibits 1, 50 at 139:21–140:3); and (h) Mr. Abdullatif, for whom the Receiver collects, and Mr. Khawaja, who helped manage his family's partnership, Judge Collier's former client (¶ 14), each hold recorded claims against the property the transfers affected (¶¶ 17–21). The emails described in Paragraphs 26 through 29B copied Choudhri's counsel, and this paragraph does not characterize them as ex parte. Choudhri does not presently possess the communications on which this belief rests and requests their disclosure under Part V.

**K. Complaints to the State Commission on Judicial Conduct**

31. Choudhri has filed sworn complaints with the State Commission on Judicial Conduct concerning Judge Collier, Justice Wilson, and Judge Denise Brown of the 127th District Court. The grounds on which Choudhri relies in this Motion are those stated and verified here.

**L. The Receiver Shares Counsel with the Judgment Creditor and Litigates Against Choudhri**

32. T. Michael Ballases of Hoover Slovacek LLP is counsel for Osama Abdullatif, the collecting judgment creditor in the A case; the April 2025 amended receivership order identifies

Unofficial Copy Office of Marilyn Burgess District Clerk

Mr. Abdullatif "c/o his attorney of record, T. Michael Ballases." See Exhibit 38. On September 11, 2024, Mr. Ballases also appeared as counsel for Omar Khawaja, jointly with Mr. Abdullatif and John Quinlan. See Exhibit 34, at 4:10–21.

33. Mr. Ballases also represents the Receiver. On August 27, 2026, Hoover Slovacek, through Mr. Ballases, filed a motion to consolidate in which "Osama Abdullatif and Travis B. Vargo, in his capacity as Court Appointed Receiver," appear together as movants, signed as "Attorneys for Osama Abdullatif, as Judgment Creditor, and PBAC 507, LLC, through Travis Vargo, State Appointed Receiver." In the case that motion seeks to consolidate, No. 2026-20754 in the 61st District Court, the caption lists "Osama Abdullatif, PBAC 507 Holdings, LLC and Travis Vargo, State Court appointed receiver" together as co-plaintiffs. The next day the same lawyers filed a notice of submission under the same signature block. See Exhibit 36. PBAC 507, LLC is a Choudhri entity, which the Receiver claims to control through his appointment. The same lawyer thus represents the creditor collecting against Choudhri, the Receiver who is required to act as a neutral officer of the appointing court, and a Choudhri entity acting "through" that Receiver. The Receiver has testified under oath that he is "not seeking to control" Choudhri's LLC interests and has "a right to his distributions only" (¶ 34B); yet here he causes a Choudhri LLC to sue as a plaintiff, through the judgment creditor's counsel, and to consent to consolidation. The certificate of conference represents that the motion is "unopposed by all counsel"; no counsel independent of the Receiver and the judgment creditor spoke for PBAC 507, LLC.

34. The Receiver has also appeared as Choudhri's adversary in Choudhri's own lawsuits. On August 21, 2026, he intervened in *Choudhri v. Rosen,* No. 2026-59605, seeking to dissolve Choudhri's temporary restraining order and to dismiss the suit, and told that court that "Judge Wilson already rejected the Judgment Debtor's arguments." On September 4, 2026, he intervened in No. 2026-63841 with a plea to the jurisdiction and motion to dismiss. See Exhibit 37. Earlier, on July 10, 2025, the Receiver demanded that Choudhri's then-counsel "explain how you have authority to file anything on behalf of Ali Choudhri individually in any case," and warned that otherwise he would "file a show cause motion with Judge Wilson seeking to hold you in contempt

Unofficial Copy Office of Marilyn Burgess District Clerk

for interfering with the receivership." See Exhibit 39. The same Receiver who contends that Choudhri may not act in his own name without the Receiver's leave purported to consent, in Choudhri's name, to the $42 million judgment described in Paragraph 6. In both cases Choudhri was seeking to protect Unit 3201, which he claims as his homestead, protected from forced sale by Article XVI, Section 50 of the Texas Constitution; the Receiver seeks to seize and sell it. Choudhri does not ask this Court to decide the homestead or title questions in this Motion.

34A. The Receiver has also recorded instruments against property held by non-parties. On February 2, 2026, he executed, and on February 3, 2026 recorded in the Official Public Records of Harris County as Document No. RP-2026-38584, a "Notice of Receivership" asserting "all rights and control to MCITBE, LLC," including the real property at 2232 Swift Boulevard, Houston, and directing that "[a]ny and all sums or proceeds due MCITBE LLC (e.g. excess proceeds from a foreclosure)" be paid to him. The notice itself names the judgment debtors as Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC; MCITBE is not among them. The notice identifies no order of any court naming MCITBE; it relies on the A and D turnover orders and three bankruptcy-court orders said to have "interpreted" them. It was notarized by Michael Poynter, the Receiver's own associate and counsel. See Exhibit 43. The recorded notice clouds the title of a non-party, and the question whether the Receiver had authority to record it is again one that would be decided by the judge who appointed and supervises him.

34B. The Receiver's own sworn testimony confirms both how his appointment came about and what his office is. On April 3, 2025, days after his appointment, he testified under oath before the Honorable Shad M. Robinson, United States Bankruptcy Judge (W.D. Tex.), in In re Texas REIT, LLC, No. 24-10120, and WCW Houston Properties, LLC v. Texas REIT, LLC, Adv. No. 24-01045. He testified that he first talked "to Mr. Funk about a potential appointment" "in passing in 2024 sometime." Scott Funk of Gray Reed, counsel for the judgment creditors, is among those the Receiver copied on his August 21, 2026 email to Judge Wilson (¶ 29). Judge Robinson noted that the order naming him had been filed with the Harris County clerk on March 20, 2025 and signed on March 31, 2025, and that he had emailed that court's law clerks directly the previous

Unofficial Copy Office of Marilyn Burgess District Clerk

afternoon. He testified that he was not seeking to control Choudhri's LLC interests. Asked, "Are you seeking to exercise control over those LLC interests?" he answered, "No," and the court confirmed: "So your testimony under oath is you're not seeking to control those LLC interests." He agreed that the receivership order did not allow him to take possession of Choudhri's LLC interest in Texas REIT, LLC, and that he held only a charging order against that interest. And he explained the order in his own words: "I'm not taking the position that I have a turnover of the membership units of any LLC that Mr. Choudhri owns, that there's only a charging order against that, and I'm entitled to distributions from his LLC interests to the extent that they're made. That's the point of paragraph 18." He went further: "I'm not seeking an interest in the LLC. If Mr. Choudhri individually is obtaining distributions, that's all I'm entitled to under the state court order." And when the court asked whether he could exercise rights over Choudhri's membership interest, he answered: "I have a right to his distributions only." He testified: "I haven't had any communications with Mr. Wilson in probably 10 years." And Judge Robinson twice told him what he is: "You're a receiver appointed by the court. You're an extension of the state court," and "You're the receiver. You're the extension of the court." See Exhibit 44, at 10:3–22, 13:4–25, 19:19–23, 22:10–23:17, 27:1–6, 27:24–28:2, 35:1–6, 48:10–19. The District Clerk's settings history for the A case shows that the motion to appoint a receiver, filed through Mr. Ballases, was set on the 333rd District Court's 8:00 a.m. submission docket on March 31, 2025 and marked "Passed," with the notation "IMPROPER TIME SUB. 8AM"; the order was signed that day. See Exhibit 45. Seventeen months after testifying that he had not communicated with Judge Wilson in a decade, the Receiver was emailing Judge Wilson for rulings from Choudhri's home (¶¶ 26–29).

