10/21/2026 9:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121500139
By: Jessica Pannell
Filed: 10/21/2026 9:47 PM

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, Plaintiff, | § | IN THE DISTRICT COURT OF |
| v. | § | HARRIS COUNTY, TEXAS |
| GALLERIA LOOP NOTE HOLDER, LLC AND ALI CHOUDHRI, Defendants. | § | 333RD JUDICIAL DISTRICT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# DEFENDANT ALI CHOUDHRI'S FIRST SUPPLEMENT TO HIS VERIFIED MOTION TO RECUSE AND DISQUALIFY, FILING OMITTED EXHIBITS AND ADDITIONAL EVIDENCE

TO THE HONORABLE REGIONAL PRESIDING JUDGE, OR THE JUDGE ASSIGNED TO DECIDE THE MOTION:

Defendant Ali Choudhri ("Choudhri") files this First Supplement to his Verified Motion to Recuse and Disqualify Judge Randy Wilson, Judge Rabeea Sultan Collier, and Regional Presiding Judge Susan Brown, filed September 30, 2026 (Envelope No. 120589913) (the "Motion"). Part VI.H of the Motion reserved the right to supplement as additional evidence became available. This supplement does two things: it files exhibits that were omitted from the Motion's exhibit volume (Part I), and it presents additional evidence that has come to light since the Motion was filed (Part II). "Vargo" refers to Travis B. Vargo, the receiver Judge Wilson appointed in Cause Nos. 2012-27197-A (the "A-Case") and 2012-27197-D (the "D-Case"). Choudhri files this supplement without waiving any objection, including his objection to the September 14, 2026 transfer of this case.

**$42,371,306.88**
**FORTY-TWO MILLION, THREE HUNDRED SEVENTY-ONE THOUSAND, THREE HUNDRED SIX DOLLARS AND EIGHTY-EIGHT CENTS**

A judgment against Ali Choudhri **personally**, stipulated by Vargo **without Choudhri's consent** and **without the approval of any court**, plus **$16,612.89 per day** and **15.25%** interest. That is **more than thirteen times** the $3.1 million in judgments Vargo is attempting to collect.

Unofficial Copy Office of Marilyn Burgess District Clerk

## I. EXHIBITS OMITTED FROM THE FILED EXHIBIT VOLUME

S-1. The exhibit volume filed with the Motion contained a cover sheet for each exhibit, but for several exhibits the underlying document was not filed. In addition, the Exhibit 35 cover sheet was followed by a document that does not belong to it, and Exhibit 38 included only the first page of the order. These were assembly errors; they do not change the grounds of the Motion.

S-2. Choudhri files with this supplement the following exhibits, each with its original exhibit number, so that the record matches the Index of Exhibits in the Motion:

- **Exhibit 15**: Vargo's Report to the Court, Cause No. 2012-27197-A (June 9, 2026).
- **Exhibit 25**: Reporter's Record, hearing of September 10, 2026, Cause No. 2026-63841, including Vargo's agreement on the record at RR 5:19–6:11.
- **Exhibit 35 (replacement)**: Notice of the Fourteenth Court of Appeals in No. 14-26-00804-CV (Aug. 6, 2026), on letterhead listing Justice Randy Wilson as a member of that court. The document that followed the Exhibit 35 cover sheet in the filed volume is withdrawn as misplaced. Choudhri will file the docket sheets for Nos. 14-26-00804-CV and 14-25-00614-CV by further supplement.
- **Exhibit 38 (complete)**: The complete amended receivership orders in Cause Nos. 2012-27197-A and 2012-27197-D, replacing the single page filed.

S-3. Choudhri will file the remaining omitted exhibits, including Exhibits 7, 8, 11, 16, 18, 19, 23, 24, 31, and 46, by further supplement as soon as he obtains file copies. Exhibit 30, the September 15, 2026 email chain with Judge Wilson (together with Vargo's October 19,

2026 email in the same chain), is filed with this supplement. Exhibit 29, the video recorded at the residence on September 15, 2026, is filed with this supplement as a slip sheet with an authenticating declaration, and the recordings themselves are lodged with the Clerk in native format.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. ADDITIONAL EVIDENCE

### A. Vargo told Judge Wilson under oath that bankruptcy judges approved his Romspen settlement. No judge did.

S-4. The proposed **FORTY-TWO MILLION, THREE HUNDRED SEVENTY-ONE THOUSAND, THREE HUNDRED SIX DOLLARS AND EIGHTY-EIGHT CENTS ($42,371,306.88)** judgment in this case rests on a settlement agreement between Vargo and TIG Romspen US Master Mortgage LP ("Romspen"), effective November 21, 2025. By its own terms, Vargo's authority to settle was "subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri, to wit: 1001 WL." (Ex. 53, Ex. C thereto, Recitals Part D ¶ 3.)

S-5. On March 3, 2026, in the D-Case, Vargo filed with Judge Wilson a report, verified as "true and correct and within my personal knowledge," stating that his $225,000 Romspen settlement was "authorized by Judge Michael Parker" in No. 24-51195 and "authorized by Judge Christopher Bradley" in No. 24-10119. (Ex. 52 ¶ 1.) On April 15, 2026, he told Judge Wilson that the stipulated judgment in this case was part of that settlement, made "[f]ollowing Bankruptcy Court approval in the RICL Bankruptcy." (Ex. 53 ¶ 12.)

S-6. No bankruptcy judge approved Vargo's settlement. A bankruptcy court approves a settlement only on a motion under Bankruptcy Rule 9019, followed by an order granting it. No Rule 9019 motion seeking approval of Vargo's settlement was ever filed in *In re 1001 WL, LLC*, No. 24-10119, or in *In re RIC (Lavernia) LLC*, No. 24-51195, and no judge entered an order approving it. (Exs. 55, 56.) The RIC (Lavernia) case was dismissed by stipulated order and closed on December 5, 2025, three months before Vargo's verified report. (Ex. 55, ECF

No. 348.) The November 24, 2025 stipulated judgment in Adversary No. 24-05043 was entered on an agreed motion for entry of judgment, not a Rule 9019 motion, and does not approve Vargo's settlement or any payment to him. (Ex. 55, Adv. ECF Nos. 194, 195.) The only Rule 9019 motion in 1001 WL was the Chapter 11 Trustee's own, filed in March 2025, eight months before Vargo's agreement existed; it concerned a different settlement and was denied by final order on January 9, 2026. (Ex. 56, ECF No. 1037.)

S-7. A demonstrative summary of this chain, of the automatic stay, of Vargo's inconsistent statements to other courts (including his April 3, 2025 testimony that he has "a right to his distributions only"), of the Arabella timeline, and of Mokaram's counsel's use of the bankruptcy stay is attached as Exhibit 59.

S-8. On April 16, 2026, one day after Vargo's April 15 filing, Judge Wilson denied Choudhri's Motion to Remove Receiver Travis B. Vargo and Verified Motion to Show Authority, and his request for an oral evidentiary hearing. (Ex. 54.)

S-9. On August 19, 2026, Vargo's associate and counsel, Michael Poynter, wrote to counsel for the Harris County taxing authorities, copying Vargo, that he represents Travis Vargo, "who is the Court-Appointed Attorney for Ali Choudhri and two of his entities." On that basis, he asked the taxing authorities to withdraw a scheduled tax sale so that Vargo could sell Choudhri's residence himself. (Ex. 58.) No order of any court appoints Vargo as Choudhri's attorney. A receiver is an officer of the court who collects for the judgment creditors and is adverse to the judgment debtor; he is not the debtor's lawyer and has no authority to speak for the debtor as though he were.

S-10. On August 21, 2026, Vargo emailed Judge Wilson from Choudhri's residence, with movers present, gave the judge the Assistant County Attorney's direct telephone number, and asked for a ruling so the writ could proceed. The Harris County Attorney's Office represented the Constable, whom Choudhri was suing to stop the writ. In effect, Vargo invited the judge to call counsel for an adverse party, off the record, and rule based on that call. A

Unofficial Copy Office of Marilyn Burgess District Clerk

judge who gathers facts outside the record cannot also serve as the neutral arbiter of those facts. *In re Murchison*, 349 U.S. 133, 136–37 (1955); Tex. R. Civ. P. 18b(b)(1), (3). (Motion ¶ 29; Motion Ex. 31.)

S-11. On July 28, 2026, on Vargo's motion, Judge Wilson signed an order authorizing a writ of possession of Choudhri's residence and declaring recorded deeds to it void and expunged. Choudhri's counsel, Derek Staub, has declared under penalty of perjury that the order was decided by submission, with no evidentiary hearing and no witness testimony; that at the August 19, 2026 hearing on Choudhri's motion for new trial the Court would not allow witness testimony; and that the Court acknowledged at that hearing that, when it signed the July 28 order, it had been unable to open the exhibits submitted with Vargo's motion and could not review or even view the deeds it declared void. (Ex. 60 ¶¶ 4, 6–8.) No court has ever received sworn testimony on whether the residence is Choudhri's homestead. Alicia M. Matsushima, a licensed Texas attorney whose practice is concentrated in title disputes and real property litigation, has reviewed the pleadings in the A-Case and the D-Case. In an amended declaration that supersedes the one attached as Exhibit G to Exhibit 40 of the September 30 volume, she states under penalty of perjury that (1) Choudhri was never afforded notice or an opportunity to be heard on title before the July 28, 2026 order was signed; (2) no pleading on file asserts a cause of action that could adjudicate title or the validity of the deeds, such as a trespass-to-try-title action, the exclusive method under Texas Property Code § 22.001(a); (3) title was therefore never properly placed in controversy; and (4) in her professional opinion, the order does not comport with due process. (Ex. 61 ¶¶ 3–4, 9.)

S-12. **Judge Wilson has not complied with Rule 18a(f)(1).** Within three business days after a recusal motion is filed, the respondent judge must either sign an order of recusal or refer the motion to the regional presiding judge. Tex. R. Civ. P. 18a(f)(1). The Motion was filed September 30, 2026, so that deadline ran on October 5, 2026. As of October 21, 2026, the District Clerk's record shows no order of recusal, no order of referral, and no order of any kind

Unofficial Copy Office of Marilyn Burgess District Clerk

on the Motion. The only entries after September 30 are Romspen's three filings of October 7. (Ex. 62.) The same record shows a notice of hearing filed September 3, 2026, docketed as "Notice of Hearing (EJUD 10.26.26)," and a further notice of hearing filed September 29, 2026, the day before the Motion. (Id.) Choudhri gives notice of the respondent judge's failure to comply under Rule 18a(f)(3).

S-13. **Seven days after Choudhri filed the Motion, and while it remained pending, Romspen asked this Court to sign a $42,371,306.88 judgment against him.** The Motion was filed on September 30, 2026. Under Rule 18a(f)(2)(A), a respondent judge "must not take any further action in the case" until the motion is decided, except for good cause stated in writing or on the record. Vargo's counsel was served with and signed the revised form. Neither Romspen nor Vargo has shown good cause, and none exists for entering a final judgment of this size against Choudhri while the impartiality of the judge who would sign it is under review.

S-14. On October 7, 2026, Romspen filed a Notice of Filing Revised Form of Proposed Judgment and a revised proposed Final Judgment ("Updated version 10.5.2026"). (Ex. 57.) It recites that the judgment is "**unopposed by Travis Vargo** as state court-appointed receiver . . . **on behalf of** Defendants Galleria Loop Note Holder, LLC . . . and **Ali Choudhri, an individual**." It would award Romspen **$42,371,306.88** against Choudhri personally, jointly and severally, plus **$16,612.89 per day from June 16, 2025** and post-judgment interest at **15.25%**. At that per diem, the amount as of October 21, 2026 would be approximately **$50,544,848.76**. Vargo's counsel was served with the revised form and signed it "**Agreed as to form only**." Its Finding Q would have the Court find that Vargo "has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri," citing only the show-authority orders in RIC (Lavernia) (ECF No. 304) and 1001 WL (ECF No. 996). Notably, the revised judgment no longer claims that any bankruptcy court approved Vargo's settlement. It cites only orders about who may litigate, and those orders

Unofficial Copy Office of Marilyn Burgess District Clerk

approve no settlement and no judgment against Choudhri. The omission confirms that the bankruptcy-court "approval" Vargo described to Judge Wilson never existed.

**B. A collection receiver cannot create new debt for the judgment debtor.**

A collection receiver has no power to create new debt for the judgment debtor. The turnover statute authorizes a receiver "to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 31.002(b)(3). Turnover is a purely procedural device for reaching existing assets. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991). It confers no authority to decide the substantive rights of the parties. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577 (Tex. 2018); *Bizkeeping Corp. v. Benton*, 714 S.W.3d 857 (Tex. App.—Houston [1st Dist.] 2025); *Van Dyke v. Littlemill Ltd.*, 579 S.W.3d 639 (Tex. App.—Houston [14th Dist.] 2019). A receiver's powers are exercised "subject to the control of the court," Tex. Civ. Prac. & Rem. Code § 64.031, and a receiver "has no general authority to incur or compromise indebtedness without an order of the court." 64 Tex. Jur. 3d *Receivers* § 101. A receiver is an officer of the court, not the agent of the debtor or the creditors, *In re Thalmann*, 469 B.R. 677 (Bankr. S.D. Tex. 2012), so he cannot bind the debtor to new obligations as the debtor's agent. Texas courts have reversed orders entered on settlements a turnover receiver made beyond his appointing order. *WC 4th & Colorado, LP v. Colorado Third St., LLC*, No. 03-22-00781-CV, 2024 WL 3841676 (Tex. App.—Austin Aug. 15, 2024) (mem. op.); *see also WC 4th & Rio Grande, LP v. La Zona Rio, LLC*, 677 S.W.3d 136 (Tex. App.—El Paso 2023). Vargo was appointed to collect the $3.1 million in judgments in the A-Case and the D-Case. His stipulation would create a new **$42,371,306.88** judgment against Choudhri personally, in favor of a different creditor, on claims Vargo never litigated, without any order of the receivership court authorizing it. No statute, order, or decision gives a collection receiver that power.

**C. Judge Collier recused herself from Choudhri's litigation in 2021 for the same conflict.**



Unofficial Copy Office of Marilyn Burgess District Clerk

S-15. **Judge Collier had already recused herself from Choudhri's litigation because of this same conflict.** In May 2021, in *Sonder USA, Inc. v. Jetall Companies, Inc.*, Cause No. 2021-09675, then pending in her own 113th District Court, Jetall-affiliated defendants moved to recuse her because, as Rabeea Sultan, she had represented Khawaja Partners, Ltd. against Jetall Companies, Inc. in No. 4:14-cv-02975 (S.D. Tex.); Choudhri verified the facts by declaration. On June 2, 2021, Judge Collier signed an Order of Recusal and Transfer: "It is ordered that I voluntarily recuse myself and refer this case to the Administrative Judge of the Civil Trial Division for transfer to another court." (Ex. 63.) Five years later, on September 14, 2026, she did the opposite. Sitting as Administrative Judge, in cases in which she had never appeared and on no motion, notice, or hearing, she signed three orders moving Choudhri's cases into the court of the judge who appointed Vargo. She did not disclose the conflict she had already acknowledged or her prior recusal. Having once recused herself from Choudhri's litigation because she had represented his adversary, she had every reason to know that her impartiality in his cases could reasonably be questioned. Tex. R. Civ. P. 18b(b)(1).

S-16. **The parties are the same.** The movants who obtained her 2021 recusal were 1001 West Loop, LLC (related to 1001 WL, LLC, the debtor in No. 24-10119, whose bankruptcy is at the center of Vargo's Romspen settlement); Jetall Companies, Inc.; BDFI, LLC; and Galleria 2425 Owner, LLC, with Choudhri verifying the motion as their owner or authorized agent. (Ex. 63.) This case concerns the loan on 1001 West Loop South, Houston, Texas 77027, and the revised proposed judgment Romspen filed on October 7, 2026 asks the Court to find that Vargo has "the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC." (Ex. 57.) The same people and companies whose case Judge Collier left in 2021 because of her conflict are the people and companies affected by the case she moved to Judge Wilson in 2026.

**D. The September 2023 status conference and orders in the D-Case.**

Unofficial Copy Office of Marilyn Burgess District Clerk

S-17. At a September 19, 2023 status conference in the suffix cases of Cause No. 2012-27197, including the A-Case and the D-Case, Choudhri's counsel told Judge Wilson that the defendants' notice of interlocutory appeal, filed the night before, had automatically stayed the D-Case. Judge Wilson answered: "Well, I can't. It's stayed, so I've got a Hobson's choice here." (Ex. 64 at 17:34.) He then suggested that counsel dismiss the appeal so that he could rule: "I just think my hands are tied right now." (Id. at 18:39.) Opposing counsel noted that Judge Wilson was "on the appellate court." (Id. at 21:30.)

S-18. The same conference shows how the A-Case and the D-Case have been conducted. When counsel said, "We don't want to have a court reporter," Judge Wilson answered, "No question. It's not." (Ex. 64 at 29:23–29:24.) The only record of the conference is the recording that Choudhri's side made on a cell phone, with Judge Wilson's permission: asked whether the recording could be transcribed, he said, "That'd be fine with me," and acknowledged that the parties were "keeping a bystander record." (Ex. 64 at 00:03, 00:20.) At that conference, with no motion of Choudhri's before him and no evidence taken, Judge Wilson directed counsel for an opposing party to draft an order removing Choudhri's newly filed claims from the D-Case and barring any further claims there without leave. (Id. at 40:47–41:36.) Choudhri states, of his own knowledge, that in the A-Case and the D-Case Judge Wilson has entered orders without any motion pending, has declined to have a court reporter make a record of proceedings in which substantive matters were decided, removed Choudhri's live claims, and entered final judgment. The D-Case record shows it. On September 13, 2023, Judge Wilson denied the defendants' motion to compel arbitration without a notice of submission and without the oral hearing that had been requested. On September 18, 2023, the defendants, including Choudhri, filed a notice of interlocutory appeal asserting that the appeal automatically stayed the D-Case. The next morning, at the September 19 "status" conference, the court reporter could not log on and no official record was made; Choudhri's counsel objected to proceeding without a record, without notice that any motion

Unofficial Copy Office of Marilyn Burgess District Clerk

would be heard, and during the stay. Judge Wilson heard argument anyway and directed Mokaram's counsel to submit an order. That same day he signed an order withdrawing the September 13 order that was on appeal, and an order severing Choudhri's Seventh Amended Counterclaim from the D-Case, transferring it to the C-Case, and declaring any further claims filed without leave "void." (Ex. 65.) The Fourteenth Court of Appeals, on which Judge Wilson sits, then dismissed the appeal as moot on October 17, 2023, and denied rehearing and rehearing en banc on December 7, 2023. Judge Wilson entered final judgment in the D-Case on November 7, 2023. Choudhri's petition for review, No. 23-1019, challenges those orders and that judgment as void. On January 26, 2024, the Supreme Court of Texas requested a response. On February 16, 2024, after Mokaram's counsel filed a notice of bankruptcy, the Supreme Court abated the petition; it remains abated, subject to reinstatement. (Id.) The D-Case receivership in which Vargo was appointed rests on that judgment. An official court reporter must, on request, attend court sessions and make a record of the proceedings. Tex. Gov't Code § 52.046(a). Choudhri does not ask the recusal judge to review those rulings; he cites them only to show how the Court and its officer have conducted the A-Case and the D-Case.

S-19. **Vargo asks by email; Judge Wilson rules by email.** A summary of the emails Vargo and his counsel sent Judge Wilson from June 2 through September 15, 2026, and what Judge Wilson did after each, is attached as Exhibit 66. In June, Vargo sent proposed orders "ripe for ruling and Receiver requests same," and the next evening Judge Wilson emailed "attached are two orders that I signed today." On July 23, Vargo wrote that his writ motion for the home was "ripe for rulings"; Judge Wilson signed the July 28 order five days later. On August 26, Vargo wrote that "[a] signed order would save significant judicial resources and arguing in front of the ancillary judge." On September 11, his counsel pointed Judge Wilson to the September 14 hearing in Cause No. 2026-63841 and asked for an order "to avoid even more repetitive litigation"; three days later that case was in Judge Wilson's court. On

Unofficial Copy Office of Marilyn Burgess District Clerk

September 15, Vargo reported from the home that everyone had been removed and the locks secured "until you advise further," and Judge Wilson emailed a signed order. (Ex. 66; Motion Exs. 30, 31, 46, 47.) The practice has continued since the Motion was filed. On October 19, 2026, at 9:47 a.m., fourteen days after Rule 18a(f)(1) required a ruling or referral on the Motion and while it remained pending, Vargo emailed Judge Wilson a proposed order "to allow the Receiver to resume the writ of possession and commence the marketing/sales process" for Choudhri's home, and wrote that he "seeks direction regarding notice to vacate." Choudhri's counsel responded the same morning, expressly subject to and without waiving the pending recusal motion. (Ex. 30.) As the Court's own officer, acting only under the Court's authority, Vargo asked the Court to take action that Rule 18a(f)(2)(A) forbids; and while the Court may not act, its receiver should not be making new commitments in its name.

S-20. On September 11, 2026, at 5:24 p.m., Choudhri wrote to Vargo and his counsel: "I further object to you directly communicating with Judge Randy Wilson," and asked for "all the emails, call logs, and texts, whatsapp you have with Judge Randy Wilson." That morning at 6:00 a.m., Vargo's counsel had emailed Judge Wilson about the September 14 hearing in Cause No. 2026-63841. Vargo did not deny the communications, answer the objection, or produce anything. He replied only that Choudhri should "go[] through the proper channels," signing as "Court Appointed Receiver." That evening, counsel sent Vargo a written preservation demand covering "communications with any court or court staff concerning the Property." Three days later the case was transferred into Judge Wilson's court. (Ex. 67.)

S-21. Judge Wilson's seat on the Fourteenth Court of Appeals has also come up in these cases. At the September 19, 2023 status conference, opposing counsel told him that "Your Honor, being on the appellate court, probably knows" that a party wanting a stay pending appeal must move for one; Judge Wilson answered that such a motion "would probably get granted." (Ex. 64 at 21:30–21:51.) Speaking as the trial judge, he forecast how the appellate court would rule. The Fourteenth Court then dismissed Choudhri's 2023 appeal

Unofficial Copy Office of Marilyn Burgess District Clerk

from Judge Wilson's own September 13, 2023 order as moot, after Judge Wilson withdrew that order, and denied rehearing and rehearing en banc. (Ex. 65.) On August 27, 2026, the Fourteenth Court denied Choudhri's motion to stay the appeal from Judge Wilson's July 28, 2026 order, on letterhead listing Justice Randy Wilson. (Motion Ex. 35.) The judgment Vargo enforces, the orders appointing him, and every order Judge Wilson enters here are reviewed by the court on which Judge Wilson sits. The problem is structural, and it is not cured by Judge Wilson stepping off a particular panel: a sitting Justice assigned to preside in a trial court sends every ruling he makes to colleagues who work beside him, confer with him, and sit with him on other appeals, and whose likely rulings he has forecast from the bench. A reasonable member of the public would question whether those colleagues can review his rulings as they would any other trial judge's, and whether his views reach them outside the record. Tex. R. Civ. P. 18b(b)(1); Tex. Code Jud. Conduct, Canon 2A. Choudhri does not ask the recusal judge to decide whether any Justice of the Fourteenth Court has acted improperly; he asks that the judge who presides here not be a member of the court that reviews the case.

S-22. The grounds concerning the transfers and assignments arose, and became known to Choudhri, only on September 14 and 16, 2026. Choudhri had no reason to anticipate them. On August 20, 2026, after a hearing, the 80th District Court had denied the transfer of Cause No. 2023-84714 and ordered that the case "shall remain in the 80th District Court." Twenty-five days later, with no transfer motion pending, without notice or a hearing, and without disclosing her 2021 recusal over the same conflict, Administrative Judge Collier signed orders moving that case and two others into Judge Wilson's court, and two days after that Judge Wilson was assigned to all three. Choudhri filed the Motion sixteen days later, on September 30, 2026. The facts presented in this supplement arose or became available after that: Vargo's September 15 entry into Choudhri's home, his September 23 testimony, Romspen's October 7 revised judgment, filed with Vargo's counsel's signature, which dropped the claimed bankruptcy approval, and Vargo's October 19 request that Judge Wilson resume

Unofficial Copy Office of Marilyn Burgess District Clerk

the writ while the Motion was pending. Choudhri has moved promptly at each step.

**E. Why this matters to the Motion.**

The central question in this case is whether Vargo had authority to bind Choudhri to a **$42 million** judgment. The record now shows that Vargo obtained that position by telling Judge Wilson, under oath, that two bankruptcy judges had approved his settlement, when no Rule 9019 motion was ever filed and no judge approved it, and that Judge Wilson ruled for Vargo the next day. If this case remains before Judge Wilson, he would have to decide whether his own appointed officer misled him, and whether his own April 16, 2026 ruling rested on that misstatement, before he could decide whether Vargo may consent to the judgment. A reasonable member of the public who knew these facts would doubt that the judge could decide those questions impartially. Tex. R. Civ. P. 18b(b)(1); *In re Murchison*, 349 U.S. 133, 136 (1955). These facts supplement, and do not replace, the grounds stated in the Motion.

## III. RELIEF REQUESTED

Choudhri asks that (1) the Motion be referred at once to the Presiding Judge of the Eleventh Administrative Judicial Region, and the portion directed to Regional Presiding Judge Brown be referred to the Chief Justice of the Supreme Court of Texas, as Rule 18a(f)(1) and (g)(1) provide; (2) no action be taken on Romspen's October 7, 2026 revised proposed judgment, on any hearing noticed for entry of judgment (including the setting docketed as "EJUD 10.26.26"), or on any other request for relief in this case until the Motion is decided, as Rule 18a(f)(2)(A) requires; (3) this supplement and its exhibits be considered with the Motion; (4) the omitted exhibits filed with it be deemed part of the Motion's exhibit record; (5) leave be granted for the further supplement described in Paragraph S-3; and (6) the relief requested in the Motion be granted.

Dated: October 21, 2026

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri, *pro se*
4521 San Felipe #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

**VERIFICATION — UNSWORN DECLARATION**

(Tex. Civ. Prac. & Rem. Code § 132.001)

My name is Ali Choudhri. My date of birth is [redacted] 1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027, United States of America.

I declare under penalty of perjury that the factual statements in Parts I and II of this supplement are true and correct and are within my personal knowledge or are shown by the court records and transcripts attached as exhibits, which are true and correct copies. Where a statement describes what a filing or transcript says, I verify only that it says so. The argument in Parts II.B through II.E is not a statement of fact.

Executed in Harris County, State of Texas, on October 21, 2026.

/s/ Ali Choudhri

Ali Choudhri, Declarant

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, a true and correct copy of this supplement and its exhibits was served on every other party and counsel of record through the electronic filing manager and by email, including counsel for TIG Romspen US Master Mortgage LP (Kyle S. Hirsch, Justin D. Hanna, and Vernon Lewis), Travis B. Vargo, and Leslie M. Luttrell, in accordance with Texas Rules of Civil Procedure 18a(d) and 21a.

Unofficial Copy Office of Marilyn Burgess District Clerk

/s/ Ali Choudhri
Ali Choudhri

## INDEX OF SUPPLEMENTAL EXHIBITS

| | |
|---|---|
| Exhibit 15 | Vargo's Report to the Court, Cause No. 2012-27197-A (June 9, 2026) (omitted from filed volume) |
| Exhibit 25 | Reporter's Record, Sept. 10, 2026 hearing, Cause No. 2026-63841 (omitted from filed volume) |
| Exhibit 29 | Video recordings made at 4521 San Felipe Street, Unit 3201 on Sept. 15, 2026 (slip sheet and authenticating declaration; lodged in native format) |
| Exhibit 30 | Email chain "Arabella LLC / Choudhri Homestead" (Sept. 15 – Oct. 19, 2026), including Judge Wilson's 12:13 p.m. order by email and Vargo's Oct. 19 proposed order |
| Exhibit 35 | Notice, Fourteenth Court of Appeals, No. 14-26-00804-CV (Aug. 6, 2026) (replacement) |
| Exhibit 38 | Amended receivership orders, Cause Nos. 2012-27197-A and 2012-27197-D (complete) |
| Exhibit 52 | Vargo's Report, Accounting, and Motion to Distribute, with unsworn declaration, Cause No. 2012-27197-D (Mar. 3, 2026) |
| Exhibit 53 | Vargo's Omnibus Response, Cause No. 2012-27197-A (Apr. 15, 2026), with Ex. C thereto (Romspen–Vargo Settlement Agreement) |
| Exhibit 54 | Order, Cause No. 2012-27197-A (Apr. 16, 2026) |
| Exhibit 55 | Docket sheets, *In re RIC (Lavernia) LLC*, No. 24-51195, and Adv. No. 24-05043 (Bankr. W.D. Tex.) |
| Exhibit 56 | *In re 1001 WL, LLC*, No. 24-10119 (Bankr. W.D. Tex.): ECF No. 1009 (Nov. 4, 2025) and Final Order Denying the Trustee's Rule 9019 Motion, ECF No. 1037 (Jan. 9, 2026), with declaration concerning the docket |
| Exhibit 57 | Romspen's Motion for Entry of Stipulated Judgment and proposed Final Judgment (Dec. 19, 2025) and revised proposed Final Judgment (Oct. 7, 2026), Cause No. 2023-84714 |
| Exhibit 58 | Email from Michael Poynter (Vargo Law Firm, P.C.) to counsel for the taxing authorities, copying Travis Vargo (Aug. 19, 2026) |

Unofficial Copy Office of Marilyn Burgess District Clerk

| | |
|---|---|
| Exhibit 59 | Demonstrative summary: the approval claim, the **$42 million** judgment, the automatic stay, and Vargo's statements to other courts |
| Exhibit 60 | Unsworn Declaration of Derek Staub, with Exhibit A thereto (Order of July 28, 2026) |
| Exhibit 61 | Amended Declaration of Alicia M. Matsushima, licensed Texas attorney (title and real property), superseding the declaration attached as Exhibit G to Exhibit 40 of the September 30 volume |
| Exhibit 62 | Harris County District Clerk case images list, Cause No. 2023-84714, as viewed Oct. 21, 2026 (excerpt), with declaration |
| Exhibit 63 | Verified Motion to Recuse Judge Rabeea Collier, with Exhibit A and Declaration of Ali Choudhri, and Order of Recusal and Transfer (June 2, 2021), Cause No. 2021-09675 |
| Exhibit 64 | Status conference before Judge Wilson, Sept. 19, 2023: transcript of the recording, with declaration |
| Exhibit 65 | Cause No. 2012-27197-D, Sept. 2023 orders and filings; Petition for Review No. 23-1019 (Tex.), request for response, notice of bankruptcy, and abatement order |
| Exhibit 66 | Summary of Vargo's and his counsel's emails to Judge Wilson and what followed, June 2 – Sept. 15, 2026 (Tex. R. Evid. 1006) |
| Exhibit 67 | Emails of Sept. 11, 2026: Choudhri's written objection to Vargo's direct communications with Judge Wilson; Vargo's reply; preservation demand |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121500139
Filing Code Description: Motion (No Fee)
Filing Description: First Supplement to Verified Motion to Recuse
Status as of 10/22/2026 11:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Justin Hanna | | justin.hanna@bclplaw.com | 10/21/2026 9:47:51 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 10/21/2026 9:47:51 PM | SENT |
| Jennifer LMacGeorge | 24093627 | jmac@jlm-law.com | 10/21/2026 9:47:51 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 10/21/2026 9:47:51 PM | SENT |
| Kyle S.Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 10/21/2026 9:47:51 PM | SENT |
| Kyle Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 10/21/2026 9:47:51 PM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 10/21/2026 9:47:51 PM | SENT |
| Theressa Washington | | twashington@fbtgibbons.com | 10/21/2026 9:47:51 PM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/21/2026 9:47:51 PM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 10/21/2026 9:47:51 PM | SENT |
| Leslie Luttrell | | lutrell@lclawgroup.net | 10/21/2026 9:47:51 PM | ERROR |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 10/21/2026 9:47:51 PM | SENT |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 10/21/2026 9:47:51 PM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 10/21/2026 9:47:51 PM | ERROR |
| Ali Choudhri | | ali@jetallcompanies.com | 10/21/2026 9:47:51 PM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk