# EXHIBIT 30

Email chain "Arabella LLC / Choudhri Homestead": Derek Staub to Judge Wilson (Sept. 15, 2026, 11:19 a.m.); Judge Wilson's order by email (Sept. 15, 2026, 12:13 p.m.); Travis Vargo to Judge Wilson with proposed order (Oct. 19, 2026, 9:47 a.m.); Derek Staub to Judge Wilson (Oct. 19, 2026, 10:34 a.m.).

*(highlighting added)*

Unofficial Copy Office of Marilyn Burgess District Clerk

JETALL

Ali Choudhri <ali@jetallcapital.com>

## RE: Arabella LLC / Choudhri Homestead

1 message

**Staub, Derek R.** <dstaub@fbtgibbons.com> Mon, Oct 19, 2026 at 10:34 AM
To: Travis Vargo <tvargo@vargolawfirm.com>, Randy Wilson <randy.wilson@txcourts.gov>
Cc: Scott Funk <sfunk@grayreed.com>, "T. Michael Ballases" <ballases@hooverslovacek.com>, "Simien, Shawn (DCA)" <shawn_simien@justex.net>, Michael Poynter <mpoynter@vargolawfirm.com>, Ali Choudhri <ali@jetallcapital.com>, Lori Hood <lhood@shackelford.law>

Judge Wilson,

I'm writing, with all counsel copied, to respond to Mr. Vargo's October 7, 2026 letters filed in Cause Nos. 2012-27197-A and 2012-27197-D about Mr. Choudhri's homestead at 4521 San Felipe Street, Unit 3201 and his email below. Exhibits A through D are attached as a single PDF.

At the outset, Mr. Choudhri makes this request only to preserve the status quo. He makes it subject to his Verified Motion to Recuse and Disqualify, which is pending in Cause No. 2023-84714, and without waiving that motion or the grounds stated in it. He believes those grounds apply equally to any matter involving his homestead. Nothing in this letter asks the Court to decide the merits of Mr. Choudhri's homestead claim, and nothing in it waives any position Mr. Choudhri has taken in Adversary Nos. 26-03644, 26-03645, or 26-03650. Nor does it ask the Court to adjudicate the September 10 agreement, which is before the bankruptcy court.

With that reservation, the request rests on an agreement made on the record. On September 10, 2026, Cause No. 2026-63841 came before the Honorable Tracy Good for a temporary restraining order hearing. At that hearing, Mr. Vargo stated, "So, long as there's no orders coming out of this, I'm not removing him from the home." The exchange that followed reads:

THE COURT: All right. You got that on the record. You’re not removing him from the home. You have no objections, right?

MR. VARGO: Prior to?

THE COURT: Monday the 14th. You will not remove Mr. Choudhri or his mother from the home until a hearing that’s scheduled for the 14th in the 133rd; is that correct, yes?

MR. VARGO: Yes.

[ . . . ]

Unofficial Copy Office of Marilyn Burgess District Clerk

THE COURT: No, the deal is --

MR. CHOUDHRI: Is it Monday or Tuesday?

THE COURT: Nothing will happen until after the presiding judge holds your hearing on the 14th. So, the same presentation you're making to me, I would imagine you're going to make the same presentation to the presiding judge of the 133rd. All right?

MR. CHOUDHRI: Yes, Your Honor.

Ex. A, RR 5:25–6:11, 8:4–11; reproduced by Mr. Vargo in Adv. No. 26-03644, ECF No. 24 at 3–4. No order issued.

Judge Good also described how long the protection would last, and confirmed the agreement on the record before adjourning:

THE COURT: Mr. Choudhri? Mr. Choudhri? Again, your presentation was well-rounded. I understand and I accept and I hear exactly what you're saying. And, again, the issue that you had was, you did not want there to be a situation where somebody comes after you or your mother in your home until you actually have a full-fledged hearing before the court.

MR. CHOUDHRI: Yes.

THE COURT: You got that.

[ . . . ]

THE COURT: All right. And, so, I want to get on the record from everybody, so we have a clear understanding that nobody within the hearing of my voice is going to do anything to effect the eviction of Mr. Choudhri over the weekend and that the issue related to his home will be presented to the 133rd on the 14th. All right. I got everybody here. We're all in agreement and got it on the record.

Ex. A, RR 6:24–7:7, 8:21–9:3.

From my understanding, Mr. Vargo and Mr. Poynter were both present, as were Felipe Guevara and Courtney Carlson, counsel for Constable Rosen. RR 2:14–15.

Mr. Vargo has since confirmed the agreement in his own federal filing. In his October 12, 2026 Response and Opposition in Adv. No. 26-03644 (Ex. D):

| No. | Vargo's statement (ECF 24) | Location | What it establishes |
|---|---|---|---|

Unofficial Copy Office of Marilyn Burgess District Clerk

| | | | |
|---|---|---|---|
| 1 | “the agreement made by the Receiver regarding the exercise of the Writ of Possession was as follows” | p. 3, ¶ 4 | An agreement existed, and Vargo made it. |
| 2 | Defines the September 10 exchange as the “Writ of Possession Agreement” | p. 8 n.21 | Vargo treats it as a binding agreement, not a passing colloquy. |
| 3 | “the Receiver has agreed to stand down on the Writ of Possession until after the hearing scheduled for the 14th of September” | p. 4 | The condition is a hearing, not a date. |
| 4 | The agreement “was followed to the letter by the Receiver”; it “was strictly adhered to by the Receiver” | p. 2, ¶ 3; p. 9 | Vargo accepts that the agreement bound him. |
| 5 | The parties attended and “were informed that the matter had been transferred to the 333rd” | p. 5, ¶ 5 | Describes no presentation, no evidence, and no ruling. |
| 6 | No one “took any further action in the Receivership Court to have the hearing Choudhri so claimed to so desperately want” | p. 5, ¶ 5 | The hearing Mr. Choudhri was promised had not been held. |

The September 11, 2026 email from Mr. Poynter to the Court listed the September 10 hearing as "TRO Denied" and did not mention the agreement.

That full-fledged, meaningful evidentiary hearing has not been held. Mr. Choudhri has so declared under penalty of perjury (Adv. No. 26-03644, Declaration of Ali Choudhri ¶¶ 4–6, filed October 16, 2026), and Mr. Vargo’s own account of September 14 describes no such hearing (ECF No. 24 at 5, ¶ 5). On September 14, the case was transferred out of the 133rd by administrative order on the day of the setting — a transfer Mr. Vargo had himself requested in his September 4, 2026 Intervention in that cause (¶ 7) — and a notice of removal to the Bankruptcy Court was filed the same day. On September 15, in Cause No. 2026-63841, this Court ordered that Mr. Vargo, the Constable, and all other persons are prohibited from "entering, accessing, or taking any action affecting the Property pending further order of this Court or the bankruptcy court," with the handwritten addition "except as permitted by this Order." Ex. C ¶ 5. The things the order permits are set out in its other paragraphs: Mr. Choudhri was permitted to re-enter and occupy the Property, and Mr. Vargo was ordered to “immediately return all personal property removed

Unofficial Copy Office of Marilyn Burgess District Clerk

from the Property, restore it to its original location within the unit," and restore the original locks, keys, and access credentials. Ex. C ¶¶ 2–4. Mr. Choudhri returned to the residence on September 15 and remains there today. On information and belief not all of the personal property removed on September 15 has been returned.

The agreement is also the subject of pending federal proceedings. From my understanding, Plaintiffs' Emergency Motion to Enforce the Agreement Made in Open Court on September 10, 2026 is pending in Adversary No. 26-03650 (Bankr. S.D. Tex.) as ECF No. 6. Ex. B. I did not attend the October 13, 2026 status conference before Judge Lopez. However, based on what has been relayed to me, Judge Lopez:

- denied separate motions to transfer, to consolidate, and to enforce the automatic stay;
- made no findings on the events of September 15;
- took ECF No. 6 under advisement; and
- indicated that the parties may ask the state court to rule on the September 10 agreement without prejudice.

We will let the Court know promptly when there is a ruling. On October 14, 2026, at a hearing before the ancillary judge, Judge Gomez, in Cause No. 2026-63841, counsel for Constable Rosen took the position that the case is in federal court. No ruling was made. No court has ruled on the September 10 agreement or relieved any party of it, and it remains in effect.

In the meantime, we respectfully ask the Court for four things.

First, that the status quo be maintained: that no eviction go forward, and that no property or belongings be removed from the residence, until a full-fledged, meaningful evidentiary hearing on Mr. Choudhri's homestead claim has been held in a proper forum.

Second, we ask the Court to direct Mr. Vargo to give Mr. Choudhri at least ten (10) days' written notice before any eviction is attempted or carried out, whether now or at any later date. The only notice Mr. Choudhri received was Precinct One's Final Notice, posted on or about September 2, which set execution for no earlier than September 12. No one came on September 12, and no new notice was given before September 15. That execution also took place while the automatic stay under 11 U.S.C. § 362(a) was in effect, in violation of that stay. Any notice of eviction given before the events of September 15 is now more than a month old, has lapsed, and no longer has any effect. Fresh written notice must be given before any future eviction attempt.

Third, that no order affecting possession of the residence, or authorizing any eviction or removal of property from it, be entered without prior written notice to Mr. Choudhri and a full-fledged, meaningful evidentiary hearing. The September 10 agreement was conditioned on that hearing being held, not on an order being signed.

Unofficial Copy Office of Marilyn Burgess District Clerk

Fourth, that Mr. Vargo be directed to complete the return of all personal property removed from the residence on September 15, as paragraph 3 of the Court's September 15 order requires.

At the very minimum, Mr. Choudhri requests a hearing before any action is taken that affects his home.

Thank you for your understanding.

Respectfully,

Derek

**Derek Staub**

Partner

**FBT Gibbons**

Dallas, TX

Direct +1 214.580.5826

Mobile +1 214.507.3841

Unofficial Copy Office of Marilyn Burgess District Clerk

---

**From:** Travis Vargo <tvargo@vargolawfirm.com>
**Sent:** Monday, October 19, 2026 9:47 AM
**To:** Randy Wilson <randy.wilson@txcourts.gov>
**Cc:** Staub, Derek R. <dstaub@fbtlaw.com>; Scott Funk <sfunk@grayreed.com>; T. Michael Ballases <ballases@hooverslovacek.com>; Simien, Shawn (DCA) <shawn_simien@justex.net>; Michael Poynter <mpoynter@vargolawfirm.com>
**Subject:** RE: Arabella LLC / Choudhri Homestead

Unofficial Copy Office of Marilyn Burgess District Clerk

Judge Wilson,

RE: 2012-27197-A - MOKARAM, ALI vs. CHOUDHRI, ALI ET AL

Receiver respectfully reports the following (per the attached Orders from other courts):

1. The Wyoming bankruptcy proceeding giving rise to the pause of the writ of possession was **dismissed**.
2. The Wyoming bankruptcy court **denied** Mr. Choudhri's motions to reinstate the dismissed case.
3. The A case was **remanded** by Judge Perez and the D case remanded by Judge Norman, bankruptcy courts in the Southern District of Texas.

Attached please find a proposed Order for your consideration to allow the Receiver to resume the writ of possession and commence the marketing/sales process. It makes findings that were requested in the Receiver and Mr. Choudhri's prior motion(s) regarding Arabella that have been the subject of litigation since your prior order regarding the Penthouse. Last, to avoid further delay and ensure the Receiver is carrying out the will of the Court, Receiver seeks direction regarding notice to vacate.

Travis Vargo

Court Appointed Receiver

(713) 524-2441

---

**From:** Randy Wilson <Randy.Wilson@txcourts.gov>
**Sent:** Tuesday, September 15, 2026 12:13 PM
**To:** 'Staub, Derek R.' <dstaub@fbtgibbons.com>
**Cc:** Travis Vargo <tvargo@vargolawfirm.com>; Michael Poynter <mpoynter@vargolawfirm.com>; Vincent Law PLLC <info@vincentlawpllc.com>; Scott Funk <sfunk@grayreed.com>; 'T. Michael Ballases' <ballases@hooverslovacek.com>; Simien, Shawn (DCA) <shawn_simien@justex.net>
**Subject:** RE: Arabella LLC / Choudhri Homestead

In light of the various bankruptcy filings, I am ordering Mr. Vargo to stop the seizure of Mr. Choudhri's residence. I will shortly be scheduling a hearing where we can sort all of this out, but for now, stop the seizure.

Unofficial Copy Office of Marilyn Burgess District Clerk

**From:** Staub, Derek R. <dstaub@fbtgibbons.com>
**Sent:** Tuesday, September 15, 2026 11:19 AM
**To:** Randy Wilson <Randy.Wilson@txcourts.gov>
**Cc:** Travis Vargo <tvargo@vargolawfirm.com>; Michael Poynter <mpoynter@vargolawfirm.com>; Vincent Law PLLC <info@vincentlawpllc.com>
**Subject:** Arabella LLC / Choudhri Homestead

CAUTION: This email originated from outside of the Texas Judicial Branch email system.
DO NOT click links or open attachments unless you expect them from the sender and know the content is safe.

Judge Wilson,

I have been informed that Mr. Vargo and his team are currently at Mr. Choudhri's home and have arrested Mr. Choudhri. As this Court knows from the filings, there is an automatic bankruptcy stay and a federal removal of the A and D case. The taking of Mr. Choudhri's home is a violation of federal rights. The stay under 11 U.S.C. § 362(a) arose automatically when the petition was filed on Friday, September 11, 2026. It bars enforcement of a pre-petition judgment against property of the estate (§ 362(a)(2)) and any act to obtain possession of or exercise control over property of the estate (§ 362(a)(3)). A party who believes the stay does not reach particular property has one remedy: a motion for relief from stay, or for a determination that the stay does not apply, filed in the Wyoming bankruptcy court. Executing the writ on the strength of the County's own reading is done at the County's peril. In the Fifth Circuit, acts taken in violation of the stay are void, not merely voidable (*Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178 (5th Cir. 1989)), and the Receiver, as a state-court custodian, is independently subject to the turnover obligation in § 543. The constable does not need to be a creditor to be bound; the stay protects the property.

Respectfully, I am asking that you instruct Mr. Vargo to stand down immediately from his actions and violations of the law.

Thank you,

Derek

**Derek Staub**

Partner

FBT Gibbons

2101 Cedar Springs Road, Suite 900
Dallas, TX 75201

Direct +1 214.580.5826

Main +1 214.545.3472

Mobile +1 214.507.3841

dstaub@fbtgibbons.com

Add @fbtgibbons.com to your approved senders to ensure delivery.

Unofficial Copy Office of Marilyn Burgess District Clerk

---

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling FBT Gibbons at (513) 651-6800, so that our address record can be corrected.

---

**Exhibits A-D.pdf**
1709K