# EXHIBIT 56

*In re 1001 WL, LLC*, No. 24-10119-SMR (Bankr. W.D. Tex.): Order Granting in Part and Denying in Part the Chapter 11 Trustee's Rule 9019 Motion (ECF No. 1009, Nov. 4, 2025); Final Order Denying Motion to Approve Compromise under Rule 9019 (ECF No. 1037, Jan. 9, 2026); declaration concerning the docket

*(highlighting added)*

Unofficial Copy Office of Marilyn Burgess District Clerk

**Declaration** (Tex. Civ. Prac. & Rem. Code § 132.001)

My name is Ali Choudhri. My date of birth is [redacted] 1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. I have reviewed the PACER docket in *In re 1001 WL, LLC*, No. 24-10119-SMR (Bankr. W.D. Tex.). The only motion under Bankruptcy Rule 9019 on that docket is the Chapter 11 Trustee's Motion to Approve Compromise, filed March 26, 2025 (ECF No. 699). The Court granted it in part and denied it in part on November 4, 2025 (ECF No. 1009), allowed an extension to December 15, 2025 for an amended settlement term (ECF Nos. 1015, 1016), and, because no amended term or amended motion was filed, denied it "as a final matter" on January 9, 2026 (ECF No. 1037). Both orders are attached and are true and correct copies. The docket contains no motion, under Rule 9019 or otherwise, seeking approval of the settlement agreement between Travis Vargo and TIG Romspen US Master Mortgage LP, and no order approving that agreement. I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, Texas, on October 21, 2026.

/s/ Ali Choudhri

Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 04, 2025**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10119-SMR** |
| | § | |
| **1001 WL, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION TO APPROVE COMPROMISE UNDER RULE 9019**
**(Relates to ECF No. 699)**

On March 26, 2025, John Patrick Lowe (the "Trustee") filed a *Motion to Approve Compromise under Rule 9019* (the "Trustee's 9019 Motion" at ECF No. 699). Several parties filed objections to the Trustee's 9019 Motion. The four main objections to the Trustee's 9019 Motion were: (i) that there was no written/signed settlement agreement attached to the Trustee's 9019 Motion, (ii) that the proposed settlement as reflected in the Trustee's 9019 Motion was an impermissible sub rosa plan, (iii) that TIG Romspen US Master Mortgage LP's ("Romspen's") credit bid should be limited or fixed, and (iv) that the proposed settlement as reflected in the

Unofficial Copy Office of Marilyn Burgess District Clerk

Trustee's 9019 Motion violated the Bankruptcy Code's priority distribution scheme and the Supreme Court's decision in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017).

After a two day hearing, the Court took the Trustee's 9019 Motion under advisement. On October 31, 2025, the Court issued an Oral Ruling (the "Oral Ruling") on the Trustee's 9019 Motion and for the reasons set forth in the Oral Ruling overruled objections (i), (ii), and (iii). The Court sustained objection (iv) in part. All other objections to the Trustee's 9019 Motion not specifically addressed in the Oral Ruling are also overruled.

For the reasons set forth on the record at the Oral Ruling, the Court finds the Trustee's 9019 Motion is granted in part and denied in part. Specifically, paragraph 15, subsection (g) of the Trustee's 9019 Motion is denied. All other terms of the settlement in Trustee's 9019 Motion at paragraphs 15(a) through (f) and (h) through (i) are approved for the reasons set forth in the Oral Ruling. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion to Approve Compromise under Rule 9019 at ECF No. 699 is **GRANTED IN PART** and **DENIED IN PART**. The Trustee's 9019 Motion is denied with respect to paragraph 15, subsection (g) and approved as to paragraphs 15(a) through (f) and (h) through (i).

**IT IS FURTHER ORDERED** that an amended settlement term only as to paragraph 15, subsection (g) of the Trustee's 9019 Motion must be filed on or before November 14, 2025 describing the calculation of, or amount and terms of any holdback payment by Romspen for the benefit of the Chapter 11 estate, and shall provide that distribution of any such proceeds shall be as further ordered by the Court after notice and hearing. The Chapter 11 Trustee and Romspen shall include a redline of the amended settlement term only as to paragraph 15, subsection (g) of

Unofficial Copy Office of Marilyn Burgess District Clerk

the Trustee's 9019 Motion compared to paragraph 15, subsection (g) in the Trustee's 9019 Motion originally filed at ECF 699.

**IT IS FURTHER ORDERED** that if an amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion is timely filed then any objections to paragraph 15, subsection (g) as amended shall be filed on or before November 28, 2025. The Court will not consider any objections other than those related to the amended settlement term as to paragraph 15, subsection (g).

**IT IS FURTHER ORDERED** that the Trustee's 9019 Motion will be denied as a final matter if an amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion is not filed on or before November 14, 2025.

**IT IS FURTHER ORDERED** that the Court reserves the right to rule on any amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion along with any objections thereto without the necessity of a hearing.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Order and the Trustee's 9019 Motion.

# # #

Unofficial Copy Office of Marilyn Burgess District Clerk

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 09, 2026.**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

Unofficial Copy Office of Marilyn Burgess District Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10119-SMR** |
| | § | |
| **1001 WL, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**FINAL ORDER DENYING MOTION TO APPROVE COMPROMISE UNDER RULE 9019**
**(Relates to ECF No. 699)**

On March 26, 2025, John Patrick Lowe (the "Trustee") filed a *Motion to Approve Compromise under Rule 9019* (the "Trustee's 9019 Motion" at ECF No. 699). Several parties filed objections to the Trustee's 9019 Motion. After a two day hearing, the Court took the Trustee's 9019 Motion under advisement.

On October 31, 2025, the Court issued an Oral Ruling (the "Oral Ruling") on the Trustee's 9019 Motion. On November 4, 2025, the Court issued an Order Granting in Part and Denying in Part the Trustee's 9019 Motion (the "Order" at ECF No. 1009). Specifically, paragraph 15,

24-11195-mmp Doc#376 Filed 12/30/26 Entered 12/30/25 22:09:55 Main Document Pg 27 of 27

subsection (g) of the Trustee's 9019 Motion was denied in the Order and the Oral Ruling. All other terms of the settlement in Trustee's 9019 Motion at paragraphs 15(a) through (f) and (h) through (i) were approved for the reasons set forth in the Oral Ruling.

The Order set a deadline of November 14, 2025 for the parties to the Trustee's 9019 Motion to submit an amended settlement term as to paragraph 15, subsection (g). The Order states that the Trustee's 9019 Motion would be denied as a final matter if an amended settlement term as to paragraph 15, subsection (g) was not filed by the November 14, 2025 deadline.

On November 10, 2025, Creditor TIG Romspen US Master Mortgage LP ("Romspen") filed an *Ex Parte Motion to Extend Time to Amend Settlement Term* (the "Time Extension Motion" at ECF No. 1015). Romspen sought an extension of the November 14, 2025 deadline to December 15, 2025.

On November 14, 2025, the Court entered an Order Allowing Extension of Time (the "Order Extending Time" at ECF No. 1016). The Order Extending Time granted the Time Extension Motion and extended the deadline to December 15, 2025.

No amended settlement term or amended 9019 motion was filed by the extended deadline of December 15, 2025. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion to Approve Compromise under Rule 9019 at ECF No. 699 is denied as a final matter.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Order and the Trustee's 9019 Motion.

# # #

Unofficial Copy Office of Marilyn Burgess District Clerk