# 1. Vargo told Judge Wilson that two bankruptcy judges approved his Romspen deal. No judge did.

*The deal is the basis for a $42,371,306.88 (FORTY-TWO MILLION DOLLAR) judgment against Ali Choudhri personally, stipulated "by and through Travis Vargo."*

Unofficial Copy Office of Marilyn Burgess District Clerk

### Nov. 21, 2025 — Vargo–Romspen settlement

Romspen pays the receivership **$225,000**. Vargo agrees to "**reasonably cooperate**" in entry of a judgment against Choudhri. Vargo's authority to settle is "**subject only to approval by the bankruptcy court** . . . to wit: 1001 WL."

*Settlement Agreement, Recitals D ¶ 3; §§ II.4, II.10*

### What approval requires

In bankruptcy, a settlement is approved on a **motion under Bankruptcy Rule 9019**, followed by an **order approving it**. Vargo needed both in *In re 1001 WL, LLC*, No. 24-10119 (or in *In re RIC (Lavernia) LLC*, No. 24-51195).

### What the dockets show

**No Rule 9019 motion** for Vargo's deal was ever filed in either case. **No judge entered any order approving it.** The RIC (Lavernia) case was dismissed and **closed on Dec. 5, 2025** (ECF 348). The Nov. 24, 2025 adversary judgment was entered on an agreed motion for entry of judgment, not a 9019 motion (Adv. 24-05043, ECF 194–195).

*Dockets: 24-10119; 24-51195; Adv. 24-05043*

*He swore the approval existed anyway*

### Mar. 3, 2026 — sworn to Judge Wilson

$225,000: ". . . Bankruptcy Case # 24-51195-MMP . . . **as authorized by Judge Michael Parker** and Case # 24-10119-SMR . . . **as authorized by Judge Christopher Bradley**." Declared "true and correct and within my personal knowledge."

*Report ¶ 1 & Unsworn Decl, No. 2012-27197-D*

### Apr. 15, 2026 — to Judge Wilson

The $42 million stipulated judgment came "**[f]ollowing Bankruptcy Court approval in the RICL Bankruptcy**," and the estate received "**$250,000.00**" — not the $225,000 he swore to six weeks earlier.

*Omnibus Response ¶ 12, No. 2012-27197-A*

### Apr. 16, 2026 — the next day

Judge Wilson **denies** Choudhri's Motion to Remove Vargo and Verified Motion to Show Authority, **without an evidentiary hearing**. June 9, 2026: Vargo reports again that he resolved Romspen "**through the bankruptcy court**."

*Order (Apr. 16, 2026); Report ¶ 6(a)*

### $42,371,306.88

**FORTY-TWO MILLION DOLLARS**

Judgment against **Choudhri personally**, plus $16,612.89/day and 15.25% interest, stipulated "**by and through Travis Vargo**" (Dec. 19, 2025); revised Oct. 7, 2026, "**unopposed by Travis Vargo**." **Choudhri never agreed. No court approved it.**

*Cause No. 2023-84714*

### Who benefits

Romspen paid the **$225,000** into the receivership estate that Vargo administers. In the same March 3, 2026 sworn report, Vargo asked Judge Wilson to approve **$167,000** in bankruptcy-counsel fees and a fee presumed at **25% of collections**. In exchange for Romspen's payment, Vargo agreed to cooperate in, and not oppose, a new $42,371,306.88 judgment against Choudhri personally, on claims Vargo never litigated and far beyond the $3.1 million in judgments he is attempting to collect, and told Judge Wilson that two bankruptcy judges had approved it. No judge did.

*Report ¶¶ 1–2 (Mar. 3, 2026); Settlement Agreement §§ II.4, II.10*

# 2. The automatic stay, and what Vargo told different courts about the same orders

*Choudhri's Chapter 11, No. 25-90797 (Bankr. S.D. Tex.), filed 11:13 a.m. Dec. 5, 2025. The automatic stay arose at that moment. Vargo never obtained stay relief.*

Unofficial Copy Office of Marilyn Burgess District Clerk

## AUTOMATIC STAY IN EFFECT FROM 11:13 a.m., DEC. 5, 2025

### Dec. 5, 2025 (afternoon) — Meandering Bend court

With written and on-the-record notice of Choudhri's case: Vargo has "**sole control** over all . . . nonexempt assets . . . **including the Meandering Bend membership interest**." Case dismissed on that basis.

*Hr'g Tr. 8:12–19, 16:12–24*

### Dec. 10, 2025 — to Judge Lopez (ECF 21–22)

The orders transferred "the **interests and management rights** of Choudhri in all Choudhri LLC's." Seeks stay relief only as "a **prophylactic measure**." Never granted.

*ECF 21 ¶¶ 4, 10; ECF 22 ¶ 11*

### While the stay was in effect — state-court enforcement continues

Vargo's counsel keeps working the enforcement cases against Choudhri, including a show-authority hearing, and on Dec. 15 bills time researching "Receiver's status under **11 USC §543(d)**." Nothing is turned over.

*Counsel invoices, Ex. 2 to Mar. 3, 2026 Report*

## SEPTEMBER 2026 — THE HOME

### Sept. 10 agreement → Sept. 13 removal → Sept. 15 entry

**Sept. 10:** on the record, Vargo agrees: "So, long as there's no orders coming out of this, **I'm not removing him from the home**," until the Sept. 14 hearing. **Sept. 13:** the A-Case is removed to federal court (Adv. 26-03644); the state court "shall proceed no further." 28 U.S.C. § 1446(d). **Sept. 14:** the hearing never happens. **Sept. 15:** Vargo, constables, and movers remove Choudhri and his 78-year-old mother. 12:13 p.m., Judge Wilson: "**In light of the various bankruptcy filings, I am ordering Mr. Vargo to stop the seizure**." 12:59 p.m., Vargo: "**everyone has been removed** . . . and the locks have been secured."

*RR 5:19–6:11 (Sept. 10, 2026); emails of Sept. 15, 2026*

## SAME ORDERS, OPPOSITE STORIES

### Apr. 3, 2025 · Bankr. W.D. Tex. · under oath

"**I have a right to his distributions only.**"

### Aug. 29, 2025 · Bankr. W.D. Tex. · counsel

Control "**excluding management rights in the Choudhri LLC's**."

### Dec. 5, 2025 · Meandering Bend · during stay

"**sole control** . . . including the Meandering Bend membership interest."

### Dec. 10, 2025 · Judge Lopez · during stay

"**interests and management rights** . . . in all Choudhri LLC's . . . were transferred."

### Mar. 3 & Apr. 15, 2026 · Judge Wilson

Settlement "authorized by" Judges Parker and Bradley; "**Following Bankruptcy Court approval**."

### Aug. 19, 2026 · to taxing authorities

Vargo "is the **Court-Appointed Attorney for Ali Choudhri**."

### Sept. 23, 2026 · Bankr. N.D. Tex. · under oath

Shown ¶ 8 (LLC interests excluded): "**That's what it says here.**"

Unofficial Copy Office of Marilyn Burgess Dis

# The record vs. what they told the courts

Vargo's sworn "distributions only" testimony · Arabella · Funk and the bankruptcy stay · September 19, 2023

**Ali Choudhri · October 21, 2026**

Unofficial Copy Office of Marilyn Burgess District Clerk

# Under oath, April 3, 2025: "distributions only"

*In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex.), hearing of April 3, 2025 — Travis Vargo testifying*

"

**I have a right to his distributions only.**

Asked whether he could exercise rights over Choudhri's membership interest in Texas REIT · Tr. 35:1–6

**No control of the LLC interests**

THE COURT: "Are you seeking to exercise control over those LLC interests?" VARGO: "No."

*Tr. 19:19–23*

**Charging order only**

"I'm not taking the position that I have a turnover of the membership units of any LLC . . . there's only a charging order against that, and I'm entitled to distributions."

*Tr. 26:23–27:4*

**And about Judge Wilson**

"I haven't had any communications with Mr. Wilson in probably 10 years." By August 2026 he was emailing Judge Wilson for rulings from Choudhri's home, with movers in the unit.

*Tr. 48:12–13; emails of Aug. 21 and Sept. 15, 2026*

Unofficial Copy Office of Marilyn Burgess Dis

# Arabella: from "distributions only" to taking the home

| | | | |
|---|---|---|---|
| 1 | **Apr. 3, 2025** | Under oath: "distributions only"; not seeking to control any LLC interest | *Tr. 35:6, 19:19–23* |
| 2 | **A & D Orders** | ¶ 8 excludes Choudhri's LLC ownership interests; ¶ 9(a) lists Arabella only as a charging-order LLC | *Amended Receivership Orders* |
| 3 | **June 23, 2026** | Vargo to Judge Wilson: "THE COURT SHOULD AFFIRM RECEIVER CONTROL OF ARABELLA." | *Receiver's Reply, 4521 San Felipe* |
| 4 | **July 28, 2026** | Writ of possession; recorded deeds declared void — by submission, exhibits never opened | *Order; Staub Decl. ¶¶ 4, 7* |
| 5 | **Aug. 19, 2026** | Vargo's counsel: Arabella is a receivership asset "in custodia legis" | *Poynter email* |
| 6 | **Sept. 15, 2026** | Choudhri and his 78-year-old mother removed, despite the Sept. 10 agreement | *Video; RR 5:19–6:11* |
| 7 | **Sept. 23, 2026** | Shown ¶ 8 under oath: "That's what it says here." | *In re MCITBE Tr. 170* |

Unofficial Copy Office of Marilyn Burgess Dis

# Funk froze the appeal, then enforced the judgment

**Dec. 14, 2023**

Petition for review, No. 23-1019, challenges the Sept. 19 orders and the Nov. 7, 2023 D-Case judgment as void

**Jan. 26, 2024**

Supreme Court of Texas requests a response from Mokaram

**Feb. 9, 2024**

Funk and Drabble, for Mokaram, file a Notice of Bankruptcy (Texas REIT, No. 24-10120)

**Feb. 16, 2024**

Petition ABATED and “treated as closed”; parties must notify the Court “once the automatic bankruptcy stay is lifted”

**Mar. 20, 2025**

Texas REIT court grants creditors stay relief only “in part” (ECF 524)

**Mar. 31, 2025**

Funk’s motion to appoint a receiver granted in the D-Case — Vargo

**The petition attacking that judgment is still abated. The judgment it attacks is being enforced through Vargo.**

Unofficial Copy Office of Marilyn Burgess District Clerk

# Sept. 19, 2023: “It’s stayed” — then two orders

> “
>
> **Well, I can’t. It’s stayed, so I’ve got a Hobson’s choice here.**
>
> Judge Wilson, status conference, 17:34 · no court reporter; recorded with his permission (“That’d be fine with me,” 00:03)

| | |
|---|---|
| **Sept. 13** | Motion to compel arbitration denied — no submission, no hearing |
| **Sept. 18** | Notice of interlocutory appeal and automatic stay |
| **Sept. 19** | Order withdrawing the order on appeal; order stripping Choudhri’s counterclaim |
| **Oct. 17** | Wilson’s court of appeals dismisses the appeal as moot |
| **Nov. 7** | Final judgment in the D-Case |
| **Feb. 16, 2024** | Supreme Court petition abated — still pending |

**Same day he said the case was stayed, he signed both orders.**

Unofficial Copy Office of Marilyn Burgess Dis

# The pattern

## Sworn

“Distributions only” — then control of the companies and the home

## Stayed

“It’s stayed” — then two orders the same day

## Abated

Stay used to freeze the Supreme Court — judgment enforced anyway