# EXHIBIT 68

Demonstrative summary: Vargo's statement that two federal judges approved his Romspen settlement; the $42,371,306.88 judgment; his sworn testimony that he has "a right to his distributions only"; and a chart of what Vargo told the courts set beside what the record shows

*(highlighting added)*

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

# 1. Vargo told Judge Wilson that two bankruptcy judges approved his Romspen deal. No judge did.

*The deal is the basis for a $42,371,306.88 (FORTY-TWO MILLION DOLLAR) judgment against Ali Choudhri personally, stipulated "by and through Travis Vargo."*

### Nov. 21, 2025 — Vargo–Romspen settlement

Romspen pays the receivership **$225,000**. Vargo agrees to "**reasonably cooperate**" in entry of a judgment against Choudhri. Vargo's authority to settle is "**subject only to approval by the bankruptcy court** . . . to wit: 1001 WL."

*Settlement Agreement, Recitals D ¶ 3; §§ II.4, II.10*

→

### What approval requires

In bankruptcy, a settlement is approved on a **motion under Bankruptcy Rule 9019**, followed by an **order approving it**. Vargo needed both in *In re 1001 WL, LLC*, No. 24-10119 (or in *In re RIC (Lavernia) LLC*, No. 24-51195).

→

### What the dockets show

**No Rule 9019 motion** for Vargo's deal was ever filed in either case. **No judge entered any order approving it.** The RIC (Lavernia) case was dismissed and **closed on Dec. 5, 2025** (ECF 348). No judge approved the settlement, as Vargo states.

*Dockets: 24-10119; 24-51195;*

*He swore the approval existed anyway*

### Mar. 3, 2026 — sworn to Judge Wilson

$225,000: ". . . Bankruptcy Case # 24-51195-MMP . . . **as authorized by Judge Michael Parker** and Case # 24-10119-SMR . . . **as authorized by Judge Christopher Bradley**." Declared "true and correct and within my personal knowledge."

*Report ¶ 1 & Unsworn Decl, No. 2012-27197-D*

→

### Apr. 15, 2026 — to Judge Wilson

The $42 million stipulated judgment came "**[f]ollowing Bankruptcy Court approval in the RICL Bankruptcy**," and the estate received "**$250,000.00**" — not the $225,000 he swore to six weeks earlier.

*Omnibus Response ¶ 12, No. 2012-27197-A*

→

### Apr. 16, 2026 — the next day

Judge Wilson **denies** Choudhri's Motion to Remove Vargo and Verified Motion to Show Authority, **without an evidentiary hearing**. June 9, 2026: Vargo reports again that he resolved Romspen "**through the bankruptcy court**."

*Order (Apr. 16, 2026); Report ¶ 6(a)*

→

## $42,371,306.88

### FORTY-TWO MILLION DOLLARS

Judgment against **Choudhri personally**, plus $16,612.89/day and 15.25% interest, stipulated "**by and through Travis Vargo**" (Dec. 19, 2025); revised Oct. 7, 2026, "**unopposed by Travis Vargo**." **Choudhri never agreed. No court approved it.**

*Cause No. 2023-84714*

### Who benefits

Romspen paid the **$225,000** into the receivership estate that Vargo administers. In the same March 3, 2026 sworn report, Vargo asked Judge Wilson to approve **$167,000** in bankruptcy-counsel fees and a fee presumed at **25% of collections**. In exchange for Romspen's payment, Vargo agreed to cooperate in, and not oppose, a new **$42,371,306.88** judgment against Choudhri personally, on claims Vargo never litigated and far beyond the $3.1 million in judgments he is attempting to collect, and told Judge Wilson that two bankruptcy judges had approved it. No judge did.

*Report ¶¶ 1–2 (Mar. 3, 2026); Settlement Agreement §§ II.4, II.10*

Unofficial Copy Office of Marilyn Burgess District Clerk

# Under oath, April 3, 2025: "distributions only"

*In re Texas REIT, LLC, No. 24-10120 (Bankr. W.D. Tex.), hearing of April 3, 2025 — Travis Vargo testifying*

"

**I have a right to his distributions only.**

Asked whether he could exercise rights over Choudhri's membership interest in Texas REIT · Tr. 35:1–6

**No control of the LLC interests**

THE COURT: "Are you seeking to exercise control over those LLC interests?" VARGO: "No."

*Tr. 19:19–23*

**Charging order only**

"I'm not taking the position that I have a turnover of the membership units of any LLC . . . there's only a charging order against that, and I'm entitled to distributions."

*Tr. 26:23–27:4*

**And about Judge Wilson**

"I haven't had any communications with Mr. Wilson in probably 10 years." By August 2026 he was emailing Judge Wilson for rulings from Choudhri's home, with movers in the unit.

*Tr. 48:12–13; emails of Aug. 21 and Sept. 15, 2026*

Unofficial Copy Office of Marilyn Burgess District Clerk

# WHAT MR. VARGO SAID — AND WHAT THE RECORD SHOWS

| When and where | What Mr. Vargo said | What the record shows | Source |
|---|---|---|---|
| **Mar. 3, 2026 — this Court, under penalty of perjury** | $225,000 settlement "as authorized by Judge Michael Parker" and "as authorized by Judge Christopher Bradley"; Report "true and correct and within my personal knowledge." | No motion to approve Mr. Vargo's settlement was filed in either case, and no order approved it. RIC (Lavernia) was closed Dec. 5, 2025. In 1001 WL the only Rule 9019 motion was the Trustee's, denied as a final matter Jan. 9, 2026 (ECF 1037). | Report ¶¶ 1–2; RIC ECF 348; 1001 WL ECF 1037 |
| **Apr. 15, 2026 — this Court** | The stipulated judgment came "[f]ollowing Bankruptcy Court approval in the RICL Bankruptcy." Next day: motion to remove him denied. | There was no approval. On Oct. 7, 2026, Romspen's revised judgment dropped every reference to bankruptcy approval. | Omnibus Resp. ¶ 12; Oct. 7 Proposed Judgment |
| **Nov. 21, 2025 — his settlement** | His authority is "subject only to approval by the bankruptcy court . . . to wit: 1001 WL." | He never sought that approval — but sought this Court's approval for a $100,000 settlement (order of Oct. 27, 2025). | Settlement Agmt., Recitals D ¶ 3; Report |
| **Dec. 19, 2025 & Oct. 7, 2026 — No. 2023-84714** | $42,371,306.88 judgment against Mr. Choudhri, stipulated "by and through Travis Vargo"; later "unopposed by Travis Vargo." | Appointed to collect about $3.1 million. Orders: authority "subject to the control of this Court"; "[a]ny and all further relief not expressly stated herein is denied." No court approved it. | Proposed Judgments; Amended Orders |
| **Apr. 3, 2025 — federal court, under oath** | "Are you seeking to exercise control over those LLC interests?" "No." "I have a right to his distributions only." | June 23, 2026: "THE COURT SHOULD AFFIRM RECEIVER CONTROL OF ARABELLA." July 28: writ of possession of the home. Dec. 10, 2025: told a bankruptcy court that management rights in all the LLCs were "transferred in custodia legis." | Tr. 19:19–23, 35:6; Reply (June 23, 2026); No. 25-90797 ECF 21 |
| **Sept. 23, 2026 — federal court, under oath** | Shown ¶ 8 of the receivership order, which excludes Mr. Choudhri's LLC ownership interests: "That's what it says here." | He had already taken control of the LLC and the home. | MCITBE Tr. 170 |
| **Oct. 31, 2025 — In re Meandering Bend** | Vargo "does not challenge the validity of the filing" and supports the Trustee. | Twenty-five days later he moved to dismiss the case as unauthorized. | Meandering Bend ECF 97 |
| **Aug. 19, 2026 — to the taxing authorities** | Mr. Vargo "is the Court-Appointed Attorney for Ali Choudhri and two of his entities." | No order appoints Mr. Vargo as anyone's attorney. | Poynter email |
| **Sept. 10, 2026 — on the record** | "So, long as there's no orders coming out of this, I'm not removing him from the home" — "until a hearing that's scheduled for the 14th." Later: the agreement was "strictly adhered to." | No hearing was held. On Sept. 15 he removed Mr. Choudhri and his 78-year-old mother, until the Court ordered him to "stop the seizure." | RR 5:19–6:11; Adv. 26-03644 ECF 24; emails of Sept. 15 |

*Each quotation is from the source cited, all of which are filed as exhibits to Mr. Choudhri's motions of October 21, 2026. Mr. Choudhri contends that the underlying judgments and the receivership orders are void; quoting them concedes nothing.*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121621111
Filing Code Description: Notice
Filing Description: Notice of Filing Exhibits to First Supplement to Verified Recusal and Disqaulification
Status as of 10/26/2026 2:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Justin Hanna | | justin.hanna@bclplaw.com | 10/26/2026 1:17:10 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 10/26/2026 1:17:10 AM | SENT |
| Jennifer LMacGeorge | 24093627 | jmac@jlm-law.com | 10/26/2026 1:17:10 AM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 10/26/2026 1:17:10 AM | SENT |
| Kyle S.Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 10/26/2026 1:17:10 AM | SENT |
| Kyle Hirsch | 24117262 | kyle.hirsch@bclplaw.com | 10/26/2026 1:17:10 AM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 10/26/2026 1:17:10 AM | SENT |
| Theressa Washington | | twashington@fbtgibbons.com | 10/26/2026 1:17:10 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/26/2026 1:17:10 AM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 10/26/2026 1:17:10 AM | SENT |
| Leslie Luttrell | | lutrell@lclawgroup.net | 10/26/2026 1:17:10 AM | ERROR |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 10/26/2026 1:17:10 AM | SENT |
| Vernon Lewis | | vernon.lewis@bclplaw.com | 10/26/2026 1:17:10 AM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 10/26/2026 1:17:10 AM | ERROR |
| Ali Choudhri | | ali@jetallcompanies.com | 10/26/2026 1:17:10 AM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk