**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RIC (LAVERNIA) LLC, | ) | Case No. 24-51195 (MMP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO APPROVE COMPROMISE RELATING TO ESTATE PROPERTY AND AUTHORIZING EXECUTION AND RECORDING OF DOCUMENTS IN THE WILSON COUNTY REAL PROPERTY RECORDS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 615 East Houston Street, Room 597, San Antonio, Texas 78205. If a timely response is filed, the Court will then set a hearing, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the relief requested herein.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

RIC (Lavernia) LLC, debtor and debtor-in-possession in the above-captioned chapter 11 case ("Debtor"), hereby files this application pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule of Bankruptcy Procedure 9019 (the "Application") to approve a settlement to resolve allegations of an improper prepetition sale through which the Debtor acquired title to its single real estate asset located in Lavernia, Wilson County, Texas (the "Property").

The Debtor is separately seeking an expedited hearing on this Application, in accordance with Local Rule 9014(e).

In support of the Application, the Debtor would show as follows:

1. On June 27, 2024 (the "Petition Date"), the Debtor commenced this voluntary chapter 11 bankruptcy case. *See* ECF No. 1. Since the Petition Date, the Debtor has operated and managed its business and assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to February 6, 2024, OTISCO RDX, LLC ("OTISCO") owned the Property and had granted a lien interest encumbering the Property in favor of an entity related to the Debtor, TIG Romspen US Master Mortgage LP ("TIG Romspen").[1]

3. In accordance with applicable non-bankruptcy law, TIG Romspen (i) appointed substitute trustees, and (ii) caused the Property to be noticed for a non-judicial foreclosure sale on February 6, 2024.

4. Prior to the date of sale, TIG Romspen's counsel (through a third party agent) communicated bidding instructions to the substitute trustees. On the day of the sale, TIG Romspen's counsel (through the same third party agent) communicated updated bidding instructions to the substitute trustees. The updated bidding instructions contemplated an opening bid in the amount of $100,000, bidding increments of $50,000, and a maximum bid of $2 million.

5. One of the duly-appointed substitute trustees conducted the sale on February 6, 2024. No TIG Romspen representative attended the sale; rather, TIG Romspen relied on the substitute trustees to communicate the sale results.

6. Later on February 6, 2024, one of the substitute trustees communicated to TIG Romspen's counsel (through the same third party agent) that the Property had sold for the opening bid of $100,000.

1 For purposes of this settlement and plan confirmation, TIG Romspen is represented by separate counsel.

7. TIG Romspen intended to assign all of its right, title and interest in and to the deed of trust and the Property to a to-be-formed, related limited liability company. After the sale, the Debtor was formed to accept assignment of TIG Romspen's rights in the deed of trust and the Property. The Debtor was formed on February 16, 2024; and TIG Romspen executed an assignment of its beneficial interest in and to the deed of trust to the Debtor on March 20, 2024, *with an effective date of February 5, 2024*. The effective date was specifically defined so the Debtor could take title as the successful bidder of the Property at the foreclosure sale.

8. TIG Romspen and the Debtor coordinated to deliver to the substitute trustee (i) a copy of the assignment, to be recorded in the Wilson County real property records; and (ii) a substitute trustee's deed reflecting the assignment from TIG Romspen to the Debtor and the Debtor's acquisition of the Property for the $100,000 sale price communicated by the substitute trustee, to be executed by the substitute trustee and recorded in the Wilson County real property records.

9. As between TIG Romspen and the Debtor, there was and still is no disagreement that the parties intended for the Debtor to acquire the Property as the successful bidder at the February 6, 2024, trustee's sale.

10. Recently, OTISCO and parties related to OTISCO have raised allegations regarding the conduct of the sale and the documentation of the sale results, including (i) the amount of the successful bid; (ii) the timing of the assignment to the Debtor; and (iii) the language used in the substitute trustee's deed.

11. TIG Romspen, with the Debtor's consent, is prepared to execute, have notarized, and have recorded a corrective assignment, the form of which is attached as Exhibit A (the "Corrective Assignment"); and TIG Romspen and the Debtor are prepared to submit to the

substitute trustees a corrective substitute trustee's deed, the form of which is attached as Exhibit B (the "Corrective Deed"), for the substitute trustee(s) to execute, have notarized, and have recorded in the Wilson County real property records. These corrective documents, once properly executed, notarized, and recorded, should address concerns. TIG Romspen and the Debtor believe transparency is critical in pursuing this transaction – and thus seek the Court's approval of the proposed course of action as a compromise.

12. As set forth in the Corrective Deed, TIG Romspen and the Debtor are accepting the highest assertion of the successful bid at the sale - $2 million. This is a significant concession for TIG Romspen, as it reduces its claim against its borrower for whom the Property served as additional collateral. However, TIG Romspen is willing to accept the sale price in order to eliminate controversy.

13. In addition, TIG Romspen never assigned the underlying debt to the Debtor. The Corrective Deed clarifies against misunderstandings as it relates to the assets of the Debtor's bankruptcy estate.

14. Finally, the proposed plan set for confirmation contemplates a significant loan to be made by TIG Romspen and secured by the Property, in order to fund postpetition payments to creditors. TIG Romspen would not be willing to make the loan without assurance that the Debtor holds proper title to the Property, which the pending allegations threaten. Thus, the authorization to proceed with the corrective documentation provides assurance to TIG Romspen supporting its willingness to make exit financing available for confirmation to succeed.

15. While approval of this Application may moot arguments made by OTISCO and others, TIG Romspen and the Debtor are not asking this Court to rule on those third-party

arguments; rather, this Application seeks only to authorize TIG Romspen and the Debtor's efforts to cure alleged prepetition defects as it relates to the Debtor's rights in and to the Property.

## LEGAL AUTHORITY

Federal Rule of Bankruptcy Procedure 9019 provides that the Court, upon notice and a hearing, may approve a compromise or settlement. FED. R. BANKR. P. 9019(a). In general, the Court should approve a proposed compromise if it is fair, equitable, and in the best interest of the bankruptcy estate. *See Off. Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).

The Court has wide discretion to determine whether a proposed compromise should be approved. In determining whether a compromise is fair, equitable, and in the best interest of the estate, the Court should consider: (i) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (iii) all other factors bearing on the wisdom of the compromise, such as the interest of the creditors and the extent to which the settlement was the product of arms-length negotiation. *Cajun Electric*, 119 F.3d at 355–56; *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

The proposed compromise between TIG Romspen and the Debtor is fair, equitable, and in the best interest of the bankruptcy estate. The compromise satisfies all factors in *Cajun Electric.*

**A. The probability of success in the litigation.**

TIG Romspen and the Debtor are not engaged in active litigation – rather, they agree on their mutual intention for the Debtor to have acquired the Property as a result of the non-judicial

foreclosure sale. An alternative approach to this compromise, however, is for a more procedurally complicated adversary proceeding to determine TIG Romspen and the Debtor's respective rights in and to the Property. TIG Romspen and the Debtor believe the outcome of the litigation would be identical to that achieved through the compromise. Accordingly, the proposed compromise is favorable than resolution through an adversary proceeding.

**B. The complexity and duration of the litigation.**

As stated above, the proposed compromise is intended to avoid engaging in litigation, which would certainly be a longer duration as a result of the need to submit pleadings and motions in order to achieve the requested relief. The proposed compromise is far more streamlined and can accomplish virtually the same result within days or weeks, rather than months. This factor thus weighs in favor of approving the compromise.

**C. All other factors bearing on settlement approval.**

The Debtor is on the doorstep of confirming a plan that pays all legitimate creditors in full, but for the last-minute allegations raised by non-creditors. Solidifying what TIG Romspen and the Debtor have known and believed all along – that the non-judicial foreclosure sale resulted in the Debtor's acquisition of the Property – is in the best interests of this single asset real estate case. If denied, then plan confirmation may be delayed several months, and creditors who have been patiently waiting for their claims to be paid will be forced to wait even further. In addition, TIG Romspen's willingness to fund the Debtor's exit payments relies on the ability of the Debtor to grant a lien against the Property in favor of TIG Romspen. This compromise facilitates curing alleged defects such that the required lien will support TIG Romspen's willingness to fund.

## CONCLUSION

Based on the foregoing, the Debtor requests that the Court enter an order approving the compromise; authorizing TIG Romspen to execute, have notarized, and submit for recording the Corrective Assignment and to deliver the Corrective Deed to the substitute trustees; authorizing the substitute trustees to execute, have notarized, and submit for recording the Corrective Deed; and granting all other relief as justice may require.

Respectfully submitted this 4th day of September, 2025,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
Attorneys for Debtor and Debtor-in-Possession
RIC (Lavernia) LLC

Agreed by:

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 (main)
(512) 479-1101 (fax)

By: /s/ *Lynn Hamilton Butler*
Lynn Hamilton Butler
Texas State Bar No. 03527350
lynn.butler@huschblackwell.com
Jameson J. Watts
Texas Bar No. 24079552
jameson.watts@huschblackwell.com

Counsel for TIG Romspen US Master Mortgage LP

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

Karalyssa C Casillas on behalf of Creditor Wilson County
karalyssa.casillas@lgbs.com

Erin Coughlin on behalf of Interested Party United States Trustee - SA12
erin.coughlin@usdoj.gov, carey.a.tompkins@usdoj.gov;omar.e.jones@usdoj.gov

Paul Kirklin
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net, sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Kiernan McAlpine on behalf of Plaintiff Otisco RDX, LLC
kier@mcalpinelaw.com

Shea Neal Palavan on behalf of Interested Party Shea N Palavan
shea@houstonip.com, service@houstonip.com

Justin Rayome on behalf of Interested Party Milestone Capital CRE 1, LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Interested Party Otisco RDX, LLC
justin.rayome.law@gmail.com

Gerald Sager on behalf of Interested Party ServiceLink
jerry.sager@fnf.com

Howard Marc Spector on behalf of Creditor Propel Financial Services as agent and attorney in fact for FNA VII, LLC
hspector@spectorcox.com,
sshank@spectorcox.com;ahawkins@spectorcox.com;slthorn@spectorcox.com;hspector@ecf.courtdrive.com

George H. Spencer, Jr. on behalf of Defendant John Daves
gspencer@langleybanack.com

George H. Spencer, Jr. on behalf of Defendant Lori Daves
gspencer@langleybanack.com

United States Trustee - SA12
USTPRegion07.SN.ECF@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Milestone Capital CRE 1, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Plaintiff/Interested Party Otisco RDX, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Natalie F. Wilson on behalf of Defendants/Interested Parties John Daves and Lori Daves
nwilson@langleybanack.com, cjohnston@langleybanack.com;sfoushee@langleybanack.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch