10/26/2026 12:39 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121620885
By: Jessica Pannell
Filed: 10/26/2026 12:39 AM

**CAUSE NO. 2012-27197-D**

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD., Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| ALI CHOUDHRI, *et al.*, Defendants. | § | 333RD JUDICIAL DISTRICT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# DEFENDANT ALI CHOUDHRI'S MOTION TO REQUIRE TRAVIS VARGO TO ANSWER UNDER OATH, TO SHOW CAUSE AT AN EVIDENTIARY HEARING, FOR SANCTIONS, AND FOR REMOVAL, BASED ON HIS FALSE SWORN STATEMENTS THAT BANKRUPTCY JUDGES APPROVED HIS ROMSPEN SETTLEMENT

TO THE HONORABLE JUDGE PRESIDING:

Defendant Ali Choudhri ("Choudhri") files this motion and respectfully shows the Court as follows. The underlying judgments are on appeal, and Choudhri contends they and the orders appointing Travis B. Vargo ("Vargo") are void. Referring to Vargo by name or describing his filings concedes nothing.

## I. SUMMARY

Vargo told this Court, in a report he signed under penalty of perjury, that his settlement with TIG Romspen US Master Mortgage LP ("Romspen") was "authorized by Judge Michael Parker" and "authorized by Judge Christopher Bradley." He then told this Court that the **FORTY-TWO MILLION, THREE HUNDRED SEVENTY-ONE THOUSAND, THREE HUNDRED SIX DOLLARS AND EIGHTY-EIGHT CENTS ($42,371,306.88)** stipulated judgment against Choudhri personally was part of that same settlement, made "[f]ollowing Bankruptcy Court approval."

Neither bankruptcy judge approved it. No motion asking Judge Parker or Judge Bradley to approve Vargo's settlement with Romspen was ever filed, and no order approving it

was ever entered. No motion under Bankruptcy Rule 9019 seeking approval of Vargo's settlement was ever filed in either bankruptcy case. No judge approved it. The orders, docket sheets, and declarations attached as Exhibits D and E show this. Vargo's own settlement agreement says his authority to settle was subject to bankruptcy-court approval. He never obtained that approval, and he told this Court under oath that he had. A demonstrative summary of this chain, of the automatic stay, of Vargo's inconsistent statements to other courts (including his April 3, 2025 testimony that he has "a right to his distributions only"), of the Arabella timeline, and of Mokaram's counsel's use of the bankruptcy stay is attached as Exhibit J.

**$42,371,306.88**

**FORTY-TWO MILLION, THREE HUNDRED SEVENTY-ONE THOUSAND, THREE HUNDRED SIX DOLLARS AND EIGHTY-EIGHT CENTS**

A judgment against Ali Choudhri **personally**, stipulated by Vargo **without Choudhri's consent** and **without the approval of any court**, plus **$16,612.89 per day** and **15.25%** interest. That is **more than thirteen times** the $3.1 million in judgments Vargo is attempting to collect.

**Choudhri does not ask the Court to strike these statements. He asks the Court to keep them in the record and hold Vargo to them.** They are Vargo's own statements, made to this Court under penalty of perjury, and they are admissions of a party opponent. Tex. R. Evid. 801(e)(2). Striking them would erase the very evidence the Court needs to decide whether its officer lied to it. Choudhri asks instead that the Court require Vargo to answer, under oath and in writing, specific questions about what he swore to; that it hear him testify in person; and that it make findings on the record.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. WHAT VARGO TOLD THIS COURT

Vargo made the following statements to this Court. Each is quoted exactly from his own filing.

| Vargo's statement | Filing | What the federal dockets show |
|---|---|---|
| $225,000.00: "Settlement and resolution of claims on behalf of Milestone Capital CRE1 LLC and Otisco RDX LLC associated with Bankruptcy Case # 24-51195-MMP, in the Western District of Texas (San Antonio) **as authorized by Judge Michael Parker** and Case # 24-10119-SMR in the Western District of Texas (Austin) **as authorized by Judge Christopher Bradley**." | Report, Accounting, and Motion to Distribute ¶ 1, Cause No. 2012-27197-D (Mar. 3, 2026), with Vargo's unsworn declaration "under penalty of perjury." (Ex. A) | No Rule 9019 motion seeking approval of the Vargo–Romspen settlement was ever filed in No. 24-51195 or No. 24-10119. No order of Judge Parker or Judge Bradley approves it. (Exs. D, E) |
| "The stipulated judgment was part of an overall settlement of multiple claims pending in multiple adversary proceedings within two bankruptcy proceedings . . . . **Following Bankruptcy Court approval in the RICL Bankruptcy**, in exchange for the dismissal of the unmeritorious appeals, and an agreement not to oppose the entry of meritorious judgments against Mr. Choudhri, the Receivership estate received a payment of **$250,000.00**." | Omnibus Response ¶ 12, Cause No. 2012-27197-A (Apr. 15, 2026). (Ex. B) | No order in No. 24-51195 approved the Vargo–Romspen settlement or the stipulated judgment in Cause No. 2023-84714. The case was dismissed and closed on December 5, 2025, four months before this statement. The amount also differs from the $225,000 he swore to six weeks earlier. (Exs. A, E) |
| Vargo "resolved a dispute with the Plaintiff, TIG Rompsen Master Mortgage LP, **through the bankruptcy court** in exchange for valuable consideration paid to the Receiver." | Report to Court ¶ 6(a) (June 9, 2026). (Ex. C) | The settlement was never presented to either bankruptcy court for approval. (Exs. D, E) |

## III. NO BANKRUPTCY JUDGE APPROVED THE SETTLEMENT

### A. Vargo's own agreement required bankruptcy-court approval.

Vargo's settlement agreement with Romspen, which he attached to his Omnibus Response, states that his authority to settle claims is "subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri, to wit: 1001 WL." Settlement Agreement, Recitals Part D ¶ 3 (Ex. B, Ex. C thereto). That court is the Austin bankruptcy court in No. 24-10119. Vargo knew approval was required. The agreement says so in his own words.

Unofficial Copy Office of Marilyn Burgess District Clerk

**B. No judge approved the settlement.**

Vargo told Judge Wilson, under penalty of perjury, that two bankruptcy judges of the Western District of Texas, Judge Michael Parker and Judge Christopher Bradley, authorized his settlement with Romspen. **They did not. No judge approved that settlement.** No Rule 9019 motion, and no motion of any kind, seeking approval of Vargo's settlement was ever filed in either bankruptcy case, and no order approving it exists. (Exs. D, E.)

**RIC (Lavernia), No. 24-51195 (Judge Parker).** The case was dismissed and closed on December 5, 2025, two weeks after Vargo signed his settlement and three months before he swore that Judge Parker had authorized it. Nothing on the docket approves Vargo's settlement. (Ex. E.)

**1001 WL, No. 24-10119 (Judge Bradley).** Nothing on the docket approves Vargo's settlement. The only Rule 9019 motion ever filed in that case was the Chapter 11 Trustee's own, filed eight months before Vargo's agreement existed, and it was denied as a final matter on January 9, 2026. (Ex. D.)

**C. The $42 million judgment was never before any bankruptcy court.**

The **$42,371,306.88** stipulated judgment was submitted in a state-court case, *TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC and Ali Choudhri*, Cause No. 2023-84714. (Ex. F.) No bankruptcy court entered it, was asked to approve it, or approved Vargo's agreement to stipulate to it. When Vargo told this Court that the judgment came "[f]ollowing Bankruptcy Court approval," he gave this Court a reason to accept a **$42 million** judgment against Choudhri that no court had ever reviewed.

**D. Vargo cannot keep the amount straight.**

On March 3, 2026, under penalty of perjury, Vargo reported receiving $225,000.00 from the settlement. (Ex. A ¶ 1.) On April 15, 2026, he told this Court the estate "received a payment of $250,000.00." (Ex. B ¶ 12.) Both cannot be true. An officer of this Court who reports collections under oath must report them accurately.

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV. WHY THIS MATTERS NOW

These statements are not isolated. Exhibit G collects, with exact quotations and record citations, the positions Vargo has taken about the same receivership orders before different courts. Under oath he has said the orders do not give him Choudhri's LLC interests; in other courts he has said they do.

Vargo is this Court's appointed officer, and the Court depends on what he reports. He asked the Court to act on the March 3, 2026 report, including by approving distributions and reimbursing him $167,000 in bankruptcy-counsel fees. (Ex. A ¶ 2.) He relied on the April 15, 2026 Omnibus Response to defend the stipulated judgment against Choudhri's challenge.

The next day, April 16, 2026, the Court denied Choudhri's motion to remove Vargo and his verified motion to show authority in Cause No. 2012-27197-A, without an evidentiary hearing. (Ex. H.) The Court did not then have before it the bankruptcy dockets showing that no Rule 9019 motion for Vargo's settlement was ever filed and no judge ever approved it, including the RIC (Lavernia) docket showing that case dismissed and closed on December 5, 2025. This motion rests on that record, which Choudhri has now assembled.

The harm is continuing. On October 7, 2026, Romspen submitted a revised proposed final judgment in Cause No. 2023-84714 for the same **$42,371,306.88**, now described as "unopposed by Travis Vargo" on Choudhri's behalf. (Ex. F.) Vargo and Romspen have jointly moved to transfer that case to this Court. (Ex. C ¶ 6(a).) This Court may therefore be asked to sign that judgment on the strength of an approval that does not exist.

On October 7, 2026, Romspen filed a Notice of Filing Revised Form of Proposed Judgment and a revised proposed Final Judgment ("Updated version 10.5.2026"). (Ex. F.) It recites that the judgment is "**unopposed by Travis Vargo** as state court-appointed receiver . . . **on behalf of** Defendants Galleria Loop Note Holder, LLC . . . and **Ali Choudhri, an individual**." It would award Romspen **$42,371,306.88** against Choudhri personally, jointly and severally, plus **$16,612.89 per day from June 16, 2025** and post-judgment interest at

Unofficial Copy Office of Marilyn Burgess District Clerk

**15.25%**. At that per diem, the amount as of October 21, 2026 would be approximately **$50,544,848.76**. Vargo's counsel signed it "**Agreed as to form only**." And its Finding Q would have the Court find that Vargo "has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri," citing only the show-authority orders in RIC (Lavernia) (ECF No. 304) and 1001 WL (ECF No. 996). The revised judgment no longer claims that any bankruptcy court approved Vargo's settlement. It points only to orders about who may litigate, which approve no settlement and no judgment against Choudhri. That is the clearest confirmation that the "approval" Vargo described to this Court never existed.

Vargo has also held himself out to third parties as Choudhri's lawyer. On August 19, 2026, Vargo's associate and counsel, Michael Poynter, wrote to counsel for the Harris County taxing authorities, copying Vargo, that he represents Travis Vargo, "who is the Court-Appointed Attorney for Ali Choudhri and two of his entities." On that basis he asked the taxing authorities to withdraw a scheduled tax sale so that Vargo could sell Choudhri's residence himself. No order of any court appoints Vargo as Choudhri's attorney. A receiver is the court's officer collecting for the judgment creditors and is adverse to the judgment debtor; he is not the debtor's lawyer and has no authority to speak for Choudhri as if he were. (Ex. I.)

Vargo has also used this Court's authority to enter Choudhri's home in breach of his own word. On September 10, 2026, on the record in Cause No. 2026-63841, Vargo agreed that he would not remove Choudhri or his mother from their home until the hearing set for September 14, 2026: "So, long as there's no orders coming out of this, I'm not removing him from the home." (RR 5:19–6:11.) That hearing never took place. On the morning of September 15, 2026, Vargo, constables, and movers entered the home and removed Choudhri and his 78-year-old mother, two days after the A-Case had been removed to federal court as Adversary No. 26-03644, and after Choudhri's counsel had notified Vargo and the Court that morning that the seizure violated the automatic stay arising from Arabella PH 3201 LLC's September

Unofficial Copy Office of Marilyn Burgess District Clerk

11, 2026 Chapter 11 petition and the removal. Choudhri contends that the entry violated the September 10 agreement, the automatic stay arising from Arabella PH 3201 LLC's September 11, 2026 Chapter 11 petition, and 28 U.S.C. § 1446(d), which provides that after removal the state court "shall proceed no further." Referring to that petition concedes nothing about ownership of or title to the unit. At 12:13 p.m. the Court itself, "[i]n light of the various bankruptcy filings," ordered Vargo to stop; by then Vargo reported that everyone had been removed and the locks secured. Video recorded at the residence that morning is lodged as Exhibit K. Vargo acts as an extension of this Court. Conduct of this kind by the Court's own officer is an independent ground for his removal.

This was not the first time Vargo acted in the face of an automatic stay. Choudhri filed his own Chapter 11 case, No. 25-90797 (Bankr. S.D. Tex.), at 11:13 a.m. on December 5, 2025, and the automatic stay arose at that moment. Vargo never obtained relief from it. While the stay was in effect, with written notice of the case, Vargo told the Meandering Bend bankruptcy court that afternoon that he had "sole control" over Choudhri's Meandering Bend membership interest, and obtained dismissal of that case on that basis; told Judge Lopez on December 10 that the receivership orders had transferred Choudhri's "interests and management rights" in all of his LLCs, the opposite of what he had told another bankruptcy court in August 2025; and, through counsel, continued work in the state-court enforcement cases against Choudhri. Choudhri's motion for damages for those willful stay violations is pending in that court as ECF No. 39. (Ex. G.)

Vargo has also made this claim to other courts. On September 23, 2026, his counsel told the bankruptcy court in *In re MCITBE, LLC*, No. 26-32580 (Bankr. N.D. Tex.), that Judges Robinson, Bradley, and Parker had made determinations that Vargo controls the Choudhri LLCs. Choudhri's motion concerning Vargo's conduct during Choudhri's own bankruptcy is pending in *In re Ali Choudhri*, No. 25-90797 (Bankr. S.D. Tex.), ECF No. 39.

## V. AUTHORITY

Unofficial Copy Office of Marilyn Burgess District Clerk

**A. Vargo had no power to stipulate to new debt against Choudhri.**

A collection receiver has no power to create new debt for the judgment debtor. The turnover statute authorizes a receiver "to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 31.002(b)(3). It is a purely procedural device for reaching existing assets. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991). It confers no authority to decide the substantive rights of the parties. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577 (Tex. 2018); *Bizkeeping Corp. v. Benton*, 714 S.W.3d 857 (Tex. App.—Houston [1st Dist.] 2025); *Van Dyke v. Littlemill Ltd.*, 579 S.W.3d 639 (Tex. App.—Houston [14th Dist.] 2019). A receiver's powers are exercised "subject to the control of the court," Tex. Civ. Prac. & Rem. Code § 64.031, and a receiver "has no general authority to incur or compromise indebtedness without an order of the court." 64 Tex. Jur. 3d *Receivers* § 101. A receiver is an officer of the court, not the agent of the debtor or the creditors, *In re Thalmann*, 469 B.R. 677 (Bankr. S.D. Tex. 2012), so he cannot bind the debtor to new obligations as the debtor's agent. Texas courts have reversed orders entered on settlements a turnover receiver made beyond his appointing order. *WC 4th & Colorado, LP v. Colorado Third St., LLC*, No. 03-22-00781-CV, 2024 WL 3841676 (Tex. App.—Austin Aug. 15, 2024) (mem. op.); *see also WC 4th & Rio Grande, LP v. La Zona Rio, LLC*, 677 S.W.3d 136 (Tex. App.—El Paso 2023). Vargo was appointed to collect the $3.1 million in judgments in this receivership. His stipulation would create a new **$42,371,306.88** judgment against Choudhri personally, in favor of a different creditor, on claims Vargo never litigated, without any order of this Court authorizing it. No statute, order, or decision gives a collection receiver that power.

Unofficial Copy Office of Marilyn Burgess District Clerk

**B. Sanctions and removal.**

A document signed by an attorney or party certifies that its factual contentions have evidentiary support. Tex. Civ. Prac. & Rem. Code § 10.001(3). A court may sanction a person who signs a document in violation of that section. *Id.* § 10.004. A court may likewise sanction a party or attorney who files a pleading, motion, or other paper that is groundless and brought in bad faith. Tex. R. Civ. P. 13. Vargo is a licensed attorney who signed both filings and declared under penalty of perjury that the March 3, 2026 report was "true and correct and within my personal knowledge." *See* Tex. Civ. Prac. & Rem. Code § 132.001. This Court also has inherent authority to supervise, sanction, and remove the officer it appointed.

## VI. RELIEF REQUESTED

Choudhri respectfully asks the Court to enter an order:

(a) finding, on the record, that no order of Judge Michael Parker, Judge Christopher Bradley, or any other bankruptcy judge authorized or approved Vargo's settlement with Romspen, and that Vargo's statements to the contrary in his Report, Accounting, and Motion to Distribute ¶ 1 (Mar. 3, 2026), Omnibus Response ¶ 12 (Apr. 15, 2026), and Report to Court ¶ 6(a) (June 9, 2026) are false; those statements to remain part of the record;

(b) ordering Vargo, within seven (7) days, to file a written answer, signed under penalty of perjury, to each of the following: (1) identify by case number, docket number, and date every bankruptcy-court order he contends authorized or approved his settlement with Romspen, the payment he received under it, or the stipulated judgment in Cause No. 2023-84714; (2) state whether any motion under Bankruptcy Rule 9019 or otherwise was ever filed seeking approval of that settlement, and if so, identify it; (3) state the amount he received from Romspen, the date, and the account into which it was deposited; (4) state who drafted ¶ 1 of his March 3, 2026 report and ¶ 12 of his April 15, 2026 Omnibus Response; (5) state whether, before signing his March 3, 2026 declaration, he reviewed the dockets in Case Nos. 24-51195 and 24-10119; and (6) state when he first knew that no bankruptcy court had approved the settlement;

Unofficial Copy Office of Marilyn Burgess District Clerk

(c) ordering Vargo to appear in person, testify under oath, and produce the settlement agreement, all communications with Romspen and its counsel concerning it, and the records of the payment, at an evidentiary hearing at which he shall show cause why he should not be sanctioned under Texas Rule of Civil Procedure 13, Chapter 10 of the Texas Civil Practice and Remedies Code, and the Court's inherent power, and why he should not be removed;

(d) ordering that, pending that hearing, Vargo take no action to consent to, support, or decline to oppose entry of any judgment against Choudhri in Cause No. 2023-84714, and take no fee on the Romspen payment;

(e) directing the Clerk, after the hearing, to transmit a certified copy of this motion, Vargo's sworn answer, and the record of the hearing to the District Attorney of Harris County for whatever review that office considers appropriate;

(f) removing Vargo; and

(g) granting Choudhri all other relief to which he is entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Dated: October 26, 2026

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri, *pro se*
4521 San Felipe #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

**CERTIFICATE OF CONFERENCE**

I certify that on October 21, 2026, I attempted to confer with Travis B. Vargo regarding the relief requested in this motion. He did not respond, and the motion is presented as opposed.

/s/ Ali Choudhri
Ali Choudhri

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, a true and correct copy of this motion, its exhibits, and the proposed order was served on all parties and counsel of record through the electronic filing manager and by email, including Travis B. Vargo (tvargo@vargolawfirm.com) and counsel for the judgment creditors, T. Michael Ballases and Scott Funk.

/s/ Ali Choudhri
Ali Choudhri

## EXHIBIT LIST

| | |
|---|---|
| Exhibit A | Vargo's Report, Accounting, and Motion to Distribute, with Unsworn Declaration of Travis Vargo, Cause No. 2012-27197-D (Mar. 3, 2026) |
| Exhibit B | Vargo's Omnibus Response, Cause No. 2012-27197-A (Apr. 15, 2026), with Ex. C thereto (Romspen–Vargo Settlement Agreement, as of Nov. 21, 2025) |
| Exhibit C | Vargo's Report to Court (June 9, 2026) |
| Exhibit D | *In re 1001 WL, LLC*, No. 24-10119 (Bankr. W.D. Tex.): ECF No. 1009 (Nov. 4, 2025) and Final Order Denying the Trustee's Rule 9019 Motion, ECF No. 1037 (Jan. 9, 2026), with declaration concerning the docket |
| Exhibit E | Docket sheet, *In re RIC (Lavernia) LLC*, No. 24-51195 (Bankr. W.D. Tex.), and the docket of Adv. No. 24-05043 |
| Exhibit F | Romspen's Motion for Entry of Stipulated Judgment and proposed Final Judgment (Dec. 19, 2025) and revised proposed Final Judgment (Oct. 7, 2026), Cause No. 2023-84714 |
| Exhibit G | Chronology and Compendium of Vargo's Statements to Courts |
| Exhibit H | Order, Cause No. 2012-27197-A (Apr. 16, 2026) |
| Exhibit I | Email from Michael Poynter (Vargo Law Firm, P.C.) to counsel for the taxing authorities, copying Travis Vargo (Aug. 19, 2026) |
| Exhibit J | Demonstrative summary: the approval claim, the **$42 million** judgment, the automatic stay, and Vargo's statements to other courts |
| Exhibit K | Video recordings made at 4521 San Felipe Street, Unit 3201 on Sept. 15, 2026 (lodged in native format; slip sheet and authenticating declaration filed) |

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121620885
Filing Code Description: Motion (No Fee)
Filing Description: Sanctions&Show Cause AGAINST Travis Vargo on his FALSE SWORN STATEMENTS
Status as of 10/26/2026 2:54 PM CST

Unofficial Copy Office of Marilyn Burgess District Clerk

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Scott Funk | 7550900 | sfunk@grayreed.com | 10/26/2026 12:39:47 AM | SENT |
| Azhar Chaudhary | | chaudharylawfirm@gmail.com | 10/26/2026 12:39:47 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 10/26/2026 12:39:47 AM | SENT |
| Rick Guerra | | service@guerradays.com | 10/26/2026 12:39:47 AM | SENT |
| Jennifer LMacGeorge | 24093627 | jmac@jlm-law.com | 10/26/2026 12:39:47 AM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 10/26/2026 12:39:47 AM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 10/26/2026 12:39:47 AM | SENT |
| Michael Poynter | 24092991 | mpoynter@vargolawfirm.com | 10/26/2026 12:39:47 AM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 10/26/2026 12:39:47 AM | SENT |
| Andy Taylor | 19727600 | ataylor@andytaylorlaw.com | 10/26/2026 12:39:47 AM | SENT |
| Joe Sibley | 24047203 | sibley@camarasibley.com | 10/26/2026 12:39:47 AM | SENT |
| Jennifer MacGeorge | 24093627 | jmac@jlm-law.com | 10/26/2026 12:39:47 AM | SENT |
| Jim Wetwiska | | jwetwiska@akingump.com | 10/26/2026 12:39:47 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/26/2026 12:39:47 AM | SENT |
| Justin Rayome | | justin.rayome.law@gmail.com | 10/26/2026 12:39:47 AM | SENT |
| Mark Yablon | | service@yablonlaw.com | 10/26/2026 12:39:47 AM | SENT |
| Azhar M. Chaudhary | 24082804 | attorney@Chaudharyjd.com | 10/26/2026 12:39:47 AM | SENT |
| Leigh Malinowski | | lmalinowski@grayreed.com | 10/26/2026 12:39:47 AM | SENT |
| Preston Kamin | 24062817 | pkamin@grayreed.com | 10/26/2026 12:39:47 AM | SENT |
| Dalio Holdings | | legal@jetallcompanies.com | 10/26/2026 12:39:47 AM | ERROR |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 10/26/2026 12:39:47 AM | SENT |
| Ali Choudhri | | ali@jetallcpapital.com | 10/26/2026 12:39:47 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121620885
Filing Code Description: Motion (No Fee)
Filing Description: Sanctions&Show Cause AGAINST Travis Vargo on his FALSE SWORN STATEMENTS
Status as of 10/26/2026 2:54 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcpapital.com | 10/26/2026 12:39:47 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/26/2026 12:39:47 AM | SENT |
| Theressa Washington | | twashington@fbtgibbons.com | 10/26/2026 12:39:47 AM | SENT |
| T. Michael Ballases | 24036179 | Ballases@hooverslovacek.com | 10/26/2026 12:39:47 AM | SENT |
| Brice B.Beale | | Beale@hooverslovacek.com | 10/26/2026 12:39:47 AM | SENT |
| stanford scottboyd | | ssboyd@pattersonboyd.com | 10/26/2026 12:39:47 AM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 10/26/2026 12:39:47 AM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk