10/28/2026 2:44 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 121740272
By: Jessica Pannell
Filed: 10/28/2026 2:44 AM

**CAUSE NO. 2012-27197-A**

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. and OSAMA ABDULLATIF, Plaintiffs, | § § § | IN THE DISTRICT COURT OF |
| | § | HARRIS COUNTY, TEXAS |
| v. | § § | |
| ALI CHOUDHRI, Defendant. | § | 333RD JUDICIAL DISTRICT |

# DEFENDANT ALI CHOUDHRI'S MOTION TO DISQUALIFY T. MICHAEL BALLASES AND HOOVER SLOVACEK LLP, AND TO DISQUALIFY AND REMOVE TRAVIS B. VARGO AS RECEIVER

## FILED SUBJECT TO, AND WITHOUT WAIVER OF, THE PENDING VERIFIED MOTION TO RECUSE AND DISQUALIFY THE RESPONDENT JUDGE

TO THE HONORABLE JUDGE ASSIGNED TO HEAR THE PENDING MOTION TO RECUSE AND DISQUALIFY, AND TO THE JUDGE WHO PRESIDES AFTER IT IS DECIDED:

**Reservation.** Choudhri's Verified Motion to Recuse and Disqualify the respondent judge, filed in this cause on October 21, 2026, is pending, as is his Verified Motion to Recuse and Disqualify filed September 30, 2026 in Cause No. 2023-84714 and its First Supplement. Choudhri stands on every ground in those motions. He files this motion **only to place it of record**, and states plainly:

(a) he does **not** waive, withdraw, or narrow his recusal or disqualification motions, or any ground in them;

(b) he does **not** consent to the respondent judge's hearing, considering, or ruling on this motion or any other matter, and does **not** ask the respondent judge to take any action;

(c) under Texas Rule of Civil Procedure 18a(f)(2)(A), the respondent judge may take no further action in this case while the recusal motion is pending, and this motion

Unofficial Copy Office of Marilyn Burgess District Clerk

does not invite any;

(d) disqualification of a judge under Texas Constitution art. V, § 11 and Rule 18b(a) cannot be waived, and nothing in this filing is intended or may be construed as consent to the respondent judge's jurisdiction; and

(e) Choudhri asks that this motion be set for hearing **only** before the judge who presides after the recusal and disqualification motions are decided.

Subject to that reservation, Ali Choudhri ("Choudhri") moves to disqualify T. Michael Ballases and Hoover Slovacek LLP and to disqualify and remove Travis B. Vargo as receiver. Referring to Vargo as receiver concedes nothing about his authority.

Unofficial Copy Office of Marilyn Burgess District Clerk

**I. Ballases represents the judgment creditor, the receiver, and Choudhri's company at the same time**

1. Ballases is counsel for Osama Abdullatif, the collecting judgment creditor in the A case; the amended receivership order identifies Abdullatif "c/o his attorney of record, T. Michael Ballases." (Ex. 3.)

2. The District Clerk's party lists in Cause Nos. 2025-75174 and 2026-20754 (165th District Court, consolidated) show **Ballases as attorney of record for three plaintiffs at once**: "ABDULLATIF, OSAMA," "PBAC 507 LLC," and "**VARGO, TRAVIS (STATE APPOINTED RECEIVER)**." His filings there are signed for "Osama Abdullatif, as Judgment Creditor, and **PBAC 507, LLC, through Travis Vargo**," and the August 27, 2026 motion to consolidate was filed by "Osama Abdullatif and Travis B. Vargo, in his capacity as Court Appointed Receiver." (Ex. 1.)

3. Choudhri is the manager of PBAC 507, LLC. Vargo is not, and Choudhri never authorized Ballases or Hoover Slovacek to act for it. In the petition Ballases filed in PBAC's name, he pleads against PBAC: that its 2021 sale was a fraudulent transfer and that "**PBAC is Choudhri's alter ego**" and "**therefore liable for the full judgment amount**." (Ex. 1.) A lawyer may not represent clients whose interests are materially and directly adverse, Tex.

Disciplinary R. Prof'l Conduct 1.06(a)–(b), and may not sue on behalf of a company while asking that it be held liable for another client's judgments.

4. The defendant in that suit, Anosh Ahmed, has been represented by **Scott Funk of Gray Reed**, counsel for the D-case judgment creditor whose motion obtained Vargo's appointment: in February 2023 Abdullatif's own counsel served a notice of intent to subpoena Ahmed in Cause No. 2013-41273 "**by and through his attorney of record, Scott Funk, Gray Reed**." (Ex. 9.) Upon information, investigation, and belief, Funk continues to represent Ahmed. That means both sides of the claims asserted in the name of Choudhri's company—and of any settlement of them, now set for mediation—are controlled by counsel for Choudhri's judgment creditors.

5. The conflict runs in both directions. In *Quinlan, Khawaja, and Abdullatif v. Jetall Companies, Inc., et al.*, Adv. No. 23-03141 (Bankr. S.D. Tex.), **Ballases represents Abdullatif, Omar Khawaja, and John Quinlan as plaintiffs** against Choudhri, his mother, and more than twenty companies, including Dalio Holdings I and II, Galleria Loop Note Holder, MCITBE, and Otisco RDX. (Ex. 16, Tr. 3, 57.) Those are entities over which **Ballases's other client, Vargo, now claims control**, including by filing as "Receiver for Dalio Holdings I, Dalio Holdings II and Ali Choudhri" and by stipulating to a judgment through Galleria Loop Note Holder. The same lawyer thus represents the plaintiffs suing those companies and the receiver who claims the right to decide how they respond.

6. The A-case and D-case creditors have long acted as one. On February 23, 2018, Funk—counsel for Mokaram—wrote to Choudhri's counsel, copying Abdullatif's counsel, that "**Mr. Mokaram and Mr. Abdullatif object** to the proposed sale" of Texas REIT's assets "and object to any such sale that is without **their written consent**." (Ex. 17.) Funk spoke for both creditors, and claimed for them a veto over the business of a company that was not a judgment debtor. A receiver answerable to both creditors through their shared counsel is not disinterested.

Unofficial Copy Office of Marilyn Burgess District Clerk

**II. Ballases is a fact witness on the matters in dispute**

7. By Vargo's own sworn testimony, Ballases **drafted the A-case receivership order** Vargo now enforces: "If you're talking about the A, I'm assuming it was Michael Ballases." (Ex. 5, Tr. 152:15–153:18.) Ballases asked to appear at the October 9, 2025 hearing on Vargo's motion to show authority in *In re Texas REIT, LLC* because, he wrote, "**I am a witness for the hearing**." (Ex. 6.) He was copied on Vargo's emails to the presiding judge seeking rulings, and on October 19, 2026 he told the 55th District Court that Choudhri owes Abdullatif more than $10 million, but **has not answered five written requests (October 19, 21, 23, 26, and 27, 2026) for a payoff and breakdown**. (Ex. 7.) A lawyer who is a necessary witness on contested facts should not act as advocate. Tex. Disciplinary R. Prof'l Conduct 3.08.

**III. Ballases has a history of this conflict**

8. In 2016 Ballases wrote to Choudhri at Jetall Companies that his firm "previously represented Jetall Companies," promised in a signed waiver that if adversity arose "**we would have to withdraw**," and revised and transmitted the Jetall–Davy agreement, asking Choudhri to countersign it. In 2017, in a suit over that matter, his firm, with Ballases on the signature block, appeared against Jetall and denied "**the existence, formation and acceptance of any contract between her and Jetall**." (Ex. 2.) Tex. Disciplinary R. Prof'l Conduct 1.09.

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV. Vargo is not disinterested and must be disqualified and removed

9. A receiver must not be "a party, attorney, or other person interested in the action." Tex. Civ. Prac. & Rem. Code § 64.021. A receiver is an officer of the appointing court, bound to act impartially for all parties. Vargo is not impartial: (a) he **shares counsel with the judgment creditor** and sues alongside him as co-plaintiff (Ex. 1); (b) by his testimony, the orders he enforces were written by creditors' counsel, Ballases for the A case and "someone at Gray Reed" for the D case (Ex. 5); (c) he talked with the D-case creditor's counsel "about a potential appointment" before he was appointed (Ex. 4); (d) he agreed, without any court's approval, to a **$42,371,306.88** judgment against Choudhri for a different creditor; and (e) he has refused to provide a payoff or an accounting. (Exs. 7, 8.)

10. The two judgment creditors Vargo serves are not independent of each other. Under a December 2012 Sale Agreement between Ali Mokaram (the D-case creditor) and Osama Abdullatif (the A-case creditor), Abdullatif agreed that **"Latif agrees to pay the reasonable legal fees, costs and expenses incurred by Mokaram to prosecute his claims in the Lawsuit against Choudhri"** (¶ 5); that they would **split 50/50 any recovery** from Choudhri (¶ 7); that Mokaram **"cannot settle his claims in the Lawsuit against Choudhri without the consent of Latif"** (¶ 10); and that Abdullatif would defend and indemnify Mokaram against Choudhri's claims (¶ 11). (Ex. 10.) On the face of that agreement, the D-case claims are funded and controlled by the A-case creditor, and their proceeds are shared with him. A receiver who answers to both creditors, through lawyers who act together, answers in substance to one economic interest, which is the opposite of disinterested.

11. A federal judge has already said so. At the April 3, 2025 hearing in *In re Texas REIT, LLC*, Judge Shad Robinson told Vargo, "**you're in violation of a bankruptcy court order**" and "**Then you're in violation of my order. I don't care if you drafted the order, sir**"; found it "**a slam dunk**" that the receivership order violated his stay-relief order and the automatic stay; said of the receivership order's immunity clause, "**This whole clause is**

Unofficial Copy Office of Marilyn Burgess District Clerk

**comical to me**"; and stated that he would "**enter a show cause order and contempt order, be directed to Mr. Vargo as the receiver and Mr. Funk**." (Ex. 4, Tr. 10, 23–24, 39–41, 45, 53, 103.)

12. Two days after the recusal motion was filed, Vargo moved in Cause No. 2012-27197-D (Image No. 129484347) to sell seven lawsuits he calls Choudhri's "legal claims," including **Choudhri's appeal of Mr. Abdullatif's judgment** (No. 01-23-00109-CV) and **Choudhri's pending suit against Mr. Abdullatif** (No. 2024-83320), to a stalking-horse bidder for $100,000. The bidder is **Osama Abdullatif and Abdullatif & Company**, the judgment creditor whose lawyer, Ballases, also represents Vargo. A disinterested receiver does not propose to sell the debtor's claims against the creditor to the creditor, who would then dismiss them. *See Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 305–07 (Tex. App.—Dallas 1992, no writ).

13. Vargo's newest filing confirms both points. On October 27, 2026, through Wyoming counsel, he filed a motion in the United States Bankruptcy Court for the District of Wyoming (No. 26-20508, Doc. 14) asking that court to declare that the automatic stay does not apply to Unit 3201 at 4521 San Felipe Street. In it, (a) Vargo now contends that Unit 3201 is **titled in a limited liability company formed in 2021**, not in Choudhri, even though he seized the unit on September 15, 2026 as a Choudhri receivership asset and his orders exclude Choudhri's interests in limited liability companies (Ex. 3, ¶ 8); and (b) he tells that court that federal orders gave him "**the exclusive right to management and control – including litigation rights**" of the Choudhri LLCs, the opposite of his April 4, 2025 statement that he has "a charging order over the LLCs only." (Ex. 11.) Choudhri does not concede Vargo's contentions; he notes that Vargo cannot hold both positions, and that he has taken the stay question to a bankruptcy court himself. During the September 15, 2026 removal, files and records were also taken from the residence.

Unofficial Copy Office of Marilyn Burgess District Clerk

14. Vargo told Judge Robinson the same orders were too unclear to enforce. Asked about one provision, he answered that he could not seek enforcement "**because there is no definition. So then they can't be in violation of it**"; and when Judge Robinson called paragraph 35 a "**[v]ery vague, poorly worded paragraph**," Vargo agreed: "**It's definitely vague. We're going to agree there**." (Ex. 4, Tr. 31, 49–50.) Judge Robinson observed that because "receivership assets" is not defined, "nothing's in custodial legis." (Id. at 31–32.) Eleven months later, in his sworn report filed March 3, 2026 in Cause No. 2012-27197-D, Vargo described the same orders to this Court as "**this Court's clear and unambiguous Orders**." (Report at 9.)

15. Vargo also acts outside his orders. The orders **exclude Choudhri's "ownership interests in any limited liability company"** and give only a charging order (Ex. 3, ¶ 8); Vargo testified that he was "**not seeking to control**" those interests and had "**a right to his distributions only**" (Ex. 4, Tr. 19:19–23, 35:6), and, shown the exclusion, "**That's what it says here**" (Ex. 5, Tr. 169:22–170:21). Yet he sues in PBAC's name through the creditor's lawyer.

16. Vargo knew the limit and wrote it down. On April 4, 2025, the day after that testimony, he wrote to Choudhri's then-counsel: "**Receiver has a charging order over the LLCs only. I do not direct the acts and conduct of**" Milestone Capital CRE 1, LLC, Galleria Loop Noteholder, LLC, and BDFI, LLC; "**I am allowed to monitor**." (Ex. 11.) Ten months later he did the opposite. On February 2, 2026 he swore to, and had recorded in the Harris County real property records, a "Notice of Receivership" declaring that "**all rights and control to MCITBE, LLC**," including its property at 2232 Swift Boulevard, had been "turned over to the Receiver" (Ex. 12, RP-2026-38584), although Choudhri holds no membership interest in MCITBE, LLC. On February 11, 2026, his listing agent, copying Vargo, told the existing broker that the property "**is currently under the control of the court**" and demanded that the listing be terminated (Ex. 13); and on February 17, 2026, Mike Croix wrote that Vargo

Unofficial Copy Office of Marilyn Burgess District Clerk

had listed the property without authorization and "**told me he did not need my authorization and that he would just change the locks if I did not provide a key**." (Ex. 14.) Choudhri's pending motion to require Vargo to answer under oath, show cause, and be removed sets out his false sworn statement that two federal judges "authorized" his settlement; this motion is in addition to it.

17. **Communications outside the record.** Upon information, investigation, and belief, the September 14, 2026 transfers of Choudhri's cases by Judge Rabeea Sultan Collier and the September 16, 2026 assignments to Judge Wilson were brought about through communications to which Choudhri was not a party, among Vargo or his counsel, Judge Collier, Judge Wilson, or persons acting for Osama Abdullatif or Omar Khawaja. The specific basis, set out in Choudhri's Verified Motion to Recuse and Disqualify filed September 30, 2026 in Cause No. 2023-84714 (Image No. 129069453, ¶ 30), includes: the same transfer had been sought and denied after a hearing twenty-five days earlier; Judge Collier's orders were signed **with no motion on file, no notice, and no hearing**, each reciting only that the case had been "brought to the Court's attention"; three days earlier Vargo's counsel had emailed Judge Wilson identifying one of those cases and its September 14 hearing; and on September 23, 2026 Vargo testified that Choudhri had said he was moving to recuse a judge "**by email. It was not to a clerk. It wasn't on a filing**," when the only such email was Choudhri's September 14 email to the District Clerk, which he sent to no party. Judge Collier, before taking the bench, was lead counsel for Khawaja Partners, Ltd. against a Choudhri-affiliated company, and recused herself from a Choudhri matter in 2021. On April 3, 2025, Vargo testified: "**I haven't had any communications with Mr. Wilson in probably 10 years**." (Ex. 4.) Choudhri does not possess the communications on which this belief rests and asks that they be disclosed.

Unofficial Copy Office of Marilyn Burgess District Clerk

## V. Standing and standard

18. Disqualification is warranted where a conflict is shown with specificity and causes actual prejudice to the movant. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). The prejudice here is concrete: the same lawyer drafts the orders, represents the creditor and the receiver who enforces them, and sues in the name of Choudhri's company against that company and Choudhri; and the receiver who is supposed to be neutral takes his lawyer, and his direction, from the creditor.

19. **Depositions.** The facts that decide this motion are in the hands of five people: Vargo, who administers the receivership; Ballases and Funk, who by Vargo's own testimony drafted the orders he enforces, discussed his appointment before it was made, and were copied on his emails to the presiding judge; and Osama Abdullatif and Ali Mokaram, the judgment creditors for whom he collects and who, under their 2012 Sale Agreement, fund and share in the claims against Choudhri. (Exs. 4, 5, 10.) Ballases and Funk are fact witnesses on those matters, and the information cannot be obtained from anyone else. Choudhri asks that each be ordered to appear for oral deposition, limited to the subjects of this motion.

## RELIEF REQUESTED

Subject to and without waiving the pending recusal and disqualification motions, and to be heard **only** by the judge who presides after they are decided, Choudhri asks the Court to:

(a) disqualify T. Michael Ballases and Hoover Slovacek LLP from representing any party in this cause, and from representing Travis B. Vargo or acting in the name of PBAC 507, LLC;

(b) disqualify and remove Travis B. Vargo as receiver under Tex. Civ. Prac. & Rem. Code § 64.021, and order him to file, within two (2) days, a sworn final accounting of all funds collected, held, and disbursed, and to produce to Choudhri within the same two (2) days all documents and communications concerning the receivership, Choudhri, or any asset or entity over which he has asserted control, including all communications

Unofficial Copy Office of Marilyn Burgess District Clerk

with Osama Abdullatif, Ali Mokaram, their counsel (including T. Michael Ballases, Hoover Slovacek LLP, D. Scott Funk, and Gray Reed), TIG Romspen US Master Mortgage LP and its counsel, any purchaser, broker, or title company, and any judge or court staff;

(c) order Travis B. Vargo, his counsel, Osama Abdullatif, and his counsel to disclose on the record, within three (3) days, every communication with Judge Randy Wilson or Judge Rabeea Sultan Collier concerning Choudhri or these causes to which Choudhri was not a party;

(d) order Travis B. Vargo, T. Michael Ballases, D. Scott Funk, Osama Abdullatif, and Ali Mokaram each to appear for oral deposition within seven (7) days after the production described above, each limited to the receivership, Vargo's appointment and the drafting of the receivership orders, the TIG Romspen settlement and judgment, the claims asserted in the name of PBAC 507, LLC, the handling of information designated confidential under the Agreed Confidentiality Order of June 11, 2012, and communications with any judge concerning Choudhri;

(e) order that no person act for PBAC 507, LLC under color of the receivership; and

(f) grant Choudhri all other relief to which he is entitled.

Dated: October 28, 2026

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri, *pro se*
4521 San Felipe #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

Unofficial Copy Office of Marilyn Burgess District Clerk

## VERIFICATION

My name is Ali Choudhri. My date of birth is [redacted] 1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. I am the manager of PBAC 507, LLC, and Travis Vargo is not. I have not authorized T. Michael Ballases, Hoover Slovacek LLP, or Travis Vargo to act for PBAC 507, LLC. The facts stated in this motion are within my personal knowledge or shown by the attached exhibits, which are true and correct copies. I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, Texas, on October 28, 2026.

/s/ Ali Choudhri

Ali Choudhri

## CERTIFICATE OF CONFERENCE

On October 28, 2026, Movant conferred by email with T. Michael Ballases, Travis B. Vargo, Michael Poynter, and D. Scott Funk, asking whether they oppose the relief requested in this motion. Movant has also asked Mr. Ballases and Mr. Vargo repeatedly in writing for a payoff and an accounting (Ex. 7), without response. No agreement was reached before filing, and given the nature of the motion, it is presented as opposed.

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, a true and correct copy of this motion and its exhibits was served on all parties and counsel of record through the electronic filing manager and by email, including T. Michael Ballases (ballases@hooverslovacek.com), D. Scott Funk (sfunk@grayreed.com), Travis B. Vargo (tvargo@vargolawfirm.com), and Michael Poynter (mpoynter@vargolawfirm.com), in accordance with Texas Rule of Civil Procedure 21a.

/s/ Ali Choudhri
Ali Choudhri

## EXHIBITS

Unofficial Copy Office of Marilyn Burgess District Clerk

**Exhibit 1** — District Clerk party lists, Cause Nos. 2025-75174 and 2026-20754, with declaration; Plaintiffs' Original Petition, No. 2026-20754 (Mar. 27, 2026); Motion to Consolidate and Notice of Submission (Aug. 27–28, 2026)
**Exhibit 2** — Ballases emails (June 29, 2016); Hoover Slovacek Waiver of Conflict Letter, executed; Answer for Renee Davy against Jetall Companies, Inc., No. 2017-10832 (Mar. 20, 2017)
**Exhibit 3** — Amended receivership orders, Cause Nos. 2012-27197-A and 2012-27197-D
**Exhibit 4** — Transcript, In re Texas REIT, LLC (Apr. 3, 2025): Vargo testimony
**Exhibit 5** — Transcript excerpts, In re MCITBE LLC (Sept. 23, 2026): Vargo testimony
**Exhibit 6** — Selected docket entries, In re Texas REIT, LLC, No. 24-10120 (including Ballases's request to appear as "a witness" for Vargo), with declaration
**Exhibit 7** — Requests for the amount owed, a payoff, and an accounting (May 8 – Oct. 26, 2026), with declaration
**Exhibit 8** — Slide presentation: "The record vs. what they told the courts" (including "distributions only")
**Exhibit 9** — Notice of Intent to Subpoena Anosh Ahmed, M.D., Cause No. 2013-41273 (Feb. 8, 2023), served "by and through his attorney of record, Scott Funk, Gray Reed"
**Exhibit 10** — Sale Agreement between Ali Mokaram and Osama Abdullatif (Dec. 2012) (¶¶ 5, 7, 10, 11 highlighted)
**Exhibit 11** — Email from Travis Vargo to Kell Mercer (Apr. 4, 2025): "charging order over the LLCs only"
**Exhibit 12** — Notice of Receivership (MCITBE LLC and 2232 Swift Boulevard), sworn Feb. 2, 2026, recorded RP-2026-38584, certified copy
**Exhibit 13** — Email from Sepi Akhavi, copying Travis Vargo, to Omar Scanu (Feb. 11, 2026), as forwarded
**Exhibit 14** — Email from Mike Croix to Ali Choudhri (Feb. 17, 2026)
**Exhibit 15** — Agreed Confidentiality Order, Cause No. 2012-27197 (June 11, 2012)
**Exhibit 16** — Excerpts, deposition of Omar Khawaja, Adv. No. 23-03141 (Bankr. S.D. Tex. Oct. 3, 2024)
**Exhibit 17** — Email from D. Scott Funk to Choudhri's counsel, copying Abdullatif's counsel Rodney L. Drinnon (Feb. 23, 2018), transcribed, with declaration

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121740272
Filing Code Description: Motion (No Fee)
Filing Description: Motion to DQ Ballases etal
Status as of 10/28/2026 4:00 PM CST

Unofficial Copy Office of Marilyn Burgess District Clerk

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| D. Scott Funk | 7550900 | sfunk@grayreed.com | 10/28/2026 2:44:55 AM | SENT |
| Pagel Davis & Hill, P.C. Eservice | | eservice@pdhlaw.com | 10/28/2026 2:44:55 AM | SENT |
| Azhar Chaudhary | | chaudharylawfirm@gmail.com | 10/28/2026 2:44:55 AM | SENT |
| Vivian Thames | | vthames@mlhs.net | 10/28/2026 2:44:55 AM | SENT |
| Thomas RPhillips | 22 | tom.phillips@bakerbotts.com | 10/28/2026 2:44:55 AM | SENT |
| James RWetwiska | | jwetwiska@akingump.com | 10/28/2026 2:44:55 AM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 10/28/2026 2:44:55 AM | SENT |
| Keith Gross | 24027357 | attnykgross@aol.com | 10/28/2026 2:44:55 AM | SENT |
| James Pierce | 15994500 | jim@jamespierce.com | 10/28/2026 2:44:55 AM | SENT |
| Jennifer LMacGeorge | 24093627 | jmac@jlm-law.com | 10/28/2026 2:44:55 AM | SENT |
| S. Scott CBoyd | | ssboyd@pattersonboyd.com | 10/28/2026 2:44:55 AM | SENT |
| Michael Harris | | mah@pdhlaw.com | 10/28/2026 2:44:55 AM | SENT |
| Joe Sibley | 24047203 | sibley@camarasibley.com | 10/28/2026 2:44:55 AM | SENT |
| Andy Taylor | 19727600 | ataylor@andytaylorlaw.com | 10/28/2026 2:44:55 AM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 10/28/2026 2:44:55 AM | SENT |
| Azhar M. Chaudhary | 24082804 | attorney@Chaudharyjd.com | 10/28/2026 2:44:55 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/28/2026 2:44:55 AM | SENT |
| Mark Yablon | | service@yablonlaw.com | 10/28/2026 2:44:55 AM | SENT |
| Travis Vargo | 24047027 | tvargo@vargolawfirm.com | 10/28/2026 2:44:55 AM | SENT |
| Gia Samavati | 24076666 | gia@trialninjas.com | 10/28/2026 2:44:55 AM | SENT |
| Rick Guerra | | rick@guerradays.com | 10/28/2026 2:44:55 AM | SENT |
| T. Michael Ballases | 24036179 | Ballases@hooverslovacek.com | 10/28/2026 2:44:55 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 121740272
Filing Code Description: Motion (No Fee)
Filing Description: Motion to DQ Ballases etal
Status as of 10/28/2026 4:00 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| T. Michael Ballases | 24036179 | Ballases@hooverslovacek.com | 10/28/2026 2:44:55 AM | SENT |
| Pagel Davis & Hill, P.C. Eservice | | eservice@pdhlaw.com | 10/28/2026 2:44:55 AM | SENT |
| Ali Choudhri | | ali@jetallcapital.com | 10/28/2026 2:44:55 AM | SENT |
| Derek RyanStaub | | dstaub@fbtgibbons.com | 10/28/2026 2:44:55 AM | SENT |
| Theressa Washington | | twashington@fbtgibbons.com | 10/28/2026 2:44:55 AM | SENT |
| Michael Poynter | 24092991 | mpoynter@vargolawfirm.com | 10/28/2026 2:44:55 AM | SENT |
| Jeff Joyce | | jjoyce@jmlawyers.com | 10/28/2026 2:44:55 AM | ERROR |
| Cameron Roth | | croth@akingump.com | 10/28/2026 2:44:55 AM | ERROR |

Unofficial Copy Office of Marilyn Burgess District Clerk