Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 1

District Clerk party lists, Cause Nos. 2025-75174 and 2026-20754, with declaration; Plaintiffs' Original Petition, No. 2026-20754 (Mar. 27, 2026); Motion to Consolidate and Notice of Submission (Aug. 27–28, 2026)

## Harris County District Clerk — Parties, Cause No. 2025-75174, *Sage Capital Investments LLC vs. Kismat Fund LP* (165th District Court)

*Transcribed from the District Clerk's public case-details "Parties" tab, as viewed October 26, 2026 (registered-agent entries omitted). Highlighting added.*

| Party name | Type | Attorney name |
|---|---|---|
| SAGE CAPITAL INVESTMENTS LLC | PLAINTIFF - CIVIL | BURFORD, ROBERT R. |
| KISMAT FUND LP | DEFENDANT - CIVIL | GROSSMAN, STEVEN D. |
| LAKHANI, AAMEER | PLAINTIFF - CIVIL | BURFORD, ROBERT R. |
| MAASS INVESTMENTS LLC | PLAINTIFF - CIVIL | BURFORD, ROBERT R. |
| ACCESSION CAPITAL LLC | DEFENDANT - CIVIL | GROSSMAN, STEVEN D. |
| MERCHANT ENTERPRISES LLC | DEFENDANT - CIVIL | GROSSMAN, STEVEN D. |
| AHMED, MANSOOR | DEFENDANT - CIVIL | GABBERT, ALLISON H |
| MERCHANT, MALIK | DEFENDANT - CIVIL | GROSSMAN, STEVEN D. |
| LUNCEFORD, ERIN E. | MEDIATOR | LUNCEFORD, ERIN E. |
| **ABDULLATIF, OSAMA** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |
| AHMED, ANOSH | DEFENDANT - CIVIL | |
| **PBAC 507 LLC** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |
| **VARGO, TRAVIS (STATE APPOINTED RECEIVER)** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |
| 7979 FANNIN LLC [WYOMING] | DEFENDANT - CIVIL | |
| 7979 FANNIN LLC [TEXAS] | DEFENDANT - CIVIL | |
| SUMMIT LENDING 24 LLC | DEFENDANT - CIVIL | |
| SUMMIT CAPITAL GROUP LP | DEFENDANT - CIVIL | |

Unofficial Copy Office of Marilyn Burgess District Clerk

## Harris County District Clerk — Parties, Cause No. 2026-20754, *Abdullatif, Osama vs. Ahmed, Anosh* (now in the 165th District Court)

| Party name | Type | Attorney name |
|---|---|---|
| **ABDULLATIF, OSAMA** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |

| | | |
|---|---|---|
| AHMED, ANOSH | DEFENDANT - CIVIL | |
| **PBAC 507 LLC** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |
| **VARGO, TRAVIS (STATE APPOINTED RECEIVER)** | PLAINTIFF - CIVIL | **BALLASES, T. MICHAEL** |

**Declaration of Ali Choudhri.** My name is Ali Choudhri. My date of birth is [redacted] 1980, and my address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. On October 26, 2026, I viewed the public case details for Cause Nos. 2025-75174 and 2026-20754 on the Harris County District Clerk's website. The tables above accurately transcribe the "Parties" tabs as they then appeared, except that registered-agent entries are omitted. Each lists T. Michael Ballases as attorney for three plaintiffs: Osama Abdullatif, PBAC 507 LLC, and "VARGO, TRAVIS (STATE APPOINTED RECEIVER)." I am the manager of PBAC 507 LLC; I never engaged Mr. Ballases or his firm for it, and Travis Vargo is not its manager. I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, Texas, on October 26, 2026.

/s/ Ali Choudhri

Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

3/27/2026 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112975547
By: Julio Garcia
Filed: 3/27/2026 3:53 PM

2026-20754 / Court: 61

CAUSE NO. ____________

| | | |
|---|---|---|
| OSAMA ABDULLATIF, PBAC 507 HOLDINGS, LLC and TRAVIS VARGO, State Court appointed receiver, Plaintiffs, | § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| ANOSH AHMED, MALIK MERCHANT 7979 FANNIN LLC (Wyoming), 7979 FANNIN LLC (Texas), KISMAT FUND, LP, and its general partner ACCESSION CAPITAL LLC, SUMMIT LENDING 24, LLC and SUMMIT CAPITAL GROUP, LP, Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Osama Abdullatif ("Abdullatif"), as Judgment Creditor, and PBAC 507, LLC, through Travis Vargo, State Appointed Receiver over Ali Choudhri, individually, (collectively, "Plaintiffs") file this Original Petition against Anosh Ahmed ("Ahmed"), Malik Merchant ("Merchant"), 7979 Fannin LLC [Wyoming] ("7979 Wyoming"), 7979 Fannin LLC [Texas] ("7979 Texas"), Kismat Fund, LP ("Kismat"), its general partner, Accession Capital LLC ("Accession"), Summit Lending 24, LLC ("Summit"), and Summit Capital Group, LP, ("Summit Capital") its general partner, (collectively, "Defendants").

### Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 2 and affirmatively pleads that he seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. TEX. R. CIV. P. 47(c); TEX. R. CIV. P. 190.1.

### Parties

2. Plaintiff, Osama Abdullatif, is an individual residing in Harris County, Texas.

Unofficial Copy Office of Marilyn Burgess District Clerk

3. Plaintiff, PBAC 507 LLC ("PBAC"), through Travis Vargo, an individual appointed by the State Court as receiver over Ali Choudhri, individually. PBAC is a limited liability company registered in Texas owned 100% by Ali Choudhri.

4. Defendant, Anosh Ahmed, is an individual residing and doing business in Harris County, Texas. Ahmed may be served with process at his residence and last known address at 1708 River Oaks Blvd., Houston, Texas, 77019 or wherever he may be found. Citation for service is requested at this time.

5. Defendant, Malik Merchant is an individual residing and doing business in Harris County and Fort Bend County, Texas. Merchant may be served with process at his business address, 12603 Southwest Freeway, Suite 190 Stafford, Texas 77477, or wherever he may be found. Citation for service is requested at this time.

6. Defendant, 7979 Fannin LLC [Wyoming], is a limited liability company registered in Wyoming with a principal address at 680 S. Cache Street Suite 100, Jackson, Wyoming 83001. 7979 Wyoming may be served by process through the Texas Secretary of State by serving its registered agent for service of process, Mountain Business Center, LLC, which is located at 960 Alpine Lane, 4 P.O. Box 12200, Jackson, Wyoming 83001 or wherever it may be found. Citation for service is requested at this time.

7. Defendant, 7979 Fannin LLC [Texas], is a Texas limited liability company with a principal place of business at 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056. 7979 Texas may be served by process by serving its registered agent for service of process, Gray Reed & McGraw, LLP, at 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056 or wherever it may be found. Citation for service is requested at this time.

Unofficial Copy Office of Marilyn Burgess District Clerk

8. Defendant, Kismat Fund, LP, is a Texas limited partnership, with a principal place of business at 12603 Southwest Freeway, Suite 190, Stafford, Texas 77477. Kismat may be served by process by serving its registered agent for service of process, Accession Capital, LLC, at 12603 Southwest Freeway, Suite 190, Stafford, Texas 77477 or wherever it may be found. Citation for service is requested at this time.

9. Defendant, Accession Capital LLC (Kismat's general partner), is a Texas limited liability company with a principal place of business at 12603 Southwest Freeway, Suite 190, Stafford, Texas 77477. Accession Texas may be served by process by serving its registered agent for service of process, Malik Merchant, at 12603 Southwest Freeway, Suite 190, Stafford, Texas 77477 or wherever it may be found. Citation for service is requested at this time.

10. Defendant, Summit Lending 24, LLC, is a Texas limited liability company with a principal place of business at 10101 Southwest Freeway, Suite 650, Houston, Texas 77074. Summit may be served by process by serving its registered agent for service of process, Summit Capital Group, LP, at 10101 Southwest Freeway, Suite 650 Houston, Texas 77074 or wherever it may be found. Citation for service is requested at this time.

11. Defendant, Summit Capital Group, LP, (Summit's general partner) is a Texas Limited Partnership with a principal place of business at 10101 Southwest Freeway, Suite 650 Houston, Texas, 77074. Summit Capital may be served by process by serving its registered Agent, Summit Group Management LLC, at 5310 Sloan Falls Ct., Sugar Land, Texas, 77479 or wherever it may be found. Citation for service is requested at this time.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Jurisdiction and Venue**

12. This Court has jurisdiction over this cause in that it involves an amount in controversy within the jurisdictional limits of the court. TEX. R. CIV. P. 47; TEX. GOV'T CODE §

24.007. Venue is proper in Harris County Texas pursuant to TEX. CIV. PRAC. & REM. CODE §§ 15.002(a)(2) and 15.011 (mandatory venue: land). Venue is also proper in Harris County, Texas under the general venue provision because the acts or omissions complained of herein occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

Unofficial Copy Office of Marilyn Burgess District Clerk

**Background**

13. Plaintiff, Abdullatif, is a judgment creditor in possession of multiple judgments against Ali Choudhri ("Choudhri") and his related business entities. Abdullatif is also a real estate investor in the Houston, Texas region. As such, he is experienced in reviewing transactions involving real property and documents filed in the Harris County property records. Choudhri is an individual, who purports to be in the real estate business in and around the Houston, Texas region. As part of Plaintiff's efforts to identify and track the disposition of Choudhri's assets to satisfy outstanding judgments owed to him, he discovered that Choudhri is the owner or sole member of an entity identified as PBAC.

14. In July 2021, PBAC acquired the property located at 7979 Fannin Street, Houston, Texas 77054 (the "Property"). The Property was previously put on the market for sale to the public in Spring 2021, at which time Abdullatif made an unsuccessful bid. Despite his bid not being accepted, Abdullatif learned that the sale price for the Property was at least $10,000,000 and that the prior owner, ESA P Portfolio LLC ("ESA"), declined to consider any offers less than $10,000,000. PBAC purchased the Property from ESA in July 2021, for an unknown amount.

15. Abdullatif discovered in 2023, that PBAC subsequently sold or transferred the Property, in or about November 2021, to 7979 Wyoming, which is controlled by Ahmed. On information and belief, Ahmed facilitated this sale or transfer to 7979 Wyoming for $4,000,000 (or roughly $7,000,000 below its actual market value at that time). On information and belief,

Ahmed and Choudhri concocted a scheme using 7979 Wyoming to structure the transaction such that the Property was sold or transferred at a severely under-market sum of $4,000,000 when in fact the Property had a market value of $11,500,000 as of July 2021.

16. Ahmed and Choudhri intentionally structured this deal to reduce the value of the Property by approximately $7,500,000 from its market value. On information and belief 7979 Wyoming was acting as agent for PBAC behind the scenes to hold an interest in the property for future use after Choudhri's legal troubles were concluded. Ahmed and 7979 Wyoming were aware of the legal disputes and potential debts that Choudhri faced at that time. Ahmed knowingly conspired to conceal the deal and the value of this property and defraud PBAC of the full Market value of the Property to the detriment of multiple judgment creditors of Choudhri and his multiple entities. As such, Plaintiffs seek to undo and or claw back this November 2021 transaction involving the Property. This will allow Plaintiffs to recover the $7,500,000 market differential as a judgment creditor in satisfaction of these existing judgments.

17. The nefarious nature of this November 2021 transaction is further proven by three subsequent transactions. The first occurred in November 2022 when 7979 Wyoming transferred the Property to 7979 Texas. On information and belief, the owner(s) of 7979 Wyoming and 7979 Texas are the same (Ahmed). The second occurred in March of 2024 when 7979 Texas transferred the Property to Kismat. The purpose of these transfers was to further separate Choudhri from the Property and avoid the prying eyes of judgment creditors, courts, and or receivers. Choudhri personally maintains a financial interest in the disposition of the Property, despite the multiple transactions designed to give the public a different impression. The third concerns two deeds of trust. On February 4, 2025, two deeds of trust were filed (both dated February 3, 2025). Each deed of trust secured $7,500,000 under RP-2025-39662 and RP-2025-39649 with a maturity date





Unofficial Copy Office of Marilyn Burgess District Clerk

of March 31, 2027 and February 1, 2025 (which is two days before the execution of the document). On information and belief, these deeds of trust are invalid and lack consideration and were done to defraud judgment creditors from recovery. On January 13, 2026, the Property was listed for foreclosure on Tuesday February 3, 2026, on behalf of both of these deeds of trust. These deeds of trust indicate they are guaranteed by Merchant and Ahmed. All of these transfers described herein constitute fraudulent transfers under Texas law.[1]

**Causes of Action**

**Count 1: Fraudulent Transfer**

18. Under the Texas Uniform Fraudulent Transfers Act, a judgment creditor may bring a claim for fraudulent transfer if debtor's conveyances were made (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation. TEX. BUS. & COM. CODE § 24.005. Choudhri, PBAC, 7979 Wyoming, 7979 Texas, and Ahmeds' concealment and facilitation of certain transactions constitute fraudulent conveyances under TEX. BUS. & COM. CODE §§ 24.005 and 24.006.

19. Defendants' fraudulent conveyances of the Property are the latest in a long history of obfuscation of justice and attempts at evasion, as Choudhri seeks to hinder, delay, and defraud

Unofficial Copy Office of Marilyn Burgess District Clerk

[1] Plaintiffs have since learned that Ahmed has had multiple indictments for financial crimes, continuing throughout the Houston area and extending to investments in Dubai. There is also a tangentially related lawsuit described as Cause No. 2025-75174 currently assigned to the 165th Judicial District of Harris County, Texas, which supports Plaintiffs' contention that these transactions are illegitimate and designed to defraud judgment creditors of both Ahmed and Choudhri. Moreover, Merchant is actively involved in the transactions related to the Property and "loans" associated with Ahmed. And based on the petition filed in the 2025-75174 case, it appears that Ahmed and Merchant have "promised" the equity in the Propetry 7979 Fannin as collateral for investments in Dubai, which ignores the suspected Agency Agreement to which Ahmed is a party.

Plaintiffs as judgment creditors. Upon information and belief, Choudhri attempts to hide his personal assets and or does not receive a reasonably equivalent value in return for these transfers.

20. Pursuant to TEX. BUS. & COM. CODE § 24.008, Plaintiffs seek (a) an avoidance of the transfer or obligation to the extent necessary to satisfy their claim; (b) an injunction against further disposition by Defendants, or a transferee, or both, of the asset transferred or of other property; (c) their reasonable and necessary attorney fees and court costs; (d) that a constructive trust be imposed the assets fraudulently transferred; and or (e) after obtaining a judgment against Defendants for their violations, Plaintiff asks that he be authorized to levy execution on any assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require.

**Count 2: Fraud**

21. The elements of a fraud claim are (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

22. Defendants' misrepresentations of the value of the Property and Choudhri's efforts to hide his ownership of, or financial interests in, the Property constitutes a fraudulent omission. It further hinders Plaintiffs from collecting on debts owed by Choudhri. It is therefore a knowing misrepresentation to the public constituting fraud.

**Count 3: Alter Ego (Choudhri and PBAC)**

23. PBAC is Choudhri's alter ego. Plaintiff avers that Choudhri uses and has used this

Unofficial Copy Office of Marilyn Burgess District Clerk

corporate fiction for an illegitimate purpose, meaning "actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory." TEX. BUS. ORG. CODE §§ 21.223(a)-(b). *SSP Partners v. Gladstrong Inv. (USA) Corp.*, 275 S.W.3d 444, 451-52 (Tex. 2007). Plaintiffs accordingly allege that PBAC is an alter ego of Choudhri and is, or was being, used to conceal his assets and therefore liable for the full judgment amount.

**Count 4: Conspiracy**

24. Additionally, or alternatively, Defendants are engaged in a conspiracy to unlawfully dissipate assets to avoid the satisfaction of judgments in Plaintiffs' favor. The elements of a civil conspiracy claim are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

25. Defendants collectively engaged in a series of transactions with the overriding objective being to preclude Plaintiffs from satisfying judgments in his favor. The multiple transfers of the Property to dissipate assets and Defendants' efforts to artificially deflate the Property's market value constitute unlawful, but overt, acts which have damaged and continue to damage Plaintiffs in their efforts to collect on debts owed by Choudhri.

**Count 5: Joint Enterprise Liability**

25. Defendants were engaged in a joint enterprise because they had an understanding or common purpose to be carried out by the enterprise, a community of pecuniary interest in that common purpose and an equal right to direct and control the enterprise. Defendants' primary objective was to enrich themselves and prevent Plaintiffs from satisfying judgments in their favor. Defendants also committed one or more torts against Plaintiffs while acting within the scope of the enterprise. Plaintiffs have been damaged as a result.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Count 6: Declaratory Judgment**

26. Pursuant to Section 37 of the Texas Civil Practice and Remedies Code, Plaintiffs requests that this Court declare the following:

a. PBAC's sale of the Property in November 2021 to 7979 Wyoming is a fraudulent transfer made to reduce the value of the Property and was further made to hinder and delay Plaintiff's collection of debts from Choudhri as a judgment creditor;

b. 7979 Wyoming's subsequent transfer of the Property to 7979 Texas is a fraudulent transfer made to hinder and delay Plaintiff's collection of debts from Choudhri as a judgment creditor;

c. 7979 Texas's subsequent transfer of the Property to Kismat is a fraudulent transfer made to hinder and delay Plaintiff's collection of debts from Choudhri as a judgment creditor;

d. Choudhri is currently, and has previously, transferred assets to hinder and delay Plaintiff's collection of debts; and

e. PBAC is or was controlled by, or is otherwise an alter ego, of Defendant Ali Choudhri.

f. Ahmed should be limited to 4,000,000.00 in recovery from any sale of 7979 Fannin Property as this was the sum of his investment in this property.

**Attorneys' Fees**

27. Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees from Defendants based on causes of action pleaded pursuant to TEX. CIV. PRAC. & REM. CODE §§§ 24.012, 31.002(e), and 37.009 as well as under any other applicable statute or contract.

**Conditions Precedent**





Unofficial Copy Office of Marilyn Burgess District Clerk

28. All conditions precedent to Plaintiffs' claims for relief have been performed, have been waived, or have otherwise occurred.

**Exemplary Damages**

29. Under Texas law, a plaintiff suing for fraud may recover exemplary damages. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304 (Tex. 2006). Plaintiff further seeks exemplary damages as a result of the Defendants' actions pursuant to TEX. CIV. PRAC. & REM. CODE §§ 41.003 and § 41.008, which state that in an action in which a claimant seeks recovery of damages, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages.

**Conclusion**

Plaintiffs, Osama Abdullatif, as Judgment Creditor, and PBAC 507, LLC, through Travis Vargo, State Appointed Receiver over Ali Choudhri, individually, pray that they be awarded a judgment against Defendants, jointly and severally, including the specific relief as follows:

a. Actual damages;

b. Economic damages;

c. Consequential damages;

d. Exemplary or enhanced damages as allowed by Texas law;

e. Pre-judgment and post-judgment interest at the maximum allowable rate;

f. Court costs, attorneys' fees, and all reasonable and necessary expenses incurred by Plaintiff in pursuing this action against Defendants;

g. Avoidance of the transfers or obligations to the extent necessary to satisfy Plaintiff's claim(s);

h. An injunction against further disposition by Defendants, or a transferee, or both, of the assets transferred or of other property;

i. A constructive trust be imposed for the assets fraudulently transferred;





Unofficial Copy Office of Marilyn Burgess District Clerk

j. After obtaining a judgment against the Defendants for their violations, Plaintiff asks that he be authorized to levy execution on the assets found to have been fraudulently transferred or their proceeds as well as any other relief the circumstances may require; and

k. All other relief, at law or in equity, to which Plaintiff is or may be justly entitled.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: ______________________

T. Michael Ballases
Texas Bar No. 24036179
ballases@hooverslovacek.com
Colin L. Guy
State Bar No. 24083118
guy@hooverslovacek.com
Christopher J. Kronzer
State Bar No. 24060120
kronzer@hooverslovacek.com
Galleria Tower II
5051 Westheimer Street, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile: 713.977.5395

**ATTORNEYS FOR PLAINTIFFS, OSAMA ABDULLATIF, AS JUDGMENT CREDITOR, AND PBAC 507, LLC, THROUGH TRAVIS VARGO, STATE APPOINTED RECEIVER ALI CHOUDHRI, INDIVIDUALLY**

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tishany Wheeler on behalf of T. Michael Ballases
Bar No. 24036179
wheeler@hooverslovacek.com
Envelope ID: 112975547
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 3/27/2026 4:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tishany Wheeler | | wheeler@hooverslovacek.com | 3/27/2026 3:53:38 PM | SENT |
| Christopher Kronzer | | kronzer@hooverslovacek.com | 3/27/2026 3:53:38 PM | SENT |
| Colin L.Guy | | guy@hooverslovacek.com | 3/27/2026 3:53:38 PM | SENT |
| T. Michael Ballases | | Ballases@hooverslovacek.com | 3/27/2026 3:53:38 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

8/27/2026 5:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119211906
By: Precious Mouton
Filed: 8/27/2026 5:29 PM

CAUSE NO. 2025-75174

| | | |
|---|---|---|
| SAGE CAPITAL INVESTMENTS, LLC, AAMEER LAKHANI, and MAASS INVESTMENTS, LLC, individually and derivatively as limited partners of Kismat Fund, LP, *Plaintiffs,* | § | IN THE DISTRICT COURT OF |
| VS. | § | HARRIS COUNTY, TEXAS |
| KISMAT FUND, LLC ACCESSION CAPITAL, LLC, MERCHANT ENTERPRISES, LLC, MANSOOR AHMED, and MALIK MERCHANT *Defendants,* | § | 165th JUDICIAL DISTRICT |

CAUSE NO. 2026-20754

| | | |
|---|---|---|
| OSAMA ABDULLATIF, PBAC 507 HOLDINGS, LLC and TRAVIS VARGO, State Court appointed receiver, *Plaintiffs*, | § | IN THE DISTRICT COURT OF |
| vs. | § | HARRIS COUNTY, TEXAS |
| ANOSH AHMED, MALIK MERCHANT 7979 FANNIN LLC (Wyoming), 7979 FANNIN LLC (Texas), KISMAT FUND, LP, and its general partner ACCESSION CAPITAL LLC, SUMMIT LENDING 24, LLC and SUMMIT CAPITAL GROUP, LP, *Defendants.* | § | 61st JUDICIAL DISTRICT |

**OSAMA ABDULLATIF AND TRAVIS B. VARGO, IN HIS CAPACITY AS COURT APPOINTED RECEIVER,**
**UNOPPOSED MOTION TO CONSOLIDATE**

Osama Abdullatif and Travis B. Vargo, in his capacity as Court Appointed Receiver ("Movants"), file this Unopposed Motion to Consolidate.

**RELIEF SOUGHT**

Unofficial Copy Office of Marilyn Burgess District Clerk



4919-4253-4598, v. 2

1. Movants respectfully requests for this Court to consolidate this cause with Cause No. 2026-20754, *Osama Abdullatif, as Judgment Creditor, and PBAC 507, LLC, through Travis Vargo, State Appointed Receiver v. Anosh Ahmed, Malik Merchant, 7979 Fannin LLC [Wyoming], 7979 Fannin LLC [Texas], Kismat Fund, LP, its general partner, Accession Capital LLC, Summit Lending 24, LLC, and Summit Capital Group, LP*, pending in the 61st Judicial District Court of Harris County, Texas. The end result will be that Cause No. 2026-20754 will be subsumed within and into this cause, Cause No. 2025-75174.

**GROUNDS FOR CONSOLIDATION**

2. Texas Rule of Civil Procedure 174(a) authorizes consolidation of actions involving common questions of law or fact— both of which exist here in these two lawsuits.

3. Here, the two lawsuits arise out of the same underlying transactions and involve substantially overlapping parties, witnesses, documents, and issues.[1] Specifically, both lawsuits concern:

a. the ownership, encumbrance, transfers, and disposition of the real property located at 7979 Fannin Street, Houston, Harris County, Texas (the "Property");

b. the validity and enforceability of the loan documents, transfers, consideration, and deeds of trust, related to the Property;

c. the conduct of Defendant Malik Merchant (and other related parties) in connection with those transactions and transfers; and

d. competing claims concerning the parties' respective rights and interests in the Property.

Consolidation will avoid unnecessary duplication of discovery, conserve judicial resources, reduce litigation costs, and eliminate the risk of inconsistent rulings regarding the validity, priority, and enforceability of Summit's liens and the parties' respective rights in the subject

[1] Attached as Exhibit A is the live Petition in Cause No. 2026-20754, which is the matter Movant seeks to consolidate into this lawsuit.

Unofficial Copy Office of Marilyn Burgess District Clerk

property. Movants are particularly concerned about conflicting rulings from different courts if the cases are not consolidated and the delay that would accompany those conflicting rulings given some of the party's propensity to file baseless litigation. The safest and most practical approach for the parties, Property, Harris County taxpayers, and Court is consolidation.

4. This motion is unopposed by all counsel. Counsel for all parties have conferred and are unopposed to the requested consolidation.

**CONCLUSION**

Movants, Osama Abdullatif and Travis B. Vargo, in his capacity as Court Appointed Receiver, respectfully requests that the Court enter an Order consolidating Cause No. 2026-20754, *Osama Abdullatif, as Judgment Creditor, and PBAC 507, LLC, through Travis Vargo, State Appointed Receiver v. Anosh Ahmed, Malik Merchant, 7979 Fannin LLC [Wyoming], 7979 Fannin LLC [Texas], Kismat Fund, LP, its general partner, Accession Capital LLC, Summit Lending 24, LLC, and Summit Capital Group, LP*, pending in the 61st Judicial District Court of Harris County, Texas, with and into this Cause, for all purposes, together with such other and further relief to which Movants may be justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: ______________________________

T. Michael Ballases
Texas Bar No. 240436179
ballases@hooverslovacek.com
Colin L. Guy
State Bar No. 24083118
guy@hooverslovacek.com
Christopher J. Kronzer
State Bar No. 24060120
kronzer@hooverslovacek.com
Galleria Tower II
5051 Westheimer Street, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile: 713.977.5395

**ATTORNEYS FOR OSAMA ABDULLATIF, AS JUDGMENT CREDITOR, AND PBAC 507, LLC, THROUGH TRAVIS VARGO, STATE APPOINTED RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for all parties regarding the relief requested in this Motion, and the Motion is unopposed.

______________________________
T. Michale Ballases

## CERTIFICATE OF SERVICE

I hereby certify compliance with Tex. R. Civ. P. 21. A true and correct copy of the foregoing instrument has been served on all persons, by electronic transmission to the electronic mail address on file with the electronic filing manager. Rule 21a(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument by electronic-mail as required by Rules 21a(1) and (2) or as stated below. Service was made on all parties, on this the 27th day of August 2026.

***Via: E-File Service***
Kevin M. Madden
Law Offices of Kevin Michael Madden, P.L.L.C.
16310 State Highway 249, Unit 1304
Houston, Texas 77064
kmm@kmaddenlaw.com
Telephone: (281) 888-9681
**ATTORNEY FOR SUMMIT LENDING 24, LLC**

***Via: E-File Service***
Steven D. Grossman
Sheiness Glover & Grossman, L.L.P.
4544 Post Oak Place Drive
Houston, Texas 77027
Telephone: (713) 374-7015
sgrossman@hou-law.com
**ATTORNEYS FOR KISMAT FUND LLC, KISMAT FUND, L.P., ACCESSION CAPITAL, LLC, MERCHANT ENTERPRISES, LLC, AND MALIK MERCHANT**

***Via: E-File Service***
Robert R. Burford
Burford Perry, LLP
909 Fannin St., Suite 2630
Houston, Texas 77010
Telephone: (713) 401-9790 / Facsimile: (713) 993-7739
rburford@burfordperry.com
**ATTORNEY FOR SAGE CAPITAL INVESTMENTS, LLC, AAMEER LAKHANI, AND MAASS INVESTMENTS, LLC**

***Via: E-File Service***
Allison H. Gabbert
The Gabbert Law Firm
11511 Katy Freeway, Suite 610
Houston, Texas 77079
Telephone: (832) 512-9684
allison@thegabbertlawfirm.com
**ATTORNEY FOR MANSOOR AHMED**

T. Michael Ballases

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tishany Wheeler on behalf of T. Michael Ballases
Bar No. 24036179
wheeler@hooverslovacek.com
Envelope ID: 119211906
Filing Code Description: Motion (No Fee)
Filing Description: Osama Abdullatif and Travis B. Vargo, in his Capacity as Court Appointed Receiver, Unopposed Motion to Consolidate
Status as of 8/29/2026 9:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert R.Burford | 3371700 | rburford@burfordperry.com | 8/27/2026 5:29:58 PM | SENT |
| Brent C.Perry | 15799650 | bperry@burfordperry.com | 8/27/2026 5:29:58 PM | SENT |
| Allison H.Gabbert | 795357 | allison@thegabbertlawfirm.com | 8/27/2026 5:29:58 PM | SENT |
| Elizabeth Walls | | liz@thegabbertlawfirm.com | 8/27/2026 5:29:58 PM | SENT |
| Burford Perry Service | | service@burfordperry.com | 8/27/2026 5:29:58 PM | SENT |
| Karen Bowden | | kbowden@hou-law.com | 8/27/2026 5:29:58 PM | SENT |
| CKay Schwamkrug | | ckay@hou-law.com | 8/27/2026 5:29:58 PM | SENT |
| Steven Grossman | 8547800 | sgrossman@hou-law.com | 8/27/2026 5:29:58 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

8/28/2026 11:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119238917
By: Precious Mouton
Filed: 8/28/2026 11:40 AM

**CAUSE NO. 2025-75174**

| | | |
|---|---|---|
| **SAGE CAPITAL INVESTMENTS, LLC, AAMEER LAKHANI, and MAASS INVESTMENTS, LLC, individually and derivatively as limited partners of Kismat Fund, L.P.** ***Plaintiffs,*** | § | **IN THE DISTRICT COURT OF** |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| **KISMAT FUND, LLC ACCESSION CAPITAL, LLC, MERCHANT ENTERPRISES, LLC, MANSOOR AHMED, and MALIK MERCHANT** ***Defendants.*** | § | **165TH JUDICIAL DISTRICT** |

**NOTICE OF SUBMISSION ON UNOPPOSED MOTION TO CONSOLIDATE**

PLEASE TAKE NOTICE that Movants Unopposed Motion to Consolidate, filed August 27, 2026, has been set for submission, without oral hearing, on **Monday, September 7, 2026 at 8:00 a.m.,** before the 165th Judicial District Court of Harris County, Texas.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: *_/s/ Michael Ballases_*

T. Michael Ballases
Texas Bar No. 240436179
ballases@hooverslovacek.com
Colin L. Guy
State Bar No. 24083118
guy@hooverslovacek.com
Christopher J. Kronzer
State Bar No. 24060120
kronzer@hooverslovacek.com
Galleria Tower II
5051 Westheimer Street, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile: 713.977.5395

Unofficial Copy Office of Marilyn Burgess District Clerk

**ATTORNEYS FOR OSAMA ABDULLATIF, AS JUDGMENT CREDITOR, AND PBAC 507, LLC, THROUGH TRAVIS VARGO, STATE APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I hereby certify compliance with Tex. R. Civ. P. 21. A true and correct copy of the foregoing instrument has been served on all persons, by electronic transmission to the electronic mail address on file with the electronic filing manager. Rule 21a(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument by electronic-mail as required by Rules 21a(1) and (2) or as stated below. Service was made on all parties, on this the 28th day of August 2026.

***Via: E-File Service***
Kevin M. Madden
Law Offices of Kevin Michael Madden, P.L.L.C.
16310 State Highway 249, Unit 1304
Houston, Texas 77064
kmm@kmaddenlaw.com
**ATTORNEY FOR SUMMIT LENDING 24, LLC**

***Via: E-File Service***
Steven D. Grossman
Sheiness Glover & Grossman, L.L.P.
4544 Post Oak Place Drive
Houston, Texas 77027
sgrossman@hou-law.com
**ATTORNEYS FOR KISMAT FUND LLC, KISMAT FUND, L.P., ACCESSION CAPITAL, LLC, MERCHANT ENTERPRISES, LLC, AND MALIK MERCHANT**

***Via: E-File Service***
Robert R. Burford
Burford Perry, LLP
909 Fannin St., Suite 2630
Houston, Texas 77010
rburford@burfordperry.com
**ATTORNEY FOR SAGE CAPITAL INVESTMENTS, LLC, AAMEER LAKHANI, AND MAASS INVESTMENTS, LLC**

Unofficial Copy Office of Marilyn Burgess District Clerk

***<u>Via: E-File Service</u>***
Allison H. Gabbert
The Gabbert Law Firm
11511 Katy Freeway, Suite 610
Houston, Texas 77079
allison@thegabbertlawfirm.com
**ATTORNEY FOR MANSOOR AHMED**

*/s/ Michael Ballases*
T. Michael Ballases

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tishany Wheeler on behalf of T. Michael Ballases
Bar No. 24036179
wheeler@hooverslovacek.com
Envelope ID: 119238917
Filing Code Description: Notice
Filing Description: Notice of Submission on Unopposed Motion to Consolidate
Status as of 8/29/2026 10:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert R.Burford | 3371700 | rburford@burfordperry.com | 8/28/2026 11:40:05 AM | SENT |
| Brent C.Perry | 15799650 | bperry@burfordperry.com | 8/28/2026 11:40:05 AM | SENT |
| Allison H.Gabbert | 795357 | allison@thegabbertlawfirm.com | 8/28/2026 11:40:05 AM | SENT |
| Elizabeth Walls | | liz@thegabbertlawfirm.com | 8/28/2026 11:40:05 AM | SENT |
| Burford Perry Service | | service@burfordperry.com | 8/28/2026 11:40:05 AM | SENT |
| Karen Bowden | | kbowden@hou-law.com | 8/28/2026 11:40:05 AM | SENT |
| CKay Schwamkrug | | ckay@hou-law.com | 8/28/2026 11:40:05 AM | SENT |
| Steven Grossman | 8547800 | sgrossman@hou-law.com | 8/28/2026 11:40:05 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk