Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT 2

Ballases emails (June 29, 2016); Hoover Slovacek Waiver of Conflict Letter, executed; Answer for Renee Davy against Jetall Companies, Inc., No. 2017-10832 (Mar. 20, 2017)

Ali @ Jetall <ali@jetallcompanies.com>

# Waiver letter for signature

1 message

**Michael Ballases** <ballases@hooverslovacek.com> Wed, Jun 29, 2016 at 5:44 PM
To: "Ali @ Jetall" <ali@jetallcompanies.com>, Renee Davy <renee@davyoakumbhhs.com>
Cc: Shayna Sanborn <Sanborn@hooverslovacek.com>

Unofficial Copy Office of Marilyn Burgess District Clerk

Ali and Renee:

It has come to my attention that this firm previously represented Jetall Companies in a prior matter in the 2010 to 2011 timeframe. Presently, Jetall and Renee have a mutual interest regarding the acquisition of the Heil judgment and Declaration Title, however it is possible a conflict between you two could arise. As a result, and in an abundance of caution, I am sending this waiver of conflict letter to both of you for signature. **Please review the attached letter and if you agree to the statements made therein, then sign it and return it to me via email to this email address**. If you do not agree to the statements in the letter and do not agree to waive this potential conflict then please let me know and I shall be forced to cease representation as to this specific legal matter. Once the letter is signed, I will be happy to arrange for a meeting between you two at Jetall Companies' offices during regular business hours. Let me know. Thanks.

**Michael Ballases**
Partner

HooverSlovacek LLP
Attorneys at Law

Galleria Tower II

5051 Westheimer, Suite 1200

Houston, Texas 77056

Office: 713-977-8686

Fax: 713-977-5395

www.hooverslovacek.com

Unofficial Copy Office of Marilyn Burgess District Clerk

---

**Waiver of potential conflict letter (to be signed by Ali Choudhri and Renee Davy).pdf**
508K

JETALL

Ali @ Jetall <ali@jetallcompanies.com>

# RE: Declaration

1 message

**Michael Ballases** <ballases@hooverslovacek.com>
To: "Ali @ Jetall" <ali@jetallcompanies.com>

Wed, Jun 29, 2016 at 3:32 PM

Good deal. Please send me a countersigned agreement. Thanks.

**Michael Ballases**

**Partner**

HooverSlovacek LLP
Attorneys at Law

**Galleria Tower II**

**5051 Westheimer, Suite 1200**

**Houston, Texas 77056**

**Office: 713-977-8686**

**Fax: 713-977-5395**

**www.hooverslovacek.com**

---

**From:** Ali @ Jetall [mailto:ali@jetallcompanies.com]
**Sent:** Wednesday, June 29, 2016 3:25 PM
**To:** Renee Oakum <renee@davyoakumbhhs.com>
**Cc:** Michael Ballases <ballases@hooverslovacek.com>
**Subject:** Re: Declaration

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

Ok thanks. Accepted

Ali Jetall

Jetall Companies

2500 West Loop South Suite 255

Houston, Texas 77027

713-789-7654 telephone

713-789-3331 facsimile

281-630-6627 mobile

Ali@jetallcompanies.com

On Jun 29, 2016, at 2:34 PM, Renee Oakum <renee@davyoakumbhhs.com> wrote:

> Just sent - yes he does - thanks Ali
>
> Renee Davy
>
> 713.456.9861
>
> Sent from my iPhone
>
> On Jun 29, 2016, at 2:20 PM, Ali @ Jetall <ali@jetallcompanies.com> wrote:
>
>> Please confirm that Michael Ballases has full authority to sign on behalf of Rene
>>
>> Thanks
>>
>> Ali Jetall
>>
>> Jetall Companies
>>
>> 2500 West Loop South Suite 255
>>
>> Houston, Texas 77027
>>
>> 713-789-7654 telephone

713-789-3331 facsimile

281-630-6627 mobile

Ali@jetallcompanies.com

On Jun 29, 2016, at 2:17 PM, Renee Oakum <renee@davyoakumbhhs.com> wrote:

Thank you for signing on my behalf.

Ali feel free to touch base anytime I am available

Renee Davy

713.456.9861

Sent from my iPhone

On Jun 29, 2016, at 2:13 PM, Michael Ballases <ballases@hooverslovacek.com> wrote:

I made a slight change in the fifth paragraph but it keeps with our agreement.

**Michael Ballases**
**Partner**

<image001.jpg>

**Galleria Tower II**

**5051 Westheimer, Suite 1200**

**Houston, Texas 77056**

**Office: 713-977-8686**

**Fax: 713-977-5395**

**www.hooverslovacek.com**

Unofficial Copy Office of Marilyn Burgess District Clerk

24-51195-mmp Doc#376-125 Filed 10/30/26 Entered 10/30/26 22:09:55 Exhibit 34-2 Pg 7 of 15

<Ali-Renee agreement dated 6-29-16.pdf>

Unofficial Copy Office of Marilyn Burgess District Clerk

**HOOVER SLOVACEK LLP**
A REGISTERED LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
GALLERIA TOWER II
5051 WESTHEIMER, SUITE 1200
HOUSTON, TEXAS 77056
(713) 977-8686
FAX (713) 977-5395

T. Michael Ballases
PARTNER

ballases@hooverslovacek.com

REPLY TO:
P.O. BOX 4547
HOUSTON, TEXAS 77210

Unofficial Copy Office of Marilyn Burgess District Clerk

June 29, 2016

***Via Email***
Ali Choudri
Jetall Companies
2500 West Loop South, Suite 255
Houston, Texas 77027

***Via Email***
Renee Davy
11911 Taylorcrest
Houston, Texas 77024

Re: Waiver of Conflict Letter by Hoover Slovacek LLP

Dear Mr. Choudhri and Ms. Davy:

I understand that a potential mutually beneficial business transaction between Jetall Companies and Ms. Davy has arisen. Presently, this firm represents Renee Davy in various legal matters. In or around 2010, this firm (not me specifically) previously represented Jetall Companies in a separate and distinct legal matter. This firm's representation of Jetall Companies ended in or about late 2011 or early 2012. Although this could present a potential conflict of interest situation, it is my understanding that an adversarial relationship between Jetall Companies and Ms. Davy does not now exist but that, if one develops through this matter, you understand that we would have to withdraw from our representation with respect to this particular matter.

Please execute this letter where indicated below representing that: (i) you consent to this firm's representation of Renee Davy in this matter; (ii) you waive any existing or potential conflict of interest based upon our prior representation of Jetall Companies and current representation of Renee Davy; and (iii), if at any time upon either of you requests or at our request, anyone feels uncomfortable with respect to our representation of Renee Davy in this matter, we will withdraw from our representation in this matter and cease representing Renee Davy with respect to this particular matter.

If the terms of this letter are acceptable to you, please sign this letter below and return this letter to me via fax or email. If either of you have any questions or concerns, please contact me.

Sincerely,

**HOOVER SLOVACEK LLP**

T. Michael Ballases

## AGREED AS TO WAIVER OF CONFLICT:

**JETALL COMPANIES**, Inc

By: Ali Choudhri
Title: President
Date: 6.29.16
6:21pm

**RENEE DAVY**

By: Renee Davy
Date:

Unofficial Copy Office of Marilyn Burgess District Clerk

3/20/2017 11:21:15 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 15946208
By: LUGO, BONNIE
Filed: 3/20/2017 11:21:15 AM

CAUSE NO. 2017-10832

| | | |
|---|---|---|
| JETALL COMPANIES, INC. AND DECLARATION TITLE COMPANY, LLC, Plaintiffs, | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| ALAN B. DAUGHTEY, ATTORNEY AT LAW, RICHARD HEIL, TODD OAKUM AND RENEE DAVY F/K/A RENEE OAKUM, Defendants. | § § § § § | 152nd JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

Renee Davy ("Defendant") files this Original Answer.

## General denial

1. Subject to any stipulations and admissions as may hereafter be made, Defendant asserts a general denial to the material allegations contained in Plaintiffs' live petition, as authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully demands that Plaintiffs be required to prove its allegations by a preponderance of the credible evidence in accordance with the Constitution and Laws of the State of Texas.

## Affirmative defenses and other pleadings

2. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant denies the existence, formation and acceptance of any contract between her and Jetall Companies, Inc. ("Jetall"), because both Defendant and Jetall revoked and rejected each others' offers.

3. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that at no time did she contract with Jetall no privity of contract existed between Defendant and Jetall, and no contractual duties were owed to Jetall by Defendant at any time.

Unofficial Copy Office of Marilyn Burgess District Clerk

4. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that it is not liable because the purported contract was not accepted, was in fact rejected, nor timely executed.

5. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that she is not liable, because the purported contract upon which Jetall's claim is founded in whole or in part, is without consideration, or that the consideration of same failed in whole or in part.

6. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that it is not liable, because Jetall committed the first material breach of any purported contract.

7. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that it is not liable, because Jetall repudiated the purported contact, without just excuse, indicating by unconditional words or actions that it would not perform its contractual obligations.

8. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts the affirmative defense of justification and excuse.

9. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts the affirmative defense of waiver.

10. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts the affirmative defense of estoppel.

11. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall's claims are barred pursuant to and by the affirmative defense of the doctrine of "unclean hands".

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

12. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall's claims are barred pursuant to and by the affirmative defense of the doctrine of laches.

13. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall's claims are barred pursuant to and by the affirmative defense of the economic loss doctrine.

14. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall's claims are barred pursuant to and by the affirmative defense of impossibility.

15. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall is without standing to sue Defendant as Declaration Title Company, LLC, because Jetall is not the owner thereof.

16. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall's claims are barred pursuant to and by the affirmative defense of duress.

17. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Plaintiffs failed to satisfy all conditions precedent to filing suit.

18. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Jetall failed to mitigate damages.

19. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that she is entitled to an offset.

20. In addition to, or in the alternative, and without waiving any of the foregoing, Defendant asserts that Plaintiffs' claim for exemplary damages or punitive damages are barred because such claims are arbitrary, unreasonable, and excessive in violation of Defendant's rights to

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

due process of law and equal protection under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article I, Sections 13 and 19 of the Texas Constitution. Further, due process requires that punitive damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution (or in the alternative, should be proved by clear and convincing standard of proof). Additionally, punitive damages under Texas law constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution.

21. In addition to, or in the alternative, and without waiving any of the foregoing, to the extent Plaintiffs seek a recovery of exemplary damages, Defendant asserts the provisions and limitations set forth in Chapter 41 of the Texas Civil Practice and Remedies Code including but not limited to the statutory requirement that exemplary damages may be awarded only if Plaintiffs prove entitlement to exemplary damages by clear and convincing evidence.

**Designation of experts**

22. Defendant designates the under signed attorneys as its experts to testify as to reasonable and necessary attorneys' fees incurred by Defendant as well as any other party, in this cause, seeking an award of attorneys' fees for the preparation, discovery, and trial of this lawsuit. Defendant further designates any other legal counsel associated with Hoover Slovacek LLP, who may be handling this suit at the time of trial, as its expert on the issue of reasonable and necessary attorneys' fees in this lawsuit.

**Requests for disclosure**

23. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose, within thirty (30) days of service of this request, the information described in Rule 194.2, including all materials noted in Rule 190.2(b)(6).

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

## Conclusion

Defendant respectfully requests that the Court enter judgment that Plaintiffs take nothing by reason of its suit, and that the Court award Defendant judgment against Jetall Companies, Inc. for her attorneys' fees, costs of court, and pre- and post-judgment interest, and all such other and further relief, general or special, at law or in equity, to which Defendant may show herself justly entitled to receive.

Respectfully submitted,

**HOOVER SLOVACEK LLP**

By: ______________________________

Paul A. Pilibosian
State Bar No. 24007846
Pilibosian@hooverslovacek.com
T. Michael Ballases
State Bar No. 24036179
Ballases@hooverslovacek.com
5051 Westheimer Rd., Suite 1200
Houston, Texas 77056
Telephone: 713-977-8686
Facsimile: 713-977-5395

**ATTORNEYS FOR DEFENDANT, RENEE DAVY**

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk

## CERTIFICATE OF SERVICE

I do hereby certify compliance with Tex. R. Civ. P. 21. A true and correct copy of the foregoing instrument has been served on all counsel, by electronic transmission to the electronic mail address on file with the electronic filing manager. Rule 21a(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument by electronic-mail as required by Rules 21a(1) and (2). Service was made on all parties, as provided, on this the 20th day of March 2017.

***Via E-Service***
Lance Christopher Kassab
lck@texaslegalmalpractice.com
David Eric Kassab
dek@texaslegalmalpractice.com
1420 Alabama
Houston, Texas 77004

Paul A. Pilibosian

Unofficial Copy Office of Marilyn Burgess District Clerk
Unofficial Copy Office of Marilyn Burgess District Clerk