# EXHIBIT 15

Agreed Confidentiality Order, Cause No. 2012-27197 (June 11, 2012)

Unofficial Copy Office of Marilyn Burgess District Clerk

P13

CAUSE NO. 2012-27197

Aprx Cipro

| | | |
|---|---|---|
| MOKRAM LATIFF WEST LOOP, LTD | § | IN THE 190TH |
| PLAINTIFF | § | |
| | § | JUDICIAL DISTRICT COURT OF VS. |
| | § | |
| | § | |
| ALI CHOUDHRI AND ANGEL VALLE | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |
| | § | |
| OSAMA ABDULLATIFF | § | |
| CROSS-DEFENDANT | § | |
| | § | |

FILED
Chris Daniel
District Clerk
JUN 11 2012
Time: ______
Harris County, Texas
By ______
Deputy

Unofficial Copy Office of Chris Daniel District Clerk

## AGREED CONFIDENTIALITY ORDER

This matter has come before the Court on the Parties' Agreed Confidentiality Order. Having considered the Motion and under the authority of Rule 192.6 of the Texas Rules of Civil Procedure, it is hereby ORDERED as follows:

1. **Scope**. This Confidentiality Order shall govern the disclosure and use of information designated as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof. It includes the procedures for challenging designations of confidentiality. This Order shall also govern the post-trial disposition of all materials produced or disclosed by the Parties during the course of this litigation. The Court intends that the disclosure of "CONFIDENTIAL INFORMATION" through discovery should not lead to the dissemination or use of such information for any purpose other than the litigation of this action or any related litigation between the Parties or for any legitimate investigation by a governmental agency making an investigation. This Agreed Order shall apply to all information, documents and things subject to

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

discovery under the Texas Rules of Civil Procedure from any party to this action including, but not limited to, deposition testimony, testimony upon written questions, answers to interrogatories, answers to requests for admission and documents produced in response to document requests or otherwise.

2. **Designation of Information**. Information produced in discovery may be designated "CONFIDENTIAL INFORMATION" by marking it as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or by clearly identifying it using a similar designation. With respect to answers (including supplemental or amended answers) to interrogatories or answers to requests for admission, such designation shall be made at the time the answers or amended answers are served. With respect to documents, such designation shall be made at the time, following inspection, that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed. With respect to a deposition transcript, a party shall serve opposing counsel with a written designation by page and line of the parts of the deposition to be treated as "CONFIDENTIAL INFORMATION" within thirty (30) days after receipt of the final "original" transcript. To facilitate this procedure, all depositions shall be treated in their entirety as "CONFIDENTIAL INFORMATION" for thirty (30) days after receipt of a full and complete transcript. Alternatively, information disclosed at a deposition may be designated by any party as "CONFIDENTIAL INFORMATION" by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Agreed Order. The portions of deposition testimony designated as containing "CONFIDENTIAL INFORMATION" shall be stamped by the court reporter "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and access thereto shall be limited as provided herein.

Unofficial Copy Office of Chris Daniel District Clerk

3. **Retroactive Designation**. Documents previously produced before the entry of this Order shall be retroactively designated as "CONFIDENTIAL INFORMATION" and subject to this Protective Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Any retroactively designated document or information will only be subject to protection or penalty following the designation. The non-designating party is not bound by the provisions of this Order until a document is properly designated and adequate notice of the designation given to the non-designating party.

4. **"CONFIDENTIAL INFORMATION" Defined**. A Party designating information as "CONFIDENTIAL INFORMATION" may make such designation only as to information which it believes in good faith is privileged subject to a recognized privilege under the Texas Rule of Evidence, confidential financial, propriety financial information or trade secrets which are entitled to protection. For the purposes of this Agreed Order, "CONFIDENTIAL INFORMATION" means information of any type, kind or character which is privileged under the Texas Rules of Evidence or designated as "CONFIDENTIAL INFORMATION" concerning confidential financial, propriety financial information or trade secrets which are entitled to protection in the manner provided herein and none other. The Party making the designation shall attempt to designate "CONFIDENTIAL INFORMATION" in the least restrictive manner possible and will only designate materials or information that in good faith qualifies as privileged or constitutes confidential financial, propriety financial information or trade secrets which are entitled to protection. For instance, if the only information deemed confidential is social security numbers, then the Parties can agree to redact the social security number from the document or other information and then the remainder of the document or information shall not be further deemed confidential.

Unofficial Copy Office of Chris Daniel District Clerk



HOU:3124855.2

5. **Restrictions on Disclosure**. All "CONFIDENTIAL INFORMATION" produced or disclosed in this litigation shall be subject to the following restrictions:

(a) such documents, information and things shall be used only for the purpose of this litigation or any related litigation between the Parties and not for any other litigation, business or other purpose whatsoever;

(b) such documents, information and things shall not be shown or communicated in any way inconsistent with this Agreed Order or to anyone other than "Qualified Persons," which persons receiving "CONFIDENTIAL INFORMATION" shall not make further disclosure to anyone except as allowed by this Agreed Order; and

(c) nothing in this Order shall be construed to limit in any way the right of the producing party to use its own "CONFIDENTIAL INFORMATION" for any purpose or to limit any party in using documents or information to which it has access by other legitimate means. If a Party designating documents or information as "CONFIDENTIAL INFORMATION" uses said documents or information in a manner inconsistent with this Agreed Order or in a manner that indicates the designating Party is waiving the "CONFIDENTIAL INFORMATION" designation, then this Order shall no longer apply to that particular information or document only. Non-designating Parties to this suit may use documents or information that have had the "CONFIDENTIAL INFORMATION" designation waived or withdrawn as they would any other document or information otherwise obtained. If multiple Parties have designated documents or information as "CONFIDENTIAL INFORMATION," then the documents or information shall remain subject to this Order until all designating Parties have waived or withdrawn the "CONFIDENTIAL INFORMATION" designation. However, to the extent any such

Unofficial Copy Office of Chris Daniel District Clerk

designated document or information is determined by the Court to be privileged, the provisions of this Agreed Order apply no matter which party possesses or has access to said information.

(d) nothing in this Order shall be construed to limit in any way the right of a non-producing or non-designating party to obtain by other means documents or information designated as "CONFIDENTIAL INFORMATION" by a Party and/or to use for any purpose the documents or information to which it has access to by other legitimate means. Said documents or information obtained from other than the Parties to this suit shall not be subject to this Order unless by agreement of the Parties pursuant to a Rule 11 agreement.

6. **Qualified Persons**. "Qualified Persons" means:

(a) the judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

(b) counsel for the Parties and employees of such counsel, whose access to "CONFIDENTIAL INFORMATION" is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

(c) third Parties retained by counsel for a party or by a party as consulting experts or expert witnesses for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

(d) third-party contractors or employees of third-party contractors involved,

Unofficial Copy Office of Marilyn Burgess District Clerk

with respect to this case, solely in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving documents or information at the direction of counsel for a party or the employees of such counsel;

(e) any present employee or officer of a named party to this litigation whose access to "CONFIDENTIAL INFORMATION" is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

(f) any insurer whose access to "CONFIDENTIAL INFORMATION" is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

(g) any actual or prospective witness in this litigation, except that such a person may only be shown a matter designated "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" during, or in preparation for his or her actual or prospective testimony, and only to the extent necessary for such preparation or testimony; and

(h) any other person who is designated as a Qualified Person by written authorization of the party that designated the information as "CONFIDENTIAL INFORMATION," or by Order of this Court after notice to all Parties and opportunity to be heard.

7. **Author, Recipient or Other Persons**. The terms of this Agreed Order shall not prohibit the disclosure by any party of "CONFIDENTIAL INFORMATION" to the author or sender or recipient of the document or a party to any agreement, including the recipient of copies of the document. If "CONFIDENTIAL INFORMATION" is shown to any person other than the author, party or recipient, that person may not retain the document or a copy of the document.

Unofficial Copy Office of Chris Daniel District Clerk

8. **Disclosure to Employees of the Designating Party**. The terms of this Agreed Order shall not prohibit disclosure by any party of the designating party's "CONFIDENTIAL INFORMATION" to any employee of the designating party.

9. **Attendance at Depositions**. At the request of any party, attendance at depositions may be restricted to Qualified Persons and the attorneys for the deponent during the disclosure of "CONFIDENTIAL INFORMATION."

10. **Deposition Exhibits**. "CONFIDENTIAL INFORMATION" shall not lose its "CONFIDENTIAL INFORMATION" character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "CONFIDENTIAL INFORMATION."

11. **Incorporation of "CONFIDENTIAL INFORMATION" in Other Documents**. Any document including, but not limited to, an exhibit which embodies or incorporates "CONFIDENTIAL INFORMATION" shall be designated by the party producing such document as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER." However, only that portion of the document which contains the "CONFIDENTIAL INFORMATION" shall be subject to this Order. This Order is not intended to shield documents, information or portion of documents that does not qualify as "CONFIDENTIAL INFORMATION" as herein defined.

12. **Filing and Use of "CONFIDENTIAL INFORMATION."** Before any party files "CONFIDENTIAL INFORMATION" with the Court, such party shall give to the other party at least five (5) business days written notice so as to give the other party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court, unless the circumstances do not permit such notice. In addition, nothing in this Order shall prohibit or restrict a party from presenting, using or referring to "CONFIDENTIAL INFORMATION" in the form of testimony

Unofficial Copy Office of Chris Daniel District Clerk

or documents as part of any pretrial hearing or other proceeding conducted by this Court as long as that party notifies the designating party a sufficient period of time prior to offering such information to permit the designating party to ask the Court to make arrangements to ensure (a) that only Qualified Persons are present when "CONFIDENTIAL INFORMATION" is disclosed and (b) that hearing transcripts or exhibits are appropriately designated as containing "CONFIDENTIAL INFORMATION" and (c) the party seeking to preserve the confidentiality of the document or information timely pursues a permanent sealing order pursuant to Rule 76a or other applicable procedure. If a sealing order is denied by the Court, then the documents or information shall no longer be deemed "CONFIDENTIAL INFORMATION" and the provisions of this Order shall no longer apply.

13. **Preservation of Certain Rights**. Neither the terms of this Agreed Order nor any action taken pursuant to this Agreed Order shall prejudice the right of any party to urge or contest the relevancy, admissibility or discoverability of any documents, information or things subject to this Agreed Order. Likewise, the terms of this Agreed Order shall not prejudice the right of any party to use such documents or information at any trial or summary or pretrial disposition of this matter.

14. **Inspection of Documents**. Inspection of documents produced in response to a document request and prior to the designation of specific documents for copying shall be conducted on behalf of the requesting party only by Qualified Persons who shall treat any information in these documents as "CONFIDENTIAL INFORMATION" until the producing party has made its designation of "CONFIDENTIAL INFORMATION" in accordance with the terms of this Agreed Order.

Unofficial Copy Office of Chris Daniel District Clerk

15. **Subpoenas**. If "CONFIDENTIAL INFORMATION" in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body or any other person not a party to this action, the party to whom the subpoena is directed shall immediately notify in writing counsel for the designating party. The responsibility for attempting to prevent the disclosure or production of such "CONFIDENTIAL INFORMATION" shall otherwise rest exclusively with the party who so designated the information. This Order will not operate in any manner to obstruct or delay any state, federal or law enforcement investigation.

16. **Challenging Designations**. If after being furnished any information, documents or things designated as "CONFIDENTIAL INFORMATION" a party wishes to challenge the claim of confidentiality, the objecting party shall serve written notice thereof to the designating party, identifying with specificity the information, documents or things that the objecting party contends ought not be designated as confidential subject to sealing under Rule 76a. The designating party shall have at least ~~fifteen (15)~~ ten (10) days within which to serve a written response. If counsel for the challenging and designating Parties, after conferring in person, are unable to resolve the dispute by agreement, the designating party shall file a motion for protective order. If a motion for protective order is filed, the information, documents or things in dispute shall remain "CONFIDENTIAL INFORMATION" until the Court has ruled on the motion for protective order. The designating party/movant must comply with all pre-requisites for sealing documents including Rule 76a of the Texas Rules of Civil Procedure.

17. **Modifications of this Agreed Order**. Any of the Parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Order.

18. **Ongoing Effect of this Order**. This Order shall apply to all Parties including any who are added after the signing of this Order and this Order shall remain in effect after the

Unofficial Copy Office of Marilyn Burgess District Clerk

conclusion of this litigation. Within ninety (90) days after the conclusion of this litigation (including any appeal from any judgment), and subject to further order of this Court or written stipulation of the Parties, each Party shall return to the designating party or destroy all documents, exhibits, deposition transcripts and copies thereof containing material designated by the opposing party as "CONFIDENTIAL INFORMATION." This includes all notes, memoranda, summaries, or other documents in the possession, custody or control of any party and any entity or other person who had access to such information (but does not include pleadings, attorney notes, memoranda, summaries or other outside counsel attorney work product) incorporating the "CONFIDENTIAL INFORMATION" which that party received pursuant to this Agreed Order.

19. **Trial**. The Court will prescribe any procedures it deems reasonable and necessary with respect to "CONFIDENTIAL INFORMATION" for the trial of this case. For any document or information to be sealed, the movant must comply with all procedural requirements for sealing information including compliance with Rule 76a. This Order is not to restrict or hamper the admissibility of any otherwise admissible evidence.

20. **Acknowledgments**. Each person described in subparagraph 6(d) hereof and each witness described in subparagraphs 5(c) and 5(g) who are shown "CONFIDENTIAL INFORMATION" shall, prior to receiving such disclosure, execute a written statement in the form attached hereto as Exhibit "A."

SIGNED on this the 11 day of June, 2012.

JUN 11 2012

JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

AGREED AS TO FORM:

By: ______________________________

Rodney Drinnon
State Bar No. 24047841
4544 Post Oak Place Dr. Suite 350
Houston, Texas 77002
Tel.(832) 213-4842
Fax (832) 533-8689
ATTORNEY FOR PLAINTIFF

THE KELLEY LAW FIRM

By: ______________________________

Lloyd E. Kelley
State Bar No. 11203180
2726 Bissonnet, Suite 240, PMB #12
Houston, Texas 77005
(281) 492-7766
(281) 652-5973 – Fax
ATTORNEYS FOR DEFENDANT Ali Choudhri

______________________________

Attorney for Intervenor Mokaram
D. Scott Funk
TBN 07550900

Unofficial Copy Office of Chris Daniel District Clerk



HOU:3124855.2

# CAUSE NO. 2012-27197

| | | |
|---|---|---|
| MOKRAM LATIFF WEST LOOP, LTD | § | IN THE 190TH |
| | § | |
| PLAINTIFF | § | |
| | § | JUDICIAL DISTRICT COURT OF VS. |
| | § | |
| | § | |
| ALI CHOUDHRI AND | § | |
| ANGEL VALLE | § | |
| DEFENDANTS | § | HARRIS COUNTY, TEXAS |
| | § | |
| OSAMA ABDULLATIFF | § | |
| CROSS-DEFENDANT | § | |
| | § | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned has been provided access, by counsel for one of the Parties to the above lawsuit, to information marked "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or which has been otherwise designated as "CONFIDENTIAL INFORMATION" under the terms of the Confidentiality Order ("Order") in this lawsuit. The undersigned understands that such designation was made subject to the terms of the Order. The undersigned agrees that he or she will abide by the terms of the Order and will not communicate or show the contents of such information to any other person (other than Qualified Persons as defined in the Order), will not make copies of such information except (in the case of Qualified Persons defined in subparagraph 5(d)) as necessary to perform services in this case, and will preserve such information as confidential.

This Acknowledgment does not prohibit the undersigned from using or disclosing documents or information to which he has access by other legitimate means.

Unofficial Copy Office of Chris Daniel District Clerk



HOU:3124855.2

______________________________
**Signed**

**Date:** ______________________________

Unofficial Copy Office of Chris Daniel District Clerk