# DECLARATION OF ALICIA M. MATSUSHIMA

I, Alicia Matsushima, being of sound mind and over the age of eighteen years, do hereby declare under penalty of perjury that the following statements are true and correct:

1. My name is Alicia M. Matsushima. I am a licensed attorney in the State of Texas and the owner of Invicta Law Firm, a boutique real estate and commercial law practice located at 2200 Post Oak Blvd., Ste. 1000, Houston, Texas 77056. My practice focuses on title disputes, real property litigation, and commercial transactions on behalf of real estate investors, developers, lenders, and landowners. Approximately 75% of my practice involves contested issues of title and possession to real property in Texas. I have represented the insureds of a national title insurance company since 2001. I am qualified by training and experience to opine on matters of real property title and the procedural requirements for adjudicating title in the State of Texas.

2. The subject property is the residence at 4521 San Felipe Street, #3201, Houston, Texas 77027 (the "**Property**"). The Property is more particularly described by the following legal description:

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of Arabella Condominiums dated October 1, 2018, recorded October 5, 2018, as Document No. 216849 (Volume 216, Page 849) of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas.

3. I have reviewed the 333rd District Court's Order dated July 28, 2026 (the "Order"), which directed the issuance of a writ of possession against the Property, currently owned and possessed by Ali Choudhri. *See* **Exhibit 1.** The Order states, in relevant part: "The Court further ORDERS that the Harris County Document #2024-272170, titled 'General Warranty Deed' and Document # RP-2026-83776, a 'Correction Warranty Deed' as declared VOID and EXPUNGED."

4. I have reviewed the relevant pleadings of Cause Nos. 2012-27197-A and 2012-27197-D. Based on my review, at no time was Ali Choudhri afforded notice or an opportunity to be heard on the issue of title to the Property before the July 28, 2026 Order was signed and entered. Moreover, no pleadings on file assert any cause of action that would properly adjudicate title to the Property or the validity of the deeds at issue—such as a trespass-to-try-title action under Texas Property Code Chapter 22, a suit to quiet title, or a declaratory judgment action. Under Texas law, a trespass-to-try-title action is the exclusive method for determining title to real property. *Tex. Prop. Code § 22.001(a)*. The absence of any such claim means that title was never properly placed in controversy before the court rendered the Order.

5. Further, my review of the relevant pleadings reveals that Arabella PH 3201 LLC—the entity purportedly holding record title to the Property by virtue of the deeds the Order purports to void—was not made a party to any proceeding that adjudicated title to the Property or the validity of those deeds. A court order that divests a non-party of its property rights without affording that party notice and an opportunity to be heard violates fundamental principles of due process and is void as to the absent party. *See Fuentes v. Zaragoza*, 555 S.W.3d 141, 166

(Tex. App.—Houston [1st Dist.] 2018, no pet.) *(holding that non-parties* divested of their right to own, possess, or control property by the court's judgment should have been made parties to the lawsuit).

6. Both the United States Constitution and the Texas Constitution guarantee that no person shall be deprived of property without due process of law. U.S. Const. amend. XIV, § 1; Tex. Const. art. I, § 19. The core requirement of procedural due process is that, before a deprivation of a protected property interest, a person must receive notice and a meaningful opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). These protections exist to prevent mistaken or unjustified deprivations of property through the adjudicative process. Id. at 81.

7. The Fourteenth Court of Appeals has squarely addressed the due process right to be heard in the context of property deprivation. In *Derbigny v. Bank One*, 809 S.W.2d 292, 295 (Tex. App.—Houston [14th Dist.] 1991, no writ), the court held:

> "Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Jordan v. Jordan,* 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ). The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Id.; Turcotte v. Trevino,* 499 S.W.2d 705, 723 (Tex. Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.). It includes also an opportunity to cross-examine witnesses, to produce witnesses, to be heard on questions of law, and the right to have judgment rendered after trial. *Jordan,* 653 S.W.2d at 358. The trial court deprived appellants of this right."

8. Consistent with these principles, a trial court is not authorized to render a judgment against a party before that party has had the opportunity to present evidence and rest. *Tobola v. State*, 538 S.W.2d 868, 870 (Tex. Civ. App.—Houston [14th Dist.] 1976, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex. Civ. App.—Tyler 1968, no writ); *Oertel v. Gulf States Abrasive Mfg., Inc.*, 429 S.W.2d 623, 624 (Tex. Civ. App.—Houston [1st Dist.] 1968, no writ); *Jordan v. Jordan*, 653 S.W.2d at 358.

9. For the foregoing reasons, it is my professional opinion that the Order does not comport with due process of law. Mr. Choudhri was deprived of his constitutionally protected property interest in the Property—including the voiding of recorded deeds conveying title—without ever having been afforded notice or a meaningful opportunity to be heard on the merits of the title dispute. The Order is therefore constitutionally infirm under both the Fourteenth Amendment to the United States Constitution and Article I, Section 19 of the Texas Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

My name is Alicia M. Matsushima. My date of birth is [redacted]1971. My current address is 2200 Post Oak Blvd., Ste. 1000, Houston, Texas, 77056.

Alicia M. Matsushima
Signed 10/23/2026

# EXHIBIT 1

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Ali Choudhri et al<br>Defendants | § | 333rd JUDICIAL DISTRICT |

**ORDER GRANTING RECEIVER'S MOTION FOR WRIT OF POSSESSION, COMFORT ORDER, AND EXPUNGEMENT OF RECORDED DOCUMENTS RELATING TO 4521 SAN FELIPE ST #3201, HOUSTON, TEXAS**

On this day, the Court considered Receiver's Motion for Writ of Possession, Comfort Order, and Expungement Of Recorded Documents Relating To 4521 San Felipe St #3201, Houston, Texas also known as:

> Unit 3201, and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA Condominiums, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of ARABELLA Condominiums dated September 30, 2015, recorded with, and as amended by, that certain First Amendment to Amended and Restated Declaration of ARABELLA Condominiums dated October 1, 2018, recorded October 5, 2018 as Document No. 216849 ( Volume 216, Page 849) of the Condominium Records of Harris County, Texas as referenced in Clerks File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas (as may be further amended or supplemented, the "Declaration").

(the "Penthouse"). The Court takes judicial notice of its docket and prior orders in Cause Nos. 2012-27197-D and 2012-27197-A. Upon consideration, the Court GRANTS the motion, FINDS that Receiver Travis Vargo is entitled to possession of the Penthouse and hereby

ORDERS that the clerk shall immediately issue a writ of possession (in favor of Receiver Travis Vargo) to remove all occupants and personal property from the Penthouse.

ORDERS that the Receiver is authorized to engage and hire a licensed Texas realtor to market and sell the Penthouse within the discretion of the Receiver. The Court further

ORDERS that the Receiver shall file a file a motion to approve the sale of the Penthouse and set the same for hearing with notice to all interested parties. The Court further

Unofficial Copy Office of Marilyn Burgess District Clerk

ORDERS that the Harris County Clerk Document # RP-2024-272170, titled "*General Warranty Deed*" and Document # RP-2026-83776, a "*Correction General Warranty Deed*" are declared VOID and EXPUNGED.

Date: July 28, 2026

Judge Randy Wilson, Judge Presiding

Unofficial Copy Office of Marilyn Burgess District Clerk