34C. The Receiver repeated these limits under oath on September 23, 2026, at an evidentiary hearing in In re MCITBE LLC, No. 26-32580 (Bankr. N.D. Tex.), before the Honorable Michelle V. Larson. Asked on cross-examination whether he wrote the receivership orders, he answered, "No," and identified their drafters as creditors' counsel: "If you're talking about the A, I'm assuming it was Michael Ballases. If you're talking about the D, I'm assuming it was someone at Gray Reed," adding, "I did not take an editing pen to this anywhere in or around,

Unofficial Copy Office of Marilyn Burgess District Clerk

for sure not in 2025. And I wasn't part of that drafting." Exhibit 50, at 152:15–153:18. Asked where either order gives him authority over MCITBE, he answered: "No. We'd have to go through this." Id. at 154:1–5. He agreed that, having represented to the court that he was in charge of MCITBE, he should know his authority: "Yes." Id. at 165:8–11. He then reviewed the two orders with a highlighter while the court noted the time. Id. at 158:9–159:25. When he turned first to the WC 4th & Colorado decision, the court sustained an objection and directed him to "answer Mr. Yablon's question, Where in these orders do you find your authority?" He then read Paragraph 8: the receivership assets include "all assets owned by Choudhri except his ownership in any limited liability company." Id. at 162:1–21. Asked whether the receivership assets therefore exclude Choudhri's "ownership interests in any limited liability company," he answered: "That's what it says here," and, pressed whether that was correct, "Well, that's what it says here." Id. at 169:22–170:21. The only other provision he identified was Paragraph 22D, which he described as "a procedure for disputed rights" under which third parties "adjudicate it in front of Judge Wilson." Id. at 163:16–23. Asked again, "Where does it say that you have authority over MCITBE?," he did not identify a provision, and after "a considerable amount of time" the court directed the parties to move on. Id. at 163:25–164:7. Pressed once more to show it, he answered: "Well, the Court told us to move on." Id. at 166:6–12. The orders list MCITBE among the defined "Choudhri LLCs" (¶ 9) and grant a charging order against Choudhri's membership interests (¶ 18), id. at 151:1; what they do not do is make those membership interests receivership assets, which Paragraph 8 expressly excludes. The Receiver identified no provision of either order making any Choudhri LLC, or Choudhri's membership interest in it, a receivership asset under his control.

35. For the Court's convenience, a demonstrative summary of the Receiver's testimony is attached as Exhibit 41. It is offered only as a demonstrative aid; the underlying testimony and documents are the evidence.

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV. GROUNDS

### A. Governing Standards

A judge must recuse in any proceeding in which the judge's impartiality might reasonably be questioned, the judge has a personal bias or prejudice concerning the subject matter or a party, or the judge has personal knowledge of disputed evidentiary facts concerning the proceeding. Tex. R. Civ. P. 18b(b)(1)–(3). Rule 18a requires a verified motion stating facts with detail and particularity that are within the affiant's personal knowledge, except that information-and-belief facts must state the specific basis for the belief. Tex. R. Civ. P. 18a(a)(1), (4). This Motion is therefore limited to grounds supported by the attached records, Choudhri's personal knowledge, and the single information-and-belief paragraph whose basis is stated. A judge is disqualified where the judge served as a lawyer in the matter in controversy. Tex. R. Civ. P. 18b(a)(1). The Texas Constitution provides that no judge shall sit in any case in which the judge has been counsel. Tex. Const. art. V, § 11. Disqualification cannot be waived, may be raised at any time, and may not be denied on the ground that the motion was not filed or served in compliance with Rule 18a. Tex. R. Civ. P. 18a(b)(2), (g)(3)(B). An order signed by a constitutionally disqualified judge is void. In re Union Pac. Res. Co., 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding) (per curiam).

Due process independently guarantees an impartial tribunal. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). The question is whether, under an objective standard, the circumstances present a serious risk of actual bias. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009); see Tex. Const. art. I, § 19.

This Motion is not based solely on any judge's rulings. Tex. R. Civ. P. 18a(a)(3). It rests principally on the documented sequence by which Cause No. 2023-84714 was transferred after a contested transfer request had been denied, the assignment of the receiver's appointing judge two days later, the recorded claims against the property at the center of the transferred matters, Judge Wilson's personal participation in the September 15 seizure, the nature of the authority dispute now presented in this case, and Judge Collier's documented prior adverse representation. The earlier

Unofficial Copy Office of Marilyn Burgess District Clerk

Sandill and Davis matters are included only as accurately described procedural history and not as proof that their underlying allegations were true.

**B. Judge Wilson Should Be Recused/Disqualified**

**The $42 million judgment.** The receiver appointed by Judge Wilson in the A- and D-case receiverships purported to stipulate, on Choudhri's behalf, to a $42,371,306.88 judgment in favor of TIG Romspen. Choudhri disputes that authority and filed a verified objection and motion to show authority on March 20, 2026. The same day, TIG Romspen moved to transfer Cause No. 2023-84714 to the 333rd District Court, and counsel for the receiver signed that transfer motion as approved as to form and content. The transfer request was later denied by the 80th District Court. These facts are relevant to whether a reasonable observer would question the impartiality of having the receiver's appointing judge decide the scope of the receiver's disputed authority. Tex. R. Civ. P. 18b(b)(1).

**Relationship to the receiver.** The disputed issue is whether Mr. Vargo possessed authority under the receivership orders to bind Choudhri personally to the proposed stipulated judgment. Because Judge Wilson signed the receivership orders that define the receiver's authority, Choudhri contends that a reasonable person could question whether Judge Wilson should adjudicate this particular authority dispute. This is an appearance-of-impartiality argument under Rule 18b(b)(1), not an assertion that Judge Wilson has a personal or financial interest in the outcome.

**He directed the seizure in real time.** On September 15, 2026, Judge Wilson did not learn of the seizure of Unit 3201 from a record at a later hearing. He took part in it as it happened: he received the stay notices, ordered the seizure stopped, received the Receiver's report that the family had already been removed and the locks secured, and signed an order that afternoon (¶¶ 26–28). What the Receiver knew and when, what the Court directed and when, and whether the Receiver complied are disputed facts. Judge Wilson has personal knowledge of them from his own communications, and he may be a necessary witness to them. Tex. R. Civ. P. 18b(b)(3). Those same facts bear directly on the question at the center of this case: whether the Receiver acts within

Unofficial Copy Office of Marilyn Burgess District Clerk

the limits of his authority. A judge who personally directed his officer during the events in dispute cannot be regarded by a reasonable observer as a neutral judge of whether that officer exceeded his authority. Tex. R. Civ. P. 18b(b)(1).

**He supervises the Receiver's field operations by email.** On August 21 and September 15, 2026, the Receiver, at Choudhri's home with movers and constables, looked to Judge Wilson by email for operational direction, and on September 15 received it (¶¶ 26–29). This case turns on what the Receiver may do in Choudhri's name. The judge who has been directing the Receiver's field operations is not a disinterested arbiter of that question. Tex. R. Civ. P. 18b(b)(1).

**How the case reached him.** TIG Romspen's March 20 transfer motion, approved as to form and content by receiver's counsel, was heard and denied; the August 20 order stated that Cause No. 2023-84714 would remain in the 80th District Court. Twenty-five days later, Judge Collier administratively transferred the same case to the 333rd District Court, and two days after that Judge Brown assigned Judge Wilson. The Motion relies on the sequence itself as part of the objective Rule 18b(b)(1) analysis; the only allegation about how the sequence came about is stated on information and belief in Paragraph 30, with its basis.

**His officer is not disinterested.** A receiver is an officer of the appointing court, not an agent of the creditor. The Receiver here shares counsel with the collecting judgment creditor, joins that creditor as a co-movant, uses the creditor's lawyer to act for a Choudhri entity he claims to control, and intervenes against Choudhri in Choudhri's own suits to defeat his efforts to protect the home he claims as his homestead, and records instruments asserting control over property held by non-parties (¶¶ 32–34A). A federal bankruptcy judge told him on the record that he is "an extension of the state court" (¶ 34B), and on September 23, 2026 he could not identify in his own orders any authority over an LLC (¶ 34C). Those arrangements raise plain conflict-of-interest questions, and Choudhri reserves all rights to seek relief as to counsel. For purposes of this Motion, the point is narrower: whether the Receiver has abandoned the neutrality his office requires, and whether a receiver aligned with the creditor in this way could validly consent to a $42 million judgment against Choudhri, are questions that would be decided by the judge who appointed and supervises

Unofficial Copy Office of Marilyn Burgess District Clerk

him. A reasonable person would question whether that judge can decide them impartially. Tex. R. Civ. P. 18b(b)(1).

**He wrote the appellate opinion his Receiver now invokes to go beyond his own orders.** On April 29, 2025, four weeks after signing the receivership orders, Justice Wilson authored the Fourteenth Court's opinion on rehearing in *WC 4th & Colorado, LP v. Colorado Third Street, LLC*, No. 14-22-00764-CV (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) (panel of Justices Jewell and Wilson). That opinion reaffirmed that "[a] receiver has only that authority conferred by the Court's order appointing him," and that a charging order is ordinarily a judgment creditor's exclusive remedy against a debtor's interest in an LLC or partnership, but adopted the *Heckert* exception, under which a charging order is not the exclusive remedy where the entity is not an operating business and no party's interest would be disrupted. The Receiver confirmed under oath on September 23, 2026 that the author of *WC 4th* is the same Randy Wilson sitting by assignment in the 333rd District Court, that the opinion post-dates the receivership orders, and that he has not repeated since April 29, 2025 the representation about single-member LLCs he made before it issued. Exhibit 50, at 141:4–21, 142:10–20. Judge Larson summarized the Receiver's position as the contention that *WC 4th* "expands the Receiver's powers by essentially giving him more than the charging order in Paragraph 18 would otherwise give him relative to the membership interests." Id. at 172:3–9. Asked what showed Choudhri owned MCITBE, the Receiver answered: "I'm relying upon Judge Wilson's orders." Id. at 178:14. The Receiver thus relies on Judge Wilson's orders for his authority and on Judge Wilson's appellate opinion to extend those orders beyond their text, which excludes Choudhri's LLC interests and grants only a charging order (¶¶ 6, 34B–34C). Whether *WC 4th* applies here, and how far it expands the orders, would be decided by the judge who signed the orders and wrote the opinion. A reasonable person would question whether that judge can decide it impartially. Tex. R. Civ. P. 18b(b)(1). A comparison of *WC 4th* with this record is attached as Exhibit 51.

**He sits on the court that reviews his own orders.** Judge Wilson is not a visiting trial judge with no other role. He is an active Justice of the Fourteenth Court of Appeals, and his own trial-

Unofficial Copy Office of Marilyn Burgess District Clerk

court orders are under review in that court right now: the appeal from his July 28, 2026 order authorizing the seizure and sale of Unit 3201 is pending there as No. 14-26-00804-CV, and his court has already affirmed the October 23, 2023 judgment he signed in the A case (¶ 12). Any appeal from his rulings in this case may likewise be assigned to the Fourteenth Court. His colleagues on that court are thus asked to pass on his trial rulings, while he continues to rule, as a trial judge, on the same receivership and the same property. Choudhri does not allege that Justice Wilson has sat on a panel reviewing his own orders. The point is structural: a reasonable member of the public, knowing that the trial judge is a sitting member of the appellate court reviewing his orders, would question whether the proceeding is before a disinterested tribunal. Tex. R. Civ. P. 18b(b)(1); see *Williams v. Pennsylvania*, 579 U.S. 1, 8–9 (2016); *Caperton*, 556 U.S. at 884.

**Prior receiver-appointment proceedings.** The record contains separate disputes concerning the procedure by which Mr. Vargo was appointed receiver and the scope of the resulting orders. Those disputes are not independently pleaded here as proof of bias. They matter only insofar as the present case asks Judge Wilson to determine the authority of the receiver he appointed under orders he signed.

**Disqualification under due process.** Apart from Rule 18b, the Due Process Clauses independently require that a judge not sit where, objectively, the probability of actual bias is too high to be constitutionally tolerable. *Caperton*, 556 U.S. at 872, 877, 884; *Murchison*, 349 U.S. at 136; Tex. Const. art. I, § 19. Here the judge would decide the limits of authority exercised by his own appointed officer under orders he signed, after personally directing that officer by email during the disputed seizure (¶¶ 26–29), in a case that reached him through the sequence described above. Choudhri therefore moves for the recusal/disqualification of Judge Wilson on due-process grounds and under Rule 18b(b)(1) and (b)(3).

**C. Judge Collier Should Be Recused/Disqualified**

Judge Collier exercised administrative judicial authority in Cause No. 2023-84714 when she signed the September 14, 2026 transfer order. The recusal question is whether the documented

Unofficial Copy Office of Marilyn Burgess District Clerk

circumstances surrounding that transfer and her prior adverse representation would cause a reasonable person to question her impartiality under Rule 18b(b)(1).

1. **The transfer followed a contrary ruling on a party-filed transfer motion.** TIG Romspen sought transfer to the 333rd District Court, with receiver's counsel approving the motion as to form and content. After a July 20 hearing, Judge Aston denied that request on August 20 and ordered that the case remain in the 80th District Court. On September 14, Judge Collier entered an administrative transfer order sending the case to the 333rd District Court. The reviewed record identifies no new party-filed transfer motion, notice, or hearing between those two orders.

2. **Judge Collier transferred a second Choudhri matter the same day.** Cause No. 2026-63841 was transferred from the 133rd District Court to the 333rd District Court on September 14. The case had a 3:00 p.m. temporary-injunction setting that day, built around an agreement made on the record on September 10 (¶ 23). The transfer order's reviewed copy does not contain a time stamp, and no record has been located establishing that the scheduled hearing occurred. These facts are stated as chronology; the Motion does not assert that Judge Collier intentionally cancelled the hearing. The same day, she transferred a third, Cause No. 2026-59605, from the 127th District Court, by an order reciting only that the case "was brought to the Court's attention" (¶ 9A).

3. **All three matters were assigned to Judge Wilson two days later.** On September 16, Judge Brown signed Assignment Nos. 5124 and 5125 assigning Judge Wilson to the two transferred cases, and Assignment No. 5126 assigning him to a third Choudhri suit concerning Unit 3201. Cause No. 2023-84714 presents a dispute about the authority of Receiver Vargo under orders Judge Wilson signed. Choudhri contends that the combined transfer-and-assignment sequence is relevant to the objective appearance-of-impartiality inquiry.

4. **The creditor side claims the property.** The seizure Choudhri sought to stop in Cause No. 2026-63841 was the seizure of Unit 3201. Osama Abdullatif and Omar Khawaja each hold a recorded claim against Unit 3201, and Mr. Abdullatif is a creditor for whom the Receiver collects (¶¶ 17–21). Judge Collier's order moved Choudhri's challenge out of the court that was about to hear it and into the court administering that receivership. Whether or not Judge Collier knew of

Unofficial Copy Office of Marilyn Burgess District Clerk

these interests, a reasonable person who knew them would question whether the order was the act of a neutral administrator. Tex. R. Civ. P. 18b(b)(1).

5. **Prior adverse representation.** Before taking the bench, Judge Collier, then practicing as Rabeea Sultan, served as lead counsel for Khawaja Partners, Ltd. in federal litigation adverse to Jetall Companies, Inc., a Choudhri-affiliated company. Choudhri was noticed for deposition during that litigation. Khawaja Partners, Ltd. is Omar Khawaja's family partnership, which he testified he helped manage, and Mr. Khawaja holds a recorded claim against Unit 3201 (¶¶ 14, 19–21). Choudhri relies on this prior representation both as a ground for disqualification, addressed below, and as part of the Rule 18b(b)(1) analysis.

6. **Communications are pleaded only on a stated basis.** The only allegation concerning communications to which Choudhri was not a party is stated on information and belief in Paragraph 30, with its specific basis. The Motion does not rely on any allegation of a family relationship between Judge Collier and Omar Khawaja or that Judge Collier practiced law after taking the bench.

7. **The administrative orders themselves provide limited explanation.** The September 14 transfer orders cite Harris County Local Rule 3.2 and identify related litigation. The reviewed record does not identify a new party-filed motion, notice, or hearing preceding the transfer of Cause No. 2023-84714 after the August 20 denial. The assigned judge may consider the operative local rule, the administrative record supporting the transfer, and any admissible evidence presented at the Rule 18a hearing.

**Recusal.** Rule 18b(b)(1) requires recusal when a judge's impartiality might reasonably be questioned. Choudhri contends that the combination of the recently denied transfer request, the later administrative transfer without a new party-filed motion or hearing identified in the reviewed record, the two-day sequence leading to Judge Wilson's assignment, the recorded claims of the receivership creditor side against the property whose seizure the transferred suit sought to stop, and Judge Collier's documented prior adverse representation creates an objective basis for recusal. The Motion does not ask the assigned judge to infer improper motive merely from an adverse ruling.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Disqualification.** Choudhri moves to disqualify Judge Collier under Article V, Section 11 and Rule 18b(a)(1). As Rabeea Sultan, she served as lead counsel for Khawaja Partners, Ltd., the Khawaja family partnership that Omar Khawaja helped manage, in litigation against a Choudhri-affiliated company (¶¶ 13–14). Mr. Khawaja, together with Mr. Abdullatif, now pursues claims against Choudhri and the property at the center of the transferred matters, and the Receiver collects for Mr. Abdullatif in the related case on which her transfer orders rest (¶¶ 17–21). Choudhri asks the judge assigned to decide this Motion to determine, on the record developed at the hearing, whether the controversy in which Judge Collier served as counsel is part of the matter in controversy for purposes of Rule 18b(a)(1) and Article V, Section 11. Because disqualification cannot be waived, Choudhri raises it now and preserves it. If Judge Collier is disqualified, her September 14, 2026 transfer order is void. Union Pac. Res., 969 S.W.2d at 428. Judge Collier should therefore be recused/disqualified under Article V, Section 11 and Rules 18b(a)(1) and 18b(b)(1).

**D. Judge Brown Should Be Recused/Disqualified, and This Motion Should Be Referred to the Chief Justice**

Under Rule 18a(f)(1)(B) and (g)(1), a respondent judge who does not recuse must refer the motion to the regional presiding judge, and the regional presiding judge must rule on a referred motion or assign a judge to rule. Rule 18a(g)(1) further provides that when a party also seeks recusal or disqualification of the regional presiding judge, she may still assign a judge to decide the original referred motion or may refer the second motion to the Chief Justice. Here, Judge Brown signed Assignment No. 5124, which is part of the sequence challenged by this Motion. Choudhri therefore asks Judge Brown to use the rule's referral option so that the issues concerning her own assignment order are not decided within the same challenged sequence.

Assignment No. 5125 assigned Judge Wilson to Cause No. 2026-63841 on September 16, 2026, after that case had been removed to federal bankruptcy court (¶ 22). The assignments followed the transfers within 48 hours, were not requested by any party to Choudhri's knowledge, and placed all three cases before the Receiver's appointing judge.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Disqualification.** No judge may sit in judgment of her own act. *Murchison*, 349 U.S. at 136. The Motion challenges, in part, Assignment Nos. 5124, 5125, and 5126, which Judge Brown signed. Choudhri therefore moves for the recusal/disqualification of Judge Brown from ruling on, or selecting the judge to rule on, the portion of this Motion directed to her own assignment orders, under the Due Process Clauses and Rule 18b(b)(1).

The earlier Sandill and Davis recusals do not establish systemic bias and are not offered for that proposition. They are included only to document prior recusal history involving Choudhri and to distinguish allegations from actual court orders. Choudhri requests referral to the Chief Justice under Rule 18a(g)(1) because the regional presiding judge is herself a respondent to this Motion and because the challenged facts include her September 16 assignment orders.

## V. RESTRICTIONS ON FURTHER ACTION AND INTERIM RELIEF

Because this Motion is filed before evidence has been offered at trial, Rule 18a(f)(2)(A) restricts a respondent judge from taking further action in the case until the Motion is decided, except for good cause stated in writing or on the record. Choudhri also requests any interim or ancillary orders the regional presiding judge or assigned judge determines justice requires under Rule 18a(g)(4), including maintaining the status quo concerning the proposed stipulated judgment while the recusal motion is pending.

Choudhri requests an order under Rule 18a(g)(5) permitting narrowly tailored discovery concerning (a) the administrative basis for the September 14, 2026 transfers of Cause Nos. 2023-84714 and 2026-63841 and the September 16, 2026 Assignment Nos. 5124, 5125, and 5126, including any request, communication, or record that prompted them; and (b) any communication concerning those transfers or assignments between any respondent judge and any party, counsel, the Receiver or his counsel, Osama Abdullatif, or Omar Khawaja. Choudhri does not seek to issue discovery to a respondent judge without the order required by Rule 18a(g)(5).

Unofficial Copy Office of Marilyn Burgess District Clerk

## VI. PRESERVATION AND SUPPLEMENTATION

Choudhri renews the preservation demand he made on September 14, 2026, and requests that each person and office identified below immediately preserve, and suspend the deletion, alteration, overwriting, or disposal of, all documents, communications, tangible things, and electronically stored information described in this Part, pending final resolution of this Motion and of all related proceedings. Choudhri further requests that the judge assigned to decide this Motion enter an ancillary order under Rule 18a(g)(4) directing that preservation and requiring the written confirmations described in Part G.

The Receiver and his firm are already under a written litigation hold. At 7:55 p.m. on September 11, 2026, counsel for Arabella PH 3201 LLC in Arabella PH 3201 LLC v. Vargo, No. 4:26-cv-07537 (S.D. Tex.), emailed a formal preservation notice directly to Mr. Vargo, copying Michael Poynter and Mr. Vargo's counsel, L. Lee Thweatt, and attaching a written Notice of Litigation Hold and Demand to Preserve Evidence, which was also served by certified mail under date of September 12, 2026. That notice required preservation of, among other things, the Receiver's communications with Osama Abdullatif, Omar Khawaja, and counsel for any judgment creditor; with any court or court staff concerning Unit 3201; and with any constable or officer concerning the writ of possession. See Exhibit 42. The September 15, 2026 seizure, and every communication surrounding it, occurred after that hold was served. This request extends that preservation obligation to the additional persons, subjects, and forms of information identified below.

**A. Persons and offices to whom this request is directed**

1. Receiver Travis B. Vargo, individually and as receiver; The Vargo Law Firm, P.C., and its attorneys, paralegals, assistants, and staff, including Michael Poynter; Luttrell + Carmody Law Group, including Leslie M. Luttrell; and Terry & Thweatt, P.C., including L. Lee Thweatt, counsel for Mr. Vargo in Arabella PH 3201 LLC v. Vargo, No. 4:26-cv-07537 (S.D. Tex.).

2. Hoover Slovacek LLP and its attorneys, paralegals, and staff, including T. Michael Ballases, Colin L. Guy, and Christopher J. Kronzer.

3. Every judgment creditor in Cause Nos. 2012-27197-A and 2012-27197-D, including Mokaram-Latif West Loop, Ltd., Ali Mokaram, Osama Abdullatif, Abdullatif & Company, LLC, and the judgment creditors in the D case, and their counsel, including Scott Funk and

Unofficial Copy Office of Marilyn Burgess District Clerk

Gray Reed & McGraw LLP; together with Omar Khawaja, the Law Offices of Omar Khawaja, Khawaja Partners, Ltd., John Quinlan, and any person acting on behalf of any of them.

4. TIG Romspen US Master Mortgage LP and its counsel, including Kyle S. Hirsch and Justin D. Hanna.

5. The Honorable Randy Wilson, and the staff, court coordinator, court reporter, bailiff, and clerks of the 333rd District Court and of his chambers at the Fourteenth Court of Appeals.

6. The Honorable Rabeea Sultan Collier, and the staff, coordinator, and clerks of the 113th District Court and of the Office of the Administrative Judge of the Civil Division, including every person who prepared, reviewed, routed, signed for, or transmitted the September 14, 2026 transfer orders.

7. The Honorable Susan Brown, and the staff of the Eleventh Administrative Judicial Region, including every person who prepared, reviewed, routed, or transmitted Assignment Nos. 5124, 5125, and 5126.

8. Every judge who took or was asked to take any action in the matters in Part B, and that judge's staff, court coordinator, and clerks, including the Honorable Denise Brown (127th District Court), the Honorable Nicole Perdue (133rd District Court), the Honorable Sonya L. Aston (80th District Court and ancillary court), and the judge of the 61st District Court.

9. The Harris County District Clerk's office, including Davia Ford and every person who received, forwarded, logged, or discussed Choudhri's September 14, 2026 email.

10. The Office of the Harris County Attorney, including Brian Hrach, Felipe Guevara, and Courtney Carlson.

11. Harris County Constable Precinct 1, including every deputy, sergeant, supervisor, and dispatcher involved in the August 21, 2026 and September 15, 2026 attempts to execute the writ of possession at Unit 3201.

12. Every mover, packer, locksmith, storage company, and vendor engaged by or for the Receiver in connection with Unit 3201, and every listing broker, agent, appraiser, or prospective purchaser of Unit 3201.

13. The Arabella Condominium association, its management company, concierge, and security vendor.

14. Wayne Dolcefino and any entity through which he publishes, and Chris Wyatt, as to any communication with any person listed above concerning Choudhri.

15. Hira Azhar and every attorney who represents or has represented her, including Steve Kherkher and any firm with which he is affiliated, and Omar Khawaja, as to any communication with any person listed above concerning Choudhri, Unit 3201, or any case identified in Part B.

**B. Subject matter**

The request covers every document, communication, and tangible thing, from January 1, 2021 to the present and continuing, that concerns any of the following:

1. Choudhri, his mother, any entity affiliated with him (including Galleria Loop Note Holder, LLC, Arabella PH 3201 LLC, PBAC 507, LLC, MCITBE, LLC, Jetall Companies, Inc., and Dalio Holdings I and II, LLC), or any of his cases.

Unofficial Copy Office of Marilyn Burgess District Clerk

2. Cause Nos. 2023-84714, 2026-63841, 2026-60637, 2026-59605, 2012-27197-A, 2012-27197-D, 2023-67381, 2025-75174, and 2026-20754; Adversary Nos. 26-03644 and 26-03650; No. 4:26-cv-07537; No. 26-20432; Appeal Nos. 14-24-00057-CV, 14-25-00614-CV, and 14-26-00804-CV; and any request, suggestion, or proposal to transfer any of them or to assign any judge to them.

3. The September 14, 2026 transfer orders, including every draft, the identity of every person who requested, suggested, prepared, or approved them, their timing relative to the 3:00 p.m. hearing, and their transmission to any person.

4. Assignment Nos. 5124, 5125, and 5126, including every request for them, every draft, and every communication preceding or following them.

5. The Receiver's appointment, retention of counsel, compensation, fee applications, authority, and conduct, including the proposed $42,371,306.88 stipulated judgment and TIG Romspen's March 20, 2026 motion to transfer.

6. Unit 3201, including the writ of possession and its return, the August 21 and September 15, 2026 executions, the removal of the occupants, the lock-out and the instructions given to the Constable and to building management, any inventory, photographs, or video of the unit or its contents, the storage or disposition of personal property, and any bankruptcy, removal, stay, or stop notice received in connection with them.

7. Choudhri's September 14, 2026 email to the District Clerk, including every person to whom it was forwarded, described, or read.

8. Choudhri's recusal and disqualification motions, his complaint to the State Commission on Judicial Conduct, and his complaint to the Texas Rangers.

9. Any video, article, social-media post, or other publication about Choudhri, including any produced by Wayne Dolcefino, circulated to or among any judge, court staff member, or person listed in Part A.

**C. Communications specifically covered**

Without limiting Part B, the request specifically covers every communication, direct or through any intermediary, between or among: Judge Collier and Judge Brown; Judge Collier and Judge Wilson; Judge Collier and Judge Denise Brown, Judge Perdue, Judge Aston, or any other judge from whose court a case was transferred on September 14, 2026; Judge Brown and Judge Wilson; Judge Denise Brown of the 127th District Court or her staff and Judge Wilson, Judge Collier, Judge Susan Brown, the Receiver or his counsel, Omar Khawaja, Osama Abdullatif, Hira Azhar or any of her attorneys, Steve Kherkher, Mr. Ballases, or anyone acting for any of them; Judge Wilson or his staff and any judgment creditor in the A or D case or its counsel, including Mr. Abdullatif, Mokaram-Latif West Loop, Ltd., Mr. Ballases, and Mr. Funk; any of those judges or their staff and the Receiver or his counsel; any of those judges or their staff and Mr. Ballases, Hoover Slovacek, Mr. Abdullatif, Mr. Khawaja, or Mr. Quinlan; any of those judges or their staff

Unofficial Copy Office of Marilyn Burgess District Clerk

and TIG Romspen's counsel; the Receiver or his counsel and Mr. Ballases, Mr. Abdullatif, Mr. Khawaja, Mr. Quinlan, or TIG Romspen's counsel; the Harris County Attorney's Office or Constable Precinct 1 and any judge, court staff member, the Receiver, or his counsel; the District Clerk's office and any judge, court staff member, the Receiver, or his counsel concerning Choudhri's September 14 email; any person listed in Part A and Wayne Dolcefino or Chris Wyatt; and any judge, the Receiver, or any judgment creditor and Hira Azhar or any of her attorneys, including Steve Kherkher and Omar Khawaja.

**D. Forms of information covered**

The request covers information in every form and on every device and account, whether official, business, or personal, including: emails and attachments, including deleted-items and sent-items folders; text messages, iMessages, SMS, and MMS; WhatsApp, Signal, Telegram, Facebook Messenger, Instagram, LinkedIn, Microsoft Teams, Slack, and any other messaging application, including group-chat membership lists and message histories; voicemails, call logs, and wireless-carrier call-detail records; calendar entries, appointment books, and meeting invitations; notes, memoranda, drafts, and handwritten materials; court case-management, docketing, e-filing, and audit-trail data, including the creation, modification, signature, and transmission history of the September 14 transfer orders and of Assignment Nos. 5124, 5125, and 5126; e-filing envelope and service data; courthouse visitor, badge, and chambers-access logs; attorney time entries, billing records, invoices, and fee applications reflecting any communication with a court, court staff, or any person listed in Part A; dispatch records, incident reports, writ returns, body-worn and dash-camera footage, and radio logs of Constable Precinct 1; building access-control, key-card, visitor, and security-camera records for Unit 3201; photographs, video, and inventories made during the August 21 and September 15 executions; and all metadata associated with any of the foregoing.

**E. Preservation instructions**

1. Immediately disable any auto-delete, disappearing-message, or automatic retention-expiration setting on every account and device that may contain covered information, and do not enable any such setting while this request is pending.

Unofficial Copy Office of Marilyn Burgess District Clerk

2. Do not delete, edit, or alter any covered message or file, and do not leave or delete any group chat that contains covered information.

3. Do not wipe, reset, reimage, replace, trade in, or discard any phone, computer, tablet, or storage device that may contain covered information without first making a complete, forensically sound copy.

4. Preserve covered information in its native format with all metadata intact, including cloud backups (iCloud, Google, Microsoft, and similar services), backup media, disaster-recovery copies, and legacy systems.

5. Issue written litigation-hold instructions to every employee, staff member, agent, contractor, and vendor who may hold covered information, and suspend any routine document-destruction or retention schedule as to that information.

6. Preserve covered information held by any third-party provider, including wireless carriers and messaging-service providers, by promptly requesting in writing that the provider retain it.

7. Preserve every tangible item removed from Unit 3201 in its current condition and location, together with any record of its removal, transport, and storage.

**F. Period covered**

The request covers the period from January 1, 2021, when Judge Wilson was first assigned to the 333rd District Court, through the final resolution of this Motion and of every related proceeding identified in Part B, and applies to information created after the date of this Motion.

**G. Written confirmation**

Choudhri requests that each person and office identified in Part A confirm in writing, within seven days, that a litigation hold has been implemented; identify the custodians, devices, and accounts placed on hold; and disclose whether any covered information has been deleted, lost, or altered since September 11, 2026, and if so, what, when, and by whom.

**H. Purpose and supplementation**

This request is made to preserve evidence. It is not itself an allegation that any particular communication occurred. Choudhri will supplement this Motion under Rule 18a as additional evidence becomes available.

**VII. PRAYER**

Choudhri respectfully requests that:

Unofficial Copy Office of Marilyn Burgess District Clerk

(a) this Motion be processed under Rule 18a; if Judge Brown elects the referral option provided by Rule 18a(g)(1), the portion directed to her be referred to the Chief Justice of the Supreme Court of Texas for consideration, and an appropriate judge be assigned to decide the challenged recusal issues;

(b) the Honorable Randy Wilson be recused/disqualified from Cause No. 2023-84714;

(c) the Honorable Rabeea Sultan Collier be recused/disqualified from further participation in any transfer or assignment involving Cause No. 2023-84714, and, if she is disqualified, her September 14, 2026 transfer order be declared void;

(d) the Honorable Susan Brown be recused/disqualified from deciding, or assigning the judge to decide, the challenge to her own Assignment Nos. 5124, 5125, and 5126, and exercise the referral option provided by Rule 18a(g)(1);

(e) if any recusal motion is granted, the case be reassigned in accordance with Rule 18a(g)(7);

(f) interim or ancillary orders issue under Rule 18a(g)(4) as justice requires, including an order directing preservation as requested in Part VI and requiring the written confirmations described in Part VI.G, and the discovery described in Part V be authorized under Rule 18a(g)(5); and

(g) Choudhri be granted all other relief to which he is entitled.

Respectfully submitted,

*/s/ Ali Choudhri*
Ali Choudhri, Pro Se
4521 San Felipe Street, Unit 3201
Houston, Texas 77027
Telephone: (281) 630-6627
Email: ali@jetallcapital.com
Defendant, Pro Se

Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF CONFERENCE

Pursuant to Harris County Civil District Court Local Rule 3.3.6, I certify that on September 28, 2026, I conferred with counsel for Plaintiff TIG Romspen US Master Mortgage LP and counsel for Receiver Travis Vargo regarding the relief requested in this Motion. All oppose the Motion. The Motion is therefore submitted to the Court for determination.

*/s/ Ali Choudhri*
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## VERIFICATION — UNSWORN DECLARATION

(Tex. Civ. Prac. & Rem. Code § 132.001)

My name is Ali Choudhri. My date of birth is [redacted]1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027, United States of America.

I declare under penalty of perjury that the factual statements in Parts II and III are true and correct based on my personal knowledge and on the court records, recorded instruments, emails, and video attached as exhibits, which are true and correct copies, except that Paragraph 30 is stated on information and belief, on the basis specifically set out in that paragraph. Where a statement describes what a filing alleged, I verify only that the filing made the stated allegation, not that the allegation was adjudicated or proven. The legal argument in Parts IV through VII is not a statement of fact.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on September 28, 2026.

*/s/ Ali Choudhri*
Ali Choudhri, Declarant

## CERTIFICATE OF SERVICE

I certify that on September 28, 2026, a true and correct copy of the foregoing Verified Motion to Recuse and Disqualify was served on every other party and counsel of record through the

electronic filing manager, the same method by which it was filed, in accordance with Texas Rules of Civil Procedure 18a(d) and 21a.

*/s/ Ali Choudhri*
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit 1 | Email from Ali Choudhri to Davia Ford, Harris County District Clerk (Sept. 14, 2026, 1:47 p.m.) — original sent email or authenticated export |
| Exhibit 2 | Order Denying Motion to Transfer, Cause No. 2023-84714 (80th Dist. Ct. Aug. 20, 2026) |
| Exhibit 3 | Transfer Order, Cause No. 2023-84714 (Sept. 14, 2026) — signed/filed copy |
| Exhibit 4 | Transfer Order, Cause No. 2026-63841 (Sept. 14, 2026) |
| Exhibit 5 | Order of Assignment No. 5124 and Notice of Assignment (Sept. 16, 2026), Cause No. 2023-84714 |
| Exhibit 6 | Order of Assignment No. 5125 and Notice of Assignment (Sept. 16, 2026), Cause No. 2026-63841 |
| Exhibit 7 | Docket, Khawaja Partners, Ltd. v. Jetall Companies, Inc., No. 4:14-cv-02975 (S.D. Tex.) |
| Exhibit 8 | Motion to Substitute Counsel, No. 4:14-cv-02975 |
| Exhibit 9 | TIG Romspen Motion for Entry of Stipulated Judgment and proposed (unsigned) judgment (Dec. 19, 2025) |
| Exhibit 10 | Choudhri Objection and Verified Motion to Show Authority (Mar. 20, 2026) |
| Exhibit 11 | Memorandum Opinion (Mar. 10, 2026) and docket, No. 14-24-00057-CV; Supreme Court of Texas docket, No. 26-0892 |
| Exhibit 12 | Order of Recusal and Transfer, Cause No. 2012-27197-A (signed Aug. 24 and 27, 2018) |
| Exhibit 13 | Emergency Verified Motion to Recuse and Disqualify (Judge Debra Davis) and Order of Recusal and Transfer, Cause No. 2013-41273 (June 8, 2021) |
| Exhibit 14 | Email from Travis Vargo (Apr. 4, 2025) |
| Exhibit 15 | Receiver's Report to the Court, Cause No. 2012-27197-A (June 9, 2026) |
| Exhibit 16 | E-service list, Cause No. 2012-27197-A, showing Osama Abdullatif (Envelope No. 118959689) |
| Exhibit 17 | Order, Cause No. 2012-27197-A (July 28, 2026); Receiver's Motion for Writ of Possession (June 12, 2026) |
| Exhibit 18 | Notice of Lis Pendens, Harris County Doc. No. RP-2023-285825 (July 31, 2023) |
| Exhibit 19 | Supplemental Notice of Lis Pendens, Harris County Doc. No. RP-2023-321984 (Aug. 23, 2023) |
| Exhibit 20 | Original Petition, City of Houston, et al. v. Arabella PH 3201 LLC, et al., Cause No. 2023-67381 (215th Dist. Ct.) (filed Sept. 29, 2023) |
| Exhibit 21 | Default Judgment, Cause No. 2023-67381 (signed Feb. 15, 2026), with Joint Motion for Default Judgment |
| Exhibit 22 | Reporter's Record, Aug. 26, 2026 hearing, Cause Nos. 2026-60637 and 2026-59605 |
| Exhibit 23 | Notice of Removal, Adv. No. 26-03644, and Rule 9027(c) notice filed in Cause No. 2012-27197-A (file-stamped) |
| Exhibit 24 | Notice of Removal, Adv. No. 26-03650, and Rule 9027(c) notice filed in Cause No. 2026-63841 (file-stamped) |

Unofficial Copy Office of Marilyn Burgess District Clerk

| | |
|---|---|
| Exhibit 25 | Transcript excerpt, Sept. 10, 2026 hearing, Cause No. 2026-63841 |
| Exhibit 26 | Constable Rosen's Motion for Emergency Hearing on September 14th as to His Plea to the Jurisdiction, Cause No. 2026-63841 (filed Sept. 11, 2026, Envelope No. 119818061) |
| Exhibit 27 | Motion to Enforce Rule 11 Agreement, Adv. No. 26-03650 |
| Exhibit 28 | Voluntary Petition, In re Arabella PH 3201 LLC, No. 26-20432 (Bankr. D. Wyo.) |
| Exhibit 29 | Video recorded Sept. 15, 2026 at Unit 3201 |
| Exhibit 30 | Email chains "Arabella LLC / Choudhri Homestead" and "Immediate Stand-Down Demand" (Sept. 15, 2026), with the Sept. 15, 2026 order |
| Exhibit 31 | Email chain "Urgent - Writ of Possession for Arabella (Choudhri)" (Aug. 20–21, 2026) |
| Exhibit 32 | Transcript excerpt, Motions Hearing, Khawaja Partners, Ltd. v. Jetall Companies, Inc., Adv. No. 13-03252 (Bankr. S.D. Tex. Aug. 28, 2014), testimony of Omar Khawaja, pp. 1–3, 32–34, 55–56 |
| Exhibit 33 | Intentionally omitted |
| Exhibit 34 | Deposition of Omar Khawaja (Sept. 11, 2024), In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex.), excerpts with highlighting: cover and appearance pages, pp. 4, 85–86, 109–110, 116, 157–166 |
| Exhibit 35 | Docket sheets, Fourteenth Court of Appeals, Nos. 14-26-00804-CV and 14-25-00614-CV, including the August 27, 2026 order denying stay |
| Exhibit 36 | Unopposed Motion to Consolidate (Aug. 27, 2026) and Notice of Submission (Aug. 28, 2026), Cause Nos. 2025-75174 and 2026-20754, signed by Hoover Slovacek LLP as attorneys for Osama Abdullatif and PBAC 507, LLC through Travis Vargo, Receiver (highlighting added) |
| Exhibit 37 | Receiver's Intervention, Emergency Motion to Dissolve TRO and Plea to the Jurisdiction, No. 2026-59605 (Aug. 21, 2026); Receiver's Intervention, Plea to the Jurisdiction and Motion to Dismiss, No. 2026-63841 (Sept. 4, 2026) |
| Exhibit 38 | Amended Order Granting Turnover, Charging Order and Appointment of Receiver, No. 2012-27197-A (Apr. 9, 2025), p. 1 |
| Exhibit 39 | Email from Travis Vargo to Justin Rayome (July 10, 2025) (Renewed TRO Application Ex. L, No. 2026-63841) |
| Exhibit 40 | Plaintiffs' Renewed Application for Temporary Restraining Order, No. 2026-63841 (filed Sept. 9, 2026), with its Exhibits F (Declaration of Derek Staub), G (Declaration of Alicia Matsushima) and K (Sept. 1, 2026 reporter's record excerpts); its Exhibits A, C, D, H, I and L appear in this appendix as Exhibits 22, 38, 17, 14, 44 and 39 |
| Exhibit 41 | Demonstrative summary of Receiver Travis Vargo's testimony (slide presentation used at the Sept. 23, 2026 hearing on ECF No. 21), offered as a demonstrative aid only and not as substantive evidence |
| Exhibit 42 | Email from Courtney A. Vincent to Travis Vargo, copying Michael Poynter, L. Lee Thweatt, and Derek Staub (Sept. 11, 2026, 7:55 p.m.), and attached Notice of Litigation Hold and Demand to Preserve Evidence (dated Sept. 12, 2026), Arabella PH 3201 LLC v. Vargo, No. 4:26-cv-07537 (S.D. Tex.) |
| Exhibit 43 | Notice of Receivership (MCITBE LLC and 2232 Swift Boulevard), recorded Feb. 3, 2026, Harris County Official Public Records Doc. No. RP-2026-38584 |

Unofficial Copy Office of Marilyn Burgess District Clerk

| | |
|---|---|
| Exhibit 44 | Transcript of Proceedings (highlighting added), Apr. 3, 2025, before the Hon. Shad M. Robinson, In re Texas REIT, LLC, No. 24-10120, and Adv. No. 24-01045 (Bankr. W.D. Tex.) |
| Exhibit 45 | Harris County District Clerk settings history, Cause No. 2012-27197-A |
| Exhibit 46 | Email chains between the Receiver and Judge Wilson, June 2–3, June 9–10, June 15–July 23, and August 6, 2026 (Gmail printouts) |
| Exhibit 47 | Email thread "Re: 2012-27197A, Motion re Arabella Penthouse" (Aug. 13 – Sept. 11, 2026), including Michael Poynter's Sept. 11, 2026, 6:00 a.m. email to Judge Wilson, as printed from the email account of Choudhri's counsel, Derek Staub, with the attached proposed Order |
| Exhibit 48 | Order of Assignment No. 5126 and Notice of Assignment (Sept. 16, 2026), Cause No. 2026-59605 |
| Exhibit 49 | Transfer Order, Cause No. 2026-59605 (signed and filed Sept. 14, 2026) |
| Exhibit 50 | Certified Transcript of Hearing (Sept. 23, 2026), In re MCITBE LLC, No. 26-32580 (Bankr. N.D. Tex.) (Liberty Transcripts), excerpts: cover, pp. 139–142, 151–154, 158–159, 162–166, 169–172, 178 (highlighting added) |
| Exhibit 51 | Comparison of WC 4th & Colorado, LP v. Colorado Third Street, LLC, No. 14-22-00764-CV (Tex. App.—Houston [14th Dist.] Apr. 29, 2025) with the record in this case (demonstrative) |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 120589913
Filing Code Description: Motion (No Fee)
Filing Description: Motion to Recuse
Status as of 9/30/2026 3:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Justin Hanna | | justin.hanna@bclplaw.com | 9/30/2026 1:55:34 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 9/30/2026 1:55:34 PM | SENT |
| Jennifer LMacGeorge | 24093627 | jmac@jlm-law.com | 9/30/2026 1:55:34 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 9/30/2026 1:55:34 PM | SENT |
| Kyle S.Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 9/30/2026 1:55:34 PM | SENT |
| Kyle Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 9/30/2026 1:55:34 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 9/30/2026 1:55:34 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 9/30/2026 1:55:34 PM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 9/30/2026 1:55:34 PM | SENT |
| Leslie Luttrell | | lutrell@lclawgroup.net | 9/30/2026 1:55:34 PM | ERROR |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 9/30/2026 1:55:34 PM | SENT |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 9/30/2026 1:55:34 PM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 9/30/2026 1:55:34 PM | ERROR |
| Ali Choudhri | | ali@jetallcompanies.com | 9/30/2026 1:55:34 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk